*E-filed on* 8/21/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA BOARD OF SUPERVISORS et al.,<br><br>Defendants. | No. C-07-04266 RMW<br><br>ORDER DENYING TEMPORARY RESTRAINING ORDER; DENYING APPLICATION FOR ORDER TO SHOW CAUSE |

On August 20, 2007, plaintiffs filed a document titled "Civil Rights Complaint: FRCP Rule 65 Temporary Restraining Order, Order to Show Cause; Temporary Injunction" (hereinafter, "plaintiffs' complaint"). Plaintiffs' complaint names as defendants the County of Santa Clara Board of Supervisors; Ken Yeager; Ann Ravel; Delores Carr; Laurie Smith; the City of Campbell, Daniel Rich, its city manager, and its development department; Susan Morgado-Gray; Jerry Brown; and Scot Schools.  It does not appear that this document has been served on any of these defendants.

Federal Rule of Civil Procedure 65 provides that a temporary restraining order may be granted without written or oral notice to the adverse parties or their counsel only if (1) it appears that immediate and irreparable injury will result before the adverse parties can be heard in opposition

ORDER DENYING TEMPORARY RESTRAINING ORDER; DENYING APPLICATION FOR ORDER TO SHOW CAUSE—No. C-07-04266 RMW
MAG

1  *and* (2) the applicant for the temporary restraining order certifies in writing with the court what
2  efforts, if any, have been made by the applicant to give notice to the adverse parties.  Further, Local
3  Rule 65-1(b) provides that "Unless relieved by order of a Judge for good cause shown, on or before
4  the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary
5  restraining order must deliver notice of such motion to opposing counsel or party."

6  Plaintiffs' complaint, which appears to allege, among other things, some sort of conspiracy
7  by the defendants to commit a home invasion robbery of plaintiffs' property to confiscate their dogs,
8  does not demonstrate that any immediate or irreparable injury will occur before the defendants have
9  been served and been given an opportunity to respond.   Further, there is no certification regarding
10 what, if any, efforts have been made to serve defendants, nor has this court been unable to reach
11 plaintiffs by phone.  Thus, because plaintiffs have failed to demonstrate why this court should issue
12 a temporary restraining order without notice to defendants (or, indeed, to demonstrate any
13 immediate or irreparable harm or any chance of success on the merits), plaintiffs' *ex parte*
14 application for a temporary restraining order and order to show cause are denied without prejudice.
15 After serving defendants, plaintiffs may either attempt to make an appropriate showing for a
16 temporary restraining order or move for a preliminary injunction with proper notice to the court and
17 to defendants as set forth in Local Rule 7-2(a).[1]

20 DATED:      8/21/07                                    *Ronald M. Whyte*
                                                         RONALD M. WHYTE
21                                                       United States District Judge

---

27 [1] Local Rule 7-2(a) provides: "Except as otherwise ordered or permitted by the assigned Judge or these Local Rules . . . all motions must be filed, served and noticed in writing on the motion calendar
28 of the assigned Judge for hearing not less than 35 days after service of the motion.:

ORDER DENYING TEMPORARY RESTRAINING ORDER; DENYING APPLICATION FOR ORDER TO SHOW CAUSE—No.
C-07-04266 RMW
MAG                                                    2

**United States District Court**
For the Northern District of California

**A copy of this order was mailed on ____8/21/07____ to:**

**Counsel for Plaintiffs:**

John and Kay Gabor
590 Smokey Court
Campbell, CA 95008-3717

**Counsel for Defendants:**

No appearance

Counsel are responsible for distributing copies of this order to co-counsel, as necessary.