1  #65824-3-104
   TIMOTHY J. SCHMAL, ESQ. #104874
2  BURLEIGH E. SABIN, ESQ. #250185
   BURTON, VOLKMANN & SCHMAL, LLP
3  133 Mission Street, Suite 102
   Santa Cruz, CA 95060
4  Phone: (831) 425-5023
   Facsimile: (831) 427-3159
5
   Attorneys for Defendants, CITY OF CAMPBELL,
6  DANIEL RICH, Campbell City Manager, CITY OF
   CAMPBELL COMMUNITY DEVELOPMENT
7  DEPARTMENT (a legally indistinguishable sub-
   entity of the CITY OF CAMPBELL), SUSAN
8  MORGADO-GRAY

9

10             **IN THE UNITED STATES DISTRICT COURT**

11           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12                        **SAN JOSE DIVISION**

13  JOHN GABOR and KAY GABOR,          )   Case No. C07 04266 RMW (HRL)
                                       )
14              Plaintiffs,            )   **MOTION FOR DISMISSAL [FRCP**
                                       )   **12(b)(6)]; MOTION FOR MORE**
15      vs.                            )   **DEFINITE STATEMENT BEFORE**
                                       )   **INTERPOSING A RESPONSIVE**
16  COUNTY OF SANTA CLARA BOARD        )   **PLEADING and MOTION TO STRIKE**
    OF SUPERVISORS in their official   )   **PLAINTIFFS' PLEADING [FRCP 12(e)];**
17  capacity; KEN YEAGER in his municipal )  **OPPOSITION TO TEMPORARY**
    and individual capacity; ANN RAVEL, )   **RESTRAINING ORDER AND**
18  county counsel, in her municipal and )  **PRELIMINARY INJUNCTION [FRCP**
    individual capacity; DELORES CARR, )    **65]; MOTION TO REQUIRE**
19  district attorney, in her municipal and )  **PLAINTIFFS TO OBTAIN LEAVE OF**
    individual capacity; LAURIE SMITH,  )   **COURT TO FILE SUBSEQUENT**
20  sheriff, in her municipal and individual )  **REDUNDANT CLAIMS AGAINST**
    capacity; CITY OF CAMPBELL, in its  )   **DEFENDANTS (Vexatious Litigant)**
21  municipal capacity; CITY OF CAMPBELL )
    CITY MANAGER DANIEL RICH, in his   )
22  municipal and individual capacity; CITY )
    OF CAMPBELL COMMUNITY              )
23  DEVELOPMENT DEPARTMENT in its      )
    municipal capacity; SUSAN MORGADO-  )
24  GRAY in her municipal and individual )
    capacity; EDMUND G. BROWN, JR.,    )
25  attorney general, in his official capacity; )
    UNITED STATES ATTORNEY FOR THE     )
26  NORTHERN DISTRICT OF               )
    CALIFORNIA SCOTT N. SCHOOLS in     )
27  his official capacity and DOES 1-100, )
                                       )
28  _____  )
                Defendants.            )

   _____         1
   MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

1

TABLE OF CONTENTS

2
Page

3

I.   INTRODUCTION.                                                      2

4

    A.   Procedural Posture of "Claims", Beginning              2
        in 1994, Filed by Plaintiffs, John and Kay

5

        Gabor, Related To, or Associated With, the

6

        Subject Matter Here.

7

        1.   Plaintiffs' September 1994 Complaint Alleging     2
                Civil Rights Violations Against Multiple Municipal

8

                And Individual Defendants In Relation To Plaintiffs'
                "Puppy Mill".

9

        2.   Plaintiffs' April 1996 Complaint Alleging Civil Rights   3
                Violations Against Multiple Municipal And Individual

10

                Defendants In Relation To Plaintiffs' "Puppy Mill".

11

        3.   Plaintiffs' June 1996 Complaint Alleging Civil Rights    4
                Violations Against Multiple Municipal And Individual

12

                Defendants In Relation To Plaintiffs' "Puppy Mill".

13

        4.   Plaintiffs' 2000 <u>Conviction</u> For Violating Multiple City   5
                Of Campbell Municipal Ordinances Regarding The

14

                Breeding, Boarding, And Selling Of Animals.

15

        5.   Plaintiffs' December 2004 Complaint Alleging Civil   6
                Rights Violations Against Multiple Municipal And

16

                Individual Defendants In Relation To Plaintiffs'

17

                "Puppy Mill".

18

        6.   Plaintiffs' At-Issue Complaint Alleging Civil Rights    9
                Violations Against Multiple Municipal And Individual

19

                Defendants In Relation To Regulation And Enforcement
                Efforts Of Local Ordinances In Relation To Plaintiffs'

20

                "Puppy Mill".

21

II.  ARGUMENT.                                                         11

22

    A.   Plaintiffs Have Failed to State a Claim upon           12
        Which Relief Can Be Granted [Rule 12(b)(6)].

23

    B.   Plaintiffs' Complaint Is Vague and Ambiguous           12
        Such That Defendant Cannot Reasonably

24

        Be Required to Frame a Responsive Pleading

25

        [Rule 12(e)].

26

    C.   Plaintiffs' Complaint Fails to State the               13
        Circumstances Constituting Fraud with

27

        Particularity [Rule 9(b)].

28

III. OPPOSITION TO TEMPORARY RESTRAINING ORDER AND          14
    PRELIMINARY INJUNCTION.

i

IV.   MOTION TO DECLARE PLAINTIFFS, JOHN AND KAY GABOR,         15
      VEXATIOUS LITIGANTS IN RELATION TO "CIVIL
      RIGHTS" CLAIMS MADE AGAINST THE CITY OF CAMPBELL,
      COUNTY OF SANTA CLARA, ITS OFFICERS, AND RELATED
      PARTIES STEMMING FROM THE OPERATION OF THE
      GABORS' "PUPPY MILL" OUT OF THEIR RESIDENCE.

      A.    Application Of Five (5) <u>Safir</u> Factors To The Litigation    16
            History Of The Gabors Clearly Demonstrates That The
            Gabors Should Be Declared Vexatious Litigants, Or, In
            The Alternative, That The Gabors Should Incur Some
            "Other Sanctions ... To Protect The Court And Other Parties".

            1.    FACTOR ONE: The Litigants' History Of Litigation      16
                  And In Particular Whether It Entails Vexatious,
                  Harassing, Or Duplicative Suits.

            2.    FACTOR TWO: The Litigant's Motive In Pursuing        17
                  The Litigation.

            3.    FACTOR THREE: Whether The Litigant Is              17
                  Represented By Counsel.

            4.    FACTOR FOUR: Whether The Litigant Has Caused       18
                  Unnecessary Expense To The Parties Or Placed A
                  Needless Burden On The Courts.

            5.    FACTOR FIVE: Whether Other Sanctions Would Be      19
                  Adequate To Protect The Courts And Other Parties.

