1   ANN MILLER RAVEL, County Counsel (S.B. #62139)
    MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
2   OFFICE OF THE COUNTY COUNSEL
    70 West Hedding Street, East Wing, Ninth Floor
3   San Jose, California 95110-1770              **E-FILING**
    Telephone: (408) 299-5900
4   Facsimile: (408) 292-7240

5   Attorneys for Defendants
    COUNTY OF SANTA CLARA
6   (ERRONEOUSLY SUED AS COUNTY OF
    SANTA CLARA BOARD OF SUPERVISORS)
7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JOHN GABOR and KAY GABOR,          )   No. C 07-04266 RMW (HRL)
                                       )
12          Plaintiffs,                )   **MOTION FOR DISMISSAL [FRCP**
                                       )   **12(b)(6)]; MOTION FOR MORE DEFINITE**
13                                     )   **STATEMENT and MOTION TO STRIKE**
    v.                                 )   **PLAINTIFFS' PLEADING [FRCP 12(e)];**
14                                     )   **OPPOSITION TO TEMPORARY**
    COUNTY OF SANTA CLARA              )   **RESTRAINING ORDER AND**
15  BOARD OF SUPERVISORS in their      )   **PRELIMINARY INJUNCTION [FRCP 65];**
    official capacity; KEN YEAGER in his )  **MOTION TO REQUIRE PLAINTIFFS TO**
16  municipal and individual capacity; )   **OBTAIN LEAVE OF COURT TO FILE**
    ANN RAVEL, county counsel, in her  )   **SUBSEQUENT REDUNDANT CLAIMS**
17  municipal and individual capacity; )   **AGAINST DEFENDANTS (Vexatious**
    DELORES CARR, district attorney,   )   **Litigant)**
18  in her official and individual capacity; )
    LAURIE SMITH, sheriff, in her      )
19  municipal and individual capacity; CITY )  Date: October 26, 2007
    OF CAMPBELL, in its municipal      )   Time: 9:00 a.m.
20  capacity; CITY OF CAMPBELL CITY    )   Dept: 6
    MANAGER DANIEL RICH, in his        )   Judge: Hon. Ronald M. Whyte
21  municipal and individual capacity; CITY )
    OF CAMPBELL COMMUNITY              )
22  DEVELOPMENT DEPARTMENT in          )
    its municipal capacity; SUSAN      )
23  MORGADO-GRAY in her municipal      )
    and individual capacity; EDMUND G. )
24  BROWN, JR. Attorney general in his )
    official capacity; UNITED STATES   )
25  ATTORNEY FOR THE NORTHERN          )
    DISTRICT OF CALIFORNIA SCOTT       )
26  N. SCHOOLS in his official capacity )
    and DOES 1-100,                    )
27                                     )
            Defendants.                )
28  _____)

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Motion for Dismissal, etc.                              C 07-04266 RMW (HRL)

# TABLE OF CONTENTS

**Page**

NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II   PROCEDURAL HISTORY OF SUITS FILED BY THE GABORS
     FROM 1994-2006 ARISING FROM THE SAME SUBJECT MATTER . . . . . . . . . . . . 3

     A.   PLAINTIFFS' 1994 COMPLAINT ALLEGING CIVIL RIGHTS
          VIOLATIONS IN RELATION TO PLAINTIFFS' PUPPY MILL . . . . . . . . . . 3

     B.   PLAINTIFFS' APRIL 1996 COMPLAINT ALLEGING CIVIL
          RIGHTS VIOLATIONS IN RELATION TO PLAINTIFFS'
          PUPPY MILL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

     C.   PLAINTIFFS' JUNE 1996 COMPLAINT ALLEGING CIVIL
          RIGHTS VIOLATIONS IN RELATION TO PLAINTIFFS'
          PUPPY MILL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     D.   PLAINTIFFS' CONVICTION FOR VIOLATING CAMPBELL
          MUNICIPAL ORDINANCES REGARDING THE BREEDING,
          BOARDING, AND SELLING OF ANIMALS . . . . . . . . . . . . . . . . . . . . . . 5

     E.   PLAINTIFFS' DECEMBER 2004 COMPLAINT ALLEGING
          CIVIL RIGHTS VIOLATIONS IN RELATION TO PLAINTIFFS'
          PUPPY MILL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

III. THE GABORS' PRESENT ACTION ALLEGING CIVIL RIGHTS
     VIOLATIONS IN RELATION TO ENFORCEMENT OF LOCAL
     ORDINANCES PERTAINING TO PLAINTIFF'S "PUPPY MILL" . . . . . . . . . . . . . . . 8

     A.   THE GABORS' COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     B.   PROCEDURAL HISTORY OF THE PRESENT ACTION . . . . . . . . . . . . . . 10

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     A.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM TO
          STATE A CLAIM UPON WHICH RELIEF CAN BE
          GRANTED [Rule 12(b)(6)] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     B.   PLAINTIFFS SHOULD BE REQUIRED TO FILE A MORE
          DEFINITE STATEMENT BECAUSE PLAINTIFFS'
          COMPLAINT IS VAGUE AND AMBIGUOUS SUCH THAT
          DEFENDANT CANNOT REASONABLY BE REQUIRED
          TO FRAME A RESPONSIVE PLEADING [Rule 12(e)] . . . . . . . . . . . . . . . 11

     C.   PLAINTIFFS' COMPLAINT FAILS TO STATE WITH
          PARTICULARITY THE CIRCUMSTANCES ALLEGEDLY
          CONSTITUTING FRAUD [FRCP 9(B)] . . . . . . . . . . . . . . . . . . . . . . . . . 12

1  V.   OPPOSITION TO PLAINTIFFS' REQUEST FOR TEMPORARY
        RESTRAINING ORDER AND PRELIMINARY INJUNCTION . . . . . . . . . . . . . . . . . . 13

2

3  VI.  MOTION TO DECLARE PLAINTIFFS, JOHN AND KAY GABOR,
        VEXATIOUS LITIGANTS IN RELATION TO CLAIMS MADE
        AGAINST THE COUNTY OF SANTA CLARA AND COUNTY-
4       AFFILIATED PARTIES, ARISING FROM THE OPERATION
        OF GABOR'S PUPPY MILL IN THEIR HOME  . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

5

        A.   APPLICATION OF THE FIVE (5) SAFIR FACTORS TO THE
6            LITIGATION HISTORY OF THE GABORS CLEARLY
             DEMONSTRATES THAT THE GABORS SHOULD BE
7            DECLARED VEXATIOUS LITIGANTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

8                 1.   Factor One: The Gabors' History of Litigation and in
                       Particular Whether it Entailed Vexatious, Harassing,
9                      or Duplicative Suits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

10                2.   Factor Two: The litigant's Motive in Pursuing the
                       Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
11

12                3.   Factor Three: Whether the Litigant is Represented
                       by Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

13                4.   Factor Four: Whether the Litigant has Caused Unnecessary
                       Expense to the Parties or Placed a Needless Burden on
14                     the Courts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

15                5.   Factor Five: Whether Other Sanctions Would be Adequate to
                       Protect the Courts and Other Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . 17
16

17 VII. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

## CASES

*Bureerong v. Uvawas*
  922 F. Supp. 1450 (C.D. Cal. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mandarin Touch Restaurant*
  347 F.Supp.2d at 864 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Martin v. International Olympic Committee*
  740 F.2d 670 (9th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Molski v. Mandarin Touch Restaurant*
  347 F.Supp.2d 860 (C.D.Cal.2004)
  2007 U.S. Appellant 20966 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

*North Star Intl'l v. Arizona Corp. Comm'n*
  720 F. 2d 578 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Paisa v. N & G Auto, Inc.*
  980 F.Supp. 1009 (C.D.CA. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Robertson v. Dean Witter Reynolds, Co.*
  749 F.2d 530 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Safir v. United States Lines, Inc.*
  792 F.2d 19 (2d. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Stanley v. University of Southern California*
  13F.3d 1313 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## CONSTITUTION

## FEDERAL RULES OF CIVIL PROCEDURE

12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 17

12(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 11, 17

41(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 17

## FEDERAL STATUTES

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18 U.S.C. § 1621 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 1623 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 1951 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1    18 U.S.C. § 1962(d) ................................................ 9

