# United States District Court

_____ NORTHERN _____ DISTRICT OF _____ CALIFORNIA _____

JOHN GABOR AND KAY GABOR, REAL PROPERTY
            Plaintiffs,

## SUMMONS IN A CIVIL CASE

v.

BOARD OF EQUALIZATION;STATE OF CALIFORNIA;JOHN KLEHS;
DEAN ANDAL;BRAD SHERMAN;BURTON W. OLIVER;LES SORENSON; JANICE
MASTERSON;DONALD J. HENNESSY;GLENN BYSTROM;GARY JUGUM;DAVID H. LEVINE;
REX HALVERSON;PATTY WOOD;J.W.CORNELIUS;RACHEL M. ARAGON;MARY ANN STUMPF;
KIMBERLY PERALTA;LEE COPELAND in their official and individual capacity;
COUNTY OF SANTA CLARA;STEPHEN GIBBONS;GEORGE KENNEDY;U.S.A. MICHAEL YAMAGUCHI;
SAM FARR;DAN GLICKMAN; U.S.A.G.JANET RENO;AMERICAN KENNEL CLUB, INC.;JEFFREY KURIOCK;
HUMANE SOCIETY OF SANTA CLARA VALLEY,INC.;CHRISTINE ARNOLD;MIKE REILLY;CAPTAIN MICHAEL S. FRAZER et al.

CASE NUMBER: **C - 96 20324 JW**

**PVT**

TO: (Name and address of defendant)

**Stephen Gibbons** in his official capacity and in his individual capacity
Assistant District Attorney
70 W. Hedding Street
San Jose, CA. 95110-1705

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

    **John Gabor and Kay Gabor, In Pro Per**
       **590 Smokey Court**
       **Campbell, California 95008**

an answer to the complaint which is herewith served upon you, within _____ **20** _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

APR 2 5 1996

CLERK                            DATE

_Margaret Hulstead-Shук_

(BY) DEPUTY CLERK

**EXHIBIT 7**

1  JOHN GABOR AND KAY GABOR, REAL PROPERTY
   590 Smokey Court
2  Campbell, California 95008
   (408) 378-4326
3  ********************************
   IN THEIR OWN STEAD
4

5

6

7                      UNITED STATES DISTRICT COURT

8               FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE FACILITY

10 JOHN GABOR AND KAY GABOR, REAL PROPERTY,  )    CASE NO._____
                                            )
11            Plaintiffs,                    )
                                            )    GABOR TITLE 18 & 42 CIVIL
12       vs.                                 )    COMPLAINT, DECLARATION OF CLAIMS,
                                            )    MEMORANDUM OF POINTS & AUTHORITIES
13 BOARD OF EQUALIZATION in its official     )    EXHIBITS IN SUPPORT OF CLAIMS
   capacity; STATE OF CALIFORNIA; JOHAN KLEHS)
14 in his official capacity and his individual)   DEMAND FOR JURY TRIAL
   capacity; DEAN ANDAL in his official      )
15 capacity and in his individual capacity;  )
   BRAD SHERMAN in his official capacity and )
16 his individual capacity; BURTON W. OLIVER )
   in his official capacity and in his       )
17 individual capacity; LES SORENSEN in his  )
   official capacity and in his individual   )
18 capacity; JANICE MASTERSON in her official)
   capacity and in her individual capacity;  )
19 DONALD J. HENNESSY in his official capacity)
   and in his individual capacity; GLENN     )
20 BYSTROM in his official capacity and in his)
   individual capacity; GARY JUGUM in his    )
21 official capacity and in his individual    )
   capacity; DAVID H. LEVINE in his official  )
22 capacity and in his individual capacity;   )
   REX HALVERSON in his official capacity and)
23 in his individual capacity;PATTY WOOD in   )
   her official capacity and in her individual)
24 capacity; J.W.CORNELIUS in his official    )
   capacity and in his individual capacity;   )
25 RACHEL M. ARAGON in her official capacity  )
   and in her individual capacity;MARY ANN    )
26 STUMPF in her official capacity and in her )
   individual capacity; KIMBERLY PERALTA in   )
27 her official capacity and in her individual )
   capacity; LEE COPELAND in his official     )
28 capacity and in his individual capacity;   )

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page_1__ of_5|__

1 │ COUNTY OF SANTA CLARA in its municipal capacity)
  │ Assistant District Attorney STEPHEN GIBBONS in )
2 │ official capacity and in his individual capacity
  │ District Attorney GEORGE KENNEDY in his official
3 │ capacity and in his individual capacity; U.S.  )
  │ ATTORNEY N. CAL. MICHAEL YAMAGUCHI in his        )
4 │ official capacity and in his individual capacity
  │ Congressman SAM FARR in his legislative capacity
5 │ and in his individual capacity; U.S.D.A.         )
  │ SECRETARY DAN GLINKMAN in his official capacity)
6 │ and in his individual capacity; U.S. ATTORNEY  )
  │ GENERAL JANET RENO in her official capacity and)
7 │ in her individual capacity; AMERICAN KENNEL CLUB,
  │ INC. in its corporate capacity; JEFFREY KURTOCK
8 │ in his judicial capacity as A.K.C. judge,in his)
  │ official capacity as corporate counsel (Calif.))
9 │ for A.K.C.,INC. and in his individual capacity;)
  │ HUMANE SOCIETY OF SANTA CLARA VALLEY in its      )
10│ corporate capacity; CHRISTINE ARNOLD in her      )
  │ corporate capacity as managing director HSSCV   )
11│ and in her individual capacity; MIKE REILLY in )
  │ his corporate capacity as a officer of HSSCV,  )
12│ INC. and in his corporate capacity as a officer)
  │ of A.K.C., INC. and in his individual capacity;)
13│ Captain MICHAEL S. FRAZER, State Humane Officer)
  │ #1 in his official capacity a OFFICER OF U.S.  )
14│ DEP'T. of JUSTICE FOR JANET RENO, in his official
  │ capacity as a OFFICER OF THE STATE OF CALIFORNIA
15│ FOR DANIEL LUNGREN, in his official capacity for
  │ delegate SECRETARY OF U.S.D.A. WESTERN SECTOR  )
16│ in his official capacity as legislative assistant
  │ for CONGRESSMAN SAM FARR and special investigator
17│ for DEP'T. OF COMMERCE and in his individual  )
  │ capacity; DOES 1-1,000 as their identities and )
18│ capacity becomes known.                          )
  │                                                  )
19│                   Defendants.                    )
  │                                                  )
  │                                                  )
20│ _____)

21│ Federal Rules Civil Procedure 1995
  │ **Rule 7. Pleadings Allowed; Form of Motions**
22│ **(a) Pleadings.** There shall be a complaint and an answer; a reply to a counter-
  │ claim denominated as such: an answer to a cross-claim, if the answer contains a
23│ cross-claim; a third-party complaint, if a person who was not an original party
  │ is summoned under the provisions of Rule 14; and a third-party answer, if a
24│ third-party complaint is served. No other pleading shall be allowed, except that
  │ the court may order a reply to an answer or a third-party answer.
25│       . . . .
  │ **(c) Demurrers, Pleas, Etc., Abolished.** Demurrers, pleas, and exceptions for
26│ insufficiency of pleading shall not be used.
  │     (As amended Dec. 27,1946, eff. Mar. 19,1948; Jan. 21,1963, eff. July 1, 1963;
27│     Apr. 28,1983, eff. Aug. 1983.)

28│

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page  2 of  51

| SECTION | TABLE OF CONTENTS | page # |
|---|---|---|
| 1 | Federal Rules of Civil Procedure Rule 7(a) and (c) | 1 |
| 2 | INTRODUCTION | 3 |
| 3 | DEMAND FOR JURY TRIAL | 4 |
| 4 | JURISDICTION | 4 |
| 5 | VENUE | 5 |
| 6 | DEFENDANTS | 6 |
| 7 | PLAINTIFFS STANDING UNDER R.I.C.O. | 6 |
| 8 | I. FIRST CAUSE OF ACTION | 7 |
| 9 | II. SECOND CAUSE OF ACTION | 7 |
| 10 | III. THIRD CAUSE OF ACTION | 15 |
| 11 | IV. FOURTH CAUSE OF ACTION | 18 |
| 12 | V. FIFTH CAUSE OF ACTION | 21 |
| 13 | VI. SIXTH CAUSE OF ACTION | 34 |
| 14 | VII. SEVENTH CAUSE OF ACTION | 41 |
| 15 | VIII. EIGHTH CAUSE OF ACTION | 42 |
| 16 | IX. NINTH CAUSE OF ACTION | 44 |
| 17 | X. TENTH CAUSE OF ACTION | 45 |
| 18 | XI. PRAYER FOR RELIEF | 46 |
| 19 | ACCOUNTING | 49 |
| 20 | CERTIFICATION | 50 |
| 21 | SIGNATURES | 51 |

22          STATUTORY AUTHORITIES

23   5 U.S.C. § 706, Administrative Procedures Act of 1966

24   7 U.S.C. §§ 2131-2159, Animal Welfare Act of 1970

25   15 U.S.C. § 1, Sherman Act

26   18 U.S.C. §§ 2, 3, 4, "Principals"
     18 U.S.C. § 43. Animal Enterprise Terrorism
27   18 U.S.C. § 201, Conflict of Interest

28   18 U.S.C. §§ 241-242, Conpiracy against rights

GABOR   TITLE 18 & 42 CIVIL COMPLAINT                    page ( i )

STATUTORY AUTHORITIES cont.                    page ( ii )

1    18 U.S.C. § 913. Impersonation of federal officer

2    18 U.S.C. § 1001. False statements generally

3    18 U.S.C. §§ 1951 et seq., Hobbs Act

4    18 U.S.C. §§ 1961-1965, R.I.C.O.

5    18 U.S.C. §§ 2311. Stolen Property

6    18 U.S.C. § 2314

7    28 U.S.C. §§ 1341, 1343

8    28 U.S.C. §§ 144, 453, 454, 455 [judicial oaths]

9    28 U.S.C. §§  1926, 1927 [attorneys/Notice of Appearance]

10   28 U.S.C. §§ 2403. Notice of Claim of Unconstitutionality

11   42 U.S.C. §§ 1983-1985

12   CONSTITUTION OF THE UNITED STATES

13   CONSTITUTION OF THE STATE OF CALIFORNIA
     Article I, Section 1
14   Article II, Section 12
     Article III, Section 3.5
15
     California Government Code §§ 16750 et seq. [1977]
16
     Business and Professions Code §§ 17000 et seq.
17
     California Civil Code §§ 607f-607g
18                         §§ 610-611
                           §§ 655 and 679 "property" and "ownership"
19                          § 731.10      "Animals in commerce"

20   California Penal Code §§ 118, 123, 422.6, 459,
                           §§ 186. California Crime Act
21                         §§ 597 Crimes against property

22                         §§ 5971. "Pet shop"

23                         §§ 598b.(c) Sale of animals

24                         §§ 496. Stolen property, receiving concealing

25                          § 1524. Warrant, grounds for issuance

26                          § 1536. Officer Retains Property Subject to Court Order
                            § 1537. Return-Sworn Inventory
27

28
     GABOR   TITLE 18 & 42 CIVIL COMPLAINT                      PAGE ( ii )

1

Allwaste,Inc. v. Hecht (September 19,1995)                    4
65 F. 3d 1523 (9th Cir. 1995)

2

Board of Curators v. Horowitz (1978)                         19
435 U.S. 78,82

3

Bruno v. Superior Court (1981)                               14
127 Cal. App. 3d 120,133

4

5

Buckley v. Fitzsimmons (1993)                                22
113 S.Ct. 2606

6

7

Dodd v. Hood River County (July 5,1995)                       4
59 F. 3d 852 (9th Cir. 1995)

8

Elder v. Holloway (February 13,1994)                         22
114 S.Ct. 1019

9

10

Florida ex rel. Shevin v. Exxon Corp. (5th Cir. 1976)        12
526 F. 2d 266, 268

11

Goss v. Lopez (1975)                                         19
419 U.S. 565, 572-574

12

13

Hall v. California Dep't. of Corrections (1993)              20
835 F. Supp. 522, 525 n.4 (N.D.Cal. 1993)

14

Heintz v. Jenkins (7th Cir. 1995)                            22
25 F. 3d 536

15

16

John T. Noonan, Bribes (1984)                                24
(9th Cir. Per Curiam)

17

Logan v. Zimmerman Brush Co. (1982)                          19
455 U.S. 422,432

18

19

Naftzger v. American Numismatic Society (March 4, 1996)      35
43 Cal. App. 1806b, 49 Cal. Rptr. 2d 784

20

People v. Kobrin (1995)                                    4, 18
11 Cal. 4th 416, 46 Cal. Rptr. 2d 895

21

22

People v. Navarro (1972)                                     18
7 Cal. 3d 248

23

People v. Nguyen (November 15,1995)                          27
40 Cal. App. 4th 28

24

25

People v. Municipal Court (1972)                             18
27 Cal. App. 3d 193

26

People v. Superior Court (On Tai Ho) (1974)                  18
11 Cal. 3d 59

27

28

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page ( iii )

People v. Tenorio (1970)                                          18
3 Cal. 3d 89

People v. Torres (1995)                                        28, 29
33 Cal. App. 4th 37

Soranno's Gasco,Inc. v. Morgan (9th Cir. 1989)                    20
874 F. 2d 1310

Schultz v. Milne (N.D.Cal. 1994)                                  20
849 F. Supp. 708, n. 1 and 5

United States v. Gaudin (June 19,1995)                          4, 22
115 S.Ct. 2310

United States v. Good, Real Property (December 13,1993)           22
114 S.Ct. 492

United States v. Jackson (9th Cir. 1996)                          22
72 F.3d 1378

United States v. Koa (9th Cir. 1996)                              39
[James Ware] April 11,1996 Daily Journal D.A.R. 4190

United States v. Nichols (9th Cir. 1994)                          22
40 F. 3d 999

United States v. Real Property Located In El Dorado County (1995) 22
59 F. 3d 974 (9th Cir. 1995)

United States v. Robertson (9th Cir. 1996)                        22
73 F. 3d 249

United States v. Shabani (1994)                                   22
115 S.Ct. 382

Wang v. Horio (9th Cir. 1995)                                     22
45 F. 3d 1362

Wedges/Ledges California,Inc. v. City of Phoenix (9th Cir. 1994)  20
24 F. 3d 56, 65

INTRODUCTION

1.  This is a civil action arising under title 18 U.S.C. §§ 1962 and 42 U.S.C. §§ 1983-1985 subsequent to defendants overt act on April 1, 1996.

2.  Defendants fraudulent collection of unlawful debt under color of state in the amount of $48,978.28 plus    percent interest monthly under **Legal Order # 752079.**        **Complaint Exhibit No. 1**

3.  Defendants acts are in conspiracy against civil rights and predicate acts in furtherance of a unlawful scheme or plan with the purpose violate civil rights and the Fifth Amendment by conversion of "property to public use without due process" and interference with commerce by threat and violence.

4.  Plaintiff JOHN GABOR and KAY GABOR are citizens of the United States and have "standing" as the "owners of tangible and intangible REAL PROPERTY" taken under false pretense by defendants conspiracy against civil rights in violation of clearly established law.

5.  Plaintiff JOHN GABOR is elderly and disabled receive federal entitlements from Social Security residing with his lawful wife in a private dwelling located at 590 Smokey Court, Campbell, California.

6.  Plaintiff KAY GABOR is the lawful wife of John Gabor over the age of forty years and resides in the private dwelling located at 590 Smokey Court Campbell, California.

7.  Plaintiff KAY GABOR is the "sole owner of a animal enterprise" and reports income under Form 1040 Schedule C- small business and is EXEMPT as a "breeder" under the Animal Welfare Act of 1970, 7 U.S.C. §§ 2131 et seq.

8.  Plaintiff KAY GABOR is the "sole owner of a animal enterprise" under California Civil Code §§ 610-611. Interference is prohibited under California Penal Code §§ 597, 598b.(c) under "lawful breeding and sale direct to public of commodity DOG" (see definition of "Animals" California Civil Code §731.10 defining 'principal, chattel, offspring, increase and profit'). **C. EX. NO. 2**

9.  Plaintiff JOHN GABOR and KAY GABOR have "rights", privileges under law.

GABOR TITLE 18 & 42 CIVIL COMPLAINT

DEMAND FOR JURY TRIAL

1   10.   Plaintiffs have inalienable right to a jury trial provided under the

2   Seventh Amendment of the Constitution of the United States and guaranteed by

3   the provisions of the Takings Clause, see <u>Dodd v. Hood River County,</u> (July 5,

4   1995) 59 F. 3d 852; also <u>United States v. Gaudin</u>, (June 19,1995) 115 S.Ct. 2310.

5   California affirmed the Court's interpretation November 2,1995, see <u>People v.</u>

6   <u>Kobrin</u> (1995) 11 Cal. 4th 416, 46 Cal. Rptr, 2d 895.   The Seventh Amendment

7   allegedly provides this "right" for any controversy exceeding $20. Plaintiffs

8   allege the $48,978.28 is in excess of $20.00 providing a "material fact for

9   the jury" referenced in <u>Gaudin, supra</u> at 2311 ¶ 4. "Jury's constitutional

10  responsibility is not merely to determine facts, but to apply law to facts and

11  draw ultimate conclusion of guilt or innocence. U.S.C.A. 5, 6, 14."

12  11. Plaintiffs allege the "written Seventh Amendment" states:

13  **Amendment VII.   Trial by Jury**
    In suits at common law, where the value in controversy shall exceed

14  twenty  dollars, the right of trial by jury shall be preserved, and no
    fact tried by a jury shall be otherwise reexamined on any court of the

15  United States, than according to the rules of the common law. [Proposed
    September 25,1789; ratified December 15, 1791.]

16

17  JURISDICTION

18  12.   Jurisdiction of the United States District Court exists pursuant to

19  28 U.S.C. § 1343. Civil rights and elective franchise; also 28 U.S.C.  §§ 2403

20  et seq. and 18 U.S.C. §§ 1962-1964 for injunctive relief and monetary damages.

21  See <u>Allwaste,Inc. v. Hecht</u>, (September 19,1995) 65 F. 3d 1523 (9th Cir. 1995)

22      "[M]oreover, we observed that "courts should not erect artificial
        barriers–metaphysical or otherwise–as means of keeping RICO cases

23      off federal dockets." Id.; see also California Architectural Bldg.
        Prod. v. Franciscan Ceramics, 818 F.2d 1466,1469 (9th Cir. 1987)

24      (continuity requirement satisfied with predicate acts that spanned
        five months).

25

26  13.   Plaintiffs allege title 28 U.S.C. § 1343. Civil rights and elective

27  franchise states statutory authority under § 1341. Taxes by States

28      § 1341. Taxes by States.

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 4 of 51

The district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

## § 1343. Civil rights and elective franchise

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentions in section 1985 of Title 42.

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and had power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

(4) To recover damages or to secure equitable other relief under the protection of civil rights, including the right to vote.

(June 25,1948,c. 646, 62 Stat. 932; Sept. 1954,c. 1263, § 42, 68 Stat. 1241; Sept. 9,1957,Pub.L. 85-315,Part III, § 121,71 Stat. 637; Dec. 29,1979, Pub.L. 96-170, § 2, 93 Stat. 1284.)

## 18 U.S.C. § 1964. Civil remedies

(a) The district court of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to:

ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provisions for the rights of innocent persons.

(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including reasonable attorney's fee.

VENUE

14.    Venue exists under 18 U.S.C. § 1965. Venue and process.

Plaintiffs reside in the City of Campbell, County of Santa Clara, State of

California under the jurisdiction of U.S.C. for the Northern District of California

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 5 of 51

1   **18 United States Code § 1965. Venue and process**
         (a) Any civil action or proceeding under this chapter against
2   any person may be initiated in district court of the United States
    for any district in which such person resides, is found, has an agent
3   or transacts his affairs.
         (b) In any action under section 1964 of this chapter in any
4   district court of the United States in which it is shown that the
    ends of justice require that other parties residing in any other
5   district be brought before the court, the court may cause such
    parties to be summoned, and process for that purpose may be served in
6   any judicial district of the United States by the marshall thereof.
         (c) In any civil or criminal action or proceeding instituted by
7   the United States under this chapter in the district court of the
    United States for any judicial district, subpenas issued by such
8   court to compel the attendance of witnesses may be served in any
    other judicial district, except that in any civil action or proceeding
9   no such subpena shall be issued for service upon any individual who
    resides in another district at a place more than one hundred mile
10  from the place at which such court is held without approval given by
    a judge of such court upon a showing of good cause.
11       (d) All other process in any civil action or proceeding under
    this chapter may be served in any person in any judicial district in
12  which such person resides, is found, has an agent, or transacts his
    affairs.
13  (Added Pub.L. 91-452, Title IX, § 901(a), Oct. 15,1970, 84 Stat. 944.)

