Source: Legal > States Legal - U.S. > California > Find Cases > CA Federal & State Cases, Combined ⓘ
Terms: **"John Gabor" or "Kay Gabor"** (Edit Search | Suggest Terms for My Search)

✒Select for FOCUS™ or Delivery
☐

*1997 U.S. App. LEXIS 18891, \**

**JOHN GABOR; KAY GABOR,** Plaintiffs-Appellants, v. BOARD OF EQUALIZATION OF CALIFORNIA, in its official capacity; LABOR COMMISSIONER, DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT; JOHAN KLEHS; DEAN ANDAL, in his official capacity; BRAD SHERMAN, in his official capacity and his individual capacity, aka Bortun W. Oliver; BURTON W. OLIVER, in his official capacity and in his individual capacity; LES SORENSEN, in his official capacity and in his individual capacity; JANICE MASTERSON, in her official capacity and in her individual capacity; DONALD J. HENNESSY, in his official capacity and in his individual capacity; GLENN BYSTROM, in his official capacity and in his individual capacity; GARY JUGUM, in his official capacity and in his individual capacity; DAVID H. LEVINE, in his official capacity and in his individual capacity; REX HALVERSON, in his official capacity and in his individual capacity; PATTY WOOD, in her official capacity and in her individual capacity; J. W. CORNELIUS, in his official capacity and in his individual capacity; RACHEL M. ARAGON, in her official capacity and in her individual capacity; MARY ANN STUMPF, in her official capacity and in her individual capacity; KIMBERLY PERALTA, in her official capacity and in her individual capacity; LEE COPELAND, in his official capacity and in his individual capacity; GEORGE KENNEDY, in his official capacity and in his individual capacity; MICHAEL J. YAMAGUCHI, U.S. Attorney, U.S. Attorney N. CA in his official capacity and in his individual capacity; SAM FARR, Congressman, in his legislative capacity and in his individual capacity; DAN GLINKMAN, U.S.D.A. Secretary, in his official capacity and in his individual capacity; JANET RENO, Attorney General, in her official capacity and in her individual capacity; AMERICAN KENNEL CLUB, INC., in its corporate capacity; JEFFREY KURTOCK, in his judicial capacity as A.K.C. judge, in his official capacity as corporate counsel (Calif.) for A.K.C., Inc. and in his individual capacity; HUMANE SOCIETY, SANTA CLARA VALLEY, in its corporate capacity; CHRISTINE ARNOLD, in her corporate capacity as managing director HSSCV and in her individual capacity; MIKE REILLY, in his corporate capacity as an officer of HSSCV, Inc. and in his corporate capacity as an officer of A.K.C., Inc. and in his individual capacity; MICHAEL S. FRAZER, Captain State Humane Officer # 1 in his official capacity as Officer of U.S. Dept. of Justice for Janet Reno, in his official capacity as an officer of the state of California for Daniel Lungren, in his official capacity for delegate Secretary of U.S.D.A. Western Sector in his official capacity as legislative assistant for Congressman Sam Farr and special investigator for Dept. of Commerce and in his individual capacity; STEPHEN GIBBONS, in his official capacity and in his individual capacity District Attorney; SANTA CLARA COUNTY, in its municipal capacity Assistant District Attorney, Defendants-Appellees.

No. 96-17088

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

1997 U.S. App. LEXIS 18891

July 14, 1997 \*\*, Submitted

\*\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellants' request for oral argument is denied.
July 21, 1997, FILED

**EXHIBIT 10**

**NOTICE: [*1]** RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: <u>1997 U.S. App. LEXIS 40712</u>.

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of California. D.C. No. CV-96-20324-RMW (EAI). Ronald M. Whyte, District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Appellant puppy farmers challenged the decision of the United States District Court for the Northern District of California, which dismissed their action alleging multiple Racketeer Influenced and Corrupt Organizations Act (RICO) and civil rights violations in connection with a search of their puppy farm by appellees, a number of state organizations and private clubs, on the grounds of res judicata.

**OVERVIEW:** The puppy farmers' claims were or could have been raised in their first action and the district court properly dismissed the claims against appellee organizations on res judicata grounds. The court affirmed holding that the puppy farmers failed to allege any specific facts that would support a RICO or civil rights claim against the state agencies. The court held that the puppy farmers' prolix complaint consisted of vague and conclusory allegations, recitations of statutory excerpts, quotations from cases that lack relevance, and did not contain any specific factual allegations to support their claims. The court also held that because the district court granted the organizations' motions to dismiss, they were not required to file answers.

**OUTCOME:** The court affirmed the dismissal of the puppy farmers' action under the doctrine of res judicata because they could have raised the issues in prior litigation. The court affirmed the decision of the district court further holding that the complaint did not allege any fact upon which a RICO claim could rely.

**CORE TERMS:** res judicata, civil rights violations, failure to state a claim, properly dismissed, conclusory allegations, refund, vague

**LEXISNEXIS® HEADNOTES**                                                           ⊟**Hide**

Civil Procedure > <u>Pleading & Practice</u> > <u>Defenses, Demurrers, & Objections</u> > <u>Affirmative Defenses</u> 🔍<sub>ALL</sub>
Civil Procedure > <u>Judgments</u> > <u>Preclusion & Effect of Judgments</u> > <u>Res Judicata</u> 🔍<sub>ALL</sub>
Governments > <u>Legislation</u> > <u>Statutes of Limitations</u> > <u>General Overview</u> 🔍<sub>ALL</sub>

HN1⤴ The doctrine of res judicata bars a subsequent action between the same parties on all claims that were, or could have been, raised in a previous action which led to a final judgment on the merits. A judgment based on a statute of limitations is "on the merits." <u>More Like This Headnote</u>

Civil Rights Law > <u>Section 1983 Actions</u> > <u>Elements</u> > <u>Color of State Law</u> > <u>General Overview</u> 🔍<sub>ALL</sub>
Criminal Law & Procedure > <u>Criminal Offenses</u> > <u>Racketeering</u> > <u>Racketeer Influenced & Corrupt</u> <u>Organizations</u> > <u>General Overview</u> 🔍<sub>ALL</sub>
Criminal Law & Procedure > <u>Accusatory Instruments</u> > <u>Complaints</u> 🔍<sub>ALL</sub>

HN2⤴ A civil Racketeer Influenced and Corrupt Organizations Act claim must be pleaded

with specificity and vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. More Like This Headnote

**COUNSEL: JOHN GABOR,** Plaintiff - Appellant, Pro se, Campbell, CA. **KAY GABOR,** Plaintiff - Appellant, Pro se, Campbell, CA.

For BOARD OF EQUALIZATION OF CALIFORNIA, in its official capacity, Defendant - Appellee: Paul D. Gifford, DAG, ATTORNEY GENERAL'S OFFICE, San Francisco, CA. For LABOR COMMISSIONER, DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, Defendant - Appellee: Paul D. Gifford, DAG, (See above). For JOHAN KLEHS, Defendant - Appellee: No Appearance, (See above). For DEAN ANDAL, in his official capacity, Defendant - Appellee: No Appearance, (See above). For BRAD SHERMAN, in his official capacity and his individual capacity, a/k/a Bortun W. Oliver, Defendant - Appellee: No Appearance, (See above). For BURTON W. OLIVER, in his official capacity and in his individual capacity, Defendant - Appellee: No Appearance, (See above). **[*2]** For LES SORENSEN, in his official capacity and in his individual capacity, Defendant - Appellee: Paul D. Gifford, DAG, (See above). For JANICE MASTERSON, in her official capacity and in her individual capacity, Defendant - Appellee: No Appearance, (See above). For DONALD J. HENNESSY, in his official capacity and in his individual capacity; GLENN BYSTROM, in his official capacity and in his individual capacity; GARY JUGUM, in his official capacity and in his individual capacity; DAVID H. LEVINE, in his official capacity and in his individual capacity; REX HALVERSON, in his official capacity and in his individual capacity; PATTY WOOD, in her official capacity and in her individual capacity; J.W. CORNELIUS, in his official capacity and in his individual capacity, Defendant - Appellee: No Appearance, (See above). For RACHEL M. ARAGON, in her official capacity and in her individual capacity, Defendant - Appellee: Paul D. Gifford, DAG, (See above). For MARY ANN STUMPF, in her official capacity and in her individual capacity; KIMBERLY PERALTA, in her official capacity and in her individual capacity; LEE COPELAND, in his official capacity and in his individual capacity, Defendant - Appellee: **[*3]** No Appearance, (See above). For GEORGE KENNEDY, in his official capacity and in his individual capacity, Defendant - Appellee: Steven M. Woodside, OFFICE OF THE COUNTY COUNSEL, San Jose, CA. For MICHAEL J. YAMAGUCHI, U.S. Attorney, U.S. Attorney N. CA in his official capacity and in his individual capacity, Defendant - Appellee: Gail Killefer, Esq., USSF - OFFICE OF THE U.S. ATTORNEY, San Francisco, CA. William F. Murphy, USSJ - OFFICE OF THE U.S. ATTORNEY, San Jose, CA. For SAM FARR, Congressman, in his legislative capacity and in his individual capacity, Defendant - Appellee: Kerry W. Kircher, Esq., Geraldine R. Gennet, Carolyn Betz, Esq., U.S. House of Representatives, Office of General Counsel, Washington, DC. For DAN GLINKMAN, U.S. D.A. Secretary, in his official capacity and in his individual capacity, Defendant - Appellee: Gail Killefer, Esq., (See above). William F. Murphy, (See above). For JANET RENO, Attorney General, in her official capacity and in her individual capacity, Defendant - Appellee: Gail Killefer, Esq., (See above). William F. Murphy, (See above). For AMERICAN KENNEL CLUB, INC., in its corporate capacity, Defendant - Appellee: Jeffrey R. Kurtock, Esq., LEWIS, **[*4]** D'AMATO, BRISBOIS & BISGAARD, San Francisco, CA. For JEFFREY KURTOCK, in his judicial capacity as A.K.C. judge, in his official capacity as corporate counsel (Calif.) for A.K.C., Inc. and in his individual capacity, Defendant - Appellee: No Appearance, (See above). For HUMANE SOCIETY, SANTA CLARA VALLEY, in its corporate capacity; CHRISTINE ARNOLD, in her corporate capacity as managing director HSSCV and in her individual capacity; MIKE REILLY, in his corporate capacity as a officer of HSSCV, Inc. and in his corporate capacity as a officer of A.K.C., Inc. and in his individual capacity; MICHAEL S. FRAZER, Captain State Humane Officer # 1 in his official capacity as Officer of U.S. Dept. of Justice for Janet Reno, in his official capacity as a officer of the state of California for Daniel Lungren, in his official capacity for delegate Secretary of U.S.D.A. Western Sector in his official capacity as legislative assistant for Congressman Sam Farr and special investigator for Dept. of Commerce and in his individual

capacity, Defendant - Appellee: Jacquelyn K. Wilson, Esq., Daniel A. Ojeda, GASSETT, PERRY & FRANK, San Jose, CA. For STEPHEN GIBBONS, in his official capacity and in his individual **[*5]** capacity District Attorney; SANTA CLARA COUNTY, in its municipal capacity Assistant District Attorney, Defendant - Appellee: Steven Woodside, Chief Asst., OFFICE OF THE COUNTY COUNSEL, San Jose, CA.

**JUDGES:** Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.

OPINION


MEMORANDUM *

FOOTNOTES

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.


John and **Kay Gabor** appeal pro se the district court's dismissal of their action alleging multiple Racketeer Influenced and Corrupt Organizations Act ("RICO") and civil rights violations in connection with a search of their puppy farm. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo both the district court's application of res judicata and the district court's dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). See _Hiser v. Franklin_, 94 F.3d 1287, 1290 (9th Cir. 1996), cert. denied, 137 L. Ed. 2d 308, 117 S. Ct. 1106 **[*6]** (1997) (res judicata); _Stone v. Travelers Corp._, 58 F.3d 434, 436-37 (9th Cir. 1995) (dismissal).

The Gabors contend the district court erred by dismissing their claims against the State of California, the California State Board of Equalization and its members, the American Kennel Club, the Humane Society of Santa Clara Valley, and various employees of the Kennel Club and Humane Society on res judicata grounds. We disagree.

_HN1_ The doctrine of res judicata bars a subsequent action between the same parties on all claims that were, or could have been, raised in a previous action which led to a final judgment on the merits. See _FDIC v. Alshuler (In re Imperial Corp. of Am.)_, 92 F.3d 1503, 1506 (9th Cir. 1996). A judgment based on a statute of limitations is "on the merits." See _Ellingson v. Burlington Northern, Inc._, 653 F.2d 1327, 1331 n.3 (9th Cir. 1981). Here, the Gabors' claims either were or could have been raised in their first action. See _Gabor v. Frazer_, 1994 U.S. Dist. LEXIS 19468, 1994 WL 669875 (N.D. Cal. 1994), aff'd, No. 94-17133, 1996 WL 103797 (9th Cir. Mar. 7, 1996), cert. denied, 117 S. Ct. 308 (1996). Accordingly, the district court properly dismissed **[*7]** the Gabors' claims against these defendants on res judicata grounds. See _Robi v. Five Platters, Inc._, 838 F.2d 318, 321-22 (9th Cir. 1988). 1


FOOTNOTES

1 To the extent the Gabors' complaint can be read as seeking a refund of money taken in connection with the sales tax collection efforts by the California Board of Equalization and its employees, and to the extent this claim is not barred by the doctrine of res judicata, we lack jurisdiction because California's administrative and judicial tax refund procedures provide a plain, speedy and efficient remedy. See 28 U.S.C. § 1341; _Franchise Tax Bd. v._

*Alcan Aluminium Ltd.*, 493 U.S. 331, 338, 107 L. Ed. 2d 696, 110 S. Ct. 661 (1990).

The Gabors next contend the district court erred by dismissing their claims against the United States Attorney General, the United States Attorney for the Northern District of California, the Secretary of the Department of Agriculture, the County of Santa Clara and a Santa Clara County district attorney for failure to state a claim. **[*8]** This contention lacks merit.

Although these defendants are listed in the complaint, the Gabors failed to allege any specific facts that would support a RICO or civil rights claim against these defendants. See *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (stating that [HN2] a civil RICO claim must be pleaded with specificity); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (stating that vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss). As noted by the district court, the Gabors' prolix complaint consists of vague and conclusory allegations, recitations of statutory excerpts, quotations from cases that lack relevance, and does not contain any specific factual allegations. Accordingly, the district court properly dismissed the Gabors' claims against these defendants. See *Alan Neuman Prods.*, 862 F.2d at 1392; *Ivey*, 673 F.2d at 268. [2]

**FOOTNOTES**

[2] We affirm the district court's dismissal of Congressman Sam Farr for the same reason. See *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 888 n.11 (9th Cir. 1996) (stating that we may affirm the dismissal of a claim on any ground supported by the record).

**[*9]** The Gabors finally contend the district court erred by failing to enter a default judgment in their favor on the ground that the defendants did not file answers to the Gabors' complaint. This contention lacks merit. Because the district court granted the defendants' motions to dismiss, the defendants were not required to file answers. See Fed. R. Civ. P. 12 (a)(4)(A), (b). [3]

**FOOTNOTES**

[3] The Gabors' contention that Judge Weiner abused his judicial authority by ruling on motions in a case assigned to Judge Whyte lacks merit. ·

**AFFIRMED.**

[4]

**FOOTNOTES**

[4] We deny the American Kennel Club's motion to sanction the appellants for filing a frivolous appeal. See Fed. R. App. P. 38.

Source: Legal > States Legal - U.S. > California > Find Cases > CA Federal & State Cases, Combined [i]
Terms: "John Gabor" or "Kay Gabor" (Edit Search | Suggest Terms for My Search)
View: Full

Date/Time:  Friday, September 14, 2007 - 4:56 PM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- 🅠 - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

* Click on any *Shepard's* signal to *Shepardize*® that case.

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright ©  2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

1 | JOHN CHRISTOPHER GABOR, IN PRO PER
JOHN GABOR, IN PRO PER
2 | c/o L. Shultz
214 Laurelwood Circle
3 | Manteca, California 95336
****************************
4 | IN THEIR OWN STEAD



ORIGINAL FILED

FEB 2 1996

JACK L. WAGNER, CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

7 | UNITED STATES DISTRICT COURT

8 | FOR THE EASTERN DISTRICT OF CALIFORNIA

9 | JOHN CHRISTOPHER GABOR AND JOHN GABOR,       )       CASE NO._____
                                              )
10 |        Plaintiffs,                         )       GABOR TITLE 42 CIVIL COMPLAINT
                                              )
11 |            v.                              )       DEMAND FOR JURY TRIAL
                                              )
12 | OFFICER FERRIERA in her official capacity  )
   | and in her personal individual capacity;  )       CIV-S- 96 420 DFL JFM
13 | OFFICER RAMIREZ in his official capacity   )
   | and in his personal individual capacity;  )
14 | CITY OF CAMPBELL in its municipal capacity;)
   | CAMPBELL POLICE DEPARTMENT; CAMPBELL POLICE)
15 | CHIEF COST in his official capacity and in )
   | his personal individual capacity; COUNTY OF)
16 | SANTA CLARA in its municipal capacity;     )
   | SANTA CLARA COUNTY BOARD OF SUPERVISORS in )
17 | their official capacity; SANTA CLARA COUNTY)
   | JAIL; SANTA CLARA COUNTY SHERIFF DENNIS    )
18 | HANDIS in his official capacity and in his )
   | personal individual capacity; SANTA CLARA  )
19 | COUNTY DISTRICT ATTORNEY GEORGE KENNEDY in )
   | his official capacity and in his personal  )
20 | individual capacity; ASSISTANT DISTRICT    )
   | ATTORNEY JANET CARTWRIGHT in her official  )
21 | capacity and in her personal individual    )
   | capacity; ASSISTANT DISTRICT ATTORNEY      )
22 | DANIEL OKONKWI in his official capacity and)
   | in his personal individual capacity; DEPUTY)
23 | DISTRICT ATTORNEY CINDY SEELEY in her      )
   | official capacity and in her personal      )
24 | individual capacity; PUBLIC DEFENDER LUELLA)
   | TSAI in her official capacity and in her   )
25 | personal individual capacity;PUBLIC DEFENDER)
   | KRISTIN WONG in her official capacity and in)
26 | her personal individual capacity; PUBLIC   )
   | DEFENDER GEORGE ABEL in his official capacity)
27 | and in his personal individual capacity;   )
   | CALIFORNIA DEPARTMENT OF HEALTH AND WELFARE)
28 | AGENCY; SECRETARY SANDRA SMOLEY in her     )

GABOR TITLE 42 CIVIL COMPLAINT                      page 1 of 66

**EXHIBIT 11**

TABLE OF CONTENTS

DEMAND FOR JURY TRIAL

1.   JURISDICTION

2.   VENUE

3.   BACKGROUND OF COMPLAINT  - INTRODUCTION

4.   PLAINTIFFS

5.   DEFENDANTS                                                          3
6.   **Summary of the Instant Case**                                    4
7.   FIRST CAUSE OF ACTION  Conspiracy against rights                   5

8.   SECOND CAUSE OF ACTION Unreasonable search and seizure in violation of   6
                  FOURTH AMENDMENT

9.   THIRD CAUSE OF ACTION Unlawful detainer of land and forcible entry   6
                  with intent to injure in violation of the FIFTH
                  AMENDMENT
     Defendant FERREIRA and RAMIREZ; CITY OF CAMPBELL POLICE DEPARTMENT

10.  FOURTH CAUSE OF ACTION Terrorist threats under color of law with    7
                  intent to interfere with free exercise of rights and
                  security in home in violation of the FIRST, FOURTH
                  and FIFTH AMENDMENTS
     Defendant "911"; CITY OF CAMPBELL; CAMPBELL POLICE DEPARTMENT; FERREIRA;
          RAMIREZ; "unknown officers"; COUNTY OF SANTA CLARA; STATE OF
          CALIFORNIA

11.  FIFTH CAUSE OF ACTION Violation of the FOURTH and EIGHTH AMENDMENT by   9
                  unreasonable and excessive force, commission of hate
                  crime with property damage in excess of $500
     Defendant STATE OF CALIFORNIA; COUNTY OF SANTA CLARA; CITY OF CAMPBELL;
          FERREIRA; RAMIREZ

12.  SIXTH CAUSE OF ACTION Kidnap and torture of JOHN CHRISTOPHER GABOR   10
                  under color in violation of the FOURTH AMENDMENT
     Defendant "unknown officers"; FERREIRA; RAMIREZ; STATE OF CALIFORNIA;
          COUNTY OF SANTA CLARA; CITY OF CAMPBELL; CAMPBELL POLICE
          DEPARTMENT

13.  SEVENTH CAUSE OF ACTION Violation of the THIRTEENTH AMENDMENT and    11
                  kidnap under color with intent to sell person into slavery
     Defendant STATE OF CALIFORNIA; COUNTY OF SANTA CLARA; CITY OF CAMPBELL;
          CAMPBELL POLICE DEPARTMENT; CHIEF OF POLICE COST; "unknown officers";
          FERREIRA; RAMIREZ; "911"; ATTORNEY GENERAL DANIEL LUNGREN; SANTA
          CLARA COUNTY DISTRICT ATTORNEY GEORGE KENNEDY

14.  EIGHTH CAUSE OF ACTION Fraud and Misrepresentation of law by STATE   14
                  ATTORNEY GENERAL and GOVERNOR and conspiracy against
                  mentally disabled to cause deprivation of civil rights
                  and equal protection in violation of Title 42 U.S.C.
                  § 1983(3) and § 1985(3) to embezzle entitlements and
                  defraud citizens of Constitutional guarantees
     Defendant STATE OF CALIFORNIA; GOVERNOR PETE WILSON; ATTORNEY GENERAL
          DANIEL LUNGREN; COUNTY OF SANTA CLARA; SANTA CLARA BOARD OF
          SUPERVISORS

( i )

SECTION                    TABLE OF CONTENTS page ( ii )                    page #

16.   TENTH CAUSE OF ACTION Violation of the ELEVENTH AMENDMENT and the          1
      Privacy Act by release of privileges familiar information to
      paramilitary terrorist organization to deprive the disabled of
      life under color
      Defendant STATE OF CALIFORNIA; GOVERNOR PETE WILSON; ATTORNEY GENERAL
            DANIEL LUNGREN; COUNTY OF SANTA CLARA; SANTA CLARA BOARD OF
            SUPERVISORS; CITY OF CAMPBELL

