John Gabor, Plaintiff [28 U.S.C. § 1654]
590 Smokey Court
Campbell, CA. 95008

Kay Gabor, Plaintiff [28 U.S.C. § 1654]
590 Smokey Court
Campbell, CA. 95008
(408) 378-4326

# **COPY**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

JOHN GABOR and KAY GABOR,

   Plaintiffs,

  v.

WILLIAM R. SELIGMANN in his official and
individual capacity; CITY OF CAMPBELL in its
municipal capacity; CAMPBELL POLICE DEP'T.
in its municipal capacity; DAVID GULLO in his
official and individual capacity; GRACE MORO in
her official and individual capacity; DAVID
MENDEZ in his official and individual capacity;
SILICON VALLEY HUMANE SOCIETY, INC. in
its corporate capacity; CHRISTINE BENNINGER
in her corporate and individual capacity; MARK S.
COLLINS SBN 060849 in his corporate and
individual capacity; COLLINS & SCHLOTHAUER
in its corporate capacity; JEREMY FOGEL in his
official and individual capacity; RICHARD W.
WIEKING in his official and individual capacity;
UNITED STATES OF AMERICA in its official
capacity; THOMAS V. ORVIS in his official and
individual capacity; THANG NGUYEN BARRETT
in his official and individual capacity; ARTHUR
BOCANEGO in his official and individual capacity;
and DOE DEFENDANTS 1 through 50

   Defendants

Case No. **C 04-05230 JF**

FIRST AMENDED CIVIL RICO AND
CIVIL RIGHTS COMPLAINT; EXHIBITS
IN SUPPORT; DEMAND FOR JURY
TRIAL, **RULE 38** PURSUANT TO
**RULE 15(a) and(c)** BY ORDER [Dkt # 30]
and TO IDENTIFY DOES; SUMMONS
SHALL ISSUE PURSUANT TO **RULE 4**
**RULE 15(a) and (c) for Defendants:**
 Campbell Police Dep't; Collins
 Collins & Schlothauer; Fogel;
 Wieking; USA; Orvis; Barrett; Bocanego

1.  NOW COMES John Gabor and Kay Gabor, plaintiffs in the above entitled action, upon ORDER

[Dkt #30] of the district court, do hereby file this their FIRST AMENDED CIVIL RICO AND CIVIL

EXHIBIT 24

RIGHTS COMPLAINT, EXHIBITS IN SUPPORT; DEMAND FOR JURY TRIAL, RULE 38 pursuant

to Federal Rules of Civil Procedure, Rule 15(a) and (c).

2.      WEST 2005 Edition Federal Rules of Civil Procedure, Rule 15, in pertinent part, provides:

> **Rule 15.  Amended and Supplemental Pleadings**
>         **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. **A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.**
>         . . . .
>         **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>                 (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>                 **(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or**
>                 (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought by amendment will not be prejudiced in maintaining a defense on the merits, and (B) **knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party**. **The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.**
>         **(d) Supplemental Pleading.** Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading **setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.** Permissions may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading it shall so order, specifying the time therefore, (emphasis added)

## DEMAND FOR JURY TRIAL OF ALL ISSUES, RULE 38

3.      On May 6th, 2005, the Ninth Circuit clarified Rule 38, see *California Scents v Surco Products,*

*Inc.,* No. 03-56116, __ F. 3d ___ ( 9th Cir. 2005) which prohibits summary judgment or directed

verdicts of issues specifically to be tried by jury in civil actions. See also *LaLonde v County of*

*Riverside,* 204 F. 3d 947, 962-963 (9th Cir. 2000), holding:

204 F. 3d at 962:

Conclusion

        LaLonde's allegations, if taken to be true, constitute a clear violation of his Fourth Amendment rights. The officers were not entitled to qualified immunity as a matter of law. Rather, LaLonde was entitled to have a jury evaluate his complaint against the officers and the

County. The district court's pre-trial order and its subsequent judgment as a matter of law are reversed. The case is remanded to the district court so that the plaintiff's claims against all defendants may be considered by a jury.

204 F. 3d at 963:

But, here's the rub: the facts are disputed, and the disputed facts here should have been submitted to the jury, even when qualified immunity *from suit* was an issue. Issues of credibility belong to the trier of fact. The Seventh Amendment to the Constitution so requires. ***Thompson v. Mahre,*** 110 F. 3d 716, 719 (9th Cir. 1997) makes this as clear as the proverbial bell. *See also* ***Johnson v Jones,*** 515 U.S. 304, 317-18, 115 S. Ct. 2151, 132 L. Ed. 2D 238 (1995) (holding that the existence of genuine issues of material facts render not appealable a pre-trial denial of summary judgment on the issue of qualified immunity).

4.    John Gabor and Kay Gabor, plaintiffs, hereby demands his right to Jury Trial pursuant to the

Seventh Amendment and Rule 38(a), (b) and (c), which bars the court from making any factual

determinations of any claims and reserves all factual findings to be made by the jury, "the trier of fact,"

*see* Rule 50, 1991 Amendment, Rule 38 provides:

**Rule 38. Jury Trial of Right**
    **(a) Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.
    **(b) Demand.** Any party may demand a trial be jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.
    **(c) Same; Specification of Issues.** In the demand a party may specify the issues which the party wishes so tried; otherwise the party shall be deemed to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party within 10 days after service of the demand or such lesser time as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.

## JURISDICTION AND VENUE

5.    The United States District Court for the Northern District of California has original jurisdiction

under Title 15 U.S.C. § 1 and 15b, Title 18 U.S.C. §§ 1951(a)-(b)(2), 1962(c)-(d) and 1964(a)-(c); Title

28 U.S.C §§ 1331, 1343, and 2679; and Title 42 U.S.C. §§ 1981, 1983 and 1985(3) and the rights,

privileges and immunities secured by the First, Fourth, Fifth, Sixth, Seventh, Thirteenth and Fourteenth

Amendments to the Constitution of the United States, in addition to the Anti-Corruption Act of 1988,

Title 18 U.S.C. § 1341 as defined § 1346.

6.     See *Sedima, S.P. R. L. v. Imrex Co.*, 473 U. S. 479, 489 (1985)
       Held:
            1. There is no requirement that a private action under 1964(c) can proceed only against a
       defendant who has already been convicted of a predicate act or of a RICO violation. A
       prior-conviction requirement is not supported by RICO's history, its language, or considerations
       of policy. To the contrary, every indication is that no such requirement exists. Accordingly, the
       fact that respondents have not been convicted under RICO or the federal mail and wire fraud
       statutes does not bar petitioner's action. Pp. 488-493.
            2. Nor is there any requirement that in order to maintain a private action under 1964(c) the
       plaintiff must establish a "racketeering injury," not merely an injury resulting from the predicate
       acts themselves. A reading of the statute belies any "racketeering injury" requirement. If the
       defendant engages in a pattern of racketeering activity in a manner [473 U.S. 479, 480]
       forbidden by 1962, and the racketeering activities injure the plaintiff in his business or property,
       the plaintiff has a claim under 1964(c). There is no room in the statutory language for an
       additional, amorphous "racketeering injury" requirement. Where the plaintiff alleges each
       element of a violation of 1962, the compensable injury necessarily is the harm caused by
       predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the
       commission of those acts in connection with the conduct of an enterprise. Pp. 493-500.
            741 F.2d 482, reversed and remanded.

7.     See *Rotella v Wood,*
            What is equally bad is that a less demanding basic discovery rule than federal law
       generally applies would clash with the limitations imposed on Clayton Act suits. This is
       important because, as we have previously noted, there is a clear legislative record of
       congressional reliance on the Clayton Act when RICO was under consideration, see *Sedima,
       S.P. R. L. v. Imrex Co.*, 473 U. S. 479, 489 (1985), and we have recognized before that the
       Clayton Act's injury-focused accrual rule was well established by the time civil RICO was
       enacted. Klehr , 521 U. S., at 189 . In rejecting a significantly different focus under RICO,
       therefore, we are honoring an analogy that <u>Congress itself</u> accepted and relied upon, and one
       that <u>promotes the objectives of civil RICO</u> as readily as it furthers the objects of the Clayton
       Act. Both statutes share a common congressional objective of <u>encouraging civil litigation</u> to
       supplement Government efforts to deter and penalize the respectively prohibited practices. <u>The
       object of civil RICO is thus not merely to compensate victims but to turn them into
       prosecutors, "private attorneys general," dedicated to eliminating racketeering activity.</u> 3
       Id. , at 187 (citing *Malley-Duff* , 483 U. S., at 151 ) (<u>civil RICO specifically has a "further
       purpose [of] encouraging potential private plaintiffs diligently to investigate</u>"). The
       provision for treble damages is accordingly justified by the <u>expected benefit of suppressing
       racketeering activity, an object pursued the sooner the better.</u> It would, accordingly, be
       strange to provide an unusually long basic limitations period  that could only have the effect of
       postponing whatever public benefit civil RICO might realize. <u>The Clayton Act avoids any such
       policy conflict by its accrual rule that "generally, a cause of action accrues and the statute
       begins to run when a defendant commits an act that injures a plaintiff's business,"</u> *Zenith
       Radio Corp. v. Hazeltine Research, Inc.,* 401 U. S., at 338 , and the Clayton Act analogy reflects
       the clear intent of  Congress to reject a potentially longer basic rule under RICO.

8.    The United States district court has supplemental jurisdiction over plaintiff's state law claims

cognizable under Civil RICO as defined in 18 U.S.C. § 1961(b) as state law felonies pursuant to Title 15

U.S.C. § 15, Title 18 U.S.C. § 1962 and Title 28 U.S.C. §§ 1343 and 1367, because such claims are

interrelated within the court's original jurisdiction under the Ant-Corruption Act of 1988, Title 18

U.S.C. § 1341, as defined in § 1346; The Takings Clause of the Fifth Amendment, the Due Process

Clause of the Fifth and Fourteenth Amendment, and the court's injunctive powers secured by Act of

Congress, Title 18 U.S.C. § 1964 under the Organized Crime Control Act of 1970 and the Racketeer

Influenced and Corrupt Organizations Act, Title 18 U.S.C. § 1962 et seq.

## PARTIES, Rule 17

9.    Plaintiff JOHN GABOR is a citizen of the United States residing within the State of California,

Santa Clara County, at 590 Smokey Court, Campbell, CA. 95008.

10.    Plaintiff KAY GABOR is a citizen of the United States residing within the State of California,

Santa Clara County, at 590 Smokey Court, Campbell, CA. 95008.

11.    Defendant WILLIAM SELIGMANN (hereinafter "Seligmann") sued in his official and

individual capacity, was an "original defendant" pursuant to Rule 7(a) and summons and complaint were

served on January 10, 2005, pursuant to Rule 4 [10] original answer as to defendant Seligmann was due

on January 31, 2005, pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c)

affirmative defenses and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all

defenses and objection available to him pursuant to Rules 12(g) and (h), answer to First Amendment

Complaint, as to defendant Seligmann is due within ten (10) days pursuant to Rule 15 and is served by

First Class U.S. mail doing business at 70 North First Street, Campbell, CA. 95008.

12.    Defendant CITY OF CAMPBELL (hereinafter "City") sued in its municipal capacity, was an

"original defendant" pursuant to Rule 7(a) and summons and complaint were served on January 10,

2005, pursuant to Rule 4 [11] original answer as to defendant City was due on January 31, 2005,

pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c) affirmative defenses

and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all defenses and

objections available to it pursuant to Rules 12(g) and (h), answer to First Amendment Complaint, as to

defendant City is due within ten (10) days pursuant to Rule 15 and is served by First Class U.S. mail

doing business at 70 North First Street, Campbell, CA. 95008.

13.    Defendant CAMPBELL POLICE DEPARTMENT (hereinafter "police") sued in its municipal

capacity, was an "original defendant" pursuant to Rule 7(a) and summons and complaint were served on

January 10, 2005, pursuant to Rule 4 [12] original answer as to defendant police was due on January 31,

2005, pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c) affirmative

defenses and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all defenses

and objections available to it pursuant to Rules 12(g) and (h), answer to First Amended Complaint, as to

defendant police is due within ten (10) days pursuant to Rule 15 and is served by First Class U.S. mail

doing business at 70 North First Street, Campbell, CA. 95008.

14.    Defendant DAVID GULLO (hereinafter "Gullo") sued in his official and individual capacity,

was an "original defendant" pursuant to Rule 7(a) and summons and complaint were served on January

10, 2005, pursuant to Rule 4 [12] original answer as to defendant Gullo was due on January 31, 2005,

pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c) affirmative defenses

and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all defenses and

objections available to it pursuant to Rules 12(g) and (h), answer to First Amended Complaint, as to

defendant Gullo is due within ten (10) days pursuant to Rule 15 and is served by First Class U.S. mail

doing business at 70 North First Street, Campbell, CA. 95008.