V.    CONCLUSION.                                                 19

TABLE OF AUTHORITIES

Page(s)

<u>CASES</u>

<u>Martin v. International Olympic Committee,</u>
  740 F.2d 670, 674-75 (9th Cir.1984)        14

<u>Molski v. Mandarin Touch Restaurant,</u>
  347 F.Supp.2d, 860, 868 (C.D.Cal. 2004)    15, 16, 18

<u>Paisa v. N & G Auto, Inc.,</u>
  980 F.Supp. 1009, 1012 (C.D.CA. 1996)    14

<u>Robertson v. Dean Witter Reynolds, Co.,</u>
  749 F.2d 530, 534 (9th Cir. 1984)    11

<u>Safir v. United States Lines, Inc.,</u>
  792 F.2d 19, 24 (2d. Cir. 1986)    15, 16,18

<u>Stanley v. University of Southern California,</u>
  13 F.3d 1313, 1319 (9th Cir. 1994)    14

<u>STATUTES</u>

California Civil Code 52.1    10, 15

Fed. Rule Civ. P.  9(b)    11, 13

Fed. Rule Civ. P. 12    12

Fed. Rule Civ. P. 12(b)(6)    2, 11, 19

Fed. Rule Civ. P. 12(e)    11, 12, 13, 19

Fed. Rule Civ. P. 38    9

Fed. Rule. Civ. P. 41(a)(2)    11

Fed. Rule. Civ. P. 65    14

7  U.S.C. §2131    6, 7

7 U.S.C. §2131-2159    10

18 U.S.C. §43    6, 7

-iii-

| | | |
|---|---|---|
| 1 | 18 U.S.C. §241 | 6, 7 |
| 2 | 18 U.S.C. §242 | 6, 7 |
| 3 | 18 U.S..C. §666 | 10 |
| 4 | 18 U.S.C. §1341 | 10 |
| 5 | 18 U.S.C. §1621 | 6, 7 |
| 6 | 18 U.S.C. §1951 | 6, 7, 10 |
| 7 | 18 U.S.C. §1962 | 6, 7, 8 |
| 8 | 18 U.S.C. §1962(d) | 10 |
| 9 | 28 U.S.C. §1331 | 6, 7 |
| 10 | 28 U.S.C. §1983 | 2 |
| 11 | 28 U.S.C. §2679 | 10 |
| 12 | 42 U.S.C. §1981 | 6-8 |
| 13 | 42 U.S.C. §1983 | 3-4, 6-8, 10 |
| 14 | 42 U.S.C. §1984 | 6, 7 |
| 15 | 42 U.S.C. §1985 | 6-8 |
| 16 | 42 U.S.C. §1985(3) | 10 |
| 17 | 42 U.S.C. §1986 | 6-8 |

18

19 ///

20

21

22

23

24

25

26

27

28

1

2

3                                    **I. INTRODUCTION**.

4            First, it should be noted that the Plaintiffs in this matter, John and Kay Gabor, have a long

5    and unsuccessful record of filing frivolous "civil rights" claims and appeals against myriad

6    municipal and state agencies and officials in regards to an alleged "widespread conspiracy" to

7    persecute the Gabors for running a "puppy mill" out of their home.  These previous claims and suits

8    include such "conspiratorial defendants" as Governor Pete Wilson, Attorney General Dan Lungren,

9    and the State of California.  Previous Gabor claims include assertions of not only conspiracy and

10   civil rights violations, but also trial-fixing, bribery, impersonation, and corruption at all levels in the

11   Santa Clara County Court system.  These lawsuits date back to 1994, assert nearly identical claims,

12   are always filed *in propria persona*, and typically terminate via an order of dismissal as well as an

13   order for the Gabors to pay opposing parties' attorney fees and costs, which go unilaterally ignored.

14   The pending newly-filed case is no different than those mentioned above and described in detail

15   below.

16       **A. Procedural Posture of "Claims", Beginning in 1994, Filed by Plaintiffs, John and
     Kay Gabor, Related to, or Associated With, the Subject Matter Here.**

17
         **1.  Plaintiffs' September 1994 Complaint Alleging Civil Rights Violations Against
18   Multiple Municipal and Individual Defendants in Relation to Plaintiffs' "Puppy Mill".**

19           In **September 1994**, Plaintiffs filed a complaint (5:94-cv-20617-RMW), alleging 28 U.S.C.

20   §1983 civil rights violations against no less than **twenty (20) defendants** in relation to

21   "conspiratorial" actions taken by the City of Campbell and the County of Santa Clara to enforce

22   local zoning, health and safety, and humane society rules and ordinances stemming from the Gabors'

23   operation of a puppy mill out of their home, located at 590 Smokey Court, Campbell, California.

24   Among the named defendants were the Santa Clara Valley Humane Society, the California Board of

25   Equalization, the Franchise Tax Board, and the American Kennel Club, Inc.  The case was ultimately

26   dismissed with prejudice as to all defendants pursuant to a Federal Rule of Civil Procedure 12(b)(6)

27   order by District Court Judge James Ware in November 1994.

28           The Gabors subsequently appealed.  (94-17133.)  In **February 1997**, Judge Ware recused

                                              2

1  himself, whereupon the case was reassigned to District Court Judge Ronald Whyte, the assigned

2  Judge in the pending matter, in part due to the subsequent duplicate complaint filed by the Gabors in

3  **April 1996.** [Please see below.] The United States Court of Appeals, Ninth Circuit, subsequently

4  affirmed the dismissal as to all defendants, and remanded the matter back to Judge Whyte for the

5  determination of sanctions, attorneys' fees, and cost judgments against the Gabors for improperly

6  filing and maintaining an unsubstantiated civil rights claim.  Ultimately, Judge Whyte entered

7  multiple orders for sanctions against the Gabors, including a **$4,026.30** award in favor of Defendants

8  Michael S. Frazer and the Santa Clara Valley Humane Society.

9      **2. Plaintiffs' April 1996 Complaint Alleging Civil Rights Violation Against Multiple
10  Municipal and Individual Defendants in Relation to Plaintiffs' "Puppy Mill".**

11      In **April of 1996,** the Gabors filed another complaint (5:96-CV-20324-RMW), again alleging

12  42 U.S.C. §1983 civil rights violations for "bribery to pervert and obstruct justice" against no less

13  than **thirty-two (32) defendants**, again, in relation to further "conspiratorial" actions supposedly

14  taken by the City of Campbell and the County of Santa Clara in an effort to enforce local zoning,

15  health and safety, and humane society rules and ordinances stemming from the Gabors' operation of

16  a puppy mill for profit out of their Campbell home.  Among the named defendants in this new

17  lawsuit were again the California Board of Equalization, the Santa Clara Valley Humane Society,

18  Michael Frazer, U.S. Attorney Robert S. Mueller, III, Congressman Sam Farr, U.S.D.A. Secretary

19  Dan Glinkman, Attorney General Janet Reno, and Santa Clara County.

20      Interestingly, this supposedly "new" suit was filed against largely duplicate defendants only

21  **fifteen days (15) after** the Ninth Circuit had affirmed the decision of the District Court in the

22  **September 1994** matter discussed above.