2    18 U.S.C. § 1984 ................................................... 7

3    18 U.S.C. § 241 .................................................... 7

4    18 U.S.C. § 242 .................................................... 7

5    18 U.S.C. § 666 .................................................... 9

6    28 U.S.C. § 1331 ................................................... 7

7    28 U.S.C. § 1983 ................................................... 3

8    28 U.S.C. § 2679 ................................................... 9

9    42 U.S.C. § 1984 ................................................... 7

10   42 U.S.C. § 1981 ................................................... 7

11   42 U.S.C. § 1985(3) ................................................ 9

12   7 U.S.C. § 2131 .................................................... 7

13   7 U.S.C. §§ 2131-2159 .............................................. 9

14   **STATE STATUTES**

15   **California Civil Code**

16   section 52.1 ...................................................... 13

17

18

19

20

21

22

23

24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

1    **NOTICE**

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that on October 26, 2007, or as soon thereafter as the matter

4    may be heard at 9:00 a.m. in Courtroom 6 of the above-entitled court, located at 280 S. First

5    Street, San Jose, California, Defendant County of Santa Clara (the "County")[1] will and hereby

6    does move the Court for an order dismissing the Complaint without leave to amend. This

7    motion is based on the ground that Plaintiffs failed to state a claim upon which relief can be

8    granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Moving

9    Defendants request that the Court order Plaintiffs to file a more definite statement pursuant to

10    Federal Rule of Civil Procedure 12(e). By this motion, Defendant County further seeks to have

11    Plaintiffs John and Kay Gabor declared vexatious litigants.

12    Dated: September 13, 2007                          Respectfully submitted,

13                                                       ANN MILLER RAVEL
                                                         County Counsel
14

15                                                 By: _____/S/_____
                                                       MARCY L. BERKMAN
16                                                     Deputy County Counsel

17                                                     Attorneys for Defendant
                                                       COUNTY OF SANTA CLARA
18                                                     (ERRONEOUSLY SUED AS
                                                       COUNTY OF SANTA CLARA
19                                                     BOARD OF SUPERVISORS)

20

21

22

23

_____

24        [1] Defendant Santa Clara County (the "County") was erroneously sued as the County of Santa Clara Board
     of Supervisors. Plaintiffs have also named as Defendants Sheriff Laurie Smith, District Attorney Dolores Carr,
25    County Counsel Ann Ravel and Supervisor Ken Yeager (collectively "the Individual Defendants"). Neither the
     County nor the Individual Defendants were properly served in this action as Plaintiffs endeavored to serve them by
26    certified mail. The County - which at least received a summons naming the County – hereby responds voluntarily.
     The Individual Defendants were not properly served with this action because the complaints were mailed;
27    moreover, the summonses accompanying the complaints mailed to those Individual Defendants were not
     summonses for those Individual Defendants but rather summonses for other defendants such as Campbell and City
28    of Campbell Community Development Department. In the event that the Individual Defendants are properly served
     at some point, Counsel for the County will be representing those Defendants as well.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Though styled in the civil cover sheet as a "civil rights complaint", the Gabor Complaint asserts a remarkable constellation of federal civil rights violations, RICO allegations, statutory and common law state causes of action, conspiracy theories, and allegations that Defendants embezzled federal funds, gave or took bribes, attempted to defraud citizens, engaged in fraudulent conveyances, trespass, threats, intimidation, robbery and extortion, among other things. The 83 nearly incoherent paragraphs of the Gabor Complaint apparently attempt to allege a grand conspiracy theory supported only by vague and conclusory allegations.

This Complaint appears to be the Gabor's most recent salvo in a long and unsuccessful series of frivolous "civil rights" claims and appeals that they have filed against myriad city, county and state agencies and officials alleging a "widespread conspiracy" to persecute the Gabors for running an illegal "puppy mill" out of their home. The Gabors have previously filed substantially similar lawsuits against such "conspiratorial defendants" as Governor Pete Wilson, Attorney General Dan Lungren, the State of California and the United States of America. Previous Gabor claims include, *inter alia*, allegations of conspiracy, civil rights violations, trial-fixing, bribery, impersonation and corruption at all levels of the court system. These lawsuits date back to 1994, assert nearly identical claims, are always filed *in propria persona*, and typically terminate via an order of dismissal as well as an order for the Gabors to pay opposing parties' attorneys fees and costs, which orders the Gabors ignore. The instant action appears to be the Gabors' most recent attempt to once again continue relitigating the same claims for which judgment has previously been entered against them.

/ / /

/ / /

/ / /

/ / /

/ / /

## II.

### PROCEDURAL HISTORY OF SUITS FILED BY THE GABORS FROM 1994-2006 ARISING FROM THE SAME SUBJECT MATTER

**A.    PLAINTIFFS' 1994 COMPLAINT ALLEGING CIVIL RIGHTS VIOLATIONS IN RELATION TO PLAINTIFFS' PUPPY MILL**

In September 1994, Plaintiffs filed a complaint (5:94-CV-20617-RMW) alleging civil rights violations under 28 U.S.C. § 1983 against twenty (20) defendants in relation to "conspiratorial" actions allegedly taken by the City of Campbell and the county of Santa Clara to enforce local zoning, health and safety, and humane society rules and ordinances pertaining to the Gabors' operation of a puppy mill out of their home, located at 590 Smokey Court, Campbell, California.  Among the named defendants were the Santa Clara Valley Humane Society, the California Board of Equalization, the Franchise Tax Board, and the American Kennel Club, Inc.

In November 1994, Judge Ware dismissed the case with prejudice as to all defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Gabors subsequently appealed.  (94-17133.)  The Ninth Circuit affirmed the dismissal as to all defendants and remanded the matter back to the District Court for the determination of sanctions, attorneys' fees, and costs against the Gabors for improperly filing and maintaining an unsubstantiated civil rights claim.[2]  Judge Whyte entered multiple orders for sanctions against the Gabors.[3]

**B.    PLAINTIFFS' APRIL 1996 COMPLAINT ALLEGING CIVIL RIGHTS VIOLATIONS IN RELATION TO PLAINTIFFS' PUPPY MILL**

In April 1996 – only fifteen days after the Ninth Circuit entered its decision affirming dismissal of the Gabors' 1994 lawsuit – the Gabors filed a "new" suit against largely duplicative defendants: Case No. 5:96-CV-20324-RMW.  The Gabors' April 1996 Complaint once again alleged civil rights violations under 42 U.S.C. § 1983 for "bribery to pervert and

---

[2]  A copy of the Ninth Circuit decision is attached at Tab 1.

[3]  In February 1997, Judge Ware recused himself, whereupon the case was reassigned to Judge Whyte, in part due to the subsequent duplicate complaint filed by the Gabors in April 1996. [*See infra* at Section II(B).]

1  obstruct justice." It named thirty-two (32) defendants and alleged further "conspirational"

2  actions supposedly taken by the County of Santa Clara and City of Campbell in an effort to

3  enforce local zoning, health and safety, and humane society rules and ordinances with respect to

4  the Gabors' operation of a for-profit puppy mill out of their Campbell home. Among the named

5  defendants in this new lawsuit were Santa Clara County, the California Board of Equalization,

6  the Santa Clara Valley Humane Society, Michael Frazer, U.S. Attorney Robert S. Mueller, III,

7  Congressman Sam Farr, U.S.D.A. Secretary Dan Glinkman, and Attorney General Janet Reno.

8      In June 1996, Judge Ware recused himself and case was reassigned to Senior Judge

9  Spencer Williams. Two weeks later, Senior Judge Williams recused himself and the case was

10  assigned to Judge Whyte.[4]

11      By October 1996, the Court had dismissed the case as to all defendants. The Gabors again

12  appealed. (96-17088.) Deciding the issue on the merits without oral argument, the Ninth

13  Circuit affirmed the District Court's dismissal.[5]

14  **C.  PLAINTIFFS' JUNE 1996 COMPLAINT ALLEGING CIVIL RIGHTS**
    **VIOLATIONS IN RELATION TO PLAINTIFFS' PUPPY MILL**

15

16      On June 10, 1996 – the same day Senior Judge Williams recused himself from the lawsuit

17  filed by the Gabors in April 1996 – the Gabors filed yet another lawsuit alleging civil rights

18  violations under 42 U.S.C. § 1983. (Case No. 5-96-cv-20470-RMW.) Though the Gabors

19  originally filed this action in the Eastern District (USDC ED Case No. CIV-S-96-00420-DFL-

20  JFM), the case was transferred to the Northern District by court order.

21      Chief amongst the twenty one (21) defendants named by the Gabors in their third action

22  were the perennial favorites – the County of Santa Clara and the City of Campbell. In addition,

23  the Gabors also named the Santa Clara County Board of Supervisors, the Santa Clara County

24  Jail, Santa Clara County District Attorney George Kennedy, two Assistant District Attorneys,

25  Santa Clara County Public Defenders Luella Tsai, Kristin Wong, and George Abel [as "assistant

26  prosecutors"], the Campbell Police Department, the Campbell Police Chief, the California

27

28      [4] Magistrate Judge Patricia V. Trumbull also recused herself from that matter in August 1996.