14                            DEFENDANTS

15      15.     Plaintiffs shall show by documentation that each defendant

16  resides, is found, or has an agent, and transacts his affairs within the State

17  of California within the jurisdiction of the United States District Court for

18  Northern District of California and are subject to SUMMONS pursuant to FRCivP

19  Rule 4 as a defendant in this action under either title 18 U.S.C. § 1964 or

20  a governmental official under title 42 U.S.C. § 1983 and § 1985.

21                    PLAINTIFFS STANDING UNDER R.I.C.O.

22      16.     Plaintiffs JOHN GABOR and KAY GABOR reside within the State of

23  California and are granted privilege under law and the Constitution thereof to

24  own and possess "property" from "strangers" having no lawful right to such

25  property under the inalienable rights of the Fourth Amendment of the United

26  States Constitution and Article I, Section 1, which provides:

27           Section 1.  All people are by nature free and independent and
             have inalienable rights. Among these are enjoying and defending life,
28         · and liberty, acquiring, possessing, and protecting property, and
             pursuing and obtaining safety, happiness, and privacy. [November 5,1974]

GABOR TITLE 18 & 42 CIVIL COMPLAINT                          page 6 of 51

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE TAKINGS CLAUSE AND THE

## FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION

17.    Plaintiffs GABOR herein allege that defendants violated the Takings Clause and the Fifth Amendment on April 1, 1996 in addition to the collection of unlawful debt under color of law in the amount of $487.07 from GABOR'S Bank of America checking account # 08005-08393 by false represention and False Pretense of Legal Order # 752079.    **COMPLAINT EXHIBIT NO. 1.**

18.    See <u>Lucas v. South Carolina Coastal Council</u> (1992) 112 S.Ct. 2888 quoting:

> "Nevertheless, our decision in Mahon offered little insight into when, and under what circumstances, a given regulation would be seen as going "too far" for the purposes of the Fifth Amendment. In 70-odd years of succeeding "regulatory takings" jurisdiction, we have generally eschewed and " 'set formula' " for determining how far is too far, preferring to "engag[e] in . . . essentially ad hoc, factual inquiries," **Penn Central Transportation Co. v. New York City**, 369 U.S. 590, 594 (1962) ). See **Epstein, Takings: Descent and Resurrection,** 1987 Supreme Court Review 1, 4. We have, however, described at least two discrete categories of regulatory action as compensable without case-specific inquiry into the public interest advanced in support of the restraint. The first encompasses regulations that compel the property owner to suffer a physical "invasion" of his property. In general (at least with regard to permanent invasions), <u>no matter how minute the intrusion, and no matter how weighty the public purpose behind it, we have required compensation.</u>"

19.    Plaintiffs alleged the "invasion was NOT MINUTE" nor temporary and constitute a PERMANENT TAKING OF PROPERTY valued at $487.07 under the Fifth Amendment of the Constitution of the United States and a cognizable claim for violation of civil rights under title 42 U.S.C. § 1983 providing the Court jurisdiction under a CLAIM FOR DEPRIVATION OF PROPERTY UNDER COLOR.

## II. SECOND CAUSE OF ACTION: VIOLATION OF  18 U.S.C. § 1962 R.I.C.O

## AND 18 U.S.C. §§ 1951(a),(b)(1) and (b)(2) by OPEN-ENDED CONTINUITY

## SHOWING "past conduct that by its nature projects into future with

## threat of repetition and predicate acts that specifically threaten

## repetition or that become a 'regular way of doing business' ".

20.    Plaintiffs GABOR , in the ORIGINAL COMPLAINT, do herein state FACTS documenting defendants "conspiracy" to commit "extortion" under § 1951(b)(2).

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 7 of 51

1      21.   The Board of Equalization and Humane Society of Santa Clara Valley

2  a "private corporation marketing stolen animals", see **Exhibit 6 page 102**

3  from a "retail store" located at 2530 Lafayette Street, Santa Clara, California.

4  Humane Society of Santa Clara Valley maintains "business hours" and advertised

5  the following:                      ADOPT A PET!
                        PUPPIES * KITTENS DOGS & CATS PUREBREEDS
6                                  NEW PETS ARRIVE DAILY

7                         Humane Society of Santa Clara Valley
                            OPEN: MON.,WED.,FRI., 11AM-4PM
8                          TU.,TH. 11AM-7PM * SAT. 10AM-3PM
                                    408-727-3383
9                         2530 Lafayette Street, Santa Clara

10     22.   Board of Equalization and Humane Society "unlawfully  extorted"

11  money, "BLACK RENTS" from John and Kay Gabor under false pretense and threat

12  of "criminal prosecution" for "doing business" from Gabor's private home under

13  California Penal Code section 5971. Pet Shop.

14     23. Kay Gabor, in fear of 'home invasion' PAID the following amounts:

| Date | | Payment | Amount |
|---|---|---|---|
| November 26, | 1990 | Money Order # 28467 | $   399.24 |
| January 28, | 1991 | personal check | 1,910.00 |
| April 29, | 1991 | personal check #1303 | 1,229.00 |
| July 23, | 1991 | personal check #1526 | 1,312.00 |
| October 30, | 1991 | Money Order #18384 | 1,240.00 |
| January 27, | 1992 | Money Order #23363 | 1,120.00 |
| April 27, | 1992 | Money Order #28372 | 1,195.00 |
| July 27, | 1992 | Money Order #89492 | 1,000.00 |
| July 27, | 1992 | Money Order #89491 | 176.00 |
| October 30, | 1992 | Money Order #632162 | 967.00 |
| | | | |
| December 1,1992 Order of MUNICIPAL COURT JUDGE ROBERT | | | |
| | | AMBROSE to Cornelius | 14,576.00 |
| January 29, | 1993 | Money Order #4063 | 2,889.00 |
| April 30, | 1993 | Money Order #19402 | 903.00 |
| July 30, | 1993 | Money Order #626907 | 500.00 |
| July 30, | 1993 | Money Order #626978 | 537.00 |
| October 29, | 1993 | Money Order #467177 | 1,850.00 |
| January 31, | 1994 | Money Order #39001 | 1,000.00 |
| January 31, | 1994 | Money Order | 525.00 |
| April 30, | 1994 | Money Order #224018 | 922.00 |
| July 30, | 1994 | Money Order #503175 | 986.00 |
| October 31, | 1994 | Money Order #193028 | 949.00 |
| January 31, | 1995 | Money Order #404230 | 1,000.00 |
| January 31, | 1995 | Money Order #404231 | 52.00 |
| | | | |
| | | Total | $37,237.24 |

GABOR TITLE 18 & 42 CIVIL COMPLAINT                                        page 8 of 51

24. Plaintiffs John and Kay Gabor allege that, "To prevail under RICO, a plaintiff must establish a 'pattern of criminal activity'. 18 U.S.C. § 1962. At a minimum a 'pattern' requires that the predicate criminal acts be 'related' and 'continuous.' H.J.Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229,239 (1989). Quoting Allwaste,Inc. supra.

In H.J. Inc., the Supreme Court observed that the term 'continuity' escapes strict definition: "'[c]ontinuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 241. "Closed-ended" continuity is established by showing that related predicate acts occurred over a "substantial period of time." Id. at 242. The Court thus noted that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement," and concluded that "Congress was concerned in RICO with longterm criminal conduct." Id.

Where long-term criminal conduct cannot be established, "open-ended" continuity may be proved. Id. Open-ended continuity is the threat that criminal conduct will continue into the future.  It is established by showing either that the predicate acts "include a specific threat of repetition extending indefinitely into the future" or that the predicate acts were "part of an ongoing entity's regular way of doing business." Id.

The Court warned that "the precise methods by which relateness and continuity or its threat may be proved, cannot be fixed in advance with such clarity that ut will always be apparent whether in a particular case a 'pattern of racketeering activity' exists." Id. at 243."

25. Plaintiffs Gabor allege defendants "knew their activities were unlawful and the 'pattern of extortion, defined § 1951(b)(2)' is proven by "unlawful collection from Gabor" between November 26, 1990 through January 31, 1995 after plaintiff's stated NO OWNERSHIP OF PET SHOP or RETAIL STORE EXISTS.

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 9 of 51

26.        Defendants are state employees "acting under statutory authority of California Penal Code §5971."

**California Penal Code §5971. Pet Shops.**
It shall be unlawful for any person who operates a pet shop to fail to do all of the following:
(1) Maintain the facilities used for the keeping of pet animals in a sanitary condition.
(2) Provide proper heating and ventilation for the facilities used for the keeping of pet animals.
(3) Provide adequate nutrition for, and human care and treatment of, all pet animals under his care and control.
(4) Take reasonable care to release for sale, trade, or adoption only those pet animals which are free of disease or injuries.
(5) Provide adequate space to the size, weight and specie  of of pet animals.
(b) **As used in this section:**
(1) "Pet animals" means dogs, cats, monkeys, and other primates, rabbits, birds, guinea pigs, hamsters, mice, snakes, iguanas, turtles, and any other species of **animal sold or retained for the purpose of being kept as a household pet.**
(2) "Pet shop" means every place or premises where <u>pet animals</u> <u>are kept for the purpose of either **wholesale or retail sale.**</u> **"Pet shop" <u>does not</u> include any place or premises where pet animals are occasionally sold.**
(c) Any person who violated any provision of this  section is guilty of a **misdemeanor and is punishable by a fine not to exceed one thousand dollars ($1,000)** or imprisonment in the county jail for not more than 90 days, or by both such fine and imprisonment. **Leg.H.** 1972 ch. 844, 1983 ch. 1092, effective September 27,1983.

**California Penal Code §597.5. Dog Fights—Training, Conducting, Attending.**

27.    (c) **Nothing in this section shall prohibit any of the following:**
(1) The use of dogs in the management of livestock, as defined by Section 14205 of the Food and Agricultural Code, **by the owner of the livestock or his or her employees or agent or other persons  in lawful custody thereof.**
(2) The use of dogs in hunting as permitted by Fish and Game Code, including, but not limited to, Sections 3286, 3509, 3510, 4002, and 4756, and by the rule and regulations of the Fish and Game Commission.
(3) The training of dogs or the use of equipment in the training of dogs for any purpose not prohibited by law. **Leg.H.**1975 ch. 1075, 1977 ch. 165, operative July 1, 1977, 1984 chs. 1290,1432 , 1987 ch. 792.

**California Penal Code §598b. Possession, Importation, Buying, or Selling of Pet for Food.**

28.    (c) This section <u>shall not be construed to interfere with the</u> **production, marketing, or disposal of any livestock,** poultry, fish, shell fish, or any **other agricultural commodity produced in this state.**  Nor shall this section be construed to interfere with the lawful killing of wildlife, or the lawful killing of any other animal under the laws of this state pertaining to game animals. **Leg.H.** 1989 ch. 490.

29.   Defendant BOARD OF EQUALIZATION and defendant HUMANE SOCIETY OF SANTA CLARA VALLEY knew that John and Kay Gabor were NOT A PET SHOP and that, their were the LAWFUL RESIDENTS of the "private dwelling" located at 590 Smokey Court, Campbell, California.

30.   Defendant "Captain Michael S. Frazer" knew he was a "employee under CONTRACT" with a "private corporation" and NOT A OFFICER OF THE CITY, COUNTY, STATE OR UNITED STATES DEPARTMENT OF AGRICULTURE and impersonating a peace officer and a officer of the United States Justice Department when he "personally MANUFACTURED a badge" to impersonate a federal officer having the duties and statutory authority of the **United States Attorney General or the Secretary of the United States Department of Agriculture** in violation of title 18 United States Code § 913, stating the following:

**§ 913. Impersonator making arrest or search**

Whoever falsely represents himself to be an officer, agent, or employee of the United States, and in such assumed character arrests or detains any person or in any manner searches the person, buildings, or other property of any person, shall be fined not more than $1,000 or imprisoned not more than three years, or both.
(Based on title 18, U.S.C., 1940 ed., § 77a (August 27,1935, ch. 740, § 201, 49 Stat. 877).

31.   MICHAEL S. FRAZER doing business under California Civil Code §607g. knew his "statutory authority" consisted of the CONTRACT with the County of Santa Clara, California and did not vest him with the "delegated duties of the California Attorney General or the Attorney General of the United States under the Cartwright Act, Business and Professions Code §§ 17000-17001 and Title 18 United States Code § 1961 (7) "racketeering investigator" means any attorney or investigator **so designated by the Attorney General and charged with the duty of enforcing or carrying into effect this chapter;**

32. MICHAEL S. FRAZER knew he was not a STATE OFFICER acting under the statutory authority of the CALIFORNIA ATTORNEY GENERAL as designated by California Government Code § 16750.  (Stats. 1977,ch. 543,§ 1.)

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 11 of 51

33.  The Legislature enacted section 16760 in 1977. (States. 1977, ch. 543, § 1.) That section, in relevant part provides:

> "(a)(1) The **Attorney General may bring a civil action** in the name of the people of the State of California, as parens patriae **on behalf of natural persons** residing in the state, in the superior court of any county which has jurisdiction of a defendant, **to secure monetary relief** as provided in this section **for injury sustained by such natural persons to their property** by reason of any violation of this chapter . . . . "

> "(g) The **district attorney of any county** may prosecute any action **on behalf of the natural persons residing in such county** which the Attorney General is authorized to bring pursuant to subdivision (a) whenever it appears that the activities giving rise to such prosecutions or the effects of such activities occur primarily within such county . . . ."

There are other examples of **sovereign power vested in the Attorney General or district attorney.**  The district attorney may file to abate a nuisance in his county. (Gov. Code, § 26528.) The Attorney General may institute actions in the name of the state or **a state agency concerning title, boundaries or possession of real property in which the state has an interest.** (Gov. Code, § 12518.) Closer to the subject of the present case, the Attorney General may bring an action "in the name of the people of the State of California, as parens patriae on behalf of natural persons residing in the state" to recover damages for violations of the Cartwright Act ( § 16760, subd. (a) (1).)  The district attorney has the same power to prosecute such actions "on behalf of the natural persons residing in such county." ( § 16760, subd. (g).) We will refer to this as the **"public official" function of the Attorney General and district attorney.**

Fundamentally, both offices have a dual character. (See <u>Florida ex rel. Shevin v. Exxon Corp.</u> (5th Cir. 1976) 526 Fed. 2d 266,268 [historical overview of the office of Attorney General].) First, each is the attorney for the government, whether at the state or local level.  Thus, for example, the Attorney General is the legal adviser **to all state departments relating to the department or the powers and duties of its officers.** ( Gov. Code, § 11157; see also Gov. Code §§ 11040-11041.) Similarly, the district attorney "shall render legal services to the county **without fee** and to other local **public entities** as requested . . .(Gov. Code, § 26520.) We will refer to this as the **"government lawyer" function of the Attorney general and the district attorney.**

In their **other capacity,** by contrast, the Attorney General and the district attorney are **public officials vested with the powers of the sovereign; they act directly and on behalf of the public.**  The most obvious example of the power is in bringing criminal prosecutions in the name of the People. While the district attorney's staff is **"the lawyer" for the People, there is no "client" who must be consulted or obeyed.** (In a significant sense, the district attorney is both "client" and "lawyer.") "

34.    Defendant BOARD OF EQUALIZATION, MICHAEL S. FRAZER and HUMANE SOCIETY OF SANTA CLARA VALLEY are NOT "the Attorney General" or REAL PARTY IN INTEREST having a "property interest" in 590 Smokey Court, Campbell, California or the "animal enterprise and contracts" owned by JOHN and KAY GABOR.  The "separations of powers" doctrine prohibits "delegation of government function to private corporation HUMANE SOCIETY OF SANTA CLARA VALLEY" or the 'duties of the Attorney General' to BOARD OF EQUALIZATION.

35.  Plaintiffs allege the Cartwright Act, Business and Professions Code Sections 17000 and 17001 prohibits the HUMANE SOCIETY OF SANTA CLARA VALLEY from "seizing and selling stolen property" and prohibits the Board of Equalization from "receiving stolen records, securities" to EXTORT money under threat of incarceration, home invasion, assault, robbery, great bodily injury, kidnap, etc. in the following WRITTEN legislation:

36.  The complaint alleges violation of the Sherman Act (15 U.S.C. § 1 et seq.), and the Cartwright Act (Bus. & Prof. Code, § 16700 et seq.) the California counterpart of the federal antitrust laws.  The Unfair Practices Act (Bus. & Prof. Code, § 17000 et seq.) which prohibits "unfair, dishonest, deceptive, destructive, fraudulent and discriminatory practices by which fair and honest competition is destroyed or perverted." (Bus.& Prof. Code, § 17001.)

37.  Plaintiffs allege, properly viewed, subdivisions (d) and (g) of section 16750 are new ( 1977, approximately 20 years ) and supplementary grants of enforcement power.  As such, there is no anomaly in the Attorney General's (Daniel Lungren) responsibility to supervise the new power of the district attorney, but lack of responsibility to supervise the previously (pre 1977) existing enforcement authority of local governmental entities. Instead of such supervisory responsibility in the case of actions initiated by local governments, the Attorney General is authorized to "render legal services as special counsel to" the local entity under certain circumstances. (see

GABOR TITLE 18 & 42 CIVIL COMPLAINT                      page 13 of 51

1  § 16750, subd. (e). This statutory scheme finds a parallel in section 16760.

2  There, **individuals retain all rights to sue for individual violations of**

3  **antitrust laws,** but the Attorney General and the district attorney are given

4  concurrent power to sue **on behalf and in the name of such individuals as a**

5  **class.**  The creation of a concurrent power (1977) in the Attorney General or

6  the district attorney **does not divest individuals of the initial power to file**

7  **suit on their own behalf, nor to "opt out" of such a suit,** just as the local

8  entity can under section 16750. (See section 16760, subd. (b)(2); see Bruno v.

9  Superior Court (1981) 127 Cal. App. 3d 120, 133.)

10      38.  Plaintiffs allege, the Legislature did not authorize the Attorney

11  General DAN LUNGREN to violate the Constitution of California, Article III,

12  Section 3.  **[Separation of Powers]**

13          **"The powers of the State government are legislative, executive,**
         **and judicial.  Persons charged with the exercise of one power may not**
14       **exercise either of the others except as permitted by this Constitution.**
         **(New section adopted November 7, 1972.)**

15      39. Defendants BOARD OF EQUALIZATION unlawfully "exercised JUDICIAL

16  and the POWERS OF THE ATTORNEY GENERAL" as a "ADMINISTRATIVE AGENCY" under

17  Constitution of California, Article III, Section 3.5.

18          "An administrative agency, including and administrative agency
         created by the Constitution or an initiative statue, **has no power:**
19           (a) To declare a statue unenforceable, or to refuse to enforce a
         statute, on the basis of it being unconstitutional unless an appellate
20       court has made a determination that such statue is unconstitutional;
             (b) To declare a statue unconstitutional;
21           (c) To declare a statute unenforceable, or to refuse to enforce a
         statute on the basis **that federal law or federal regulations prohibit**
22       **the enforcement of such statute unless an appellate court has made**
         **a determination that the enforcement of such statute is prohibited by**
23       **federal law or federal regulation.** (New section adopted June 6,1978)"

24

25      40. Plaintiffs allege the Animal Welfare Act of 1970, title 7 U.S.C.

26  §§ 2131-2159 designates federal regulation preempts ANY STATE INTERFERENCE

27  with the Commerce Clause and United States Tax Code providing ALL REGULATORY

28  RULE MAKING POWER to Congress and the Secretary of the U.S.D.A./APHIS. § 2132.

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 14 of 51

**III. THIRD CAUSE OF ACTION: DEPRIVATION OF DUE PROCESS AND**

**EQUAL PROTECTION CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENT OF THE**

**CONSTITUTION AND "post de facto interference with rights of ownership"**

**CONSTITUTION OF CALIFORNIA, ARTICLE I, SECTION 1; AND ARTICLE III, SECTIONS**

**1 and 3.**

41. Plaintiffs assert that "delegation of governmental function" to

BOARD OF EQUALIZATION and HUMANE SOCIETY OF SANTA CLARA VALLEY, 'Captain'

MICHAEL S. FRAZER violation the "civil rights guaranteed under the First,

Fourth, Fifth, and Fourteenth Amendment" and "separation of powers clause"

prohibited by BOTH the laws and constitution of the State of California and

the laws and Constitution of the United States. See California Constitution,

Article II, Section 12, [ **Naming Individual or Private Corporation to Office**

**or Duty Prohibited** ]

> Section 12. No amendment to the Constitution, and no statute proposed
> to the electors by the Legislature or by initiative, **that names any**
> **individual to hold any office, or names or identifies any private**
> **corporation to perform any function or to have any power or duty,**
> **may be submitted to the electors or have any effect.** [Former Section
> 26 of Article IV, as renumbered June 8,1976.]