17.   ELEVENTH CAUSE OF ACTION Misrepresentation of law and unlawful            1
      delegation of judicial and legislative powers to police officers
      in violation of separations of powers and due process clause to
      commit, conspire to commit hate crimes under color of GOVERNER
      PETE WILSON ADMINISTRATION'S doctrine of supremacy for State
      Human Rights Violations
      Defendant STATE OF CALIFORNIA; GOVERNOR PETE WILSON; ATTORNEY GENERAL
            DANIEL LUNGREN; COUNTY OF SANTA CLARA; CITY OF CAMPBELL; SANTA
            CLARA BOARD OF SUPERVISORS; DISTRICT ATTORNEY GEORGE KENNEDY;
            CHIEF OF CAMPBELL POLICE COST

18.   TWELVETH CAUSE OF ACTION Conspiracy to fabricate a warrant and commit      21
            kidnap with use of CAMPBELL POLICE DEPARTMENT VEHICLES
            and officers
      Defendant FERREIRA; RAMIREZ; "unknown officers"; "911"; CITY OF CAMPBELL
            CAMPBELL POLICE DEPARTMENT; CHIEF OF CAMPBELL POLICE COST

19.   THIRTEENTH CAUSE OF ACTION Kidnap with intent to commit robbery of        26
            "blood" to be used in a plan to commit extortion and
            prosecution to remove citizenship of JOHN CHRISTOPHER
            GABOR by fabricated prosecution in CALIFORNIA COURTS
            in violation of the FOURTH, FIFTH, FOURTEENTH
            AMENDMENT of the Constitution for the United States
      Defendant FERRIERA; RAMIREZ; STATE OF CALIFORNIA; COUNTY OF SANTA
            CLARA; CITY OF CAMPBELL; SANTA CLARA COUNTY DISTRICT ATTORNEY
            GEORGE KENNEDY; SANTA CLARA COUNTY MUNICIPAL AND SUPERIOR COURT

20.   FOURTEENTH CAUSE OF ACTION FOURTH AND FIFTH AMENDMENT violation by        27
            SANTA CLARA COUNTY BOARD OF SUPERVISORS in conspiracy
            to commit kidnap for ransom to unlawfully withhold
            STATE and FEDERAL entitlements from the mentally
            ill and participation in planned hate crimes against
            citizen as source of unlawful revenue from kidnapping
            and false arrest and prosecution of innocent citizens
      Defendant SANTA CLARA COUNTY; COUNTY COUNSEL STEVEN WOODSIDE; STATE OF
            CALIFORNIA; CITY OF CAMPBELL; SANTA CLARA COUNTY DISTRICT ATTORNEY
            GEORGE KENNEDY; SANTA CLARA COUNTY MUNICIPAL AND SUPERIOR COURT

21.   FIFTEENTH CAUSE OF ACTION Perjury and false reporting of crime in         28
            violation of California Penal Code section 118
      Defendant FERRIERA and RAMIREZ

22.   SIXTEENTH CAUSE OF ACTION False imprisonment, conspiracy to falsely       31
            prosecute a innocent citizen to cover-up police
            brutality and hate crimes under color of custom and
            practice of Santa Clara County Board of Supervisors,
            Campbell Police Department and County Sheriff
            Gillingham, Santa Clara County Jail, Santa Clara
            County District Attorney George Kennedy in violation
            of California Penal Code section 422.6 and Title 42
                                                    (ii)

| SECTION | | TABLE OF CONTENTS page ( iii ) | page # |
|---|---|---|---|

1
United States Code sections 1983(3) and 1985(3) and the Americans With Disabilities Act.

2
3
Defendants SANTA CLARA COUNTY BOARD OF SUPERVISORS; CAMPBELL POLICE DEPARTMENT; COUNTY SHERIFF GILLINGHAM; SANTA CLARA COUNTY JAIL; SANTA CLARA COUNTY DISTRICT ATTORNEY GEORGE KENNEDY

4    23.    SEVENTEENTH CAUSE OF ACTION False imprisonment in violation of Fourth Amendment and Title 42 United States Code §§ 1983(3)
5    and 1985(3) of John Christopher Gabor on or about September 8th, 1994
6    Defendants SANTA CLARA COUNTY JAIL; FERRIERA; RAMIREZ;

7    24.    EIGHTEENTH CAUSE OF ACTION Unlawful use of the County Jail by Dennis Handis and Daniel Vasquez for kidnap for ransom
8    scheme under contract with Santa Clara County Board of Supervisors for legitimate and illegitimate
9    purpose in violation of Title 18 U.S.C. § 1962 and "specifically participating in kidnap for ransom in
10   violation of the Eighth Amendment" for one thousand dollars ($1,000) on September 8, 1994
11   Defendants SANTA CLARA COUNTY JAIL; DENNIS HANDIS; DANIEL VASQUEZ; FERRIERA; RAMIREZ; SANTA CLARA COUNTY BOARD OF SUPERVISORS;
12   CAMPBELL POLICE DEPARTMENT

13   25.    NINETEENTH CAUSE OF ACTION The unlawful taking of blood with intent to    3
     use the property of John Christopher Gabor to commit
14   extortion and false imprisonment, false prosecution
     in the municipal and superior court of Santa Clara
15   County under color of unlawful, unconstitutional
     local ordinance
16   Defendants FERRIERA; RAMIREZ; "unknown officers"; CAMPBELL POLICE DEPARTMENT; SANTA CLARA COUNTY BOARD OF SUPERVISORS

17   26.    TWENTIETH CAUSE OF ACTION Perjury by Officer Ferriera and False crime    39
     report by officer to conceal police brutality and
18   "robbery", "extortion" under color of fraudulent
     representation of official right under color
19   Defendants FERRIERA; RAMIREZ; "unknown officers"

20   27.    TWENTY FIRST CAUSE OF ACTION Subornation of perjury, conspiracy to file    42
     false crime report, falsifying evidence and
21   intimidation and threatening witnesses in participation
     of police brutality and extortion scheme under color
22   in violation of Title 42 U.S.C. § 1983(3) and
     § 1985(3)
23   Defendants FERREIRA; RAMIREZ; CAMPBELL POLICE DEPARTMENT; SANTA CLARA
     DISTRICT ATTORNEY GEORGE KENNEDY; SANTA CLARA COUNTY BOARD OF
24   SUPERVISORS; STATE OF CALIFORNIA; CALIFORNIA ATTORNEY GENERAL
     DANIEL LUNGREN
25
26   28.    TWENTY SECOND CAUSE OF ACTION Assault and bodily injury to victim and    45
     witnesses John Gabor and Kay Gabor with property
27   damage to 590 Smokey Court and threats with intent
     to intimidate and obstruct prosecution of Officers
28   FERRIERA and RAMIREZ for violation of California
     Penal Code section 149. Assault by peace Officer.
     Defendants FERRIERA; RAMIREZ

( iii )

1  official capacity and in her personal )
   individual capacity; CALIFORNIA ATTORNEY )
2  GENERAL DANIEL LUNGREN in his official )
   capacity and in his personal individual )
3  capacity; GOVERNOR PETE WILSON in his )
   official capacity and in his personal )
4  individual capacity; STATE OF CALIFORNIA )
   and DOES 1 through 100 as their identities )
5  become known. )
                        Defendants. )
6  _____ )

7

8  **Rule 38: Jury Trial of Right**

9     **(a) Right Preserved.**  The right of trial by jury as declared by the

10  Seventh Amendment to the Constitution or as given by statute of the United

11  States shall be preserved to the parties.

12                            JURISDICTION

13     1.        Jurisdiction over this action exists by reason of Title 42

14  United States Code sections 1983 through 1985 and the vindication of the rights

15  guaranteed in the Bill of Rights and the laws and the Constitution of the

16  United States of America.

17                              VENUE

18     2.        Plaintiffs have "standing" in the United States District Court

19  for the Eastern District of California.

20                           INTRODUCTION

21     3. Plaintiffs JOHN CHRISTOPHER GABOR and JOHN GABOR reside in the State

22  of California and are citizens of the United States. The "acts and omissions"

23  alleged herein occurred within the State of California and the Clerk of the

24  Court has designated Sacramento Facility as having appropriate jurisdiction

25  over Manteca, California.

26                            PLAINTIFFS

27     4. Plaintiff JOHN CHRISTOPHER GABOR is the son of Plaintiff JOHN GABOR.

28  Plaintiff JOHN GABOR is the father of Plaintiff JOHN CHRISTOPHER GABOR.

GABOR TITLE 42 CIVIL COMPLAINT                        page 2 of _____

DEFENDANTS

5. Defendants are all residents of the State of California and were
subject to the laws and Constitution of the United States at the times the
acts and omissions giving rise to this action occurred and subjected plaintiffs
to deprivation of civil rights and privileges and immunities guaranteed under
the Constitution of the State of California and the laws and Constitution of
the United States of America.

Defendants herein identified and known to plaintiffs as:

OFFICER FERRIERA in her official capacity and in her personal individual
capacity; OFFICER RAMIREZ in his official capacity and in his personal individual
capacity; CITY OF CAMPBELL in its municipal capacity; CAMPBELL POLICE DEPARTMENT;
CAMPBELL POLICE CHIEF COST in his official capacity and in his personal
individual capacity; COUNTY OF SANTA CLARA in its municipal capacity; SANTA
CLARA COUNTY BOARD OF SUPERVISORS in their official capacity; SANTA CLARA
COUNTY JAIL; SANTA CLARA COUNTY SHERIFF DENNIS HANDIS in his official capacity
and in his personal individual capacity; SANTA CLARA COUNTY DISTRICT ATTORNEY
GEORGE KENNEDY in his official capacity and in his personal individual capacity;
ASSISTANT DISTRICT ATTORNEY JANET CARTWRIGHT in her official capacity and in
her personal individual capacity; ASSISTANT DISTRICT ATTORNEY DANIEL OKONKWI
in his official capacity and in his personal individual capacity; DEPUTY
DISTRICT ATTORNEY CINDY CEELEY in her official capacity and in her personal
individual capacity;  PUBLIC DEFENDER LUELLA TSAI in her official capacity and
in her personal individual capacity; PUBLIC DEFENDER GEORGE ABEL in his official
capacity and in his personal individual capacity; CALIFORNIA DEPARTMENT OF
HEALTH AND WELFARE AGENCY; SECRETARY SANDRA SMOLEY in her official capacity
and in her personal individual capacity; CALIFORNIA ATTORNEY GENERAL DANIEL
LUNGREN in his official capacity and in his personal individual capacity;
GOVERNOR PETE WILSON in his official capacity and in his personal individual

GABOR TITLE 42 CIVIL COMPLAINT                              page 3 of _____

1  capacity; STATE OF CALIFORNIA.

2  **Summary of the Instant Case at Bar:**

3  6. On or about September 1994 defendants unlawfully entered the private

4  property located at 590 Smokey Court, Campbell, California.  The predicate acts

5  committed and the acts and omissions committed in furtherance of the conspiracy

6  to conceal criminal activities committed by defendants gave rise to this

7  action to re-establish the freedoms guaranteed all persons born in the United

8  States, even if residing within the State of California.

9  Defendants are herein advised that this is a federal civil rights suit

10  and shall be subject to Federal Rules of Civil Procedures and heard by a jury

11  of the United States District Court and not "a single judge".

12  Defendants will be enjoined from making false statements in any pleading

13  or paper submitted in the federal record pursuant to title 18 United States

14  Code section 1001.

15  Defendant will be required to comply with title 28 United States Code

16  section 1926 and 1927 and subject to sanctions under Federal Rules of Civil

17  procedures Rule 11 in accordance with clearly established law.

18  Defendants will be required to answer in affidavit and not through

19  counsel and to authenticate all statements made in reply to Summons. "Hearsay

20  or statements through counsel shall be striken from the record " and counsel

21  shall be subject to criminal prosecution as prescribed by precedent and

22  opinion of the Supreme Court, see Heintz v. Jenkins, 25 F. 3d 536 (7th Cir.

23  1995) aff'm. 115 S.Ct ____, June 30, 1995.

24  All "alleged scope of employment immunities" shall be subject to judicial

25  review and shall be authenticated by certified documents pursuant to the

26  Supreme Court opinion, see Gutierrez De Martinez v. Lamagno, 115 S. Ct. 2227,

27  June 14, 1995.  There will be "no exceptions" under the Federal Rules of

28  Evidence in this instant case before the court. Title 7 U.S.C. section 706.

GABOR TITLE 42 CIVIL COMPLAINT                          page 4 of ____

7.    FIRST CAUSE OF ACTION: Conspiracy against rights

**18 U.S.C. § 241. Conspiracy against rights**

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or the laws of the United States, or because of his having so exercised the same; or

If two or more persons go in disguise of the highway, or <u>on the premises of another</u>, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--

They shall be fined under this title or imprisoned not more than ten years, or both; if death results from the acts committed in violation of this section or if such acts include <u>kidnapping</u> or attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, <u>or an attempt to kill</u>, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

(As amended Apr. 11,1968,Pub.L. 90-284, Title I, § 103(a), 82 Stst. 75; Nov. 18,1988, Pub.L. 100-690, Title VII, § 7018(a), (b)(1), 102 Stat. 4396; Sept. 13,1994, Pub.L. 103-322, Title VI, § 60006(a), Title XXXII, §§ 320103(a), 320201(a), Title XXXIII, § 330016(1)(L), 108 Stat. 1970, 2109, 2113, 2147.)

**REVISION NOTES**

Based on Title 18, U.S.C. 1940 ed., § 51 (Mar. 4, 1909 Ch. 321, § 19, 35 Stat. 1092).

Clause making conspirator ineligible to hold office was omitted as incongruous because it attaches ineligibility to hold office to a person who may be a private citizen and who was convicted of conspiracy to violate a specific statute. There seems to be no reason for imposing such a penalty in the case of one individual crime, in view of the fact that other crimes do not carry such severe consequence. The experience of the Department of Justice is that this unusual penalty has been an obstacle to successful prosecution for violations of the act.

**Mandatory punishment was rephrased in the alternative.**

Minor changes in phraseology were made.

**§ 242. Deprivation of rights under color of law**

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than prescribed for the punishment of citizens, shall be fined under this this title or imprisoned not more than one year, or both; <u>and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon</u>, explosives, or fire, shall be fined under this title or imprisoned not more than <u>ten years, or both</u>; and if death results from the acts committed in violation of this section or if such acts include <u>kidnapping or an attempt to kidnap</u>, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, <u>or an attempt to kill</u>, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

1   (As amended Apr. 11,1968,Pub.L. 90-284, Title I, § 103(b), 82 Stat. 75; Nov. 18,1988,
     Pub.L. 100-690, Titl VII, § 7019, 102 Stat. 4396; Sept. 1994, Pub.L. 103-332, Title VI,
2   § 60006(b), Title XXXII, §§ 320103(b), Title XXXIII, § 330016(1)(H), 108 Stat. 1970,2109,
     2113, 2147.)

3                             REVISION NOTES
                Based on title 18, U.S.C., 1940 ed., § 52 (Mar. 4, 1909,ch. 321, § 20, 35 Stat. 1092)
4           · References to persons causing or procuring was omitted as unnecessary in view of
     definition of "principal" in section 2 of this title.
5           A minor change was made in phraseology.

6

7   8.    SECOND CAUSE OF ACTION: Unreasonable search and seizure in violation of

8   FOURTH AMENDMENT

9        On or about the seventh day of September 1994 defendants unlawfully

10  entered the 'private property' located at 590 Smokey Court in the City of

11  Campbell, in the county of Santa Clara, in the State of California with intent

12  to injure the lawful occupants under color of official right. The 'acts'

13  constitute trespass without the written consent of owner or agent of owner,

14  tenant or lawful occupant pursuant to California Penal Code section 602.5.

15       §602.5. Unauthorized Entry of Dwelling.
            Every person other than a public officer or employee acting within
16       the course and scope of his employment in performance of a duty imposed
         by law, who enters or remains in any noncommercial dwelling house,
17       apartment, or other such place without consent of the owner, his agent,
         or the person in lawful possession thereof, is guilty of a misdemeanor.
18       Leg.H. 1961 Ch. 1186.

19  9.    THIRD CAUSE OF ACTION: Unlawful detainer of land and forcible entry

20  with intent to injure in violation of the FIFTH AMENDMENT.

21       On or about the seventh day of September 1994 defendant Campbell police

22  officer FERREIRA and RAMIREZ were dispatched to verify the need of an ambulance

23  requested by the residents of 590 Smokey Court by the 911 operator. Upon

24  arrival they entered the private property and proceeded to the door, knocked

25  and requested entry under the pretext of 'right to examine the occupants'.

26  No disturbance was apparent and plaintiff JOHN GABOR and KAY GABOR were both

27  over the age of eighteen years requiring reasonable officers to obtain their

28  written consent to preform 'duty' on their behalf pursuant to California Penal

GABOR TITLE 42 CIVIL COMPLAINT
                                                            page 6 of ____

1    Code section 418.

2        §418. Forcible Entry or Detainer of Land.
             Every person using or procuring, encouraging or assisting another
3        to use any force or violence in entering upon or detaining any lands or
         other possessions of another, except in cases and in the manner allowed
4        by law, is guilty of a misdemeanor. Leg.H. 1872.
             Ref.: Cal. Fms Pl. & Pr., "Unlawful Detainer, Forcible Entry, and
5        Forcible Detainer."

6

7    10.    FOURTH CAUSE OF ACTION : TERRORIST THREATS UNDER COLOR OF LAW WITH

8    INTENT TO INTERFERE WITH FREE EXERCISE OF RIGHTS AND SECURITY IN HOME IN

9    VIOLATION OF THE FIRST, FOURTH AND FIFTH AMENDMENTS.

10        Defendants under pretext of official right to question plaintiff JOHN

11   CHRISTOPHER GABOR and investigate criminal acts absent written consent of the

12   victims JOHN GABOR and KAY GABOR did procure the presence of twenty-four year

13   old disabled JOHN CHRISTOPHER GABOR with intent to commit heinous crimes

14   against his body, cause great bodily injury, attempted murder and kidnap with

15   intent to extort money under threat of imprisonment and prosecution.

16        Defendant FERRIERA requested plaintiff JOHN GABOR and KAY GABOR call

17   JOHN CHRISTOPHER from his upstairs bedroom. Without warning FERRIERA took her

18   weapon, PEPPER SPRAY, and attacked JOHN GABOR, KAY GABOR and JOHN CHRISTOPHER

19   GABOR in the family room of the dwelling located at 590 Smokey Court.

20        After striking JOHN GABOR and KAY GABOR causing   each elderly person

21   extreme pain and respiratory distress which disabled both temporary state of

22   shock and horror in disbelief of the ensuing outrageous and unconscionable

23   behavior against the elderly and their disable son suffering from diagnosed

24   bipolar brain disorder and functioning as eight year child without ability to

25   cope with physical violence directed at his person by adults.

26        The acts and conduct of defendants FERREIRA and RAMIREZ were in violation

27   of California Penal Code sections 149, 422 and 422.6. The 'elements of willful

28   and malicious intent to injure, inflict pain, are evident by subsequent acts'.

GABOR TITLE 42 CIVIL COMPLAINT                          page 7 of ____

California Penal Code
**§149. Assault and Battery by Officer—Third Degree**
    Every public officer who, under color of authority, without lawful
necessity, assaults or beats any person, is punishable by a fine not
exceeding ten thousand dollars ($10,000), or by imprisonment in the
state prison, or in the county jail not exceeding one year, or by both
fine and imprisonment. **Leg.H.** 1872, 1957 ch. 139, 1976 ch. 1139,
operative July 1,1977, 1983 ch. 1092, effective September 27,1983.

**§422. Threats to Commit Crime Resulting in Death or Great Bodily Injury.**
    Any person who willfully threatens to commit a crime which result
in death or great bodily injury to another person, with specific intent
that the statement is to be taken as a threat, even if there is no
intent of actually carrying it out, which, on its face and under the
circumstances in which it is made is so unequivocal, unconditional,
immediate, and specific as to convey to the person threatened a gravity
of purpose and an immediate prospect of execution of the threat, and
thereby causes that person reasonably to be in sustained fear for his
or her own safety or for his or her immediate family's safety, shall be
punished by imprisonment in the county jail not to exceed one year, or
by imprisonment in the state prison.
    For the purposes of this section, "immediate family" means any
spouse, whether by marriage or not, parent, child, any person related
by consanguinity or affinity within the second degree, or any person
who regularly resides in the household, or who, within the prior six
months, regularly resides in the household. **Leg.H.** 1988 ch. 1256,
effective September 23, 1988, 1989 ch. 1135.
    **Cross-References**
    "Willfully" defined. Penal Code §7.

**§422.6. Use of Force, Threats, or Destruction of Property to Interfere
    With Another's Exercise of Civil Rights-Punishment.**
    (a) No person, whether or not acting under color of law, shall by
force or threat of force, willfully injure, intimidate, interfere with,
oppress, or threaten any other person in the free exercise or enjoyment
of any right or privilege secured to him or her by the constitution or
laws of this state or by the Constitution or the laws of the United
States because of the other person's race, color, religion, ancestry,
national origin, disability, gender, or sexual orientation.
    (b) No person, whether or not acting under color of law, shall
knowingly deface, damage, or destroy the real or personal property of
any other person for the purpose of intimidating or interfering with
the free exercise or enjoyment of any right or privilege secured to the
other person by the constitution or laws of the state or by the
Constitution or laws of the United States, because of the other person's
race, color, religion, ancestry, national origin, disability, gender,
or sexual orientation.
    (c) Any person convicted of violating subdivision (a) or (b) shall
be punished by imprisonment in the county jail not to exceed one year,
or by a fine not to exceed five thousand dollars ($5,000), or by both
that imprisonment and fine. However, no person shall be convicted of
violating subsection (a) based upon speech alone, except upon a showing
that the speech itself threatened violence against a specific person or
group of persons and that the defendant had the apparent ability to
carry out the threat. **Leg.H.** 1987 ch. 1277, 1991 ch. 607, 1184 §1.5.

11.    FIFTH CAUSE OF ACTION: VIOLATION OF THE FOURTH AND EIGHTH AMENDMENT BY

UNREASONABLE AND EXCESSIVE FORCE, COMMISSION OF HATE CRIME WITH PROPERTY

DAMAGE IN EXCESS OF $500

Defendants FERREIRA and RAMIREZ chased JOHN CHRISTOPER GABOR from the

family room through the archway and up the stairs in his home damaging the

walls and banister estimated at $800 before continuing the assault and battery,

and beating on the victim unable to see subsequent to the officers direct

attack upon his eyes with "PEPPER SPRAY". After tackling the blinded disabled

victim at the upstairs bathroom door, preventing him from access to water to

relieve the pain in his eyes, officers held and beat his body within the

legal definition of "sustained terror" constituting terrorism in California

and a "hate crime" with willful, malicious intent to subject plaintiff to

great bodily injury. See "15 minutes of fear is sufficient to meet the

sustained fear requirement for terrorist threat", **People v. Allen**,(March 29,

1995) 33 Cal. App. 4th 1149, 40 Cal. Rptr. 2d 7.  In violation of California

Penal Code sections 422.7 and  defined "Torture" (§206), "Fear" (§212) and

"Assault" (§240) and "Battery" (§242).