15.    Defendant GRACE MORO (hereinafter "Moro") sued in her official and individual capacity,

was an "original defendant" pursuant to Rule 7(a) and summons and complaint were served on January

10, 2005, pursuant to Rule 4 [14] original answer as to defendant Moro was due on January 31, 2005,

pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c) affirmative defenses

and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all defenses and

objections available to it pursuant to Rules 12(g) and (h), answer to First Amended Complaint, as to

defendant Moro is due within ten (10) days pursuant to Rule 15 and is served by First Class U.S. mail

doing business at 70 North First Street, Campbell, CA. 95008.

16.    Defendant DAVID MENDEZ (hereinafter "Mendez") sued in his official and individual

capacity, was an "original defendant" pursuant to Rule 7(a) and summons and complaint were served on

January 10, 2005, pursuant to Rule 4 [13] original answer as to defendant Mendez was due on January

31, 2005, pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c)

affirmative defenses and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all

defenses and objections available to it pursuant to Rules 12(g) and (h), answer to First Amended

Complaint, as to defendant Mendez is due within ten (10) days pursuant to Rule 15 and is served by

First Class U.S. mail doing business at 70 North First Street, Campbell, CA. 95008.

17.    Defendant SILICON VALLEY HUMANE SOIETY, INC. (hereinafter "SVHS") sued in

corporate capacity, was an "original defendant" pursuant to Rule 7(a) and summons and complaint were

served on January 10, 2005, pursuant to Rule 4 [16] original answer as to defendant SVHS was due on

January 31, 2005, pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c)

affirmative defenses and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all

defenses and objections available to it pursuant to Rules 12(g) and (h), answer, and Rule 7.1 corporate

disclosure statement, to First Amended Complaint, as to defendant SVHS is due within ten (10) days

pursuant to Rule 15 and is served by First Class U.S. mail doing business at 2530 Lafayette Street, Santa

Clara, CA. 95050..

18.    Defendant Christine Benninger (hereinafter "Benninger") sued in her corporate and individual capacity, was an "original defendant" pursuant to Rule 7(a) and summons and complaint were served on January 10, 2005, pursuant to Rule 4 [15] original answer as to defendant Benninger was due on January 31, 2005, pursuant to Rule 12(a)(1)(A), defendant failed to file Rule 8(b) answer or Rule 8(c) affirmative defenses and therefore was subject to Rule 8(d) Effect of Failure to Deny, and has waived all defenses and objections available to it pursuant to Rules 12(g) and (h), answer, and Rule 7.1 corporate disclosure statement, to First Amended Complaint, as to defendant Benninger is due within ten (10) days pursuant to Rule 15 and is served by First Class U.S. mail doing business at 2530 Lafayette Street, Santa Clara, CA. 95050..

19.    Defendant **MARK S. COLLINS SBN 060849** (hereinafter "Collins") is hereby sued in his corporate and individual capacity and served with summons and First Amended Complaint pursuant to Rule 4, and shell be required to file Rule 8(b) answer within twenty (20) days or default judgment shall be entered against him for the relief demanded in the First Amended Complaint pursuant to Rule 55, by Certified U.S. Mail Return Receipt # 7004 2510 0000 1034 8636, doing business at 1818 The Alameda, San Jose, CA. 95126-1713

19.    Defendant **COLLINS & SCHLOTHAUER, INC.** (hereinafter "C & S, INC.") is hereby sued in its corporate capacity and served with summons and First Amended Complaint pursuant to Rule 4, and shall be required to file Rule 8(b) answer within twenty (20) days or default judgment shall be entered against them for the relief demanded in the First Amended Complaint pursuant to Rule 55, by Certified U.S. Mail Return Receipt #7004 2510 0000 1034 8643, doing business at 1818 The Alameda, San Jose, CA. 95126-1713

20.    Defendant **JEREMY FOGEL** (hereinafter "Fogel") is hereby sued in his official and individual capacity, pursuant to 28 U.S.C. § 2679, and the 2000 Amendment to Rule 12, and served with summons and First Amended Complaint pursuant to Rule 4, and shall be required to file Rule 8(b) answer within

sixty (60) days or default judgment shall be entered against him for the relief demanded in the First

Amended Complaint pursuant to Rule 55, by Certified U.S. Mail Return Receipt # 7004 2510 0000

8650, doing business at USDC for the ND of California, 280 S. First Street, 5th Floor #2112, San Jose,

CA 95113-3008

21.     Defendant **RICHARD W. WIEKING** (hereinafter "Weiking") is hereby sued in his official and

individual capacity, pursuant to 28 U.S.C. § 2679, and the 2000 Amendment to Rule 12, and served with

summons and First Amended Complaint pursuant to Rule 4, and shall be required to file Rule 8(b)

answer within sixty (60) days or default judgment shall be entered against him for the relief demanded

in the First Amended Complaint pursuant to Rule 55, by Certified U.S. Mail Return Receipt # 7004

2510 0000 1034 8667 doing business at USDC, Clerks Office #2121, 280 S. First Street, San Jose, CA.

95113-3008.

22.     Defendant **UNITED STATES OF AMERICA**  (hereinafter "USA") U.S Attorney Kevin Ryan,

is hereby sued in its official, pursuant to 28 U.S.C. § 2679, and the 2000 Amendment to Rule 12, and

served with summons and First Amended Complaint pursuant to Rule 4, and shall be required to file

Rule 8(b) answer within sixty (60) days or default judgment shall be entered against it for the relief

demanded in the First Amended Complaint pursuant to Rule 55, by Certified U.S. Mail Return Receipt

# 7004 2510 0000 1034 8674 doing business as U.S. Attorney Kevin Ryan, P.O. Box 36055, San

Francisco, CA. 94102.

23.     Defendant **THOMAS V. ORVIS** (hereinafter "Orvis") is hereby sued in his official and

individual capacity and served with summons and First Amended Complaint pursuant to Rule 4, and

shall be required to file Rule 8(b) answer within twenty (20) days or default judgment shall be entered

against him for the relief demanded in the First Amended Complaint pursuant to Rule 55, by Certified

U.S. Mail Return Receipt # 7004 2510 0000 1034 8681, doing business at 49 Showers Drive, D463,

Mountain View, CA. 94040.

24.    Defendant **THANG NGUYEN BARRETT** (Barrett") is hereby sued in his official and individual capacity and served with summons and First Amended Complaint pursuant to Rule 4, and shall be required to file Rule 8(b) answer within twenty (20) days or default judgment shall be entered against him for the relief demanded in the First Amended Complaint pursuant to Rule 55, by Certified U.S. Mail Return Receipt # 7004 2510 0000 1034 8690, doing business at Superior Court Clerk, 161 N. First Street, San Jose, CA. 95135-1090

25.    Defendant ARTHUR BOCANEGO ("Bocanego") is hereby sued in his official and individual capacity and served with summons and First Amended Complaint pursuant to Rule 4, and shall be required to file Rule 8(b) answer within twenty (20) days or default judgment shall be entered against him for the relief demanded in the First Amended Complaint pursuant to Rule 55, by Certified U.S. Mail Return Receipt # 7004 2510 0000 1034 8704 doing business AT Superior Court, 200 W. Hedding Street, San Jose, CA. 95110.

26.    DOE DEFENDANTS 1-50, as their identities become known pursuant to Rule 26.

## BACKGROUND OF FACTUAL EVENTS GIVING RISE TO PLAINTIFFS' FIRST AMENDED CIVIL RICO AND CIVIL RIGHTS COMPLAINT

27.    On December 10, 2004, plaintiffs filed their original complaint in the United States District Court for the Northern District of California with Jury Demand pursuant to Rule 38 [1-2] defendant Wieking failed to "train and supervise" the clerks of the court as required by the UNITED STATES DISTRICT COURT CLERK'S MANUAL (USDCCM), and they did enter into a "conspiracy", for which "no immunity can exist," to conduct the affairs of the district court through a "pattern of predicate acts of racketeering in violation of RICO, 18 U.S.C. § 1962(d)" as defined in *United States v. Frega,* 179 F. 3d 793, n. 7 (9th Cir. 1999), which presents a cognizable claim for which the jury can award damages and injunctive relief pursuant to 28 U.S.C. § 2679 for deprivation of rights, privileges and immunities secured by the Due Process Clause of the Constitution of the United States applicable to all

cases filed after November 18, 1988.

28.    Defendant Wieking knowingly, and intentionally, conspired with Clerk "bw" to deprive

plaintiffs of their First Amendment right to petition for redress, and right to a Article III judge, a jury

trial and Rule 1's "just speedy and inexpensive" trial of their controversy, and did conspire to assign an

"magistrate judge" without express consent of all parties required by Rule 73, and did refer plaintiff's

complaint to COURT STAFF, in direct violation of USDCCM Ch. 4, rather than the procedure and due

process required by Rule 16 since 1993 and participated in a "scheme or artifice to defraud plaintiffs of

their intangible right to honest services in direct violation of 18 U.S.C. § 1341, as defined § 1346, in

furtherance of their illicit racketeering activity to conduct the affairs of the district court in violation of

18 U.S.C. § 1962 Prohibited activities." Docket entries 1-8 are admissible under Federal Rules of

Evidence Rule 801, as amended in 1997 to establish the "existence of a conspiracy" to commit predicate

acts in direct violation of Public Law, Rule 16, which provides:

> **Rule 16. Pretrial Conferences; Scheduling; Management**
>     **(a) Pretrial Conferences; Objectives.** In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
>         (1) expediting the disposition of the action;
>         (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>         (3) discouraging wasteful pretrial activities;
>         (4) improving the quality of the trial through more thorough preparation, and;
>         (5) facilitating the settlement of the case.
>     **(b) Scheduling and Planning.** Except in categories of actions exempted by the district court rule as inappropriate, the district judge, or a magistrate judge when authorized by district court rule shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties and any unrepresented parties by a scheduling conference, telephone, mail, or other suitable means, enter a scheduling order that limits the time
>         (1) to join other parties and to amend the pleadings;
>         (2) to file motions; and
>         (3) to complete discovery
>     The scheduling order may also include
>         (4) modifications of the times for disclosures under Rule 26(a) and 26(e)(1) and of the extent of discovery to be permitted;
>         (5) the date or dates for conferences before trial, a final pretrial conference, and trial; and
>         (6) any other matters appropriate in the circumstances of the case.
>     The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. A scheduling shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule,

by a magistrate judge.

      **(c) Subjects for Considerations at Pretrial Conferences.** At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to

      (1) the formulation or and simplification of the issues, including the elimination of frivolous claims or defenses;

      (2) <u>**the necessity or desirability of amendment to the pleadings;**</u>

      (3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents<u>**, and advance rulings from the court on admissibility of evidence;**</u>

      (4) the avoidance of unnecessary proof and of cumulative evidence, and limitations or restrictions on the use of testimony under Rule 702 of the Federal Rules of Evidence;

      (5) <u>**the appropriateness and timing of summary adjudication under Rule 56;**</u>

      (6) the control and scheduling of discovery, including orders affecting disclosures and discovery pursuant to Rule 26 and Rules 29 through 37;

      (7) the identification of witnesses and documents, the need and schedule for filing and exchanging pretrial briefs, and the date or dates for further conferences and for trial;

      (8) the advisability of referring matters to a magistrate judge or master;

      (9) settlements and the use of <u>**special procedures to assist in resolving the dispute when authorized by statute**</u> or local rule;

      (10) the form and substance of the pretrial order;

      (11) <u>**the disposition of pending motions;**</u>

      (12) the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems;

29.    Defendant Wieking, knew, at all times relevant to his participation to the conspiracy with clerk "bw" that the Ninth Circuit had established "precedent" specifically directed to him, that HE COULD NOT MAKE RULES inconsistent with the Federal Rules of Civil Procedure, *See Galbraith v. County of Santa Clara,* 307 F. 3d 1119 (9th Cir. 2003), when he displayed his reckless disregard for Public Law, and failed to train and supervise his agents and employees as required by said law, and did injure plaintiffs by deprivation of their First, Fifth, Seventh and Fourteenth Amendment rights and privileges.

30.    Defendant Wieking, and clerk "bw," knew that Docket 5 [5] ADR SCHEDULING ORDER was inconsistent, and in direct conflict with existing law, with Rule 16(b), when they knowingly perpetrated a "fraud on plaintiffs" under color of official right in violation of 18 U.S.C. §§ 2, 3, 4, and 1506, to obstruct justice, aid and abet coconspirators to commit offenses against the United States in violation of the Anti-corruption Act of November 18,1988.

31.    On January 4, 2005. plaintiffs paid $150.00 fining fee which imposes "duty and obligations" upon all federal employees, and guarantees plaintiffs with receive all due process and rights secured by Rules 1, 7, 8, 12, 26 and 38, when defendants did enter into a conspiracy to violate plaintiff's rights

secured by the Constitution and are subject to liability pursuant to 28 U.S.C. § 1343 for deprivation of

rights secured by the Constitution and Acts of Congress.