23      In **June of 1996**, Judge Ware recused himself from this matter and requested the matter be

24  reassigned pursuant to section F(2) of the Assignment Plan of the District Court Rules.  The matter

25  was assigned, pursuant to the Assignment Committee, to Senior Judge Spencer Williams.  Only

26  fourteen (14) days later, Senior Judge Williams recused himself from this matter, whereby the case

27  was assigned to Judge Whyte.  Of note, Magistrate Judge Patricia V. Trumbull also recused herself

28  from that matter in **August of 1996.**

By **October 1996**, the Gabors' "complaint" was dismissed as to all defendants. Predictably, the Gabors again appealed. (96-17088.) Again, predictably, the Ninth Circuit affirmed the District Court's dismissal of the Gabors' complaint in **September 1997**. Defendants, having learned from the previous case that an award of sanctions would go ignored by the Gabors, apparently chose not to pursue sanctions, attorneys' fees, or costs.

**3. Plaintiffs' June 1996 Complaint Alleging Civil Rights Violation Against Multiple Municipal and Individual Defendants in Relation to Plaintiffs' "Puppy Mill".**

On **June 10, 1996**, the same day Senior Judge Williams recused himself from the above **April, 1996**, matter, the Gabors filed <u>yet another "complaint"</u> (5:96-CV-20470-RMW), yet again alleging 42 U.S.C. §1983 civil rights violations against no less than **twenty-one (21) defendants**. **Again**, the Gabors alleged "conspiracy, bribery, and obstruction of justice" stemming from actions taken by the City of Campbell and Santa Clara County to prevent the Gabors from continuing to operate a for-profit puppy mill out of their Campbell home, which is something that the Gabors had been doing, in three different Campbell residences, since 1964.

Chief amongst the named defendants in that third Gabor action were the perennial favorites -- the City of Campbell and the County of Santa Clara. However the Gabors attempted to "up the ante" by also naming the Campbell Police Department [including Campbell Police Chief Cost in his individual and official capacity], the Santa Clara Board of Supervisors, the Santa Clara County Jail, Santa Clara District Attorney George Kennedy [including two Assistant District Attorneys], Santa Clara County Public Defenders Luella Tsai, Kristin Wong, and George Abel [as "assistant prosecutors"], the California Department of Health and Welfare Agency, Attorney General Dan Lungren, Governor Pete Wilson, and the State of California. All of the above were alleged to be in cahoots regarding the "widespread conspiracy" to persecute the Gabors by violating their civil rights, up to and including taking bribes and trial-fixing.

Originally filed in the United States District Court, Eastern District, (USDC, Eastern Dist.CA, CIV-S-96-00420-DFL-JFM) the case was transferred to the Northern District by Order of **June 10, 1996.** Apparently, Mr. Gabor felt that he could achieve no justice in the Northern District, after having three (3) previous suits alleging the same "widespread conspiracy" dismissed, some

4

with sanctions, and thought perhaps the Eastern District would be less susceptible to "bribery to pervert and obstruct justice".

Senior Judge Williams again recused himself from this matter in **July of 1996**, whereupon the case was assigned to Judge Whyte. Again, predictably, the matter was ultimately dismissed as to all defendants for failure to state a claim upon which relief can be granted. The Gabors again appealed the District Court's ruling (96-17289; 96-17306), only to have the Ninth Circuit dismiss the appeal for lack of jurisdiction in April 1997, whereupon the appeal was stricken. The District Court's ruling was nonetheless subsequently affirmed in **January 1999.**

**4. Plaintiffs <u>Conviction</u> for Violating Multiple City of Campbell Municipal Ordinances Regarding the Breeding, Boarding, and Selling of Animals.**

In **2000**, Plaintiffs were ***convicted*** of violating multiple City of Campbell municipal ordinances which regulate boarding animals, selling animals, and permits relating to animals, and Kay Gabor was sentenced to three (3) years' probation. (C9927216.) The Gabors filed an appeal to the Santa Clara Superior Court Appellate Department, which, in turn, affirmed the convictions on **January 12, 2001.**

Some time after Kay Gabor was ***convicted***, the City [per an alleged request made by City Attorney William Seligmann] supposedly sent "animal extremist witnesses" to pose as buyers at the Gabors' home. It was also alleged that Campbell Police Chief David Gullo ordered Campbell Police Officer Grace Moro to enter appellant's home, without a search warrant, with a "wire" to tape her conversation with Kay Gabor. According to the Gabors, Officer Moro posed as a buyer, and did not identify herself as a police officer.

On **December 20, 2002**, Mr. Seligmann had the Gabors served with a summons to appear with respect to a Motion to Revoke or Strike their probation, which the Gabors alleged was a "continued ongoing assault" against them. On **December 12, 2003**, Kay Gabor was found guilty of violating her probation and sentenced to serve **one hundred and fifty (150)** hours of community service, and ordered to pay a fine of **$1,110.00.** Further, her probationary period was extended to **February 2005.**

On **January 5, 2004**, Kay Gabor filed a Notice of Appeal in the Superior Court Appellate

1   Department. Ms. Gabor was declared indigent [though the Gabors' current suit speaks of their

2   "accumulated wealth"] -- thus, Thomas V. Orvis was assigned to serve as her counsel. Mr. Orvis

3   told Ms. Gabor that she had no basis for an appeal. **On April 16, 2004**, Ms. Gabor then herself filed

4   a brief, challenging the jurisdiction of the Superior Court, as well as the right of the City of

5   Campbell and Mr. Seligmann to enforce **any** municipal codes as against her private residence,

6   claiming the City of Campbell cannot impose City codes upon privately owned property.

7       On **June 25, 2004**, the Appellate Department denied Ms. Gabor's motion to remove Mr.

8   Orvis as her assigned attorney. On August 5, 2004, the Appellate Department denied a second

9   Motion to Remove Mr. Orvis as her attorney.[1] She further claimed that she was denied a neutral and

10   detached magistrate by the Appellate Department. Regardless, Ms. Gabor exhausted her appeals

11   process with the Appellate Department, and the Sixth District Court of Appeal denied a review of

12   her claim.

13     **5. Plaintiffs' December 2004 Complaint Alleging Civil Rights Violation Against Multiple Municipal and Individual Defendants in Relation to Plaintiffs "Puppy Mill".**

14

15       Pursuant to the above, in **December 2004**, the Gabor's then filed yet another complaint (CV-

16   04-05230) against William R. Seligmann, the City of Campbell, Campbell Police Chief David Gullo,

17   Campbell Police Officers Grace Moro and David Mendez, the Silicon Valley Humane Society, the

18   Humane Society President, Christine Berringer, and Tracy Acres in the Northern District of

19   California. Incredibly, the Gabors also named "The United States of America" as a defendant,

20   apparently believing that the "conspiracy" had gone national.