     [5] A copy of the Ninth Circuit docket summary for this appeal is attached at Tab 2.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California    Motion for Dismissal, etc.          4          C 07-04266 RMW (HRL)

1  Department of Health and Welfare Agency, Attorney General Dan Lungren, Governor Pete

2  Wilson, and the State of California.  All of the above were alleged to be in cahoots regarding a

3  "widespread conspiracy" to persecute the Gabors by violating their civil rights, taking bribes,

4  and trial-fixing.

5      Judge Williams again recused himself from this matter in July of 1996, whereupon the

6  case was assigned to Judge Whyte.  The case was dismissed as to all defendants for failure to

7  state a claim upon which relief can be granted.  The Gabors again appealed.  (96-17289; 96-

8  17306).  In April 1997, the Ninth Circuit dismissed appeal no. 96-17306 for lack of jurisdiction;

9  in September 1997, the Ninth Circuit affirmed the dismissal in a memorandum opinion on the

10  merits after submission without oral argument in appeal no. 96-17289.[6]

11  **D.   PLAINTIFFS' CONVICTION FOR VIOLATING CAMPBELL MUNICIPAL**
   **ORDINANCES REGARDING THE BREEDING, BOARDING, AND SELLING OF**
12  **ANIMALS**

13      In 2000, Plaintiffs were convicted of violating multiple City of Campbell municipal

14  ordinances regulating boarding animals, selling animals, and permits relating to animals.

15  (C9927216.)  Kay Gabor was sentenced to three (3) years' probation.  In January 2001, the

16  Appellate Department of the Santa Clara Superior affirmed the convictions.

17      The Gabors alleged that at some time after she was convicted, the City of Campbell

18  supposedly sent "animal extremist witnesses" to pose as buyers at the Gabors' home.  The

19  Gabors also alleged that Campbell Police Chief ordered Campbell Police Officer Grace Moro to

20  enter their home without a search warrant and use a 'wire' to tape her conversation with Kay

21  Gabor.  According to the Gabors, Officer Moro posed as a buyer and did not identify herself as

22  a police officer.

23      In December 2002, Campbell City Attorney William Seligmann had the Gabors served

24  with a summons to appear with respect to a Motion to Revoke or Strike their probation, which

25  the Gabors alleged was a "continued ongoing assault" against them.  On December 12, 2003,

26  Kay Gabor was found guilty of violating her probation, sentenced to serve one hundred fifty

27

28

---

[6] Copies of the Ninth Circuit docket summaries for Appeal Nos. 96-17289 and 96-17306 are attached at Tab 3.

1    (150) hours of community service, and ordered to pay a fine of $1,110.00. Further, her

2    probationary period was extended to February 2005.

3        In January 2004, Kay Gabor filed a Notice of Appeal in the Superior Court Appellate

4    Department. Although the Gabor's present lawsuit speaks of their "accumulated wealth", Kay

5    Gabor was declared indigent in that appeal. *Thomas v. Orvis* was assigned to serve as her

6    counsel. Mr. Orvis told Ms. Gabor that she had no basis for an appeal. On April 16, 2004, Ms.

7    Gabor filed her own brief, challenging both the jurisdiction of the Superior Court and the right

8    of the City of Campbell and Mr. Seligmann to enforce municipal codes, claiming that the City

9    of Campbell cannot enforce City Codes against privately owned property.

10       On June 25, 2004, and again on August 5, 2004, the Appellate Department denied Ms.

11   Gabor's motions to remove Mr. Orvis as her assigned attorney. Ms Gabor further claimed that

12   she was denied a neutral and detached magistrate by the Appellate Department. Ms. Gabor

13   exhausted her appeals process with the Appellate Department and the Sixth District Court of

14   Appeal denied a review of her claim.

15   **E.    PLAINTIFFS' DECEMBER 2004 COMPLAINT ALLEGING CIVIL RIGHTS**
     **VIOLATIONS IN RELATION TO PLAINTIFFS' PUPPY MILL**

16

17       In December 2004, the Gabors filed yet another complaint arising from the same

18   underlying situation: Case No. CV-04-05230. This time, Plaintiffs included among the named

19   defendants William R. Seligmann, the City of Campbell, Campbell Police Chief David Gullo,

20   Campbell Police Officers Grace Moro and David Mendez, the Silicon Valley Humane Society,

21   the Humane Society President, Christine Berringer, and Tracy Acres in the Northern District of

22   California. Incredibly, the Gabors also named "The United States of America" as a defendant.[7]

23

24

25       [7]  Judge Jeremy Fogel's April 26, 2005 Order stated:

26       "In brief, Plaintiffs John and Kay Gabor allege that they are the victims of a
         widespread conspiracy to persecute them for selling puppies out of their home.
         Plaintiffs also allege that the members of the conspiracy include the City of

27       Campbell, the Campbell Police Department and several of its officers, to City
         Attorney [William R. Seligmann], the Silicon Valley Humane Society and its

28       President, Santa Clara County Superior Court Judges, Defense Counsel in this
         action [and] the Clerk of the Court of the Northern District of California and the
         undersigned [Judge Fogel]."

1    The Gabors' December 2004 lawsuit alleged a multitude of statutory and constitutional

2    violations and other related claims. It alleged claims under 18 U.S.C. §§ 43, 241, 242, 1621,

3    1951, and 1962; 42 U.S.C. §§ 1981, 1983, 1984, 1985, and 1986; 7 U.S.C. § 2131, and 28

4    U.S.C. § 1331 as well as slander, malicious prosecution, assault, intentional infliction of

5    emotional distress, false incarceration of an elderly senior citizen, false accusations,

6    misrepresentation, trial-fixing, a corrupt City of Campbell, and corruption at all levels in the

7    Santa Clara County Court system. The Gabors alleged actual damages in the amount of

8    $89,790.00, demanded eighteen million dollars ($18,000,000.00) in punitive damages, and

9    further demanded that City of Campbell officials be fired with loss of all pensions and benefits.

10    The Court dismissed the Gabors' action with prejudice in its entirety. The District Court

11    dismissed the claims asserted by the Gabors under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. It

12    dismissed the Gabors' claim under 42 U.S.C. § 1984 because that statutory provision had been

13    repealed. It dismissed the RICO claims asserted by the Gabors under 18 U.S.C. § 1962. It also

14    dismissed the Gabors' claims under 18 U.S.C. §§ 43, 241, 242, 1621, 1623, and 1951 on

15    grounds that those statutory provisions do not give rise to a private right of action. It dismissed

16    the Gabors' claim under 7 U.S.C. § 2131 because that statute does not pre-empt state law and

17    dismissed the Gabors' claim under 28 U.S.C. § 1331 because Section 1331 does not provide an

18    independent basis for bringing a constitutional claim. And it dismissed the Gabors' slander

19    claims as barred by the statute of limitations.