42. Plaintiffs FACTUAL ASSERT, the HUMANE SOCIETY OF SANTA CLARA

VALLEY is a **"private California Civil Code §607 corporation"** and MICHAEL S.

FRAZER a **"private individual,employees under a corporate contract"** defined

California Civil Code §607g. and has no "statutory authority" to act on behalf

of the ATTORNEY GENERAL of the State of California; THE UNITED STATES ATTORNEY

GENERAL JANET RENO or the SECRETARY OF THE UNTIED STATES DEPT. OF AGRICULTURE

[MIKE ESPY, resigned 'corruption Dec. 31,1994'] DAN GLINKMAN or his representative

who shall be employed by the United States Department of Agriculture [William

DEHAVEN, Sacramento,California] and **"procure a warrant to assert ownership over**

**590 Smokey Court, John and Kay Gabor's "tangible or intangible personal**

**property"** and convey it to the "ownership and control of HUMANE SOCIETY or State."

GABOR TITLE 18 & 42 CIVIL COMPLAINT

43.  Plaintiffs assert that the Fifth Amendment requires "just compensation for regulatory takings and conversion of PROPERTY" which can be STOLEN or subject to "PRIVATE OWNERSHIP" of John or Kay Gabor. The Congress of the United States, having the ability to reason, defined such property requiring the government to COMPENSATE for "governmental taking under color", see 18 U.S.C. Chapter 113- STOLEN PROPERTY, § 2311. Definitions, as follows:

**§ 2311. Definitions**

As used in this chapter:

"Aircraft" means any contrivance now known or hereafter invented, used, or designed for navigation of or for flight in the air;

"Cattle" means one or more bulls, steers, oxen, cows, heifers, or calves, or the carcass or carcasses thereof;

"livestock" means **any domestic animals raised for home use**, consumption, **or profit**, such as horses, pigs, llamas, goats, fowl, sheep, buffalo, and cattle, or the carcasses thereof;

"Money" means the legal tender of the United States or of any foreign country, or any counterfeit thereof;

"Motor vehicle" includes an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle designed for running on land but not on rails;

"Securities" includes any note, stock certificate, bond, debenture, **check, draft,** warrant, traveler's check, **letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate, valid or blank motor vehicle title, certificate of interest in property, tangible or intangible; instrument or document or writing evidencing ownership of goods, wares, and merchandise; or in general, any instrument commonly known as a** "security", or any certificate of interest or participation in, temporary or interim certificate for, **receipt for, warrant, or right to subscribe to or purchase any of the foregoing,** or any forged, counterfeited, or spurious representation of any of the foregoing;

["securities TAKEN giving rise to this action" -- CAPTAIN MICHAEL S. FRAZER]

**"Tax stamp"** includes any tax stamp, tax token, tax meter imprint, **or any other form of evidence of an obligation running to the State, or evidence of the discharge thereof;**

[Board of Equalization LEVY of alleged sales tax from "private citizen"]

**"Value"** means the face, par, **or market value, whichever is the greatest, and the aggregate value of all goods, wares, and merchandise, securities, and money referred to** in the single indictment shall consitute the value thereof.

["property" subjected to taking and ADOPTION by "warrant" and conveyed to defendants for sale to the public under color of Humane Society "]

(As amended Oct. 4, 1961, Pub.L. 87-371, § 1, 75 Stat. 802; Oct.25, 1984, Pub.L. 98-547, Title II, § 202, 98 Stat. 2770; **Sept. 13,1994. Pub.L. 103-322, Title XXXII, § 320912,** 108 Stat. 2158.)

44.    Plaintiffs allege that defendant KNEW THEIR ACTS constituted THEFT OF SECURITIES under "procured warrant" and subject to R.I.C.O. civil remedies provided under the Fifth Amendment "just compensation" right and their "acts committed in concert" were to aid and abet in furtherance of the conspiracy to conceal and pervert justice to evade and obstruct local law enforcement in violation of "clearly established law" and subject GABOR's animal enterprise to deprivation of equal protection and just compensation which are cognizable claims under 18 U.S.C. § 1964(c) and 42 U.S.C. §§ 1983 through 1985.

45.    Plaintiffs allege defendants "conspired" in furtherance of the "predicate acts in furtherance of a pattern of racketeering activity" defined 18 U.S.C. § 2314. Transportation of stolen goods, securities, moneys, fraudulent tax stamps [BOARD OF EQUALIZATION], or articles used in counterfeiting.

"Whoever transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise, securities or money of the value of $5,000 or more, **knowing the same to have been stolen, converted or taken by fraud; or**

**Whoever, having devised or intended to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution** or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more; or

Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities or **tax stamps, knowing the same to have been falsely made, forged, altered, or counterfeited; or**

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 17 of 51

**IV. FOURTH CAUSE OF ACTION: INVERSE CONDEMNATION , COMMON TORT FOR FRAUD AND DEPRIVATION OF RIGHTS GRANTED UNDER STATE LAW OF PROPERTY UNDER CALIFORNIA CONSTITUTION ARTICLE I, SECTIONS 1, 7(a) and (b); 9; 10, 13, 19, 24, 26, 28(a) and 28(b) and 42 U.S.C. §§ 1983-1985.**

46.    Defendants in "conspiracy" acted in concert to procure a unlawful warrant and convey the "property of GABOR" to public use in violation of the laws and constitution of the State of California in violation of California Penal Code § 186 et seq.  Defendants knew that MICHAEL S. FRAZER was not a government officer and was a "private party" employed by a "private Corporation doing business under California CIVIL CODE §§ 607 et seq."

47.  Defendants KNEW that clearly established law since 1972 PROHIBITS private citizens from vigilantepolice activities against private individuals and "false police reports" under Penal Code §§ 118 and 123. See <u>People v. Municipal Court</u> (1972) 27 Cal. App. 3d 193, "a private citizen instituted a criminal proceeding against another individual without the authorization of the district attorney.  The court held the complaints filed by a private citizen were nullities because they were not filed with the authority or concurrence of the district attorney."  Three other cases clearly establish the foregoing "clearly established of law" see <u>People v. Superior Court</u> (On Tai Ho) (1974) 11 Cal. 3d 59; <u>People v. Navarro</u> (1972) 7 Cal. 3d 248; <u>People v. Tenorio</u> (1970) 3 Cal. 3d 89.  The **November 2, 1995** case affirming proper interpretation of malicious prosecution based on false statement in violation of Penal Code §§ 118 and 123, see <u>People v. Kobrin</u> (1995) 11 Cal. 4th 416.

48. DEFENDANT MICHAEL S. FRAZER obtained the "stationary of the Santa Clara District Attorney" and WROTE HIS OWN PERSONAL INDICTMENTS for presentation to corrupt municipal judges receiving "proceeds" of the THEFTS OF PRIVATE PROPERTY owned by citizens in the State of California. **COMPLAINT EXHIBIT # 12 page 116-120.** District Attorney HIMMELSBACH and Gibbons  were ACTORS and aided and abetted for unlawful financial gain from the "Thefts" of money/property.

49.  DEFENDANT MICHAEL S. FRAZER a "private party" employed by "private corporation" HUMANE SOCIETY OF SANTA CLARA VALLEY were "done a favor" by the California ATTORNEY GENERAL'S OFFICE and "not audited" as a CHARITABLE TRUST under C.C.P. section 607 et seq. to participate in "LAUNDERING STOLEN PROPERTY" though the "retail store" under the control of HUMANE SOCIETY to convert property to CASH to pay the "bribes to judicial officers in state and federal court".

50.  Defendants, all in conspiracy, knew that the "warrant" was unlawful and the "property was not being seized as evidence of wrongdoing but seized for sale as part of a pattern of racketeering and/or profiteering by governmental employees" and to assert control over citizens business and personal property under threat of immediate or future harm or property damages.

51. California Civil Code section 655 defines "property" and "business goodwill" as a RIGHT granted by law.  First, state law determines what constitutes property cognizable under due process clause. See, e.g., Board of Curators v. Horowitz, 435 U.S. 78,82 (1978) ("[P]roperty interests are creatures of state law.); Goss v. Lopez, 419 U.S. 565,572-74 (1975) ("Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits.") (quoting Board of Regents v. Roth, 408 U.S. 564,577 (1972)); see also Logan v. Zimmerman Brush Co., 455 U.S. 422, 432 (1982) ("[W]hile [a state] legislature may elect to confer a property interest, . . .it may not constitutionally authorize the deprivation of such an interest once conferred, without appropriate safeguards.") (internal quotations and citations omitted).

Second, California law defines business goodwill as property. Section 655 of California Civil Code, entitled "**Things subject to ownership,**" provides: "In What Property May Exist. There may be ownership of **all inanimate things**

GABOR TITLE 18 & 42 CIVIL COMPLAINT                                    page 19 of 51

1  which are capable of appropriation or of manual delivery; **of all domestic**

2  **animals; of all obligations; of such products of labor or skill** as the

3  composition of an author, **the goodwill of a busines, trade-marks and signs,**

4  **and of rights created by statute.** (Emphasis added).

5      Section 14102 of California's Business and Professions Code is even more

6  to the point: **"The good will of a business is property and is transferable."**

7      Consideration of these two fundamental propositions led us in Soranno's

8  Gasco, Inc. v. Morgan, 874 F.2d 1310 (9th Cir. 1989), to conclude that a

9  company [JOHN and KAY GABOR'S animal enterprise: 1040 SECHEDULE C BUSINESS

10  **COMPLAINT EXHIBIT # 3 page 12–17**] may not be deprived of its business goodwill

11  by someone acting under color of California state law without due process.

12  **COMPLAINT EXHIBIT # 11 page 1 and 2.**  In Soranno's Gasco, Inc, supra, a

13  petroleum producer, had various state permits suspended by California officials.

14  Id. at 1312. These officials also contacted Soranno's Gasco's customers and

15  informed them that their state permits could be suspended if they did business

16  with Soranno's Gasco in the future. Id. at 1312-13. The court concluded that

17  under California law: The goodwill of one's business is a property interest

18  entitled to protection; the owner cannot be deprived of it without due process.

19  874 F.2d at 1316. The court has subsequently cited Soranno's Gasco in support

20  of the principle that if state law classifies business goodwill as a property,

21  a company cannot be deprived of goodwill without due process. See Wedges/Ledges

22  California,Inc. v. City of Phoenix, 24 F. 3d 56, 65 (9th Cir. 1994); see also

23  Hall v. California Dep't. of Corrections, 835 F. Supp. 522, 525 n.4 (N.D. Cal.

24  1993) and Schultz v. Milne, 849 F. Supp. 708 (N.D.Cal. 1994) at n. 1 and 5.

25      52.    Plaintiff assert that defendants BOARD OF EQUALIZATION; MICHAEL

26  S. FRAZER; SANTA CLARA DISTRICT ATTORNEY'S OFFICE; AMERICAN KENNEL CLUB, INC.

27  and HUMANE SOCIETY OF SANTA CLARA VALLEY committed a pattern of predicate acts

28  in furtherance of a "criminal scheme" to fraudulently convert GABOR PROPERTY

GABOR TITLE 18 & 42 CIVIL COMPLAINT

1  by false pretense by "appropriation under threat of great bodily injury, fear

2  and property damage" immediately or in the future to be sold under CONTRACT

3  of Humane Society of Santa Clara Valley, a private corporation to BRIBE

4  legislative and judicial officers in a conspiracy to violate the CARTWRIGHT ACT

5  and Sherman Act, 15 U.S.C. § 1; Hobbs Act, 18 U.S.C. §§ 1951 as defined under

6  R.I.C.O. 18 U.S.C. §§ 1962 et seq. with intent to injury the "BUSINESS" of

7  JOHN and KAY GABOR providing a cognizable claim for treble damages, monetary

8  damages, injunctive relief and costs under STATE TORT CLAIMS ACT and CIVIL

9  REMEDY as provided 18 U.S.C. §§ 1964(a) and (c) **CLAIM.**

10

11  **V. FIFTH CAUSE OF ACTION: FRAUD, THEFT BY FALSE PRETENSE AND**

12  **IMPERSONATION OF FEDERAL OFFICER BY HUMANE SOCIETY OF SANTA CLARA**

13  **VALLEY AND AMERICAN KENNEL CLUB, INC. TO CREATE UNLAWFUL MONOPOLY**

14  **IN THE SALE OF DOMESTIC ANIMALS UNDER THE COMMERCE CLAUSE OF THE**

15  **ANIMAL WELFARE ACT, 7 U.S.C. §§ 2131, AND BY "Animal enterprise**

16  **terrorism", 18 U.S.C. § 43, THE ANIMAL ENTERPRISE PROTECTION ACT OF**

17  **1992 IN VIOLATION OF  R.I.C.O, 18 U.S.C. §§ 1962 et seq.**

18      53.      Defendants HUMANE SOCIETY OF SANTA CLARA VALLEY and AMERICAN

19  KENNEL CLUB, INC. are "private non-profit corporations" falsely advertising

20  and representing themselves a federal authorities having RULE MAKING AND POLICE

21  POWER to regulate "agricultural activities and animals" owned by private

22  citizens.  AMERICAN KENNEL CLUB, INC., a private membership or association of

23  individuals unlawfully publish a phamplet asserting that, they, are JUDICIAL

24  OFFICERS with the powers equal to those of United States District Court under

25  18 U.S.C. §§ 1964 to issue orders to "citizens within the United States" to

26  divest themselves of all PROPERTY IN COMPETITION WITH AKC MEMBERS and to "pay

27  fines for doing business" **without permission from AKC or filing 1040 Tax Returns**

28  **claiming or paying income taxes to the United States treasury instead of AKC.**

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 21 of 51

54. Plaintiff John and Kay Gabor do incorporate into the record as EXPLICIT EVIDENCE of "bribery and pervertion of justice" under 18 U.S.C. § 1001 **COMPLAINT EXHIBITS # 14, 15 and 16 page 147-164** pursuant to the Federal Evidence Code and the precedent set in the following cases: see <u>United States v. Shabani</u> (1994) 115 S.Ct. 382; <u>United States v. Jackson,</u> 72 F.3d 1378 (9th Cir. 1996); <u>United States v. Robertson</u>, 73 F.3d 249 (9th Cir. 1996); <u>United States v. Nichols</u>, 40 F.3d 999 (9th Cir. 1994); <u>Wang v. Horio</u>, 45 F.3d 1362 (9th Cir. 1995); <u>Elder v. Holloway</u>, 114 S.Ct. 1019 (1994); <u>Buckley v. Fitzsimmons</u> 113 S.Ct. 2606 (1993); <u>Heintz v. Jenkins</u>, 25 F. 3d 536 (7th Cir. 1995); also <u>United States v. James Daniel Good, Real Property</u>, 114 S. Ct. 492 (1993); <u>United States v. Real Property Located in El Dorado County</u>, 59 F. 3d 974 (9th Cir. 1995) and <u>United States v. Gaudin</u> 115 S.Ct. 2310 (1995).

55. Plaintiffs allege that the Sherman Act, 15 U.S.C. § 1 was enacted **1890** and is "clearly established law" concerning MONOPOLIES, RESTRAINT OF TRADE by "corporations and private parties in association" under RICO 18 U.S.C. §§ 1962. The following text is provided for defendants not having access to library or the written word, stating the following:

**15 U.S.C. § 1. Monopolies-Restraint of Trade**

**§ 1. Trusts, etc., in restraint of trade illegal; penalty**

Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States or with foreign nations, is hereby declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding one million dollars if a corporation, or, if any other person, one hundred thousand dollars, or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court.
(July 2,1890, ch. 647,§ 1, 26 Stat; Aug. 17,1937,ch. 690,Title VIII, § 1,50 Stat. 693; July 7,1955,ch. 281, 69 Stat. 282; Dec. 21,1974, P.L. 93-528, § 3. 88 Stat. 1708; Dec. 12,1975, P.L. 94-145,§2, 89 Stat 801.)

56. Plaintiffs are aware that the fines $1,000,000 and $100,000 are paid to the United States treasury and NOT plaintiffs, should the U.S. need money.

1  AMERICAN KENNEL CLUB, INC. reports "non-profit INCOME" of $24 million per year

2  and HUMANE SOCIETY OF SANTA CLARA VALLEY reports income yearly, non-profit

3  of millions of dollars from "donations" and unlawful government contracts with

4  California cities. **(California Civil Code §607f. limits S.P.C.A. corporations**

5  **to "not to exceed $500.00 each calender month" paid from county general fund**

6  **in the same manner as all other claims against the county.)** There is only

7  a "alleged technical difference" between a $6,000.00 per year limit and the

8  $300,000 to several million dollars received under contract to cities in

9  Santa Clara County, California. Attorney General Daniel Lungren does NOT

10  ENFORCE tax laws or antitrust laws upon "corporations in return for GIFTS,

11  money, and political campaign contributions" doing him and his favors.

12    57.  Plaintiffs allege "doing favors perverting justice or court

13  proceeding" to aid and abet principals defraud the United States Treasury

14  violates Federal Law and is a criminal act under 18 U.S.C. § 201 for "every

15  person" under the amended definition of "principal" and accessory after the

16  fact, 18 U.S.C. §§ 2,3, and 4.

17    58.  Plaintiffs allege that "no explicit evidence is required to

18  state a claim" of bribery beyond the "commission of the act in furtherance of

19  the scheme by a judicial officer or a officer of the court". See <u>United States</u>

20  <u>v. Jackson</u>, <u>supra</u>, <u>quoting</u>: at n. 1-5.

21      1.  California Penal Code § 7(6) provides: The word "bribe" signifies
    anything of value or advantage, present or prospective, or any promise
22    or undertaking to give any, asked, given, or accepted, with a corrupt
    intent to influence, unlawfully, the person to whom it is given, in
23    his or her action, vote, or opinion, in any public or official
    capacity. California Penal Code § 85 provides: Every person who gives
24    or offers to give a bribe to any member of the Legislature, or to
    another person for him, or attempts by menace, deceit, suppression of
25    truth, or any corrupt means to influence a member in giving or
    withholding his vote . . .is punishable by imprisonment in the state
26    prison for two, three or four years.
      2.  The operative language of instruction No. 27 is taken from the
27    standard California jury instruction on bribery offenses that parallel
    § 85. See, CALJIC (5th ed.) 7.00 (bribery of an executive officer)
28    and 7.01 (bribery of a ministerial official). All the operative

language of No. 28 likewise comes from the definition given § 7(6).
See, text of § 7(6) at footnote 1, supra.  Instruction No. 29 is taken
vebatim from Cal. Penal Code § 7(3) and CALJIC 7.00.5. Finally,
instructions also comport closely with the common understanding of a
"bribe" as "a price,reward,gift, or favor bestowed or promised with
a view to pervert the judgment or corrupt the conduct especially of a
person in a position of trust (as a public official)." Webster's
Third New Int'l Dictionary (1986).

3.   In Glass, Cal. Penal Code § 165, which prohibits offering or
giving bribes to county supervisors, was the subject of review.
However, the language of § 165 parallels that of § 85., leaving little
doubt that any ruling on the meaning of one definition of bribe in
§ 7(6), which is directly at issue in this case.

4.   Jackson also argues that "clear import of recent Supreme Court
law is that the defendant in a bribery case must specifically intend
to violate a known legal duty." However, the Supreme Court cases
Jackson cites for this proposition could have no such import on any
plausible reading.  In Ratzlaf v. U.S., the Court interpreted
statutory language conditioning criminality on "willfully violating"
particular code sections. The Court read this language as requiring
the defendant to know that he was violating the law. 114 S.Ct. 655,
658 (1994).  The Court in Ratzlaf defined the intent requirement of a
federal statute prohibiting structuring financial transactions to
avoid certain reporting requirements.  How the interpretation of this
this federal statute impacts interpretive issues in California
bribery statutes, particularly where those issues have already been
settled by the California Supreme Court, is unclear. The relevance of
Staples v. U.S., 114 S.Ct. 1793 (1994) is even more remote.  The
issue in Staples was whether a federal statute requiring the
registration of certain firearms had any mental state element at all.
The Court ultimately ruled that there was a presumed knowledge element,
but did not in any way impute that a defendant had to know his acts
were illegal to violate the provision.

5.   **Most civilizations have understood the wrongfulness of bribery.**
Judge Noonan has traced the origins of this understanding in the
West back to the prophet Ezekiel. See John T. Noonan, **Bribes (1984).**
**In our political culture, bribery ranks with treason as one of the**
**only two crimes specifically mentioned in the Constitution.** See
Article II, Section 4.