California penal Code
**§422.7. Commission of Crime for Purpose of Interfering With Another's**
**Exercise of Civil Rights—Punishment.**

(a) The crime against the person of another either includes
the present ability to commit a violent injury or causes actual
physical injury.
(b) The crime against property causes damage in excess of
five hundred dollars ($500).

**§206. "Torture" Defined; Proof of Pain Not Required.**
Every person who, with intent to cause cruel or extreme pain and
suffering for the purpose of revenge, extortion, persuasion, or for
sadistic purpose, inflicts great bodily injury as defined in Section
12022.7 upon the person of another, is guilty of torture.
The crime of torture does not require any proof that the victim
suffered pain. [**Adopted by Initiative (Prop. 115) at the June 5, 1990,**
**Primary Election, operative June 6, 1990.**]

**§212. Fear Defined.**
The fear mentioned in Section 211 may be either:
1. The fear of an unlawful injury to the person or property of the

GABOR TITLE 42 CIVIL COMPLAINT

page  9 of  ____

1    person robbed, or of any relative of his or members of his family; or
2        2. The fear of an immediate and unlawful injury to the person or
property of anyone in the company of the person robbed at the time of
3    the robbery. **Leg.H.** 1872, 1874 p. 427, 1963 ch. 372.

   **Ref.:** Cal. Crim. Def. Prac., Ch. 142, "Crimes Against the Person."

4

5 **§240. Assault—Defined.**
   An assault is an unlawful attempt, couples with a present ability,
to commit a violent injury on the person of another. **Leg.H.** 1872.

6

7 **§242. Battery—Definition.**
   A battery is any willful and unlawful use of force or violence
upon the person of another. **Leg.H.** 1872.

8

   **Ref.:** Cal. Fms Pl. & Pr., "Assault and Battery,"; Cal. Crim. Def.
9    Prac., Ch. 142, "Crimes Against the Person"; W.Cal. Sum., "Torts" §346.

10   12.    SIXTH CAUSE OF ACTION: KIDNAP AND TORTURE OF JOHN CHRISTOPHER GABOR

11   UNDER COLOR IN VIOLATION OF THE FOURTH AMENDMENT

12      Defendant FERREIRA and RAMIREZ tortured, battered and beat JOHN

13 CHRISTOPHER GABOR while JOHN GABOR and KAY GABOR watched helplessly from the

14 bottom of the stairs pleading for defendants to stop. FERREIRA and RAMIREZ

15 dragged JOHN CHISTOPHER GABOR down the stairs face down and carried him out

16 the entry into the cement driveway.  JOHN GABOR followed them to see defendants

17 raise JOHN CHRISTOPHER as if to allow him to stand only to see him thrown to

18 the concrete where he was     assaulted, battered by FERREIRA while RAMIREZ

19 held him.  FERRIERA dropped her body weight upon the victim as he screamed in

20 pain pleading for help from anyone.  JOHN CHRISTOPER GABOR, a person with the

21 mind of an eight year old child, was further damaged in knowing that his

22 parents were near and allowing the torture to continue. JOHN CHRISTOPHER GABOR

23 has been permanently damaged in his loss of security in his home and the

24 belief that his father and mother will protect him from harm.

25      Defendants FERRIERA and RAMIREZ committed the legally defined crime of

26 kidnap in carrying the victim from the safety of his dwelling by force and a

27 distance of more than forty or fifty feet as defined in California Appellate

28 decision in 1995, committing a violation of California Penal Code §207.

GABOR TITLE 42 CIVIL COMPLAINT         

1    See <u>People v. Smith</u>, April 12, 1995, 33 Cal. App. 4th 1586, 40 Cal. Rptr.

2    2d 51. ( defining the distance a victim is transported by a perpetrator to

3    establish "kidnap" as 'movement of victim 40 to 50 feet supports kidnapping

4    enhancement' and violation of California Penal Code §207 at fn. 3).

5    California Penal Code, **CHAPTER 3 KIDNAPPING**
     **§207. Defined.**

6         (a) Every person who forcibly, or by any other means of instilling
     fear, steals or takes, or holds, detains, <u>or arrests any person</u> in this

7    state, and carries the person into another county, state, or county, or
     into another part of the same county, is guilty of kidnapping.

8         (b) Every person, who for the purpose of committing any act defined
     in Section 288, hires, persuades, entices, decoys, or seduces by false

9    promises, misrepresentations, or the like, any child under the age of
     14 years years to go out of this country, state, or county, or into

10   another part of the same county, is guilty of kidnapping.

         (c) Every person who forcibly, or by any other means of instilling

11   fear, takes, or holds, detains, or arrests any person, with a design to
     take the person out of the state, <u>without having established a claim,</u>

12   according to the laws of the United States, or of this state, or who
     hires, persuades, entices, decoys, or seduces by false promises,

13   misrepresentations, or the like, any person to go out of this state, or
     to be taken or removed therefrom <u>for the purpose and the intent to sell</u>

14   <u>that person into slavery or involuntary servitude, or otherwise to</u>
     <u>employ that person for his own use, or to the use of another, without</u>

15   <u>the free will and consent of that persuaded person,</u> is guilty of
     kidnapping.

16        (d) Every person who, being out of this state, abducts or takes
     by force or fraud any person contrary to the law of the place where

17   that act is committed, and brings, sends, or conveys that person within
     the limits of this state, and is afterwards found within the limits

18   thereof, is guilty of kidnapping.
          (e) Subdivisions (a) to (d) inclusive, do not apply to any of the

19   following:
          (1) To any person who steals, takes, entices away, detains,

20   conceals, or harbors any child under the age of 14 years, if that act
     is taken to protect the child from danger of imminent harm.

21        (2) To any person acting under Section 834 or 837. **Leg.H.** 1872,
     1905 p. 653, 1982 ch. 1404, 1990 ch. 55.

22
     **Cross-References**

23   Criminal profiteering. Penal Code §186.2
     Kidnapping for extortion or ransom. Penal Code §209

24   Taking hostages. Penal Code §210.5
          **Ref.:** Cal. Crim. Def.Prac., Ch. 142, "Crimes Against the Person."

25

26   13.   <u>SEVENTH CAUSE OF ACTION: VIOLATION OF THE THIRTEENTH AMENDMENT AND</u>

27   <u>KIDNAP UNDER COLOR WITH INTENT TO SELL PERSON INTO SLAVERY</u>

28        Defendant CITY OF CAMPBELL and CHIEF OF POLICE COST conspired to kidnap

GABOR TITLE 42 CIVIL COMPLAINT                        page 11 of ____

1   JOHN CHRISTOPHER GABOR for the purpose of false imprisonment and to sell him

2   into "slavery" as a "disabled person suffering from mental illness" eligible

3   for state and federal entitlements as provided to citizens suffering from

4   genetic birth defects affecting their ability to function. Conspiracy to

5   "incarcerate the mental ill in prison or concentration camps" for compensation

6   in a violation of the Americans with Disabilities Act and title 42 U.S.C.

7   § 1983(3) and § 1985(3) and against Public Law and policy.

8       Defendants FERREIRA and RAMIREZ summoned more officers subsequent to

9   the battery, beating, hog-tying of JOHN CHRISTOPHER GABOR in the 'private

10  property' and home of plaintiff JOHN CHRISTOPHER GABOR knowing absolutely that

11  they were on 'private property' several blocks from the nearest  public

12  street designated by painted "city, county or state marking" or 'white line'.

13  The GABOR'S private property is located in a residential area and the street

14  privately owned pursuant to California Civil Code §831 and subject to the

15  same FOURTH and FIFTH AMENDMENT 'expectation of privacy and exclusion of

16  strangers'.  The defendants are required by the laws of the state of California

17  to know the area under their jurisdiction and the requirements to obtain

18  "written consent to enter vacant land and written consent to enter occupied

19  land".  The absence of the GOVERNMENT DESIGNATION on the street is sufficient

20  proof that any reasonably intelligent person would know they were on private

21  property owned and under the control of the residents of the adjoining h mes.

22  Defendants are allegedly "trained, tested, and supervised to prevent their

23  commission of violation of laws" and injury to the property of another.

24      The CITY OF CAMPBELL and the CAMPBELL CHIEF OF POLICE COST entered into

25  a 'criminal profiteering scheme' to kidnap and sell disabled persons into

26  slavery and involuntary servitude to the government in violation of the

27  Thirteenth Amendment of the Constitution for the United States.  Defendants

28  dispatched more 'unknown officers' and no ambulance as required by law.

GABOR TITLE 42 CIVIL COMPLAINT                          page 12 of _____

1    Defendants acts and conduct are violations of clearly established law

2    and criminal acts committed with intent to inflict injury for profit and

3    unlawful economic motive defined as  criminal profiteering under color of law.

4    California Penal Code §186.2, §209, and §210.5. "Conspiracy" of two or more

5    persons pursuant to California Penal Code §182.

6    CALIFORNIA PENAL CODE, CHAPTER 9 CRIMINAL PROFITEERING
     **§186. Short Title.**

7        This act may be cited as the "California Control of Profits of
     Organized Crime Act." **Leg.H.** 1982 ch. 1281.

8

9    **§186.1. Legislative Intent.**
         The Legislature hereby finds and declares that an effective means
     of punishing and deterring  criminal activities of organized crime is

10   through forfeiture of profits acquired and accumulated as a result of
     such criminal activities.  It is the intent of the Legislature that the

11   "California Control of Profits of Organized Crime Act" be used by
     prosecutors to punish and deter only such activities.

12

13   **§186.2. Definitions.**
         For purposes of the application of this chapter, the following
     definitions shall govern:

14       (a) **"Criminal profiteering activity"** means any act committed or
     attempted or any threat made for financial gain or advantage, which

15   act or threat may be charged as a crime under any of the following
     sections:

16       (1) Arson, as defined in Section 451.
         (2) Bribery, as defined in Sections 67, 67.5, and 68.

17       (3) Child pornography or exploitation, as defined in subdivision
     (b) of Section 311.2, or Section 311.3 or 311.4, which may be prosecuted

18   as a felony.
         (4) **Felonious assault**, as defined in Section 245.

19       (5) Embezzlement, as defined in Section 424 and 503.
         (6) **Extortion**, as defined in Section 518.

20       (7) Forgery, as defined in Section 470.
         (8) Gambling, as defined in Sections 337a to 337f, inclusive, and

21   Section 337i, except the activities of a person who participates solely
     as an individual bettor.

22       (9) **Kidnapping**, as defined in Section 207.
         (10) **Mayhem**, as defined in Section 203.

23       (11) Murder, as defined in Section 187.
         (12) Pimping and pandering, as defined in Section 266.

24       (13) Receiving stolen property, as defined in Section 496.
         (14) Robbery, as defined in Section 211.

25       (15) **Solicitation of crimes**, as defined in Section 653f.
         (16) Grand theft, as defined in Section 487.

26       (17) Trafficking in controlled substances, as defined in Sections
     11351, 11352, and 11353 of the Health and Safety Code.

27       (18) Violation of the laws governing corporate securities, as
     defied in Section 25541 of the Corporations Code.

28       (19) Any of the offenses contained in Chapter 7.5 (commencing
     with Section 311) of Title 9, relating to obscene matter, or in

Chapter 7.6 (commencing with Section 313) of Title 9, relating to harmful matter which may be prosecuted as a felony.

(20) Presentation of a false or fraudulent claim, as defined in Section 556 of the Insurance Code.

(21) Money laundering, as defined in Section 186.10.

(22) **Conspiracy to commit any of the crimes listed above, as defined in Section 182.**

(b) "**Pattern of criminal profiteering activity**" means engaging in at least <u>two incidents of criminal profiteering</u>, as defined by this act, which meet the following requirements:

(1) **Have similar purpose, result, principals, victims or methods of commission, or are otherwise interrelated by distinguishing characteristics.**

(2) Are not isolated events.

(3) Were committed as a criminal activity or organized crime.

Acts which would constitute a "pattern of criminal profiteering activity" may not be used by a prosecuting agency to seek the remedies provided by this chapter <u>unless the underlying offense occurred after the effective date</u> [**January 1, 1993**] of this chapter <u>and the prior act occurred within 10 years</u>, excluding any period of imprisonment, of the commission of the <u>underlying offense.</u>  A prior act may not be used by a prosecuting agency to seek remedies provided by this chapter if a prosecution for that act resulted in an acquittal.

(c) "**Prosecuting agency**" means the Attorney General or the district attorney of any county. [<u>Daniel Lungren and George Kennedy</u>]

(d) "Organized crime" means crime which is of a conspiratorial and (1) organized nature and which seeks to supply illegal goods and services such as narcotics, prostitution, loan sharking, gambling, and pornography or, (2) through planning and coordination of individual efforts, to conduct the illegal activities of arson for profit, hyjacking, insurance fraud, smuggling, operating vehicle theft rings, or systematically encumbering the assets of a business for the purpose of defrauding creditors.

(c) "Underlying offense" means an offense enumerated in subdivision (a) for which the defendant is being prosecuted.

This section shall become operative on January 1, 1993. **Leg.H.** 1989 ch. 930 §4.1, operative January 1, 1993, 1991 ch. 1049 §3.

14.    <u>EIGHTH CAUSE OF ACTION: FRAUD AND MISREPRESENTATION OF LAW BY STATE</u>

<u>ATTORNEY GENERAL AND GOVERNOR AND CONSPIRACY AGAINST METALLY DISABLED TO</u>

<u>CAUSE DEPRIVATION OF CIVIL RIGHTS AND EQUAL PROTECTION IN VIOLATION OF TITLE</u>

<u>42 U.S.C. § 1983(3) AND § 1985(3) TO EMBEZZLE FEDERAL ENTITLEMENTS AND DEFRAUD</u>

<u>THE CITIZENS OF CONSTITUTIONAL GUARANTEES</u>

Defendants PETE WILSON and DANIEL LUNGREN have entered into a conspiracy

to arrest, fabricate criminal indictments, prosecute and incarcerate disabled

persons with intent to defraud such citizens of federal entitlement and cause

GABOR TITLE 42 CIVIL COMPLAINT

1 | wrongful death by "police brutality" and "assault and battery" in the jails,

2 | prisons or Department of Corrections.

3 | The "pattern of criminal activity" and planned deprivation of civil

4 | rights attested to in the 82 page Order of the United States District Court

5 | of the Eastern District of California issued by LAWRENCE KARLTON on or about

6 | September 15, 1995 described the "period of time from the prior act as 1991

7 | and continuing through 1995"within the 10 years of the statute provided in

8 | California Penal Code, Chapter 9 Criminal Profiteering Section 186 et seq.,

9 | "California Control of Profits of Organized Crime" of 1993. The federal

10 | statutory authority provided pursuant to Title 18 U.S.C. §§ 1962 et seq. with

11 | remedy and injunctive relief provided pursuant to NOTICE OF CLAIM OF

12 | UNCONSTITUTIONALITY, Title 28 United States Code Section 2403 et seq.

13 | 15.    NINTH CAUSE OF ACTION  "DOE" UNKNOWN "911 Operator": DEPRIVATION OF

14 | AMBULANCE TO MENTALLY ILL CITIZENS WITH INTENT TO CAUSE GREAT BODILY INJURY

15 | AND WRONGFUL DEATH OF DISABLED PERSONS IN VIOLATION OF TITLE 42 U.S.C. §§ 1993

16 | AND THE AMERICANS WITH DISABILITIES ACT (ADA)

17 | Defendants STATE OF CALIFORNIA and COUNTY OF SANTA CLARA conspired to

18 | obstruct, delay, withhold ambulance service to "insured and uninsured mentally

19 | disabled citizens" with intent to wrongfully cause the death of such citizens

20 | to  encourage and facilitate the embezzlement and fraudulent use of federal

21 | budget allocations from the Treasury of the United States for unlawful profit

22 | and corrupt purpose and to unlawfully violate the constitutional guarantees

23 | vindicated in the laws and Constitution of the United States and the Equal

24 | Protection Clause of the Fourteenth Amendment.

25 | Plaintiff JOHN CHRISTOPHER GABOR, age 24 on or about September 7, 1994,

26 | was "an insured citizen" with medical benefits under the family policy of

27 | KAISER when defendants committed calculated fraud and denied transport during

28 | a 'seizure occurring inside his private dwelling' placing plaintiffs at risk.

GABOR TITLE 42 CIVIL COMPLAINT

16.   <u>TENTH CAUSE OF ACTION: VIOLATION OF THE ELEVENTH AMENDMENT AND THE</u>

<u>PRIVACY ACT BY RELEASE OF PRIVILEGES FAMILIAL INFORMATION TO PARAMILITARY</u>

<u>TERRORIST ORGANIZATION TO DEPRIVE THE DISABLED OF LIFE UNDER COLOR</u>

Defendant STATE OF CALIFORNIA and COUNTY OF SANTA CLARA unlawfully

employed "paramilitary terrorist organization members" to commit "HATE CRIMES"

against selected class of disabled persons with intent to fraudulently use the

"911 system" to locate 'victims' and deprive them of their constitutional

rights under color of law in violation of California penal Code Section 422.75

and California Penal Code, Article 6 Paramilitary Organizations, Section 11460

et seq.  See <u>Hodge v. Carroll County Department of Social Services</u>, 812 F.

Supp. 593 (N.D. Ill. 1992); <u>Brandon v. Holt</u>, 469 U.S.464 (6th Cir. 1985); also

<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) at Footnote 7.

Defendants did conspire to delegate judicial powers in violation of the

"separations of powers doctrine" to police and sheriff officers to cause the

deprivation of due process under threat of police brutality and great bodily

injury to the disabled as defined in clearly established law, see <u>United</u>

<u>States v. United States District Court For the Eastern District of Michigan</u>,

444 F. 2d 651 (6th Cir. 1972) 407 U.S. 297 (1972) at p.316. Quoting:

"See also **United States v. Rabinowitz, supra**, at 68 (Frankfurter,J.,
dissenting); **Davis v. United States**, 328 U.S. 582,604 (1946)
( Frankfurter,J., dissenting).
    Over two centuries ago, Lord mansfield held that common-law
principles prohibited warrants that ordered the arrest of <u>unnamed
individuals</u> who the **officer** might conclude were guilty of seditious
libel. "It is not fit," said Mansfield, "that the receiving or judging
of the information should be left to the discretion of the officer.
The magistrate ought to judge; and should give certain direction to the
officer." **Leach v. Three of the King's messengers**, 19 How. St. Tr. 1001
1027 (1765).
    Lord Mansfield's formulation touches the very heart of the Fourth
Amendment directive: that, where practical, a governmental search and
seizure should represent both the efforts of the officer to gather
evidence of wrongful acts and the judgment of the magistrate that the
collected evidence is sufficient to justify invasion of a <u>citizen's
private premises or conversation</u>. Inherent in the concept of a warrant
is its issuance by a "neutral and detached magistrate." **Coolidge v.
New Hampshire, supra**, at 453; **Katz v. United States, supra**, at 356.

GABOR TITLE 42 CIVIL COMPLAINT                          page 16 of ___

California Penal Code, Title 11.5 CIVIL RIGHTS

**§422.7. Commission of Crime for Purpose of Interfering With Another's Exercise of Civil Rights—Punishment.**

Except in the case of a person punished under Section 422.6, any crime which is not made punishable by imprisonment in the state prison shall be punishable by imprisonment in the state prison or in a county jail not to exceed one year, by a fine not to exceed ten thousand dollars ($10,000), or by both imprisonment and fine, if the crime is committed against the person or property of another <u>for the purpose of intimidating or interfering with that other person's free exercise or enjoyment of any right secured to him or her by the constitution or laws of this state or by the Constitution or laws of the United States</u> and because of the other person's race, color, religion, ancestry, national origin, <u>disability</u>, gender, or sexual orientation, under any of the following circumstances, <u>which shall be charged in the accusatory pleading</u>:

(a) <u>The crime against the person of another either includes the present ability to commit a violent injury or causes actual physical injury.</u>

(b) The <u>crime against property causes damage in excess of five hundred dollars</u> ($500).

(c) The person charged with a crime under this section has been convicted previously of a violation of subdivision (a) or (b) of Section 422.6, or has been convicted previously of a conspiracy to commit a crime described in subdivision (a) or (b) of Section 422.6. **Leg.H.** 1987 ch. 1277, 1991 chs. 607, 1184 §2.5.

**Cross-References**
Terrorism. Penal Code §11411.

**Ref.:** W.Cal. Sum., "Constitutional Law" §775.

**§422.75. Commission of Hate Crime; Additional Term.**

(a) Except in the case of a person punished under Section 422.7, a person who commits a felony or attempts to commit a felony because of the <u>victim's</u> race, color, religion, nationality, country of origin, ancestry, **disability**, or sexual orientation shall receive an additional term of one, two, or three years in state prison at the court's discretion.

(b) Except in the case of a person punished under Section 422.7 or subdivision (a) of this section, any person who commits a felony or attempts to commit a felony because of the <u>victim's</u> race, color, religion, nationality, country of origin, ancestry, <u>disability</u>, or sexual orientation <u>and who voluntarily acted in concert with another person either personally or by **aiding and abetting another person** shall receive an additional two, three, or four years in state prison</u> [1] at the court's discretion.

(c) **For the purpose of imposing an additional term under subdivision (a) or (b), it shall be a factor in aggravation that the defendant personally used a firearm in the commission of the offense. Nothing in this subdivision shall preclude a court from also imposing a sentence enhancement pursuant to Section 12022.5 or 12022.55, or any other provision of law.**

(d) A person who is punished pursuant to subdivision (a) or (b)

The further requirement of "probable cause" instruct the magistrate that baseless searches shall not proceed.

These Fourth Amendment freedoms cannot properly be guaranteed if domestic security surveillances may be conducted solely within the discretion of the Executive Branch. The Fourth Amendment does not contemplate the executive officers of Government as neutral and disinterested magistrates.  Their duty and responsibilities are to enforce the laws, to investigate, and to prosecute. **Katz v. United States, supra**, at 359, 360 (Douglas,J., concurring)." . . . "

CALIFORNIA PENAL CODE, ARTICLE 6, Paramilitary Organizations

**§11460. Penalty for Participation in Paramilitary Organization.**
(a) Any two or more persons who assemble as a paramilitary organization for the purpose of practising with weapons shall be punished by imprisonment in the county jail for not more than one year or by a fine of not more than one thousand dollars ($1,000), or by both.