32.    Defendant Wieking did enter into a conspiracy with clerks "bw", "gm", "cv" and COURT

STAFF to file false claims for compensation in violation 18 U.S.C. § 1920, knowing that they had not

preformed "duties and obligations" required by the UNITED STATES DISTRICT COURT CLERK'S

MANUAL in furtherance of their conspiracy to conduct the affairs of the district court through a pattern

of predicate acts of racketeering to defraud the United States and deprive plaintiff's of their intangible

right to honest services as "guaranteed" by Rule 1, 4, 7, 8, 11, 12, 16, 26, 38 and 55.

33.    Defendant Wieking did enter into a conspiracy with federal employees to falsify federal records

and aid and abet co-defendants to evade prosecution for offenses against the United States which is

evidenced by clerk's failure to maintain the required ANSWER DOCKET as to all defendants and enter

timely default judgments against defendants Seligmann [10], City [11], Gullo [12], Mendez [13],  Moro

[14], Benninger [15], and SVHS [16] on January 31, 2005, as required by Rule 4 and Rule 55, without

request from plaintiffs after 1991, pursuant to USDCCM, thereby committing a violation of 18 U.S.C. §

1506 and misprision of felony § 4.

34.    On January 31, 2005, defendant Wieking through his agents clerk "gm" did defraud the United

States of $210 attorney appearance fee in furtherance of his "kickbacks" to local racketeers as evidenced

by Docket 17 [17} and did unlawfully accept "third-party pleading prohibited by Rule 7" from

defendant Collins and C & S, and did make "omissions" of the required entry of documents defined as

"appearance forms" pursuant to Rule 5(a) and Rule 79 which constitutes conduct to aid and abet to

"relieve defendant" of duty and in furtherance of defrauding the United States Treasury, 18 U.S.C. § 3.

35.    Defendant Wieking, his agents, and co-defendants Collins and C & S, knew, at all times relevant

to their "bribery" and "quid pro quo" contracts that they committing offenses against the United States

with intent to injure, and did injure, plaintiff since Rule 5(a) in pertinent part, provides:

> **Title 28 U.S.C. Rule 5. Serving and Filing Pleadings and Other Papers**
> **(a) Service: When Required.** Except as otherwise provided in these rules, every order required by its terms to be served, **every pleading subsequent to the original complaint** unless the court otherwise order because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, **appearance,** demand, offer of judgment, designation of record on appeal, and similar paper **shall be served upon each of the parties.** No service need be made on parties in default for failure to appear except that t pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.
> **1970 Amendment**
> The amendment makes clear that all papers relating to discovery which are required to be served on any party must be served on all parties, unless the court orders otherwise.

36.    Defendant Wieking, and his agents, acting in conspiracy with Collins, did enter an *unauthorized ex parte document* in the court record in furtherance of their "quid pro quo kickback scheme" with defendants at Docket 17 [17] knowing that it not served upon ALL PARTIES and violated Rule 7's requirement" there shall be a complaint and a answer . . . no other pleadings shall be allowed, Rule 7, in pertinent part provides:

> **Title 28 U.S.C. Rule 7. Pleadings Allowed; Form of Motions**
> **(a) Pleadings.** <u>There shall be a complaint and an answer</u>; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. <u>No other pleading shall be allowed</u>, except that the court may order a reply to an answer or a third-party answer.
> **(b) Motions and Other Papers.**
> (1) An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefore, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
> (2) The rules applicable to captions and other matters of form of pleadings apply to all motions and other papers provided for by these rules.
> (3) All motions shall be signed in accordance with Rule 11.
> **(c) Demurrers, Pleas, etc., Abolished.** Demurrers, pleas, and exceptions for insufficiency of a pleading shall not be used.
>
> **1983 Amendment**
> One of the reasons sanctions against improper motion practice have been employed infrequently is the lack of clarity of Rule 7. That rule has stated only generally that the pleading requirements relating to captions, signing and other matters of form also apply to motions and other papers. The addition of Rule 7(b)(3) makes explicit the applicability of the signing requirement and the sanctions of Rule 11, which have been amplified.

37.    Defendant Wieking knew that defendant Collins was " a third-party" appearing without filing an appearance form and paying the $210.00 fee, on behalf of a "original defendant summoned" to file

"state court demurrer" abolished under Federal Rules of Civil Procedure, pursuant to Rule 7(c), since 1948, thereby committing a violation of 18 U.S.C. § 1506 to aid and abet defendants to commit fraud on the court in violation of 18 U.S.C. §§ 1621, 1622, and 1623, clearing established violation of Rule 11, see *In re Grand Jury Proceedings,* 87 F. 3d 377 (9th Cir. 1996) requiring the court to enter sanctions pursuant to the 1983 Amendment of Rule 7 for "improper motion practice" against Collins and C & S.

38.    Defendant Wieking did take a "bribe" from Collins and defendant to obstruct plaintiff right to petition, violate plaintiffs First, Fifth, Seventh, and Fourteenth Amendments, as evidenced by Docket No. 17 [17] which presents a cognizable claim for which the jury can award injunctive relief and damages pursuant to 18 U.S.C. §§ 1964(a) and (c) for deprivation of due process and deprivation of rights guaranteed to "unrepresented parties" in return for payment of fee of $150.00 under Rule 1 and Rule 3.

39.    Defendant Wieking, acting in conspiracy with "original defendants summoned" identified as Seligmann, City, Gullo, Moro, and Mendez did "procure a judicial act" in violation of 18 U.S.C. § 2 and are "principals" in this civil RICO actions and did conspire to "bribe" a federal actor to deprive plaintiff's of Due Process in furtherance of their racketeering scheme and the target goal of defendant Seligmann and SVHS to injure plaintiff's property rights, and persons by conduct prohibited by the Clayton Act, and the Hobbs Act. See *Salinas v. United States,* 118 S. Ct. 469 (1997).

40.    Defendant Wieking entered into a conspiracy to deprive plaintiffs of due process evidenced by his failure to train and supervise clerks as required by the USDCCM as evidenced by Docket Nos. 18, 19, and the Clerk DECLINATION OF DEFAULT Docket No. 20 and 21. Rule 55 requires defendant file Rule 60(b) motions to set aside default and prohibits Clerk "gm" from conferring with defendants SVHS and constitutes a violation of 18 U.S.C. §§ 3 and 1506, and the clerks actively "practicing law" in furtherance of their illicit racketeering enterprise to conduct the affairs of the district court through a pattern of predicate acts of racketeering consisting of "bribery and quid pro quo" contracts with

attorneys.  See *Association of Naturopathic Physicians v. Hayhurst,* 227 F. 3d 1104 (9th Cir. 2000).

41.    Defendant Wieking, knew that clerks were prohibited from accepting *preanswer* pleadings *ex parte* from third-party attorneys, and that "motions" preanswer were prohibited by Rule 16(a) as "wasteful activities" since 1966, when the entered into the conspiracy with Collins to "bribe" a federal judge in violation of 18 U.S.C. § 201 and § 1962, and that the Clerks could only accept ORIGINAL ANSWER BY DEFENDANT SELIGMANN in the form prescribed by Congress in Rule 8(b) when they entered into a "quid pro quo agreement to act on behalf of defendants to falsify the federal record and operate the district court as a racketeering enterprise to defraud plaintiffs and the United States.

42.    Defendant Wieking and clerk "gm" did conspire to obstruct these proceedings in the district court as "accessory after the fact: 18 U.S.C. § 3, in furtherance of defendants scheme and target goal to injure plaintiff and deprive plaintiffs of rights secured by the Constitution and Act of Congress even after Plaintiffs filed Docket No 22 [22] on February 22, 2005, and did set an illegal hearing for March 25, 2005 rather than on the Rule 16 schedule requested by plaintiffs at Docket 24 LETTER AND REQUEST for Scheduling Order on March 14, 2005 which constitutes two predicate acts of racketeering in violation of 18 U.S.C. § 1962, and present a cognizable claim for which the jury can award injunctive relief and damages pursuant to the civil remedies provided under 18 U.S.C. §§ 1964(a) and (c) against ALL DEFENDANTS and THIRD PARTIES, see *Salinas v. United States, supra.*

43.    Defendant Wieking, clerks and Collins, knew that their conduct was prohibited by Federal Rules of Civil Procedure, and that CLERKS are criminally and civilly liable under USDCCM Chapter 1, pages 1-21, for falsifying the record in violation of **Rule 79. Books and Records Kept by the Clerk and Entries Therein.**

44.    Defendant Collins knew that his "quid pro quo" bribery scheme was illegal when after was served with Plaintiff's Motion to Strike, Docket No. 22, which set forth the following facts and Exhibits, quoting TABLE OF CONTENTS:

# TABLE OF CONTENTS

**PAGE NUMBER**

**PLAINTIFF'S MOTION TO STRIKE Rule 12(f) Docket No. 17 ERRONEOUSLY FILED BY CLERK IN VIOLATION OF RULE 5(a) AS PROHIBITED *EX PARTE* PLEADING BY THIRD-PARTY IN VIOLATION OF RULE 7(a) AND RULE 11; MOTION FOR RULE 7(b)(3) AND RULE 11 SANCTIONS FOR "improper motion practice" RULE 12(g)-(h). and EXHIBITS NOS. 1, 2, 3.**.................................................................................................. 1

**PLAINTIFF'S EXHIBIT NO. 1 <u>ATTORNEY'S APPEARANCE FORM</u>**.................................................... 2

**RULE 5 VIOLATION REQUIRES THE COURT STRIKE DOCKET # 17 FOR FAILURE TO COMPLY WITH FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(f)**.........................................................................................................2

**RULE 7 VIOLATIONS REQUIRES THE COURT TO STRIKE DOCKET # 17 AS PROHIBITED "IMPROPER MOTION PRACTICE", FRAUD ON THE COURT, AND RULE 11 VIOLATIONS**...................................................................................................3

**PLAINTIFFS EXHIBIT NO. 2 *Association of Naturopathic Physicians v. Hayhurst,* 227 F. 3d 1104 (9th Cir. 2000)**.....................................................................................4

**PLAINTIFF'S EXHIBIT NO. 3 see *Watkins v. City of Oakland,* 145 F. 3d 1087 (9th Cir. 1998)**...........................10

**PLAINTFFS MOVE THE COURT TO STRIKE DOCKET NO. 17 FOR VIOLATIONS OF RULE 7 FOR FILING ON BEHALF OF AN ORIGINAL DEFENDANT SUMMONED, AS A THIRD-PARTY PROHIBITED BY RULE 7(a), "IMPROPER MOTION PRACTICE" EX PARTE, IN VIOLATION OF RULE 5(a), FRAUD ON THE COURT IN VIOLATION OF RULE 11 AND 18 U.S.C. §§ 1621, 1622, and 1623**.........................................................................................................................12

**PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AGAINST THIRD-PARTY COLLINS**.................... 13

**PLAINTIFFS DEMAND FOR TRIAL OF RIGHT BY JURY PURSUANT TO RULE 38,** **see *Wall v. Orange Co...***..........................................................................................13

**PLAINTIFF'S DEMAND FOR DUE PROCESS AS GUARANTEED BY THE ORDER OF APRIL 17, 2000**.....................................................................................14

**PLAINTIFFS DEMAND THE COURT ELIMINATE WASTEFUL ACTIVITIES AND COMPLY WITH RULE 1 AND RULE 16 AS AMENDED**.................................... 18

CERTIFICATION, F.R.E., RULE 801.......................................................................................... 18

CERTIFICATE OF SERVICE.......................................................................................................19

## POINTS AND AUTHTORITIES

*Act Up!/Portland v. Bagley*..................................................................................................10,
   988 F. 2d 868 (9th Cir. 1993)

*Anderson v. Liberty Lobby,* .................................................................................................14,
   477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)

*Association of Naturopathic Physicians v. Hayhurst,*.......................................................4, 5,
   227 F. 3d 1104 (9th Cir. 2000)

*Benny v. Pipes* .................................................................................................... 8,
    799 F 2d 489, 494 (9th Cir. 1986)

*Brandon v. Holt* ................................................................................................ 10,
    469 U.S. 464 (1985)

*Chew v. Gates* ................................................................................................... 10,
    27 F. 3d 1432 (9th Cir. 1994)

*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc* ...................... 8,
    840 F. 2d 685 (9th Cir. 1988)

*Falk v. Allen* ...................................................................................................... 8,
    739 F. 2d 461, 463 (9th Cir. 1984)

*Galbraith v. County of Santa Clara,* ...................................................................... 2, 9,
    307 F. 3d 1119 (9th Cir. 2004)

*Gross v. Stereo Component Systems, Inc.* ................................................................. 8,
    700 F.2d 120 (3rd Cir. 1983)

*In re Grand Jury Proceedings,* .............................................................................. 6,
    87 F. 3d 377 (9th Cir. 1996)

*In re Hammer* ..................................................................................................... 8,
    940 F. 2d 524, 526 (9th Cir. 1991)

*Leslie v. Grupo ICA,* .......................................................................................... 14,
    198 F. 3d 1152 (9th Cir. 1999)