21       This "complaint" alleged a multitude of statutory and constitutional violations and other

22   related claims. The Gabors brought claims under 18 U.S.C. §§ 43, 241, 242, 1621, 1951, and 1962;

23   42 U.S.C. §§ 1981, 1983, 1984, 1985, and 1986; 7 U.S.C. § 2131, and 28 U.S.C. §1331. The

24   Gabors' complaint also alleged slander, malicious prosecution, assault, intentional infliction of

25   emotional distress, false incarceration of an elderly senior citizen, false accusations,

26   ―――――――――――――――

  1.

27

28   Ms. Gabor claimed that she was denied her Sixth Amendment right of effective representation of counsel because Mr. Orvis allegedly never informed her of the Court's first denial of her Motion to Remove him as counsel, and also allegedly failed to inform her of a scheduling change notice filed by Mr. Seligmann.

misrepresentation, trial-fixing, a corrupt City of Campbell, and corruption at all levels in the Santa

Clara County Court system.  The Gabors alleged that their actual damages were **$89,790.00,** and, in

addition, demanded Eighteen Million Dollars (**$18,000,000.00**) in punitive damages.  Further, the

Gabors' also demanded that <u>City of Campbell officials be fired, with loss of all pensions and</u>

<u>benefits</u>.

The City of Campbell responded to the complaint by filing a Motion to Dismiss on **January**

**31, 2005.**  A hearing was held on **March 25, 2005,** and the subsequent Order granted the City of

Campbell's Motion to Dismiss, with leave to amend, in part, and in part without leave to amend.

The Court dismissed **without leave to amend** the Gabors' causes of action under 18 U.S.C. §§ 43,

241, 242, 1621, 1623, and 1951, because these statutory provisions under the criminal code do not

give rise to a private right of action.  The court also dismissed, without leave to amend, the Gabors'

causes of action under 7 U.S.C. § 2131 and 28 U.S.C. § 1331.[2]  In addition, the Gabors' cause of

action under 42 U.S.C. §1984 was dismissed without leave to amend because said statutory

provision had been repealed.  The Gabors' slander claim was also dismissed without leave to amend

on statute of limitations grounds.

The District Court dismissed, with leave to amend, causes of action pursuant to 42 U.S.C. §§

1981, 1983, 1985, and 1986, as well as the Gabors' RICO claim under 18 U.S.C. Section 1962.

Finally, the Court also denied the Gabors' Motion to Strike Defendant City's Motion to Dismiss.

On **March 26, 2005**, the Gabors filed a seventy-eight (78) page "Amended Complaint"

which realleged federal claims that had been dismissed, with leave to amend, as well as federal

claims that had been dismissed **without** leave to amend.  The complaint also realleged various state

law claims, added new defendants, and added new claims.  The added defendants included Santa

Clara County Superior Court Judges, the City of Campbell's defense counsel, a **Clerk** of the Court

for the Northern District of California, and **Judge** of the **Northern District of California**, the

Honorable **Jeremy Fogel**.

On **June 14, 2005**, the City of Campbell filed a Motion to Dismiss the Gabors' First

---

2.
    The Court found that Section 2131 does not preempt state law, and Section 1331 does not provide an
independent basis for bringing a constitutional claim.

7

MOTION FOR DISMISSAL                                    C07 04266 RMW (HRL)

Amended Complaint.[3]  The Motion to Dismiss was heard on **October 3, 2005**, and the Court issued an Order on **October 5, 2005**.  The Court dismissed, without leave to amend, the Gabors' claims under 42 U.S.C. Sections 1981, 1983, 1985, and 1986, as well as the Gabors' RICO claim under 18 U.S.C. Section 1962.  The Gabors' civil rights claims were dismissed on statute of limitation grounds.  In addition, the Gabors were found to have failed to allege racial discrimination, under Section 1981, or class-based discrimination, as required by Sections 1985 and 1986.

Further, the Court dismissed the Gabors' RICO claim because it was barred by the statute of limitations, and because the Gabors' had failed to demonstrate they could cure the defects if given another opportunity.  Additionally, the Gabors' newly-added claims and claims against newly-added defendants were dismissed, since they were added without leave of court, and in violation of the Court's **April 26, 2005** Order[4].  Finally, the Court reviewed all of the Gabors' state law claims and concluded that since the Gabors had **failed to allege any viable federal action**, that it would be inappropriate for the Court to exercise supplemental jurisdiction over the Gabors' state law claims.  The Gabors' action was therefore **dismissed with prejudice in its entirety**.

However, on **November 29, 2005**, the again Gabor's predictably filed an appeal (05-17295) on the referenced fourth lawsuit.  On March 14, 2006, the Gabors filed their Appellants' Opening Brief *without* a statement of related cases.  On May 12, 2006, our office filed a sixty-eight (68) page Appellees' Brief on behalf of Appellees' William Seligmann, City of Campbell, David Gullo, Grace Moro, David Mendez, and the City of Campbell Police Department, attempting to respond to the Gabors' tortured and rambling assertions on appeal.  On **May 17, 2006**, an Appellees' Brief was filed on behalf of the Honorable Jeremy Fogel.  On **May 26, 2006**, the Gabors filed a twenty-seven (27) page Reply Brief.

---

3 .
    The Gabors did not file a written opposition but appeared at the hearing on the Motion.

4 .
    **District Judge Jeremy Fogel's Order stated:**   "In brief, Plaintiffs John and Kay Gabor allege that they are the victims of a <u>widespread conspiracy</u> to persecute them for selling puppies out of their home. Plaintiffs also allege that the members of the conspiracy include the City of Campbell, the Campbell Police Department and several of its officers, the City Attorney [William R. Seligmann], the Silicon Valley Humane Society and its President, Santa Clara Superior Court Judges, Defense Counsel in this action [and] the Clerk of the Court of the Northern District of California and the undersigned [Judge Fogel]."

8

1    On **February 26, 2007**, the Ninth Circuit entered a judgment, affirming the District Court's

2    dismissal, terminating the Gabors' appeal on the merits, after submission, without an oral hearing.

3    Appellees' request for attorneys' fees and costs was denied, without prejudice, to filing a formal

4    motion pursuant to Federal Rules of Appellate Procedure 38.