20    The Gabors filed a seventy-eight (78) page amended complaint realleging the federal

21    claims that had previously been dismissed with prejudice by the Court, realleging various state

22    law claims, adding new defendants, and adding new claims. The added defendants included

23    Santa Clara County Superior Court Judges, the City of Campbell's defense counsel, a Clerk for

24    the Northern District Court, and Northern District Judge, the Honorable Jeremy Fogel.

25    On October 5, 2005, the Court dismissed the Gabors' action, in its entirety, with prejudice.

26    It dismissed the Gabors' RICO claims as time-barred and also because the Gabors' had failed to

27    demonstrate that they could cure the defects in their RICO claims if given another opportunity

28    to do so. It dismissed the Gabors' civil rights claims as barred by the statute of limitations and

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Motion for Dismissal, etc.                    7                    C 07-04266 RMW (HRL)

1  further found that the Gabors had failed to allege racial discrimination under Section 1981 or

2  the class-based discrimination that would be required to support a claim under Sections 1985

3  and 1986. It dismissed the Gabors' newly added claims and the Gabors' claims against newly-

4  added defendants since those claims and defendants had been added without leave of court and

5  in violation of the Court's April 26, 2005 Order. Finally, the Court dismissed the Gabors' state

6  law claims since it would be inappropriate for the Court to exercise supplemental jurisdiction

7  over state law claims given that the Gabors had failed to allege any viable federal action.

8  Predictably, the Gabors filed an appeal and, on February 26, 2007, the Ninth Circuit

9  affirmed the District Court's dismissal of this action.[8] On March 23, 2007, appellees filed a

10  motion requesting attorneys fees and costs. The Gabors failed to file a timely opposition and,

11  on May 3, 2007, the Court entered an award totaling $19,671.60 against the Gabors. On June

12  11, the Gabor's filed a brief opposing the attorneys fees and costs award and asking, in effect,

13  that the Ninth Circuit treat their "out of time" motion as an untimely motion to reconsider.

14  On August 8, 2007, The Appellate Commissioner filed an order denying the Gabors' late

15  motion for reconsideration or the attorney fee and cost order without prejudice to the Gabors'

16  ability to file a renewed motion within fourteen (14) days accompanied by a formal opposition

17  to the motion for attorneys' fees that had been filed over five months earlier. On August 21,

18  2007, the Gabors filed a brief that the Ninth Circuit construed as a "renewed motion to

19  reconsider and opposition to attorney's fees."

## III.

### THE GABORS' PRESENT ACTION ALLEGING CIVIL RIGHTS VIOLATIONS IN RELATION TO ENFORCEMENT OF LOCAL ORDINANCES PERTAINING TO PLAINTIFF'S "PUPPY MILL"

### A.    THE GABORS' COMPLAINT

24  On August 20, 2007, the Gabors filed yet another complaint alleging essentially the same

25  causes of action they have brought repeatedly against the County of Santa Clara, City of

26  Campbell, and other defendants since 1994. Once again, the alleged basis of the Gabors'

[8] Copies of the Ninth Circuit memorandum order and the Ninth Circuit docket summary for this appeal are attached at Tab 4.

1    Complaint is an alleged "widespread conspiracy" to persecute the Gabors for selling puppies out

2    of their home. The complaint alleges a multitude of constitutional violations and causes of

3    action based on 7 U.S.C. §§ 2131-2159; 18 U.S.C. §§ 666, 1341, 1951, 1962(d); 28 U.S.C. §

4    2679; 42 U.S.C. §§ 1983, 1985(3); and myriad of violations of the 4th, 5th, 7th, and 14th

5    Amendment rights of the United States Constitution.

6        In addition, the present complaint also alleges extortion, theft, invasion of property,

7    embezzlement of federal funds, bribery, trespass, intimidation, robbery, interference with

8    commerce, collection of an unlawful debt, impersonation of a federal employee, making false

9    accusations of fact and law in court, bribery, bribery of judges, kidnaping, racketeering, fraud,

10    "swindle," violence, false arrest [to collect bail bonds], laundering stolen property [to effect a

11    police state], larceny, and "repeated attacks by local predators and members of the culture of

12    corruption in power within Santa Clara County and the State of California" to further the [City

13    of Campbell's and County of Santa Clara's] alliance with "animal enterprises terrorists" to

14    disenfranchise people to make them "subject to the will of terrorists."

15        The Gabors also seek to have a temporary restraining order and preliminary injunction

16    imposed against all Defendants, restraining Defendants and "all those active in concert or

17    participation with" Defendants from violating Plaintiffs' Fourth Amendment rights and from

18    trespassing upon the Plaintiffs' property located at 590 Smokey Court, Campbell, CA 95008.

19    Additionally, the Gabors request an order compelling all Defendants and "those active in

20    concert" with them to cease from threatening, intimidating or interfering with John and Kay

21    Gabor's lawful use of their real and personal property and further from violating California

22    Civil Code section 52.1.

23        The present complaint names twelve (12) defendants including the Santa Clara County

24    Board of Supervisors and the City of Campbell, as well as California Attorney General Edmund

25    Brown[9] and U.S. Attorney for the Northern District of California Scott N. Schools. The

26    Complaint demands damages in the amount of one million dollars ($1,000,000) against each

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

----

[9] On September 12, 2007, the Court entered a stipulation and order dismissing the suit as against California Attorney General Edmund Brown..

1   defendant, consequential damages, attorneys fees and costs, punitive damages, and "any other

2   monetary relief awarded by the jury as they believe" appropriate.

3   **B.    PROCEDURAL HISTORY OF THE PRESENT ACTION**

4        Plaintiffs have never properly served any of the County-affiliated Defendants with a

5   summons and complaint. On August 21, 2007, this Court issued an order denying the Gabors'

6   request for issuance of a temporary restraining order and denying their further request for an

7   order to show cause. As set forth in the Court's Order, the Gabors failed to "demonstrate why

8   this court should issue a temporary restraining order without notice to defendants (or, indeed, to

9   demonstrate any immediate or irreparable harm or any change of success on the merits). On

10  August 27, 2007, in response to additional papers filed by the Gabors, the Court once again

11  denied the Gabors' renewed request for a temporary restraining order and order to show cause.

12       On September 12, 2007, the assistant to the County's defense counsel telephoned the

13  Gabors in order to clear a hearing date for this motion. In response, John Gabor berated defense

14  counsel's assistant for having called him.

15                                          **IV.**

16                                       **ARGUMENT**

17       A claim can be dismissed as a matter of law when there is "(1) a lack of a cognizable legal

18  theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter*

19  *Reynolds, Co.* 749 F.2d 530, 534 (9th Cir. 1984). In the present case, all of the Plaintiffs'

20  claims fail for a lack of cognizable legal theories, insufficient facts, or both. The Complaint

21  fails to state a claim. The allegations of "fact" are altogether missing and what few statements

22  of "fact" are included amongst the rhetoric are inadequately plead, thus rendering the complaint

23  vague, ambiguous and incoherent, comprised of rumor, innuendo and unsupported conclusions

24  rather than statements of fact. Plaintiffs claims are frivolous.

25       Plaintiffs' complaint is full of vague and ambiguous "facts" and assertions, some of which

26  are utterly incomprehensible. Even multiple readings of Plaintiffs' complaint do not clarify

27  what the Gabors are asserting either factually or legally. It is literally impossible to prepare a

28  cognizable response to their incoherent allegations. Accordingly, the County moves to dismiss

1  the Plaintiffs' entire complaint, pursuant to an order to dismiss for failure to state a claim under

2  FRCP 12(b)(6) (failure to state a claim), FRCP 12(e) (vague and ambiguous pleading), and

3  FRCP 9(b) (pleading with particularity in regards allegations of fraud), pursuant to the authority

4  granted this Court by FRCP 41(a)(2). In the alternative, the County requests that the Gabor's be

5  required to file, within ten days, a more definite statement.

6  **A.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM TO STATE A CLAIM UPON
         WHICH RELIEF CAN BE GRANTED [Rule 12(b)(6)]**
7

8      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the

9  sufficiency of a plaintiff's complaint. *North Star Intl'l v. Arizona Corp. Comm'n*, 720 F. 2d

10 578, 581 (9th Cir. 1983). The court "need not accept as true unreasonable inferences,

11 unwarranted deductions of fact, or conclusory allegations in the form of factual allegations."