59.  Plaintiffs assert that, defendants acted in concert and in conspiracy

to commit "bribery" of Judge AMBROSE, Judge Brown and United States District

Court Judge James Ware and Spencer Williams and did, in effect, received the

"quid pro quo" in return from those judicial officer a GOVERNMENTAL ABSOLUTE

IMMUNITY for 'private corporations and private parties' and RETROACTIVE

"appointment to status as officers of the federal government" 18 U.S.C. §913.

The "court did a favor" and such is a matter of record in GABOR v. FRAZER

until the end of time or the ten year statute of limitation from the last act.

60.  Defendants "HUMANE SOCIETY" has alleged that plaintiff's business is required to have a PERMIT to be lawful in the state of California, this false statement, a matter of record is in conflict with California Civil Code §§ 610, 611 and 655 concerning the "business in animals defined §731.10" as follows:

> **California Civil Code §731.10. Animals.**
> Where any part of the principal consists of animals <u>employed in business</u>, the provisions of Section 731.09 shall apply; and in other cases <u>where animals are held as a part of the principal partly or wholly because of the offspring or increase which they are expected to produce, all offspring or increase shall be deemed principal to the extent necessary to maintain the original number of such animals and the remainder **shall be deemed income;**</u> and in all other cases such offspring or increase shall be deemed income. **Leg.H.** 1968 ch. 193, effective July 1,1968.

61.  Plaintiffs assert and declare that the California Constitution, Article I, Section 1 provides the RIGHT OF OWNERSHIP as written, without "inserting any words to pervert the legislative intent" any "property or income from ALL DOMESTIC ANIMALS EMPLOYED IN BUSINESS" pursuant to California Civil Code, Title II- OWNERSHIP, §679, quoting as follows:

> **California Civil Code §679. Absolute Ownership Defined.**
> The ownership of property is absolute when a single person has the absolute dominion over it, and may **use it or dispose of it according to his pleasure**, subject only to general laws. **Leg.H.** 1872.

62.  Plaintiffs declare that the HUMANE SOCIETY OF SANTA CLARA VALLEY and the AMERICAN KENNEL CLUB, INC. are NOT LEGISLATURE OR CONGRESSIONAL "rule making bodies" and their " membership" violate laws, state and federal, by fraudulently representing themselves as such "governmental authorities" as **"STATE HUMANE OFFICERS"** seizing property SUBJECT TO STATE OF FEDERAL FORFEITURE laws under California Civil Code §607g which provides NO SUCH DELEGATED POLICE OR LEGISLATIVE authority, published as follows:

> **California Civil Code §607g. Issuance by Humane Officers of Notice to to Appear in Court for Violation of Animal Control Laws.**
> The governing body of a local agency, by **ordinance**, may authorize **employees** of public pounds, societies for the prevention of cruelty to animals, and humane societies, who have qualified as **humane officers pursuant to Section 607f**, and which **societies or pounds**

**have contracted** with such local agency to **provide animal care** or protection services, to **issue notices to appear** in court pursuant Chapter 5c (commencing with Section 853.5) of Title 3 of Part 2 of the Penal Code **for violations of state or local animal control laws.** Such employees shall not be authorized to take any person into custody even though the person to whom the notice is delivered does not give his written promise to appear in court. **The authority of such employees is to be limited to the jurisdiction of the local agency authorizing the employees.** Leg.**H.** 1973 ch. 1155.

63.  Plaintiffs declare that, they are citizens with statutory RIGHT TO OWN, USE PROPERTY purchased in commerce (business) and to employ such property in commerce TO THE EXCLUSION OF "strangers and members of humane society  and American Kennel Club,Inc. of New York, N.Y." under California Civil Code, Title 5- NONPROFIT COOPERATIVE AGRICULTURAL MARKETING ASSOCIATION, Section 610. and TAX CODE 61-Small Business.

**California Civil Code §610. Declaration of Policy.**
In order to promote, foster and encourage the intelligent and orderly marketing of agricultural products through cooperation; to eliminate speculation and waste; to make the distribution of agricultural products between producer and consumer as direct as can be efficiently done; and to stabilize the marketing of agricultural products, this act is passed. **Leg.H.** 1923 ch. 103, 1980 ch. 679.

64.  Plaintiffs declare that "marketing DOGS" is a lawful business in the United States of America under the Commerce Clause, see 7 U.S.C. §§ 2131-2159, the Animal Welfare Act of 1970 as amended and recognized by the **Internal Revenue Service** as a "Agricultural Activity and a SMALL BUSINESS" on the reverse side of 1040 Schedule F, **Complaint Exhibit # 3 page 15.** quoting:

**Caution:** File **Schedule C** (Form 1040), Profit or Loss From Business, or **Schedule C-EZ** (Form 1040), Net Profit From Business, instead of Schedule F if:

* Your principal source of income is from providing agricultural services such as soil preparation, veterinary, farm labor, horticultural, or management **for fee or on a contract basis**, or

* **You are engaged in the business of breeding, raising, and caring for dogs, cats, or other pet animals.**

65.  Plaintiffs JOHN and KAY GABOR filed 1040 Form with the IRS not BOARD

1  of EQUALIZATION, HUMANE SOCIETY OF SANTA CLARA VALLEY, AMERICAN KENNEL CLUB,

2  INC. as required BY LAW and defendants committed acts to create a pattern of

3  collection of unlawful debt under fraud and false pretense of THEIR POLICE

4  POWER and legislative power to PREEMPT federal law, federal civil rights and

5  federal statutory authority designated title 7 U.S.C. §§ 2132 and 2159 which

6  established "federal domain and rule making authority" and prohibits 'delegation

7  of governmental function" under the <u>doctrine of separation of powers</u> and the

8  SUPREMACY CLAUSE of the Constitution of the United States.

9      66.    Plaintiffs "property, real and personal" was subjected to

10  robbery and extortion" by "provide persons impersonating federal officers" in

11  violation of the laws and the state constitution and the Public Laws and the

12  Constitution of the United States and the United States District Court has

13  jurisdiction to issue the "appropriate orders", injunctive relief and monetary

14  damaged to plaintiffs GABOR pursuant to 18 U.S.C. §§ 1964(a) and (c) and

15  42 U.S.C. §§ 1983-1985 for deprivation of civil rights under color of law,

16  real or assumed, in a conspiracy against civil rights under color, title

17  18 U.S.C. §§ 241 and 242.

18      67.  Plaintiffs provide DOCUMENTS which are explicit evidence of fraudulent

19  representation of POWER TO VIOLATE PRIVACY sent through the United States Mail

20  under title 18 U.S.C. § 43. AMERICAN KENNEL CLUB, INC. and HUMANE SOCIETY OF

21  SANTA CLARA VALLEY through their employees MIKE REILLY and MICHAEL S. FRAZER

22  are the "principals" perpetrating the scheme within the State of california

23  acting in collusion with civil or public officials to commit "burglary" and

24  to unlawfully obtain personal and business records to locate PROPERTY which

25  shall be subjected to THEFT by "warrant procured from a state or federal judge

26  selling his or her judicial power" to directly or indirectly appropriate the

27  property of others.  The "SCHEME" is defined in the state case recently

28  published, see <u>People v. Nguyen</u> (November 15,1995) 40 Cal. App. 4th 28.

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 27 of 51

1    "The primary issue in this case is whether Nguyen committed
     burglary when he entered a house with the intent to steal property
2    by giving the victim a worthless check in exchange for various items.
     We conclude the conduct constitutes burglary.
3         Hung Hao Nguyen was convicted of three counts of burglary
     (Penal Code, 1 § 459 ).  In each count the victim advertised a item
4    for sale in a local newspaper.  Nguyen responded to the advertisements.
     The victims allowed Nguyen inside their homes.  Once inside Nguyen
5    negotiated a price for the items and paid by check.  In each case,
     Nguyen wrote a check on an account he had earlier personally closed.
6    The purchase price of the items ran from $135 to $560."

7    68.  Plaintiffs will provide documents from other victims to establish

8    that defendants AMERICAN KENNEL CLUB, INC. and HUMANE SOCIETY OF SANTA CLARA

9    VALLEY's criminal twist on the scheme consisted of the use of the CLASSIFIED

10   ADVERTISEMENTS in the SAN JOSE MERCURY and included their obtaining the names

11   and personal address of the "victims" by coordinating the RECORDS OF TITLE

12   from AMERICAN KENNEL CLUB, INC. to collect "BLACK RENTS" from "breeders

13   marketing direct to the public" to enable A.K.C., INC. to assess $18 to $38

14   from the owner for each unit marketed and enlisted "sham buyers" to "case the

15   victims private home" for a estimate of the "property which would be stolen by

16   WARRANT" from a participating judge.  Buyers were also told that the DOGS MUST

17   be registered and certified by AKC or they were not "real dogs" and they were

18   defrauded by the "seller" and they could sue the sellers of NON-AKC products

19   or stop-payment on checks given to breeders marketing dogs.  FRAZER took the

20   scheme further by sending letters of "inquiry or investigation" to previous

21   buyers telling them that the "breeders" had violated the law and that they

22   could DEMAND THEIR MONEY BACK if the dog became ill or required any care after

23   purchase, such as food, grooming or poop-scooping or contracted fleas, worms

24   or if flies were attracted to the fecal deposit of the purchased dog within

25   a year.  COMPLAINT EXHIBIT # 11 page 114 and 115.

26   69.  Plaintiffs will provide documents form the records of other civil

27   complaints pending cases in United States District Courts throughout the nation

28   which establish "the protection racket" defined in People V. Torres (1995)

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 28 of 51

33 Cal. App. 4th 37 at n. 1, 5, 6 and 7.  Quoting:

"                        FACTS AND PROCEEDINGS BELOW

        Defendant was a "rent"collector for the 18th Street gang in
Los Angeles.  His duty was to collect payments, referred to by the
gang as " rent " from drug <u>dealers in the gang's territory for the
privilege  of doing business there.</u>  As we describe more fully below,
one night defendant's <u>rent collecting activities went too far and he
shot and killed</u> Jose Argueta, on of the drug dealers from whom he
was attempting to <u>collect rent.</u>  The same night, <u>defendant also
attempted to obtain money at gun point from Jose Gonzales who **was not
a drug dealer but simply a passer-by on his way to his car.**</u>

        . . . . . ..

                        DISCUSSION
    1.    <u>A WITNESS MAY NOT EXPRESS OPINIONS ON THE DEFINITION OF</u>

<u>CRIMES, WHETHER A CRIME HAS BEEN COMMITTED OR ON THE DEFENDANT'S</u>

<u>GUILT.</u>

        Officer Tracker of the Los Angeles Police Department was
an expert witness for the prosecution.  He testified he was familiar
with the street gangs in general the 18th Street gang and that
defendant was a member of the 18th Street gang.  He also testified
he was familiar with the term " collecting rent " as used by memebers
of the 18th Street gang.
        Asked what that term meant, Tracker testified,
        "[T]he individuals who want to come into their area and sell
        narcotics, they must pay a certain amount of rent to the 18th
        Street gang in order to sell their narcotic in that
        neighborhood." <u>1/</u>

Footnote 1.  We doubt the gang members selected the term "collecting rent"
        based on their knowledge of English history.  However, it is
        interesting to note the similarity between "collecting rent" as
        practiced by the 18th Street gang and **black-mail**," meaning
        **black-rents**" as practiced by freebooting chiefs in the north of
        England and in Scotland in the 16th Century who collected **tributes**
        [ **"rents"** ] in the <u>form of crops, work, goods or metal baser than
        silver for protection from pillage</u>.  (Perkins & Boyce, Criminal Law
        (3d ed. 1982) 45); Lindgren, <u>Unraveling the Paradox of Blackmail</u> )
        (1984) 84 Colum. L.Rev. 670, 674, fn. 24.)

        Tracker was then asked to describe how "collecting rent"
worked.  He responded:
        "[C]ertain gang members] are given a particular area. They are
        given the responsibility of collecting money from narcotics
        dealers in that particular area. That individual would then go
        out, confront these individuals and have [the dealers] pay that
        individual <u>for the purpose of allowing them to sell narcotics
        in that neighborhood.</u>"

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 29 of 51

1    As to why the drug dealers would give money to the gang members,
     Tracker testified:
2        "I can answer that by example.  If I were [dealing drugs], if
         someone pointed a gun to me and said give me your money if you
3        want to deal here.  I am going to kill you, I would do that,
         because I am afraid for my life, afraid for my safety . . . .
4        It's a matter of staying alive.  It's exactly the matter of
         staying alive."
5        On cross-examination, the following colloquy took place between
     defense counsel and Officer Tracker.
6        "Q. And this 'collecting rent,' would you describe that as
         basically extortion?
7
         "A. Not exactly, no."
8        No error is assigned to the evidence up to this point. However,
     on redirect examination, without objection from defense counsel, the
9    following colloquy took place between the prosecutor and Officer
     Tracker.
10       "Q. You just had a question which is, would you consider this
         'collecting of rent' basically extortion.  You said not exactly.
11       How would you describe it?
         "A.  Well, I would describe it as a **robbery.  My definition**
12       **of robbery is taking of someone's personal property through**
         **force or fear with the immediate danger of something happening**
13       **to you.**  I know that is taking place.  That is what happened in
         this particular case.  Then when you get extortion, yes, that is
14       happening also, but it's a two-fold issue.
         **"Q. What's extortion?**
15       "A. Extortion is taking of somebody's personal property with
         fear of a later threat against yourself.
16       "Q. In other words, if I have a gun on you right now and demand
         your money, what is that?
17       "A. It's a robbery."

18       . . . . . . . . .

19       Opinion testimony is generally inadmissible at trial. (**Evid.**
     **Code,  §§ 800, 801.**) Opinion testimony may be admitted in circumstances
20   where it will assist the jury to understand the evidence or a concept
     beyond common experience.  Thus, expert opinion is admissible if it is
21   "related to a subject that is sufficiently beyond common experience
     [and] would assist the trier of fact." (**Evid. Code, § 801, subd. (a).)**
22   **Expert opinion is not admissible if it consists of inferences and**
     **conclusions which can be drawn as easily and intelligently by the**
23   **trier of fact as by the witness.**  (In re Cheryl H. (1984) 153 Cal. App.
     3d 1098, 1121 [ expert opinion about who molested child not admissible].)
24   In an often quoted statement of the rule, Chief Justice Gibson of our
     [California] Supreme Court explained:  "['T]he decisive consideration
25   in determining the admissibility of expert opinion evidence is whether
     the subject of inquiry is one of such common knowledge that men of
26   ordinary education could reach a conclusion as intelligently as the
     witness or whether on the other hand, the matter is sufficiently
27   beyond common experience that the opinion of an expert would assist
     the trier of fact." (People v. Cole (1956) 47 Cal. 2d 99,103.) As
28   Judge Learned Hand explained, in more colorful language, expert

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 30 of 51

testimony must ordinarily relate to "certain propositions of general applicability, or laws of nature, which are not heritage of the ordinary man whom the jury, like the Greek chorus, heroically shadow forth." (Hand, **Historical and Practical Considerations Regarding Expert Testimony** (1901) 15 Harv. L.Rev. 40,55.)

With these principles in mind we turn to the opinions expressed by Officer Tracker in the case before us.

A.    A Witness May Not Express an Opinion as to the Definition of

a Crime.

Early in our state's [California] judicial history our Supreme Court held the definition of a statutory term is a matter of law on which the court should instruct the jury; it is not a subject for opinion testimony, (People v. Carroll (1989) 80 Cal. 153, 158; People v. Rose (1890) 85 Cal. 378, 382; People v. Gosset (1892) 93 Cal. 641, 645-646.)  As an appellate court has more recently noted, **"It is the court and not the witness which must declare what the law is, it not being within the province of a witness, for example, to testify as to what constitutes larceny or burglary."** ( People v. Clay (1964) 227 Cal. App. 2d 87, 98.)

There are two reasons why opinion evidence on the meaning of a statute is inadmissible.  First, as noted in People v. Carroll, supra, 80 Cal. 153, leaving the definition of statutory terms to be proved or disproved in every case **"would lead to great uncertainty in the administration of justice."** (Id. at p. 158.) Second, it is the duty of the trial judge to instruct the jurors on the general principles of law pertinent to the case (People v. Daniels (1991) 52 Cal. 3d 815, 885); therefore the jury has no need for such opinion evidence from the witness. As Wigmore explains:

"The exclusion of testimonial opinion rests here on a ground slightly different from that of all instances. The general principles . . . is exemplified, to be sure, that the tribunal does not need the witness' judgment and hence will insist on dispensing with it.  But here it is not that the jury can of themselves determine equally well; it is that the judge (or the jury instructed by the judge) can determine equally well. The principle is the same; but the peculairity is that a different
     member of the tribunal is relied upon as equipped with the data.  It is not common knowledge of the jury which renders the witness' opinion unnecessary, but the special legal knowledge of the judge." (7 Wigmore on Evidence (1978) § 1952, p. 103; emphasis in original, fn. omitted.) **2/**

Footnote 2.    We recognize there may be limited circumstances where an expert's testimony will assist the jury such as where the terms used in the statute are not within the common experience of the ordinary person. This case does not fall within such an exception.

In the present case, Officer Tracker's definition of robbery and extortion were wide of the mark. (See discussion of robbery and extortion, infra, pp. 14-16.)  However, the issue is not whether the witness's definition was substantially correct but whether it was admissible as evidence. (Carroll, supra, 80 Cal. at pp. 157-158.)

For the reasons explained above, it is for the court to instruct the jury as to what constitutes an offense, not the witness.

B. A Witness May Not Express an Opinion as to the Guilt or Innocence of the Defendant.

A consistent line of authority in California as well as other jurisdictions holds a witness cannot express an opinion concerning the guilt or innocence of the defendant. (People v. Brown (1981) 116 Cal. App. 3d 820, 829; People v. Clay, supra, 227 Cal. App. 2d at pp. 98-99 [citing cases].) As explained in Brown and Clay the reason for employing this rule is not because guilt is the "ultimate issue of fact" to be decided by the jury. Opinion testimony often goes to the ultimate issue of the case. (See Brown, supra, 116 Cal. App. 3d at pp. 827-828 and cases cited.) Rather, opinions on guilt or innocence are inadmissible because they are of no assistance to the trier of fact. To put it another way, the trier of fact is as competent as the witness to weigh the evidence and draw a conclusion on the issue of guilt.

C.    A Witness May Not Express an Opinion as to Whether a Crime Has Been Committed.

Although we have found no California case directly on point, we believe the same rational which prohibits the witness from expressing an opinion on the meaning of statutory terms or the guilt of the defendant also prohibits the witness from expressing an opinion as to whether a crime has been committed.

As discussed above, the rational for admitting opinion testimony is that it will assist the jury in reaching a conclusion called for by the case. "Where the jury is just as competent as the expert to consider and weigh the evidence and draw the necessary conclusions, then the need for expert testimony evaporates." (Lampkins v. United States (D.C. Ct. App. 1979) 40 A.2d 966,969 [police officer could not express opinion as to whether a robbery had occurred].) There are some crimes a jury could not determine had occurred without the assistance of expert opinion as to an element of the crime. 3/ Robbery and extortion, however, are not among them. Neither, unfortunately, are "sufficiently beyond common experience," that the jury needs an expert to determine whether they have been committed. The jury clearly was competent to determine from the evidence and the court's instruction whethe defendant intended to rob or extort Argueta and Gonzales.

For the reasons set forth above, we conclude it was improper for Officer Tracker to testify as to the meaning of the terms robbery and extortion and to express the opinion the crimes committed in this case were robberies. Furthermore, under the facts of this case, expressing the opinion the crimes were robberies was tantamount to expressing the opinion defendant was guilty of robbery and the first degree felony murder of Argueta."

Footnote 5.    Note, A Rationale of the Law of Aggravated Theft

1    Footnote 6.    The paradox of a taking which is both consensual and the
2        result of force or fear has been the subject of numerous court
         decisions and commentaries. (See, e.g., People v. Peck (1919) 43 Cal.
3        App. 638, 645; Perkins & Boyce, supra, at p. 451; Note, Rationale of
         the Law of Aggravated Theft, supra, at pp. 85-86; La Fave & Scott,
4        Handbook on Criminal Law (1972) 707.) (1951) 105 Cal.App. 2d 708, 709
         [based on defendant's threats victim went to bank, withdrew money and
5        gave it to defendant].) Extortion does, however, require the specific
         intent of inducing the victim to consent to part with his or her
6        property. (People v. Hesslink, supra, 167 Cal. App. 3d at p. 789.)