As used in this subdivision, "paramilitary organization" means an organization which is not an agency of the United States government or of the State of California, or which is not a private school meeting the requirements set forth in Section 12154 of the Educations Code, but which engages in instruction or training in guerilla warfare or sabotage, or which, as an organization, engages in rioting or violent disruption of, or the violent interference with, school activities.

(b)(1) Any person who teaches or demonstrates to any other person the use, application, or making of any firearm, explosive, or destructive device, or technique capable of causing injury or death to persons, knowing or having reason to know or intending that such objects or techniques will be unlawfully employed for use in, or in furtherance of a civil disorder, or any person who assembles with one or more other persons for the purpose of training with, practicing with, or being instructed in the use of any firearm, explosive, or destructive device, or technique capable of causing injury or death to persons, with intent to cause or further a civil disorder, shall be punished by imprisonment in the county jail for not more than one year or by a fine of not more than one thousand dollars ($1,000), or by both.

Nothing in this subdivision shall make unlawful any act of any peace officer or member of the military forces of this state or of the United States, performed in the **lawful course of his official duties.**

(2) As used in this section:
(A) "Civil disorder" means any disturbance involving acts of violence which cause an immediate danger of or results in damage or injury to the property or person of any other individual.

(B) "Destructive device" has the same meaning as in Section 12301.
(C) "Explosive" has the same meaning as in Section 12000 of the health and Safety Code.
(D) "Firearm" means any device designed to be used as a weapon, or which may readily be converted to a weapon, from which is expelled a projectile by the force of any explosion or other form of combustion, or the frame or receiver of any such weapon.

(E) "Peace officer" means any peace officer or other officer having the powers of arrest of a peace officer, specified in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2. **Leg.H.** 1965 ch. 1221, 1969 ch. 345, 1981 ch. 795.

GABOR TITLE 42 CIVIL COMPLAINT                                  page 18 of ____

shall also receive an additional term of one year in state prison for each prior felony conviction on charges brought and tried separately in which it was found by the trier of fact or admitted by the defendant that the crime was committed because of the victim's race, color, religion, nationality, country of origin, ancestry, disability, or sexual orientation.  This additional term shall only apply where a sentence enhancement is not imposed pursuant to Section 667 or 667.5.

[2](e) The additional term in subdivisions (a),(b), and [3](d) shall not be imposed unless the allegation is charged in the <u>accusatory pleading</u> and admitted by the defendant or <u>found to be true by the trier of fact.</u>

[4] (f) The additional term in subdivisions (a),(b) and [5](d) shall be in addition to any other punishment provided by law.

[6] (g) Notwithstanding any other law, the court may strike the additional term in subdivisions (a),(b), and [7] (d) <u>if the court determines that there are mitigating circumstances and states on the record the reasons for striking the additional punishment.</u> **Leg.H.** 1991 ch. 607, 1992 chs. 265,266.

**§422.75. 1992 Deletes.** [1] , [2](d) [3](c) [4](e) [5](c) [6](f) [7](c)

**Cross-References**
"Willful". Penal Code §7.
"Knowingly". Penal Code §7.
"Willfully". Penal Code §7.

17.    <u>ELEVENTH CAUSE OF ACTION: MISREPRESENTATION OF LAW AND UNLAWFUL</u>

<u>DELEGATION OF JUDICIAL AND LEGISLATIVE POWERS TO POLICE OFFICERS IN VIOLATION</u>

<u>OF SEPARATION OF POWERS AND DUE PROCESS CLAUSE TO COMMIT, CONSPIRE TO COMMIT</u>

<u>HATE CRIMES UNDER COLOR OF  GOVERNOR PETE WILSON ADMINISTRATION'S DOCTRINE</u>

<u>OF SUPREMACY FOR STATE HUMAN RIGHTS VIOLATIONS</u>

Defendants STATE OF CALIFORNIA, GOVERNOR PETE WILSON, ATTORNEY GENERAL DANIEL LUNGREN, COUNTY OF SANTA CLARA, BOARD OF SUPERVISORS OF SANTA CLARA COUNTY, CITY OF CAMPBELL, DISTRICT ATTORNEY GEORGE KENNEDY, CHIEF OF CAMPBELL POLICE COST knowingly and willfully instituted a 'custom and policy' delegating legislative and judicial power to 'employees' acting under local ABSOLUTE SELF GRANTED IMMUNITY to commit hate crimes against all non-governmental citizens within their reach.  Proposition 187 is evidence of the doctrine of hate and fear to intimidate, threaten and interfere with the free exercise of constitutional rights within the State of California under color in violation

GABOR TITLE 42 CIVIL COMPLAINT                    page 19 of _____

1  of the laws of the state of California and the constitution of the State of

2  California and the Constitution and laws of the United States.

3      Defendants are charged with the 'willful and knowing commission of hate

4  crimes' in violation of law. The participation in hate crimes and obstruction

5  of justice to cover-up the violation of local and state laws in furtherance

6  of the plan and purpose of the perpetrators to violate the civil rights of the

7  citizens and persons born citizens of the United States residing in the state

8  of California.

9      Clearly established law imposes liability upon all aiders and abettors

10  regardless of their "self-appointed status as  kings, queens or messengers of

11  the King of California". In People v. Beeman, (1984) 35 Cal. 3d 547, the

12  California Supreme Court determined that, in order to sustain a conviction

13  based on an aiding and abetting theory, there must be "proof that an aider and

14  abettor act[ed] with knowledge of the criminal purpose of the perpetrator and

15  with an intent or purpose either of committing or encouraging or facilitating

16  commission of the offense. [Citations.]" (Id. at p. 560.) The court explained

17  that, where the definition of the offense "includes the intent to do some act

18  or achieve some consequence beyond the actus reus of the crime," the aider and

19  abettor must share the perpetrator's specific intent. (Ibid.) In this respect,

20  "an aider and abettor will 'share' the perpetrator's specific intent when he

21  or she knows the full extent of the perpetrator's criminal purpose and gives

22  aid or encouragement with intent or purpose of facilitating the perpetrator's

23  commission of the crime. [Citations.]"(Ibid.)

24      It is 'clearly established that the state, county and city' encourage

25  human rights violations and hate crimes under color to rule by fear and

26  intimidation in furtherance of the reign of terror and police brutality within

27  the state against all the peoples constitutional rights to cause deprivation

28  of rights and 'privileges and immunities guaranteed a free people under law'.

GABOR TITLE 42 CIVIL COMPLAINT                          page 20 of ____

18.    TWELVETH CAUSE OF ACTION: CONSPIRACY TO FABRICATE A WARRANT AND COMMIT KIDNAP WITH USE OF CAMPBELL POLICE DEPARTMENT VEHICLES AND OFFICERS

Defendants CAMPBELL POLICE DEPARTMENT did dispatch vehicles and police officers to 'private property' located at 590 Smokey Court with intent to aid and abet the kidnapping of JOHN CHRISTOPHER GABOR on or about September 7th between the hours of ten o'clock p.m. and six o'clock a.m. on September 8th, 1994. Defendants CITY OF CAMPBELL and CAMPBELL POLICE CHIEF COST knew that no arrest could occur on 'private property', no arrest could occur between the hours of 10 p.m. and 6 a.m. pursuant to California Penal Code section 840 and that no lawful warrant was in existence for any resident of the private land located on a privately owned street pursuant to California Civil Code section 831. The acts and conduct of these   unknown dispatcher and the unknown police officers aiding and abetting defendants FERREIRA and RAMIREZ constitute a violation of clearly established law defined as "conspiracy to commit kidnapping and hate crimes against a citizen of the United States" and California Penal Code section 207 and section 182 of Chapter 8.  All the defendants are "persons capable of committing crimes" as defined California Penal Code section 26.

California Civil Code, ARTICLE 2 Boundaries and Adjacent Owners.
**§829. Extent of Ownership-Subsurface.**
The owner of the land in fee has the right to the surface and to everything permanently situated beneath or above it. **Leg.H.** 1872.

**§831. Land Bordering Road or Street.**
An owner of land bounded by a road or street is presumed to own to the center of the way, but the contrary may be shown. **Leg.H.**1872.

**Ref.:** Cal. Fms Pl.& Pr., "Adjoining Landowners."

California Penal Code
**§839. Summoning Assistance.**
Any person making an arrest may orally summon as many persons as he deems necessary to aid him therein. **Leg.H.** 1872.

**Cross-References**
"Arrest" defined. Penal Code §834.
Summoning assistance. Penal Code §698.
Arrest with warrant. Penal Code §834.
**Ref.:** Cal. Crim. Def. Prac., Ch. 11, "Arrest."

GABOR TITLE 42 CIVIL COMPLAINT                    page 21 of ____

**§840. Time of Day Arrest May Be Made.**
An arrest for commission of a felony may be made on any day and at any time of the day or night. An arrest for the <u>commission of a misdemeanor or an infraction</u> **cannot be made between the hours of 10 o'clock p.m. and 6 o'clock a.m.** of the succeeding day, unless:

(1) The arrest is made without a warrant pursuant to Section 836 or 837.

(2) The arrest is made in <u>a public place</u> [not private property].

(3) The arrest is made when the person is in <u>custody pursuant to another **lawful arrest**</u>.

(4) The arrest is made pursuant to a <u>warrant</u> which, for good cause shown, <u>directs that it made be served at any time of the day or night</u>. **Leg.H.** 1872, 1905 p. 693, 1969 ch. 528, 1976 ch. 436.

**Cross-References**
"Felony" defined. Penal Code §17.
"Infraction" defined. Penal Code §19.6.
"Misdemeanor" defined. Penal Code §17.

**§841. Notice of Authority and Intent to Arrest.**
The person making the arrest <u>must inform the person to be arrested</u> of the intention to arrest him, of the cause of the arrest, and the <u>authority to make it</u>, except when the person making the arrest has reasonable cause to believe that the person to be arrested **is actually engaged in the commission of or an attempt to commit an offense, or the person to be arrested is pursued immediately after its commission,** or after an escape.
The person making the arrest **must, on request of the person he is arresting, inform the latter of the** <u>offense for which he is being arrested</u>. **Leg.H.** 1872, 1957 ch. 2147, 1961 ch. 1863.

**Cross-References**
"Arrest" defined. Penal Code §834.
Escape, generally, Penal Code §§4532,4550.
Escape from peace officer. Penal Code §836.6.

California Penal Code, CHAPTER 8 CONSPIRACY

**§182. Conspiracy Defined—Punishment.**
(a) If two or more persons conspire:
(1) To commit any crime.
(2) **Falsely and maliciously to indict another for any crime, or to procure another to be charged or arrested for any crime.**
(3) Falsely <u>to move or maintain any suit, action or proceeding</u>.
(4) To cheat and defraud any person of any property, **by means which are in themselves criminal**, or to obtain money or property by <u>false pretenses</u> or by false promises with <u>fraudulent intent</u> not to perform such promises.
(5) To commit any act injurious to the public health, to public morals, <u>or to pervert or obstruct justice, or the administration of the laws</u>.
(6) To commit any crime against the person of the President or

Vice President of the United States, the governor of any state or territory, any United States justice or judge, or the secretary of any of the executive departments of the United States.

They are punishable as follows:

When they conspire to commit any crime against the person of any official specified in paragraph (6), they are guilty of a felony and are punishable by imprisonment in the state prison for five, seven, or nine years.

When they conspire to commit any other felony, they shall be punishable in the same manner and to the same extent as is provided for the punishment of the that felony. If the felony is one for which different punishments are prescribed for different degrees, the **jury or court** which finds the defendant guilty thereof shall determine the degree of the felony defendant conspired to commit. If the degree is not so determined, the punishment for conspiracy to commit the felony shall be that prescribed for that of the lessor degree, except in the case of conspiracy to commit murder, in which case punishment shall be that prescribed for murder in the first degree.

If the felony is conspiracy to commit two or more felonies which have different punishments and the commission of those felonies constitute but one offense of conspiracy, the penalty shall be that prescribed for the penalty which has the greater maximum term.

When they conspire to do an act described in **paragraph (4)**, they shall be punishable by imprisonment in the state prison, or by imprisonment in the county jail for not more than one year, or by a fine not exceeding ten thousand dollars ($10,000), or both.

When they conspire to do any other acts described in this section, they shall be punishable by imprisonment in the county jail for not more than one year, or in the state prison, or a fine not exceeding ten thousand dollars ($10,000) or both.

All cases of conspiracy may be prosecuted and tried in the superior court of any county in which any overt act tending to effect such conspiracy shall be done.

(b) Upon trial for conspiracy, in a case where an overt act is necessary to constitutes the offense, the defendant cannot be convicted unless one or more acts are expressly alleged in the indictment or information, nor unless one or more acts alleged is proved, but other overt acts not alleged may be given in evidence. **Leg.H.** 1872, 1874 p. 426, 1919 ch. 125, 1943 ch. 554, 1953 ch. 32, 1955 ch. 660, 1965 ch. 924, 1976 ch. 1139, operative July 1,1977, 1978 ch. 579, 1983 ch. 1092, effective **September 27,1983**, 1989 ch. 897.

**1989 Note:** The Legislature inadvertently created the phrase "the that felony" in the tenth paragraph of subsection (a).

**Cross-References**
Acts effectuating conspiracy. Penal Code §184.
Criminal profiteering. Penal Code §196.2.
Intent to defraud. Penal Code §8.
Limitation of statute. Penal Code §183.
Probation denial. Penal Code §1203.
    **Ref.:** Cal. Crim. Def. Prac., Ch. 141, "Conspiracy, Solicitation, and Attempt."

CALIFORNIA PENAL CODE, TITLE I PERSONS RESPONSIBLE FOR CRIME

**§26. Persons Capable of Committing Crime.**

All persons are capable of committing crimes except those belonging to the following classes:

One--Children under the age of 14, in the absence of clear proof that at the time of committing the act charged against them, they knew its wrongfulness.

Two--Idiots.

Three--Persons who committed the act or made the omission charged under an ignorance or mistake of fact, which disproves any criminal intent.

Four--Persons who committed the act charged without being conscious thereof.

Five--Persons who committed the act or made the omission charged through misfortune or by accident, when it appears that there was no evil intent design, intention, or culpable negligence.

Six--Persons (unless the crime be punishable with death) who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to and did believe theirs lives would be endangered if they refused. **Leg.H.** 1872, 1973 p. 422, 1976 ch. 1181, 1981 ch. 404.

**Cross-References**
Unity of act and intent necessary to constitute crime. Penal Code §20.
Threats compelling crime. Penal Code §31.
Accidents excusing homicide. Penal Code §195.
Mental incompetence, generally. Penal Code §1367 et seq.
**Ref.:** Cal. Fms Pl.& Pr., "Juvenile Courts"; Cal. Crim. Def. Prac., Ch. 73, "Defenses and Justifications"; W.Cal.Sum., "Parent and Child" §§ 509,729, "Husband and Wife" §1.

**§27. Persons Liable to Punishment.**
(a) The following persons are liable to punishment under the laws of this state:
1. All persons who commit, in whole or in part, any crime within this state.
2. All who commit any offense without this state which, if committed within this state, would be larceny, robbery, or embezzlement under the laws of this state, and bring the property stolen or embezzled, or any part of it, or are found with it, or any part of it, within this state;
3. All who, being without this state, cause or aid, advise or encourage, another person to commit a crime within this state, and are afterwards found therein.
(b) **Perjury, in violation of Section 118, is punishable also when committed outside of California to the extent provided in Section 118. Leg.H.** 1872, 1905 p. 638 ch 478, 1980 ch. 889.

/
GABOR TITLE 42 CIVIL COMPLAINT                              page 24 of___

**Cross-References**
Parties to crime. Penal Code §30 et seq.
Robbery. Penal Code §211.
Larceny. Penal Code §484.
Embezzlement. Penal Code §503.
Offenses commenced outside of, but consummated within, state, Penal
    Code §778.
Person outside state aiding crime within state. Penal Code §778b.
Accessories, principals, and degrees. Penal Code §971.
    **Ref.:** Cal. Crim. Def. Prac., Ch. 2, "Criminal Jurisdiction of
State Courts."

## TITLE II
## PARTIES TO CRIME

**Classification.§30**
**Principals. §31**
**Accessories. §32**
**Punishment of accessories.§33.**

## §30. Classification.
The parties to crimes are classified as:
1. Principals; and
2. Accessories. **Leg.H.** 1872.
**Cross-References**
Crime. Penal Code §15.
Principals. Penal Code §31.
Accessories. Penal Code §32.
    **Ref.:** Cal. Crim. Def. Prac., Ch. 140, "Challenges to Crimes."

## §31. Principals.
All persons in the commission of a crime whether it be felony or
misdemeanor, and whether they directly commit the act constituting the
offense, or aid and abet on its commission, or not being present, have
advised and encouraged its commission, and all persons counseling,
advising or encouraging children under the age of fourteen years,
**lunatics or idiots, to commit any crime, or who, by fraud, contrivance
or force, occasion the drunkenness of another for the purpose of
causing him to commit any crime, or who, by threats, menaces, command
or coercion, compel another to commit any crime, are principals in any
crime** so committed. **Leg.H.** 1872.

**Cross-References**
Conspiracies. Penal Code §182 et seq.
Abrogation of distinction between accessory before fact and principals.
    Penal Code §971.
Accomplices. penal Code §1111.
    **Ref.:** Cal. Crim. Def. Prac., Ch. 140. "Challenges to Crimes."

## §32. Accessories.
Every person who, after a felony has been committed, harbors,
conceals or aids a principal in such felony, **with the intent that said
principal may avoid or escape from arrest, trial, conviction or
punishment, having knowledge that said principal has committed such
felony or has been charged with such felony** or convicted thereof, is
an accessory to such felony. **Leg.H.** 1872, 1935 ch. 436.

/

**Cross-References**
Distinction between accessory before the fact and principals abrogated.
   Penal Code §971.
Accessory may be prosecuted regardless of prosecution of principal.
   Penal Code §972.
      **Ref.:** Cal. Crim. Def. Ptac., Ch. 140, "Challenges to Crimes."

**§33. Punishment of Accessories.**
      Except in cases where a different punishment is prescribed, an accessory is punishable by a fine not exceeding five thousand dollars ($5,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment. **Leg.H.** 1872, 1957 ch. 139, 1976 ch. 1139, **operative July 1,1977.**

**Cross-References**
Distinction between accessory before fact and principals abrogated.
   Penal Code §971.
Accessory may be prosecuted regardless of prosecution of principal.
   Penal Code §972.

19.    THIRTEENTH CAUSE OF ACTION: KIDNAP WITH INTENT TO COMMIT ROBBERY OF "BLOOD" TO BE USED IN A PLAN TO COMMIT EXTORTION AND PROSECUTION TO REMOVE CITIZENSHIP OF JOHN CHRISTOPHER GABOR BY FABRICATED PROSECUTION IN CALIFORNIA COURTS IN VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENT OF THE CONSTITUTION FOR THE UNITED STATES

      On or about ten o'clock p.m. defendant "911 operator" entered into a conspiracy with defendants to kidnap a 'mentally ill citizen' under color of official right. Defendants FERREIRA and RAMIREZ were dispatched to 'assault and battery', cruelly torture plaintiff JOHN CHRISTOPHER age 24 years and hog-tie with hangcuffs in the presence of his parents JOHN and KAY GABOR held by threat of further great bodily harm or death if they attempted to assist their son during the beating and torture. Defendants then dispatched more vehicles and uniformed officers to transport the "victim" to a parking lot where the unknown officers forcibly held JOHN CHRISTOPHER GABOR and 'extracted BLOOD' from his body for use to prove him a "drug addict" suitable to be murdered by officers under color or incarcerated for a period up to three years in state prison or the county jail.

      Defendants knew that plaintiff JOHN CHRISTOPER GABOR was over the age

GABOR TITLE 42 CIVIL COMPLAINT                                    page 26 of ___

1  of eighteen and could not legally be forced to consent to Medical Procedure

2  against his will. Defendants knew the victim was INSURED and could be

3  hospitalized in the County Hospital or in a facility under contract with

4  KAISER HOSPITAL. Defendants unlawfully preformed a "medical procedure" to

5  forcible obtain PROPERTY DEFINED AS BLOOD from the body of a citizen of the

6  United States after taking a 'oath of office' and being trained and employed

7  as peace officers explicitly restricting any such criminal acts under their

8  "scope of employment or duty".

9      Defendants were all "knowing perpetrators of criminal acts with intent

10  to EXTORT one thousand dollars ($1,000) from a victim of kidnap" see BAIL

11  FORM in booking packet pursuant to Federal Rules of Civil Procedure Rule 9(d)

12  document of the act committed is not alleged when FACTUAL EVIDENCE exists.

13      All defendants are CHARGED WITH KIDNAP, KIDNAP WITH INTENT TO COMMIT

14  EXTORTION, KIDNAP FOR RANSOM, FALSE ARREST, ROBBERY UNDER COLOR, ASSAULT AND

15  BATTERY BY PEACE OFFICER in violation of clearly established law and the

16  constitution with knowing intent to commit terrorism and a hate crime for

17  profit.

18  20.  FOURTEENTH CAUSE OF ACTION: FOURTH AND FIFTH AMENDMENT VIOLATION BY

19  SANTA CLARA COUNTY BOARD OF SUPERVISORS IN CONSPIRACY TO COMMIT KIDNAP FOR

20  RANSOM TO UNLAWFULLY WITHHOLD STATE AND FEDERAL ENTITLEMENT FROM THE MENTALLY

21  ILL AND PARTICIPATION IN PLANNED HATE CRIMES AGAINST CITIZEN AS SOURCE OF

22  UNLAWFUL REVENUE FROM KIDNAPPING AND FALSE ARREST AND PROSECUTION OF INNOCENT

23  CITIZENS.

24      Defendant COUNTY BOARD OF SUPERVISORS and county counsel STEVEN WOODSIDE

25  did employee "lunatics and idiots" and encourage them to commit hate crimes

26  against citizens for the purpose of fraud, contrivance or force to kill or

27  permanently cripple citizens by threats, terrorism, menaces and to command the

28  coercion and torture of family members to save the lives of family members

GABOR TITLE 42 CIVIL COMPLAINT                          page 27 of ___

1  from death by torture in the county jail or by cruel and inhumane treatment of

2  employees of the California Department of Corrections trained to torture or

3  kill the "mentally ill" incarcerated in jails or prison facilities to oppress,

4  delay, hinder any application for lawful benefits from SSI or SSA, Medical or

5  Medicare paid to the state by the United States Department of Health and

6  Human Services by Congressional allocation for the care of disabled citizens

7  residing within the jurisdiction of the County of Santa Clara California.