*Martinez v. Stanford* ........................................................................................... 14,
    323 F.3d 1178, 1182-83 (9th Cir. 2003)

*Meadows v. Dominican Republic* ........................................................................... 8,
    817 F. 2d 517 (9th Cir. 1987)

*O'Brien v. R.J. O'Brien & Associates, Inc.,* ........................................................... 6,
    988 F. 2d 1394, 1399 (7th Cir. 1993)

*Pena v. Serguros La Comercial S.A.* ...................................................................... 8,
    770 F. 2d 811 (9th Cir. 1985)

*Salinas v. United States* ...................................................................................... 13,
    118 S. Ct. 469 (1997)

*United States v. Frega,* ......................................................................................... 3,
    179 F. 3d 793, n.7 (9th Cir. 1999)

*United States v. Talao* ........................................................................................... 3
    222 F. 3d 1133 (9th Cir. 2000)

*Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.* ................................. 8,
    925 F. 2d 226, 229 ( 7th Cir. 1991)

*Walkins v. City of Oakland* ................................................................................... 10,
    145 F. 3d 1087 (9th Cir. 1998)

ii

*Wall v. Orange Co*.................................................................................................................13,
    364 F. 3d 1105 (9th Cir. 2004)

Statutory Authorities

Title 18 United States Code
§ 1621 Perjury...................................................................................................................6, 13,
§ 1622 Subornation of perjury.........................................................................................6, 13,
§ 1623 False declarations before grand jury or court.......................................................6, 13,

Federal Rules of Civil Procedure West Revised 2004 Edition
Rule 1.................................................................................................................................18,
Rule 4. Summons................................................................................................................2, 3,
Rule 5 Serving and Filing Pleadings and Other Papers..........................................................1,
Rule 5(a) Service; When Required..............................................................................1, 13, 19,
Rule 7 Pleadings Allowed; Form of Motions.................................................................1, 2, 3,
Rule 7(a) Pleading Allowed.................................................................................3, 7, 13, 17, 18,
Rule 7(b) Motions and Other Papers......................................................................................3,
Rule 7(b)(3)..................................................................................................................1, 3, 6,
Rule 7(c) Demurrers, Pleas, etc., Abolished.........................................................................3, 4,
Rule 8(b) Defenses; Form of Denial.....................................................................................7, 9,
Rule 8(d) Effect of Failure to Deny.........................................................................................9,
Rule 11.................................................................................................1, 3, 6, 7, 9, 10, 13,
Rule 12.......................................................................................................................4, 5, 16,
Rule 12(a)(1)(A)...............................................................................................................3, 16,
Rule 12(b)(5).......................................................................................................................16,
Rule 12(b)(6).......................................................................................................................16,
Rule 12(f) Motion to Strike.............................................................................1, 2, 3, 13, 17,
Rule 12(g) Consolidation of Defenses in Motion.........................................................1, 4, 17,
Rule 12(h) Waiver or Preservation of Certain Defenses................................................1, 4, 17,
Rule 16..............................................................................................................................14, 18,
Rule 26.................................................................................................................................14
Rule 38.................................................................................................................................13,
Rule 50(a).............................................................................................................................14,
Rule 55 Default.......................................................................................................................5,
Rule 55(c)...............................................................................................................................5,
Rule 56...........................................................................................................................7, 14, 17,
Rule 56(c)........................................................................................................................7, 14,
Rule 301. Presumptions in Civil Actions and Proceeding..............................................14, 18,
Rule 801.........................................................................................................................13, 18,

45.      On March 9, 2005, defendant Collins, acting in conspiracy with Wieking, did enter a prohibited

pleading in the docket at Docket No. 23, entitled "Reply in Opposition re [22], knowing that the Ninth

Circuit had just recognized the 1966 Amendment to Rule 12, "forbidding defendants from filing a

second paper", see Docket 22 at page 5-9, ¶¶ 10-12, quoting:

      10.    The Ninth Circuit removed all ambiguity relating to PREANSWER Rule 12 motion filed by
defendants, see *Association of Naturopathic Physicians v. Hayhurst, supra* 227 F. 3d 1104, quoting: 227 F. 3d
1104, 1109 (9th Cir. 2000) at [1]:

      [1] Hayhurst first argues that the district court could not exercise personal jurisdiction over him. A
fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be

raised at the first available opportunity or, if they are not, they are forever waived. *See* Fed.R.Civ.P. 12(g), (h). Rule 12(h) provides that a "defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading . . . ." *Id.* Rule 12(g) states that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . ."*Id.*

Upon learning of the default judgment against him in this case, Hayhurst on January 26, 1999, filed pro se a motion to vacate and to set aside the default judgment under Fed.R.Civ.P. 55(c). In this pleading, Hayhurst asserted the defense of improper service under Rule 12(b)(5), but did not assert the defense of lack of personal jurisdiction under Rule 12(b)(2). The Association argues that Hayhurst's motion counts as his first responsive pleading for the purposes of waiver under Rule 12. Hayhurst argues that his motion does not count for the purposes of waiver because it was filed under Rule 55 and not Rule 12. We are not persuaded by Hayhurst's interpretation.

The essence of Rule 12—embodied in the combined language of 12(g) and 12(h)—is that a party "who be motion invites the court to pass upon a threshold defense should bring forward all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably

5:04-cv-05230 PLTFS MO TO STRIKE 12(f) DKT 17; MOTION FOR RULE 11 SANCTIONS          page 5

complete job." Fed.R.Civ.P. 12 advisory committee's note, 1966 Amendment, subdivision (h). Thus, if Hayhurst raised *any* Rule 12 defenses in his first filing to the court, he was obliged to raise *all* of those specified in Rule 12(h).

The fact that Hayhurst's first filing was not dubbed a "Rule 12" motion is of no significance. The rule applies with equal effect no matter what the title of the pleading. Indeed, in *O'Brien v. R.J. O'Brien & Associates, Inc.*, 988 F. 2d 1394, 1399 (7th Cir. 1993), the Seventh Circuit held that a party had waived their defense of personal jurisdiction by not raising it in their Rule 55 motion, which was also the first filing to the court. There, the court explicitly found that the motion made pursuant to Rule 55 "was, in essence, a Rule 12 motion . . . ." *Id.* When a party does not respond to a complaint and default judgment is entered, a Rule 55 motion will very frequently be the first document filed with the court. Hayhurst's Rule 55 motion was also a "Rule 12" motion in that he raised a Rule 12 objection in it, asserting insufficiency of service of process under Rule 12(b)(5).

11.     Collins, knew, at all times relevant to his "participation in improper motion practice" with defendants SELIGMANN, CITY, GULLO, MORO and MENDEZ that he was committing "fraud on the court" by and thereby violated Rule 7(b)(3) and Rule 11, see *In re Grand Jury Proceedings*, 87 F. 3d 377 (9th Cir. 1996) and violated 18 U.S.C. §§ 1621, 1622, and 1623, the crime-fraud-exception to attorney client privilege, Rule 11 provides:

> **Title 28 U.S.C. Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**
>
> **(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.
>
> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

5:04-cv-05230 PLTFS MO TO STRIKE 12(f) DKT 17; MOTION FOR RULE 11 SANCTIONS          page 6

04-05230 FIRST AMENDED CIVIL RICO & CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL          page 20

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

**(1) How Initiated.**

**(A) By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

**(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

**(2) Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

(A) Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).

(B) Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

**(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

**(d) Inapplicability to Discovery.** Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

(As amended Apr. 28, 1983, eff. Aug. 1, 198⁵3; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993.)

12.    Collins erroneously ADVISED his clients not to file Rule 8(b) answer, thereby creating there own default pursuant to 1992 RUTTER GROUP Student Edition of Federal Civil Procedure Before

5:04-cv-05230 PLTFS MO TO STRIKE 12(f) DKT 17; MOTION FOR RULE 11 SANCTIONS          **page 7**

Trial, Chapter 6, including:

"c.    [6:196] **Culpability of defendant.** Relief from default will also be denied where it resulted from defendant's "culpable conduct." [*Falk v. Allen* (9th Cir. 1984) 739 F. 2d 461, 463; and *see Benny v. Pipes* (9th Cir. 1986) 799 F 2d 489, 494]

(1)    [6:197] **Rationale:** A defendant should not be able to cause the default and then later seek relief from it. [*Meadows v. Dominican Republic* (9th Cir. 1987) 817 F. 2d 517]

(2)    [6:198] **What constitutes "culpable" conduct:** "Culpable" does not mean evil. It means *inexcusable.* Thus, it ties into the grounds for relief discussed earlier; i.e., where "excusable neglect" is shown, defendant's failure to answer was not "culpable." Conversely, if the neglect was *inexcusable,* relief from default will be denied due to defendant's "culpable" conduct. [*See Gross v. Stereo Component Systems, Inc.* (3rd Cir. 1983) 700 F.2d 120; *In re Hammer* (9th Cir. 1991) 940 F. 2d 524, 526]

(3)    **Examples**

- [6:199] Defendant had *actual notice* of the action, but deliberately failed to defend based on erroneous advice of counsel (not itself ground for relief). Its failure to answer was "culpable" and relief from default denied. [*Meadows v. Dominican Republic, supra*]

- [6:200] State agency was unable to forward summons and complaint to Insurer because it failed to provide its correct address, as required by law. Insurer was deemed to have constructive notice of action, and its failure to provide its proper address was "culpable" conduct preventing relief from default. [*Pena v. Serguros La Comercial S.A.* (9th Cir. 1985) 770 F. 2d 811]

- [6:201] Defendant, an attorney, admitted receipt of summons and complaint but claimed that they should not have been served upon his receptionist. Relief was denied because of his "culpable" conduct in sitting idly by and not responding to the complaint. [*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.* (9th Cir. 1988) 840 F. 2d 685; *see also Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.* (7th Cir. 1991) 925 F. 2d 226, 229—"where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities" relief not warranted]

(4)    [6:202] **Ground by itself for denial:** "Culpable conduct" by defendant is ground by itself for denial of relief. It is immaterial whether defendant has a "meritorious defense," or whether plaintiff would be "prejudiced" by the granting of relief. [*Meadows v. Dominican Republic* (9th Cir. 1987) 817 F. 2d 517, 522]

5.       **[6:203] Procedure for Obtaining Relief:** A defendant seeking to set aside either the entry of default or a default judgment usually files a motion under Rules 55 and 60. The normal noticed motion procedures apply ( see *Ch. 12. Motion Practice*).

a.       **[6:204] Setting aside entry of default:** The court has considerable flexibility and may set aside the default entry "for good cause shown." [FRCP 55(c)]
The Rules do not specifically require a formal noticed hearing. As a practical matter, however, such relief is granted only after notice and hearing. [*Gray v. John Jovino Co.* (ED TN 1979) 84 FRD 46]

(1)       **[6:205] Moving papers:** In applying for relief, defendant's moving

papers should contain:

- An application to have the default entry set aside;
- Memorandum of points and authorities explaining why relief is appropriate, and the merits of the proposed defense;
- Declarations setting forth facts showing "good cause" (e.g., excusable neglect, mistake, etc.) and the merits of the proposed defense; and
- <u>Proposed answer or responsive motion containing a meritorious defense</u> (see section 6:192).

46.    On March 28, 2005 defendant JEREMY FOGEL did enter into a conspiracy with clerk "dlm" to amend "Rule 16 Trial Schedule Order, *which shall not be amended*, at Docket No. 26, knowing that he was participating in "a bribery quid pro quo" contract prohibit under 18 U.S.C. § 201. Bribery, Graft and Conflict of Interest, and is "a principal" in a RICO scheme prohibited by 18 U.S.C. § 1962. Prohibited activities, by having *ex parte communications with defendants in default.*

47.    Defendant Fogel, Wieking, Collins and ALL DEFENDANTS, knew, at all times relevant to their participation in the conspiracy to deprive plaintiffs of their First Amendment right to petition for redress of grievances, Fifth Amendment right of due process and just compensation, Seventh Amendment right to jury trial of ALL issues, and Fourteenth Amendment right of equal protection under proper proceedings at law, that Rule 301, is a Congressional command to all judges that they must accept all the plaintiff's factual allegations in complaint as true, stating the following:

> "The Court must construe all allegations contained in the complaint in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. *See Hospital Bldg. Co. v. Trustees of the Rex Hosp.,* 425 U.S. 738 (1976). Thus, no matter how improbable the alleged facts are, the Court must accept them as true for the purposes of the motion. *See Nietzke v. Williams,* 490 U.S. 319, 326-27 (1989)."