5    Appellees then filed a motion, on **March 23, 2007,** which requested **$19,460.00** in attorney

6    fees, and double costs in the amount of **$797.10.** The Gabors failed to file a timely opposition to

7    Appellees' Motion for Attorneys' Fees and Costs, and, as such, an award totaling **$19,671.60** was

8    **granted** in favor of Appellees Seligmann, Gullo, Moro, Mendez, Collins, Collins & Schlothauer,

9    City of Campbell, and Campbell Police Department, against Appellants John and Kay Gabor, on

10   **May 3, 2007.**

11   However, the Gabors, not to be outdone, filed what they termed as an "out of time" motion

12   brief on **June 11, 2007,** opposing the attorney fees and costs award, asking, in effect, the Ninth

13   Circuit to treat their "out of time" brief as a untimely Motion to Reconsider. Then, on **August 8,**

14   **2007,** the Appellate Commissioner filed an Order **denying** the Gabor's late motion for

15   reconsideration of the Court's **May 3, 2007** Order, but without prejudice to renewal, within fourteen

16   (14) days, accompanied by a formal opposition to the motion for attorneys' fees, filed over five (5)

17   months earlier**.**

18   Finally, on **August 21, 2007**, the Gabors filed, with the Ninth Circuit, something styled as a

19   "motion" to oppose attorneys' fees and costs, in response to the Ninth Circuit's **August 8, 2007**

20   Order, which, according to the Ninth Circuit's Docket Report, is being construed as a "renewed

21   motion to reconsider and opposition to attorney's fees."[5]

22   **6. Plaintiffs' at-issue Complaint Alleging Civil Rights Violations Against Multiple**
     **Municipal and Individual Defendants in Relation to Regulation and Enforcement Efforts of**
23   **Local Ordinances in Relation to Plaintiffs' "Puppy Mill".**

24   Not surprisingly, on **August 20, 2007**, the Gabor's filed <u>yet another complaint</u> [hereinafter

25   the "at-issue complaint"], alleging essentially the same causes of action they have brought against

26   the City of Campbell, et al., since 1994. The supposed basis of the Gabors' at-issue complaint is

---

5 .

    Though the filing was accompanied by a service proof, with an indecipherable signature, this office
never received this pleading from the Gabors.

MOTION FOR DISMISSAL                              C07 04266 RMW (HRL)

1    again based on the aforementioned "widespread conspiracy" to persecute them for selling puppies

2    out of their home.  Plaintiffs' at-issue complaint alleges a multitude of constitutional violations and

3    causes of action based on 7 U.S.C. §§ 2131-2159; 18 U.S.C. §§ 666, 1341, 1951, 1962(d); 28 U.S.C.

4    § 2679; 42 U.S.C. §§ 1983, 1985(3), as well as a myriad of violations of the 4th, 5th, 7th, and 14th

5    Amendment rights of the United States Constitution.

6        In addition, as an outgrowth of the alleged underlying Constitutional violations, Plaintiffs' at-

7    issue complaint also alleges extortion, theft, invasion of property, embezzlement of federal funds,

8    bribery, trespass, intimidation, robbery, interference with commerce, collection of an unlawful debt,

9    impersonation of a federal employee, making false accusations of fact and law in court, bribery,

10   bribery of judges, kidnaping, racketeering, fraud, "swindle", violence, false arrest [to collect bail

11   bonds], laundering stolen property [to effectuate a police state], larceny, and "**repeated attacks by**

12   **local predators and members of the culture of corruption in power within Santa Clara County**

13   **and the State of California**" to further the [City of Campbell's and County of Santa Clara's]

14   alliance with "**animal enterprise terrorists**" to disenfranchise people to make the "**subject to the**

15   **will of terrorists**".

16       The Gabors also seek, via amended Temporary Restraining Order (TRO) and a Preliminary

17   Injunction pleadings in the at-issue matter, orders imposed against all Defendants, retraining all

18   Defendants, and "all those active in concert or participation with" said defendants, from "violating

19   Plaintiffs' Fourth Amendment rights, trespassing upon the Plaintiffs' property located at 590

20   Smokey Court, Campbell, CA, 95008".  Additionally, the Gabors request an order compelling all

21   Defendants and "those active in concert" with them to cease from "threatening and intimidating, or

22   interfering with John and Kay Gabor's lawful use of their real and personal property" and further

23   from violating California Civil Code Section 52.1.

24       The Gabors name no fewer than **twelve (12) defendants** in their at-issue complaint, TRO,

25   and preliminary injunction, including perennial favorites City of Campbell and the Santa Clara

26   County Board of Supervisors, as well as California Attorney General Edmund "Jerry" Brown[6] and

27   _____

28   6 .

     The Gabors dismissed California Attorney General Edmund "Jerry" Brown from all causes of action via

MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

1  U.S. Attorney for the Northern District of California Scott N. Schools.  Further, the Gabors demand

2  damages in the amount of **One Million Dollars ($1,000,000)** against each defendant, consequential

3  damages, reasonable attorneys fees and costs, punitive damages, and "any other monetary relief

4  awarded by the jury as they believe" appropriate.

5      Of note, on **August 21, 2007**, this Court denied, without prejudice, the Gabors' request for a

6  TRO and attenuate Order to Show Cause, for failing to "demonstrate why this court should issue a

7  temporary restraining order without notice to defendants (or, indeed, to demonstrate any immediate

8  or irreparable harm or any chance of success on the merits)."

9      On **August 27, 2007**, in response to additional papers filed by the Gabors requesting that this

10  Court issue a TRO against the named Defendants and those "in active concert" with named

11  defendants, this Court denied the renewed request for failure to effectuate proper service.  Kindly,

12  this Court advised Plaintiffs in the same Order that once proper service is achieved, Plaintiffs may

13  notice a motion for preliminary injunction pursuant to the Federal Rules of Civil Procedure and Civil

14  Local Rules.

15                              **II. ARGUMENT**.

16      A claim can be dismissed as a matter of law when there is "(1) a lack of a cognizable legal

17  theory or (2) insufficient facts under a cognizable legal theory." Robertson v. Dean Witter Reynolds,

18  Co. 749 F.2d 530, 534 (9th Cir. 1984).  In the present case, all of the Plaintiffs' claims fail for a lack

19  of cognizable legal theories, insufficient facts, or both.

20      Plaintiffs' at-issue complaint is full of vague and ambiguous "facts" and assertions, some of

21  which are utterly incomprehensible.  In fact, upon multiple readings of Plaintiffs' complaint, it is still

22  unclear exactly what the Gabors are asserting, factually or legally; thus, it is literally impossible to

23  prepare a cognizable response.  Accordingly, Defendants **do hereby move to dismiss the Plaintiffs'**

24  **entire complaint,** pursuant to an order to dismiss for failure to state a claim under **FRCP 12(b)(6)**

25  (failure to state a claim), **FRCP 12(e)** (vague and ambiguous pleading), and **FRCP 9(b)** (pleading

26  with particularity in regards allegations of fraud), pursuant to the authority granted this Court by

27  **FRCP 41(a)(2).**

28

stipulation on September 6, 2007.

MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

1    This motion is based on the following grounds: (1) Plaintiffs fail to state a claim; (2) Facts

2    supporting the evidence are not adequately plead or plead at all; (3) Plaintiffs' complaint is vague

3    and ambiguous, (4) Plaintiffs' complaint contains insufficient allegations, redundant, immaterial,

4    impertinent, and scandalous matter; and, (5) Plaintiffs' claims are frivolous.

5    **A. Plaintiffs Have Failed to State a Claim Upon Which Relief can be Granted [Rule**

6    **12(b)(6)].**

7    Federal Rule of Civil Procedure 12 states that "[e]very defense, in law or fact, to a claim for

8    relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be

9    asserted in the responsive pleading thereto if one is required, except that the following defenses may

10   at the option of the pleader be made by motion: ... failure to state a claim upon which relief can be

11   granted."

12   As was noted above, Plaintiffs' complaint is twenty-two pages of undecipherable nonsense,

13   comprising allegations of perjury, conspiracy, and corruption against both local and state

14   government entities and officers.  Plaintiffs' complaint also alleged ten (10) "claims", which perhaps

15   may be viewed as attempts to assert causes of action.  However, the basic fact remains -- it is

16   unclear:    (1) What facts Plaintiffs are asserting, (2) What causes of action the Plaintiffs are

17   supposedly asserting, and, most importantly, (3) What facts are being asserted in regards to each

18   "claims" asserted by Plaintiffs.  Without such information, it is impossible to frame a cognizable

19   responsive pleading.

20   **B. Plaintiffs' Complaint is Vague and Ambiguous Such That Defendant Cannot**
**Reasonably be Required to Frame a Responsive Pleading [Rule 12(e)].**

21

22   Federal Rule of Civil Procedure 12(e) states that  "[i]f a pleading to which a responsive

23   pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

24   responsive pleading, the party may move for a more definite statement before interposing a

25   responsive pleading."  Further, FRCP 12 (e) states that "[i]f the motion is granted and the order of

26   the court is not obeyed within **10 days** after notice of the order or within such other time as the court

27   may fix, the ***court may strike the pleading*** to which the motion was directed or make such order as it

28   seems just."

MOTION FOR DISMISSAL

1   FRCP 12(e) requires that the moving party "point out the defects complained of and the

2   details desired." Accordingly, Defendants hereby assert that Plaintiffs' pleading is: (1) vague as to

3   factual allegations, (2) vague as to legal assertions, and (3) poorly plead to such extent that no

4   reasonable attorney could frame a responsive pleading. Defendant thus requests that Plaintiffs be

5   ordered to resubmit a pleading wherein plaintiffs assert precisely (1) what factual allegations are

6   being made, (2) when said allegations arose and/or occurred, and (3) the relationship between each

7   factual allegation and each "claim" or cause of action. Moreover, defendants also request that

8   plaintiffs, in a more definite statement, plead facts specifically stating the "conspiratorial objective"

9   and role of each defendant in the "conspiracy", such that Defendants may properly frame a

10  responsive pleading and begin to engage in discovery efforts in relation to the alleged conspiracy.

11  **C. Plaintiffs' Complaint Fails to State the Circumstances Constituting Fraud With Particularity [FRCP 9(b)].**

12

13  Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the

14  circumstances constituting fraud or mistake shall be stated with particularity." Plaintiffs' complaint

15  alleges, amongst other things, that Defendant City of Campbell "fraudulently advertised in the media

16  that the city could restrict owners' use of purchased property" and — though not directed to the

17  within Defendants — that the Defendant County of Santa Clara purchased property with "bad

18  checks" and "falsely represented that owning and breeding of dogs and cats was a criminal activity".

19  Moreover, plaintiffs claim that co-Defendant Santa Clara County "defrauded citizens of property by

20  fraudulent conveyance[s]."

21  FRCP 9(b) requires that the *circumstances* constituting fraud or mistake shall be stated with

22  particularity. It remains unclear, after multiple readings of Plaintiffs' complaint, what acts each

23  defendant allegedly committed, which in turn constituted fraud or fraudulent representation.

24  Accordingly, Defendants hereby move to dismiss all "claims", or causes of action, which allege

25  fraud. Moreover, because Plaintiffs causes' of action are unclear, but all purportedly allege

26  conspiracy to, among other things, commit fraud, Defendants hereby move to dismiss Plaintiffs'

27  entire complaint for failing to state with particularity the factual allegations constituting fraud.

28  ///

13

MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

1  **III. OPPOSITION TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION.**

2

3     Plaintiffs, in their moving papers, seek both a Temporary Restraining Order (hereinafter

4  TRO) and a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.  This Court has

5  already denied Plaintiffs' original TRO request by an Order dated August 21, 2007, as well as

6  Plaintiffs' Amended TRO request, by a subsequent Order dated August 27, 2007.  As a natural

7  consequence of the Orders, the attenuate Orders to Show Cause were also denied, thus relieving said

8  burden from Defendants.  Accordingly, Defendants now assert the following in support of their

9  Motion in Opposition to Plaintiffs' request for a preliminary injunction.

10     In determining whether to grant a preliminary injunction, the Ninth Circuit has formulated

11  two tests for evaluating requests for preliminary injunctive relief.  Paisa v. N & G Auto, Inc., 980

12  F.Supp. 1009, 1012 (C.D.CA. 1996).  Under the traditional test, "a court may issue a preliminary

13  injunction if it finds that (1) the [moving party] will suffer irreparable injury if injunctive relief is not

14  granted; (2) the [moving party] will probably prevail on the merits; (3) in balancing the equities the

15  [non-moving party] will not be harmed more than the [moving party] is helped by the injunction; and

16  (4) granting the injunction is in the public interest."  Stanley v. University of Southern California, 13

17  F.3d 1313, 1319 (9th Cir. 1994).

18     Under the alternative test, "a court may issue a preliminary injunction if the moving party

19  demonstrates either a combination of probable success on the merits and the possibility of

20  irreparable injury or that serious questions are raised and the balance of hardships tips sharply in [its]

21  favor."  Martin v. International Olympic Committee, 740 F.2d 670, 674-75 (9th Cir.1984). "Under

22  the last part of this alternative test, even if the balance of hardships tips decidedly in favor of the

23  moving party, it must be shown as an irreducible minimum that there is a fair chance of success on

24  the merits."  Id.

25     Here, Plaintiffs seek to enjoin all named Defendants and "those active in concert" with

26  Defendants from:   (1) violating Plaintiffs' Fourth Amendment rights, (2) "trespassing" on Plaintiffs'

27  property located at 590 Smokey Court, Campbell, CA, 95003,  (3) from threatening, intimidating,

28  and interfering with John and Kay Gabor's "lawful" use of their real and personal property [dogs],

14

MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

1 and, (4) from violating California Civil Code Section 52.1.