12 *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996).

13     The Gabors' complaint is comprised of twenty-two pages of undecipherable and

14 conclusory allegations of perjury, conspiracy, and corruption against both local and state

15 government entities and officers. It does not set forth the facts upon which the Gabors'

16 conclusory allegations are based. It does not clearly plead the various claims that the Gabors are

17 asserting. And it does not identify the facts that the Gabors contend support each of their

18 alleged claims against each of the defendants. Without such information, it is impossible for the

19 each of the various Defendants to understand the claims being made against them and the facts

20 alleged in support of such allegations, much less frame a responsive pleading.

21 **B.    PLAINTIFFS SHOULD BE REQUIRED TO FILE A MORE DEFINITE
         STATEMENT BECAUSE PLAINTIFFS' COMPLAINT IS VAGUE AND**
22 **AMBIGUOUS SUCH THAT DEFENDANT CANNOT REASONABLY BE
         REQUIRED TO FRAME A RESPONSIVE PLEADING [Rule 12(e)]**
23

24     Federal Rule of Civil Procedure 12(e) state that "[i]f a pleading to which a responsive

25 pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

26 frame a responsive pleading, the party may move for a more definite statement before

27 interposing a responsive pleading." FRCP 12(e) states that "[i]f the motion is granted and the

28 order of the court is not obeyed with 10 days after further notice of the order or within such

1  other time as the court may fix, the court may strike the pleading to which the motion was

2  directed or make such order as it seems just."

3      FRCP 12(e) requires that the moving party "point out the defects complained of and the

4  details desired." Accordingly, the County assert that Plaintiffs' pleading is: (1) vague as to

5  factual allegations, (2) vague as to legal assertions, and (3) poorly plead to such extent that no

6  reasonable attorney could frame a responsive pleading. Defendant thus requests that the Gabors

7  be ordered to submit an amended complaint that asserts precisely (1) what factual allegations

8  are being made against each Defendant (2) when said allegations arose and/or occurred, and (3)

9  the relationship between each factual allegation and each claim alleged against each Defendant.

10  Moreover, the Gabors, in a more definite statement, should plead facts specifically stating the

11  "conspiratorial objective" and role of each defendant in the "conspiracy" that they allege.

12  **C.    PLAINTIFFS' COMPLAINT FAILS TO STATE WITH PARTICULARITY THE
        CIRCUMSTANCES ALLEGEDLY CONSTITUTING FRAUD [FRCP 9(B)]**

13

14      FRCP 9(b) requires that the circumstances constituting fraud or mistake shall be stated

15  with particularity. It requires that "[i]n all averments of fraud or mistake, the circumstances

16  constituting fraud or mistake shall be stated with particularity." Plaintiffs' complaint alleges,

17  amongst other things, that Defendant County purchased property with "bad checks"; "falsely

18  represented that owning and breeding of dogs and cats was a criminal activity"; and "defrauded

19  citizens of property by fraudulent conveyance[s]."

20      The complaint does not comply with the pleading requirements for fraud. Not only have

21  the Gabors failed to adequately allege that the elements of a fraud claim have been met, but it is

22  impossible to determine from the Complaint even what the alleged events were that the Gabors

23  contend constituted fraud. Accordingly, the Gabors' fraud allegations and claims should be

24  dismissed. Moreover, because the various claims alleged by the Gabors are unclear, but all

25  purportedly allege conspiracy to commit fraud, the entire complaint should be dismissed for

26  failing to comply with the pleading requirements set forth in FRCP 9(b).

27  / / /

28  / / /

1

**V.**

2

**OPPOSITION TO PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING
ORDER AND PRELIMINARY INJUNCTION**

3

4       By Orders dated August 21, 2007 and August 27, 2007 the Court has already denied

5   Plaintiffs' requests for a temporary restraining order and order to show cause. Plaintiffs'

6   request for a preliminary injunction should also be denied.

7       The Ninth Circuit has formulated two tests for evaluating requests for preliminary

8   injunctive relief. *Paisa v. N & G Auto, Inc.*, 980 F.Supp. 1009, 1012 (C.D.CA. 1996). Under

9   the traditional test, "a court may issue a preliminary injunction if it finds that (1) the [moving

10  party] will suffer irreparable injury if injunctive relief is not granted; (2) the [moving party] will

11  probably prevail on the merits; (3) in balancing the equities [non-moving party] will not be

12  harmed more than the [moving party] is helped by the injunction; and (4) granting the

13  injunction is in the public interest." *Stanley v. University of Southern California*, 13 F.3d 1313,

14  1319 (9th Cir. 1994).

15      Under the alternative test, "a court may issue a preliminary injunction if the moving party

16  demonstrates either a combination of probable success on the merits and the possibility of

17  irreparable injury or that serious questions are raised and the balance of hardships tips sharply in

18  [its] favor." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 674-75 (9th Cir.1984). "Under the

19  last part of this alternative test, even if the balance of hardships tips decidedly in favor of the

20  moving party, it must be shown as an irreducible minimum that there is a fair chance of success

21  on the merits." *Id.*

22      Here, the Gabors seek to enjoin all named Defendants and "those active in concert" with

23  Defendants from: (1) violating Plaintiffs' Fourth Amendment rights; (2) "trespassing" on

24  Plaintiffs' property located at 590 Smokey Court, Campbell, CA 95003; (3) threatening,

25  intimidating, and interfering with John and Kay Gabor's "lawful" use of their real and personal

26  property [dogs]; and (4) violating California Civil Code section 52.1. Plaintiffs have not,

27  however, alleged any relevant facts to assert that such "violations" have ever occurred or to

28  establish that any such alleged violations will occur in the future, much less that there is any

1    imminent danger of irreparable harm. Plaintiffs have not demonstrated – and cannot

2    demonstrate – either any imminent danger of immediate harm or a reasonable likelihood of

3    success on the merits. Moreover, it is unclear precisely what "status quo" the plaintiffs seek to

4    preserve, other than their belief that no governmental authority may be exercised regarding

5    activities at their residence. Finally, the hardships, if any, balance in Defendants' favor. The

6    County of Santa Clara and City of Campbell have statutory obligations to provide for the public

7    health and safety of all citizens within their purview. Consequently, issuance of a preliminary

8    injunction would be contrary to the public interest. Accordingly, the County respectfully

9    requests that Plaintiffs' application for a preliminary injunction be <u>denied</u>.

10                                            **VI.**

11   **MOTION TO DECLARE PLAINTIFFS, JOHN AND KAY GABOR, VEXATIOUS**
     **LITIGANTS IN RELATION TO CLAIMS MADE AGAINST THE COUNTY OF**
12   **SANTA CLARA AND COUNTY-AFFILIATED PARTIES, ARISING FROM THE**
     **OPERATION OF GABOR'S PUPPY MILL IN THEIR HOME**
13

14       In *Molski v. Mandarin Touch Restaurant*, the District Court, in determining that the

15   Plaintiff therein was a vexatious litigant, applied the five factors set forth in *Safir v. United*

16   *States Lines, Inc.*, 792 F.2d 19, 24 (2d. Cir. 1986). Those factors are: (1) the litigant's history of

17   litigation, and in particular whether is entailed vexatious, harassing, or duplicative suits; (2) the

18   litigant's motive in pursuing the litigation, for example, whether the litigant had a good faith

19   expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the

20   litigant has caused unnecessary expense to the parties of placed the courts and other parties.

21   *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 868 (C.D.Cal.2004) *aff'd* 2007 U.S.

22   App. Lexis 20966 (9th Cir. 2007)("*Molski*").

23       In holding *Molski* to be a vexatious litigant, the Court noted that his extensive history of

24   litigation and use of boilerplate complaints indicates an intent to harass defendants into agreeing

25   to cash settlements. *Id.* at 864. The District Court's reasoning made clear that the most

26   important consideration was its specific finding that the allegations in *Molski's* numerous and

27   similar complaints were "contrived and not credible." *Id.*

28   / / /

1   While the specific facts of *Molski* are readily distinguishable from the various complaints

2   and suits brought against the Santa Clara County and the City of Campbell by the Gabors, the

3   underlying rationale for declaring the focus to be vexatious litigants is identical: both *Molski*

4   and the Gabors brought repeated bad faith claims which were contrived and not credible.