7    Footnote 7.    A distinction traditionally drawn between robbery and
8        extortion is that a person commits robbery when he threatens immediate
         harm to the victim whereas he commits extortion when he threatens
         future harm to the victim. (Lindgren, Unraveling the Paradox of
8        Blackmail, supra, 84 Colum. L.Rev. at p. 673,fn. 15; and see People
9        v. Hopkins, supra, 105 Cal. App. 2d at p. 709 [defendant told victim
         unless he gave defendant money he would be "bumped off" by "gangsters
10       from Chicago;" conviction of extortion affirmed].) Here, defendant
         threatened Argueta with immediate harm in contrast to the incident
11       earlier in the day in which he threatened Argueta with future harm,
         telling him if he did not pay money to defendant, "[Y]ou will see."

12

13    70.   Plaintiffs direct defendants to AFFIANT MICHAEL S. FRAZER'S statement

14   as the ONLY WITNESS TO A FUTURE CRIME in support of "seizure and forfeiture"

15   to the officer under Penal Code § 1536 . . . . under state and federal

16   forfeiture laws. Defendants MICHAEL S. FRAZER, HUMANE SOCIETY OF SANTA CLARA

17   VALLEY, BOARD OF EQUALIZATION and AMERICAN KENNEL CLUB, INC. are not "victims

18   or judge, jury" acting under color of statutory authority for the STATE OF

19   CALIFORNIA or the UNITED STATES OF AMERICA. . . .therefore "victims GABOR,

20   the lawful owners of property" subjected to "robbery and extortion by false

21   pretense" herein charge defendants with CONSPIRACY TO COMMIT PREDICATE ACTS

22   IN FURTHERANCE OF A PATTERN OF RACKETEERING ACTIVITY as "private corporations

23   and private parties, individuals impersonated governmental officers" and

24   subject to civil damages, treble monetary damages as provided 18 U.S.C. § 1964

25   for injuries to JOHN and KAY GABOR's "business and personal property" as a

26   matter of law under the GABOR'S equal protection rights under the Constitution

27   of the United States and 18 U.S.C. §§ 241 and 242 et seq. and 42 U.S.C.

28   §§ 1983 and 1985 for deprivation of "property, due process and injunctive relief".

GABOR TITLE  18  & 42 CIVIL COMPLAINT

**VI. SIXTH CAUSE OF ACTION: CONSPIRACY TO LAUNDER STOLEN PROPERTY**

**THROUGH HUMANESOCIETY OF SANTA CLARA VALLEY BY CALIFORNIA ATTORNEY**

**GENERAL, COUNTY OF SANTA CLARA COUNTY UNDER OPEN ENDED RACKETEERING**

**ACTIVITY IN VIOLATION OF 18 U.S.C. §§ 1956 and 1957 AS SCHEME**

**CONIZABLE UNDER R.I.C.O. BETWEEN 1990 and 1996 INTERFERING WITH**

**COMMERCE BY THREAT, EXTORTION, ROBBERY UNDER FALSE PRETENSE OF**

**COLOR AND DELEGATED GOVERNMENTAL LEGISLATIVE AND POLICE POWER**

**TO "private corporation and private parties" UNDER CALIFORNIA CIVIL**

**CODE §§ 607f-607g.**

71. Plaintiffs provide documents in support of the OPEN-ENDED CONTINUITY pattern of predicate acts by defendants acting in conspiracy to create unlawful MONOPOLY in RESTRAINT OF TRADE AND COMMERCE by procuring WARRANT and to falsely represent "private individuals" as officers acting on behalf of the UNITED STATES OF AMERICA and ATTORNEY GENERAL OF THE UNITED STATES to effectuate "eminent domain" forfeiture to HUMANE SOCIETY OF SANTA CLARA VALLEY the lawful real and personal property of citizens of the State of California and the United States for unlawful economic gain. See **COMPLAINT EXHIBITS NO. 4, 5, 6, 7, 8, 9, 10, 11, 12,13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24.**

72. Plaintiffs allege that the "predicate acts subjected upon GABORS and ROBERT MINDEN/ ANN MITCHELL" were a "open-ended Continuity" of the scheme to fraudulently convey the LAND and personal property to defendants for the payment of BRIBES TO JUDICIAL OFFICERS, MEMBERS OF THE EXECUTIVE BRANCH AND EMPLOYEES OF THE STATE AND COUNTY GOVERNMENTS OF CALIFORNIA though private corporations doing business as AMERICAN KENNEL CLUB, INC. of New York, New York and HUMANE SOCIETY OF SANTA CLARA VALLEY of California in violation of 18 U.S.C. §§ 1962 et seq. and title 15 U.S.C. § 1.

73. Plaintiffs shall prove that the "private corporations" have NO STANDING or property interest in the "property, real and personal" owned by

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 34 of 51

1  John and Kay Gabor at any time.  Plaintiffs GABOR shall also provide DOCUMENTS

2  of owners ANN MITCHELL, ROBERT MINDEN, LAWRENCE FREY, KENNETH L. HERSHEY,SR.,

3  KENNETH L. HERSHEY, JR., RICHARD AND CAROL BECKWITH, LORI CLAY, DAVID BANDY,

4  SHARON MARTIN, ROBERT AND DENISE LEATHEM, LEE LARKIN, SHARON AND MICHAEL

5  OBERHOLTZER, BETTY JUNE SMITH, KAY COOK, FRANCINE O'DONNELL, CLIFFORD MURPHY,

6  CARL AND KARIN SNIDER, ARTY AND MARJORIE PHELPS to establish that AMERICAN

7  KENNEL CLUB, INC. and HUMANE SOCIETY OF SANTA CLARA VALLEY have appeared on

8  20/20, CNN, ABC, NBC, and other national broadcasting news programs to falsely

9  represent their "corporations as federal regulators" with statutory authority

10 to SEARCH AND SEIZE ALL privately owned domestic animals and convey them and

11 all real and personal property to MEMBERS of their CLUBS for public use and

12 to ISSUE APPROPRIATE ORDERS TO FORCE CITIZENS TO DIVEST THEMSELVES OF ALL

13 PROPERTY EMPLOYED IN COMMERCE FOR 1 to 7 years as JUDGES APPOINTED BY A.K.C.,

14 INC. and the federal officers appointed by CAPTAIN MICHAEL S. FRAZER and

15 trained in "paramilitary terrorism procedures" to commit "animal enterprise

16 terrorism" and theft of "animals and records of functioning privately owned

17 animal enterprises" by the elements defined in 18 U.S.C. §§ 1951 et seq. and

18 **Interference with commerece by threat and violence in violation of R.I.C.O.**

19 **by "bribery of judicial officer" in violation of  18 U.S.C. § 201 and California**

20 **Penal Code §186.**

21        74.  Plaintiffs shall charge defendants with violation of 18 U.S.C.

22 § 1001, effective September 13, 1994, by making false statements and filing

23 them in the United States District Court and the Court of Appeals for the

24 Ninth Circuit in the Cases Numbered 95-CV-20617 JW and Docket No. 95-17113

25 asserting that STOLEN PROPERTY could be transferred by SUMMARY JUDGMENT upon

26 filing "unauthenticated" asserting without ANY AFFIDAVITS FRCivP Rule 12(b)(6)

27 to intentionally effectuate "perversion of justice by false statements" as

28 "principals" under 18 U.S.C. § 2. See Naftzger v. American Numismatic Society

GABOR TITLE  18 & 42 CIVIL COMPLAINT                    page 35 of 51

42 Cal. App. 4th 1806b, 49 Cal. Rptr. 2d 784 (March 4,1996), quoting:

"1. On page 4, after the end of the paragraph at line 3, and before the first full paragraph beginning with the words, "We recognized that our holding," insert a new paragraph to read as follows:

We also express no opinion as to whether, in cases covered by other statutes permitting the disposition of <u>stolen, lost, or unclaimed property</u> (see e.g., Civ. Code, § 2080.5 [authorizes police or sheriff's department to sell lost and unclaimed property by public auction in certain cases when <u>the owner cannot, with reasonable diligence, be found</u>], Pen. Code, §§ 246.1, subd. (f), Veh. Code, §§ 14607.6, subd. (1), 23198, subd. (g)[authorizes the sale of <u>stolen vehicles</u> or firearms whose owners <u>cannot be reasonably identified</u>]), the owner has any recourse under section 338, subdivision (c) against the purchaser of the property. **We further note that while this case involves the sale of stolen coins, the sale was conducted by a private party,**
                    **the alleged thief,**
**and not by a coin dealer governed by Business and Professions Code Section 21626 et seq.** Thise sections, among other things, require coin dealers to file daily reports, after receipt or purchase of coins, with the chief of police or sheriff, and to hold the coins for 30 days before disposing of them. We express no opinion as to whether the owner has any recourse under section 338, subdivision (c) against one who buys stolen coins from a coin dealer following the 30-day waiting period of Business & Professions Code section 21636.

2. On page 4, beginning at the first full pantence in the paragraph at line 4, insert the following in front of the word "We," dropping the initial cap in "We," se that the sentence now reads:

With these limitations in mind, we recognize that our holding, which applies a discovery rule of accrual to any article stolen prior to the effective date of the 1983 amendment to section 338, subdivision (c), is broader in scope than the amendment's discovery rule, which applies only to articles of historical, interpretive, scientific, or artistic significance.
. . . . .

4. On page 13, line 10, the first full sentence of the second paragraph is changed to read as follows:

**The stolen property situation thus runs contrary to the general rule in California that knowledge of the identity of the defendant is not essential to a claim and ignorance of the defendant's identity will not toll the statute of limitations.**

5. At the top of page 17, the first four sentences beginning at line 1 with, "We do not decide" and ending at line 11, "property?" are deleted, and in its place, the following:

We do not decide, for example, if an owner who fails to file a a lawsuit under the prior version of section 338, subdivision (c) **within three years of discovering the property's whereabouts**

will be time-barred if the thief or subsequent possessor later moves the stolen property to an unknown location, sells, or continues to withhold the stolen property. In those situations, the thief's or subsequent possessor's

**new acts of concealing, selling, or withholding the stolen property**

may trigger new limitations periods under Penal Code section 496. If a criminal prosecution is successfully brought, the owner will be entitled to repossess the stolen property under Penal Code sections 679.02 or 1411. But if no criminal prosecution is filed, will the owner be time-barred under the prior version of section 338, subdivision (c), simply because the owner did not sue within three years of the discovery of the whereabouts of the property?

6.  On page 17, before the full paragraph at line 15, beginning with, "We note that under New York's demand rule of accrual, the limitation period," insert a new paragraph, as follows:

We leave these troubling questions to be resolved in an appropriate case where the owner has failed to file a lawsuit within three years of discovering the person in possession of property stolen prior to the effective date of the 1983 amendment to section 338, subdivision (c). We defer until then the question of whether the statute of limitations will ever run against the owner in those situations.

7.  On page 17, second line from the bottom, all sentences after "lawful title." to the end of the paragraph on page 18 are deleted, and in its place, the following:

New York thus avoids the prospect of allowing the person in possession of the stolen property to acquire, in effect, stolen property by expiration of the statute of limitations. (See O'Keefe v. Synder, supra, 83 N.J. 478 [416 A. 2d at pp. 870-874], which rejects the doctrine of adverse possession with regard to chattels, but acknowledges that the effect of the expiration of the statute of limitations is to vest title in the possessor.)

8.  At the bottom of page 20, the last sentence of the third paragraph under section IV, beginning with the words, "While he thus appears," should be changed to read as follows:

While he thus appears to have acted blamelessly, he was not entitled to quiet title by adverse possession on summary judgment.

(FRCivP Rule 12(b)(6) )

9. On page 21, line 5, the last sentence in the first paragraph, after the citation should be deleted.
The subsequent paragraph break should also be deleted, so that the the sentence, immediately following the citation, should now read:

1

> To our Knowledge, adverse possession has never been applied in California to quiet title to stolen property.

2

10. On page 21, third paragraph, beginning at the first full sentence at line 16, insert the following in front of the word "We," dropping the initial cap in "We," so that the sentence now reads:

3

4

> We do not decide, however, whether the doctrine of adverse possession applies to stolen personal property as a matter of law, because we fail to see how any reasonable person could say that Naftzer possessed the coins in an open and notorious manner prior to the museum's discovery of their whereabouts."

5

6

7

8    75.  Plaintiffs herein allege that defendant, each and every one of them,

9  entered into a conspiracy to bribe district court judge JAMES WARE to effect

10  an ruling which is in "irreconcilable conflict with clearly established law"

11  by finding that QUIETING TITLE OF STOLEN PROPERTY is effectuated by granting

12  defendants Motion to Dismiss, through COUNSEL, FRCivP Rule 12(b)(6) based

13  upon failure to state a claim (THEFT BY FALSE PRETENSE) and 1 year statute

14  of limitation under title 42 U.S.C. §§ 1983 with no RESTITUTION under title

15  18 U.S.C. § 43. Animal Enterprise Terrorism

16

> (c) Restitution.—An order of restitution under section 3663 of this this title with respect to a violation of this section may include restitution—

17

> (1) for the reasonable cost of repeating any expermentation that was interrupted or invalidated as a result of the offense; and

18

> (2) the loss of food production or farm income reasonable attributable to the offense.

19

20

> **EDITORIAL NOTES**

21

> Short Title. Section 1 of Pub.L. 102-346 provided that: This Act [enacting this section and a provision set out as a note under this section] may be cited as the 'Animal Enterprise Protection Act of 1992'."

22

23

> **Study of Effect of Terrorism on Certain Animal Enterprises** Section 3 of Pub.L. 102-346 provides that:

24

> "(a) Study.— The Attorney General and the Secretary of Agriculture shall jointly conduct a study on the extent and effects of domestic and international terrorism on enterprises using animals for food or fiber production, agriculture, research, or testing."

25

26

27   76. Plaintiffs assert, that Congress' intent was to PROTECT 1040 Schedule

28  C and Schedule F "small business and agricultural activity" income/profit.

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 38 of 51

77.  Plaintiffs assert that the defendants maintained a corrupt and unlawful contract with United States District Court Judge JAMES WARE knowingly to USE HIS mental disorder to their advantage in the scheme to procure warrants and grant "absolute immunity" for former co-workers and his former employer Santa Clara County in a conspiracy against civil rights under color of official right.  See United States v. Kao (April 11,1996) 96 Daily Journal D.A.R. 4190 (9th Cir. 1996).

78.  Plaintiffs allege that, JAMES WARE a black man, personally uses his appointment to the federal bench to "do favors for his friends" and to execute retaliatory acts against "whites or other classes subject to deprivation of rights" by unlawful exercise of governmental police power. Ware's personal belief that, he and all judges are granted their PERSONAL RIGHT as "kings and masters of the people within their jurisdiction is repugnant to the laws and the Constitution of the United States. .. .but a usual pattern of doing business in the San Jose Federal Courthouse since the United States Supreme Court, by the San Jose Mercury News interpretation, granted Judge Aguilar the right to continue "racketeering activities with his Mafia friend" and remain on the bench to provide "kickbacks" as needed to pervert justice and continue the economic benefits of corruption under federal employment.

79.  Plaintiffs assert that JAMES WARE knew that AMERICAN KENNEL CLUB INC. and HUMANE SOCIETY OF SANTA CLARA VALLEY were "private corporations" and "persons" subject to criminal prosecution and the fines would be paid to the United States Treasury, his employer and not him should he not extend them "immunity" to continue his unlawful gifts and tributes for violation of title 18 U.S.C. § 201 as in the past when his used his employment as Superior Court Judge for Santa Clara County to assist District Attorney HIMMELSBACH to violate civil rights by using warrants to assert ownership over property or KIDNAP to obtain extortion as a means of collecting ransom from innocent citizens.

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 39 of 51

80.  Plaintiffs assert that Santa Clara County Board of Supervisors and District Attorney George Kennedy continues the USE OF DISTRICT ATTORNEY STATIONARY to provide "fraudulent seizure power" to Captain MICHAEL S. FRAZER to effectuate his "burglary and robberies" after removal from the San Jose Police Department for "burglary and robbery during working hours" as a free-lance occupation in uniform and with the GUNS and use of the County Jail to incarcerate those kidnapped until they provided PAYMENT for their release or to "fabricate criminal charges to prosecute those resisting payment under threat of CUSTODY DEATH SYNDROME"(the phrase for those persons dying after arrest or questioning by police officers, in the manner of KOON AND POWELL'S text-book questioning of RODNEY KING on a L.A. freeway).

82.  Plaintiffs assert that the WARRANT for 590 Smokey Court and the WARRANT for 17140 La Rinconada Drive, **COMPLAINT EXHIBIT No. 12 p. 116 and No. 22 pages 185-188** are "explicit evidence of quid pro quo" kickbacks from the Office of the District Attorney to Humane Society Of Santa Clara Valley bearing the "printed name of HIMMELSBACH or KENNEDY" in the left bottom corner of each page to falsely represent that the document was under the SIGNATURE OF A DISTRICT ATTORNEY and lawful in effect to "seize property and assert state prosecutorial power" under California Civil Code §§ 607f and 607g as Captain Frazer, a State Humane Officer acting as a state or federal forfeiture agency under California Penal Code §1536.

83.  Plaintiffs assert that, the defendants are subject to liability under California Tort and Fraud for "acts committed in conspiracy under Penal Code §§ 118, 123, 182, 186, 422.6, 487, 496 for fraud and impersonation of a "governmental officer to commit theft and conceal stolen property from the lawful owners" between 1992 and 1996 in furtherance of a scheme and a pattern of racketeering activity defined under 18 U.S.C. §§ 1951(a) interference with commerce by threat and violence; (b)(1) "robbery"; and (b)(2) "extortion".

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 40 of 51

VII. SEVENTH CAUSE OF ACTION: DEPRIVATION OF FIRST AMENDMENT RIGHT TO PETITION THE COURT FOR REDRESS OF GRIEVANCES AND DEPRIVATION OF DUE PROCESS BY RETALIATORY ACTS AND COLLECTION OF UNLAWFUL DEBT AFTER PLAINTIFFS FILED CIVIL RIGHTS ACTION IN UNITED STATES DISTRICT COURT SEPTEMBER 1994 AND VIOLATION OF 18 U.S.C. § 1001 TO AID AND ABET PERPETRATORS AND OBSTRUCT LAW ENFORCEMENT

84.    Plaintiffs assert that the Board of Equalization employees JOHAN KLEHS, DEAN ANDAL, BRAD SHERMAN, BURTON W. OLIVER, LEE SORENSEN, JANICE MASTERSON, DONALD J. HENNESSY, GLEN BYSTROM, GARY JUGUM, DAVID H. LEVINE, REX HALVERSON , PATTY WOOD, J.W. CORNELIUS, RACHEL M. ARAGON, MARY ANN STUMPF, KIMBERLY PERALTA and LEE COPELAND entered into a conspiracy to collect unlawful debt from plaintiffs John and Kay Gabor knowing that plaintiffs DID NOT OWN A RETAIL STORE subject to regulation in a conpiracy against rights, 18 U.S.C. § 241; also conpiracy against civil rights under color defined 18 U.S.C. § 242 in retaliation for GABOR'S exercise of First Amendment rights.

85.    Plaintiffs assert that defendants "extortion", 18 U.S.C. § 1951(b)(2) "extortion" consisted of unlawful collection of the following monetary amounts on the dates evidently after the action filed September 8, 1994.

| April 29,1995 | Money Order # 64003 | $ 858.00 |
| July 29,1996 | Money Order # 231018 | 942.00 |
| October 30,1996 | Money Order # 768927 | 523.00 |
| January 31,1996 | Money Order # 241165 | 1,000.00 |
| January 31, 1996 | Money Order #241166 | 275.00 |
| | TOTAL | $3,598.00 |

86.    Plaintiffs assert that defendants knew plaintiffs were threatened with "home invasion", "kidnap of family members", "damage to property or the seizure of personal effects" and great bodily injury if they resisted the payment of "extortion or BLACK RENTS for future crops of animals for sale direct to the public" in competition with A.K.C., INC. or HSSCV, INC..

GABOR TITLE 18 & 42 CIVIL COMPLAINT                    page 41 of 51

87.  Plaintiffs assert that the defendants solicited attorneys to commit fraud on the court in reply to <u>GABOR V. FRAZER</u> in the United States District Court for the Northern District of California and before the United States Court of Appeals for the Ninth Circuit, Docketed Case No. 94-17113 and violated title 18 U.S.C. § 1001 and title 28 U.S.C. §§ 1926 and 1927 with intent to unlawfully obtain a unlawful judicial act and obstruct justice, due process with intent to evade prosecution for criminal acts by themselves and the group in association contributing to the conspiracy to bribe judicial officers to "purchase injustice" and "do a favor for corrupt perpetrators" in violation of the laws and constitution of the State of California and the laws and the Constitution of the United States for "unlawful economic gain".