8  21.    FIFTEENTH CAUSE OF ACTION: PERJURY AND FALSE REPORTING OF CRIME IN

9  VIOLATION OF CALIFORNIA PENAL CODE SECTION 118.

10      Defendants FERREIRA and RAMIREZ committed perjury in the 'making of

11  statement' that plaintiff JOHN CHRISTOPHER GABOR had a WARRANT existing

12  and he 'was resisting lawful arrest'. The factually record will show that NO

13  WARRANT existed before September 7, 1994 and therefore, factually officers

14  could not assert 'lawful arrest pursuant to lawfully issued WARRANT'.

15      Plaintiff JOHN CHRISTOPHER GABOR was not subject to any arrest and was

16  within his home, upon private property located at 590 Smokey Court, and located

17  a substantial distance from any PUBLIC ROADWAY. FERRIERA perjury consists of

18  the false statement that (1) there was a existing arrest warrant, (2) defendant

19  was in a public place, (3) defendant was resisting arrest on a lawful warrant,

20  (4) defendant was under the influence of controlled substance, (5) defendant

21  was interferring with or obstructing officers in the performance of lawful

22  duty.

23      OMISSIONS OF FACT which would render FERRIERA'S STATEMENT UNDER OATH

24  a criminal act in violation of California penal Code section 118.1.

25      FACTUAL DISCOVERY: (1)  the plaintiffs called '911 operator' for a

26  ambulance to transport a 24 year old adult to a hospital as a 'threat to him-

27  self or others' for medical treatment, (2) plaintiffs and '911' knew that he

28  could not lawfully be taken by force unless the "paramedics determined he was

GABOR TITLE 42 CIVIL COMPLAINT                                page 28 of____

1  observed in seizure" and was not capable of control of bodily function posing

2  a threat to his "personal safety or the safety of others during seizure", (3)

3  he was not a WARD of the State and had NOT PROVIDED POWER OF ATTORNEY to his

4  parents or any other person or entity barring any action without consent or

5  lawful COURT ORDER after due process of law,(4) he was in his dwelling and a

6  lawful occupant, (5) the dwelling was not open to the public and no WRIT OF

7  UNLAWFUL DETAINER had been filed in any lawful court and no eviction notice

8  had been served, (6) no "emergency" existed when the officers arrived, (7) the

9  officers gained entry by deception with evil intent to injure the lawful

10  occupant of 590 Smokey Court, (8) the officers FERREIRA and RAMIREZ knew they

11  were NOT AUTHORIZED to perform the duty of paramedics or "licensed medical

12  treatment providers", (9) NO written complaint was obtained from JOHN GABOR

13  to preform any duty within the private property located at 590 Smokey Court,

14  (10) NO written complaint was obtained from KAY GABOR to preform any duty

15  within the private property located at 590 Smokey Court, (11) the officers

16  could not make an arrest between the hours of 10 o'clock p.m. and 6 o'clock a.m.

17  in a  PUBLIC PLACE and had no statutory authority inside a private dwelling

18  during the hours without a COURT ORDER specifically directing them there to

19  preform a specific duty signed by "a neutral and detached superior court judge"

20  (12) the officers had no lawful right to ATTACK the occupants of 590 Smokey

21  Court with PEPPER SPRAY, (13) the officers had no lawful right to attack JOHN

22  CHRISTOPHER GABOR when told to leave the property by him,(14) the officers

23  KNEW they had no right to attack and chase JOHN CHISTOPHER GABOR up HIS STAIRS

24  in HIS OWN HOME and prevent his entering his upstairs bathroom to remove the

25  PEPPER SPRAY FROM HIS OWN EYES, (15) the officers KNEW they had no right to

26  assault and batter, torture under threat of death JOHN CHRISTOPHER GABOR in

27  the upstairs of HIS DWELLING at 590 Smokey Court on September 7, 1994, (16)

28  the officers KNEW that JOHN CHRISTOPHER GABOR was not 'under the influence'

GABOR TITLE 42 CIVIL COMPLAINT                              page 29 of ____

1  of a controlled substance in a public place or in possession of a controlled

2  substance with intent to sell such to another when he responded and appeared

3  next to his mother inside 590 Smokey Court after 10 o'clock p.m. on September

4  7, 1994,(17)  the officers KNEW JOHN CHRISTOPHER GABOR could NOT be arrested

5  for use of "controlled substances" illegal or legal drugs, alcohol, or any

6  other substance IN HIS OWN HOME under his free exercise of his FIRST AMENDMENT

7  CHOICE concerning his own body, (18) officers KNEW that they were required by

8  law to leave the private property located at 590 Smokey Court as soon as JOHN

9  CHRISTOPHER GABOR told them to go and they failed to obtain a WRITTEN CONSENT

10  or WRITTEN COMPLAINT from the other two adult occupants present,(19) the two

11  officers KNEW no reasonable officer in his or her right mind could lawfully

12  attach the two senior citizens and their disabled son and be immune from

13  criminal prosecution for assault and battery by a officer defined California

14  Penal Code section 149, (20) the officers KNEW they had to  attack, attempt to

15  kill, or threaten the occupants with the death of JOHN CHRISTOPHER, falsely

16  charge JOHN CHRISTOPHER with a crime to prevent plaintiffs from taking civil

17  and criminal action against OFFICERS FERREIRA and RAMIREZ for their acts and

18  conduct inside 590 Smokey Court on September 7, 1994, (21) the officers knew

19  that they were committing the criminal act of "KIDNAPPING" when they physically

20  transported JOHN CHRISTOPHER down the stairs under force and threat of great

21  bodily injury, (22) the officers knew they had committed a crime punishable

22  under law when they "solicited  other unknown officers" to be dispatched to

23  participate in the kidnapping and assault upon the body of JOHN CHRISTOPHER to

24  induce fear and prevent plaintiffs JOHN and KAY from charging Campbell Police

25  with assault and damage to the inside of the home located at 590 Smokey Court,

26  (23) the officers KNEW that they were required to take the "injured JOHN

27  CHRISTOPHER GABOR to the hospital for treatment for injuries", (24) the officers

28  KNEW that 'transport of an injured person' to a PARKING LOT and the taking of

GABOR TITLE 42 CIVIL COMPLAINT                              page 30 of ____

1   BLOOD from a physically restrained arrestee COULD NOT BE termed any lawful or

2   reasonable conduct in the civilized world,(25) the officers acts and conduct

3   established "intent to fabricate evidence of addiction to controlled substance"

4   to justify the DEATH OF A PRISONER allegedly resisting arrest, (26) the officers

5   KNEW that their 'asses were had' when the BLOOD taken was negative for DRUGS

6   lawful or unlawful and negative for alcohol, (26) the officers all became

7   PRINCIPALS subsequent to the 'assault and battery, participation in COVER-UP

8   of police brutality' upon a citizen suffering from mental illness and deprived

9   of "PROPER MEDICAL CARE" requested by his parents from the '911 operator' on

10  or about 10 o'clock p.m. September 7, 1994 in Santa Clara County California.

11  22.    SIXTEENTH CAUSE OF ACTION: FALSE IMPRISONMENT, CONSPIRACY TO FALSELY

12  PROSECUTE A INNOCENT CITIZEN TO COVER-UP POLICE BRUTALITY AND HATE CRIMES

13  UNDER COLOR OF CUSTOM AND PRACTICE OF SANTA CLARA COUNTY BOARD OF SUPERVISORS

14  CAMPBELL POLICE DEPARTMENT AND COUNTY SHERIFF GILLINGHAM, SANTA CLARA COUNTY

15  JAIL, SANTA CLARA COUNTY DISTRICT ATTORNEY GEORGE KENNEDY IN VIOLATION OF

16  CALIFORNIA PENAL CODE SECTION 422.6 AND TITLE 42 UNITED STATES CODE SECTIONS

17  1983(3) and 1985(3) AND THE AMERICANS WITH DISABILITIES ACT.

18      Defendants SANTA CLARA COUNTY JAIL did receive the battered body of

19  JOHN CHRISTOPHER GABOR on or about 2 a.m. on September 8, 1994 and unlawfully

20  placed his body in a holding cell without lawful warrant or written authority

21  to incarcerate a citizen of the State of California. Defendant UNKNOWN JAILER

22  was criminally neglient and participated in the conspiracy to hold a innocent

23  citizen in the jail facility as a party to kidnap for ransom of $1,000 as

24  evidenced in the documents in the RECORD.

25      Defendants KNEW since the 'assault and battery of RODNEY KING' that they

26  would be subjected to criminal and civil liability for any violation of civil

27  rights against any citizen as a matter of law and equal application of law.

28  The Court of Appeals for the Ninth Circuit has made itself quite clear recently.

GABOR TITLE 42 CIVIL COMPLAINT                        page 31 of ____

1  Prisoners Rights are not 'ambiguous and are clearly established law' in the

2  State of California and under the law and Constitution of the United States.

3      The precedent setting case in the Ninth Circuit was decided in 1994

4  preceding the 'acts and conduct of defendants.'In May 1992, plaintiffs filed

5  a lawsuit against Los Angeles City Council in their individual and official

6  capacities alleging that the City and the Council members deprived her of her

7  civil rights by participation in a policy of indemnifying Los Angeles police

8  officers against liability for unconstitutional use of excessive force without

9  regard to the statutory considerations of § 825(b). Plaintiff alleged that this

10 policy encouraged the use of such force and amounted to deliberate indifference

11 to her constitutional rights. See Trevino v. Gates, 95 Daily Journal D.A.R.

12 12613, (C.D. Cal. June 15,1995) published September 21,1995. Clearly established

13 law consists of the decisions of the court pre-existing the acts and conduct

14 giving rise to the civil litigation. See Trevino v. Gates, 798 F.Supp. 621,

15 623-24 (C.D. Cal. 1992), aff'd, 23 F. 3d 1480 (9th Cir.), cert. denied. __U.S.

16 __, 115 S.Ct. 327, 130 L.Ed.2d 286 (1994). Quoting in part, "The Court denied

17 the motion, ruling that the Council members' votes to indemnify police officers

18 are discretionary actions and therefore are not legislative acts entitling

19 them to absolute immunity. Trevino, supra.  The Court bifurcated the trial to

20 allow plaintiff's suit against the officers and Gates to continue while the

21 issue of absolute immunity was appealed. The Ninth Circuit affirmed in May

22 1994, and the Supreme Court denied certiorari in October 1994.

23     Plaintiffs GABOR herein alleged 'deliberate indifference to their

24 constitutional and statutory rights' and fully expect the "arrogance of the

25 defendants and their counsel" to claim ABSOLUTE IMMUNITY for all acts and

26 conduct herein defined as excessive force and invasion into privacy and property

27 with intent to violate civil rights.   Defendants herein charged have twenty

28 days after receipt of service to reply specifically pursuant to F.R.C.P. Rule

GABOR TITLE 42 CIVIL COMPLAINT                         page 32 of ___

1    8(b) and 8(d) with their defenses again pursuant to 'clearly established law',

2    see Marshall v. Gates, 44 F. 2d 722 (9th Cir. January 30, 1995).

3         Defendants in their official capacity and in the personal individual

4    capacity are subject to civil suit arising out of their acts and omissions

5    committed in furtherance of their plan and purpose to deprive JOHN CHRISTOPHER

6    GABOR, JOHN GABOR and KAY GABOR of the statutory and constitutional rights as

7    citizens born in the United States.  The district court, herein named shall

8    receive motions from defendants allegedly "immune" and plaintiffs will move

9    the Ninth Circuit to repeat themselves and provide injunctive relief pursuant

10   to the direction of the Court, see Brandon v. Holt, 469 U.S. 464 (6th Cir.

11   1985); Johnson v. Jones , 115 S.Ct. 2151 (June 12,1995); also Elder v.

12   Holloway, __U.S.__(1994), 114 S.Ct. 1019, 1023 (1994).  See Newell v. Sauser,

13   NO. 94-35243, 95 Daily Journal D.A.R. 12365, quoting:

14                      II. DISCUSSION
            The sole issue on appeal is whether defendants are entitled to
15   qualified immunity. We review de novo a district court's decision on
     qualified immunity in a section 1983 action. Elder v. Holloway, __U.S.
16   __(1994), 114 S.Ct. 1019, 1023 (1994); Trevino v. Gates, 23 F.3d 1480,
     1023,(9th Cir. 1994).
17          The qualified immunity doctrine protects government officials
     from liability for civil damages "insofar as their conduct does not
18   violate clearly established statutory or constitutional rights of
     which a reasonable person would have known." Harlow v. Fitzgerald,
19   457 U.S. 800, 818 (1982). In determining whether an official is entitled
     to qualified immunity, we (1) identify the specific right allegedly
20   violated; (2) determine whether the right was "clearly established;"
     and (3) determine whether a reasonable officer could have believed
21   that his or her conduct was lawful. Alexander v. City and County of
     San Francisco, 29 F.3d 1355, 1363-64 (1994)

22

23        Defendant SANTA CLARA COUNTY JAIL and SANTA CLARA COUNTY SHERIFF

24   GILLINGHAM shall be required to specifically plead their "ignorance of the

25   decision Miranda" and their ignorance of the Fifth and Sixth Amendment of the

26   Constitution of the United States should they all or in part attempt to

27   commit perjury, fraud upon the court and file any Motion to Dismiss or 12(b)(6).

28   Plaintiffs existing action against defendants, in part, GABOR v. FRAZER Case

GABOR TITLE 42 CIVIL COMPLAINT                           page 33 of ___

1  No. 94-17133 currently docketed in the Ninth Circuit established 'deliberate

2  indifference and a continuing pattern of violation of civil rights over a

3  extended period of time' documented in Public Record, and thereby not a

4  "allegation" but factual history of events, acts, omissions and conduct which

5  is admissible into evidence to establish defendants 'business dealings and

6  service to the residents in their jurisdiction'.

7  23.    SEVENTEENTH CAUSE OF ACTION: FALSE IMPRISONMENT IN VIOLATION OF FOURTH

8  AMENDMENT AND TITLE 42 U.S.C. §§ 1983(3) and 1985(3) OF JOHN CHRISTOPHER

9  GABOR ON OR ABOUT SEPTEMBER 8th, 1994.

10      Defendants SANTA CLARA COUNTY JAIL and unknown officer conspired with

11  defendant FERREIRA and RAMIREZ to incarcerate a 'innocent person' under threat

12  of immediate or future prosecution with knowledge of the acts and conduct of

13  police officers subjecting a person to great bodily injury during a unlawful

14  and "unreasonable search and seizure" of JOHN CHRISTOPHER GABOR from 590

15  Smokey Court, City of Campbell on or about September 7, 1994 in violation of

16  California Penal Code §182 and 422.6 et seq.

17      Defendants knew that NO ARREST WARRANT was in existance and NO CRIME

18  reported, NO COMPLAINT signed by any 'natural person injured in his person or

19  property' and that JOHN  CHRISTOPHER GABOR was not provided MIRANDA rights or

20  any lawful "Booking Procedure" required by law in the State of California to

21  protect the rights of a "charged party" received by a county jail or facility.

22  Defendants were criminally negligent in depriving a "injured prisoner" of

23  medical care or transport to a hospital facility for visible injuries sustained

24  shortly before delivery to their facility. "A reasonable officer" is required

25  by law to treat, photograph and document all apparent physical injuries to all

26  prisoners to avoid liability for civil actions for excessive force or police

27  brutality.  Defendants failure is evidence in itself of deliberate disregard

28  for the safety of those in their custody in violation of law with evil intent.

GABOR TITLE 42 CIVIL COMPLAINT                              page 34 of ___

24.    EIGHTEENTH CAUSE OF ACTION: UNLAWFUL USE OF THE COUNTY JAIL BY DENNIS
HANDIS AND DANIEL VASQUEZ FOR KIDNAP FOR RANSOM SCHEME UNDER A CONTRACT WITH
SANTA CLARA COUNTY BOARD OF SUPERVISORS FOR LEGITIMATE AND ILLEGITIMATE
PURPOSE IN VIOLATION OF TITLE 18 U.S.C. § 1962 AND "SPECIFICALLY PARTICIPATING
IN KIDNAP FOR RANSOM IN VIOLATION OF THE EIGHTH AMENDMENT" FOR ONE THOUSAND
DOLLARS ($1,000) ON SEPTEMBER 9,1994

Defendant DENNIS HANDIS and DANIEL VASQUEZ did participate in the
unlawful holding of JOHN CHRISTOPHER GABOR kidnapped from 590 Smokey Court on
or about September 7 between the hours of eleven o'clock p.m. and midnight by
defendant FERREIRA and RAMIREZ with intent to hold his body under threat of
great bodily injury immediately or in the future if such ransom was not paid
by plaintiff JOHN GABOR and KAY GABOR to defendants COUNTY OF SANTA CLARA.
DEFENDANTS, ALL, participated in the creation of the document in the record
identified as PREBOOKING INFORMATION SHEET, Agency 4302-CA, Report ID #
106811.37A, Case # 94-4155 CAMPBELL POLICE DEPARTMENT made available to
plaintiff SEPTEMBER 30,1994 as INITIAL DISCOVERY dated 9-7-94.  The document
attests to the FACT that defendants received the victim at two thirty a.m.
and contributed specific acts and conduct in furtherance of the kidnapping
scheme under color of official right in violation of Title 42 U.S.C. sections
1983(3) and 1985(3) as defined in by the Court, see Brandon v. Holt, 469 U.S.
464 (6th Cir, 1985) also Green v. Saenz, 812 F. Supp. 798 (N.D.Ill. 1992).

Defendants KNEW that a 'prisoner COULD NOT BE RECEIVED without proper
warrant and signed Miranda statement' verified by the BOOKING OFFICER on duty
at the jail facility.  See Miranda v. Arizona, 384 U.S. 436 (1966) and document
ADMONITION CHEMICAL TEST and ADMONITION OF RIGHTS which reflect "intentional"
violation of the Fourth and Fifth Amendment protection against the unlawful
taking of BLOOD EVIDENCE from a citizen under threat of death and a
irreconcilable conflict with the decision of the Court and the constitutions.

GABOR TITLE 42 CIVIL COMPLAINT                          page 35 of ____

1    No 'reasonable person' could assume the statements on the document were

2    anything but "extortion, coercive and threats recognized as UNLAWFUL for over

3    twenty years" and clearly established violations of law and "human rights

4    violations historically attributed to California Court since       reviewed and

5    established as "repugnant, heinous, unconscionable" in the case of Rochin v.

6    California, 342 U.S. 165,172 (1952). It is inconsistent with any reasonable

7    interpretation of law by any television series broadcaste to educate MORONS

8    employed by law enforcements entities or mentally disabled citizens subjected

9    to "police brutality" under unlawful use of excessive force by police officers

10   committed hates crimes against selected targeted victims in society.

11   Defendants intentionally withheld the Constitutional guarantees provided

12   by the Miranda, supra,  decision and participated in the unlawful acts and

13   conduct in furtherance of the purpose and plan to commit "kidnap for ransom"

14   under color of policy, custom and plan of the County of Santa Clara Board of

15   Supervisors to commit HATE CRIMES against the disabled and elderly for unlawful

16   economic gain under their interpretation of local SUPREMACY preemption of the

17   constitution and laws of the State of California and the laws and Constitution

18   of the United States as their "personal right as elected or appoint political

19   individuals" and protected by their OWN SELF GRANTED ABSOLUTE IMMUNITY as

20   persons and agents of the KING of CALIFORNIA holder of all bonded SLAVES in

21   their territory or jurisdiction.

22   25.   NINETEENTH CAUSE OF ACTION: THE UNLAWFUL TAKING OF BLOOD WITH INTENT TO

23   USE THE PROPERTY OF JOHN CHRISTOPHER GABOR TO COMMIT EXTORTION AND FALSE

24   IMPRISONMENT, FALSE PROSECUTION IN THE MUNICIPAL AND SUPERIOR COURT OF SANTA

25   CLARA COUNTY UNDER COLOR OF UNLAWFUL, UNCONSTITUTIONAL LOCAL ORDINANCE

26   Defendants COUNTY BOARD OF SUPERVISORS OF SANTA CLARA COUNTY did enact

27   a unconstitutional local ordinance with intent to unlawful commit hate crimes

28   against a selected "identifiable class of citizens" in violation of California

GABOR TITLE 42 CIVIL COMPLAINT                          page 36 of ___

1  Penal Code section 422.6 et seq. under a plan to use the tax-funded courts

2  to fraudulently prosecute "innocent citizens" and establish a "concentration-

3  type penal colony" to seek compensation for the malicious prosecution of human

4  beings from state and federal treasuries to house lawfully convicted criminals.

5  Defendants employees medical technologists to unlawful violate the physical

6  body of citizens to unlawfully obtain "blood property" to be unlawfully used

7  in addition to perjured statement of police officer to extort money of labor

8  from free citizens under threat of assault and battery, torture of death if

9  they or their family should resist agents and employees of the County of

10 Santa Clara. The document identified as REQUEST FOR TAKING OF SPECIMEN FOR

11 CHEMICAL ANALYSIS  is public record and was used in the conspiracy to indict

12 and prosecute JOHN CHRISTOPHER GABOR subsequent to the "kidnap for ransom"

13 on or about September 7, 1994 from 590 Smokey Court, Campbell, California.