48.    On March 25, 2005, defendant district court judge Fogel, did, enter into an illegal "quid pro quo"

agreement with ALL DEFENDANTS to conduct the affairs of the district court through a pattern of

predicate acts in in furtherance of defendants scheme and target goal to injure plaintiffs persons,

property, and deprive plaintiffs of rights secured by the Constitution and Acts of Congress, violating

Rule 1, 7, 12, and 16 to act in a "complete absence of all jurisdiction" to confer with a third-party for

defendants in default, conduct committed to overthrow the Constitution of the United States

see ***Sanders v. Union Pacific Railroad Co.,*** 193 F.3d 1080, 1083, n. 2 (9th Cir. October 26, 1999).
Quoting: ***Sanders, supra,*** 193 F. 3d at 1083, n. 2:

**TASHIMA**, Circuit Judge, with whom **WARDLAW**, Circuit Judge, joins, concurring:

> I concur fully in Judge Rymer's majority opinion. I write separately to address an additional point.

> **2.** Understandably, no one objected to the law clerk presiding over the pretrial conference. At oral argument, it appeared that this was the customary manner in which Judge Ideman conducted his pretrial conferences. Whether a person who is a judicial officer may preside over a judicial proceeding in absence of all jurisdiction, however, is a jurisdictional issue. *Cf. **Mireles v. Waco,*** 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)(**a *judge* loses judicial immunity when acting "in the complete absence of all jurisdiction"**). And jurisdictional issues **cannot** be waived. (emphasis added)

49.    Defendant Fogel, knew that his "conduct" violated Rule 16, when he "staged, and presided over

the *ultra vires* procedure," falsely stating that defendant Collins "had the right: to file pre-answer

motions, knowing that to be ILLEGAL, but to "con", to threaten and intimidate "unrepresented parties"

and participate in defendant's fraud on the court, knowing that "**a judge loses judicial immunity when**

**acting 'in a complete absence of all jurisdiction', and jurisdictional issues cannot be waived.** "

Defendant Fogel knew that he could PREFORM JURY FUNCTIONS, but did put on a show, to aid and

abet defendants in their scheme to evade jury trial, evidenced by the PERJURY, subornation of perjury,

and making materially false representations of fact or law in the court, of defendant Fogel in Docket

No.28 [28] at pages 2-5, quoting:

> MR. GABOR:    All right. What I'm curious about and a little bit confuses is I'm - - the attorney for the
> Defendants filed his motions and he set a court date and a time and he's not here.

> Now, most attorneys have a schedule They follow a schedule pretty close and when they look into their
> book they see that - - they look ahead and they know exactly where they stand on this, and they are not here.

> THE COURT:    I understand that, but on a motion to dismiss -- this is not -- this is not a trial. It's not a motion for
> summary judgment.

It actually is appropriate and possible under the Rules of Court to submit a motion to the Court without oral argument.    In other words, oral argument is a discretionary matter for the Court.  In fact, in this type of motion sometimes I don't even have

3

PETER TORREANO, CSR 7623

oral argument.  It's usually submitted on the written papers and that's what counsel chose to do.

Now, I agree with you, Mr. Gabor, that counsel shouldn't have set a hearing date and been in trial on the hearing date.  I find that somewhat unusual to be quite candid about it. **But it is as right that he has**, it is a right that you have, that is – it's what's called a non-dispositive motion that it can be submitted on the papers.

**So there's nothing illegal about what counsel did.  It is a bit odd.**

MR. GABOR:  There's another question I have for the Court.

THE COURT:  Yes, sir?

MR. GABOR:  **And I'd like to bring it up.  Under Rule 12 Defendant made a pre-anwser.**

THE COURT:  **They are allowed to file a motion.**

MR. GABOR:  A motion, correct, sir.

THE COURT:  Under 12(b)(6) they –

MR. GABOR:  12(b)(6).

THE COURT:  **That qualified as a responsive pleading to your complaint and that's**

4

PETER TORREANO, CSR 7623

**what they did.**

MR. GABOR:  **But he made a pre-answer.  In other words, I filed a motion, I filed a complaint, and I never received an answer.**

THE COURT:    **Well, what they are entitled to do before they answer is they are entitled to test the sufficiency of the complaint and that's what a motion under 12(b)(6) is.  There are other sections of Rule 12 that cover lack of jurisdiction, things of that sort.**

**This is a motion based on a claim that you did not state a claim upon which relief could be granted.  That's what 12(b)(6) is.  And a Defendant is entitled to file that motion before answering and that's what they did.  If I deny their motion, if I refuse to dismiss the case, then they are going to have to file an answer, but they are entitled to file this motion before that time.**

MR. GABOR:  That's why I'm standing here in court.  I should be in bed.  I'm suffering from pneumonia and I got

up to come to this courtroom, and I still argue that a pre-answer if not an answer –

THE COURT:  **It's not an answer.**

5

PETER TORREANO, CSR 7623

50.    Defendant Fogel knew, at all times relevant to his false representation of facts and law, that

Defendants, and defendant Collin were "forbidden" from "scheduling the court, ordering a district court

judge to schedule hearing to harass Plaintiffs under his conspiracy with defendants to re-write Federal

Rules of Civil Procedure, overturn the United States Supreme Court, and overturn the Ninth Circuit.

Rule 16 was amended on 1993, and defendant Fogel, a "federal employee" shall perform his "duties and

obligations to the United States, and not to his "quid pro quo" bribery contract with defendants, see

The 1993 Amendment to Rule 16, in pertinent part, provides:

### 1993 Amendment

**Subdivision(b).**  One purpose of this amendment is to provide a more appropriate <u>deadline</u> for the initial scheduling order <u>required by the rule.</u> The former rule directed that the order be entered within 120 days from the filing of the complaint.  This requirement has created problems because Rule 4(m) allows 120 days for service and ordinarily at least <u>one defendant should be available to participate in the process of formulating the scheduling order.</u>

The revision provides that the order is to be entered <u>90 days after the date a defendant first appears</u> (whether by answer or by motion under Rule 12) or, if earlier (as may occur in some actions against the United States or if service is waived under Rule 4), within 120 days after service of the complaint on a defendant.  <u>The longer time provided by the revision is not intended to encourage unnecessary delays in entering the scheduling order.</u>  Indeed, in most cases the order can and should be entered at a much earlier date.  <u>Rather, the additional time is intended to alleviate problems in multi-defendant cases and should ordinarily be adequate to enable participation by all defendants initially named in the action.</u>

51.    Defendant Fogel and defendant UNITED STATES OF AMERICA (hereinafter "USA")

"guaranteed plaintiffs an ANSWER", guaranteed plaintiff a honest Article III judicial officer, and even

after the Ninth Circuit reprimanded the judges in the San Jose Division, they arrogance, and corruption

continues, and they "conspire to deprive citizens of rights secured by the Constitution and Acts of

Congress, to provide "kickbacks" to their friends and co-conspirators, see *Galbraith v. County of Santa*

*Clara, supra* at [2]:

[2] In 1993, two years after ***Branch I***, however, the Supreme Court decided ***Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,*** 507 U.S. 163 (1993).  There,

the Court held that the courts could not impose a heightened standard on plaintiffs alleging section 1983 claims against municipalities. *Id.* at 164. Rather, the Court explained that Rules 8(a)(2) of the Federal Rules of Civil Procedure, which requires a complaint to include only "a short and plain statement of the claim,: controlled, absent an express exception as articulated in Rule 9(b). *Id.* at 168. The Court said any additional pleading requirements may be added by changing the Rules but not by judicial intervention:

> Perhaps if Rules 8 and 9 were rewritten today, claims against municipalities under section 1983 might be subjected to the added specificity requirement of Rule 9(b). But that is a result which must be obtained by the process of amending the Federal Rules, and not by judicial interpretation. In the absence of such an amendment, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

*Id.* at 168-69.

52.     Defendant USA and defendant Fogel, knew that defendants are permit ONE DOCUMENT under Rule 12, since 1966, NOT THE MULTITUDE of Rule 12 motions that defendant Fogel gave his co-defendants as "A RIGHT" in Transcript [28], the Ninth Circuit recently acknowledged the 1966 Amendment to Rule 12, requiring "default judgments" for failure to timely file answer within the time statutorily prescribed by Rule 4 and Rule 12(a)(1)(A), see ***American Association of Naturopathic Physicians v. Hayhurst, supra***, 227 F. 3d at 1106-1107:

II.

[1] Hayhurst first argues that the district court could not exercise personal jurisdiction over him. A fundamental tenet of the Federal Rule of Civil Procedure is that certain defenses under Fed.R.Civ.P. 12 must be raised at the first opportunity or, if they are not, they are forever waived. *See* Fed.R.Civ.P. 12(g), (h). Rule 12(h) provides that a "defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading . . . ." *Id.* Rule 12(g) states that "[i]f a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . . ." *Id.*

Upon learning of the default judgment against him in this case, Hayhurst on January 26, 1999, file pro se a motion to vacate and to set aside the default judgment under Fed.R.Civ.P. 55(c). In this pleading, Hayhurst asserted the defense of improper service under Rule 12(b)(5), but did not assert the defense of lack of personal jurisdiction under Rule 12(b)(2). The Association argues that Hayhurst's motion counts as his first responsive pleading for the purposes of waiver under Rule 12. Hayhurst argues that his motion does not count for the purposes of waiver because it was filed under Rule 55 and not Rule 12. We are not persuaded by Hayhurst's interpret-ation.

The essence of Rule 12—embodied in the combined language of 12(g) and 12(h)—is that a party "who be motion invites the court to pass upon a threshold defense should bring forward

all the specified defenses [personal jurisdiction, improper venue, insufficient process, or insufficient service] he then has and thus allow the court to do a reasonably complete job." Fed.R.Civ.P. 12 advisory committee's note, 1966 Amendment, subdivision (h). Thus, if Hayhurst raised *any* Rule 12 defenses in his first filing to the court, he was obliged to raise *all* of those specified in Rule 12(h).

The fact that Hayhurst's first filing was not dubbed a "Rule 12" motion is of no significance. The rule applies with equal effect no matter what is the title of the pleading. Indeed, in *O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F. 2d 1394, 1399 (7th Cir. 1993), the Seventh Circuit held that a party had waived their defense of personal jurisdiction by not raising it in their Rule 55 motion, which was also the first filing to the court. There, the court explicitly found that the motion made pursuant to Rule 55 "was, in essence, a Rule 12 motion . . . ." *Id.* When a party does not respond to a complaint and default judgment is entered, a Rule 55 motion will very frequently be the first document filed with the court. Hayhurst's Rule 55 motion was also a "Rule 12" motion in that he raised a Rule 12 objection in it, asserting insufficiency of service of process under Rule 12(b)(5).

53.    Defendant USA and defendant Fogel, knew, that district court judges CANNOT weigh evidence and dismiss complaints after the Ninth Circuit rebuked district judge Vaughn Wagner, now presiding judge in the San Jose Division for his "abuse of a pro se litigant," by unlawfully performing JURY FUNCTIONS and relieving defendants of their "burden to file answer" Rule 8(b) within the time prescribed by Rules 4 or 12(a)(1)(A), and did overrule "existing Federal Rules of Civil Procedure", knowing that judges are prohibited from "weighing evidence" or making "factual determinations that plaintiff failed to state a claim upon which relief can be granted", see *Leslie v. Grupo ICA,* 198 F. 3d 1152 (9th Cir. 1999); *see also Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L. Ed. 2d 202 (1986) at headnote 14, quoting:

> **"14. Federal Civil Procedure  2470.2**
> Credibility determinations, weighing of evidence, and drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether his ruling is on motion for summary judgment or for directed verdict; evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. Fed. Rules Civ. Proc. Rules 50(a), 56(c), 28 U.S.C.A.

54.    Defendants USA, Fogel, Wieking, and WITNESS Vaughn Wagner will be held to ANSWER and all claims against all defendants will to tried by the JURY as guaranteed by defendant USA, and Rule 38, see Ninth Circuit, *Leslie v Grupo ICA, supra:*

In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 , 250 (1986), the Supreme Court explained that "the inquiry performed [at summary judgment] is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." The Court explained, however, that **"[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge,** whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

55.    Defendant Fogel, acting in conspiracy with defendant Collins, and in return for his "quid pro quo bribery contract" , did meet, conspire and agree to participate in violations of the 1993 Amendment to Rule 16, and threaten and intimidate plaintiffs and ORDER plaintiff to amend their complaint to meet and "heightened pleading standard" for which the district court was rebuked for using in *Galbraith, supra,* knowing that the :wasteful activities would UNLAWFULLY USE THE FACILITY and cause delay and expense to plaintiffs in violation of 28 U.S.C. § 1927, when clearly established law, on point existed, see *Waters v. Young,* 100 F. 3d 1437 (9th Cir. 1996) at headnotes 6, 7 and 8, which provide:

### 6. Federal Civil Procedure 2121.1
When motion for judgment as a matter of law fails to identify the deficiencies in nonmovant's proof, trial court may not rule on the motion until it first apprises nonmovant of materiality of the dispositive facts and this requirement is a necessary and integral part of the motion, insofar as a motion is intended to assure responding party an opportunity to cure any deficiency in that party's proof and that opportunity is rendered meaningless if responsive party is not informed of dispositive facts on which it must introduce evidence. Fed. Rules Civ. Proc. Rules 50, 50 note, 28 U.S.C.A.