2      However, Plaintiffs have failed to allege any relevant facts to assert that any such

3 "violations" have ever occurred. In fact, Plaintiffs fail to assert any evidence that any such violations

4 will occur in the future. Additionally, Plaintiffs' four (4) asserted bases for the issuing of said

5 injunction are vague, overly broad, and outright absurd. Furthermore, Plaintiffs have failed to

6 demonstrate, in their pleading, that they have any likelihood of success on the merits, and have failed

7 to demonstrate that they will suffer any irreparable harm, or, in fact, any "harm" at all.

8      Moreover, the hardships, if any, balance in Defendants' favor, considering that Plaintiffs

9 have failed to allege any legitimate hardship and that the City of Campbell and Santa Clara County

10 have **statutory obligations** to provide for the public health and safety of all citizens within their

11 purview. Consequently, for the reasons stated above, it is not in the public interest to issue the

12 preliminary injunction.    Additionally, it is unclear precisely the "status quo" plaintiffs seek to

13 preserve, other than their belief that no governmental authority may be exercised regarding activities

14 at their residence. Accordingly, Defendants respectfully request that Plaintiffs' application for a

15 **preliminary injunction be denied**.

16 **IV. MOTION TO DECLARE PLAINTIFFS, JOHN AND KAY GABOR, VEXATIOUS**
**LITIGANTS IN RELATION TO "CIVIL RIGHTS" CLAIMS MADE AGAINST THE CITY**
17 **OF CAMPBELL, COUNTY OF SANTA CLARA, ITS OFFICERS, AND RELATED**
**PARTIES STEMMING FROM THE OPERATION OF THE GABOR'S PUPPY MILL OUT**
18 **OF THEIR RESIDENCE**.

19      In <u>Molski v. Mandarin Touch Restaurant</u>, 347 F.Supp.2d 860, 868 (C.D.Cal. 2004), the

20 District Court, in determining that the Plaintiff therein was a vexatious litigant, applied the five

21 factors set forth in the opinion of the United States Court of Appeals for the Second Circuit in <u>Safir</u>

22 <u>v. United States Lines, Inc</u>., 792 F.2d 19, 24 (2d. Cir. 1986). Those factors are: (1) the litigant's

23 history of litigation, and in particular whether it entailed vexatious, harassing, or duplicative suits;

24 (2) the litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith

25 expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant

26 has caused unnecessary expense to the parties or placed a needless burden on the courts; and, (5)

27 whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the

28 District Court's determination that Mr. Molski was indeed a vexatious litigant was affirmed by the

15

1    United States Court of Appeal, Ninth Circuit.

2        The District Court first noted that Molski had an extensive history of litigation and noted that

3    a large volume of cases, and the use of boilerplate complaints, while not entirely dispositive,

4    indicates an intent to harass defendants into agreeing to cash settlements. <u>Mandarin Touch</u>

5    <u>Restaurant</u>, 347 F.Supp.2d at 864. Against this background, the District Court's reasoning made

6    clear that the **most important consideration** was its specific finding that the allegations in Molski's

7    numerous and similar complaints were "**contrived and not credible**". <u>Id.</u>

8        The plaintiff in <u>Molski</u>, a man bound to a wheelchair, often filed multiple complaints against

9    separate establishments asserting that Molski had suffered identical injuries at each establishment on

10   the same day. While the specific facts of <u>Molski</u> are readily distinguishable from the various

11   complaints and suits brought against the City of Campbell and Santa Clara County by the Gabors,

12   the underlying basis is identical: both Molski and the Gabors brought repeated "bad faith" claims

13   which were "contrived and not credible". Moreover, both Molski and the Gabors have demonstrated

14   the **predominate intent to harass** the respective defendants in bringing their "complaints". This is

15   clearly demonstrated by the Gabors' prayer demands, which, in an associated case to the complaint

16   at issue, requested not only millions of dollars but also that "City of Campbell officials be fired with

17   loss of all pensions and benefits".

18   **A. Application of the Five (5) <u>Safir</u> Factors to the Litigation History of the Gabors
     Clearly Demonstrates That the Gabors Should be Declared Vexatious Litigants, or, in the**
19   **Alternative, That the Gabors Should Incur Some "Other Sanctions ... to Protect the Courts
     and Other Parties."**

20

21   **1. FACTOR ONE: The Litigant's History of Litigation and in Particular Whether it
     Entailed Vexatious, Harassing, or Duplicative Suits.**

22

23       Plaintiffs in this matter, John and Kay Gabor, have an extensive history or bringing baseless

24   civil rights claims against the City of Campbell and the County of Santa Clara dating back to 1994.

25   Further, Plaintiffs have a history of naming twenty (20) or more defendants in asserting their

26   "claims", the majority of whom are afforded immunity in their official capacities. Plaintiffs are

27   always *in pro per*, bring the same, or extremely similar "civil rights" claims against the same, or

28   extremely similar "defendants", and ultimately <u>always</u> lose, often again on appeal, via an order for

16

MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

1  dismissal with prejudice as to all twenty-plus (20+) defendants.

2      Since 1994, the Gabor's have filed five (5) nearly-identical complaints against nearly the

3  identical, or substantially similar, defendants. Moreover, the basis for the civil rights claims, each

4  and every time, stem from the efforts of municipal agencies, and its officers, to enforce local health,

5  safety, and humane society rules and regulations in relation to the Gabors' for-profit illegal "puppy

6  mill" run out of their home. Alternatively, the Gabor's "claims" stem from the efforts to enforce the

7  terms of Kay Gabor's **probation** related to her 2000 **conviction** for violating numerous City of

8  Campbell municipal ordinances regarding the breeding, boarding, and selling of animals.

9          **2. FACTOR TWO: The Litigant's Motive in Pursuing the Litigation.**

10     The Gabors, themselves, in the at-issue complaint, bizzarely assert that "property taxes

11  relieve owners of any duty to the [S]tate or their neighbors." Accordingly, the Gabors' intent, as

12  stated by them, is to force the City of Campbell and the County of Santa Clara to succumb to the

13  Gabors' belief that it is unconstitutional, and thus a violation of their "civil rights", for the City or

14  County to exercise **any** form of authority over the Gabors' residence, and, in particular, in regards to

15  the Gabors' operation of a "puppy mill" out of their residence[s].[7]

16     Furthermore, the Gabors consistently allege that a "widespread conspiracy" exists to

17  persecute them for selling puppies out of their home. The players in this alleged conspiracy, as

18  indicated in the introduction to this Motion, have included such notable persons such as Governor

19  Pete Wilson, Attorney General Dan Lungren, and the Honorable Judge Fogel. Given the

20  unparalleled absurdity of these assertions, whether the Gabors earnestly believe that such a

21  conspiracy exists is almost moot. Rather, the Gabors' motive, whether conscious or not, is to force

22  both the City of Campbell and the County of Santa Clara to capitulate to their paradigm that no

23  governmental authority may be exercised within the purview of their residence at 590 Smokey Lane.