5   Moreover, like *Molski* the Gabors have demonstrated that their predominate intent is to harass

6   the defendants.

7   **A.    APPLICATION OF THE FIVE (5) SAFIR FACTORS TO THE LITIGATION
        HISTORY OF THE GABORS CLEARLY DEMONSTRATES THAT THE
8       GABORS SHOULD BE DECLARED VEXATIOUS LITIGANTS**

9       1.    Factor One: The Gabors' History of Litigation and in Particular Whether it
              Entailed Vexatious, Harassing, or Duplicative Suits.
10

11      John and Kay Gabor have an extensive history, dating back to 1994, of bringing baseless

12   civil rights claims against the County of Santa Clara and the City of Campbell. Further,

13   Plaintiffs have a history of naming twenty (20) or more defendants in their lawsuits the majority

14   of whom are afforded immunity in their official capacities. Plaintiffs are always *in pro per*,

15   bring the same, or substantially similar claims against the same, or substantially similar

16   "defendants", and ultimately always lose, often again on appeal, via an order for dismissal with

17   prejudice as to all twenty-plus (20+) defendants.

18      Since 1994, the Gabors have filed five (5) nearly-identical complaints against nearly the

19   identical or substantially similar defendants. Each and every time the Gabors' claims arise from

20   a) the efforts of municipal agencies to enforce local health, safety, and humane society rules and

21   regulations in relation to the illegal "puppy mill" that the Gabors run out of their home; and/or

22   b) efforts to enforce the terms of Kay Gabor's probation related to her 2000 conviction for

23   violating numerous City of Campbell municipal ordinances regarding the breeding, boarding,

24   and selling of animals.

25      2.    Factor Two: The litigant's Motive in Pursuing the Litigation.

26      The Gabors' complaint asserts that "property taxes relieve owners of any duty to the

27   [S]tate or their neighbors." Accordingly, the Gabors' intent, as stated by them, is to force the

28   County of Santa Clara and the City of Campbell to succumb to the Gabors' belief that it is

1    unconstitutional, and thus a violation of their "civil rights", for the City or County to exercise

2    any form of authority over the Gabors' residence and in particular, in regards to the Gabors'

3    illegal operation of a "puppy mill" out of their home. The Gabors' motive in pursuing this

4    litigation is to harass both the County of Santa Clara and the City of Campbell in an effort to

5    force them to capitulate to the Gabors' belief that no governmental authority may be exercised

6    over their home located on 590 Smokey Court in Campbell.

7         3.    Factor Three: Whether the Litigant is Represented by Counsel.

8         All of the Gabors' suits in this District Court have been brought in *propria persona.*

9    Courts are generally protective of *pro se* litigants. *Molski, supra,* 347 F.Supp 2d at 866.

10   However, the reason that the Gabors have routinely filed *in pro per* is clear – no duly licensed

11   attorney could or would put forth the allegations contained in the Gabors' repeated and

12   duplicative lawsuits for fear of being sanctioned by the Court and/or disciplined by the bar.

13   Accordingly, this factor, which presumptively favors *pro se* litigants, should be deemed to

14   weigh in favor of perennial defendants City of Campbell and the County of Santa Clara given

15   the unique circumstances presented by the Gabors' lengthy history of repeatedly relitigating

16   these same frivolous claims.

17        4.    Factor Four: Whether the Litigant has Caused Unnecessary Expense to the
              Parties or Placed a Needless Burden on the Courts.

18

19        The Gabor's have now filed five (5) separate, yet nearly identical lawsuits against a total

20   of one hundred and one (101) (occasionally duplicated) defendants. Many of these defendants

21   have been named in all, if not the majority, of the Gabor complaints, forcing them to expend

22   countless hours, resources and attorneys fees to defend themselves from baseless complaints

23   with respect to the County and County-affiliated defendants. This has meant the expenditure of

24   thousands of taxpayer dollars and countless hours of time defending these suits

25        Furthermore, the Gabors, routine and baseless appeals from the District Court's dismissals

26   of their duplicative lawsuits have resulted in expenditure by the Courts of countless hours of

27   calendar time and thousands of taxpayer dollars to dispose of frivolous appeals taken from

28   dismissal of the duplicative and unmeritorious claims repeatedly filed by the Gabors.

1     Additionally, by naming Judges and Court Clerks as Defendants in prior lawsuits and by

2  claiming that every judge is "on the take" as part of an alleged conspiracy, the Gabors have

3  repeatedly created situations wherein Judges and Magistrates have been compelled to recuse

4  themselves from the Gabors' lawsuits and have further caused the expenditure of tremendous

5  quantities of public time and resources.

6          5.      Factor Five: Whether Other Sanctions Would be Adequate to Protect the Courts
                   and Other Parties.
7

8     The Court's prior award of over nineteen thousand dollars ($19,000.00) in sanctions

9  against the Gabors for their last similar lawsuit failed to deter the Gabors from attempting to

10  once again relitigate their duplicative and frivolous claims.  Accordingly, sanctions are not an

11  adequate remedy to protect the Courts and other parties.

12     The County respectfully requests that the Gabors be declared vexatious litigants and be

13  required to first obtain leave of this Court prior to filing another claim against the County and/or

14  County-affiliated defendants stemming from the enforcement of local health, safety and humane

15  society rules and regulations pertaining to the Gabors' breeding and selling of animals form

16  their residence.

17                                      **VII.**

18                                   **CONCLUSION**

19     For the reasons set forth above, the County respectfully requests that: (1) the Gabors' case

20  be dismissed, with prejudice, as to all Defendants, for failure to state a claim upon which relief

21  can be granted pursuant to FRCP 12(b)(6); (2) In the alternative, that Plaintiffs be required to

22  present a more definitive statement pursuant to FRCP 12(e), and if they fail to do so within ten

23  (10) days after such notice, that this Court strike all of their pleadings; and/or, (3) In the

24  alternative, that the Gabors be required to plead, with particularity, all circumstances

25  constituting the alleged fraudulent behavior of Defendants, pursuant to FRCP 9(b).

26     Further, Defendant County respectfully requests that the Gabors' request for a preliminary

27  injunction be denied for the reasons set forth above.

28     Finally, Defendant County respectfully requests that this Court declare the Gabors to be

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Motion for Dismissal, etc.                    17                    C 07-04266 RMW (HRL)

1    vexatious litigants and require them to obtain leave of this Court prior to attempting to file

2    further suits against the County of Santa Clara and County-affiliated parties.

3    Dated: September 13, 2007                      Respectfully submitted,

4                                                   ANN MILLER RAVEL
                                                    County Counsel
5

6                                          By:      _____/S/_____
                                                    MARCY L. BERKMAN
7                                                   Deputy County Counsel

8                                                   Attorneys for Defendant
                                                    COUNTY OF SANTA CLARA
9                                                   (ERRONEOUSLY SUED AS COUNTY
                                                    OF SANTA CLARA BOARD OF
10                                                  SUPERVISORS)

11   94980 wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TAB 1



For Legal Professionals

http://caselaw.findlaw.com

# U.S. 9th Circuit Court of Appeals

## GABOR v FRAZER

JOHN GABOR and KAY GABOR,

Plaintiffs-Appellants,


v.


MICHAEL S. FRAZER; SANTA CLARA

VALLEY HUMANE SOCIETY; STATE

BOARD OF EQUALIZATION; STEVE

GIBBONS; AMERICAN KENNEL CLUB,

INC., aka AKC; FRANCHISE TAX

BOARD; FRED BERKEY; JOHN

CORNELIUS; CYNTHIA K. WRIGHT;

PAUL R. FIRLING, AKC; MAXINE

PATTON; ANDREA SAN PHILLIPO;

RITA PERKO; RICK LAMPS,

Defendants-Appellees.

No. 94-1713

D.C. No.

CV-94-20617

ORDER

**Filed March 7, 1996**

Before: Stephen Reinhardt, David R. Thompson and Diarmuid F. O'Scannlain,
Circuit Judges.