> VIII. EIGHTH CAUSE OF ACTION: DEPRIVATION OF EQUAL PROTECTION UNDER COLOR BY DELEGATION OF GOVERNMENTAL FUNCTION TO PRIVATE CORPORATION IN RETURN FOR "BRIBERY" OF LEGISLATIVE MEMBER AND SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE WITH INTENT TO VIOLATE THE COMMERCE CLAUSE TO BENEFIT A "SPECIAL INTEREST GROUP" AND VIOLATE LAW FOR ECONOMIC GAIN.

88.  Plaintiffs assert that SAM FARR and DAN GLINKMAN conspired to receive bribes in return for "unlawful delegation of their office of trust" to private corporation AMERICAN KENNEL CLUB, INC. and HUMANE SOCIETY OF SANTA CLARA VALLEY, INC. to create "monopoly" and fraudulently collect "license fees" from exempt business under title 7 U.S.C. §§ 2131-2159.

89.  Plaintiffs assert that DAN GLINKMAN continued the "extortion and kickback racket" of MIKE ESPY and WILLIAM DEHAVEN to collect a "share of unlawful profit and collection of unlawful debt" under color in return for trickery and deceit in the interpretation of title 7 United States Code §§ 2131 and title 18 United States Code §§ 43, 667, and 2311 Stolen Property.

90.  Plaintiffs assert that DANIEL LUNGREN, SAM FARR, and DAN GLINKMAN participated in the "predicate acts" knowingly to continue the economic gain from "animal enterprise terrorism" for campaign contributions for unlawful acts.

91.  Plaintiffs assert that STATE OF CALIFORNIA, SANTA CLARA COUNTY, BOARD OF EQUALIZATION, AMERICAN KENNEL CLUB, INC. and HUMANE SOCIETY OF SANTA CLARA VALLEY, INC. and their agents employees and attorneys knew that GABOR were "EXEMPT" from "black rents" when they committed "calculated fraud by authorizing A.K.C., INC. to represent themselves through the U.S.Mail as and "licensing agent and collector" for all private owners owning "dogs" and CAPTAIN MICHAEL S. FRAZER (20/20 Sept. 13,1994) as the OFFICER in charge of searching and seizing all property owned or employed by animal enterprises in the United States on behalf of "federal or state forfeiture laws" to effect a monopoly charging $18-$38 for A.K.C., INC. and $20-$100 within the State of California to "use privately owned agricultural animals" payable to COUNTY BOARD OF SUPERVISORS or animals control and private humane societies.

92.  Plaintiffs assert that defendants contributed to the "collection of black rents" under color of freebooting paramilitary terrorist trained by CAPTAIN MICHAEL S. FRAZER to commit "raids, kidnapping, aggravated theft, burglary, extortion, stalking and the sale of stolen property" as predicate acts committed in furtherance of the scheme or plan to control and effect commerce in agriculture in violation of 18 U.S.C. §§ 667, 1951(a), (b)(1) and (b)(2) deliberately and intentionally between 1989 and 1996 for economic gain by laundering "stolen property" through "Corporations advertising themselves as humane society or veterinarians" in violation of the Commerce Clause and Business and Professions Code §§ 17000-17001 under false pretense of color with advertised "delegated legislative and police power" of "special interest groups" in return for bribes and kickbacks from CORPORATIONS purchasing protection from state and federal tax audits from CALIFORNIA ATTORNEY GENERAL and the Internal Revenue Service under U.S. Attorney MICHAEL YAMAGUCHI and the federal judges sitting in the U.S.D.C. for N. California, San Jose Facility who are ALL FORMER city or county employees of Santa Clara County, California.

GABOR TITLE  18 & 42 CIVIL COMPLAINT                    page 43 of 51

93.    Plaintiffs assert that defendants acted in conspiracy to purchase

DISMISSAL OF CIVIL ACTIONS in return for "bribes" to JAMES WARE and SPENCER

WILLIAMS  and deprive GABORS of right to jury trial for CLAIMS AGAINST DEFENDANTS

committed predicate acts in furtherance of a pattern of racketeering activity

to defraud and oppress citizens of the United States and citizens of the State

of California of civil rights, life, liberty, property and equal protection

under law to aid, abet and encourage the wrongdoing to injure lawful business

owners doing lawful business in the United States as "animal enterprise owners"

in intrastate, interstate and foreign commerce produces and marketing "dogs"

or "domestic animals for home use" direct to the public under California Civil

Code §§ 610-611 and Title 7 U.S.C. §§ 601, 2131-2159 and reporting such lawful

income upon FORM 1040 to the Internal Revenue Service on Schedule C or F in

accordance with law.

IX.    NINTH CAUSE OF ACTION: DEPRIVATION OF CIVIL RIGHTS BY CONSPIRACY
UNDER FALSE REPRESENTATION OF COLOR OF OFFICIAL RIGHT IN RETALIATION
TO OPPRESS AND OBSTRUCT JUSTICE TO DEFRAUD GABORS AND THE UNITED STATES
TREASURY BY "KICKBACKS" AND UNLAWFUL DISPERSAL OF GENERAL FUND OF
STATE TO PRIVATE CORPORATION IN EXCESS OF $500 PER CALENDER MONTH IN
RETURN FOR "BRIBES TO PUBLIC OFFICERS" UNDER CALIFORNIA CIVIL CODE
§§ 607f IN VIOLATION OF 18 U.S.C. §§ 1512-1513 BY "PRINCIPALS AND
ACCESSORIES DOING BUSINESS AS ATTORNEYS, DISTRICT ATTORNEYS, JUDGES,
ANIMALS CONTROL OFFICERS, EMPLOYEES OF U.S.D.A./A.P.H.I.S. IN VIOLATION
OF TITLE 42 U.S.C. §§ 1983-1985 AND 18 U.S.C. §§ 241 AND 242.

94.    Plaintiffs assert that ALL NAMED DEFENDANTS in their official

capacity and in their person are subject to "equal application under law" for

their personal and official contribution to the predicate acts in furtherance

of the scheme, plan or purpose to violate law for unlawful economic gain and

to aid, abet, and encourage "animal enterprise terrorism" to effect, control,

and create a unlawful monopoly in "animals produced for home use and direct

sale to the public" and "animals and activities" free from burden by the

Congressional intent of title 7 U.S.C. §§ 2131-2159 since 1970 and the Supremacy

Clause of the Constitution of the United States and to injury GABOR with intent.

GABOR TITLE 18 & 42 CIVIL COMPLAINT                page 44 of 51

X.   TENTH CAUSE OF ACTION: DEPRIVATION OF DUE PROCESS UNDER NOTICE
OF CLAIM OF UNCONSTITUTIONALITY AS PROVIDED 28 U.S.C. §§ 2403 AND
JUDICIAL REVIEW AS GUARANTEED UNDER TITLE 5 U.S.C. § 706, THE
ADMINISTRATIVE PROCEDURES ACT OF 1966 TO OPPRESS, OBSTRUCT, DELAY AND
DEPRIVE GABORS OF CIVIL RIGHTS, PRIVILEGES AND IMMUNITIES GUARANTEED
BY THE LAWS AND CONSTITUTION OF THE STATE OF CALIFORNIA AND THE LAWS
AND CONSTITUTION OF THE UNITED STATES IN FURTHERANCE OF CORRUPTION
AND PERVERSION OF JUSTICE FOR UNLAWFUL ECONOMIC GAIN UNDER COLOR

95.      Plaintiffs JOHN GABOR and KAY GABOR incorporate into this

record COMPLAINT EXHIBITS as provided Federal Rules of Civil Procedure Rule 7

as evidence admissible in support of CLAIM of deprivation of civil rights and

deprivation of equal protection by perversion and corruption of the judicial

officers in the state and federal courts by defendants in association and

to establish their contribution to the scheme, plan and purpose heretofore

subjecting the lawful business of GABOR to deprivation of "liberty, property,

due process, and equal protection under law" affecting commerce and violating

clearly established law and rights granted GABOR under the First, Fourth,

Fifth, Sixth, Seventh, Eighth, Eleventh and Fourteenth Amendments of the

Constitution of the United States which provide the court jurisdiction and

the obligation under title 18 U.S.C. § 4 and mandate of §§ 1965 to issue the

appropriate orders to defendants and the UNITED STATES ATTORNEY GENERAL JANET

RENO and STATE ATTORNEY GENERAL DANIEL LUNGREN to seek Injunction and

and restraining order, indictments against all defendants contributing to the

predicate acts in furtherance of the wrongdoing to prevent interference with

commerce by threat or violence against "OWNERS" of animal enterprises by the

elements of the criminal conduct defined as "animal enterprise terrorism", see

18 U.S.C. § 43 and § 667.

96. Plaintiffs assert that the acts committed are cognizable claims

and establish that JOHN GABOR and  KAY GABOR have been subjected to deprivation

to civil rights by defendants conspiracy against rights under color of official

right which provide the court with an obligation under 42 U.S.C. §§ 1983-1985.

XI. PRAYER FOR RELIEF

97.  A "honest judicial officer" under 28 U.S.C. §§ 144, 453, 454 and 455."

1. Due process as defined title 5 U.S.C. § 706, ADMINISTRATIVE PROCEDURE ACT of 1966 by a "neutral and unbias judge" and JURY TRIAL OF CLAIMS

2. Judicial review as provided 28 U.S.C. §§ 2403. NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF STATE AND FEDERAL LAW of the following:

a. California Civil Code §§ 607f, 607g Corporations

b. California Civil Code §§ 610, 611 Legislative Policy

c. California Penal Code §§ 597

d. California Penal Code §§ 1524, 1536

e. California Penal Code § 598b.

f. Animal Welfare Act of 1970, 7 U.S.C. §§ 2131-2159

g. Animal Enterprise Protection Act of 1992, 18 U.S.C. § 43

h. The agency action of the HUMANE SOCIETY OF SANTA CLARA VALLEY and their statutory authority under C.P.C. §597 and 7 U.S.C. §§ 2131, 2158.

i. The agency action of Santa Clara Municipal Court to issue a state and federal search and seizure warrant to be executed by "private individual" employed by "private corporation" C.C.C. §607g.

j. The agency action of Board of Equalization to receive "stolen records" and collect unlawful debt from NON-BUSINESS individuals.

k.  The agency action of B.of EQUALIZATION against GABORS as exempt breeders selling direct under 7 U.S.C. §§ 2131 et seq. and C.P.C. §598L. "Pet Shop" shall not include sales from private homes.

m. The AMERICAN KENNEL CLUB, INC. statutory authority to "search records" and sell licenses under title 7 U.S.C. §§ 2132(b) to EXEMPT OWNERS.

n. The "scope of employment" of CAPTAIN MICHAEL S. FRAZER under California Attorney General and United States Attorney General as Badge #1.

o. The Congressional authority of SAM FARR to change 7 U.S.C.§601

p. The "immunity" of corporations under 15 U.S.C. § 1. Sherman Act for acts committed under contract with city, county or state entity.

q.   The "immunity" of corporations and "private parties" under 18 U.S.C. §§ 1951 et seq., The Hobbs Act and 18 U.S.C. § 2311. Stolen protperty.

r. The "immunity" of attorneys and individuals under 18 U.S.C. § 1001 as "Whoever" makes False Statements generally in the federal record.

s.   The "immunity" of "persons" participating in a pattern of racketeering activity under 18 U.S.C. §§ 1962 as "a whoever or every person" under 18 U.S.C. §§ 2 and 3 as amended September 1994.

t.   The "immunity" of persons employed as 'judges', 'district attorney', clerk or public official under 42 U.S.C. §§ 1983-1985 if NOT ASSIGNED TO DUTY officially but employed by a government-type entity in that capacity.

u. The "immunity" of federal district court judges under 18 U.S.C. § 201 to accept bribes for issuing unlawful instruments to directly or indirectly affect the administration of justice or to pervert justice.

v. The "statute of limitations" of the Constitutional rights under the California Constitution to recover under C.P.C. § 422.6.

w. The "statute of limitations" for recover under 18 U.S.C. §§ 1965

x. The "statute of limitations" under the Fifth Amendment takings clause or 42 U.S.C. §§ 1983 et seq.

z. The "statute of limitations" for deprivation of civil rights under 18 U.S.C. §§ 241 and 242 as provided 42 U.S.C. §§ 1983-1985 for the claims arising in this action between 1990 and 1996 for "plaintiffs."

3.   Treble damages for the "collection of unlawful debt" by BOARD OF EQUALIZATION for the taking of $41,328.31 between 1990 and April 1996 from JOHN and KAY GABOR under threat of great bodily injury and by extortion.

4.   A judicial review and financial audit of the BOARD OF EQUALIZATION non-judicial levy of $48,978.28 for "could have sold if GABOR owned PET SHOP"

5. A declaratory determination of "sales tax liability" for COULD PURCHASE A PET SHOP under TAX CODE 61, Form 1040 Schedule C and the STATE FRANCHISE TAX BOARD supremacy over the Internal Revenue Service to collect pre-product sales tax based upon "assumed could have produced and/or sold and could have purchased a retail outlet subject to sales tax collect" for animals sold retail post de facto retroactively back ten (10) years.

6. A declaratory determination of the "term stolen property" and the statutory authority of HUMANE SOCIETY OF SANTA CLARA VALLEY to "sell evidence/property" seized pursuant to a WARRANT under C.P.C. §1536 on behalf of the state and federal government PRE-TRIAL, PRE-INDICTMENT, PRE-MIRANDA without declaring any "income or record of proceeds" under NON-PROFIT CHARITABLE TRUST ACT to the State Attorney General or to I.R.S. as "tax-exempt"

7. A declaratory determination as to the "property subject to forfeiture" under regulation of BOARD OF EQUALIZATION contract with HUMANE SOCIETY OF SANTA CLARA VALLEY

8. A declaratory determination of the statutory authority of CAPTAIN MICHAEL S. FRAZER under "separation of powers doctrine" to preform the duty of State Attorney General, United States Attorney General, Judge, prosecutor and auctioneer for property he seized as the only "AFFIANT, and victim" while employed by a "private corporation" being a "individual and private person".

9. A declaratory determination of the statutory authority of AMERICAN KENNEL CLUB, INC. to preform the duty of the United States District Court under 18 U.S.C. § 1965 and issue "appropriate order to persons to divest themselves of interest in commerce" and institute fines as a private corporation from the state of New York.

10. A declaratory determination of the statutory authority of A.K.C.,

INC. to preform the duties of SECRETARY OF UNITED STATES DEPARTMENT OF AGRICULTURE and the Congress to legislate "rule-making powers" to amend title 7 U.S.C. §§ 2131-2159 and search and seize records of "private individuals" in the State of California or any other state subject to the Commerce Clause of the Constitution of the United States.

11.   Return of the "Securities" siezed and held by CAPTAIN FRAZER and "value" for "conversion to public use" without due process or JUST COMPENSATION for "seizure not to preserve evidence of wrongdoing but to unlawful assert ownership over property" under false pretense of official right as "impersonator of federal officer" [18 U.S.C. § 913]

12.   Equal Application of law to all defendants found to be "principals acting in conspiracy" to interfere with GABORS civil rights and business.

13.   Prosecution in accordance with law for law defendants found to have contributed to the "pattern of racketeering activity" in violation of 18 U.S.C. §§ 1962 and FULL COLLECTION OF ALL MONETARY FINES payable to the United States Treasury under §§ 1962 and 15 U.S.C. § 1.

14. Prosecution for ALL ATTORNEY making "false statements" under contract of representation in violation of 18 U.S.C. § 1001, and 28 U.S.C. §§ 1926 and 1927 in accordance with law, and FRCivP Rule 11.

98.   **ACCOUNTING**

(1) RETURN OF STOLEN PROPERTY HELD BY HUMANE SOCIETY OF SANTA CLARA VALLEY and MICHAEL S. FRAZER including "Securities", "money" and "Value" as provided 18 U.S.C. § 2311. Stolen Property

(2) Compensation for "loss of use" of "securities" and contracts

(3) Compensation for money extorted as ransom for "kidnap" under color and false imprisonment

(4) Treble damages for collection of unlawful debt by BOARD OF EQUALIZATION in the amount of $41,328.31 equaling  $123,984.93

1          (5) one percent interest calculated monthly on the seized

2      moneys collected as "unlawful debt" until paid in full.

3          (6) Criminal prosecution of all defendants for criminal

4      acts committed in furtherance of the conspiracy to obstruct justice

5          (7) Impeachment of all judicial officers receiving bribes

6      under 18 U.S.C. § 201 and Article I, Section 7 of the Constitution

7          (8) One million dollars per each of the 31 defendants for

8      egregious and repugnant conduct in furtherance of conspiracy

9      against civil rights under color of official right    $31,000,000.00

10         (9) One million dollars per each corporation

11     contributing to "violation of commerce clause"      $ 2,000,000.00

12         (10) Plus whatever compensatory damages the jury

13     deems proper to prevent future injury to GABOR or any

14     "animal enterprise owner" in association with GABOR

15                          DEFAULT JUDGMENT TOTAL    $33,123,984.93

16         (11) Costs of the suit as determined at date of

17     settlement

18     99.                    **CERTIFICATION**

19         We, the undersigned plaintiffs JOHN GABOR and KAY GABOR, real parties

20     in interest in this action do swear under penalty of perjury under the laws

21     of the State of California and the law of the United States that the foregoing

22     is true and correct as it happened to us between 1990 and 1996 giving rise to

23     this action against named defendants and Does 1-1000 as their identities

24     become known through discovery and at trial before jury in the United States

25     District Court.   John Gabor and Kay Gabor do hereby incorporate into this

26     record exact copies of COMPLAINT EXHIBITS IN SUPPORT as provided FRCivP Rule 7

27     to authenticate triable issues and facts material to this action against the

28     defendants named in complaint preceding the overt acts of April 1996 which

GABOR TITLE 18 & 42 CE IL COMPLAINT              page 50 of 51

1  establish triable issue and controversy exceeding twenty dollars and the

2  ripeness of claim pursuant to title 18 United States Code § 1965(c) and

3  deprivation of property cognizable under the Fifth Amendment of the Constitution

4  and injunctive relief and monetary damages as provided 42 United States Code

5  sections 1983 and 1985.

6      Respectfully submitted,

7  Date: *April 24*_____, 1996      *John Gabor*_____
                                       JOHN GABOR, IN PRO PER
8

9  Date: *April 24,*_____, 1996       *Kay Gabor*_____
                                       KAY GABOR, IN PRO PER
10

11                                     590 Smokey Court
                                       Campbell, California 95008
12

13

SUBSCRIBED AND SWORN TO BEFORE ME *By JOHN GABOR*

14  THIS *24* DAY OF *Apr.* 19 *96*

15  *Pauline M. Orr*
    NOTARY PUBLIC

16                                     PAULINE M. ORR
                                       COMM. # 1000290
                                       Notary Public — California
                                       SANTA CLARA COUNTY
                                       My Comm. Expires OCT 6, 1997
17

SUBSCRIBED AND SWORN TO BEFORE ME *By KAY GABOR*

18  THIS *24* DAY OF *Apr.* 19 *96*

19  *Pauline M. Orr*
    NOTARY PUBLIC

20                                     PAULINE M. ORR
                                       COMM. # 1000290
                                       Notary Public — California
                                       SANTA CLARA COUNTY
                                       My Comm. Expires OCT 6, 1997
21

22

23

24

25

26

27

28

GABOR TITLE 18 & 42 CIVIL COMPLAINT          page _51_ of _51_

CLOSED, ICMS, ProSe, REFDIS

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:96-cv-20324-RMW

| | |
|---|---|
| Gabor, et al v. Brd of Equalization, et al | Date Filed: 04/25/1996 |
| Assigned to: Judge Ronald M. Whyte | Date Terminated: 10/10/1996 |
| Referred to: Hon. Edward A. Infante | Jury Demand: Plaintiff |
| Demand: $0 | Nature of Suit: 410 Anti-Trust |
| Cause: 42:1983 Civil Rights Act | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**John Gabor**                     represented by **John Gabor**
                                                 590 Smokey Court
                                                 Campbell, CA 95008
                                                 PRO SE

**Plaintiff**

**Kay Gabor**

V.