14 OFFICER FERRIERA acting in "unlawful judicial capacity" did solicit three

15 unknown, eligible signatures,to unlawful insert a needle into the body of

16 JOHN CHRISTOPHER  GABOR to obtain BLOOD to 'fabricate drug charges' against

17 a disabled person suffered from "BIPOLAR BRAIN DISORDER" a disability recognized

18 in law as one of the disabilities provided specific protection pursuant to the

19 AMERICANS WITH DISABLITIES ACT because of its simularities to systems displayed

20 by "DRUG ADDICTS" or the criminally insane demonized by society and selected

21 for killing under expressions of terrorist under their interpretation of the

22 FIRST AMENDMENT RIGHT TO KILL those they select as 'unfit or a burden to

23 society' in the same manner as the selective killing of "JEWS", "NIGGERS" and

24 "GAYS", "WETBACKS", "DRUG ADDICTS" or other identifiable classes of persons

25 born citizens of the United States as defined in the Fourteenth Amendment of

26 the Constitution of the United States and the Constitution of the State of

27 California, Article I, Section 1. And Congressionally protected as provided

28 Title 42 U.S.C. §§ 1983-1985 . Defendants 'acts and conduct' establish intent.

GABOR TITLE 42 CIVIL COMPLAINT                               page 37 of ___

1    Defendants ALL are herein charged with the most heinous HATE CRIMES

2  documented in the history of man, not in a third world country, but in the

3  State of California in the year of 1994 after extensive education became

4  MANDATORY FOR ALL LAW ENFORCEMENT PERSONNEL EMPLOYED BY ANY ENTITY within the

5  jurisdiction of the United States of America. Quoting Miranda, supra at page

6  445 Section I. Opinion of the Court:

7                                      I.

8       The constitutional issue we decide in each of these cases is
     admissibility of statements obtained from a defendant questioned while
9    in custody or otherwise deprived of his freedom of action in any
     significant way. In each, the defendant was questioned by police
10   officers, detectives, or a prosecuting attorney in a room in which
     he was cut off from the outside world. In none of these cases was the
11   defendant given a full and effective warning of his rights at the
     outset of the interrogation process.  In all the cases, the questioning
12   elicited oral admissions, and in three of them, signed statements as
     well which were admitted at their trials. they all thus share salient
13   features--incommunicado interrogation of individuals in a police-
     dominated atmosphere, resulting in self-incriminating statements
14   without full warnings of constitutional rights.
        An understanding of the nature and setting of this in-custody
15   interrogation is essential to our decisions today. The difficulty in
     depicting what transpires at such interrogations stems from the fact
16   that in this country they have largely taken place incommunicado.
     From extensive factual studies undertaken in the early 1930's,
17   including the famous Wickersham Report to Congress by a Presidential
     Commission, it is clear that police violence and the "third degree"
18   flourished at that time. 5  In a series of cases decided by this Court
     long after these studies, the police resorted to physical brutality--
19   beating, hanging, whipping--and to sustained and protracted questioning
     incommunicado in order to extort confessions. 6  The Commission of
20   Civil Rights in 1961 found much evidence to indicate that "some
     policemen still resort to physical force to obtain confessions," 1961
21   Comm'n on Civil Rights Rep., Justice, pt. 5,17.  The use of physical
     brutality and violence is not, unfortunately, relegated to the past or
22   to any part of the country.  Only recently in Kings County, New York,
     the police brutally beat, kicked and placed lighted cigarette butts on
23   the back of a potential witness under interrogation for the purpose of
     securing a statement incriminating a third party. **People v. Portelli**,
24   15 N.Y. 2d 235, 205 N.E. 2d 857, 257 N.Y. S. 2d 931 (1965). 7
        The examples given above are undoubtedly the exceptions now, but
25   they are sufficiently widespread to be the object of concern.  Unless
     a proper limitation upon custodial interrogation is achieved--such as
26   these decisions will advance-- there will be no assurance that
     practices of this nature will be eradicated in the foreseeable future.
27   The conclusion of the Wickersham Commission Report, made over 30 years
     ago, is still pertinent:
28       "To the contention that the third degree is necessary to get the
        facts, the reporters aptly reply in the language of the present

GABOR TITLE 42 CIVIL COMPLAINT                           page 38 of ____

1    Lord Chancellor of England (Lord Sankey): 'It is not admissible to
     do a great right by doing a little wrong . . . It is not
2    sufficient to do justice by obtaining a proper result by irregular
     or improper means.' Not only does the use of the third degree
3    involve flagrant violation of law by officers of the law, but it
     involves also the dangers of false confessions, and it tends to
4    make police and prosecutors less zealous in the search for
     objective evidence. As the New York prosecutor quoted in the
5    report said, 'It is a short cut and makes the police lazy and
     unenterprising.' Or, as another official quoted remarked: 'If you
6    use your fists, you are not likely to use your wits.' We agree
     with the conclusion expressed in the report, that 'The third
7    degree brutalizes the police, hardens the prisoners against
     society, and lowers the esteem in which the administration of
8    justice is held by the public.'" IV National Commission on Law
     Enforcement 5 (1931).
9        Again we stress that the modern practice of in-custody interrogation
     is psychologically rather than physically oriented. As we have stated
10   before, "Since **Chambers v. Florida**, 309 U.S. 227, this Court has
     recognized that coercion can be mental as well as physical, **and that**
11   **the blood of the accused is not the only hallmark of an unconstitutional**
     **inquistition." Blackburn v. Alabama**, 361 U.S. 199, 206 (1960).
12   Interrogation still takes place in privacy. Privacy results in secrecy
     and this results in a gap in our knowledge as to what in fact goes on
13   in the interrogation rooms. . . . . . .

14

15   26.    TWENTIETH CAUSE OF ACTION: PERJURY BY OFFICER FERRIERA AND FALSE CRIME

16   REPORT BY OFFICER TO CONCEAL POLICE BRUTALITY AND "robbery", "extortion"

17   UNDER COLOR OF FRAUDULENT REPRESENTATION OF OFFICIAL RIGHT UNDER COLOR

18       Defendants FERREIRA and RAMIREZ did violate California Penal Code

19   §118.1 of CHAPTER 5, PERJURY AND SUBORNATION OF PERJURY as evidenced in the

20   EVENT REPORT ID. # 106811,37A dated 9-7-94 on file and a part of PUBLIC

21   RECORD from the CAMPBELL POLICE DEPARTMENT. The report is explicit evidence

22   of 'cover-up of police brutality' and "terrorism by mentality ill police

23   officers committing HATE CRIMES" as a part or pattern of doing business in

24   Santa Clara County. Each and every word in the record shall be subject to

25   challenge for FACT, TRUTH, under the reviewing court's required FOURTH

26   AMENDMENT SCRUTINY pursuant to law and the ADMINISTRATIVE PROCEDURES ACT,

27   Title 5 U.S.C. § 706 which shall include only the "documents in the original

28   record" at the time the "affidavit was signed under penalty of perjury".

GABOR TITLE 42 CIVIL COMPLAINT                    page 39 of ____

1    Contrary to the 'belief of defendants and defendant's counsel' ALL

2   PERSONS ARE ACCOUNTABLE UNDER LAW  and judicial officers shall in reviewing

3   application for search and seizure warrant are required to TEST FACTS set

4   forth in affidavit of probable cause under "totality of the circumstances"

5   test in determining whether probable cause to issue a "search and seizure"

6   warrant exists.  The record shall not be subject to ASSUMPTION or INFERENCES

7   not documented in the existing record after the fact and defendants SHALL BE

8   SUBJECT TO THE TWENTY DAY REPLY provision of Federal Rules of Civil Procedures

9   Rule 8(b) and 8(d) to present any existing DEFENSE to the charges herein

10  stated against all defendants committing 'perjury, subornation of perjury and

11  conspiracy to aid and abet the obstruction of justice by retaliatory acts to

12  prevent the prosecution of officers FERREIRA and RAMIREZ' and the reasonable

13  consequences of the acts he/they knowingly and intentionally aid and

14  encourages or facilitate the criminal acts and conduct under unlawful exercise

15  of police brutality.  There is NO AMBIGUITY IN THE LAWS concerning PERJURY.

16   California Penal Code, CHAPTER 5 PERJURY AND SUBORNATION OF PERJURY

17   **§118. What Constitutes Perjury.**
     (a) Every person who, having taken an oath that he or she will

18   testify, declare, or certify truly before any competent tribunal,
     officer, or person, in any of the cases in which the oath may by law

19   of the State of California be administered, willfully and contrary to
     the oath, states as true any material matter which he or she knows to

20   be false, and every person who testifies, declares, deposes, or
     certifies under penalty of perjury in any of the cases in which the

21   testimony, declarations, depositions, or certification is permitted by
     law of the State of California under penalty of perjury and willfully

22   states as true any material matter which he or she knows to be false is
     guilty of perjury.

23   This subdivision is applicable whether the statement, or the
     testimony, declaration, or certification is made or subcribed within or

24   without the State of California.
     (b) No person shall be convicted of perjury where proof of falsity

25   rests solely upon contradictions by testimony of a single person other
     than the defendant.  Proof of falsity may be established by direct or

26   indirect evidence. **Leg.H.** 1872, 1955 ch. 873, 1957 ch. 1612, 1980 ch.
     889, 1989 ch. 897, 1990 ch. 950.

27
     **Cross-References**

28   Acknowledgement by juror concerning perjury. Code Civ. Proc. §232.
     Completion of affidavit. Penal Code §124.

Exclusion of oath of office. Penal Code §120.
False affidavit. Penal Code §118a.
**False report filed by peace officer. Penal Code §118.1.**
False report or return. Penal Code §129.
False statement to notary public. Penal Code §115.5.
False statement on application. penal Code §11147.
**Ignorance of materiality of statement. Penal Code §123.**
**Ignorance of truth of statement. Penal Code §125.**
**Liability of incompetent witness. Penal Code §122.**
**"Oath" defined. Penal Code §119.**
Penalty when perjury results in capital punishment. Penal Code §128.
**Pleadings. Penal Code §966.**
**Punishment. Penal Code §126.**
**Suboration of perjury. Penal Code §127.**
**"Willfully" defined. Penal Code §7.**

**Ref.:** Cal. Fms Pl.& Pr., "Verification"; Cal. Crim. Def. Prac.
Ch. 81, "Jury Selection & Opening Statement."

**§118a. False Affidavit.**
**Any person who**, in any affidavit taken before any person
authorized to administer oaths, swears, affirms, declares, disposes, or
certifies that he will testify, declare, dispose, or certify before
any tribunal, officer, or person, in any case then pending or
thereafter to be institutes, in any particular matter, or to any
particular fact, and in such affidavit wilfully and contrary to such
oath states as true any material matter which he knows to be false,
**is guilty of perjury.** In **any prosecution under this section**, the
subsequent testimony of such person, in any action involving such
**matters in such affidavit contained,** which are contrary to any matters
in such affidavit contained, **shall be prima facie evidence that the
the matters in such affidavit were false.** Leg.H. 1905 p. 648.

**§118.1. False Report Filed By Peace Officer.**

**Every peace officer who filed any report with the agency which
employs him or her regarding the commission of any crime or any
investigation of any crime, if he or she knowingly and intentionally
makes any statement regarding any material matter in the report which
the officer knows to be false,** whether or not the statement is
certified or otherwise expressly reported as true, is **guilty of filing
a false report punishable by imprisonment in the county jail for up to
one year,** or in the state prison for one, two, or three years. This
[1] **section** shall not apply to the contents of any statement which the
police officer attributes in the report to any other person. **Leg.H.**
1990 ch. 950, 1992 ch. 427.
**§118.1. 1992 Deletes. [1]** subdivision.

**Cross-References**
False report, generally. Penal Code §129.
"Knowingly" defined. penal Code §7.
"Peace officer" defined. Penal Code §830.

**§122. Liability Extends to Incompetent Witness.**
It is no defense to a prosecution for perjury that the accused

1  was not competent to give testimony, deposition, or certificate of
which falsehood is alleged. **It is sufficient that he did give such
testimony or make such deposition or certificate.** Leg.H. 1872.

**§123. Ignorance of Materiality of False Statement Immaterial.**
It is no defense to a prosecution for perjury that the accused
did not know the materiality of the false statement made by him; or
that it did not, in fact, affect the proceeding in or for which it was
made. **It is sufficient that it was material, and might have been used
to affect such proceedings.** Leg.H. 1872.

**§124. Affidavit Complete on Delivery.**
The making of a deposition, affidavit or certificate is deemed to
be complete, within the provisions of this chapter, from the time when
it is delivered **by the accused to any other person, with the intent
that it be uttered** or published as true. **Leg.H.** 1972, 1905 p. 648.

**§125. Ignorance of Truth of Statement.**
An unqualified statement of that of which one does not know to
be true is equivalent to a statement of that which one knows to be
false. **Leg.H.** 1872.

**§126. Punishment for Perjury.**
**Perjury is punishable by imprisonment in the state prison** for two,
three or four years. **Leg.H.** 1872, 1976 ch. 1139, operative July 1,1977.

**§127. What Constitutes Subornation of Perjury.**
Every person who willfully procures another person to commit
perjury is guilty of subornation of perjury, and is punishable in the
same manner as he would be if personally guilty of the perjury so
procured. **Leg.H.** 1872.

**Ref.:** Cal. Crim. Def. Prac., Ch. 1, "California Defense Advocate."

**§129. False Statement Purportedly Under Oath Though Not Sworn to.**
Every person who, being required by law to make any return,
statement, or report, under oath, willfully makes and delivers any
such return, statement, or preport, purporting to be under oath,
knowing the same to be false in any particular, is guilty of perjury,
whether such oath was in fact taken or not. **Leg.H.** 1905 p. 649.

27.    TWENTY FIRST CAUSE OF ACTION: SUBORNATION OF PERJURY, CONSPIRACY TO

FILE FALSE CRIME REPORT, FALSIFYING EVIDENCE AND INTIMIDATION AND THREATENING

WITNESSES IN PARTICIPATION OF POLICE BRUTALITY AND EXTORTION SCHEME UNDER

COLOR IN VIOLATION OF TITLE 42 U.S.C. § 1983(3) and § 1985(3)

Defendant FERREIRA and RAMIREZ did conjoin in the filing of a false

crime report and make statements they knew were untrue and false on there

face concerning the events occurring at 590 Smokey Court, Campbell, California

GABOR TITLE 42 CIVIL COMPLAINT

page 42 of ____

1    on or about September 7, 1994 between the hours of ten o'clock p.m. and

2    twelve o'clock midnight.  Defendants knew that the residential dwelling was

3    not "PUBLIC PROPERTY" and was private property requiring WRITTEN PERMISSION

4    from the lawful occupants before they had any authority to preform any police

5    duty under color of law.  Defendants knew all of the GABORS were over the age

6    of eighteen years and not OWNED BY THE STATE, COUNTY OR CITY OF CAMPBELL.

7    Defendants knew that JOHN GABOR and KAY GABOR had called "911" to obtain

8    "medical assistance and transport to a hospital for a ADULT having a

9    uncontrollable pychological epidsode" placing persons at risk of injury.

10   Defendants knew that adults JOHN and KAY GABOR could not force the adult JOHN

11   CHRISTOPHER GABOR to accept medical assistance against his will and without

12   his informed consent. JOHN AND KAY GABOR knew that only under a 'determination

13   that a free adult is "a risk to himself or to others and required MEDICAL CARE"

14   under a 72-hour hold'.  Defendants knew the GABORS had not requested the CITY

15   OF CAMPBELL POLICE DEPARTMENT kill their son or beat him to near death inside

16   his personal residence.

17       Defendants FERRIERA and RAMIREZ entered  the private property and

18   occupied dwelling on or about September 7, 1994 for the unlawful purpose of

19   committed assault, battery, kidnap and extortion under color of official right

20   to commit criminal acts against 'disabled persons' in violation of California

21   Penal Code §422.6 et seq. and Penal Code §182. Defendants FERREIRA and RAMIREZ

22   did falsify Documents to be used in evidence in violation of Penal Code §134

23   with intent to commit additional criminal acts including violation of Penal

24   Code §148.5 to secure the participation of the SANTA CLARA COUNTY DISTRICT

25   ATTORNEY TO SUBORN PERJURY and fabricate a criminal prosecution in furtherance

26   of the  CRIMES AGAINST PUBLIC JUSTICE and corruption aided and abetted by

27   the SANTA CLARA COUNTY BOARD OF SUPERVISORS and the STATE OF CALIFORNIA to

28   cause deprivations of 'privileges and immunities' to citizens of this state.

GABOR TITLE 42 CIVIL COMPLAINT

CALIFORNIA PENAL CODE, CHAPTER 6 FALSIFYING EVIDENCE, AND BRIBING,
INFLUENCING, INTIMIDATING OR THREATENING WITNESSES

**§134. Falsifying Documents to Be Used in Evidence.**
Every person guilty of preparing any false or antedated book,
paper, record, instrument in writing, or other matter or thing, with
intent to produce it, or allow it to be produced for fraudulent or
deceitful purpose,  as genuine or true, **upon any trial, proceeding,
or inquiry whatever, authorized by law, is guilty of a felony.** Leg. H.
1872.

**§135. Destroying or Concealing Documentary Evidence.**
Every person who, knowing that any book, paper, record, instrument
in writing, or other matter or thing, is about to be produced in
evidence upon any trial, inquiry, or investigation whatever, authorized
by law, willfully destroys or conceals the same, with intent thereby
to prevent it from being produced, is guilty of a misdemeanor. **Leg.H.**
1872.
**Cross-References**
Destroying or defacing writings. Penal Code §617.
**Ref.:** Cal. Crim. Def. Prac., Ch. 1, "California Defense Advocate."

**§ 136. "Malice," "Witness," and "Victim" Defined.**
As used in this chapter:
(1) "Malice" means an intent to vex, annoy, harm, or injure in any
way another person, or to thwart or interfere in any manner with the
**orderly administration of justice.**
(2) "Witness" means any natural person, (i) having knowledge of
the existence or nonexistence of facts relating to any crime, or (ii)
whose declaration under oath is received or has been received as
evidence for any purpose, or (iii) who has reported any crime to any
peace officer, prosecutor, probation or parole officer, correctional
officer or judicial officer, or(iv) who has been served with a
subpoena issued under the authority of any court in the state, or of
any other state or of the United States, or (v) who would be believed
by any reasonable person to be an individual described in subparagraph
(i) to (iv), inclusive.
(3) "Victim" means any natural person with respect to whom there
is reason to believe that any crime as defined under the laws of this
state or other state or of the United States is being or has been
perpetrated or attempted to be perpetrated. **Leg.H.** 1980 ch. 686, §2.

**Cross-References**
"Peace officer" defined. Penal Code §830.

**§136.1. Preventing or Dissuading From Attending or Giving Testimony.**
(a) Except as provided in subdivision (c), any person who does
any of the following is guilty of a misdemeanor:
(1) Knowingly and maliciously prevents or dissuades any witness or
victim from attending or giving testimony at any trial, proceeding, or
inquiry authorized by law.
(2) Knowingly and maliciously attempts to prevent or dissuade any
witness or victim from attending or giving testimony at any trial,
proceeding, or inquiry authorized by law.
(b) Except as provided in subdivision (c), every person who

attempts to prevent or dissuade another who has been the victim of a crime or who is witness to a crime from doing any of the following is guilty of a misdemeanor:

(1) Making any report of such victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge.

(2) **Causing a complaint, indictment, information, probation or parole violation to be sought and prosecuted, and assisting in the prosecution thereof.**

(3) **Arresting or causing or seeking the arrest of any person in connection with such victimization.**

(c) Every person doing any of the acts described in subdivision (a) or (b) knowingly and maliciously under any one or more of the following circumstances, is guilty of **a felony punishable by imprisonment in the state prison for two, three, or four years under any of the following circumstances:**

(1) Where the act is accompanied by force or by an express or implied threat of force or violence, upon a **witness or victim or any third person** or the property of any victim, witness, or any third person.

(2) Where the act is in furtherance of a conspiracy.

(3) Where the act is committed by any person who has been convicted of any violation of this section, any predecessor law hereto or any federal statute or statute of any other state which, if the act prosecuted was committed in this state, would be a violation of this section.

(4) Where the act is committed by any person for pecuniary gain or for other compensation acting upon the request of any other person. **All parties to such a transaction are guilty of a felony.**

(d) Every person attempting the commission of any act described in subdivision (a),(b), and (c) is guilty of the offense attempted **without regard to success or failure of such attempt. The fact that no person was injured physically, or in fact intimidated, shall be no defense against any prosecution under this section.**

(e) Nothing in this section precludes the imposition of an enhancement for **great bodily injury where the injury inflicted is significant or substantial.**

(f) The use of force during the commission of any offense described in subdivision (c) **shall be considered a circumstance in aggravation of the crime in imposing a term of imprisonment under subdivision (b)** of Section 1170. **Leg.H.** 1980 ch. 686, 1982 ch. 1098, 1990 ch. 350.

28. TWENTY SECOND CAUSE OF ACTION: ASSAULT AND BODILY INJURY TO VICTIM AND WITNESSES JOHN GABOR AND KAY GABOR WITH PROPERTY DAMAGE TO 590 SMOKEY COURT AND THREATS WITH INTENT TO INTIMIDATE AND OBSTRUCT PROSECUTION OF OFFICERS FERRIERA AND RAMIREZ FOR VIOLATION OF CALIFORNIA PENAL CODE SECTION 149. ASSAULT BY PEACE OFFICER

As attested to in the personal- affidavits attached in SUPPORT OF CIVIL COMPLAINT concerning the "totality of circumstances" and acts committed

GABOR TITLE 42 CIVIL COMPLAINT                    page 45 of ____

1 | by the defendants, in conspiracy, between September 7 and September 9, 1994 at

2 | 590 Smokey Court, Campbell, California which is the "private residence" of

3 | John, Kay and John Christopher Gabor.  The "use of PEPPER SPRAY" upon the bodies

4 | of the occupants after "entry under false representation of right to examine

5 | the occupant" establish evidence of felonious acts committed to injury the

6 | natural persons, the property of GABOR with malicious and knowing intent under

7 | color.  These establish STATE LAW CLAIMS for violation of California

8 | Constitution Article I, Section 1; Section 7(a) and 7(b); Section 9; Section 13;

9 | Section 14; Section 15; Section 16; Section 17; Section 19; Section 24;Section

10 | 26; Section 28(a), 28(b), 28(d); Section 29; Section 30; Article II, Section 1;

11 | Section 12; Section 19; Article III, Section 1; Section 3, Section 3.5 and the

12 | FIRST, FOURTH, FIFTH, SIXTH, EIGHTH, ELEVENTH, and FOURTEENTH AMENDMENT of the

13 | Constitution of the United States in addition to the provisions of title 18

14 | United States Code §§ 241 and 242 and title 42 United States Code §§ 1983(3)

15 | and 1985(3) to subject the Gabor family to deprivation of ALL inalienable rights

16 | and protections under law with intent to knowingly inflict injury on their

17 | persons and their property under unlawful exercise of color.

18 | 29.    TWENTY THIRD CAUSE OF ACTION: STATE LAW CLAIM FOR CONSPIRACY AGAINST

19 | FREE EXERCISE OF RIGHTS UNDER COLOR TO SUBJECT WITNESSES JOHN AND KAY

20 | GABOR OF RIGHT TO GIVE TESTIMONY AGAINST OFFICER FERRIERA AND RAMIREZ

21 | FOR "UNLAWFUL ENTRY WITH INTENT TO INJURY OCCUPANTS OF DWELLING" AND

22 | ASSAULT BY POLICE OFFICER ON A DISABLED ADULT.

23 | Defendants successfully perpetrated unlawful entry into the dwelling

24 | with unlawful intent to kidnap, assault and give false testimony against JOHN

25 | CHRISTOPHER GABOR to effectuate a scheme under which RANSOM under death threat

26 | would provide 'economic gain' in violation of California Penal Code §§ 186 et

27 | seq. for Santa Clara County Board of Supervisors by "unlawfully incarcerating

28 | the mentally ill or disabled adults for federal compensation" and to subject

GABOR TITLE 42 CIVIL COMPLAINT                                    page 46 of __

1 | them to deprivation of privileges and immunities, state and federal entitlements
2 | and the protections of law under the Americans With Disabilities Act in
3 | violation of the Fifth and Fourteenth Amendment due process and equal protection
4 | clause and the laws of the constitution of the United States and cognizable
5 | claim under title 42 U.S.C. §§ 1983(3) and conspiracy of 1985(3).