### 7. Federal Civil Procedure 2121.1
Relative expertise of a party cannot excuse district court from its duties to apprise nonmovant of deficiencies in its proof and to give nonmovant opportunity to present further evidence on the dispositive facts under federal rule governing judgment as a matter of law; extent of party's legal expertise is irrelevant for purposes of the rule because rule applies in all cases, including those in which parties are represented by highly qualified counsel. Fed. Rules Civ. Proc. Rule 50, 28 U.S.C.A.

### 8. Federal Civil Procedure 2121.1
Under federal rule governing judgment as a matter of law, district courts must apprise parties of the deficiencies in their proof and give them opportunity to present further evidence on the dispositive facts before granting judgment as a matter of law against them and compliance with the rule's duties is mandatory in all cases and it is a particularly important requirement in the case of pro se litigants. Fed. Rules Civ. Proc. Rule 50, 28 U.S.C.A.

56.    Defendants, ALL DEFENDANTS, knew that plaintiffs factual allegations MUST BE

ACCEPTED AS TRUE, and that ALL DEFENDANTS were IN DEFAULT, and subject to Rule 8(d)

Effect of Failure to Deny, and that they, ALL DEFENDANTS had waived all objections and defenses

available to them pursuant to the 1966 Amendment to Rule 12, and "forbidden" from filing any,

motions, pleadings, or other papers presenting any defense of objections available to them, but not in

their ORIGINAL ANSWER, pursuant to Rule 12(a)(1)(A) which required that ANSWER BE FILED

WITHIN 20 days or DEFAULT JUDGEMENT WILL BE ENTERED AGAINST YOY FOR THE

RELIEF DEMANDED IN THE COMPLAINT, defendant Fogel forcing plaintiffs to file a FIRST

AMENDED COMPLAINT violated plaintiff's "guaranteed right to an ANSWER and DEFAULT

JUDGMENT for the relief demanded in the complaint, for which no immunity can exist.

57.    ALL DEFENDANTS are have admitted all plaintiff's factual allegations in original complaint

and waived all defense and objections available to them prior to the conspiracy to "bribe" defendant

Fogel in furtherance of their scheme and target goal to injure plaintiffs in their persons, property, and

business, which presents a claim for which the jury can award injunctive relief and threefold damages

pursuant to the civil remedies 18 U.S.C. §§ 1964(a) and (c), are hereby incorporated in its entirety with

EXHIBITS attached hereto and served herewith, as follows:

John Gabor sui juris
Kay Gabor sui juris
590 Smokey Court
Campbell, Ca. 95008
Ph. (408) 378-4326
*****************
In Their Own Steads

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

John Gabor                                    Case No._____
Kay Gabor                                     DEMAND TRIAL BY JURY

                                              TITLE 42 CIVIL COMPLAINT

                                              JUDICIAL NOTICE REQUESTED
Plaintiffs

v.

WILLIAM R. SELIGMANN; et al
in his official and individual capacity
CITY OF CAMPBELL; a municipal
corporation; CAMPBELL POLICE
CHIEF, DAVID GULLO in his
official and individual capacity.
CAMPBELL POLICE OFFICERS
GRACE MORO & DAVID MENDEZ
in their official and individual capacity's;
SILICON VALLEY HUMANE SOCIETY
a private corporation; HUMANE
SOCIETY PRESIDENT, CHRISTINE
BENNINGER in her official and
individual capacity; TRACY ACRES in her
individual capacity; DOE DEFENDANTS,
1 THROUGH 50

JURISDICTION: TITLE 42 USC 1981
1983, 1985, 1986: TITLE 18 USC
241, 242; 1951 (a) (b) (1) (2) (3)
TITLE 18 USC 43,1621,1623, 1962,
TITLE 7 USC 2131, TITLE 28 USC
1331: FIRST, FOURTH, FIFTH
EIGHTH, FOURTEENTH
AMENDMENTS TO THE
CONSTITUTION FOR THE
UNITED STATES

Time:_____
Date:_____
Place:_____

Defendants

---

# I.  TITLE 42 CIVIL COMPLAINT FOR DAMAGES
## DEMAND TRIAL BY JURY

## TABLE OF CONTENTS

| Title | Page |
|---|---|
| **I.  Title 42 Complaint for Damages, Demand Trial by Jury** | 1 |
| Table of Contents | 2 |
| Introduction | 3 |
| Jurisdiction | 3 |
| Venue | 3 |
| Plaintiffs | 4 |
| Defendants | 4 |
| Background of Action | 4 |
| Summary of the Instant Case at the Bar | 5 to 17 |
| Causes of Action; Key Related Defendants with Specific Causes | 17 |
| Count 1 | 17 |
| Count 2 | 18 |
| Count 3 | 19Count 4 |
| 20 | |
| Count 5 | 20 |
| Count 6 | 22 |
| Count 7 | 24 |
| Count 8 | 24 |

Count 9                                                25
Count 10                                               26
Count 11                                               26
Count 12                                               27
Count 13                                               28
Count 14                                               29
Count 15,  Accounting                                  29
Compensatory Damage                                        30
Prayer for Relief                                          30
Jury Demand                                                31
Codicil                                                    31
Synopsis                                                   32
Certification

**II.  Points and Authorities Supporting  Plaintiffs Allegations   [ 6 Pages ]**

**III.  Exihibits   [ 66 Pages ]**

# I.  TITLE 42 CIVIL COMPLAINT FOR DAMAGES
## DEMAND TRIAL BY JURY
### INTRODUCTION:

**Rule 38: Jury trial of right (a) Right preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by statue of the United States shall be preserved to the parties.

**Baldwin County Welcome Center  v. Brown 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751. Rule 8(f)** provides that " pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction.

### JURISDICTION

1.      **The Federal Court has Jurisdiction** established by **Title 28 USC 1343(a).** The District Courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person. The counts arise out of **Title 42, USC 1985 (1)** To recover for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, Arising  by reason of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth and Fourteenth Amendments to the US  Constitution for the United States and by virtue of  Title 18 U.S. Code.  241 - 242. 1621, 1623, 1962; Title 28, USC 1331, RICO. PLAINTIFFS  claims arise pursuant to the Constitution and  Title 42 U.S. Code, 1981 1983, 1985, 1986  Referred to as a "TAKING" of property by city.

### VENUE

2.       To the best of plaintiffs information and belief all parties to this action reside in the State of California and Santa Clara County within the Jurisdictional District of this Court. Plaintiffs John Gabor and Kay Gabor claims arose initially in Santa Clara County which is within the Judicial District of this Court.

### PLAINTIFFS

3.       Plaintiffs John Gabor and Kay Gabor are citizens and residents of the United States of America and of the State of California and over the age of eighteen (18) years. John Gabor and Kay Gabor are currently residents of Santa Clara County, California.

### DEFENDANTS

4.       Defendants in this case in fact are employees of City municipalities, officers of  various

charitable organizations operation under contract with the State of California, natural citizens who conjoined or conspired to work under color of law for the above named officers or charitable corporations.

5.     ALL Defendants named in the above captioned matter were willfully involved as joint participants in the unlawful conduct herein alleged. At all times pertinent hereto all Defendants were either holding Public Offices of Trust, Honor and Profits, or officers and employees of certain charitable agencies and private clubs corporations known as Silicon Valley Humane Society. The joint action of these groups constitutes a corrupt <u>conspiracy</u> or joint conduct that was undertaken under color of law for no good cause showing

## BACKGROUND OF ACTION

6.     In State court Case No. C9886574 and No. C9927216, unlawful use of labeling and invasion of property rights by City of Campbell (DEFENDANT) City Attorney  William R. Seligmann (DEFENDANT and  Silicon Valley Humane Society (DEFENDANT) This continuing case has been before the Santa Clara Superior Court since **June 30, 1998 with 60 court appearances costing defendants $67,000. attorney fees.** Refer to Docket **<u>< exhibit 3 ></u> <u>6- 30-98 to 12-12- 03 include. Document tracking  1-26-04 to 11-15-04.</u>**

7.     **ONGOING attacks by being Singled Out and Selectively Prosecuted** for city municipal codes by third party Campbell City attorney William R. Seligmann - SBN 108129 (DEFENDANT)  continued  filing duplicated (26 ) criminal misdemeanors charges for city codes MC 7.20.010 and MC 21.08.040. He increased charges, changed charges, added repeated charges from 1998 until  Jan. 24,  2000 when pre trial started   VIOLATING... **4th, 5th, 6th, 8th, 14th Amendments of the Constitution for the United States!**
**Article 1 .Section 1, of the Constitution of the State of California;**
    **"All people are by nature free and independent and have inalienable rights.  Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."**

## SUMMARY OF THE INSTANT CASE AT THE BAR:

8.     Kay Gabor has  <u>occasionally</u> sold puppies (personal property) from 3 homes in Campbell since 1964 <u>like millions of United States Citizens have been and still are doing without interference from corrupt cities.</u> see **<u>< exhibit  4 > BUSINESS, Home Businesses &</u> advertising  on E -Bay, Hewlett / Packard beginning in a garage on private property.** <u>Kay Gabor does not breed puppies only sells choice of litter from home.</u> Kay Gabor  occasionally rescues pups and find homes for them only recovering costs. Kay Gabor has dedicated her life to the care of pups. Never had a complaint from a neighbor. City of Campbell (DEFENDANT) has never produced a victim. The only victim is Kay Gabor.

9.     **April 29, 1998,** a fire mysteriously broke out in a small building in the back of our home. Gabor's believe but cannot prove the Silicon Valley Humane Society (DEFENDANT) set the fire from witnesses that saw a man running from back of our property. Before the small  building fire was extinguished  by local fire department an  employee of the Silicon Valley Humane Society (DEFENDANT)  acting as an <u>agent</u> for same attempted to enter Gabor's property to commit theft of  puppies. He was ordered off the property or be thrown off  by John Gabor.

10.     Two Campbell Police officers acting as <u>agents</u> for City of Campbell, (DEFENDANT) "used this incident to gain <u>illegal entry</u> into the residence, holding all occupants hostage by <u>taking possession</u> of property in violation of the US Constitution. Campbell police officer David Mendez (DEFENDANT) <u>forced</u> his way into Gabor's home, <u>searching it without a search warrant.</u> Officer Mendez (DEFENDANT) arrested  Kay Gabor never naming or producing a victim by writing Kay Gabor a traffic ticket <u>< exhibit 5 ></u> No. A 270231 at 11:45 PM in her

home for committing a public crime on private property for breeding more than 1 litter a year in her home .Kay Gabor's had two grown dogs that could not breed and informed the officer that no dogs are ever breed on the property. Campbell Police violated; **4th Amendment of the US Constitution and Article 1 Sec. 13 of the Calif. Constitution.**

Footnotes: _____

**Camara v. Municipal Court, 387 US 523, 18 L.ed.2d 930, 87 S.Ct. 1727:** The basic purpose of the Fourth Amendment is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials; The guaranty against unreasonable searches and seizures contained in the Fourth Amendment is applicable to the states by reason of the due process clause of the Fourteenth Amendment.

**See v. City of Seattle, 387 U.S. 541, 18 L. ed 2d 943, 87 S. Ct. 1737 (1967)** quoting: On Fourth Amendment forbids warrant-less inspections of commercial structures as well as of private residences.

**Carrera v. Bertaini, 63 C.A. 3d 721; 134 Cal. Rptr. 14**: There are no fishing expeditions to seize property that is not reported stolen.

11.     City of Campbell, City Attorney William R. Seligmann (DEFENDANT) and Silicon Valley Humane Society (DEFENDANT) conspired by having employees and volunteers acting as agents sending terrorist spies to cause trouble to Gabor's. Some of **them bought pups using worthless forged checks to commit theft of pups.**

**Theft of a Dog; Calif. Penal Code, 487e.** Every person who feloniously steals, takes, or carries away a dog of another which is of a value exceeding four hundred dollars ($400) is guilty of grand theft

.12.     **Title 18 US Code Sec 241 Conspiracy against rights** *"To go in disguise on premises of another with intent to prevent, hinder, his free exercise or rights enjoyment of any right or privilege so secured by the Constitution of the United States, they shall be fined not more than $10,000 or imprisoned not more ten years, or both."*

**Title 18 US Code Sec. 242. Deprivation of rights under color of law.**

13.     **Title 18 US Code Sec. 242. Deprivation of rights** " *under color of law.*

*Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both;*

14.     **May 19, 1998** original traffic ticket was voided by police clerk acting as an agent for City of Campbell, and Campbell Police Chief David Gullo ( DEFENDANTS) and added charges City Municipal Code 5.01.050. Operating a Business without a Permit.  City Municipal Code 7.20.020. Operating a commercial kennel without a permit. **< exhibit 6 >** Both alleged charges were false as Kay Gabor didn't violate either of these. Kay Gabor was ordered into Superior Court facing **criminal misdemeanors .**

15.     **June 30, 1998**  Acting as a district Attorney for Santa Clara County, Campbell City third party attorney William R. Seligmann ( DEFENDANT) signaled out and selectively prosecuted Kay Gabor. She was arraigned in criminal court "pleading not guilty to all charges" and ordered by Superior Court Judge Thang Nguyen Barrett to find an attorney denying her right to speak or defend herself in his court. Violating the **First and Sixth Amendment to the US Constitution.**

16.     **On July 10, 1998** Judge Sandra Faithful a substitute Judge, for assigned Judge

Thang Nguyen Barrett erred by denying Kay Gabor's filed **Motion to Suppress C.P.C. 1538.5,** for illegal search on April 29, 1998 by Campbell police officers.