24  This motive is improper and lacks any rational foundation.

25         **3. FACTOR THREE: Whether the Litigant is Represented by Counsel.**

26     As mentioned above, the Gabors' suits in this District Court are always brought in *propria*

27  ───────────────────────────────────

28  7.
        The Gabors have lived in three (3) separate residences within Campbell since 1964, and have
   admittedly "occasionally" sold puppies, or "helped place puppies" with owners since 1964.

                                                    17

*persona.* The <u>Molski</u> court noted that "courts are generally protective of *pro se* litigants." <u>Molski v. Mandarin Touch Restaurant</u>, 347 F.Supp 2d at 866. However, the reason the Gabors have routinely filed in *pro per* is clear — no duly licensed attorney could or would put forth the allegations contained in the Gabor's "claims", dating back to 1994, for fear of bar discipline, potential disbarment, and possible sanctions from the hearing Court. Accordingly, this factor, which presumptively favors *pro se* litigants, should be deemed to weigh in favor of perennial defendants City of Campbell and the County of Santa Clara, given the unique circumstances presented by the claim at issue and associated claims.

**4. FACTOR FOUR: Whether the Litigant has Caused Unnecessary Expense to the Parties or Placed a Needless Burden on the Courts**.

The Gabor's have now filed five (5) separate, yet nearly identical, civil rights claims against a total of **one hundred and one (101) (occasionally duplicated) defendants**. Many of these defendants have been named in all, if not the majority, of the Gabor complaints, forcing them to expend countless hours and countless tens of thousands of dollars in attorney fees and costs to defend themselves from baseless complaints. Moreover, municipal defendant City of Campbell and the County of Santa Clara are forced to expend thousands of taxpayer dollars and countless hours of municipal officials' time defending these suits.[8]

Furthermore, the Gabors, who routinely appeal District Court dismissals of their "claims", have cost this Court and the Ninth Circuit of the United States Court of Appeals countless hours of precious calendar time and thousands upon thousands of taxpayer dollars to dispose of the Gabors' claims. Additionally, the Gabors who claim that every judge is "on the take" as part of the alleged conspiracy, have created multiple situations whereby Judges and Magistrates are compelled to recuse himself or herself from the presented case. All of this behavior is outrageous, baseless, and has cost municipalities, humane societies, individual defendants, District Courts, and United States Court of Appeals time and resources that ultimately come at the expense of the public at large.

///

---

8.
    This fact alone obviates the Gabor's assertion that the City of Campbell and County of Santa Clara are out to collect an unlawful debt to fill their respective coffers.

MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

**5. FACTOR FIVE: Whether Other Sanctions Would be Adequate to Protect the Courts and Other Parties.**

Whereas the Gabors have been "slapped" with sanctions regarding prior suits, and are now attempting to appeal an award of over nineteen thousand dollars ($19,000.00) in relation to their last unsuccessful "conspiracy" suit, not a single penny has yet been paid to any defendant. Accordingly, given the argument and Motions above, Defendants in this matter respectfully request that the Gabors be required to first obtain leave of this Court prior to filing another "civil rights" claim against the within Defendants stemming from the enforcement of local health, safety, and humane society rules and regulations in relation to the Gabors' breeding and selling of animals from their residence.

**CONCLUSION.**

Based on the information, allegations, and Motions set forth above, Defendants respectfully request that: (1) the Gabors' case be dismissed, with prejudice, as to all Defendants, for failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6); (2) In the alternative, that Plaintiffs be required to present a more definitive statement pursuant to FRCP 12(e), and if they fail to do so within ten (10) days after such Notice, that this Court strike all of their pleadings; and/or, (3) In the alternative, that the Gabors be required to plead, with particularity, all circumstances constituting the alleged fraudulent behavior of Defendants, pursuant to FRCP 9(b).

Further, Defendants respectfully request that the preliminary injunction be denied for the reasons set forth above, and that this Court require the Gabors to obtain leave of this Court prior to any attempted filing of a sixth baseless civil rights suit against the City of Campbell, its officers, and the County of Santa Clara.

Dated: September 10, 2007     BURTON, VOLKMANN & SCHMAL, LLP

BY: _____
     TIMOTHY J. SCHMAL
     BURLEIGH E. SABIN
     Attorneys for Defendants, CITY OF CAMPBELL,
     DANIEL RICH, Campbell City Manager, CITY OF
     CAMPBELL COMMUNITY DEVELOPMENT
     DEPARTMENT (a legally indistinguishable sub-entity of
     the CITY OF CAMPBELL), SUSAN MORGADO-GRAY.

MOTION FOR DISMISSAL                    C07 04266 RMW (HRL)

Case Name:    JOHN GABOR and KAY GABOR v. COUNTY OF SANTA CLARA BOARD
OF SUPERVISORS, et al.

Case No.:    C07 04266 RMW (HRL)

File No.:    65824-3-104  (Updated 9/10/07)

### PROOF OF SERVICE - CCP §1013a, 2015.5

I certify and declare as follows:

I am over the age of 18 years, and not a party to this action.  My business address is 133 Mission Street, Suite 102, Santa Cruz, CA 95060, which is located in the County where the mailing described below took place.

On the date set forth below, I served a copy of the within

```
 MOTION FOR DISMISSAL [FRCP 12(b)(6)]; MOTION FOR MORE DEFINITE
STATEMENT BEFORE INTERPOSING A RESPONSIVE PLEADING and MOTION TO
   STRIKE PLAINTIFFS' PLEADING [FRCP 12(e)]; OPPOSITION TO
 TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [FRCP
 65]; MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO
FILE SUBSEQUENT REDUNDANT CLAIMS AGAINST DEFENDANTS (Vexatious
                          Litigant)
```

on the parties in this action, by the following means:

__X__  **(BY MAIL)** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service.  Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

_____  **(BY FEDERAL EXPRESS)** I deposited such envelopes to be placed for collection and handling via Federal Express following our ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for Federal Express.  On the same day that material is placed for collection, it is picked up by Federal Express at Santa Cruz, Santa Cruz County, California.

_____  **(BY FAX TRANSMISSION)** By transmitting a true copy thereof from sending facsimile machine telephone number (831) 427-3159 to the following parties at the receiving facsimile machine numbers shown below.  The transmission was completed at _____ M on _____, reported as complete and without error, and the transmission report attached was properly issued by the transmitting facsimile machine.

_____  **(BY PERSONAL SERVICE)**  I caused each such envelope to be delivered by hand to the addressee(s) noted below.

__X__  **(FEDERAL COURT)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  **VIA E-FILING**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 10, 2007, at Santa Cruz, California.

*Susan Brennan*

Susan Brennan

NAMES AND ADDRESSES OR FAX NUMBERS OF EACH PARTY SERVED:

1

John Gabor                          Kay Gabor
590 Smokey Court                    590 Smokey Court
Campbell, CA   95008-3717           Campbell, CA  95008-3717

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28