## COUNSEL

John and Kay Gabor, Campbell, California, in pro se for the plaintiffs-appellan

Dennis B. Kavanagh, Law Offices of Alton M. Chambliss, San Francisco,
California, for defendant-appellee, Andrea San Phillipo. Jeffrey R. Kurtock,
Lewis, D'Amato, Brisbois & Bisgaard, San Francisco, California, for defendan
appellees, American Kennel Club and Paul Firling.

Philip A. Torre, San Francisco, California, for defendantappellee, Rita Perko.

Stephen D. Pahl, Pahl & Gosselin, San Jose, California, for defendant-appellee
Maxine Patton.

Paul D. Gifford, Deputy Attorney General, Oakland, California, for defendant
appellees, California State Board of Equalization, California Franchise Tax Bo
Fred Berkey, John Cornelius and Cynthia Wright (Vance).

Jacquelyn K. Wilson, Gassett, Perry & Frank, San Jose, California, for
defendants-appellees, Humane Society of Santa Clara Valley and Michael Fra:

## ORDER

In a separately filed memorandum, we addressed the merits of appellants John
Kay Gabors' (Gabors) appeal. Specifically, we affirmed the district court's
dismissal of their complaint with prejudice. In this order, we address the appel
requests for attorney fees and costs, pursuant to Federal Rule of Appellate
Procedure 38 (1994).

Appellees Andrea San Phillipo, Rita Perko, Maxine Patton, and the Santa Clar
Valley Humane Society request an award of attorney fees and costs, contendin
the Gabors' appeal is frivolous. The appellees request these fees only in their

appellate briefs and not in a separately filed motion.

The 1994 amendment to Federal Rule of Appellate Procedure 38 permits an av
under this rule only "after a sepa rately filed motion or notice from the court ar
reasonable opportunity to respond." 1 The advisory committee notes to this
amendment state that a request for sanctions in a party's appellate brief does n(
provide sufficient notice to the opposing party. Id., Advisory Committee Note:
Accordingly, the appellees' request for an award of attorney fees under Rule 3:
DENIED without prejudice to the appellees requesting such an award of fees a
costs in a separately filed motion.

## Footnotes

[ Footnote 1 ] After the 1994 amendment, Rule 38 provides:

> If a court of appeals determines that an appeal is frivolous, it may, after a
> separately filed motion or notice from the court and reasonable opportuni
> respond, award just damages and single or double costs to the appellee.

Fed. R. App. P. 38. the end

---

Company | Privacy Policy |
Disclaimer                    Copyright © 1994-2007 FindLaw

# TAB 2

Search for Case | View-Print Full Docket                    Help

If you view the full docket online, you will
be charged for        10 Pages      $
                                    0.80

# US Court of Appeals for the Ninth Circuit
# Case Summary

Court of Appeals Docket #: 96-17088
Nsuit: 2410  Antitrust (USdf)
Gabor, et al v. Board of Equalizatio, et al
Appeal from: Northern District of California (San Jose)

Lower court information:
        District: 0971-5 : CV-96-20324-RMW(EAI)
        presiding judge: Ronald M. Whyte, District Judge

| | |
|---|---|
| 6/5/97 | Screening letter sent. [96-17088] (th) |
| 6/10/97 | Received Appellee American Kennel Club res screening letter: case can be resolved wit argument. (to STAFF)  [96-17088] (hh) |
| 6/12/97 | Received Appellant John Gabor, Appellant K to screening letter: request for oral argu [96-17088] (hh) |
| 7/14/97 | SUBMITTED TO SCREENING PANEL 269. ( Oral) [96-17088] (th) |
| 7/21/97 | FILED MEMORANDUM OPINION: AFFIRMED ( Termi Merits after Submission Without Oral Heari Written, Unsigned, Unpublished.  Procter R KOZINSKI;  Edward LEAVY, author. ) FILED A JUDGMENT.  [96-17088] (hh) |
| 8/4/97 | [3278834] Filed original and 3 copies Appe Appellant Kay Gabor petition for rehearing served on 8/4/97 (to STAFF)   [96-17088] |
| 8/8/97 | Rec'd notice of substitution of attys: sub Huber-Samuelson, apc, in place of Gassett, for aples Humane Society and Michael S. Fr |

|          |                                                                                                                    |
|----------|--------------------------------------------------------------------------------------------------------------------|
|          | 8/7/9&  [96-17088]  (hh)                                                                                            |
| 8/28/97  | Filed order ( Procter R. HUG, Alex KOZINSK ): The petition for rehearing is DENIED.                                |
| 9/5/97   | MANDATE ISSUED [96-17088]  (hh)                                                                                    |
| 9/22/97  | Received Appellee American Kennel Club bil served on 9/19/97 (late, need motion) Noti [96-17088]  (hh)             |
| 9/30/97  | Received Appellee Humane Society bill of c served on 9/24/97 (deficient: late, need m counsel.  [96-17088]  (hh)  |
| 3/1/01   | RECORD RETURNED. (See control card for det                                                                        |

| PACER Service Center |                |              |              |
|----------------------|----------------|--------------|--------------|
| Transaction Receipt  |                |              |              |
| 09/11/2007 17:36:16  |                |              |              |
| PACER Login:         | sc0575         | Client Code: |              |
| Description:         | dkt summary    | Case Number: | 96-17088     |
| Billable Pages:      | 1              | Cost:        | 0.08         |

# TAB 3

Search for Case | View-Print Full Docket

Help

If you view the full docket online, you will be charged for 5 Pages $ 0.40

## US Court of Appeals for the Ninth Circuit
## Case Summary

Court of Appeals Docket #: 96-17289
Nsuit: 3440  Other civil rights (Fed)
Gabor, et al v. Ferriera, et al
Appeal from: Northern District of California (San Jose)

Lower court information:
     District: 0971-5 : CV-96-20470-RMW
     presiding judge: Charles R. Weiner, Hon.

| | |
|---|---|
| 12/18/96 | Received pro se Appellant Civil Appeals Do Statement, (MOOT; PRO SE APPEAL)    [96-1 (em) [96-17289] |
| 1/21/97 | Filed original and 15 copies Appellants' o Informal: y) 12 pages five excerpts of rec served on 1/20/97  [96-17289, 96-17306] (e [96-17289 96-17306] |
| 2/3/97 | Filed original and 15 copies appellees' 13 served on 2/3/97  [96-17289] (em) [96-1728 |
| 3/5/97 | Filed certified record on appeal in 1 Vols Clerks Rec (orig) and one oversized docume [96-17289] |
| 4/11/97 | Calendar check performed [96-17289] (th) [ |
| 5/8/97 | Screening letter sent. [96-17289] (th) [96 |
| 9/22/97 | SUBMITTED TO SCREENING PANEL 271. ( Oral) [96-17289] (th) [96-17289] |
| 9/24/97 | FILED MEMORANDUM OPINION: AFFIRMED ( Termi Merits after Submission Without Oral Heari Written, Unsigned, Unpublished.  Cynthia H |

BRUNETTI, author;  Sidney R. THOMAS. ) FIL
JUDGMENT.   [96-17289] (sa) [96-17289]

10/6/97          [3317467] Filed original and 3 copies App
                 Christopher Gabor in 96-17289 petition for
                 p.pages, served on 10/6/97 STAFF    [96-17
                 [96-17289]

1/8/98           Filed order ( Cynthia H. HALL, Melvin BRUN
                 THOMAS, ): The petition for rehering is de
                 (em) [96-17289]

1/16/98          MANDATE ISSUED [96-17289] (em) [96-17289]

9/17/99          RECORD RETURNED. (See control card for det
                 [96-17289]

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/11/2007 17:36:38 | | | |
| PACER Login: | sc0575 | Client Code: | |
| Description: | dkt summary | Case Number: | 96-17289 |
| Billable Pages: | 1 | Cost: | 0.08 |