**Defendant**

**Board of Equalization of Calif.**   represented by **Bill Lockyer**
*in its official capacity*                        CA State Attorney General's
                                                 Office
                                                 455 Golden Gate Ave
                                                 Suite 11000
                                                 San Francisco, CA 94102-7004
                                                 415-703-5853
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Paul D. Gifford**
                                                 Office of the Attorney General
                                                 Deputy Attorney General
                                                 1515 Clay Street
                                                 21st Floor
                                                 Oakland, CA 94612-1413

**EXHIBIT 8**

Email: paul.gifford@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Labor Commissioner,**
**Department of Industrial**
**Relations, Division of Labor**
**Standards Enforcement**

represented by **Bill Lockyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul D. Gifford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Johan Klehs**

**Defendant**

**Dean Andal**
*in his official capacity*

**Defendant**

**Brad Sherman**
*in his official capacity and his*
*individual capacity*
*also known as*
Bortun W. Oliver

**Defendant**

**Burton W. Oliver**
*in his official capacity and in his*
*individual capacity*

**Defendant**

**Les Sorensen**
*in his official capacity and in his*
*individualcapacity*

represented by **Bill Lockyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul D. Gifford**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Janice Masterson**
*in her official capacity and in her
individual capacity*

**Defendant**

**Donald J. Hennessy**
*in his official capacity and in his
individual capacity*

**Defendant**

**Glenn Bystrom**
*in his official capacity and in his
individual capacity*

**Defendant**

**Gary Jugum**
*in his official capacity and in his
individual capacity*

**Defendant**

**David H. Levine**
*in his official capacity and in his
individual capacity*

**Defendant**

**Rex Halverson**
*in his official capacity and in his
individual capacity*

**Defendant**

**Patty Wood**
*in her official capacity and in her
individual capacity*

**Defendant**

**J. W. Cornelius**
*in his official capacity and in his
individual capacity*

**Defendant**

**Rachel M. Aragon**
*in her official capacity and in her*
*individual capacity*

represented by **Bill Lockyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul D. Gifford**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mary Ann Stumpf**
*in her official capacity and in her*
*individual capacity*

**Defendant**

**Kimberly Peralta**
*in her official capacity and in her*
*individual capacity*

**Defendant**

**Lee Copeland**
*in his official capacity and in his*
*individual cpacity*

**Defendant**

**George Kennedy**
*in his official capacity and in his*
*individual capacity*

represented by **Carrie Ajimura Zepeda**
Santa Clara County Counsel's
Office
70 W Hedding St 9th Flr
East Wing
San Jose, CA 95110-1770
(408) 299-2111
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven Michael Woodside**
County of Sonoma
575 Administration Dr. Rm. 105
Santa Rosa, CA 95403-2815
707-565-2421
Fax: 707-565-2624
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert S. Mueller, III**          represented by **Mary Beth Uitti**
*U.S. Attorney N. CA in his official*          U.S. Attorney's Office
*capacity and in his individual*          1301 Clay Street
*capacity*          Suite 340S
          Oakland, CA 94612
          510-637-3725
          Fax: 510-637-3724
          Email: mary.beth.uitti@usdoj.gov

          *LEAD ATTORNEY*
          *ATTORNEY TO BE NOTICED*

          **Robert Swan Mueller, III**
          United States Attorney
          450 Golden Gate Avenue
          Box 36055
          San Francisco, CA 94102
          (415)436-6816
          *LEAD ATTORNEY*
          *ATTORNEY TO BE NOTICED*

          **William Francis Murphy**
          Dillingham & Murphy
          225 Bush Street, Sixth Floor
          San Francisco, CA 94104-4207
          415-397-2700
          Fax: 415-397-3300
          Email:
          wfm@dillinghammurphy.com
          *LEAD ATTORNEY*
          *ATTORNEY TO BE NOTICED*

**Defendant**

**Congressman Sam Farr**          represented by **Carolyn Betz**
*in his legislative capacity and in*          U.S. House of Representatives
*his individual capacity*          Office of the General Counsel
          219 Cannon House Office Bldg
          Washington, DC 20515-6601
          (202) 225-9700
          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Geraldine R. Gennet**
U.S. House of Representatives
Office of the General Counsel
219 Cannon House Office Bldg
Washington, DC 20515-6601
(202) 225-9700
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kerry W. Kircher**
Office of General Counsel
United States House of
Representatives
219 Cannon House Office
Building
Washington, DC 20515
202-225-9700
Fax: 202-226-1630
Email:
kerry.kircher@mail.house.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S.D.A. Secretary Dan Glinkman**
*in his official capacity and in his individual capacity*

represented by **Mary Beth Uitti**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Swan Mueller, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Francis Murphy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Attorney General Janet Reno**

represented by **Mary Beth Uitti**

*in her official capacity and in her*
*individual capacity*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Swan Mueller, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William Francis Murphy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**American Kennel Club, Inc.**
*in its corporate capacity*

represented by **Jeffrey Ryan Kurtock**
Lewis Brisbois Bisgaard & Smith
LLP
One Sansome St
Ste 1400
San Francisco, CA 94104-4431
(415) 362-2580
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert H. Garnett**
Lewis Brisbois Bisgaard & Smith
LLP
One Sansome St
Ste 1400
San Francisco, CA 94104-4431
(415) 362-2580
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeffrey Kurtock**
*in his judicial capacity as A.K.C.*
*judge, in his official capacity as*
*corporate counsel (Calif.) for*
*A.K.C.,Inc. and in his individual*
*capacity*

**Defendant**

**Humane Society, Santa Clara Valley**
*in its corporate capacity*

represented by **Daniel Anthony Ojeda**
Littler Mendelson
A Professional Corporation
50 West San Fernando St
14th Flr
San Jose, CA 95113-2303
(408) 998-4150
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Kimmet Wilson**
Huber-Samuelson
210 N 4th St
Ste 400
San Jose, Ca 95112
(408) 295-7034
Email: jkw@hsapc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christine Arnold**
*in her corporate capacity as managing director HSSCV and in her individual capacity*

represented by **Daniel Anthony Ojeda**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Kimmet Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mike Reilly**
*in his corporate capacity as a officer of HSSCV, Inc. and in his corporate capactiry as a officer of A.K.C., Inc. and in his individual capacity*

represented by **Daniel Anthony Ojeda**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacquelyn Kimmet Wilson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael S. Frazer**                          represented by  **Daniel Anthony Ojeda**
*Captain State Humane Officer #1*                              (See above for address)
*in his official capacity a Officer of*                        *LEAD ATTORNEY*
*U.S.Dep't. of Justice for Janet*                              *ATTORNEY TO BE NOTICED*
*Reno, in his official capacity as a*
*officer of the State of California*                           **Jacquelyn Kimmet Wilson**
*for Daniel Lungren, in his official*                          (See above for address)
*capacity for delegate*                                        *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen Gibbons**                            represented by  **Carrie Ajimura Zepeda**
*in official capacity and in his*                              (See above for address)
*individual capacity District*                                 *LEAD ATTORNEY*
*Attorney*                                                     *ATTORNEY TO BE NOTICED*

                                                               **Steven Michael Woodside**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Santa Clara County**                         represented by  **Carrie Ajimura Zepeda**
*in its municipal capacity Assistant*                          (See above for address)
*District Attorney*                                            *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Steven Michael Woodside**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/25/1996 | 1 | COMPLAINT yes Summons(es) issued; Fee status pd entered on 4/25/96 in the amount of $ 120.00 ( Receipt No. 500621); jury demand [5:96-cv-20324] (cgb, COURT STAFF) (Entered: 04/30/1996) |
| 04/25/1996 | 2 | EXHIBITS re complaint [1-1] [5:96-cv-20324] (cgb, COURT STAFF) (Entered: 04/30/1996) |

| 04/25/1996 | 3 | NOTICE by Plaintiff John Gabor, Plaintiff Kay Gabor of civil complaint [5:96-cv-20324] (cgb, COURT STAFF) (Entered: 04/30/1996) |
|---|---|---|
| 04/25/1996 | 4 | ORDER by Judge James Ware setting status conference for 1:30 9/26/96 (cc: all counsel) [5:96-cv-20324] (cgb, COURT STAFF) (Entered: 04/30/1996) |
| 05/10/1996 | 5 | RETURN OF SERVICE executed upon defendant Board of Equalizatio on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/28/1996) |
| 05/10/1996 | 6 | RETURN OF SERVICE executed upon defendant Johan Klehs on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/28/1996) |
| 05/10/1996 | 7 | RETURN OF SERVICE executed upon defendant Dean Andal on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/28/1996) |
| 05/10/1996 | 8 | RETURN OF SERVICE executed upon defendant Brad Sherman on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/28/1996) |
| 05/10/1996 | 9 | RETURN OF SERVICE executed upon defendant State of California on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/28/1996) |
| 05/10/1996 | 10 | RETURN OF SERVICE executed upon defendant Burton W. Oliver on 4/19/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 11 | RETURN OF SERVICE executed upon defendant Donald J. Hennessy on 4/19/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 12 | RETURN OF SERVICE executed upon defendant Janice Masterson on 4/19/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 13 | RETURN OF SERVICE executed upon defendant Les Sorensen on 4/19/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 14 | RETURN OF SERVICE executed upon defendant Kimberly Peralta on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |

| 05/10/1996 | 15 | RETURN OF SERVICE executed upon defendant Mary Ann Stumpf on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
|---|---|---|
| 05/10/1996 | 16 | RETURN OF SERVICE executed upon defendant Rachel M. Aragon on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 17 | RETURN OF SERVICE executed upon defendant Lee Copeland on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 18 | RETURN OF SERVICE executed upon defendant Dan Glinkman on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 19 | RETURN OF SERVICE executed upon defendant Sam Farr on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 20 | RETURN OF SERVICE executed upon defendant Michael Yamaguchi on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 21 | RETURN OF SERVICE executed upon defendant George Kennedy on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 22 | RETURN OF SERVICE executed upon defendant County of Santa on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 23 | RETURN OF SERVICE executed upon defendant J. W. Cornelius on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 24 | RETURN OF SERVICE executed upon defendant Patty Wood on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 25 | RETURN OF SERVICE executed upon defendant Michael S. Frazer on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 26 | RETURN OF SERVICE executed upon defendant Mike Reilly on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |

| 05/10/1996 | 27 | RETURN OF SERVICE executed upon defendant Christine Arnold on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 28 | RETURN OF SERVICE executed upon defendant Jeffrey Kurtock on 5/3/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 29 | RETURN OF SERVICE executed upon defendant American Kennel Club on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 30 | RETURN OF SERVICE executed upon defendant Janet Reno on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 31 | RETURN OF SERVICE executed upon defendant Rex Halverson on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 32 | RETURN OF SERVICE executed upon defendant David H. Levine on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 33 | RETURN OF SERVICE executed upon defendant Gary Jugum on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 34 | RETURN OF SERVICE executed upon defendant Glenn Bystrom on 4/29/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/10/1996 | 35 | RETURN OF SERVICE executed upon defendant Stephen Gibbons on 4/26/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/13/1996 | 36 | EX-PARTE APPLICATION before Judge James Ware by defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer to extend time to answer [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/14/1996 | 37 | ORDER by Judge James Ware granting motion to extend time to answer [36-1] defendants may file a responsive pleading is extended up to and including 05/30/96 ( Date Entered: 05/30/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |

| | | |
|---|---|---|
| 05/16/1996 | 38 | NOTICE of entry of order by defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/16/1996 | 39 | MOTION by Federal Defendants before Judge James Ware to dismiss complaint with Notice set for 06/24/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/16/1996 | 40 | MEMORANDUM in support of motion to dismiss complaint [39-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/16/1996 | 41 | DECLARATION by William F. Murphy re motion to dismiss complaint [39-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/16/1996 | 42 | NOTICE OF MOTION AND MOTION before Judge James Ware by defendant County of Santa Clara, defendant George Kennedy, defendant Stephen Gibbons to dismiss for failure to state a claim upon which relief can be granted [F.R.C.P. 12(b)(6), 8(a) & 8(e)(1)]A with Notice set for 06/17/96 [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 05/30/1996) |
| 05/16/1996 | 43 | MEMORANDUM by defendant County of Santa Clara, defendant George Kennedy, defendant Stephen Gibbons in support of motion to dismiss for failure to state a claim upon which relief can be granted [F.R.C.P. 12(b)(6), 8(a) & 8(e)(1)]A [42-1] [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 05/30/1996) |
| 05/21/1996 | 44 | NOTICE OF MOTION AND MOTION before Judge James Ware by defendant American Kennel Club to dismiss Defendant American Kennel Club with Notice set for 06/27/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/21/1996 | | RECEIVED Proposed Order dismissing complaint ( defendant American Kennel Club ) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/21/1996 | | RECEIVED Proposed Order re pre-filing review of complaints by this plaintiff ( defendant American Kennel Club ) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/21/1996 | 45 | NOTICE by defendant American Kennel Club of related case (s) C96-20252 EAI; C94-20286 SW; C96-20253 RPA; C94- |

| | | |
|---|---|---|
| | | 20617 JW [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/30/1996) |
| 05/23/1996 | 46 | Amended NOTICE OF MOTION AND MOTION before Judge James Ware by defendant American Kennel Club to dismiss Defendant American Kennel Club with Notice set for 06/24/96 [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 05/30/1996) |
| 05/24/1996 | | RECEIVED Proposed Order ( defendant Board of Equalization, defendant State of California, defendant Les Sorensen, defendant Rachel M. Aragon ) re: motion to dismiss of defendants State of California, State Board of Equalization, Sorensen and Aragon [47-1] [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/05/1996) |
| 05/24/1996 | 47 | MOTION with memorandum in support before Judge James Ware by defendant Board of Equalization, defendant State of California, defendant Les Sorensen, defendant Rachel M. Aragon to dismiss defendants State of California, State Board of Equalization, Sorensen and Aragon with Notice set for 07/01/96 at 8:00 [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/24/1996) |
| 05/30/1996 | 48 | NOTICE OF MOTION AND MOTION before Judge James Ware by defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, to dismiss, or for more definite statement [F.R.C.P.12(b)(5), 12(b)(6), 12(e)] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 05/30/1996 | 49 | MEMORANDUM by defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer in support of motion to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, to dismiss, or for more definite statement [F.R.C.P.12(b)(5), 12(b)(6), 12(e)] [48-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 05/30/1996 | 50 | DECLARATION by Christine B. Arnold on behalf of defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer re motion to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, to dismiss, or |

| | | |
|---|---|---|
| | | for more definite statement [F.R.C.P.12(b)(5), 12(b)(6), 12(e)] [48-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 05/30/1996 | 51 | DECLARATION by Mike Reilly on behalf of defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer re motion to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, to dismiss, or for more definite statement [F.R.C.P.12(b)(5), 12(b)(6), 12(e)] [48-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 05/30/1996 | 52 | DECLARATION by Michael Frazer on behalf of defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer re motion to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, to dismiss, or for more definite statement [F.R.C.P.12(b)(5), 12(b)(6), 12(e)] [48-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 05/30/1996 | 53 | REQUEST FOR JUDICIAL NOTICE by defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 05/31/1996 | 54 | ORDER resetting motions to dismiss by Judge James Ware ( Date Entered: 06/05/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 06/03/1996 | 55 | STATEMENT of no reply by defendant County of Santa Clara, defendant George Kennedy, defendant Stephen Gibbons [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/05/1996) |
| 06/04/1996 | 56 | MOTION before Judge James Ware by Plaintiff John Gabor, Plaintiff Kay Gabor to recuse James Ware and Patricia V. Trumbull title 28 United States Code @144, @455 as co-defendants in related case and plaintiff's witnesses against defendants for "bribery to pervert and obstruct justice" 18U.S.C. @201 [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/21/1996 (Entered: 06/05/1996) |
| 06/04/1996 | | RECEIVED Proposed Order ( Plaintiff John Gabor, Plaintiff Kay Gabor ) re: motion to recuse James Ware and Patricia V. Trumbull title 28 United Stated Code @144, @455 as co-defendants in related case and plaintiff's witnesses against |

| | | |
|---|---|---|
| | | defendants for "bribery to pervert and obstruct justice" 18U.S.C. @201 [56-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/05/1996) |
| 06/06/1996 | 57 | ORDER by Judge James Ware I, the undersigned Judge of this Court, finding myself disqualified in the above-entitled matter, request that this case be reassigned pursuant to section F(2) of the Assignment Plan of this Court ( Date Entered: 06/21/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/21/1996) |
| 06/07/1996 | 58 | MOTION by Plaintiff John Gabor, Plaintiff Kay Gabor to strike Federal defendants reply as rule 802 hearsay, motion in opposition to defendants motion to dismiss, memorandum of points & authorities in support of default judgment and rule 11 contempt citation for violation title 18 U.S.C. @ 1001; 28 U.S.C. @ 1927 with Notice set for 07/01/96 [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/12/1996) |
| 06/07/1996 | 59 | Reply in OPPOSITION to State of California's motion to dismiss, memorandum of points & authorities in support of rule 11 sanctions and motion to compel criminal prosecution, title 18 U.S.C. @ 1001 and 28 U.s.C. @ 1927 or fraud and false statements of material fact to obstruct justice by Plaintiff John Gabor, Plaintiff Kay Gabor [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/12/1996) |
| 06/07/1996 | 60 | Reply in OPPOSITION to defendant Santa Clara County, motion to strike for violation 18 U.S.C. @ 1001, federal rules civil procedure rule 7,8(b),(d),9,11, 56(e); federal evidence rule 802. Hearsay; 28 U.S.C. @ 1927; notice of motion for rule 11 contempt by Plaintiff John Gabor, Plaintiff Kay Gabor [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/12/1996) |
| 06/07/1996 | 61 | MEMORANDUM by Plaintiff John Gabor, Plaintiff Kay Gabor in opposition to motion to dismiss Defendant American Kennel Club [46-1]; motion to strike AKC reply as inadmissible hearsay in violation of FRCivP rule 7, 8, 11 and 56; motion for contempt citation and sanctions pursuant to 28 U.S.C. @ 1927 and bribery and false statements in violation of 18 U.S.C. @ 1001 [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/12/1996) |

| 06/07/1996 | 62 | MEMORANDUM by Plaintiff John Gabor, Plaintiff Kay Gabor in support of motion to strike Federal defendants reply as rule 802 hearsay, motion in opposition to defendants motion to dismiss, memorandum of points & authorities in support of default judgment and rule 11 contempt citation for violation title 18 U.S.C. @ 1001; 28 U.S.C. @ 1927 [58-1] [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/12/1996) |
| 06/07/1996 | 63 | PROOF OF SERVICE by Plaintiff John Gabor, Plaintiff Kay Gabor of memorandum [62-1], opposition memorandum [61-1], opposition [60-1], opposition [59-1], motion to strike Federal defendants reply as rule 802 hearsay, motion in opposition to defendants motion to dismiss, memorandum of points & authorities in support of default judgment and rule 11 contempt citation for violation title 18 U.S.C. @ 1001; 28 U.S.C. @ 1927 [58-1] [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/12/1996) |
| 06/10/1996 | 64 | ORDER by Assignment Committee to reassign to Senior Judge Spencer Williams ( Date Entered: 06/12/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 06/12/1996) |
| 06/14/1996 | 65 | REPLY by defendant Board of Equalization, defendant State of California, defendant Les Sorensen, defendant Rachel M. Aragon re opposition [59-1] [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/19/1996) |
| 06/17/1996 | 66 | REPLY re opposition [60-1] [5:96-cv-20324] (gm, COURT STAFF) Modified on 06/28/1996 (Entered: 06/19/1996) |
| 06/17/1996 | 67 | NOTICE OF MOTION AND MOTION before Senior Judge Spencer Williams by defendant County of Santa, defendant George Kennedy, defendant Stephen Gibbons to dismiss plaintiff's complaint with Notice set for 8/14/96 at 10:00 [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/17/1996 | 68 | MEMORANDUM by defendant County of Santa et al in support of motion to dismiss plaintiff's complaint [67-1] [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/17/1996 | 69 | REPLY by defendant County of Santa re opposition [60-1] [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/18/1996 | 70 | MOTION before Senior Judge Spencer Williams by Plaintiff |

| | | |
|---|---|---|
| | | John Gabor for contempt , and for sanctions r Paul Gifford and Board of Equalization [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/19/1996 | 71 | NOTICE of hearing by defendant Janet Reno et al setting motion to dismiss complaint [39-1] ; hearing set for 10:00 8/14/96 [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/19/1996 | 74 | Second amended NOTICE of hearing by defendant American Kennel Club setting motion to dismiss Defendant American Kennel Clut [46-1] ; hearing set for 10:00 8/14/96 [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/21/1996 | 72 | NOTICE of hearing by defendant Humane Society, SC et al setting motion to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, to dismiss, or for more definite statement [F.R.C.P.12 (b)(5), 12(b)(6), 12(e) [48-1] ; hearing set for 10:00 8/14/96 [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/24/1996 | 73 | ORDER by Senior Judge Spencer Williams recusing ( Date Entered: 6/24/96) (cc: all counsel) [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/24/1996) |
| 06/26/1996 | 75 | REPLY by defendant American Kennel Club re motion to dismiss Defendant American Kennel Club [44-1] [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/27/1996) |
| 06/26/1996 | 76 | ORDER by Assignment Committee re [73-1], re [73-2] to reassign to Judge Ronald M. Whyte ( Date Entered: 6/27/96) (cc: all counsel) [5:96-cv-20324] (jp, COURT STAFF) (Entered: 06/27/1996) |
| 06/26/1996 | 77 | MOTION before Judge Ronald M. Whyte by defendant Sam Farr to dismiss with Notice set for 08/30/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/03/1996) |
| 07/02/1996 | 78 | Amended NOTICE OF MOTION AND MOTION before Judge Ronald M. Whyte by defendant Santa Clara County to dismiss plaintiffs' complaint with Notice set for 08/30/96 at 9:00 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/03/1996) |
| 07/02/1996 | 79 | Second Amended NOTICE OF MOTION AND MOTION before Judge Ronald M. Whyte by defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, |