6 | 30.    TWENTY FOURTH CAUSE OF ACTION: VIOLATION OF THE EIGHTH AMENDMENT AND
7 |          CALIFORNIA PENAL CODE SECTION 140 AND FALSE IMPRISONMENT IN VIOLATION
8 |          OF FOURTH AMENDMENT 'unreasonable seizure of person'; THE FIFTH
9 |          AMENDMENT "due process and liberty guarantee": SIXTH AMENDMENT RIGHT
10 |          AND THE EIGTHTH AMENDMENT PROTECTION FROM CRUEL AND UNUSUAL PUNISHMENT
11 |          Defendants did unlawful seize JOHN CHRISTOPHER GABOR, threaten JOHN AND
12 | KAY GABOR with actual and future injury to their person and property, transport
13 | a free person against his will, inflict torture and cruel and unusually great
14 | bodily injury to intimidate third parties, and incarcerate a "innocent person"
15 | in the Santa Clara County Jail without MIRANDA rights or due process in
16 | violation of law.   ALL defendants contributed to the unlawful acts with intent
17 | to deprive citizens of the United States of privileges and immunities, the
18 | civil rights guaranteed under the Constitution of the United States "because
19 | they can kill those resisting unlawful government force" under custom, policy
20 | and local ordinance of the SANTA CLARA BOARD OF SUPERVISORS and THE STATE OF
21 | CALIFORNIA GOVERNER PETE WILSON and ATTORNEY GENERAL DANIEL LUNGREN'S to
22 | rule the citizen in their personal kingdom and "police state" under threat of
23 | death to those resisting anarchy under color.

24 | 31.    TWENTY FIFTH CAUSE OF ACTION: INCARCERATION OF JOHN CHRISTOPHER GABOR
25 |          IN SANTA CLARA COUNTY JAIL SEPTEMBER 8TH, 1994.

26 |          Defendants did in fact assault, incarcerate a innocent person injured
27 | in his private dwelling without proper medical treatment by plaintiff's
28 | primary physician or KAISER HOSPITAL with intent to conceal police brutality.

GABOR TITLE 42 CIVIL COMPLAINT                                    page 47 of____

32.    <u>TWENTY SIXTH CAUSE OF ACTION</u>: VIOLATION OF FOURTH AMENDMENT CLAUSE

"no warrant shall issue".

Defendant CLERK OF THE COURT did unlawfully issue a SUMMONS absent

the signature of a "neutral and unbias magistrate" in violation of MIRANDA.

On September 22,1994, the CLERK OF THE COURT violated JOHN CHRISTOPHER

GABOR'S Fourth Amendment by issuing a Summons knowing that such summons MUST

BE SIGNED BY A MAGISTRATE.

The acts and omissions committed constitute "subornation of perjury"

and contributed to the conspiracy to "maliciously prosecute a innocent person

in retaliatory manner to aid and abet defendant FERRIERA".

The "document" SUMMONS is explicit evidence imposing liability under

California Penal Code §123 which states:

**§123. Ignorance of Materiality of False Statement Immaterial.**
It is no defense to a prosecution for perjury that the accused
did not know the materiality of the false statement made by him; or
that it did not, in fact, affect the proceeding in or for which it
was made. It is sufficient that it was material, and might have been
used to effect such proceeding. **Leg.H.**  1972.

**Cross-References**
Completion of affidavit. Penal Code §124.
False report or return made without oath. Penal Code §129.
Ignorance of truth of statement. Penal Code §125.
Perjury. Penal Code §118.
Subornation of perjury. Penal Code §127.

The defendants knew or reasonably should have known that their acts

were in violation of California Penal Code §148.5 which would lead to the

injury of JOHN CHRISTOPHER GABOR, a disabled and innocent person.

**§148.5. Falsely Reporting Crime.**
(a) Every person who reports to any peace officer listed in
Section 830.1 or 830.2, district attorney, or deputy district attorney
that a felony or misdemeanor has been committed, knowing the report
to be false, is guilty of a misdemeanor.
(b) Every person who reports to any peace officer, as defined in
Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2, that
a felony or misdemeanor has been committed, knowing the report to be
false, is guilty of a misdemeanor if (1) <u>the false information is
given while the peace officer is engaged in the performance of his or
her duties as a peace officer and (2) the person providing the false
information knows or should have known that the person receiving the
information is a peace officer.</u>

(c) Except as provided in subdivision (a) and (b), every person who reports to any employee who is assigned to accept reports from citizens, either indirectly or by telephone, and who is employed by a state or local agency which is designated in Section 830.1, 830.2, subdivision (e) of 830.3, Section 830.31, 830.32, 830.33, 830.34, 830.35, 830.36, 830.37, or 830.4, that a felony or misdemeanor has been committed knowing the report to be false, is guilty of a misdemeanor **if** (1) the false information is given while the employee is engaged in the performance of his or her duties as an agency employee and (2) the person providing the false information knows or should have known that the person receiving the information is an agency employee engaged in the performance of the duties described in this subdivision.

(d) Every person who makes a report to a grand jury that a felony or misdemeanor has been committed, knowing the report to be false, is guilty of a misdemeanor. This subdivision shall not be construed as prohibiting or precluding a charge of perjury or contempt for any report made under oath in an investigation or proceeding before a grand jury.

(e) This section does not apply to reports made by persons who are required by statute to report known or suspected instances of child abuse, dependent adult abuse, or elder abuse. **Leg.H.** 1957 ch. 813, 1984 ch. 824, 1986 ch. 740, 1987 ch. 744, 1989 ch. 1165, 1990 chs. 675, 1700.

Defendants "knowledge is established by the document stating CASE CLOSED" dated September 30,1994.  No reasonable CLERK OF THE COURT would issue SUMMONS based upon a Closed Case  . . . **unless . . .it was done in furtherance of a retaliatory pattern to intimidate the Gabor's prosecution of** of **civil rights litigation against Officer Ferriera** for violation of California Penal Code §149 which states:

**§149. Assault and Battery by Officer—Third Degree.**
Every public officer who, under color of authority, without lawful necessity, assaults or **beats any person**, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the state prison, or in a county jail not exceeding one year, or by both such fine and imprisonment. **Leg.H.** 1872, 1957 ch. 139, 1976 ch. 1139, **operative July 1, 1977**, 1983 ch. 1092, **effective September 27, 1983.**

**Cross-References**
"Assault" defined. Penal Code §240.
Assault with deadly weapon or force likely to produce great bodily injury. Penal Code §245.
"Battery" defined. Penal Code §242.
Lawful resistance. Penal Code §§692-694.
    **Ref.:** Cal. Crim. Def. Prac., Ch. 11, "Arrest."

GABOR TITLE 42 CIVIL COMPLAINT                              page 49 of ___

1    Defendant's "pattern of doing business" in furtherance of the conspiracy

2  is evidence in their continuing pattern of malicious prosecution in violation

3  of "clearly established law" effective since 1983 and operative since 1977.

4  The "acts" contributed to violation of California Penal Code §153, which

5  states:

6    **§153. Compounding or Concealing Crime.**
         Every person who, _having knowledge of the actual commission of a_

7    _crime_, takes money or property of another, or _any gratuity or reward,_
     _or any engagement, or promise thereof_, **upon any agreement or**

8    **understanding to compound or conceal such crime, or to abstain from**
     **any prosecution thereof, or to withhold any evidence thereof**, except

9    in the cases provided for by law, in which crimes may be compromised
     by leave of court, is punishable as follows:

10        1. By imprisonment in the state prison, or in a county jail not
     exceeding one year, where the crime was punishable by death or

11   imprisonment in the state prison for life;
          2. By imprisonment in the state prison, or in the county jail not

12   exceeding six months, where the crime was punishable by imprisonment
     in the state prison for any other term than for life;

13        3. By imprisonment in the county jail not exceeding six months, or
     by fine not exceeding one thousand dollars ($1,000), where the crime

14   was a misdemeanor. **Leg.H.** 1872, 1976 ch. 1139, operative July 1,1977,
     1983 ch. 1092, effective September 27,1983.

15

16   **Cross-References**
     Accessory to crime. Penal Code §32.
     Concealing or destroying evidence. Penal Code §135.

17   Receipt of bribe by witness. Penal Code §138.

18    Defendants "acts and omissions" constitute a "conspiracy to maliciously

19  procure a warrant for unlawful arrest of JOHN CHRISTOPHER GABOR" in violation

20  of California Penal Code §170, which states:

21   **§170. Maliciously Procuring Warrant to Search or Arrest.**
          Every person who maliciously and without probable cause procures

22   a search-warrant or warrant of arrest _be issued and executed_, is
     guilty of a misdemeanor. **Leg.H.** 1872.

23

24   **Cross-References**
     Arrest warrant, requirement of probable cause. Penal Code §813.
     "Maliciously" defined. Penal Code §7.

25   Search warrant, requirement of probable cause. Penal Code §1525.
          **Ref.:** Cal. Crim. Def. Prac., Ch. 11. "Arrest."

26

     Defendant FERREIRZ, RAMIREZ and the CLERK OF THE COURT constitute

27
   three persons involved in the unlawful issue of warrant for arrest conspiracy.

28
GABOR TITLE 42 CIVIL COMPLAINT                              page 50 of ___

1  California Penal Code, Chapter 8, §182. Conpiracy Defined provides "no immunity

2  for  public employees " under the precedent set in Green v. Saenz, 812 F. Supp.

3  798 (N.D. Ill.1992); People v. Kobrin (November 2, 1995) 11 Cal. 4th 416, 46

4  Cal. Rptr. 895. Quoting:

5      "[W]e expressly left unresolved the question as it relates to prosecutions
       based on false statements or testimony. (**Ibid.; cf. People v. Figueroa**
6      (1986) 41 Cal. 3d 714,fn.22.) We now confront the issue.
              Our determination is guided not only by the United States Supreme
7      Court's extensive development of relevant **Sixth Amendment** and due
       process principles in **United States v. Gaudin** (1995) 515 U.S.__[115 S.
8      Ct. 2310], holding materiality in a prosecution under 18 United States
       Code section 10001 is a question for the jury. Thus enlightened by the
9      high court as well as informed by our own analysis in **People v.
       Figueroa, supra,** we conclude that a constitutionally valid perjury
10     conviction under Penal Code 118 requires the jury, not the court, to
       determine all the elements of the charge including materiality, i.e.,
11     whether the statement or testimony "might have been used to affect
       [the proceeding in or for which it was made]." (Pen. Code, §123; see
12     **People v. Pierce, supra,** 66 Cal. 2d at p.61.) We therefore reverse the
       contrary judgment of the Court of Appeal."

13

14     Defendants herein charged with "conspiracy" contributed, effected, and

15  maintained a "unlawful indictment" of JOHN CHRISTOPHER GABOR as defined Penal

16  Code §182, which states:

17     **§182. Conspiracy Defined—Punishment.**
            (a) If two or more persons conspire:
18          (1) To commit any crime.
            (2) Falsely and maliciously to indict another for any crime, or to
19     procure another to be charged or arrested for any crime.
            (3) Falsely to move or maintain any suit, action or proceeding.
20          (4) To cheat and defraud any person of any property, by any means
       which are in themselves criminal, or to obtain money or property by
21     false pretenses or by false promises with fraudulent intent not to
       preform such promises.
22          (5) To commit any act injurious to the public health, to public
       morals, or to pervert or obstruct justice, or the due administration of
23     the laws.
            (6) To commit any crime against the President or Vice President of
24     the United States, the governor of any state or territory, any United
       States justice or judge, or the secretary of any of the executive
25     departments of the United States.
            They are punishable as follows:
26          When they conspire to commit any crime against the person of any
       official specified in paragraph (6), they are guilty of a felony and
27     are punishable by imprisonment in the state prison for five, seven, or
       none years.
28          When they conspire to commit any other felony, they shall be

GABOR TITLE 42 CIVIL COMPLAINT                              page 51 of ____

<u>punishable in the same manner and to the same extent as is provided for the punishment of the that felony.</u>  If the felony is one for which different punishments are prescribed for different degrees, the jury or court which finds the defendant guilty thereof shall determine the degree of the felony defendant conspired to commit. If the degree is not so determined, the punishment for conspiracy to commit the felony shall be that prescribed for the lessor degree, except in the case of conspiracy to commit murder, in which case the punishment shall be that prescribed for murder in the first degree.

<u>If the felony is conspiracy to commit two or more felonies</u> which have different punishments and the commission of those felonies constitute but one offense of conspiracy, the penalty shall be that <u>prescribed for the felony which has the greater maximum term.</u>

When they conspire to do an act described in paragraph (4), they shall be punishable by imprisonment in the state prison, or by imprisonment in the county jail for not more than one year, or by a fine not exceeding ten thousand dollars ($10,000), or both.

When they conspire to do any of the other acts described in this section, they shall be punishable by imprisonment in the county jail for not more than one year, or in the state prison, or by a fine not exceeding ten thousand dollars ($10,000) or both.

All cases of conspiracy may be prosecuted and tried in the superior court of any county in which any overt act tending to effect conspiracy shall be done.

(b) Upon a trial for conspiracy, in a case where <u>an overt act is necessary to constitute the offense</u>, the defendant cannot be convicted unless one or more overt acts are expressly alleged in the indictment or information, nor unless <u>one or more acts alleged is proved; but</u> other overt acts not alleged may be given in evidence. **Leg.H.** 1872, 1874 p. 426, 1919 ch. 125, 1943 ch. 554, 1953 ch. 32, 1955 ch. 660, 1965 ch. 924, 1976 ch. 1139, operative July 1, 1977, 1978 ch. 579, 1983 ch. 1092, effective September 27, 1983, 1989 ch. 897.

**1989 Note.:** The Legislature inadvertently created the phrase "the that felony" in the tenth paragraph of subsection (a).

**Cross-References**
Acts effectuating conspiracy. Penal Code §184.
Criminal profiteering. Penal Code §186.2.
Intent to defraud. Penal Code §8.
Limitation of statute. Penal Code §183.
Probation denial. Penal Code §1203.
**Ref.:** Cal. Crim. Def. Prac.,Ch. 141, "Conspiracy, Solicitation, and Attempt."

JOHN CHRISTOPHER GABOR and JOHN GABOR herein charge defendants with the requisit "overt acts in furtherance of a conspiracy" as being:

(1) forcible entry to 590 Smokey Court with intent to commit assault;

(2) assault with intent to commit great bodily injury upon occupants;

(3) assault by a police officer (Penal Code §149) and property damage;

(4) kidnap of John Christopher Gabor and torture under color;

GABOR TITLE 42 CIVIL COMPLAINT

1    (5) conspiracy to transport a kidnapped person or false arrest in

2   violation of Penal Code §840. Time of Day Arrest May Be Made.

3    (6) Perjury in conspiracy to kidnap and torture a disabled citizen;

4    (7) Transportation with intent to unlawful take blood from a kidnapped

5   person to enter false evidence in furtherance of malicious prosecution of an

6   innocent citizen;

7    (8) unlawfully using the County Jail to hold a kidnapped person;

8    (9) filing of a false police report and subornation of perjury by

9   Ferreira and Ramirez to conceal kidnap and torture of a disabled citizen;

10    (10) procuring a false warrant from the Clerk of the Court to threaten

11   and intimidate a person kidnapped and tortured by the Campbell Police Department;

12    (11) Issuance of a false arrest warrant in violation of the Fourth

13   Amendment with intent to conceal "criminal profiteering and organized crime

14   under color" in violation of Penal Code §§422.6 and 422.75.

15    Defendants will allege "statute of limitation" defenses for "clearly

16   established violation of State and Federal law". Defendants shall be barred

17   pursuant to California Penal Code §186.2. Definitions.

18   **§186.2. Definitions.**
     For purposes of the application of this chapter, the following

19   definitions shall govern:
     (a) "Criminal profiteering activity" means any <u>act committed or</u>

20   <u>attempted or any threat made for financial or advantage, which act or</u>
     <u>threat may be charged as a crime under any of the foregoing sections:</u>

21

22    (2) Bribery, as defined in Section 67, 67.5, and 68.
      (4) Felonious assault, as defined Section 245.
      (6) Extortion, as defined in Section 518.

23    (9) Kidnapping, as defined in Section 207.
      (10) Mayhem, as defined in Section 203.

24    (13) Receiving stolen property, as defined in Section 496. (**BLOOD**)
      (14) Robbery, as defined in Section 211. (Blood)

25    (15) Solicitation of crimes, as defined in Section 653f.
      (16) Grand theft, as defined in Section 487.

26    (22) Conspiracy to commit any of the crimes listed above, as
     defined in Section 182.

27    (b) "Pattern of criminal profiteering activity" means engaging in
     <u>at least two incidents of criminal profiteering, as defined by this Act</u>

28   which meet the following requirements:

GABOR TITLE 42 CIVIL COMPLAINT                    page 53 of ____

1
2
3
4
5
6
7
8
9
10

    (1) Have the same or a similar purpose, result, principals,
victims or methods of commission, or are otherwise interrelated by
distinguishing characteristics.
    (2) Are not isolated events.
    (3) Were committed as a criminal activity of organized crime.
    Acts which would constitute a "pattern of criminal profiteering
activity" may not be used by a prosecuting agency to seek the remedies
provided by this chapter unless the underlying offense occurred after
the **effective date [January 1, 1993]** of this chapter and **the prior
act occurred within 10 years**, excluding any period of imprisonment,
of the commission of the underlying offense. [September 8,1994]
A prior act may not be used by a prosecuting agency to seek remedies
provided by this chapter if a prosecution for that act resulted in
an acquittal.

    (e) "Underlying offense" means an offense enumerated in subdivision
(a) for which the defendant is being prosecuted.
    This section shall become operative on January 1, 1993. **Leg.H.**
1989 ch. 930 §4.1, operative January 1, 1993, 1991 ch. 1049 §3.

11
12
13
14
15
16

    Plaintiffs John Christopher Gabor and John Gabor herein allege the

"Underlying offense" occurred on or about September 8, 1994 after the effective

and operative date of the Act, supra, and within the 10 year statute of

limitation applicable as provided in California Control of Profits of Organized

Crime Act, published as California Penal Code §186, Chapter 9.

17
18
19

33.    TWENTY SEVENTH CAUSE OF ACTION: MALICIOUS PROSECUTION BY SANTA CLARA

       DISTRICT ATTORNEY BASED OF "fabricated evidence" AND SUBORNATION OF

       PERJURY IN CONSPIRACY TO CONCEAL CRIMINAL OVERT ACTS UNDER COLOR

20     Defendants Santa Clara County District Attorney GEORGE KENNEDY;

21 Assistant District Attorney DANIEL OKONKWO; Assistant District Attorney JANET

22 CARTWRIGHT; Assistant District Attorney CINDY SEELEY had knowledge and

23 participated in the malicious prosecution of People v. Gabor, Case No. C9411920

24 by suborning perjury and fabricating evidence in furtherance of the criminal

25 activities committed by Campbell Police Officer FERRIERA and RAMIREZ to

26 conceal violation of California Penal Code §149 and the kidnap of JOHN

27 CHRISTOPHER GABOR on or about midnight on September 8, 1994 violation Penal

28 Code §186 et seq. and the Fourth and Fifth Amendment of citizen GABOR.

GABOR TITLE 42 CIVIL COMPLAINT                    page 54 of ____

34.    TWENTY EIGHTH CAUSE OF ACTION SOLICITATION OF UNLAWFUL ACTS FROM

JUDICIAL OFFICERS; BRIBERY IN CONSPIRACY TO VIOLATE CIVIL RIGHTS OF

JOHN CHRISTOPHER GABOR

Defendants, all in their official capacity and in their individual

capacities, did with knowledge and intent to contribute to a conspiracy to

maintain a false criminal charge against a innocent person in violation of

the Fourth Amendment, Fifth and Sixth Amendment of JOHN CHRISTOPHER GABOR.

On October 26, 1994 defendant GABOR filed a pro se MOTION TO DISMISS

VIOLATION OF CONSTITUTIONAL RIGHTS; FALSE ARREST UNDER COLOR, MALICIOUS

PROSECUTION providing the defendants the opportunity to comply with law.

On October 28, 1994 at 9:00 a.m. in Department 16, Municipal Court

Judge ANDREA BRYON LYNN denied defendants rights guarranteed by MIRANDA and

accepted defendants bribe to directly or indirectly aid and abet  defendants

obstruct of justice.

The RECORD shall indicate that defendants successfully solicited and

bribed the following judicial officers and received their participation

as "PRINCIPALS" in the offense of conspiracy to maintain a false indictment

and prosecution entitle PEOPLE v. GABOR, Case No. C9411920 with knowledge that

the complaint was based upon false statement and defendant was denied "right

to attorney" and other MIRANDA RIGHTS as overt acts and predicate activity

contributing the malicious and retaliatory activities in violation of Penal

Code §§182-186 et seq. and Title 42 United States Code §§ 1983-1985.

The MISDEMEANOR DOCKET of Case No. C9411920 reflects the "bribes and

favors unlawfully procured and granted" occurred on October 28, Judge RENE

NAVARRO; November 18, ANDREA BRYON LYNN; November 29,30, December 2, 5, and 28

Judge THOMAS CAIN; February 10, 1995, Judge THOMAS CAIN; February 10, 1995 and

April 21, 1995, Judge SANDRA S. FAITHFUL in violation of California Penal Code

§1382. [Operative January 1, 1993] Grounds. (a) The Court, unless good cause

GABOR TITLE 42 CIVIL COMPLAINT                          page 55 of ____

1  to the contrary is shown, **shall order the action to be dismissed in the**

2  **following cases:**

3      (1) When a person has been held to answer for a public offense and
        an information has not been filed against that person within 15 days
4       thereafter.

5      (B)(3) Regardless of when the complaint is filed, when a defendant in
   a **misdemeanor case** in an inferior court is <u>not brought to trial within 30 days</u>
6  <u>after he or she is arraigned or enters his or her plea,</u> whichever occurs later
   if the defendant is in custody at the time of arraignment or plea, **or in all**
7  **other cases, within 45 days after the defendant's arraignment or entry of the**
   **plea . . . . . .**

8

9      Defendant knowingly violated defendant GABOR'S Fourth, Fifth, Sixth,

10  Eighth and Fourteenth Amendment rights and all of the rights and guarantees

11  of the Constitution of the State of California should they exist in this a

12  police state vested in corruption.