**People v. Robles No. G020041 Calif. Court of Appeals, Fourth District, Division Three Filed June 10, 1998.** Warrant less search of defendants garage -- the court suppressed the evidence, (car).

**U.S. v. Hotal, 143 F. 3d 1223 (9th Cir. 1998).** Plain-view doctrine does not apply unless the initial entry is lawful pursuant to a valid search warrant.

17.    **Nov. 24, 1998,** Campbell City attorney William R. Seligmann, (DEFENDANT) documented in a threatening letter, the Silicon Valley Humane Society (DEFENDANT) a private corporation has sent information that Kay was selling puppies from her residence between April 30, 1998 and Sept. 14, 1998. **< exhibit 7 > Title 18 USC 241 and 242, Conspiracy & Deprivation against rights, see par 12 &13.** As a result of this information he is filing additional charges against John and Kay Gabor for violating the same Municipal City Codes.

18.    **Apr. 30, 1999,** John and Kay Gabor were "Arrested" and charged with additional duplicated City Municipal Codes. **< exhibit 3 - pages 5 - 6 & exhibit 8 pages 1 - 2 > Title 42 USC 1983 & 1985 (2) (3)** Judge Thomas Wm. Cain signed the warrant. Bail was set at eight thousand dollars each, John and Kay Gabor were ordered to appear at the City of Campbell Police Department to sign the warrant, or go to jail. Kay was charged with 10 counts of City Municipal Codes misdemeanor's. John was charged with 12 counts of City Municipal Codes, misdemeanor's, bring the total to 26 duplicated Criminal Misdemeanors. There are perjured signed statements from Police Officer, David Mendez, acting as an agent for City of Campbell (DEFENDANTS). Marcia Mayeda, Director of Animal Services acting as an agent for Silicon Valley Humane Society (DEFENDANT) & Gloria Sciara, Planning employee, acting as an agent for City of Campbell (DEFENDANT). Both wrote and signed under penalty of perjury declarations in support of arrest warrant against John and Kay Gabor.

19.    Duplicated charges are City Municipal Code 7.20.010, Permit required:

No person shall keep a pet shop, commercial kennel, private kennel, pet grooming parlor, animal menagerie, animal shelter, or horse establishment without first obtaining a permit. **Random House Dictionary, Kennel,** Establishment where dogs or cats are bred, trained or boarded. **"Kay Gabor never has or had a Kennel in her home."**

20.    Duplicated City Municipal Code, 21.08.040: The following uses shall be prohibited in the R1 district: Commercial and Industrial use, Storage of commercial vehicles, Storage of supplies and materials, lumber, metal and junk. Kay Gabor has violated neither of these unintelligible manufactured codes, not legislative laws.

**Blacks Law Dictionary Property,** within Constitutional protection, denotes group of rights inhering in citizen's relation to physical thing , as right to possess, use and dispose of it. Ownership, The exclusive right of possessing, enjoying, and disposing of a thing.

21.    **Oct. 1, 1999,** In Judge Robert L. Ambrose court our Attorney Art Lipton argued and the court ignored him as the City of Campbell attorney William R. Seligmann (DEFENDANT) is in violation of "Double Jeopardy" (**A Fifth Amendment guarantee, enforceable against States that protects against second prosecution for the same offense after acquittal or conviction and against multiple punishments for the same offense.** Also a law in California Penal Code **PC 1387.**) Multiple charges for the same alleged offense was used by the Campbell City Attorney William R. Seligmann (DEFENDANT) to **enhance** his case.

22.    **Pre Trial: Judge failed to uphold and protect the inalienable rights of Gabor's by**

allowing a <u>non</u> district attorney to prosecute a City Municipal Code in the State Superior Court. see.... <u>**People v. Parmar**</u>, supra, 86 Cal. App. 4th 781, 797-98 page 00 .........DISCUSSION....

23.     The prosecutor function is an executive branch function, and the prosecutions independence is founded in part on the principle of separation of powers. **(People v. Birks, supra, 19 Cal. 4th at p. 134.)** A prosecutor is not required to be wholly independent of executive branch influences.....**(See... Sundance v. Municipal Court (1986) 42 Cal. 3d 1101, 1132, 1134 [232 Cal. Rptr. 814, 729 P. 2d 80].)** <u>While the Constitution requires each county to have a district attorney who serves as a public prosecutor</u> cont. (Cal. Const., art. XI. ßß 1, subd. (b), 4, subd. (c); Gov. Code, ß 26500)....<u>The district attorney is a county officer (Gov. Code, ß 25300.) (Cal. Const., art. XI, ßß 1, subd. (b), 4, subd. (f); Gov. Code, ß 25300.) The district attorneys office is funded with county funds pursuant to the county budget established by the board of supervisors, and, except as otherwise provided by law, is limited in the making of expenditures or incurring of liabilities to the amount of appropriations allowed by the budget. (Gov. Code, ß 29120.)</u>

24.     **Pre trial began on Jan. 24, 2000.** Defense Attorney Art Lipton (SBN-74710) advised Kay and John Gabor they would be convicted by a Santa Clara County jury as Judge Thang Nguyen Barrett had complete <u>control of jury.</u> Attorney Lipton, advised Gabor's to except a judge trial with a <u>guarantee</u> from Judge Barrett and third party Campbell City attorney William R. Seligmann (DEFENDANT) if convicted by the judge would guarantee an appeal to the Sixth Appellate and the State Supreme Court. At the trial attorney Lipton reads into the record our rights to appeal that was agreed by Judge and city attorney, William R. Seligmann (DEFENDANT). **.. Refer to < exhibit 9 >taken from the Court transcript, Pre Trial January 24, 2000.** All witnesses used against Gabor's were witnesses / agents working with / for the Silicon Valley Humane Society (DEFENDANT) known as animal rights terrorists. **Title # 241 and 42, Conspiracy & Deprivation against rights.... see par 12 & 13.**

25.     **February 7, 2000,** Kay Gabor was found guilty by Superior court Judge Thang N. Barrett and he rendered judgment following a court trial Docket No. C9886574 finding Kay Gabor guilty of Counts 1 & 2, Docket C9927216. Judge Barrett found Kay Gabor guilty of Counts, Docket C99272, 16, 13, 14, 15, 16, 19 & 20. On the same date, time for sentencing being waived, Kay Gabor was placed on <u>three years court probation.</u>

26.     **Filed to County Appellate Department:** Petitioner appealed the decision of violation of city codes, criminal misdemeanor convictions to the Santa Clara County Appellate Department. Gabor's were denied the right to take it to a higher court of appeals on Jan. 12, 2001. Gabor's filed a request to the same court for written opinion and alternate certification to the court of appeals was also denied on May 7, 2001 by Superior Court Judges Kevin J. Murphy, Ray E. Cunningham and C. Randall Schneider. **Refer to < exhibit 13 >** Gabor's realized there is no way they would receive a fair hearing in the <u>Corrupt Santa Clara Superior Court</u> from any judge. Gabor's were duped and deceived to have a judge trial by Judge Thang N. Barrett and Campbell City attorney William R. Seligmann (DEFENDANT).

27.     **Dec. 20, 2002,** William R. Seligmann (DEFENDANT) <u>acting as a State of California probation officer</u> had Gabor's served with summons to court with a motion to **<u>Revoke or Modify Probation</u> as a continued ONGOING assault against Gabor's**

28.     Private prosecutions are prohibited by law and Gabor's suffered prejudice and invasion of privacy because of Federal and State violations incurred by City Attorney William R. Seligmann (DEFENDANT) responsible for sending animal extremists witnesses to enter

property posing as buyers. ( See Title 18 U S Codes 241-242  Conspiracy & Deprivation against rights....see par, 12 & 13
Footnote _____
Esmail v. Macrane, 53 F. 3d 176 (7th Cir. 1995) Grace Olech v Village of Willowbrook, et. al. U.S. 7th Circuit Court  160 F. 3d 386 (7th Cir.1998) .This is progress in the law! For the 2nd time (the first being Esmail v. Macrane, 53 F. 3d 176 (7th Cir. 1995) that this court and city has held that being **"OUT TO GET YOU"** is  actionable against a government. The case explains the equal protection clause provides a remedy when "a powerful public official picked on a person out of **sheer vindictiveness. in the Gabor case it is the City of Campbell third party Attorney William R. Seligmann..**

29.    Campbell Police Chief, David Gullo ( DEFENDANT) ordered Campbell  police officer Grace Moro Badge - 29 (DEFENDANT) to enter Gabor's home without a search warrant / with a wire to tape conversation unknowingly to Kay Gabor. Officer was posing  as a buyer never identifying herself as police.
30.    **Testimony of Campbell Police Officer Moro:** Court transcript Sept. 26, 2003 **< exhibit 10 >** Grace Moro police officer on direct exam, starting on **page 45 to page 49** admitted she is a Campbell Police officer for over 10 years. Under cross exam by new defense Attorney Nancy V. Powell  ( S.B.N. 67186)
    Q.   Ms. Moro, did you identify yourself as a police officer when you entered home?
    A.   **No.**
    Q.   Did you at any time identify yourself to Mrs. Gabor as a police officer, either from the first conversation, to the time you left the home with the instruction sheet?
    A.   **No, I did not**
    Q.   Did you have a warrant to go into her home?
    A.   **No, I did not.**
    Ms. Powell. I have no further questions.
Footnote _____
**(a) U.S. v. Gantt** Cite 1999 DAR 1067 NO. 98-50171 U.S.  Court of Appeals. 9th Circuit. Officers must present complete copy of search warrant to person present at property to be searched. **Overton v. Ohio, 151 L.Ed 2d 317 (October 2001):**
This officer violated the **4th  Amendment to the US Constitution and Article 1 Sec. 13 of the Calif. Constitution.** also **People v. Woods  No A076543 Calif. Court of Appeal, Division Three filed Feb. 3, 1998** Officer cannot enter residence to determine whether individual is violating probation.
31.    **Kay Gabor Judged Guilty of Violating Court Probation:** see **<exhibit 3>** **page 15. December 12, 2003.** After a 3 day hearing conducted over 2 months with wasted court appearances costing Kay Gabor additional Attorney Fees. Judge Arthur Bocanegra sentenced Kay Gabor age 65 to 150 hours of community service, fined  $1,110, extending  court probation to Feb. 2005. Judge Arthur Bocanegra lacked jurisdiction to revoke an order issued by Superior Court Judge Thang Nguyen Barrett ignoring state court decisions to violate court probation of Kay Gabor pursuant to **California Constitution, Article VI, Section 4,** jurisdictional cannot be waived and the conviction is VOID as a violation of the **Due Process Clause of the Fifth and Fourteenth Amendment to the Constitution for the United States.** Judge Arthur Bocanegra did not rule against Judge Barrett and kept face with the corrupt Santa Clara County Court by remaining politically correct. "No judge will rule against another judge in the same court." In the

Gabor case someone had to be sacrificed to appease the court, city and animal extremists. Superior Court Judge Arthur Bocanegra declaring Kay Gabor guilty of court probation. Ignoring.... **In re Ellison, supra 111 Cal. App. 4th at 1366:** under controlling law;.......
**DISCUSSION        (a)  A superior court is but** <u>one</u> **tribunal, even if it be composed of numerous departments . . . . An order made in one department during the progress of a cause can neither be ignored nor overlooked in another department, . . . [Citations.] This is because the state Constitution, article VI, section 4 vests jurisdiction in the court, . . . . whether sitting separately or together, the judges hold but one and the same** <u>court</u>  **(Silverman v. Superior Court (1988) 203 Cal. App. 3d 145, 150-151 [249 Cal. Rptr. 724] . .  One department of the superior court cannot enjoin, restrain, or otherwise interfere with the judicial act of another department of the superior court** (Id.. at p. 151.)