Search for Case | View-Print Full Docket    Help

If you view the full docket online, you will be charged for 5 Pages    $ 0.40

# US Court of Appeals for the Ninth Circuit
# Case Summary

```
Court of Appeals Docket #: 96-17306
Nsuit: 3440   Other civil rights (Fed)
Gabor, et al, et al v. Ferriera, et al, et al
Appeal from: Northern District of California (San Jose)

Lower court information:
     District: 0971-5 : CV-96-20470-RMW
     presiding judge: Ronald M. Whyte, District Judge
```

| | |
|---|---|
| 12/20/96 | DOCKETED CAUSE AND ENTERED APPEARANCE OF A SE AND COUNSEL FOR APPELLEES. CADS SENT (Y schedule is as follows: aplts' designation 10/17/96; aples' designation of RT is due shall order transcript by 11/6/96; court r file transcript in DC by 12/9/96; certific shall be filed by 12/16/96; aplts' opening 1/23/97; aples' is due 2/24/97; aplts' rep 3/10/97. [96-17306] (jr) [96-17306] |
| 1/21/97 | Filed original and 15 copies Appellants' o Informal: y) 12 pages five excerpts of rec served on 1/20/97 [96-17289, 96-17306] (e [96-17289 96-17306] |
| 1/29/97 | Order filed:  A review of the record demon ct lacks jurisdiction over this appeal bec challenged in the appeal is not final or a  Consequently, this appeal is dismissed fo jurisdiction. ( Procedurally Terminated Af Judicial Action; Jurisdictional Defects. D O'SCANNLAIN;  Edward LEAVY;  Andrew J. KLE [96-17306] (mhf) [96-17306] |
| 2/10/97 | Filed Appellants "Petition for rehearing, for reconsideration; [96-17306] served on |

[96-17306]  (mhf)  [96-17306]

4/11/97          Filed order ( Diarmuid F. O'SCANNLAIN, Edw
                 J. KLEINFELD, ): Aplt's mtn for re on of t
                 dismissing this appeal is construed as a m
                 modification, & is granted to the followin
                 1/29/97 order is amended to reflect that t
                 dismissed as duplicative of appeal 96-1728
                 in the 1/29/97 order indicating this appea
                 for lack of jurisdiction is stricken.  [96
                 [96-17306]

5/9/97           MANDATE ISSUED [96-17306]  (mhf)  [96-17306]

9/17/99          NO ORIGINAL RECORD (stev) [96-17306]

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/11/2007 17:37:42 | | |
| PACER Login: | sc0575 | Client Code: | |
| Description: | dkt summary | Case Number: | 96-17306 |
| Billable Pages: | 1 | Cost: | 0.08 |

TAB 4

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

---

| | |
|---|---|
| JOHN GABOR; et al., | No. 05-17295 |
| Plaintiffs - Appellants, | D.C. No. CV-04-05230-JF |
| v. | |
| SELIGMANN, in his official and individual capacity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeremy Fogel, District Judge, Presiding

Submitted February 20, 2007[**]

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

John and Kay Gabor appeal pro se from the district court's order dismissing

their action alleging various state and federal claims in connection with their arrest

and prosecution for violating city ordinances regulating the breeding of animals

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and related activities without permits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1388 (9th Cir. 1987). We review the denial of a recusal motion for an abuse of discretion. *U.S. v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986).

The Gabors contend that the judge abused his discretion by failing to recuse himself after the Gabors named him as a defendant in their amended complaint. We disagree. *See Ronwin v. State Bar of Arizona,* 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin,* 466 U.S. 558 (1984) ("[A] judge is not disqualified merely because a litigant sues or threatens to sue him.... Such an easy method for obtaining disqualification should not be encouraged or allowed.") (internal quotation marks and citations omitted); *see also U.S. v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986) (the alleged prejudice warranting recusal "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.") (citation omitted).

2

The Gabors also contend that the district court allowed the defendants in the underlying action to "ghost-write" the district court's opinions. This contention is not supported by the record.

Contrary to the Gabors' contentions, defendants were entitled to file a motion to dismiss in lieu of an answer. *See* Fed. R. Civ. P. 12(b).

Because the district court properly dismissed the Gabors' action for failure to state a claim, the Gabors had no right to a jury trial.

Finally, the Gabors waived any arguments challenging the district court's dismissal of their claims by failing to raise them in their appellate brief. *See Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir. 1988).

_____Appellees' request for fees and costs is denied without prejudice to filing a proper motion pursuant to Fed. R. App. P. 38.

**AFFIRMED.**

3

Search for Case ; View-Print Full Docket Help

If you view the full docket online, you will be charged for 8 Pages $ 0.64

# US Court of Appeals for the Ninth Circuit
# Case Summary

Court of Appeals Docket #: 05-17295
Nsuit: 2440  Other civil rights (USdf)
Gabor, et al v. Seligmann, et al
Appeal from: Northern District of California (San Jose)

Lower court information:
        District: 0971-5 : CV-04-05230-JF
        presiding judge: Jeremy Fogel, District Judge

3/9/07          Filed Appellee Seligmann bill of costs, se
                TOTAL: $398.55 with supporting statement r
                should be taxed.  [05-17295] (gar)

3/23/07         Filed Seligmann motion to for attorney(s)'
                amount of $19,460.00 and double costs in t
                $797.10 [05-17295] served on 3/23/07 [6127
                COMMISSIONER 4/23/07 (gar)

4/20/07         MANDATE ISSUED. Costs are taxed against ap
                $211.60. [05-17295] (hh)

5/3/07          Filed order (Staff Attorney/Deputy Clerk:
                motion of appellees William R. Seligmann,
                Grace Moro, David Mendez, Mark S. Collins,
                Schlothauer, City of Campbell, and Campbel
                Department, for attorney's fees and double
                to Federal Rule of Appellate Procedure 38,
                Attorney's fees in the amount of $19,460 a
                costs of $211.60, for a total award of $19
                awarded in favor of appellees William R. S
                Gullo, Grace Moro, David Mendez, Mark S. C
                Schlothauer, City of Campbell, and Campbel
                Department and against appellants John Gab
                See 9th Cir. R. 39-1.6; 9th Cir. Gen. Orde
                A,  50. A copy of this order sent to the

shall serve to amend this court's mandate.

6/11/07        Received Appellant John Gabor, Appellant K
               motion to reconsider 5/3/07 order of the C
               2/26/07 memorandum [05-17295] ; served on
               [6202152]STAFF [05-17295] (gar)

8/8/07         Filed order (Appellate Commissioner) Appel
               motion for reconsideration of the court's
               is denied without prejudice to renewal wit
               accompanied by a response to the motion fo
               filed March 23, 2007. [6202152-1]  (Ap.Com

8/21/07        Filed Appellant John Gabor, Appellant Kay
               brief oppose lawyers fees, construed to be
               reconsider and opposition to atty's fees.
               on 8/21/07 [6267483] APPELLATE COMMISSIONE

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/11/2007 17:33:01 | | |
| **PACER Login:** sc0575 | **Client Code:** | |
| **Description:** dkt summary | **Case Number:** | 05-17295 |
| **Billable Pages:** 1 | **Cost:** | 0.08 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**PROOF OF SERVICE BY MAIL**

*John Gabor and Kay Gabor v. County of Santa Clara Board of Supervisors, et al.*

Case No.: C 07-04266 RMW (HRL)

I, Alexandra K. Weight, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **MOTION FOR DISMISSAL [FRCP 12(b)(6)]; MOTION FOR MORE DEFINITE STATEMENT and MOTION TO STRIKE PLAINTIFFS' PLEADING [FRCP 12(e)]; OPPOSITION TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [FRCP 65]; MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT REDUNDANT CLAIMS AGAINST DEFENDANTS (Vexatious Litigant)** by placing said copy in an envelope addressed to:

John and Kay Gabor                         Timothy J. Schmal, Esq.
590 Smokey Court                           Burleigh E. Sabin, Esq.
Campbell, CA 95008-3717                    BURTON, VOLKMANN & SCHMAL, LLP
                                           133 Mission Street, Suite 102
                                           Santa Cruz, California 95060

which envelope was then sealed, with postage fully prepaid thereon, on **September 13. 2007**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **September 13, 2007**, at San Jose, California.

_____
Alexandra K. Weight

95028.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California