| | | |
|---|---|---|
| | | defendant Michael S. Frazer (1) to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, (2) to dismiss, or for more definite statement with Notice set for 08/30/96 at 9:00 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/03/1996) |
| 07/03/1996 | 80 | Amended NOTICE OF MOTION AND MOTION before Judge Ronald M. Whyte by defendant Board of Equalizatio, defendant State of California, defendant Les Sorensen, defendant Rachel M. Aragon to dismiss defendants State of California, State Board of Equalization, Sorensen and Aragon with Notice set for 08/30/96 at 9:00 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/11/1996) |
| 07/05/1996 | 81 | Third Amended NOTICE OF MOTION AND MOTION before Judge Ronald M. Whyte by defendant American Kennel Club to dismiss of American Kennel Club with Notice set for 08/30/96 at 9:00 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/11/1996) |
| 07/10/1996 | 83 | Second Amended NOTICE by Federal Defendants [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/19/1996) |
| 07/12/1996 | 82 | ORDER not relating cases by Judge Ronald M. Whyte ( Date Entered: 07/19/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/19/1996) |
| 07/17/1996 | 84 | CLERK'S NOTICE setting hearing on motion to dismiss of American Kennel Club [81-1] 9:00 9/6/96, setting hearing on motion to dismiss defendants State of California, State Board of Equalization, Sorensen and Aragon [80-1] 9:00 9/6/96, setting hearing on motion (1) to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, (2) to dismiss, or for more definite statement [79-1] 9:00 9/6/96, setting hearing on motion to dismiss plaintiffs' complaint [78-1] 9:00 9/6/96, setting hearing on motion to dismiss [77-1] 9:00 9/6/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/19/1996) |
| 07/19/1996 | 85 | Third Amended NOTICE OF MOTION AND MOTION before Judge Ronald M. Whyte by defendant Humane Society, SC, defendant Christine Arnold, defendant Michael S. Frazer, defendant Mike Reilly (1) to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, (2) to dismiss, or for more definite statement with |

| | | |
|---|---|---|
| | | Notice set for 9/6/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/29/1996) |
| 07/22/1996 | 86 | AMENDED MOTION before Judge Ronald M. Whyte by defendant George Kennedy, defendant Stephen Gibbons, defendant Santa Clara County to dismiss complaint with Notice set for 9/6/96 at 9:00 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/29/1996) |
| 07/26/1996 | 87 | AMENDED MOTION before Judge Ronald M. Whyte by defendant State of California, defendant Board of Equalizatio, defendant Les Sorensen, defendant Rachel M. Aragon to dismiss of defendants State of California, State Board of Equalization, Sorensen and Aragon with Notice set for 9/6/96 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 07/29/1996) |
| 08/07/1996 | 88 | REPLY brief by defendant Humane Society, SC, defendant Christine Arnold, defendant Mike Reilly, defendant Michael S. Frazer in support of motion (1) to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, (2) to dismiss, or for more definite statement [85-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 08/16/1996) |
| 08/14/1996 | 98 | ORDER by Mag. Judge Patricia V. Trumbull recusing ( Date Entered: 10/7/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/07/1996) |
| 08/23/1996 | 89 | MOTION before Judge Ronald M. Whyte by Plaintiff John Gabor, Plaintiff Kay Gabor to recuse Ronald Whyte as co-defendant and witness-coconspirator [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 08/23/1996 | 90 | EXHIBITS re motion to recuse Ronald Whyte as co-defendant and witness-coconspirator [89-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 08/23/1996 | 91 | REPLY by Plaintiff John Gabor, Plaintiff Kay Gabor in opposition to motion to dismiss [77-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 08/23/1996 | 92 | EXHIBITS re reply [91-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 08/23/1996 | 93 | PROOF OF SERVICE by Plaintiff John Gabor, Plaintiff Kay Gabor of exhibits [92-1], reply [91-1], exhibits [90-1], motion to recuse Ronald Whyte as co-defendant and witness- |

| | | |
|---|---|---|
| | | coconspirator [89-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 08/28/1996 | 94 | ORDER by Judge Ronald M. Whyte to exclude portions of this case from joint case management requirements ( Date Entered: 9/9/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 08/29/1996 | 95 | CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 08/30/1996 | 96 | Separate CASE MANAGEMENT STATEMENT and PROPOSED ORDER filed. [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/09/1996) |
| 09/06/1996 | 97 | MINUTES: ( C/R Kerri O'Baski) re [87-1], re [86-1], re [85-1], re [81-1], re [80-1], re [79-1], re [78-1], re [77-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/20/1996) |
| 09/24/1996 | 103 | ORDER granting motion to dismiss of defendants State of California, State Board of Equalization, Sorensen and Aragon [87-1], granting motion to dismiss plaintiffs' complaint [78-1], granting motion (1) to dismiss or to quash service of plaintiffs' complaint and, if motions based on improper service are denied, (2) to dismiss, or for more definite statement [85-1], granting motion to dismiss [77-1], granting motion to dismiss of American Kennel Club [81-1] ( Date Entered: 10/17/96) (cc: all counsel) The Complaint of plaintiffs John and Kay Gabor is dismissed without prejudice and with leave to file an amended complaint by Judge Charles R. Weiner. [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/17/1996) |
| 09/27/1996 | 99 | ORDER by Assignment Committee referring case to Mag. Judge Edward A. Infante ( Date Entered: 10/7/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/07/1996) |
| 10/07/1996 | 100 | MOTION before Judge Ronald M. Whyte by Plaintiff John Gabor, Plaintiff Kay Gabor of intent not to amend pleading and for leave to file appeal of Charles R. Weiner's statutory authority to force Waiver of Jury trial on defendants motion [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/11/1996) |
| 10/07/1996 | 101 | PROOF OF SERVICE by Plaintiff John Gabor, Plaintiff Kay Gabor of motion of intent not to amend pleading and for leave |

| | | |
|---|---|---|
| | | to file appeal of Charles R. Weiner's statutory authority to force Waiver of Jury trial on defendants motion [100-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/11/1996) |
| 10/09/1996 | 102 | MOTION before Judge Ronald M. Whyte to amend memorandum opinion and order filed 9/24/96 by Federal Defendants [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/11/1996) |
| 10/10/1996 | 104 | ORDER by Judge Ronald M. Whyte dismissing complaint as to Federal defendants ( Date Entered: 10/17/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/17/1996) |
| 10/10/1996 | 105 | JUDGMENT: by Judge Ronald M. Whyte dismissing case ; appeal filing ddl 11/18/96 ( Date Entered: 10/17/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/17/1996) |
| 10/30/1996 | 106 | NOTICE OF APPEAL by Plaintiff John Gabor, Plaintiff Kay Gabor from Dist. Court decision Scheduling order dismissing case ; appeal filing ddl 11/18/96 [105-1], judgment [105-2] Fee status pd [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/31/1996) |
| 10/31/1996 | | Docket fee notification form and case information sheet to USCA [106-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/31/1996) |
| 10/31/1996 | | Copy of notice of appeal and docket sheet to all counsel [5:96-cv-20324] (gm, COURT STAFF) (Entered: 10/31/1996) |
| 11/01/1996 | 107 | TRANSCRIPT DESIGNATION and Ordering Form filed by Plaintiff for dates none ; C/R: ; appeal [106-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 11/05/1996) |
| 11/05/1996 | | CERTIFICATE of Record mailed to USCA, counsel notified. [5:96-cv-20324] (gm, COURT STAFF) (Entered: 11/05/1996) |
| 11/12/1996 | 108 | Memo ORDER by Judge Charles R. Weiner ( Date Entered: 11/14/96) (cc: all counsel) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 11/14/1996) |
| 11/13/1996 | | NOTIFICATION by Circuit Court of Appellate Docket Number 96-17088 [5:96-cv-20324] (gm, COURT STAFF) (Entered: 11/14/1996) |
| 03/05/1997 | 109 | REPORTER'S TRANSCRIPT; Date of proceedings: 9/6/96 |

| | | |
|---|---|---|
| | | ( C/R: Carrie O'Bosky) [5:96-cv-20324] (gm, COURT STAFF) (Entered: 03/07/1997) |
| 05/20/1997 | 110 | RECEIPT from USCA of clerk's record on appeal [5:96-cv-20324] (gm, COURT STAFF) (Entered: 05/22/1997) |
| 09/09/1997 | 111 | COPY of judgment from USCA affirming the decision of the District Court [106-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/10/1997) |
| 09/10/1997 | 112 | CLERK's letter spreading the mandate to counsel. re appeal [106-1] [5:96-cv-20324] (gm, COURT STAFF) (Entered: 09/10/1997) |
| 03/08/2001 | 113 | RECORD ON APPEAL RETURNED FROM USCA [106-1] [5:96-cv-20324] (dhm, COURT STAFF) (Entered: 03/08/2001) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/14/2007 12:22:38 | | | |
| **PACER Login:** | sc0575 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:96-cv-20324-RMW |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

FILED

SEP 24  11 14 AM '96

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN GABOR & KAY GABOR :
:
:
V. :            NO. C-96-20324 RMW
:
:
BOARD OF EQUALIZATION, ET AL. :


WEINER, J.[1]                    September 20 , 1996


### MEMORANDUM OPINION AND ORDER

Plaintiffs John and Kay Gabor, have filed this pro se complaint, alleging multiple federal civil rights and civil RICO claims against numerous defendants. Plaintiffs identify as defendants: 1. the State of California, the State Board of Equalization, its members and employees (the California defendants), 2. Santa Clara County and Santa Clara County prosecutors (the Santa Clara defendants), 3. the United States Attorney for the Northern District of California, 4. Congressman Sam Farr, 5. the American Kennel Club, and its officers (the AKC defendants), 6. the Humane Society of Santa Clara Valley and its officers (the Humane Society defendants). The complaint attempts to state ten causes of action. Presently before the court are motions to dismiss the complaint filed on behalf of the California defendants, the Santa Clara defendants, Congressman Farr, the AKC

_____

[1] United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**EXHIBIT 9**

defendants and the Humane Society defendants.   For the reasons
which follow, the motions will be granted.

The Gabors ran a "puppy farm" in Santa Clara County.   In 1990,
an employee of the Santa Clara County Humane Society entered their
home with an unsigned search warrant and proceeded to search their
home and seize various property related to their business.   In
1991, Plaintiffs were arrested and charged with various criminal
charges relating to business.   As a result of the charges, the AKC
fined plaintiffs and suspended their membership.

In 1994, the Gabors brought a lawsuit against many of the same
individuals and entities they sue here.   Gabor v. Frazer, No. C-94-
20617.   This action charged violations of their civil rights under
42 U.S.C. Section 1983 and 18 U.S.C. Section 43.   This action was
dismissed with prejudice, the court finding that the action was
barred by the applicable statute of limitations.   The court also
found there was no private cause of action under Section 43, a
criminal statute.   Their instant complaint names many of the same
defendants that were sued previously.   It also arises out of the
same events.

The California defendants seeks dismissal for lack of subject
matter jurisdiction and for failure to state a claim upon which
relief may be granted, asserting immunity under the 11th Amendment.
We find that these defendants are immune from suit and grant their
motion.   The complaint names the state itself, one of its agencies
and employees in their official capacity.   As such, these are not
individuals or entities subject to suit under 42 U.S.C. Section
1983.   Will v. Michigan Dept. of State Police, 491 U.S. 58, 71

(1989). We also find these individuals and entities are entitled to immunity under the 11th Amendment as regards the civil RICO claims. See <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).

Congressman Farr, the AKC defendants, and the Humane Society defendants, seek dismissal on the grounds of res judicata and collateral estoppel. The doctrine of issue preclusion "prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding". <u>Robi v. Five Platters, Inc.</u>, 838 F.2d 318, 322 (9th Cir. 1988) citing <u>Americana Fabrics, Inc. v. L & L Textiles, Inc.</u>, 754 F.2d 1524, 1529 (9th Cir. 1985). To prevail, defendants must show that plaintiffs "litigated and lost in an earlier action." <u>Id.</u> The issues must also have been actually decided after a full and fair opportunity for litigation. <u>Id.</u> In addition, plaintiffs are precluded from raising an issue which could have been raised in their first case, where the second case alleges the same factual matters and relates to the same primary right. <u>Mir v. Little Co. of Mary Hosp.</u>, 844 F.2d 646, 651-2 (9th Cir. 1988).

In their first action, the Gabors brought claims under Section 1983 arising out of the search and seizure of their business and home. Those claims were dismissed with prejudice and affirmed on appeal. In this case, they assert claims arising out of the same incidents against the same defendants and some newly named defendants. As to those named in both cases, we find the claims are clearly precluded on res judicata grounds, not to mention the statute of limitation problem addressed in the first action. As to Congressman Farr, we find this claim could have been brought in the

earlier suit and is also now barred for these same reasons.

Finally, as to the Santa Clara defendants, they seek dismissal on grounds that the complaint fails to state a cognizable legal theory. While we are cognizant of the Supreme Court's teaching requiring that pro se complaints be liberally construed, as well as the liberal standard governing a motion to dismiss, an exacting review of the complaint in this matter reveals numerous vague allegations, recitations of statutory excerpts, quotations and citations that lack relevance and reveal little of substance. Further, given the obvious problems with the statute of limitations and res judicata, we find the defendants' motion should be granted. We also doubt for the same reasons that plaintiffs will ever be able to amend their complaint to overcome these obstacles, however, out of an abundance of caution, we will dismiss the complaint without prejudice and permit the plaintiffs to amend their complaint within thirty days, if they are able to do so within the confines of Fed. R. Civ. P. 11.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA


JOHN GABOR & KAY GABOR          :
                                :
                                :
        V.                      :          NO. C-96-20324
                                :
                                :
BOARD OF EQUALIZATION, ET AL.   :


ORDER


    The motion of defendants State of California, State Board of
Equalization, Sorensen and Aragon to dismiss the complaint of
plaintiffs John and Kay Gabor is GRANTED.

    The motion of defendants County of Santa Clara, George Kennedy
and Steve Gibbons to dismiss the complaint of John and Kay Gabor is
GRANTED.

    The motion of defendants Humane Society of Santa Clara Valley,
Christine Arnold, Michael Frazer and Mike Reilly to dismiss the
complaint of John and Kay Gabor is GRANTED.

    The motion of defendant Sam Farr to dismiss the complaint of
plaintiffs John and Kay Gabor is GRANTED.

    The motion of the American Kennel Club and Jeffrey R. Kurtock
to dismiss the complaint of plaintiffs John and Kay Gabor is
GRANTED.

    The complaint of plaintiffs John and Kay Gabor is DISMISSED
WITHOUT PREJUDICE and with leave for the plaintiffs to file an

amended complaint within thirty days if they are able to cure the defects in their complaint.

IT IS SO ORDERED

_____
CHARLES R. WEINER

1

2

3 FILED

OCT 1 0 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GABOR AND KAY GABOR, | NO. C 96-20324 RMW(PVT) |
| Plaintiffs, | ORDER DISMISSING COMPLAINT AS TO FEDERAL DEFENDANTS |
| v. | |
| BOARD OF EQUALIZATION, STATE OF CALIFORNIA, et al., | |
| Defendants. | |

On September 24, 1996, this court granted the motions to dismiss of all defendants in this action except the federal defendants.[1] Judge Weiner granted the motions to dismiss and gave plaintiffs thirty days to amend their complaint. On October 7, 1996, plaintiffs filed a "Notice of Intent Not to Amend Complaint" stating that they wished to "stand by their complaint" so they could appeal Judge Weiner's order. Although the federal defendants' motion was not specifically ruled on, the court assumes that plaintiffs wish to proceed with their appeal of this action and "stand by their complaint" as to all defendants. Furthermore, because the same reasons for which the non-federal defendants' motions to dismiss were granted apply to the federal defendants, the complaint is hereby

---

[1]. The Honorable Charles R. Weiner, sitting by designation, decided the motions to dismiss. Although it appears the federal defendants had filed a motion to dismiss, Judge Weiner may not have had that motion before him.

1

ORDER DISMISSING COMPLAINT AS TO FEDERAL DEFENDANTS
NO. C 96-20324 RMW
PFC

1  dismissed as to the federal defendants.

2

3  DATED:  *10/10/96*

4

RONALD M. WHYTE
5  United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1   Copy of Order mailed on ___10/10/96___ to:

2   John Gabor
    590 Smokey Court
3   Campbell, CA 95008

4           Plaintiff, in propria persona

5

6   Daniel E. Lungren
    Attorney General
    Paul D. Gifford
7   50 Fremont Street, Room 300
    San Francisco, CA 94105

8

    Steven M. Woodside
9   County Counsel
    70 West Hedding Street, 9th Floor
10  San Jose, CA 95110-1770

11  Michael J. Yamaguchi
    United States Attorney
12  William F. Murphy
    United States Attorney's Office
13  280 South First Street, Room 371
    San Jose, CA 95113

14

    Geraldine R. Gennet
15  U.S. House of Representatives
    General Counsel
16  219 Cannon House Office Building
    Washington, D.C. 20515-6601

17

    Lewis D'Amato Brisbois & Bisgaard
18  Jeffrey R. Kurtock
    601 California Street, Suite 1900
19  San Francisco, CA 94108

20  Gassett Perry & Frank
    Jacquelyn K. Wilson
21  210 N. 4th Street, Suite 400
    San Jose, CA 95112

22
            Counsel for Defendants
23

24

25

26

27

28

                            3
ORDER DISMISSING COMPLAINT AS TO FEDERAL DEFENDANTS
NO. C 96-20324 RMW
PFC

FILED

OCT 1 0 1996

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

105

*X A.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GABOR AND KAY GABOR, | NO. C 96-20324 RMW(PVT) |
| Plaintiffs, | JUDGMENT OF DISMISSAL |
| v. | |
| BOARD OF EQUALIZATION, STATE OF CALIFORNIA, et al., | |
| Defendants. | |

On September 24, 1996, this court granted motions to dismiss this action with leave to amend as to all defendants except the federal defendants. On October 7, 1996, plaintiffs filed a "Notice of Intent not to Amend Complaint" stating that they wished to appeal the order. On October 10, 1996, this court ordered dismissal of the complaint as to the federal defendants on the same grounds the non-federal defendants had been dismissed in order to facilitate plaintiffs' appeal. Therefore,

IT IS ORDERED that plaintiffs' complaint is dismissed and judgment of dismissal is hereby ordered.

DATED: *10/10/96*

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

1

JUDGMENT OF DISMISSAL
NO. C 96-20324 RMW ~~ENTERED IN CIVIL DOCKET~~ *10/17/19 76*
PFC

COPIES MAILED TO
PARTIES OF RECORD

1 | Copy of Order mailed on __10/10/96__ to:

2 | John Gabor
590 Smokey Court
3 | Campbell, CA 95008

4 |         Plaintiff, in propria persona

5 |

6 | Daniel E. Lungren
Attorney General
Paul D. Gifford
7 | 50 Fremont Street, Room 300
San Francisco, CA 94105

8 |

9 | Steven M. Woodside
County Counsel
70 West Hedding Street, 9th Floor
10 | San Jose, CA 95110-1770

11 | Michael J. Yamaguchi
United States Attorney
12 | William F. Murphy
United States Attorney's Office
13 | 280 South First Street, Room 371
San Jose, CA 95113

14 |

15 | Geraldine R. Gennet
U.S. House of Representatives
General Counsel
16 | 219 Cannon House Office Building
Washington, D.C. 20515-6601

17 |

18 | Lewis D'Amato Brisbois & Bisgaard
Jeffrey R. Kurtock
19 | 601 California Street, Suite 1900
San Francisco, CA 94108

20 | Gassett Perry & Frank
Jacquelyn K. Wilson
21 | 210 N. 4th Street, Suite 400
San Jose, CA 95112

22 |         Counsel for Defendants

23 |

24 |

25 |

26 |

27 |

28 |

2

JUDGMENT OF DISMISSAL
NO. C 96-20324 RMW
PFC