13      Defendants "bribery" and the judicial officers participation in the

14  malicious prosecution in conspiracy against civil rights include EMBEZZLEMENT

15  of public funds and compensation unlawfully obtain in violation of the

16  provisions of Article VII, Section 19, Judges Compensation:

17      Section 19. The Legislature shall prescribe compensation for judges of
        courts of record.
18      **A judge of a court of record may not receive the salary for the**
        **judicial office held by the judge while any cause before the judge**
19      **remains pending and undetermined for 90 days after it has been**
        **submitted for decision.** [As amended November 5, 1974]

20

21      The triable issue pursuant to the interpretation of law and application

22  of " vacarious liability" is a Federal Question herein asked of the United

23  States District Court as provided title 28 United States Code §§ 2403 or

24  NOTICE OF CLAIM OF UNCONSTITUTIONALITY OF STATE LAW and violation of "judicial

25  obligation and oath of office pursuant to California Constitution, Article VI,

26  Section 18 requiring impeachment and disbarment for life, see **Doan v. Commission**

27  **On Judicial Performance** (November 11,1995) 45 Cal.Rptr. 2d 245; also **Adams v.**

28  **Commission On Judicial Performance**, (July 20,1995) 10 Cal. 4th 866.

GABOR TITLE 42 CIVIL COMPLAINT

35.    <u>TWENTY NINTH CAUSE OF ACTION</u> VIOLATION OF THE FIFTH AMENDMENT RIGHT
       RIGHT TO ATTORNEY, EFFECTIVE ATTORNEY AND SIXTH AMENDMENT RIGHT
       TO KNOW THE NATURE OF CHARGES IN CRIMINAL COMPLAINT

       Defendants did solicit and procure unlawful acts from the PUBLIC

DEFENDERS OFFICE by appointing and procuring perjury and subornation of

perjury from Public Defender LUELLA TSAI, KRISTIN WONG and GEORGE ABEL Deputy

Public Defenders fraudulently representing themselves as "effective counsel"

representing the constitutional rights of JOHN CHRISTOPHER GABOR in the Santa

Clara County Municipal Court. See <u>People v. Torres</u>, (March 15,1995) 33 Cal. App.

4th 37, 39 Cal. Rptr. 2d 103.

       <u>Torres, supra,</u> clearly established a triable issue concerning criminal

conspiracy in violation of California Penal Code §123 for subornation of

perjury by an officer of the court compensated to provide FIFTH and SIXTH

Amendment representation under FEDERALLY FUNDED RIGHT. Quoting <u>Torres,supra</u>:

       "I. <u>A WITNESS MAY NOT EXPRESS OPINIONS ON THE DEFINITION OF CRIMES,
           WHETHER A CRIME HAS BEEN COMMITTED OR ON THE DEFENDANTS'S GUILT.</u>

           A. <u>A Witness May Not Express an Opinion as to the Definition of
              a Crime.</u>

           B. <u>A Witness May Not Express an Opinion as to the Guilt or
              Innocence of the Defendant.</u>

           C. <u>A Witness May Not Express an Opinion as to Whether a Crime
              Has Been Committed.</u>

       II. <u>DEFENSE COUNCIL WAS DEFICIENT IN ALLOWING OFFICER TRACKER'S
           OPINION TESTIMONY TO GO UNCHALLENGED BUT THIS DEFICIENCY DID NOT
           EFFECT THE OUTCOME OF THE TRIAL</u>

           Both the Sixth Amendment of the United States Constitution and
       Article I, Section 15, of the California Constitution guarantee a
       criminal defendant a right to the assurance of counsel. This right
       encompasses the right to <u>effective</u> assistance of counsel, without
       which the right to a trial itself would be "of little avail."
       (<u>Powell</u> v. <u>Alabama</u> (1932) 287 U.S. 45,68; <u>People</u> v. <u>Ledesma</u> (1987) 43
       Cal. 3d 171, 215.) Effective assistance of counsel means assistance
       which meets "an objective standard of reasonableness . . .under
       prevailing professional norms." (<u>Strickland</u> v. <u>Washington</u> (1984) 466
       U.S. 668,688; <u>Ledesma, supra,</u> 43 Cal. 3d at p. 216.)
           Generally, the failure to make objections is a matter of trial
       tactics which appellate courts will not second guess. (<u>People</u> v.
       <u>Lanphear</u> (1980) 26 Cal. 3d 814, 828.) **Occasionally, however, a case
       arises in which there simply could be no satisfactory explaination**

GABOR TITLE 42 CIVIL COMPLAINT                              page 57 of _____

1  for counsel not objecting to the proffered evidence. (See,e.g., People

2  v. Nation (1980) 26 Cal. 3d 169, 179 [failure to object to
impermissibly suggestive pre-trial identifications]; People v. Sundee

3  (1977) 70 Cal. App. 3d 477, 482-483 [failure to object to hearsay
evidence].)"

4  Defendant Public Defenders participated in the malicious prosecution

5  with knowledge that "NO VICTIM EXISTED" and the complaint was "the officers"

6  OPINION unsupported by any documentation concern (1) location, (2) time of

7  day, (3) document concern 'duty officer was performing' INSIDE THE DWELLING OF

8  DEFENDANT, (4) injuries inflicted upon the "natural person" in a alleged

9  criminal act, (5) signature of magistrate which was neutral.  Defendants

10  allegation that they were, in fact, attorneys is a TRIABLE ISSUE requiring

11  scrutiny pursuant to title 5 United States Code §706 for "reasonable conduct

12  under the totality of the circumstances" as provided by precedent of MIRANDA

13  and the Fifth and Sixth Amendment 'norms'.

14  See **Allen v. City of Portland**, (December 19, 1995) 95 Daily Journal

15  D.A.R. 16814, quoting:

16  "Over thirty years ago, the Supreme Court **warned of the danger
and the threat to liberty if the requirements of probable cause is**

17  **not strictly abided by: "The history of the use, and not infrequent
abuse of the power to arrest cautions that a relaxation of the**

18  **fundamental requirements of probable cause would 'leave law-abiding
citizens at the mercy of the officers' whim or caprice.' "** Wong Sun v.

19  United States, 371 U.S. 471, 479 (1963) (Citations omitted). **This
case illustrates the dangers of which the Supreme Court warned.**

20

CONCLUSION

21  As a matter of law, the plaintiff was arrested without probable
cause in violation of her Fourth Amendment rights. We REVERSE the

22  judgment of the district court on the Fourth Amendment unlawful
seizure claim and REMAND to the district court for further proceedings

23  consistent with this opinion. Plaintiff is awarded her costs."
[plaintiff ALLEN, filed Pro Se, without assistance of counsel]

24

25  Defendants fraudulently represented their fiduciary duty to defendant

26  GABOR and participated in the subornation of perjury by OFFICER FERRIERA and

27  RAMIREZ knowing that GABOR could not be charged or indicted absent COMPLAINT

28  and INFORMATION in the existing record. See Green v. Saenz,812 F.Supp. 798

GABOR TITLE 42 CIVIL COMPLAINT                                    page 58 of ____

1   (N.D. Ill. 1992); also IN RE WINSHIP, 397 U.S. 358, 372 (1970).

2        Defendants TSAI, WONG and ABLE intentionally participated and aided

3   and abetted in the furtherance of the conspiracy against the civil rights of

4   JOHN CHRISTOPHER GABOR under color in violation of title 18 U.S.C. § 242

5   which established a cognizable claim for which the court shall award monetary

6   damages, injunctive relief pursuant to title 42 U.S.C. §§ 1983(3) and 1985(3)

7   for deprivation of constitutional rights guarantees by the Fourth, Fifth,

8   Sixth, Seventh, Eighth and Fourteenth Amendment and constitutional rights

9   guaranteed under the Constitution for the State of California should it exist.

10

11  36.    THIRTIETH CAUSE OF ACTION VIOLATION OF TITLE 18 UNITED STATES CODE
        SECTION 1001 AND TITLE 28 U.S.C. SECTION 1443 BY SOLICITING AND
12      BRIBING DISTRICT COURT JUDGE JAMES WARE TO VIOLATE JOHN CHRISTOPHER
        GABOR'S FIRST AMENDMENT RIGHT TO PETITION AND RECEIVE DUE PROCESS.
13

14       On December 2, 1994 JOHN CHRISTOPHER GABOR file a NOTICE OF REMOVAL

15  in the United States District Court for the Northern District of California

16  and completed SERVICE OF PROCESS on December 2, 1994 in accordance with the

17  GENERAL ORDER 34 subsequent to the payment of $120 to the Clerk of the Court

18  and return of service duly recorded on the Docket in People of the State of

19  California v. John Christopher Gabor, Case No.CV-94-20835 JW.

20       Defendants having a unlawful contract with JAMES WARE to conceal crime

21  and obstruct justice as a "former and continuing employee of Santa Clara County"

22  did bribe a federal judicial officer to NOT DO HIS DUTY to benefit, aid and

23  abet the conspiracy in furtherance of the malicious prosecution of an innocent

24  person in retaliation to oppress and obstruct justice and maintain a "police

25  state" in the State of California.

26       Defendants assured of the "participation of JAMES WARE" continued the

27  state court prosecution after REMOVAL and termination of jurisdiction. See

28  United States v. Jackson ,61 F. 3d 1386 (9th Cir.1995), 72 F.3d 1378 (9th Cir)

GABOR TITLE 42 CIVIL COMPLAINT                              page 59 of ____

1    Defendants "payment to commit a unlawful act" by JAMES WARE was

2    documented by ORDER OF REMAND signed by JAMES WARE and dated March 31, 1995.

3    Explicit evidence in the DOCKET constitutes the factual "act" that the State

4    failed to file a NOTICE OF APPEARANCE, 28 U.S.C. § 1926 or file the required

5    MOTION IN OPPOSITION TO REMOVAL to re-establish juridiction before proceding.

6    The record of these "due process requirements" is sufficient evidence that the

7    "act of bribery occurred" and the "result and unlawful ORDER" was delivered

8    to complete the criminal act of Conspiracy against civil rights under color

9    defined title 18 U.S.C. §§ 241 and 242 resulting in cognizable claims for

10   violation of GABOR'S First, Fifth and Fourteenth due process right under 42

11   U.S.C. §§ 1983(3) and 1985(3) under which the Court has jurisdiction to award

12   monetary relief, injunctive relief against all defendants and compel the

13   removal from office of all defendants to prevent "irreparable harm to the

14   public by defendants heinous and repugnant behavior".

15   37.    THIRTY-FIRST CAUSE OF ACTION VIOLATION OF THE FIRST AMENDMENT RIGHT
            TO APPEAL FINAL ORDER AND VIOLATION OF 18 U.S.C § 1001 AFTER
16          EFFECTIVE DATE SEPTEMBER 1994 BY COUNTY OF SANTA CLARA

17   Defendants SANTA CLARA COUNTY and ASSISTANT DISTRICT ATTORNEY CEELEY

18   did unlawful file a document opposing appeal before the Court of Appeals for

19   the Ninth Circuit filed and served April 13, 1995 as NO. 95-15666.

20   Defendants failed to return NOTICE OF APPEARANCE and filed APPELLEES

21   OPENING BRIEF in the record of Case No. 95-15666 which resulted in denial of

22   due process based upon "false statements and representation" by CEELEY in

23   furtherance of the conspiracy against civil rights under color. The record

24   provides "explicit evidence that attorney CEELEY did bribe clerks of the

25   Court of Appeals to accept, unlawfully her pleading" in Case NO. 95-15666.

26   Such documents fraudulently represent defendants acts and omissions were

27   lawful and that the GABOR'S were to be denied due process as a matter of law.

28   Defendants false statements and solicitation resulted in DENIAL OF RIGHT

1 | guaranteed by the First Amendment of the Constitution of the United States,

2 | 28 U.S.C. § 1291 and present a TRIABLE ISSUE OF FACT AND LAW requiring trial

3 | by jury and monetary damages, injunctive relief as an "issue of great importance"

4 | in the interest of justice pursuant to title 42 U.S.C. §§ 1983 and 1985.

5 | 38.    THIRTY-SECOND CAUSE OF ACTION WILLFUL AND MALICIOUS WITHHOLDING OF

6 |        RIGHTS BY CALIFORNIA HEALTH AND WELFARE AGENCY SECRETARY SANDRA

7 |        SMOLEY AND DEPRIVATION OF THE STATUTORY RIGHTS UNDER THE AMERICANS

8 |        WITH DISABILITIES ACT WITH INTENT TO EMBEZZLE FEDERAL FUNDS RECEIVED

9 |        TO PROVIDE SERVICES FOR THE MENTALLY DISABLED SUFFERED FROM BIPOLAR

10 |       BRAIN DISORDER OR MANIC DEPRESSION FROM BIRTH DEFECTS.

11 |       The States of California's custom and policy to withhold federal

12 | entitlements from the mentally disabled by unlawful assault under color, false

13 | arrest, malicious prosecution, threats, and attempted murder under color to

14 | prevent the survival of such citizens is documented in the continuing pattern

15 | of activities evidenced in media releases and continuing imprisonment of the

16 | mentally ill to prevent their protection under law under pretext that such

17 | disabilities are SELF INDUCED by irresponsible behavior and the persons

18 | suffering from mental illness DESERVE TO BE SUBJECTED TO PHYSICAL BEATINGS

19 | TO PREVENT THEIR CONTINUING BURDEN UPON THE STATE.  The facts surrounding

20 | the case of THE PEOPLE OF THE STATE OF CALIFORNIA v. JOHN CHRISTOPHER GABOR

21 | PROVIDE sufficient evidence and jurisdiction in district court for cognizable

22 | claims of deprivation of civil rights and entitlements to federal benefits

23 | under 42 U.S.C. §§ 1983-1985 under which injunctive relief in mandated to

24 | protect a class of persons defined under the Americans With Disabilities Act

25 | and California Penal Code §422.6 and §422.75 et seq. as a matter of law.

26 | 39.    THIRY-THIRD CAUSE OF ACTION WILLFUL VIOLATION OF CIVIL RIGHTS AND

27 |        CRIMINAL NEGLIGENCE BY THE STATE OF CALIFORNIA ATTORNEY GENERAL DANIEL

28 |        LUNGREN TO AID AND ABET DEPRIVATION OF CONSTITUTIONAL RIGHTS OF CITIZENS

GABOR TITLE 42 CIVIL COMPLAINT                              page 61 of ____

1    Attorney General Daniel Lungren and Governor Pete Wilson have willfully

2   participated in "hate crimes" against the citizens of the State of California

3   and persons born citizens of the United States to perpetuate a "police state"

4   and fraudulent representation of "absolute immunity" for a Class of NOBILITY

5   under the reign of KING PETE WILSON and their interpretation of the ELEVENTH

6   AMENDMENT RIGHT TO COMMIT CRIME AGAINST HUMANITY UNDER COLOR WITH UNLAWFUL USE

7   OF a "paramilitary terrorist organization" of local police, government and

8   private parties delegated government power in violation of the constitution

9   and the laws of the State of California.

10    On April 18, 1995 the fedral district court judge REAL of the Central

11   District of California reminded DANIEL LUNGREN of his "duty and obligation"

12   to enforce and comply with law.  LUNGREN appeared frustrated as he left the

13   courtroom.  The "CONFUSION" arises under a "public servants" receipt of wages

14   for the duties of Attorney General for the State of California, published as

15    CONSTITUTION OF CALIFORNIA

16    ARTICLE V.

17   **[Attorney General– Chief Law Officer]**
     SECTION 13. Subject to the powers and duties of the Governor, the

18   Attorney General shall be the chief law officer of the State. **It shall
     be the duty of the Attorney General to see that the laws of the State**

19   **are uniformly and adequately enforced.**  The Attorney General shall
     have direct supervision over **every district attorney and sheriff and**

20   **over such other law enforcement officers as may be designated by law,**
     in all matters pertaining to the duties of their respective offices,

21   and may require any of said officers to make reports concerning the
     investigation, detection, prosecution, and punishment of crime in

22   their respective jurisdictions as to the Attorney General may seem
     advisable. **Whenever in the opinion of the Attorney General any law**

23   **of the State is not being adequately enforced in any county, it shall
     be the duty of the Attorney General to prosecute any violations of law**

24   **of which the superior court shall have jurisdiction**, and in such cases
     the Attorney General shall have all the powers of a district attorney.

25   When required by the public interest or directed by the Governor, the
     Attorney general shall assist any district attorney in the discharge

26   of the duties of that office. [As amended November 5, 1974.]

27    Defendant Daniel Lungren and Pete Wilson have and continue to target

28   innocent citizens and subject them to deprivation of constitutional rights.

GABOR TITLE 42 CIVIL COMPLAINT                        page 62 of ____

1  It is clearly established that DANIEL LUNGREN and PETE WILSON have ordered

2  that the state's citizens be subjected to the "rights under MIRANDA" and to

3  continue the state's pattern of terrorism and assault under color evidenced

4  by the Court in precedent of **Rochin v. California**, 342 U.S. 365, 172 (1952).

5     To openly disobey a federal district court judge and delegate judicial

6  authority to serve "unnamed warrants" to control and enslave subversives that

7  are, in fact, FREE CITIZENS OF THE UNITED STATES is inconscionable and in

8  violation of all the laws and the Constitution of the United States.

9     It shall be understood that, WILSON and LUNGREN are even more arrogant

10  than HILTER, himself, since they  have directed "hate crimes" be committed

11  at the discretion of ANY PUBLIC EMPLOYEE against any person such employee

12  chooses to HATE and exercise personal excessive force against.  The SCOPE OF

13  REVIEW of the Administrative Procedures Act shall apply to all judicial review

14  as provided by title 5 United States Code § 706.

15     Any QUALIFIED IMMUNITY shall be authenticated and as to the false

16  assertion of "absolute immunity" each defendant shall face criminal charges

17  as provided under the provisions of title 18 United States Code § 1001 for

18  "every series of words placed upon any such document" filed herein concerning

19  this case.

20  40.     DOCUMENTS AND EXHIBITS IN SUPPORT OF CLAIM AND ALLEGATIONS

21     Plaintiffs JOHN CHRISTOPHER GABOR and JOHN GABOR herein allege the

22  foregoing wrongdoings by the defendants named in the forgoing THIRTY-THREE

23  CAUSES OF ACTION as conspirators perpetrators of acts and omissions in further-

24  ance of the conspiracy against rights under color to subject the GABOR'S to

25  deprivations of rights guaranteed by the Constitution and laws of the State of

26  California and the laws and Constitution of the United States which are claims

27  under  title 42 United States Code § 1983 which provide jurisdiction of the

28  district court to INJUNCTIVE RELIEF and the award on monetary damages by JURY.

GABOR TITLE 42 CIVIL COMPLAINT                          page 63 of ____

1    The "policy and custom" documents as a "pattern of doing business"

2 shall be supported by affidavits and documented, herein incorporated into

3 the RECORD as EXHIBITS AND AFFIDAVITS IN SUPPORT OF COMPLAINT as required

4 pursuant to Federal Rules of Civil Procedure Rule 8(a) subjected defendants

5 to reply in the manner prescribed by Ninth Circuit precedent concerning

6 Rule 8(b) and (d) within the time provided by law, see **Marshall v. Gates**,

7 44 F. 3d 722 (9th Cir. January 30, 1995).

8 41.                          PRAYER FOR RELIEF

9    1. The State of California shall comply with the FOURTH AMENDMENT of

10 the Constitution of the United States and MIRANDA concerning all court actions.

11    2. The State  of California shall cease all "domestic surveillance"

12 and unreasonable searches or seizures of free persons within it's jurisdiction

13 as prescribed in United States v. United States Court of Appeals, No. 70-153,

14 407 U.S. 297 (1972).

15    3. The State of California will comply with the First Amendment and

16 provide all citizens the right to file criminal charges against all government

17 employees for criminal acts committed under color in violation of Penal Code

18 sections 422.6 and 422.75.

19    4. The State of California will comply with the Americans With

20 Disabilities Act and the S.S.I. requirements providing entitlements to ALL

21 UPON REQUEST without delay or discrimination at the discretion of agencies.

22    5. The State of California will comply with the NOTICE OF CLAIM OF

23 UNCONSTITUTIONALITY of STATE HEALTH AND SAFETY CODES precribed by 28 U.S.C.

24 §§ 2403 under the precedent of Rochin, supra, as "clearly established law".

25    6. The United States District Court shall compel PROSECUTION of all

26 defendants found, by the evidence in the record, to have committed criminal acts.

27    7. The district court shall issue appropriate orders to protect the

28 citizens of California from unlawful exercise of police power under color.

GABOR TITLE 42 CIVIL COMPLAINT                    page 64 of _____

1    8. The court shall preform its duties and obligations under title 28

2 United States Code § 453 and title 18 United States Code § 4.

3    9. The court shall, without delay, determine FACTS IN THE RECORD and

4 complete it's duty to plaintiff without unlawful delay evidences and prohibited

5 see: **Elder v. Holloway**,114 S.Ct. 1019 (1994); also **Gutierrez De Martinez v.**

6 **Lamango**, 115 S.Ct. 2227 (June 14, 1995).

7    10. The court shall determine PLAINTIFF'S MONETARY DAMAGES preceding

8 this action for the period of time between September 1994 through January 1996

9 which resulted from court filing fees and expenses which "never should have

10 occurred" in a criminal action after IN FORMA PAUPERUS was granted a defendant

11 in state court as provided 28 U.S.C. § 1915(a).

12    11. The PLAINTIFF JOHN CHRISTOPHER GABOR seeks $10,000,000.00, ten

13 million dollars in actual damage -- deprivation of all constitutional rights

14 of "persons born citizen of the United States" while in residence in the

15 State of California and punitive damages as the jury may deem proper.

16    12. The PLAINTIFF JOHN GABOR, father of JOHN CHRISTOPHER seeks

17 $5,000,000.00, five million dollars for actual damages and deprivation of all

18 constitutional rights of a person born a citizen of the UNited States while

19 in residence in the State of California and punitive damages as the jury may

20 deem proper.

21    13. The plaintiffs GABOR jointly demand the location of the FREE PART

22 OF THE UNITED STATES and relocation expense to such free land where the laws

23 and constitution are recognized and enforced providing equal application od law

24 42.                    CERTIFICATION

25    We, the undersigned JOHN CHRISTOPHER GABOR and JOHN GABOR swear under

26 penalty of perjury under the laws of the State of California and under the

27 provisions of Title 18 United States Code section 1001 that the foregoing is

28 true and correct as it happened to us personally giving rise to these claims

GABOR TITLE 42 CIVIL COMPLAINT

page 65 of ____

1  herein alleged which occurred between September 7, 1994 and this day in

2  the year of 1996 in the State of California which are cognizable claims under

3  title 42 United States Code section 1983 et seq.

4         Respectfully submitted,

5  DATED: February 28 ,1996          *John C Gabor*

6                                    JOHN CHRISOPHER GABOR, IN PRO PER

7  DATED: February 28 ,1996          *John Gabor*

8                                    JOHN GABOR, IN PRO PER
                                     c/o L. Shultz

9                                    214 Laurelwood Circle
                                     Manteca, California 95336

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28