        The first department <u>"to assume and exercise jurisdiction over a matter acquires</u> <u>exclusive jurisdiction.</u> ( Ibid.) <u>A judgment rendered in one department of the superior</u> <u>court is binding on that matter upon all other departments until such time as the judgment</u> <u>is overturned.</u> (I bid.) <u>(People v. Madrigal (1995) 37 Cal. App. 4th 791, 796 [43 Cal. Rptr. 2d</u> <u>498]; accord, Williams v. Superior Court (1939) 14 Cal. 2d 656, 662 [96 P. 2d 334] In re</u> <u>Kowalski (1971) 21 Cal. App. 3d 67, 70 [98 Cal. Rptr. 444].) (Emphasis added.)</u>
32.     **Kay Gabor filed a notice to appeal the decision** of Superior Court Judge Arthur Bocanegra the County Superior Appellate Department on January 5, 2004 to have the matter transferred to the State Sixth Appellate Court. Gabor's motion was ignored and Gabor was assigned an appeals attorney, Thomas V. Orvis by the Santa Clara County Appellate Department. Kay Gabor's funds were exhausted as she is declared indigent. Attorney Orvis, refused to defend Gabor telling Gabor she had nothing to appeal. Attorney Orvis filed a **damaging** brief to Kay Gabor's appeal on April 14, 2004 documenting the case and **discredited** any motions Gabor presented him to act on as a defending attorney. Including **US Constitution, State of Calif. Constitution and Calif. penal code violations.** In his brief Attorney Orvis brief quoted case, **"People v. Wende," supra., (1979) 25 C 3rd 436**

        *"This Court is required to conduct a review of the entire record whenever appointed counsel submits a brief that raises no specific issues. Counsel hereby requests that such a review be conducted."*
33.     On April 16, 2004  Kay Gabor filed a brief challenging the **jurisdiction** of the Superior Court and City of Campbell (DEFENDANT) and City Attorney William R. Seligmann (DEFENDANT) to enforce codes on her private dwelling area.
34.     **CHALLENGE THE JURISDICTION, CITY OF CAMPBELL:** Defendant Kay Gabor has never violated any legislative laws, as the City of Campbell cannot impose city codes on private owned property or has never provided information on the following:
        a. The history and intent of codes CMC 7.20.010 and CMC 21.08.040, next page
        b.  Process by which these codes became law in a new incorporated municipality, City of Campbell.
        c.  The scope of authority of such code enforcers and their supervisors.
        d.  Substantiation, verification and documentation of jurisdictional authority over private dwellings in the City of Campbell.
The referenced codes have no force or effect as the City of Campbell never established verification and documentation of jurisdictional authority over 590 Smokey Court, by demonstrating **monetary, proprietary or contractual interest** in said property by providing information requested. <u>If the city does not have jurisdiction the state court cannot proceed with a</u> <u>trial.</u> Defendant Gabor Constitutional rights were statutory violated by "conduct and behavior of

the Superior Court Judges and Campbell City Attorney William R. Seligmann, (DEFENDANT) further ignores.............

35.    **USDA Licensing and Regulation Under the Animal Welfare Act; PROGRAM AID 1117** (Revised 1997) At page 11: Title 7 USC 2131

**Direct Sales Anyone who sells domestic pets directly to pet owners is exempt, REGARDLESS OF VOLUME. Such sales can be made in person or by mail.**

36.    May 19, 2004, Respondent's Responding Brief by third party Campbell City attorney William R. Seligmann (DEFENDANT) attempted to claim jurisdiction on my private dwelling area by quoted from court opinions, that all stated, "cities can take control of property by use of force by armed **"Police Power,"** is in direct violation of the **14th Amendment to the Constitution."** City Attorney William R. Seligmann, (DEFENDANT) also failed to answer the <u>Constitutional violations</u> the city used by illegally searching property with out warrant, and **Federal and State laws** that were violated by City of Campbell (DEFENDANT) and co-conspirators animal terrorists Silicon Valley Humane Society (DEFENDANT). **Fourth Amendment to the US Constitution and Article 1 Sec. 13 of the Calif. Constitution. See Title 18 U S Codes 241-242, Conspiracy & Deprivation against rights....see par, 12 & 13**

37.    The County Appellate Department on Aug. 25, 2004 <u>denied</u> Kay Gabor the right to file a brief in opposition to Respondents Responding Brief filed by William R. Seligmnann, (DEFENDANT) Superior Court Judge Susan R. Bernardini and Judge J. Lucas participated in this decision. Docket -Document tracking < exhibit 3 >, page 16 &  < exhibit 11 > page 1

38.    Kay Gabor filed two briefs to remove Thomas V. Orvis as her assigned attorney. The County Appellate Department <u>denied</u> first motion on motion. June 25, 2004 Second request to dismiss Attorney Orvis was denied on Aug. 5 ,2004 refer to < exhibit 3 > Docket -Document tracking page 16 -17 &  < exhibit 12 > page 1 to 4.

39.    The results of the courts first denial decision. was sent to court appointed attorney Thomas V. Orvis. Lawyer Orvis never informing client Gabor of courts decision. Further Lawyer Orvis did not inform Gabor of the date court change requested by City attorney Seligmann, (DEFENDANT). Thomas V. Orvis has proven in his statements, actions and documents that he not acting in Gabor's best interests.

40.    Kay Gabor was <u>denied Sixth Amendment rights to effective representation of council, and deprivation of a neutral and detached magistrate</u> by decisions of the County Appellate Department. **Bill of Rights US Constitution, Amendment VI.** <u>The 6th Amendment is very specific, that the accused only has the right to the assistance of counsel and this assistance of counsel can be anyone the accused chooses without limitation</u>

41.    Kay Gabor further exhausted her appeals rights in the Santa Clara County Appellate Department. Wasted time has shown the County Appellate Department made up of Superior Court Judges will never rule against another Country Superior Court Judge. The **Sixth Appellate District** <u>refused</u> to hear Gabor's Petition to transfer, **< exhibit 1 > California State Supreme Court** also <u>rejected</u> Gabor's Petition for Review **<exhibit 2 > Kay Gabor is denied any further rights to appeal by the State.**

42.            **CAUSES OF ACTION:**
                KEY RELATING DEFENDANTS WITH SPECIFIC CAUSES
Defendant  William R. Seligmann  Count:  1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14.
Defendant  City of Campbell        Count:  1, 2, 3, 4, 5, 6, 7, 8 ,9, 10, 11, 12. 13, 14.
Defendant  City of Campbell
Police Chief David Gullo      Count:  1, 3, 4, 10, 13
Defendant Officer David Mendez Count:  1, 4

Defendant Officer Grace Moro    Count: 1,10, 13
Defendant Silicon Valley
Humane Society          Count: 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 14.
Defendant Christine Benninger    Count: 1, 2, 3, 4, 5, 9, 10, 11, 12, 13, 14.
Defendant Tracy Acres           Count: 11,13

43.    **COUNT 1, CAUSE OF ACTION; ONGOING,** TRESPASS; FALSE ARREST
VIOLATION OF THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE
CONSTITUTION FOR THE UNITED STATES.

Campbell City Attorney William R. Seligmann, (DEFENDANT), City of Campbell
(DEFENDANT) a municipal corporation and a subdivision of the State of California organized
and existing under and by virtue of the laws of the State of California. City of Campbell
(DEFENDANT) includes the Campbell Police Department (DEFENDANT) located in the
county of Santa Clara, City of Campbell. At all times herein mentioned, Campbell Police
Department (DEFENDANT), was supervised, controlled and staffed by Campbell Police, it's
officers, David Mendez & Grace Moro (DEFENDANTS) agents, and employees, Campbell
Police Chief David Gullo (DEFENDANT in charge of officers is directly responsible for their
actions, knowing that arrests and illegal searches of residents for city codes are in violation of
California State laws and the Constitution for the United States. Campbell Police and Chief
David Gullo (DEFENDANT) conspired with private corporation Silicon Valley Humane
Society (DEFENDANT) & Humane Society President Christine Benninger (DEFENDANT), to
illegally trespass to commit theft of Gabor's property. **4th Amendment of the US
Cmnstitution and Article 1 Sec. 13 of the Calif. Constitution. Title 42 USC Sec 1981-1983-
1984-1985**
**Rotella v. Wood, 528 US__, 145 Led 2d 1047, 120 SCt.__, at pg. 1047:**
Property owners standing to sue under RICO.

All actions taken against plaintiffs were done so without good cause showing and in
violation of the **First, Fourth, Fifth, Sixth, Eighth, Fourteenth Amendments to and the
commerce clause within the Constitution for the United States. Title 42 USC Sec 1981–
1983-1984-1985**

In cases under "1983", a judgment against a public servant "In his
official capacity" imposes liability on the entity that he represents.

44.    **COUNT 2, CAUSE OF ACTION;** TAKING OF PROPERTY BY CITY OF
CAMPBELL, ATTORNEY, CONJOINING, CONSPIRING, HARASSMENT,
INTERFERENCE WITH RIGHT TO LIVE ON PRIVATE DWELLING AREA

William R. Seligmann (DEFENDANT) conspiring with Silicon Valley Humane Society
(DEFENDANT.) continually maliciously prosecuted Gabor's and had John and Kay Gabor
convicted in the corrupt Superior court of Santa Clara County

45.    The taking of property not owned by the county or city, with out a notice pursuant to the
5th Amendment and the Supreme Court's decision in.........
**Palazzlo v. Rhode Island, S. Ct. June 28, 2001,** quoting the taking clause of the fifth
amendment, applicable to the States, through the fourteenth amendment,
**Chicago, B & Q R Co. vs. Chicago, 166. US. 226, (1897)** prohibits the government from taking
private property for public use without just compensation.

In **Pennsylvania Coal Co. v. Mahon** 260 US 393 (1922) Justice Holmes well-
known...formulation while property may be regulated to a certain extent, its a regulation goes to
far it will recognized as a taking.    (To quote justice Stevens) It is wrong for government to take

property, even for public use without tendering just compensation.
**Rotella v. Wood, 528 US__, 145 Led 2d 1047, 120 SCt.__, at pg. 1047:**
Property owners standing to sue under RICO.

46.    **COUNT 3, CAUSE OF ACTION;.** MALICIOUS PROSECUTION BY PRIVATE PERSON IMPERSONATING THE DISTRICT ATTORNEY.

Warrants are only issued through the District Attorney. California Penal Code Chapter 9 CRIMINAL PROFITEERING section 186.2 Definitions: (c) Prosecuting agency means the Attorney General or the district attorney of any county, The following CANNOT file charges or prosecute in the name of the People: city attorneys, police officers, code enforcement, other private attorneys, animal control officers, etc. All they can do, is take a complaint from an injured citizen, and turn it over to the district attorney for prosecution. If any of them violate this procedure, they are guilty of filing a false report, fraud, swindle, racketeering, extortion, and impersonating an officer.

**California Penal Code section 813 Issuance of Warrants or Summons;** Form and Content of Summons: 1995 Note: [Only a victim or injured party can file a complaint, which can only go through the district attorneys office.

47.    .Kay Gabor was selectively, unconstitutionally prosecuted with false charges by a third party private person named William R. Seligmann (DEFENDANT) unlawfully impersonating the Santa Clara County District Attorney George Kennedy, there by violating the separation of powers, acting in conspiracy with the Superior Court judges, each and every one civilly and criminally liable pursuant to **Dennis v. Sparks, 101 S. Ct. 183 (1980);**

48.    **COUNT 4, CAUSE OF ACTION;** AGENCIES CONJOIN OR CONSPIRE  BY INVASION OF PROPERTY TO DEPRIVE CITIZENS OF PROPERTY AND INCOME

On April 29, 1998 Campbell City Police officers David Mendez (DEFENDANT) acting as an agents for City of Campbell and Campbell Police Chief (DEFENDANTS) forced entry to 590 Smokey Court and SEARCHED entire home with out a SEARCH WARRANT arresting Kay Gabor at 11:45 PM by writing her a traffic citation for raising puppies in her home that Gabor never has done. **Violation of 4th Amendment to the Constitution.**

49.    The Silicon Valley Humane Society, and President Christine Benninger, (DEFENDANTS) in conspiracy with William R. Seligmann (DEFENDANT) had their animal rights activists, terrorists employees and volunteers make hundreds of phone call threaten Kay Gabor. **ongoing To this day.** They also send their EMPLOYEES OR VOLUNTEERS into Kay's home to spy, cause trouble, theft of pups and write false affidavits **Title 18; USC 241 and 242. see... Par 12 & 13. Rotella v. Wood, 528 US__, 145 Led 2d 1047, 120 SCt.__, at pg. 1047:**Property owners standing to sue under RICO. see....

**California Penal Code ß 182. Conspiracy Defined.**
**(a)** If two or more persons conspire:
**(1)** To commit any crime.
**(2) [1] Falsely** and maliciously to indict another for any crime, or to procure another to be charged or arrested for any crime.

50.    **COUNT 5, CAUSE OF ACTION; ONGOING,** CONSPIRACY WITH HUMANE SOCIETY, CITY ATTORNEY CONTINUES TO LEGISLATE TO LANDS THE CITY DOES NOT OWN IN VIOLATION OF UNITED STATES CONSTITUTION,

**Article VI, par. 2, Fourteenth Amendment for the US Constitution. Title 18 USC 241 and 242 Conspiracy against Rights.**

To date William R. Seilegmann (Defendant) has continued to fail to produce any documentation giving him jurisdiction over my private dwelling area. by demonstrating