monetary, proprietary or contractual interest in 590 Smokey Court. Ignoring the fact no neighbors have complained of a 'nuisance. The only valid complaint against a private domain, those so-called witnesses Seiligmann (DEFENDANT) and the Silicon Valley Humane Society (DEFENDANT) have produced are either acting as agents, paid or in sympathy with confiscation of private property under any pretext whatsoever.

51.    By his perjured documents William R. Seligmann (DEFENDANT ) Simply citing case law does not mean the usurpation of private property was done legally by use of armed police force merely demonstrates the frequency of intimidation by authorities committing malfeasance of their respective offices of trust, honor and profit! The multitude of case sites William R. Seligmann (DEFENDANT) lists are irrelevant to the instant case at the bar.

52.    William R. Seligmann (DEFENDANT) misquotes the **California Constitution, Art. XI sec 7 and 13** as it clearly states that enforcing laws on public lands, not on private property of private citizens unless said citizens are endangering or being nuisance to their neighbors. (no victim, no crime) William R. Seligmann (DEFENDANT) has continued to violate **4th, 5th, 6th, 8th, 14th Amendments of the Constitution for the United States!**

**Article 1, Section 1, of the Constitution of the State of California:**
*"All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."*

53.    **COUNT 6, CAUSE OF ACTION;** WILLIAM R. SELIGMANN, A PRIVATE PARTY UNLAWFULLY CONTINUES DELEGATING HIMSELF WITH STATE POWERS TO ACT AS AN DISTRICT ATTORNEY.
In third party attorney William R. Seligmann's (DEFENDANT) declaration claims he is licensed to practice law before all of the courts in California? **Griffin et. al. v Illinois 100 L Ed 891, 351 US 12, 79 S Ct 585, 55 ALR 2d 1055.** says that due process must happen at every stage.

54.    The County Superior Court permitted a non district attorney to introduce evidence obtained in violation of my constitutional rights. Consequently at all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from invidious discriminations.

55.    DISCUSSION The bogus state bar pseudo court is unconstitutional because it is a **private** court. The California Constitution permits only **public** courts. **Article 6, section 1, Ca. Constitution**. This presupposes that all courts are publicly funded, controlled, supervised, and monitored by the Public. By comparison, the California state bar is a private trade association. Section 6000. It has no public funding or controls by the Public. Sections 6002, 6140 et. seq.

In *Keller* (1990) the U.S. Supreme Court held that because the California bar is privately funded, it is not permitted to be part of the government of a state.

56.    The state bar pseudo court is unconstitutional as it is a private court not authorized by the Constitution. **Article 6, sections 1, 9, Ca. Constitution.** Judges are required to be employees of the State of California. **Article 6, sections 1,16, Ca. Constitution.** The State bar pseudo judges are employees of a private trade association. They are the agents, servants, and employees not of the sovereign, but of a private prosecuting party. **Section 6079.1(d), 6086.65, (a) Article 6, sections 1, 9, 16, Ca. Constitution.** *Aetna, Ward, Murchison, Doremus* hold that Judges may not be employees of a party. Since both the bar's pseudo court and its pseudo judges are agents of the

private prosecuting party, it and they are an unconstitutional bogus private court and private judges.. The state bar pseudo court is unconstitutional because it is a **partisan** court. Campbell City attorney, William R. Seligmann (DEFENDANT) **not** an employee of the State of California, **not** a district attorney or attorney general.. Does **not** have a STATE license. By acting as such with out first paying filing fees of $425.00 for every document plus paying for state courts time is committing extortion and embezzlement against the taxpayers for bringing a civil action to the State Superior Criminal Court.

57.    "The pattern of the Supreme Court is clear. For over a century (**U.S. v Boyd was decided in 1886**) there has been a protecting remedy. Now, today, the court mistakenly recognizes some imaginary exception. "

Footnotes:

**Schulz v. Milne, 849 F. Supp. 708 (N.D. Cal. 1994:** Cities and Counties are private municipalities; they CANNOT assume legislative powers without the Governor's signature, or without it going through the State Legislature. If any city or county does this, it's racketeering, fraud, embezzlement, extortion, and impersonating an officer, in this case, a State Legislator or the Governor.

**Gov. Code 26501**

We have three separate branches of government  legislative, administrative, and judicial - set up this way to ensure we would not become a dictatorship..... **Dictatorship means.........** that one branch assumes all control, takes over the other branches, and becomes a legislator who makes its own laws, administrates to set up its own court, and prosecutes its own laws...... Under a **Dictatorship**, citizens have no rights, and property ownership is eliminated, as the Dictatorship assumes regulation and control over all private property.

Civil Rights are protected by Title 42 U.S. Code # 1981, 1983, 1985, 1986.

58.    **COUNT 7, CAUSE OF ACTION; ONGOING** ASSAULT, THREATS INTENTIONAL INFLICTION'S OF SEVERE EMOTIONAL DISTRESS, FALSE INCARCERATION THREATENS ELDERLY SENIOR CITIZENS.

Kay Gabor presently under doctors care for severe emotional stress causing serious life threatening health problems. William R. Seligmann (DEFENDANT) advised former Attorney Art Lipton that once he has Gabor's on court probation he will control them. Plaintiffs John Gabor and Kay Gabor seek compensatory and punitive damages for the years of ongoing severe emotional stress and anxiety they have suffered at the hands of City of Campbell & William R. Seligmann (DEFENDANTS)

59.    All damages suffered to plaintiffs John Gabor and Kay Gabor in the above captioned matter were caused by agency, the actions of which are the direct responsibility of William R. Seligmann, (DEFENDANT).

Plaintiffs John Gabor and Kay Gabor have been forced to go in debt for legal fees since 1988 in order to protect themselves from the false allegations of  William R. Seligmann (DEFENDANT)  and the agency with either conjoined or conspired to separate Plaintiffs John and Kay Gabor from their rights to own property and for occasional sales of private property from their home in violation of the equal applications of the Constitutional Law.

60.    **COUNT 8, CAUSE OF ACTION;** KAY GABOR WAS DENIED HER RIGHT TO TRUTH IN  EVIDENCE PURSUANT TO STATE OF CALIFORNIA CONSTITUTION, ARTICLE I, SECTIONS 1, 2(a), 7(a)-(b), 13, 14, 15, 19, 24, 28(d), 29 AND 31, ARTICLE II, SECTION 12, REQUIRING VACATION OF CONVICTION PURSUANT TO THE EQUAL PROTECTION CLAUSE OF FOURTEENTH AMENDMENT OF THE CONSTITUTION FOR THE UNITED STATES

The **Animal Welfare Act of 1970, 7 U.S.C. ßß 2131-2159**, Kay Gabor was denied her right to truth in evidence pursuant to the **State of California Constitution. Article I,**
   **Sections 1, 2(a), 7(a), 13, 14, 15, 19, 24, 28(d), 29 and 31, Article II, section 12,**
requiring the vacation of conviction pursuant to the equal protection clause of the
   **Fourteenth Amendment of the Constitution** of the United States.

61.     "The Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the contrary notwithstanding." **U.S. Constitution Art. VI, Paragraph 2 SUPREMACY CLAUSE**

62.     Under the Supremacy Clause, everyone must follow federal law in the face of conflicting state law. It has long been established that, "a state statute is void to the extent that it actually conflicts with a valid federal statute and that a conflict will be found either where compliance with both federal and state law is impossible or where the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." **Edgar v. Mite Corp., 457 U.S. 624, 631 (1982).** Similarly, we have held that "otherwise valid state laws or court orders cannot stand in the way of a federal court's remedial scheme if the action is essential to enforce the scheme." **Stone v. City and County of San Francisco, 968 F. 2d 850, 862 (9th Cir. 1992),** cert. denied, **113 S. Ct. 1050 (1993). Title 42 USC Sec 1981-1983-1984-1985**

63.     **COUNT 9, CAUSE OF ACTION; ONGOING** SLANDER PER SE; FALSE ACCUSATIONS & ASSAULT

Campbell City Attorney William R. Seligmann (DEFENDANT) and animal rights acting as agents for Silicon Valley Humane Society (DEFENDANT) masterminded a libelous article in The Campbell Reporter on April 9, 2003 referring to Kay Gabor as a <u>Puppy mill, selling sick pups.</u> Informing the reading public that Gabor's are on probation to incite animal rights extremist to harass threaten, commit theft and destruction of property. Article picked up on Google a search engine shown on the internet further have caused Gabor's ongoing attacks by animal extremists. **Title 18 USC 1951 (a) (b) (1) (2) (c-d)**

64.     Plaintiffs John Gabor and Kay Gabor have suffered severe emotional distress, assault in the form of constant anxiety as to when they will be next raided, slander per se from unidentified calls from pay phones and even the City attorney William R. Seligmann (DEFENDANT) contacting animal extremists to send them into private property posing as buyers. Plaintiffs John Gabor and Kay Gabor seek compensatory and punitive damages for the years of severe emotional stress and anxiety they have suffered at the hands of William R. Seligmann.(DEFENDANT) **Title 42 US Code Sec 1981-1983-1984-19**

65.     **COUNT 10, CAUSE OF ACTION;** CONTINUED ASSAULT MISREPRESENTATION OF INTENT TO GAIN ENTRY TO PRIVATE PROPERTY BY CITY OF CAMPBELL, CITY ATTORNEY AND SILICON VALLEY HUMANE SOCIETY

Aug. 7, 2002 Campbell City Attorney William R. Seligmann, (DEFENDANT) City of Campbell (DEFENDANT) & Campbell Police Chief David Gullo (DEFENDANT) responsible for Campbell police officer Grace Moro Badge 29, (DEFENDANT) to enter home 590 Smokey Court in plain clothes with out a search warrant **< exhibit 10 >** Officer admits taking business card and instructions. (Refer to Sept. 26, 2003, court transcript testimony by Officer Moro) William R. Seligmann's (DEFENDANT) fabricated charges, malicious prosecution and extortion puts the entire county at risk for liability.

66.     In **Milstien v. Cooley, 2576F 3d 1004 (9th Cir. 2001)** "There was no immunity for denial of due process and malicious prosecution. The county receives federal money, and is

liable under federal law pursuant to title 18. USC section 666. "Whoever... being an agent of.. a state. local ..government, or any agency thereof...obtains by fraud, or other wise use of any person other  than the rightful owner...shall be fined under this title, imprisoned not more than 10 years,  or both" In **Brewster v. Shasta County**, 275 F 3d, 803 (9th Cir. 2001), the entire county of Santa Clara  will be found liable for City Attorney's "policy making" just as the county of Santa Clara  will be found liable for Seligmann's policy making of running a protection racket on small property owners.

**4th  Amendment of the US Constitution and Article 1 Sec. 13 of the Calif. Constitution. Tittle 42 USC Sec 1981-1983-1984-1985**

67.      **COUNT 11, CAUSE OF ACTION;** WILLIAM R. SELIGMANN ACTING AS A STATE  PROBATION OFFICER CONSPIRING WITH SILICON VALLEY HUMANE SOCIETY AND AGENTS / EMPLOYEES TRESPASSED TO PRIVATE PROPERTY TO REVOKE AND MODIFY COURT PROBATION

Misrepresentation in order to gain entry, trespass intent to cause harm (ASSAULT)  in violation of the California Constitution Article 2, Section 12 allowing domestic terrorists Animal rights police powers.  June 22, 2002 Another illegal invasion by animal rights conspiring with third party attorney William R. Seligmann (DEFENDANT) and Silicon Valley Humane Society (DEFENDANT) Three young women entered 590 Smokey Court posing as buyers Tracy Acres (DEFENDANT) Lisa Favro, out of state resident acting as  an agent documented her illegal trespass posing as  buyers to gain entrance with Tracy  Acres and one unnamed female conspiring with William R. Seligmann (DEFENDANT) to do harm to Gabor's violating the **Fourth Amendment of the Constitution  and Title 18; USC 241 and 242. Conspiracy & Deprivation against rights....see par, 12 & 13**

68.      Private prosecutions are prohibited by law as Gabor(s) incurred prejudice, invasion of privacy because of Federal and State violations incurred by City Attorney William R. Seligmann (DEFENDANT) responsible for sending animal  extremists witnesses and police undercover police officer to enter property posing as buyers. **( See Title 18 U S Codes 241-242 Conspiracy & Deprivation against rights, par, 12 & 13.  Fourth Amendment for the Constitution**

69.      **COUNT 12, CAUSE OF ACTION;** CITY ATTORNEY USED PERJURED STATEMENTS FROM POLICE OFFICER AND ANIMAL EXTREMISTS IN COURT TO CONVICT GABOR OF COURT PROBATION VIOLATION

Perjured statements IN COURT from Police officer Grace Moro (DEFENDANT) and animal extremists witness Tracy Acres (DEFENDANT) that were sent into privacy of Gabor's home posing as buyers to violate Gabor's rights **Title 18 USC 1621, perjury.Title 18 US Code 241 & 242, Conspiracy against Rights  & 1951 (a) (b) (1) (2) (c-d)**

70.      William R. Seligmann (DEFENDANT ) and Silicon Valley Humane Society (DEFENDANT) successful convinced a <u>politically correct</u> Superior Court Judge  Arthur Bocanegra to convict Kay Gabor of <u>court probation violation</u> adding one year to her sentence , fines and 150 hours of community service.

71.      **COUNT 13, CAUSE OF ACTION: ONGOING,** THREATS AND ASSAULTS CONTINUE FROM CITY ATTORNEY AND SILICON VALLEY HUMANE SOCIETY AND AGENTS / EMPLOYEES AS GABOR ATTEMPTED TO APPEAL HER CASE TO A HIGHER COURT.

Using the April 3, 2003 Article in the Campbell Reporter , William R. Selegmann (DEFENDANT) incited animal extremists to threaten Kay Gabor to discourage her from attempting to appeal her case to the Santa Clara County Appeals Superior Court. Threats and illegal trespass  continue to this day. **Title 18 USC 1951 (a) (b) (1) (2) (c-d)**

72.    The City attorney William R. Seligmann (DEFENDANT) if he is working in
the capacity as he claims then he should have been required to sign an oath upholding said constitutions. If he did
he is committing malfeasance of office. Regardless he has no authority over my private property nor does he if he
did not take such an oath. By taking the oath he agrees to support me in your private property rights. If he did not
sign such an oath then he has no authority over me whatsoever!

73.    **COUNT 14, CAUSE OF ACTION; TRIAL FIXING BY WILLIAM R. SELIGMANN AND THE**
**SANTA CLARA COUNTY APPEALS DIVISION TO COVER UP SUPERIOR COURT JUDGES.**
Our Rights are ignored in the Sixth Appellate District and The State Supreme
Court denied to be heard giving Campbell City Attorney William R. Seligmann (Defendant) a License to Break the
Law without Fear of Prosecution.

**Footnote:**

**United States v. Frega, 179 F. 3d 793 (9th Cir. 1999) at 793:**

Superior court judges and one private attorney convicted of conducting the affairs of the
superior court through a pattern of predicate act of racketeering in violation of RICO, **18 U.S.C.**
**ßß 1962, 1962(d)** in San Diego County, California.) "The conduct and behavior committed by
the court constitutes conspiracy. Title 18 U.S.C. section 1962(d). **More than two predicate**
**acts** occur when private individuals conspire with public employees to violate state and
federal law by restricting property ownership without just compensation in furtherance of
a racketeering scheme or artifice.

**Rotella v. Wood, 528 US__, 145 Led 2d 1047, 120 SCt.__, at pg. 1047:**
Property owners standing to sue under RICO.

74.    **COUNT 15, CAUSE OF ACTION: ACCOUNTING:**
PLAINTIFFS incorporate paragraphs 55, page 21 to Par. 80 page 32 first to fifteen
causes of action hereon contained.
The following is list of out of pocket expenses:

| | | |
|---|---|---:|
| (1) | Attorney William Chestnut, June 1998 - Aug. 1998 | $ 4,480.00 |
| (2) | Attorney Art Lipton, Sept. 1998 to June 2001 | $ 23,000.00 |
| (3) | Attorney Jamie L. Harmon July 2001 to Jan 2002 | $ 10,000.00 |
| (4) | Attorney Nancy Powell, 2003 | $ 24,000.00 |
| (5) | Attorney Harry Damkar, 2003 | $ 2,000.00 |
| (6) | Legal Services 2003 | $ 2,000.00 |
| (7) | Loss due to theft of pups from 5 customers funds from Plaintiffs. | $ 2,700.00 |
| (8) | Cost of phones to advertise in attempt to keep from being harassed and threatened from Animal rights extremists | $ 2,800.00 |
| (9) | Para Legal and research services June 1998 to Jan 2004 | $ 3,500.00 |
| (10) | Copy services | $ 350.00 |
| (11) | Court fines for Plaintiffs John & Kay Gabor | $ 1,960.00 |
| (12) | Property damage to house and theft by animal rights extremists | $ 5,500.00 |
| (13) | Time and travel expenses, community service 150 hours x 50.00 hour | $ 7,500.00 |
| | **Sub total , out of pocket expenses** | **$ 89,790.00** |
| (14) | Punitive Damages for Civil rights violations: $300,000 per violation (8 DEFENDANTS) | $18, 600,000.00 |
| | **Grand total money damage** | **$18,689,790.00** |

75.               **COMPENSATORY DAMAGES**

(A)   Severance from duty of any City or State officer who has taken an oath to uphold the constitution for the United States and has failed to do so.

(B)   Termination of any pensions and / or any benefits what so ever granted by the Cities or State to hold public offices of trust, honor and profit and who have so maliciously violated it.

(C)   Probation and community service required as a part of the sentence.

**PRAYER FOR RELIEF:**

76.   **U.S. CONSTITUTION, Amendment VII**

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

(1)   Focus on Justice and on due process **( fairness )**

(2)   Judicial and jury determination of whatever citizens can expect to be safe in their homes, their private dwelling area (property) and their private papers.

(3)   Clarification of the rights protected by the Constitution for the United States.

(4)   Declaratory judgment supporting Constitution in regard to warrant less search and seizures of private property with the intent of creating a crime.

(5)   Does the state of California, County of Santa Clara, City of Campbell have to abide by the laws created by the Congress of the United States of America? If so, can citizens expect to be protected by the constitution, animal enterprise protection act? Is California still a part of the United States?

(6)   Require California Courts to treat pro-se or pro- per litigants with respect and encouragement to expedite the whole process. Not to threaten litigants with jail for not hiring an attorney ( officer of the court ).

(7)   Require strict adherence of the written law by all officers of the court. Focus on justice rather than personal monetary gain, doing favors or being politically correct. Be of service to society and citizens before self.

(8)   Reimbursement from Defendants for all legal costs: punitive & compensatory damages as the jury deems proper.

(9)   Compel the Attorney General for the United States to do their respective duties in enforcing **U.S. Code Title 7 # 2131 - 2157 and Title 18 U.S. Code 241, 242 and 1951, Conspiracy & Deprivation against rights. Par 12 &13.**

**JURY DEMAND:**

77.   **PLAINTIFFS DEMAND A TRIAL BY JURY**  WHEREFORE: PLAINTIFF prays that this court will:

(1)   Assume jurisdiction of this case;  (2)  issue a declaratory judgment pursuant to **Title 28 US Code 2201** that the acts and omissions of DEFENDANTS deprived PLAINTIFFS of the rights protected by the Constitution for the United States and the Constitution for the State of California: the right to feel secure in one's home and one's personal papers; freedom from defamation of character; freedom from malicious prosecution.

(2)   Grant PLAINTIFFS a trial by jury of their peers herein.

(3)   Award PLAINTIFFS judgment against DEFENDANTS for the damages set forth herein above, including legal fees; court costs; of prosecution and other exemplary damages.

**CODICIL:**

78.   Since 1998, Gabor's have been subjected to arson, theft and illegal entry to our home by

City of Campbell Police (DEFENDANT). Theft of property by animal extremists, deceived by the court and denied our rights to appeal. Slandered by a libelous article in the Campbell Reporter newspaper and on the internet .Our property has been damaged and our lives have been threatened. We are not murderers, thieves, drug dealers, and do not deserve to have out lives put in danger by a corrupt court, city attorney, police, lawyers and bureaucrat employees that have forgot and ignored their constitutional oath.

## SYNOPSIS; OF THE INSTANT CASE AT THE BAR:

79.     William R. Seligmann (DEFENDANT) has been successful in his **ONGOING** stalking and surveillance of natural citizens with the intent of fabricating a crime where none exhausted.

80.      William R. Seligmann (DEFENDANT) and those who conjoin and conspire with him are allowed to continue normal business net working contacts as RICO actions than every citizen of the State of California and the entire United States is in danger of being accused of a crime, a city code ( misdemeanor) with the threat of court probation / jail and community service.

81.      Natural citizens fear the Campbell City attorney William R. Seligmann (DEFENDANT) and Campbell Police Chief (DEFENDANT) that contributes to an **Domestic Animal Terrorists,** Silicon Valley Humane Society (DEFENDANT) to fabricate crimes attributed to innocent citizens to make their record of arrests look good.

82.      Until the Attorney General of the United States orders the State of California Attorney General to purge the City of Campbell (DEFENDANT) William R. Seligmann (DEFENDANT) to expose them of being a corrupt form of government extorting the tax payers, there can be no respect from the innocent citizens they are hired to protect.

## CERTIFICATION,

83.      Plaintiffs, John Gabor and Kay Gabor hereby swears under penalty of perjury under the laws of the State of California and the laws of the United States, that the foregoing is of my personal knowledge, being true and correct and admissible pursuant to the Federal Rules of Evidence, Rule 801.

            Respectfully presented by;

_____          _____
John Gabor               Date         Kay Gabor               Date

58.   ALL DEFENDANTS knew, at all times relevant to their participation in their scheme in furtherance of their target goal to injure plaintiff's business, damage their property, and enslave the Gabors in violation of the Thirteenth Amendment, by forcing the Gabors to WORK without compensation, by impersonation of state and federal officers in furtherance of creating and maintain DEBTORS PRISON as prescribed by William R. Seligmann, falsely representing himself to be the ONLY ATTORNEY for the State of California, though not elected, the ONLY DISTRICT ATTORNEY for Santa Clara County, though not elected, and the HIGH PROSECUTOR to act on behalf of his KINGDOM to declare who may own property, what property may be owned, in furtherance of his

association with "animal enterprise terrorist" doing business as defendant SVHS, also declaring himself

and co-defendants to have ABSOLUTE IMMUNITY throughout their kingdom, all the while asserting

that they are above the law, entitled to make and enforce all laws, for the protection of their racketeering

enterprise, see **Kalina v. Fletcher,** 118 S. Ct. 502, n. 14 (1997), supported by defendants own

"solicitation" of perjury in violation of California Penal Code §§ 118, 123, 182, 186.1, 422, 422.6, 484,

and 518, all felonies, as defined 18 U.S.C. § 1961, committed in furtherance of their pattern of predicate

acts of racketeering in violation of 18 U.S.C. §§ 1951 and 1962, on June 9, 2002, quoting:

```
WILLIAM R. SELIGMANN, ESQ. SB#108129
City Attorney of Campbell
Law Offices of William R. Seligmann
236 N. Santa Cruz Ave., Suite 206
Los Gatos, California 95030
Telephone: (408) 356-1950
```

Attorney for Plaintiff PEOPLE OF THE STATE OF CALIFORNIA

```
          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE
                          COUNTY OF SANTA CLARA
                         (LIMITED JURISDICTION)
```

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | ) ) | Case No.: C9886574                C9927216 |
|          Plaintiff, | ) ) ) | DECLARATION OF LISA FAVRO |
|    vs. | ) ) | |
| JOHN GABOR, PFN # BDU256 and KAY GABOR, PFN #CTX368. | ) ) ) | |
|       Defendants. | ) | |

```
I, Lisa Favro, declare:
1. I am an adult of sound mind, and the information contained in this
declaration is made based on my own personal knowledge. I am currently
employed as a Radiation Therapist and in 1988 or 1989 I was volunteered at a
veterinary clinic during a semester of school for two (2) hours per week for
the semester. If called to testify in this case on the matters set forth in
this declaration, my testimony would be the same as is set forth herein.
2. In June of 2002, I checked the classified section of the San Jose Mercury
News for advertisements for the sale of puppies. I was particularly
interested in Teacup Poodles. At that time, I located an advertisement for
Teacup Poodles; and called the telephone
```

Declaration of Favro - 1

number listed in the advertisement and spoke to a woman. She told me she had a Teacup Poodle, and that she also has got various breeds of dogs at different times. She stated that I would need to make an appointment if I wanted to come during the week.

However, she also told me she had more dogs on the weekend, and that she was open between 10:00 a.m. and 4:00 p.m. at 590 Smokey Court in Campbell, and further stated that no appointment was necessary to see dogs the dogs during the weekend. Over the course of a few telephone calls, I tried to set up an appointment during the week, but I was unsuccessful in getting an agreeable date from the woman on the telephone. Consequently, I decided to go on a Saturday.

3. On Saturday, June 22, 2002, I went to 590 Smokey Court, Campbell, California with two of my friends to see the dogs. The address was a house in a residential neighborhood. I was met at the front door by a woman who identified herself as Kay Gabor. Mrs. Gabor invited my friends and I into her house, and took us into a room toward the back of the house that appeared as if it might have been a converted patio. Mrs. Gabor's husband was also in the foyer. While there Mrs. Gabor showed me puppies from eight (8) different litters of dogs. These puppies included:
   a. About five (5) Shizipoos;
   b. Four (4) Malte-poos;
   c. Three (3) Yorkipoos;
   d. Three (3) Maltese that were represented to be purebreds;
   e. One(1) teacup or mini Yorkshire;
   f. Three (3) black Poodles;
   g. Two (2) Chihuahuas; and
   h. One teacup Poodle - Apricot
                    (handwritten in)
   (e) Kay's young dog
   (h) Kay's 14 year old dog that had arthritis
                    Declaration of Favro - 2

4. I noticed that one Teacup Poodle, which Mrs. Gabor said was twelve (12) weeks old could not walk. We put it on the floor and it did not move from that exact position. It did not even sit. My friend nudged it from the back, and it still did not walk. When Mrs. Gabor noticed our concern, she quickly picked the dog up and kept it on her lap. She stated that they do not always walk around. However, I have never seen a twelve (12)week old dog that does not walk. It also appeared that the three Maltese seemed very young.

5. Mrs. Gabor told me that the dogs were for sale.

6. I elected not to purchase any of the dogs, because the dog in which I was interested appeared Ill. In addition to not walking, the apricot Teacup Poodle had feces stuck to its fur around the anal area. I also did not purchase the dog due to the fact that the parents of the puppy dogs were not on the premises. Mrs. Gabor also told me that the expected weight of the Shizipoos should not exceed eight (8) to ten (10) pounds, but told another couple that the Shizipoos should be twelve (12) to fifteen (15) pounds. I asked Mrs. Gabor about the discrepancy, but she did not have an answer other than to say that the dogs would be around that weight.

7. On or about the following Monday, I telephoned the City of Campbell to express my concerns about the care and sale of the dogs that I had seen at 590 Smokey Court, Campbell, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated 6 / 9 / 2002

_____
Lisa Favro
Declaration of Favro - 3

ATTORNEY'S CERTIFICATION OF SERVICE BY MAIL
People v, Gabor
Santa Clara County Superior Court Case #: CC9886574 and CC9927216

I, William R. Seligmann, certify:
I am, and at all times mentioned herein, an active member of the State Bar of
California and not a party to the above-entitled cause. My business address
is 216 North Santa Cruz Avenue, Suite 206, Los Gatos, California 95030.
    I served the attached DECLARATION OF LISA FAVRO on June 9, 2003, by
depositing one (1) copy of each of the documents in the United States mail in
Scotts Valley, Santa Cruz, County, California, in a sealed envelope, with
postage fully prepaid, addressed to:
                    Nancy Powell
              399 Sherman Avenue, Unit 2
              Palo Alto, California 94306
who are all parties and/or attorneys of record for the other parties in the
above-entitled cause.

Dated: June 9, 2002

_____
William R. Seligmann

59.    ALL DEFENDANTS, knew, at all times relevant to their participation in "animal enterprise

terrorism" in violation of the Hobbs Act, The Clayton Act, RICO, and the Animal Enterprise Protection

Act of 1992, that DOGS are "personal property" and that the California Constitution Article I, Section 1,

guarantees citizen to OWN PERSONAL PROPERTY, and that the "personal rights" provide the

following,

California Penal Code
    § 491. **Dogs are personal property**, and their value is to be ascertained in the same
manner as the value of other property.

CA Codes (civ:654-656)CIVIL CODE SECTION 654-663

    § 654. The ownership of a thing is the right of one or more persons to possess and use it
    to the exclusion of others. **In this Code, the thing of which there may be ownership is
    called property.**

    § 655**. There may be ownership** of all inanimate things which are capable of
    appropriation or of manual delivery; **of all domestic animals**; of all obligations; of such
    products of labor or skill as the composition of an author, the good will of a business,
    trade marks and signs, and of rights created or granted by statute.

    § 656. **Animals wild by nature are the subjects of ownership**, while living, only when
    on the land of the person claiming them, or when tamed, or taken and held in possession,
    or disabled and immediately pursued.

60.   Defendant Seligmann, acting in conspiracy with defendant SVHS did solicit perjury, suborn

perjury, file materially false representations in court in the form of DECLARATION OF LISA FAVRO,

relating to their conspiracy to commit criminal trespass and falsely allege that the OWNERSHIP OF

DOGS was a criminal offense in the defendant City of Campbell, and did cause Plaintiff to be falsely

charged with criminal charges, which were PERJURY, to extort money, defame her, and force her to

perform LABOR, as a slave, without compensation in violation of the Thirteenth Amendment, and did

"bribe" state court judges to participate in the scheme to operate the superior court as a racketeering

enterprise in the same manner as the San Diego superior court, see *United States v. Frega, supra*, with

intent to subject plaintiffs to deprivation of rights, privileges, and immunities under color of official

right in violation of the 42 U.S.C. §§ 1981, 1983, and 1985(3); the Clayton Act, The Sherman Act, The

Hobbs Act, and RICO, and did maintain the ongoing conspiracy to this date by "bribing" defendant

Fogel and procuring his participation in their racketeering scheme which presents a claim for which the

jury can award threefold damages, return of property, injunctive relief and costs under the civil remedies

18 U.S.C. §§ 1964(a) and (c).

61.   On April 27, 2005, defendant USA, Wieking, and Fogel did enter into a conspiracy to participate

in ALL DEFENDANTS racketeering enterprise to violate the Plaintiffs' Constitutional rights and are

subject to liability for the consequences of their actions and omissions, see *Gutierrez de Martinez v.*

*Lamagno,* 115 S.Ct. 2227 (1995)  pursuant to 28 U.S.C. § 2679, which provides:

    United States Code
    TITLE 28 - JUDICIARY AND JUDICIAL PROCEDURE
    PART VI - PARTICULAR PROCEEDINGS
    CHAPTER 171 - TORT CLAIMS PROCEDURE

    U.S. Code as of: 01/22/02
    Section 2679. Exclusiveness of remedy
      (a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize
    suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the
    remedies provided by this title in such cases shall be exclusive.
      (b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury
    or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or

**omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action** or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government -

(A) which is brought for a violation of the Constitution of the United States, or

(B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized

(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency.

(d)(1) **Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose,** any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, **and the United States shall be substituted as the party defendant.**

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

(3) In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment. Upon such certification by the court, such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, **and the United States shall be substituted as the party defendant.** A copy of the petition shall be served upon the United States in accordance with the provisions of Rule 4(d)(4) of the Federal Rules of Civil Procedure. In the event the petition is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.

(4) Upon certification, any action or proceeding subject to paragraph (1), (2), or (3) shall proceed in the same manner as any action against the United States filed pursuant to section 1346(b)of this title and shall be subject to the limitations and exceptions applicable to those actions

(5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if –

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect.

: 62.    On April 27, 2005, defendant Fogel, acting in conspiracy with ALL DEFENDANTS, did make

the following materially false representation of fact and law, under his "bribery" and quid pro quo

agreement, quoting, in pertinent part:

FILED
APR 27 2005
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR, et al., | \| Case Number C 04-05230 JF |
| | \| |
| Plaintiffs, | \| ORDER GRANTING MOTION TO |
| | \|  DISMISS IN PART WITH LEAVE TO |
| v. | \|  AMEND AND IN PART WITHOUT |
| | \|  LEAVE TO AMEND |
| WILLIAM R. SELIGMANN, et al., | \| |
| | \| [Doc. No. 17] |
| Defendants. | \| |

Defendants move to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the
Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.
The Court has considered the moving **and responding papers**, as well as the oral argument
presented at the hearing on March 25, 2005. For the reasons discussed below, the motion to
dismiss will be granted in part with leave to amend and in part without leave to amend.

63.    Defendant Fogel entered into a conspiracy with defendant Collins, went outside the Complaint
and unlawfully accept the pleadings of a third party, specifically prohibited by Rule 301, and Ninth
Circuit precedent *Wall v. Orange County, supra.*

I.    BACKGROUND

John Gabor and Kay Gabor are residents of Campbell, California. Kay Gabor has been

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

selling puppies from their home 1 in Campbell since 1964. This action arises out of the City's
prosecution of the Gabors for violation of the City's Municipal Code prohibiting
breeding and related activities without permits.

64.    Defendant Fogel, knew at all times relevant to his conspiracy with ALL DEFENDANTS and

terrorist SVHS and Collins that NO PERMITS CAN BE REQUIRED TO SELL PERSONAL

PROPERTY [**dogs or newer dogs called puppies**] FROM ONE'S PRIVATE PROPERTY HOME, and

is liable for "conspiracy to commit animal enterprise terrorism."

04-05230 FIRST AMENDED CIVIL RICO & CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL      page 53

65.    Defendant Fogel, faining IGNORANCE OF FEDERAL LAW, knew at all times that ALL

DEFENDANTS were committing trespass, arson, larceny, pursuant to California Penal Code § 484, and

interference with commerce by threat or violence in violation of the Hobbs Act, when he took a "bribe"

to use his federal office to further the conspiracy in violation of 18 U.S.C. §§ 2, 3, 201, 241, 242, 1951

and1962,

66.    Defendant Fogel knew that ALL DEFENDANTS were violating 18 U.S.C. §§ 912 and 913, by

impersonation of a federal officer since enforcement of the Animal Welfare Act provides "field

preemption" pursuant to Title 7 U.S.C. §§ 2131, 2132, 2158 and 2159, which provide:

United States Code
    TITLE 7 - AGRICULTURE
        CHAPTER 54 - TRANSPORTATION, SALE, AND HANDLING OF CERTAIN ANIMALS
U.S. Code as of: 01/06/03
   **Section 2131. Congressional statement of policy**
          **The Congress finds that animals and activities which are  regulated under this chapter** are either in
   interstate or foreign commerce or substantially affect such commerce or the free flow  thereof, and that regulation of
   animals and activities as provided in this chapter is necessary to prevent and **eliminate burdens upon  such
   commerce and to effectively regulate such commerce, in order -**
              (1) to insure that animals intended for use in research  facilities or for exhibition purposes or for use as pets
   are provided humane care and treatment;
              (2) to assure the humane treatment of animals during transportation in commerce; and
               **(3) to protect the owners of animals from the theft of their animals by preventing the sale or use of
   animals which have been stolen.**
   The Congress further finds that it is essential to regulate, as  provided in this chapter, the transportation, purchase, sale,
   housing, care, handling, and treatment of animals by carriers or by persons or organizations engaged in using them for
   research or experimental purposes or for exhibition purposes or holding them for sale as pets or for any such purpose or
   use.
                United States Code
                   TITLE 7 - AGRICULTURE
                      CHAPTER 54 - TRANSPORTATION, SALE, AND HANDLING OF
                      CERTAIN ANIMALS

              U.S. Code as of: 01/06/03
              Section 2132. Definitions

   When used in this chapter –
              (a) The term "person" includes any individual, partnership, firm, joint stock company, corporation,
   association, trust, estate, or other legal entity;
              (b) **The term "Secretary" means the Secretary of Agriculture of  the United States or his
   representative who shall be an employee of the United States Department of Agriculture;**
              (c) The term "commerce" means trade, traffic, transportation, or other commerce -
              (1) between a place in a State and any place outside of such  State, or between points within the same State but
   through any  place outside thereof, or within any territory, possession, or  the District of Columbia;
              (2) which affects trade, traffic, transportation, or other commerce described in paragraph (1).
              (d) The term "State" means a State of the United States, the District of Columbia, the Commonwealth of
   Puerto Rico, the Virgin Islands, Guam, American Samoa, or any other territory or possession of the United States;
              (e) The term "research facility" means any school (except an elementary or secondary school), institution,

or organization, or person that uses or intends to use live animals in research, tests, or experiments, and that (1) purchases or transports live animals in commerce, or (2) receives funds under a grant, award, loan, or contract from a department, agency, or instrumentality of the United States for the purpose of carrying out research, tests, or experiments: Provided, That the Secretary may exempt, by regulation, any such school, institution, organization, or person that does not use or intend to **use live dogs or cats**, except those schools, institutions, organizations, or persons, which use substantial numbers (as determined by the Secretary) of live animals the principal function of which schools, institutions, organizations, or persons, is biomedical research or testing, when in the judgment of the Secretary, any such exemption does not vitiate the purpose of this chapter;.

(f) The term "dealer" means any person who, in commerce, for compensation or profit, delivers for transportation, or transports, except as a carrier, buys, or sells, or negotiates the purchase or sale of, (1) any dog or other animal whether alive or dead for research, teaching, exhibition, or use as a pet, or (2) any dog for hunting, security, or breeding purposes, **except that this term does not include –**

(i) a retail pet store except such store which sells any animals to a research facility, an exhibitor, or a dealer; or (ii) any person who does not sell, or negotiate the purchase or sale of any wild animal, dog, or cat, and who derives no more than $500 gross income from the sale of other animals during any calendar year; (g) The term **"animal" means any live or dead dog, cat**, monkey (nonhuman primate mammal), guinea pig, hamster, rabbit, or such other warmblooded animal, as the Secretary may determine is being used, or is intended for use, for research, testing, experimentation, or exhibition purposes, or as a pet; but such term excludes (1) birds, rats of the genus Rattus, and mice of the genus Mus, bred for use in research, (2) horses not used for research purposes, and (3) other farm animals, such as, but not limited to livestock or poultry, used or intended for use as food or fiber, or livestock or poultry used or intended for use for improving animal nutrition, breeding, management, or production efficiency, or for improving the quality of food or fiber. **With respect to a dog, the term means all dogs including those used for hunting, security, or     breeding purposes;**

(h) The term "exhibitor" means any person (public or private) exhibiting any animals, which were purchased in commerce or the intended distribution of which affects commerce, or will affect commerce, to the public for compensation, as determined by the Secretary, and such term includes carnivals, circuses, and zoos exhibiting such animals whether operated for profit or not; but such term excludes retail pet stores, organizations sponsoring and all persons participating in State and country fairs, livestock shows, rodeos, purebred dog and cat shows, and any other fairs or exhibitions intended to advance agricultural arts and sciences, as may be determined by the Secretary;

(i) The term "intermediate handler" means any person including a department, agency, or instrumentality of the United States or of any State or local government (other than a dealer, research facility, exhibitor, any person excluded from the definition of a dealer, research facility, or exhibitor, an operator of an auction sale, or a carrier) who is engaged in any business in which he receives custody of animals in connection with their transportation in commerce;

(j) The term "carrier" means the operator of any airline, railroad, motor carrier, shipping line, or other enterprise, which is engaged in the business of transporting any animals for hire;

(k) The term "Federal agency" means an Executive agency as such term is defined in section 105 of title 5, and with respect to any research facility means the agency from which the research facility receives a Federal award for the conduct of research, experimentation, or testing, involving the use of animals;

(l) The term "Federal award for the conduct of research, experimentation, or testing, involving the use of animals" means any mechanism (including a grant, award, loan, contract, or cooperative agreement) under which Federal funds are provided to support the conduct of such research. (FOOTNOTE 1) (FOOTNOTE 1) So in original. The period probably should be a semicolon.

(m) The term "quorum" means a majority of the Committee members;

(n) The term "Committee" means the Institutional Animal Committee established under section 2143(b) of this title; and

(o) The term "Federal research facility" means each department, agency, or instrumentality of the United States which uses live animals for research or experimentation.

United States Code
TITLE 7 - AGRICULTURE
CHAPTER 54 - TRANSPORTATION, SALE, AND HANDLING OF
CERTAIN ANIMALS
U.S. Code as of: 01/06/03
Section 2158. Protection of pets
(a) Holding period

(1) Requirement

**In the case of each dog or cat acquired by an entity** described in paragraph (2), **such entity shall hold and care for such dog or** cat for a period of not less than five days **to enable such dog or cat to be recovered by its original owner** or adopted by other individuals before such entity sells such dog or cat to a dealer.

(2) Entities described

**An entity subject to paragraph (1) is** –

(A) **each State, county, or city owned and operated pound or shelter;**

(B) **each private entity established for the purpose of caring for animals, such as a humane society,** or other organization that is under contract with a State, county, or city that operates as a pound or shelter and that releases animals on a voluntary basis; and

(C) each research facility licensed by the Department of Agriculture.

(b) Certification

(1) In general

A dealer may not sell, provide, or make available to any individual or entity **a random source dog or cat** unless such dealer provides the recipient with a valid certification that meets the requirements of paragraph (2) and indicates compliance with subsection (a) of this section.

(2) Requirements

A valid certification shall contain -

(A) the name, address, and Department of Agriculture license or registration number (if such number exists) of the dealer;

(B) the name, address, Department of Agriculture license or registration number (if such number exists), and the signature of the recipient of the dog or cat;

(C) a description of the dog or cat being provided that shall include -

(i) the species and breed or type of such;

(ii) the sex of such;

(iii) the date of birth (if known) of such;

(iv) the color and any distinctive marking of such; and

(v) any other information that the Secretary by regulation shall determine to be appropriate;

(D) the name and address of the person, pound, or shelter from which the dog or cat was purchased or otherwise acquired by the dealer, and an assurance that such person, pound, or shelter was notified that such dog or cat may be used for research or educational purposes;

(E) the date of the purchase or acquisition referred to in subparagraph (D);

(F) a statement by the pound or shelter (if the dealer acquired the dog or cat from such) that it satisfied the requirements of subsection (a) of this section; and

(G) any other information that the Secretary of Agriculture by regulation shall determine appropriate.

(3) Records

The original certification required under paragraph (1) shall accompany the shipment of a dog or cat to be sold, provided, or otherwise made available by the dealer, and shall be kept and maintained by the research facility for a period of at least one year for enforcement purposes. The dealer shall retain one copy of the certification provided under this paragraph for a period of at least one year for enforcement purposes.

(4) Transfers

In instances where one research facility transfers animals to another research facility a copy of the certificate must accompany such transfer.

(5) Modification

Certification requirements may be modified to reflect technological advances in identification techniques, such as microchip technology, if the Secretary determines that adequate information such as described in this section, will be collected, transferred, and maintained through such technology.

(c) Enforcement

(1) In general

Dealers who fail to act according to the requirements of this section or who include false information in the certification required under subsection (b) of this section, shall be subject to the penalties provided for under section 2149 of this title.

(2) Subsequent violations

**Any dealer who violates this section more than one time shall be subject to a fine of $5,000 per dog or cat acquired or sold in violation of this section.**

(3) Permanent revocations

      Any dealer who violates this section three or more times shall have such dealers license permanently revoked.

(d) Regulation

      Not later than 180 days after November 28, 1990, the Secretary shall promulgate regulations to carry out this section.

United States Code
TITLE 7 - AGRICULTURE
CHAPTER 54 - TRANSPORTATION, SALE, AND HANDLING OF CERTAIN ANIMALS

## U.S. Code as of: 01/06/03

## Section 2159. Authority to apply for injunctions

### (a) Request

Whenever the Secretary has reason to believe that any dealer, carrier, exhibitor, or intermediate handler is dealing in stolen animals, or is placing the health of any animal in serious danger in violation of this chapter or the regulations or standards promulgated thereunder, the Secretary shall notify the Attorney General, who may apply to the United States district court in which such dealer, carrier, exhibitor, or intermediate handler resides or conducts business for a temporary restraining order or injunction to prevent any such person from operating in violation of this chapter or the regulations and standards prescribed under this chapter.

### (b) Issuance

The court shall, upon a proper showing, issue a temporary restraining order or injunction under subsection (a) of this section without bond. Such injunction or order shall remain in effect until a complaint pursuant to section 2149 of this title is issued and dismissed by the Secretary or until an order to cease and desist made thereon by the Secretary has become final and effective or is set aside on appellate review. Attorneys of the Department of Agriculture may, with the approval of the Attorney General, appear in the United States district court representing the Secretary in any action brought under this section.

67.    Defendant Fogel, acting in conspiracy with ALL DEFENDANTS knew that none were

EMPLOYEES OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, and were acting in

violation of plaintiffs' constitution right to own personal property [dogs or puppies] when he aided and

abetted said defendant commit an act of "animal enterprise terrorism" by taking a "bribe to write the

following paragraph in furtherance of the scheme to injure plaintiffs business and deprive them of rights,

privileges and immunities secured by the Constitution and Acts of Congress, including, but not limited

to the Sherman Act, the Clayton Act, The Hobbs, Act, RICO, The Animal Enterprise Protection Act, and

the Civil Rights Act of 1871, quoting:

      Plaintiffs allege the following: on April 28, 1998, a small fire occurred on Plaintiffs' property. Plaintiffs believe that someone from the Silicon Valley Humane Society ("SVHS") set the fire because unidentified witnesses stated that they saw a man running from the back of the

property. 2  Some time before the fore was extinguished, an unnamed employee of the SVHS attempt to enter the Gabor's property to "commit theft of property" and was ordered off the property by John Gabor.  On that date, two Campbell police officers entered the Gabor residence.  Officer David Mendez ("Mendez") cited Kay Gabor for violation of City Municipal Code section 7.12.020, which prohibits the breeding of more than one litter per year.  Plaintiffs informed Mendez that they possessed the two adult dogs, neither of which was able to breed, and that no dogs were bred on the property.  Plaintiffs also allege that the City, City Attorney William R. Seligmann ("Seligmann") and the SVHS conspired to have employees and volunteers acting as agents serve as "terrorists spies" who would purchase puppies from Plaintiff with forged checks. 3

The City subsequently "corrected" the citation to remove the previously asserted violation of City Municipal Code section 7.12.020 and replaced it with violations of City Municipal Codes sections 5.10.050 (operating a business without a permit) and 7.20.010 (operating a commercial kennel without a permit), both of which are misdemeanors.  Kay Gabor was arraigned in the Santa Clara Superior Court and pled not guilty to both charges.

---

1 It appears that the Gabors have owned multiple homes in succession in Campbell.

2 The Gabors admit that they cannot prove that an agent of the Silicon Valley Humane Society set the fire.

3 Plaintiffs do not allege when the alleged purchases occurred, identify any of the employees or agents, or set forth any specific facts supporting their claim that the checks were forged.

2

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

68.    Defendant Fogel and ALL DEFENDANTS knew, that CONGRESS regulates ALL ANIMALS

AND ALL ANIMAL ACTIVITIES and that CITY is SUBJECT TO REGULATION, therefore,

conspiring to "make or enforce a law to abridge the privileges of a citizen of the United States" would,

to a district court judge, NOT BRIBED, constitute a violation of plaintiffs' Fourteenth Amendment, but

being "bribed" to participate as a "principal", did "conspire" to falsely allege that CITY could make and

enforce laws against OWNERSHIP, under color of official right, and act as "employees of the United

States Department of Agriculture", when he committed perjury, suborned perjury, and made materially

false representations of fact and law in this court proceedings, in the following paragraphs, quoting:

On April 30, 1999, arrest warrants were issued for both Plaintiffs, accusing them of violating City Municipal Codes sections 7.20.010 and 21.08.040 (prohibitions on commercial/industrial use and storage). Plaintiffs claim that Mendez, Marcia Mayeda, Director of Animal Services for SVHS, and Gloria Sciara, an employee of the City of Campbell, committed perjury in their declarations in support of the arrest warrants. Moreover, Plaintiffs claim that the charges were duplicative. 4

On October 1, 1999, Plaintiffs' counsel argued at the Superior Court that the charges were in violation of the constitutional prohibition against "double jeopardy" and that multiple charges for the same offense were used by Seligmann to enhance his case. 5  Plaintiffs allege that the trial judge failed to uphold Plaintiffs' rights by allowing a person who was not a district attorney (Seligmann) to prosecute them for violation of the City Municipal Code in the Superior Court. 6

69.    Defendant Fogel, knew at all time relevant to his participation with ALL DEFENDANTS, that

defendant Thang Nguyen Barrett (hereinafter "Barrett") state court judge operating the state court

through a pattern of predicate acts of racketeering in the same manner and the state court judges in

*United States v. Frega, supra,* since "CITATIONS" for violations of city and county codes was

**REPEALED** in 1967, no judge to preside over an action initiated by CITITATION as a matter of law,

and California Penal Code §§ 806 requires that state criminal actions be initiated by COMPL;AINT and

SUMMONS issue pursuant to said complaint under California Penal Code § 813, if, and only if, the

magistrate determines from the COMPLAINT that the offense complained has been committed,

therefore, since *Overton v. Ohio,* 534 U.S. 982 (2001, reaffirming *Wong Sun,* no magistrate could have

believed that plaintiffs were committing a crime by owning personal property, and selling said personal

property from their home, or that CITY could regulate the ownership or sale of personal property and

infringe upon plaintiff's right to OWN to the exclusion of others, ALL DOMESTIC ANIMALS, when

defendant Fogel entered into a conspiracy to cover-up the criminal activities of codefendant Barrett

using his official capacity to "extort money from citizens in violation of CPC §§ 182, 186.1, 422, 422.6,

and 518, including, but not limited to 18 U.S.C. §§ 1951(a), (b)(1)-(2), and 1962(d) under the Ninth

Circuit's definition of "stupidity" referred to as "judicial deception" in *Baldwin v. Placer County,* \_\_\_\_

F. 3d \_\_\_\_ ((th Cir. 2005), by making the following perjury and materially false representations of fact

and law, in the following statement, quoting:

> On January 24, 2000, Plaintiffs' counsel advised them that they would be convicted in a jury trial because Judge Thang Nguyen Barrett ("Judge Barrett") had complete control of [the] jury." Plaintiffs' counsel further advised them to accept a bench trial with a guarantee form Judge Barrett and Seligmann that if they were convicted they would have the right to appeal. On February 7, 2000, Judge Barrett found Kay Gabor guilty on numerous counts and sentenced her to three years probation. 7 Plaintiffs claim that they were "duped and deceived" by Judge Barrett

---

4 It appears from official documents that the charges were based upon alleged additional violations of City Municipal Code sections 7.20.010 abd 21.08.040 and did not arise out of the original incident.

5. Plaintiffs do not explain how the additional charges constitute a violation of "double jeopardy" or why it was inappropriate for Seligmann to charge Plaintiffs with multiple counts of violating the City Municipal Code.

6 Plaintiffs do not cite any legal authority as to how the judge erred by allowing Seligmann to prosecute them or why Seligmann, as city attorney, lacked authority to do so.

7 Plaintiffs do not allege outcome of John Gabor's trial and what sentence was imposed, if any.

3

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT LEAVE TO AMEND
(JFEX1)

and Seligmann into consenting to having a bench trial, 8 although they expressly allege that their own counsel advised them to do so.

70.     Defendant Fogel, acting in conspiracy with ALL DEFENDANTS and corrupt state court judge

Barrett and defendant ARTHER BOCANEGO (hereinafter "Bocanego"), and defendant ORVIS

fraudulently represent that as residents of the State of California and Santa Clara County, that they are

IGNORANT of the fact that Article II, Section 12 of the Constitution for the State of California

specifically prohibits appointing any corporation or private person such as defendant Seligmann to

perform any government function, when they participated to the scheme to conduct the superior court

through a pattern of racketeering to extort money under color of state law, knowing that DISTRICT

ATTORNEY GEORGE KENNEDY was the elected district ttorney representing the State of California

and the all APPELLATE cases are argued not by alleged Assistant Attorney General William R.

Seligmann but ATTORNEY GENERAL BILL LOCKYER,  and California PROBATION OFFICER

WILLIAM R. SELIGMANN, and that plaintiffs were deprived of their Sixth Amendment rights since

they were made to pay for the TRANSCRIPTS of their alleged criminal trials knowing that the State of

California is required to provide immediate transcripts, AT NO CHARGE, of all proceedings to all

defendants pursuant to *Kennedy v. Bill Lockyer*, ___ F. 3d ___ (9th Cir. 2005) and any proceeding

whereby the defendant is charges would be a CIVIL ACTION, brought illegally by a "private person"

impersonating not only George Kennedy but Bill Lockyer, when defendant Fogel, acting in conspiracy

faining judicial deception to cover his stupidity made that following materially false statements in the

federal record in return for his "quid pro quo kickback protection racket" with local corrupt judges,

liable for federal bribery charges since *Salinas v. United States, supra,* quoting:

> Plaintiffs filed an appeal in the Superior Court Appellate Department ("Appellate Department"), which affirmed the convictions on January 12, 2001. Plaintiffs also filed a request for a written opinion and alternate certification with the Court of Appeal, which request was denied on May 7, 2001.
>
> Some time after Kay Gabor was convicted, Seligmann violated state and federal laws 9 by sending "animal extremists witnesses" to pose as buyers before them. Campbell Police Chief David Gullo ("Gullo") also ordered Campbell Police Officer Grace Moro ("Moro") to enter Plaintiffs' home without a search warrant and with a wire to tape her conversation with Kay Gabor. 10 Moro posed as a buyer and did not identify herself as a police officer.
>
> In December 20, 2002, Seligmann, allegedly acting as a California probation officer, had Plaintiffs served with a summons to appear with respect to a motion to revoke or modify their probation. Plaintiffs allege that the summons was a "continued ongoing assault" against them. Moreover, Plaintiffs claim that private prosecution is prohibited by law and that they suffered prejudice and invasion of privacy. On December 12, 2003, Kay Gabor was found guilty of violating her probation and sentenced to serve one hundred and fifty hours of community service and pay a fine of $1,110, and her probation period was extended to February 2005. Plaintiffs allege that Judge Arther Bocanegra ("Judge Bocanegra") lacked jurisdiction "did not rule against Judge Barrett and kept face with the corrupt Santa Clara County Court by remaining politically correct."
>
> In January 5, 2004, Kay Gabor filed a notice of appeal in the Superior Court Appellate

---

8 Plaintiffs do not allege how they were "duped and de3ceived" by Judge Barrett and Seligmann.

9 Plaintiffs do not specify which state or federal laws were violated.

10. Plaintiffs fail to specify the date of this event.

4

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

04-05230 FIRST AMENDED CIVIL RICO & CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL     page 61

Department. Her funds were exhausted by this point and she was declared an indigent. Thomas V. Orvis ("Orvis") was assigned by the Appellate Department to serve as her counsel. Orvis told her that she had no basis for an appeal, and on April 14, 2004, he filed a brief raising no issues and requesting that the court review the entire record. On April 16, 2004, Kay Gabor herself filed a brief challenging the jurisdiction of Superior Court as well as the right of the City of Campbell and Seligman to enforce municipal codes on her private residence, claiming that the City of Campbell cannot impose city codes upon privately owned property.

On June 25, 2004, the Appellate Department denied Kay Gabor's motion to remove Orvis as her assigned attorney. On August 5, 2004, the Appellate Department denied a second motion to remove Orvis as Kay Gabor's attorney. Kay Gabor claims that she was denied her Sixth Amendment right to effective representation of counsel because Orvis allegedly never informed her of the court's first denial of her motion to remove him as counsel, and also that she was deprived a neutral detached magistrate by the Appellate Department in violation of her Sixth Amendment rights. 11 Kay Gabor exhausted her appeals process with the Appellate Department. The District Court of Appeal denied review of her claim.

71.   Defendant Fogel, acting in conspiracy with ALL DEFENDANTS was required to ACCEPT ALL FACTUAL ALLEGATIONS IN COMPLAINT AS TRUE, but the record indicated that as discovered by the Ninth Circuit, in ***Wall v. Orange County, supra,*** corrupt judges let defendant write their opinion in which ALL DEFENDANTS deny the existence of the First, Fourth, Fifth, Eight, and Fourteenth Amendment, and in return for their quid pro quo write the following statements NOT FOR CITATION which they stupidly believe will never be republished for the ENTIRE NATION TO READ, did make the following statements in violation of Rule 301, quoting:

Plaintiffs bring the instant action alleging violations of 42 U.S.C. §§ 1981, 1983, 1985, 1986; 18 U.S.C. §§ 43, 241, 241 [sic] 1621, 1623, 1951(a), (b)(1)-(3); 1962; 7 U.S.C 1331; the First, Fourth, Fifth, Eight, and Fourteenth Amendment; and claims for slander, malicious prosecution, trespass, harassment, impersonation, assault, intentional infliction of severe emotional distress, false incarceration of an elderly senior citizen, false accusations, misrepresentation, trial fixing, corruption of the City of Campbell, and corruption at all levels in the Santa Clara County Court system. Moreover, Plaintiffs move to strike Defendants' motion to dismiss, asserting that Defendants erroneously filed their motion in violation of Rules 5(a), 7(a),

---

11 It appears that Kay Gabor **also may wish to allege a violation of her Sixth Amendment** right to choose her own counsel. However, Plaintiffs have not alleged any Sixth Amendment claims in their complaint and therefore the Court will not consider any such claims at this time.

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

7(b)(3) and 11 of the Federal Rules of Civil Procedure.

72.    Defendant Fogel, acting in conspiracy with ALL DEFENDANTS, to cover up their fraud on the

United States, failure to file appearance form, corporate disclosure form, and violations of Rule 11, in

furtherance of his "kickbacks" in violation of 18 U.S.C. §§ 201, a felony actionable as a civil RICO

predicate under § 1961(b) and §§ 1964(a)-(c).

73.    Defendant Fogel, made materially false representations in direct conflict with the United States

Supreme Court in *Sedima and Rotella, supra,* falsely asserting that RACIAL DISCRIMINATION must

be proven by the plaintiffs to state a claim, this argument brought by defendant Collins is perjury,

subornation of perjury, and materially false representations of fact and law, since defendant FOGEL is

the assigned judge in the HELLS ANGELS v. SANTA CLARA COUNTY which is "white bikers" with

rights, supposedly the County attorney did not pay a big enough bribe to PURCHASE IMMUNITY for

violation of civil rights, and the "statute of limitations begins to run at THE LAST PREDICATE ACT,

in ongoing racketeering or civil rights violation, in an ONGOING RACKETEERING ENTERPRISE

such as alleged, and **SHALL BE ACCEPTED AS TRUE**, since all defendants failed to answer or

deny, in fact BRAGGED about their ability to buy INFLUENCE from corrupt state and federal judges,

AFFIRMATIVE DEFENSES are Rule 8(c) and must in the FIRST PLEADING filed by defendant

pursuant to the 1966 Amendment of Rule 12(g) and (h), therefore, defendant are subject to Rule 8(d)

Effect of Failure to Deny, with or without "racial amicus" , quoting:

> Defendants move to dismiss on the basis of Rule 12(b)(6) of the Federal Rules of Civil
> Procedure for failure to state a claim. Defendants assert that: (1) Federal criminal statutes do not
> give rise to a private cause of action; (2) the statutes so not apply to Plaintiffs and/or Defendants:
> (3) the lawsuit is brought against defendants who have immunity; (4) the facts and dates alleged
> in the complaint indicate that the claims are barred by the statute of limitations; (5) a claim
> brought under 18 U.S.C. 1981, 1983, 1985 or 1986 must **allege racial discrimination**; (6) the
> facts supporting the elements of Plaintiffs various claims **are not adequately pled;** (7) this Court
> lacks jurisdiction over some of the claims; (8) some claims are barred by the principles of res
> judicata and issue preclusions; and (9) Plaintiffs are vexatious litigants.

73.    Defendant Fogel acting in conspiracy with ALL DEFENDANTS did re-write Title 42 U.S.C. §§

1981, 1983, and 1985, which has no "racial requirement" when he committed perjury for ALL

DEFENDANTS, the Act of Congress, provide, in pertinent part:

04-05230 FIRST AMENDED CIVIL RICO & CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL    page 63

United States Code
  TITLE 42 - THE PUBLIC HEALTH AND WELFARE
  CHAPTER 21 - CIVIL RIGHTS
    SUBCHAPTER I - GENERALLY
      U.S. Code as of: 01/22/02
  Section 1981. Equal rights under the law
        (a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make
and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings
for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment,
pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
        (b) "Make and enforce contracts" defined
 For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification,
and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual
relationship.
        (c) Protection against impairment
        The rights protected by this section are protected against impairment by nongovernmental discrimination
and impairment under color of State law.

    United States Code
  TITLE 42 - THE PUBLIC HEALTH AND WELFARE
  CHAPTER 21 - CIVIL RIGHTS
  SUBCHAPTER I - GENERALLY

U.S. Code as of: 01/22/02
Section 1983. Civil action for deprivation of rights

        **Every person who,** under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory
or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person
within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution
and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for
redress, except that in any action brought against a judicial officer for an act or omission taken in such
officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or
declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to
the District of Columbia shall be considered to be a statute of the District of Columbia.

    United States Code
  TITLE 42 - THE PUBLIC HEALTH AND WELFARE
  CHAPTER 21 - CIVIL RIGHTS
    SUBCHAPTER I - GENERALLY

  U.S. Code as of: 01/22/02
  Section 1985. Conspiracy to interfere with civil rights

  (1) Preventing officer from performing duties
        If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person
from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any
duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where
his duties as an officer are required to be performed, or to injure him in his person or property on account of his
lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his
property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;
        (2) Obstructing justice; intimidating party, witness, or juror If two or more persons in any State or
Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States
from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure
such party or witness in his person or property on account of his having so attended or testified, or to influence the
verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his
person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his

being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

**(3) Depriving persons of rights or privileges**

    **If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.**

74.    Defendant Fogel, knew, the each and every defendant was compelled to file Rule 8(b)

ANSWER, and that defendant Collins could not file motion to dismiss PRE-ANSWER, and that the

court SHALL ACCEPT ONLY THE FACTUAL ALLEGATIONS IN COMPLAINT AS TRUE, and

cannot go outside the complaint to third-party Collins, see *LaLomde v. County of Riverside, supra,* and

did commit perjury in furtherance to his participation on conspiracy with ALL DEFENDANTS to cause

DELAY and EXPENSE to obstruct these proceedings in violation of 18 U.S.C. § 201 and § 1962(d) in

making that following materially false representation of fact and law, quoting:

## II.    LEGAL STANDARD

    A complaint may be dismissed pursuant to Rule 12(b)(6) for one of two reasons: (1) lack of cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *See Conley v. Gibson,* 353 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Clegg v. Cult Awareness Network,* 18 F. 3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond a reasonable doubt the plaint can prove no set of facts in support of his claim that would entitle him to relief." *Id.* Where a complaint is dismissed, leave to amend should be granted unless "any amendment would be an exercise in futility or . . . the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.,* 143 F. 3d 1293, 1298 (9th Cir. 1998) (internal citations omitted).

75.    Defendant Fogel knew that no judge could dismiss a complaint pursuant to Rule 12(b)(6) with

JURY DEMAND since plaintiff said they did, and defendants say they did not, in a genuine factual

issue for the JURY, see *Leslie v. Grupo ICA, supra,* in which plaintiff SHALL CALL as a WITNESS

district court judge Vaughn Wagner, pursuant to *Dennis v. Sparks,* 101 S. Ct. 183 (1980)

76.     Defendant Fogel committed perjury in furtherance of his scheme with ALL DEFENDANT to

conduct the affairs of the court through a pattern of predicate acts of bribery and perjury, knowing that

the United States Court, stated the following in *Rotella v Woods, supra,* order [30] at 6.¶ III,

> See *Rotella v Wood,*
>
>       What is equally bad is that a less demanding basic discovery rule than federal law
> generally applies would clash with the limitations imposed on Clayton Act suits. This is
> important because, as we have previously noted, there is a clear legislative record of
> congressional reliance on the Clayton Act when RICO was under consideration, see *Sedima,*
> *S.P. R. L. v. Imrex Co.,* 473 U. S. 479, 489 (1985), and we have recognized before that the
> Clayton Act's injury-focused accrual rule was well established by the time civil RICO was
> enacted. Klehr , 521 U. S., at 189 . In rejecting a significantly different focus under RICO,
> therefore, we are honoring an analogy that **Congress itself** accepted and relied upon, and one
> that **promotes the objectives of civil RICO** as readily as it furthers the objects of the Clayton
> Act. Both statutes share a common congressional objective of **encouraging  civil litigation** to
> supplement Government efforts to deter and penalize the respectively prohibited practices. **The**
> **object of civil RICO is thus not merely to compensate victims but to turn them into**
> **prosecutors, "private attorneys general," dedicated to eliminating racketeering activity.** 3
> Id. , at 187 (citing *Malley-Duff*, 483 U. S., at 151 ) (**civil RICO specifically has a "further**
> **purpose [of] encouraging potential private plaintiffs diligently to investigate**"). The
> provision for treble damages is accordingly justified by the **expected benefit of suppressing**
> **racketeering activity, an object pursued the sooner the better.** It would, accordingly, be
> strange to provide an unusually long basic limitations period  that could only have the effect of
> postponing whatever public benefit civil RICO might realize. **The Clayton Act avoids any such**
> **policy conflict by its accrual rule that "generally, a cause of action accrues and the statute**
> **begins to run when a defendant commits an act that injures a plaintiff's business,"** *Zenith*
> *Radio Corp. v. Hazeltine Research, Inc.,* 401 U. S., at 338 , and the Clayton Act analogy reflects
> the clear intent of  Congress to reject a potentially longer basic rule under RICO.

77.     Defendant Fogel's perjury in ORDER, knowing that 7 U.S.C. § 2131 is CONGRESSIONAL

STATEMENT OF POLICY, which prohibits CITY making or enforcing laws, ordinances or regulations

that BURDEN plaintiffs' ownership or use of LIVE OR DEAD DOGS in commerce, the perjury below

is sufficient admissible evidence that he was bribed to commit perjury for ALL DEFENDANT in

violation of 18 U.S.C. §§ 2,3, 202, 1621, 1622, and 1623. quoting:

III.     DISCUSSION

A     18 U.S.C. §§ 43, 241, 242, 1621, 1623 and 1951

No private right of action arises from a statute absent congressional intent to create a Remedy. *California v. Sierra Club*, 451 U.S. 287 (1981). Plaintiffs claims for violation of 18 U.S.C. § 43 (Animal Enterprise Terrorism), 18 U.S.C. § 241 (conspiracy against rights), 18

6

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

U.S.C. § 242 (deprivation of rights under color of law), 18 U.S.C. § 1621 (perjury), 18 U.S.C. § 1623 (false declaration) and 1951 (Hobbs Act) **do not give rise to a private civil claim for relief.** Accordingly, Defendants' motion to dismiss as to these claims will be granted without leave to amend.

B.    7 U.S.C. § 2131

**Title 7 U.S.C. § 2131 does not expressly or implicitly preempt state or local law. "[C]ongressional purpose to displace local laws must be clearly manifested . . .[o]r if the claim is conflict in terms, it must be clear that the federal provisions are inconsistent with those of the state to justify the thwarting of state regulation."** *People of the State of California v Zook*, 336 U.S. 725 (1949) (internal citations omitted). In the instant case, the City of Campbell's Municipal Code sections **that restrict the number of animals that may be kept at a residence and that require a permit to operate a business or a kennel are not preempted by Title 7 U.S.C. § 2131.** Accordingly, the Court will grant Defendants' motion to dismiss as to this claim without leave to amend.

78.    Defendant Fogel conspired to commit perjury and re-write 42 U.S.C. § 1981 , supra, since §

1981 makes no reference to WHITE PERSONS or the RIGHTS ENJOYED BY WHITE PEOPLE,

quoting:

C.    42 U.S.C. § 1981

Plaintiffs claim that Defendants violated § 1981 when they allegedly conspired to "illegally trespass to commit theft of Gabor's property." Plaintiffs further allege that Defendants City of Campbell, Seligmann, Gullo and Moro **fabricated charges and engaged in malicious prosecution and extortion in violation of § 1981.**

Title 42 U.S.C. § 1981 states in relevant part: "[a]ll persons within the jurisdiction of The United States shall have the same right in every State and Territory . . . **as is enjoyed by white citizens** . . . ." 42 U.S.C. § 1981. **Claims pursuant to § 1981 must allege intentional discrimination on the basis of race.** *Evans v. McKay*, 869 F. 2d 1341, 1344 (9th Cir. 1989). In the instant case, **Plaintiffs fail to allege racial discrimination**

Moreover, it appears that the statute of limitations with respect to this claim has expired. **"Since there is no specifically stated or otherwise relevant statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one**

7

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

provides by law." *Johnson v. Railway Exp. Agency, Inc.* 421 U.S. 454, 462 (1975). For the purposes of selecting an applicable statute of limitations, claims arising under § 1981 are analogous to a claim for personal injury. *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 661 (1987). In California, the applicable statute of limitations is two years. Cal. Civ. Proc. Code § 335.1 (formally § 340(3)); *Roman v. County of Los Angeles,* 85 Cal. App. 4th 316, 323 (2000).

> **However, Defendants argue that the applicable statutory period should be one year because the events giving rise to this action occurred in 1998 and 1999.** 13 At this time, the applicable statutory period was one year pursuant to California Code of Civil Procedure § 340(3).

> Regardless of whether the Court applies a one year or two year statutory period, it appears that the statute of limitations has run. It appears unlikely that Plaintiffs will be able to allege the **necessary racial component of a § 1981 claim, or allege facts demonstrating tolling of the statute of limitations.** However, in light of Plaintiffs' pro se status, the Court will afford them an opportunity to address the defects discussed herein. Accordingly, the Court will grant Defendants' motion to dismiss as to this claim with leave to amend.

79.    Defendant Fogel, knew, and remarks that ALL DEFENDANTS ADMIT violating plaintiffs' rights in 1998 and 1999, forgetting that they also have a ONGOING conspiracy to violate plaintiff's rights in 2004, but prior heinous crimes allegedly are CONSENTUAL if ALL DEFENDANTS CAN BRIBE defendant Fogel, quoting:

D.    42 U.S.C. § 1983

Title 42 U.S.C. § 1983 states:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . .

42 U.S.C. § 1983. It appears that the statute of limitations on any § 1983 claim has expired. In California, the present statute of limitations for a claim arising under § 1983 is two years. Cal. Civ. Proc. Code § 335.1 (formally § 340(3)**)). Defendants argue that the applicable statutory period should be one year because the events giving rise to the instant action occurred in 1998 and 1999.** 13 *Usler v. City of Los Angeles,* 828 F. 2d 556, 561 (9th Cir. 1987). Regardless of

---

12 **Defendants claim that the events may have occurred even earlier than 1998 and 1999.**
13. **Defendants claim that the events may have occurred even earlier than 1998 and 1999.**

8

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

04-05230 FIRST AMENDED CIVIL RICO & CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL    page 68

**whether the Court applies a one year or two year statutory period, Plaintiffs fail to allege a violation that occurred within the statutory period. Accordingly, the Court will grant Defendants' motion to dismiss as to this claim with leave to amend so that Plaintiffs may attempt to plead facts demonstrating actionable conduct within the limitations period or a tolling of the limitations period.**

80.    Defendant Fogel knew that plaintiff's had not alleged a violation of REPEALED § 1984, see

defendants materially false representation below, quoting:

> E.    42 U.S.C. § 1984
> Plaintiffs may not bring a claim for violation of 42 U.S.C. § 1984 because § 1984 has been repealed; this claim will be dismissed without leave to amend.

81.    Defendant Fogel acting in conspiracy with ALL DEFENDANTS, since CPC requires only two

persons, file and false action to obtain money or property, which ALL DEFENDANTS ADMIT THEY

DID makes materially false representations and re-writes § 1985 and § 1986, quoting:

> F.    42 U.S.C. § 1985
> In order to state a claim for violation of 42 U.S.C. § 1985, Plaintiffs must assert that" (1) Defendants conspired to deprive Plaintiffs of equal protection of the laws, thereby causing injury to them or their property; and that such conspiracy was founded upon <u>racial or other class-based discrimination</u>. *Briley v. State of California,* 564 F. 2d 849, 858 (9th Cir. 1977). In California, the statute of limitations for a claim arising under § 1983 is two years. Cal. Civ. Proc. Code § 335.1 (formally 340(3)); *McDougal,* 942 F. 2d 668. **Defendants argue that the applicable statute of limitations is the one year statutory period that was in place when the events occurred during 1998 and 1999. Regardless of whether the Court applies a one year statutory period, Plaintiffs' claim appears to be time-barred. Moreover, Plaintiffs fail to allege racial or other class-based discrimination. Accordingly, the Court will grant Defendants' motion to dismiss with leave to amend.**

> G.    42 U.S.C § 1986
> Title 42 U.S.C. § 1986 is a derivative of § 1985. If no valid claim is established pursuant to § 1985 then no valid claim can be established pursuant to § 1986. *Karim-Panahi v. Los Angeles Police Dep't.,* 839 F. 2d 621, 626 (9th Cir. 1988). **Accordingly, the Court will grant Defendants' motion to dismiss this claim with leave to amend.**

82.    Defendant Fogel conspired with ALL DEFENDANTS relating to plaintiff's "slander claim"

since "BUSINESS GOOD WILL" is a property right in the State of California. and a actionable tort

claim, when he made materially false representations of fact and law, quoting:

H.    Slander

**Plaintiffs assert that an article published in The Campbell Reporter constitutes slander. In**

9

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

**California, the statute of limitations for slander is one year. Cal. Civ. Proc. Code § 340(c). The Article in question was published on April 9, 2003 and Plaintiffs did not file the instant complaint Until December 10, 2004. Accordingly, Plaintiffs' cause of action for slander is time-barred. Because the date of the alleged defamatory publication is undisputed, the Court will grant Defendants' motion to dismiss this claim without leave to amend.**

83.    Defendant Fogel acting in conspiracy with ALL DEFENDANT made materially false

representations of fact and law, in direct conflict with the U.S. Supreme Court in *Sedima, supra*, in the

committing the perjury below, quoting:

I.    18 U.S.C. § 1962 ("RICO")

Plaintiffs claim that Defendants' actions violated 18 U.S.C. § 1962, commonly referred to as "RICO." The statutory period in which a claim for violation of RICO may be filed in four years. *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 152 (1987) (holding that the four-year statute of limitations of the **Clayton Act, 15 U.S.C.A. § 15(b), should be applied uniformly to all civil RICO claims). It appears that all of the events giving rise to this cause of action occurred in 1998 and 1999, and therefore fall outside of the statutory period.**
**Accordingly, the Court will grant Defendants' motion to dismiss this claim with leave to amend so that Plaintiffs may attempt to plead around the apparent time bar.  14**

J.    28 U.S.C. § 1331

**Title 28 U.S.C. § 1331 states that: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. This section does not provide an independent basis for bring a constitutional claim. Accordingly, the Court will grant Defendants' motion to dismiss this claim without leave to amend.**

84.    Defendant Fogel acting in conspiracy with ALL DEFENDANT failed to note the Ninth Circuit's

imposition of liability on the California Supreme Court for violation a citizen's First Amendment by

declaring said citizen "vexatious: see *Wolf v Spankman*, ___ F. 3d ___ (9th Cir. 2005), quoting;

K.    Vexatious Litigants

Defendants assert that Plaintiffs' claims should be dismissed because they are vexatious litigants and the instant action is brought maliciously and for the purpose of harassing Defendants.  Defendants argue that: (1) they have a duty to the public to enforce the law and because Plaintiffs consistently disregard valid city ordinances and refuse to comply they have

_____

14 Plaintiffs also fail to allege sufficient facts to establish the necessary statutory element of a "racketeering enterprise."

10

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

been prosecuted and found guilty of violating city ordinances; (2) Plaintiffs are suing them in retaliation instead of complying with the ordinances; and (3) Plaintiffs have knowledge that they have no basis for bring a private cause of action under federal criminal statutes, such as the Animal Enterprise Protection Act, because this Court has previously issued an order stating that Plaintiffs have no such right.  Defendants claim that Plaintiffs are vexatious, that their conduct is harassing and that their action should be dismissed on this basis.

There are a number of reported decisions that discuss "vexatious litigants" orders, *see, e.g.*, *Delong v. Hennessey,* 912 F. 2d 1144, (9th Cir. 1990), *cert. denied, Delong v. American\Protective Serv.,* 498 U.S. 1001 (1990), but there is no federal statute on rule that defines the term.  California law provides the following definition, stating that a vexatious litigant is someone who:

> repeatedly relitigates or attempts to relitigate, in propria persona, either (1) the validity of the determination against the same defendants or defendants as to whom the litigation was finally determined, or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

Cal. Civ. Proc. Code § 391(b).  Even if this Court were inclined to look to California authority only one named defendant in the instant case, the SVHS, was a named defendant in Plaintiffs' previous action.  Moreover, the one prior case cited by Defendants is not sufficient to sustain a finding that Plaintiffs are vexatious under any definition. Accordingly, the Court will deny without prejudice Defendants' motion to declare Plaintiffs vexatious litigants.  Should Plaintiffs engage in future litigation conduct as described in § 391(b), Defendants may renew their motion.

85.    Defendant Fogel, acting in conspiracy with defendant Wieking, since the USDC CLERK'S

MANUAL prohibits "clerks from accepting documents", and did unlawfully enter prohibited pleadings

in the record with no service list, and no attorney appearance form, and took a bribe to allow ALL

DEFENDANT to "procure" a judicial act in violation of 18 U.S.C. § 2, and did unlawfully deny

plaintiffs' lawful motion to strike in return for "bribes and quid pro quo contract with defendant in violation of 18 U.S.C. § 201, and provides the following evidence, quoting:

        L.    Plaintiffs' Motion to Strike Defendants' Motion to Dismiss

**Plaintiffs claim that Defendant's motion to dismiss should be stricken for violation of Rule 5(a) of the Federal Rules of Civil Procedure because Defendants' counsel failed to file an "appearance form" when he filed the motion to dismiss. Defendants assert that an "appearance form" is required only when the lead counsel on the case is different from the person signing the pleadings. Because Defendants' counsel, Mark S. Collins, Esq. "Collins"), is both lead counsel and the person signing the pleadings, no form is required. Moreover, "appearance" as referenced**

11

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

**in Rule 5(a) has no relation to an "appearance form."**

**Plaintiffs also argue that Defendants may not file a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because they have not filed an answer. As the Court explained during oral argument, a motion made pursuant to Rule 12(b)(6) is a responsive Pleading and Defendants are permitted to file such a motion to dismiss for "failure to state a Claim upon which relief can be granted" *BEFORE* an answer is filed. The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the complaint.**

**Plaintiffs further argue that Defendants personally must file an answer to their complaint and that by filing pleadings for Defendants, Collins has violated Rules 7(a), 7(b)(3) and 11. Nothing in the Federal Rules of Civil Procedure prohibits a party from hiring an attorney to file documents on his or her behalf.**

**Finally, Defendants are permitted to raise a claim of qualified immunity in a motion to dismiss. Plaintiffs cite no authority in support of their proposition that qualified immunity is a question that must be determined by a jury in every case. Accordingly, the Court will deny Plaintiffs' motion to strike Defendants' motion to dismiss.**

12

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

86.   Defendant Fogel, acting in conspiracy with ALL DEFENDANTS did dismiss plaintiffs' complaint knowing that CITY, "private corporations, and private persons, ARE NOT ENTITLED TO THE SHIELD OF QUALIFIED IMMUNITY, *Walkins v City of Oakland, supra,* when he, in return for a bribe, quid pro quo, cause delay and excessive costs, and conspired to violate Rule 1, and did deliver the PROCURED judicial act in violation of 18 U.S.C. §§ 2, 3, 4, 201, 1962(d), quoting:

IV.    ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED THAT:

1.  Defendants' motion to dismiss is GRANTED IN PART WITH LEAVE TO AMEND
AND IN PART WITHOUT LEAVE TO AMEND, AS STATED HEREIN. 15  Any amended
pleading shall be filed and served on or before May 27, 2005.

2.  Plaintiffs' motion to strike Defendants' motion is DENIED.

DATED:_____4-26-05_____

_____
JEREMY FOGEL
United States District Judge

_____

15 **Defendants raised additional arguments that the Court need not address in light
of its  disposition of Plaintiffs' claims on the grounds discussed.  The Court's declination
to address these additional arguments at this time is without prejudice to Defendants'
raising them in a renewed 12(b)(6) motion if appropriate.**

13

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(JFEX1)

This Order has been mailed to the following persons:

Mark Scott Collins
Collins & Schlothauer
1818 The Alameda
San Jose, CA. 95126-1731

John Gabor
590 Smokey Court
Campbell, CA 95008

Kay Gabor
590 Smokey Court
Campbell, CA 95000 [sic]

14

Case No. C 04-05230 JF
ORDER GRANTING MOTION TO DISMISS IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT
LEAVE TO AMEND
(FEX1)

87.    ALL DEFENDANTS  did knowingly and intentionally participate in a "conspiracy" to injure

plaintiffs' persons, property and business, and in the words of the UNITED STATES SUPREME

COURT, *Salinas v United States, supra,* "conspiracy is a distinct evil, dangerous to the public, and

punishable in itself."

### PLAINTIFFS FIRST CLAIM AGAINST ALL DEFENDANTS
### FOR CONSPIRACY TO DEPRIVE PLAINTIFFS OF RIGHTS SECURED BY
### THE FIRST, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, THIRTEENTH,
### and FOURTEENTH AMENDMENT TO THE CONSTITUTION
### OF THE UNITED STATES

88.   Paragraphs 1 through 87 are hereby incorporated herein pursuant to Rule 10.

89.   Plaintiffs FIRST CLAIM against ALL DEFENDANTS, as alleged in First Amended Complaint,

for conspiracy to deprive plaintiffs of rights secured by the First, Fourth, Fifth, Sixth, Seventh, Eighth,

Thirteenth, and Fourteenth Amendments to the Constitution of the United States which presents a

cognizable claim for which the JURY can award damages and injunctive relief under the civil remedies

of 28 U.S.C. § 1343.

### PLAINTIFFS SECOND CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY
### TO DEPRIVE PLAINTIFFS OF THE RIGHTS, PRIVILEGES AND IMMUNITIES
### SECURED BY TITLE 42 U.S.C. §§ 1981, 1983 and 1985(3)
### UNDER COLOR OF OFFICIAL RIGHT

90.   Paragraphs 1 through 89 are hereby incorporated herein pursuant to Rule 10.

91.   Plaintiffs SECOND CLAIM against ALL DEFENDANTS, as alleged in First Amended

Complaint, for conspiracy to deprive Plaintiffs of rights, privileges, and immunities secured by Title 42

U.S.C. §§ 1981, 1983 and 1985(3) which presents a cognizable claim for which the JURY can award

damages and injunctive relief pursuant to 28 U.S.C. § 1343.

### PLAINTIFFS THIRD CLAIM AGAINST ALL DEFENDANTS  FOR CONSPIRACY
### TO INTERFERE WITH COMMERCE BY THREATS AND VIOLENCE
### IN VIOLATION OF THE HOBBS ACT, 18 U.S.C. § 1951 et seq.

92.   Paragraphs 1 through 91 are hereby incorporated herein pursuant to Rule 10.

93.   Plaintiffs THIRD CLAIM against ALL DEFENDANTS, as alleged in First Amendment

Complaint, for conspiracy to interfere with commerce by threats and violence in violation of the Hobbs

Act, 18 U.S.C. § 1951 et seq., which presents a cognizable claim for which the JURY can award

injunctive relief, threefold damages, reasonable attorneys' fees, if any, and costs, pursuant to the the

civil remedies statutorily provided under 18 U.S.C. §§ 1964(a) and (c).

**PLAINTIFFS FOURTH CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY
TO CONDUCT THE AFFAIRS OF THE STATE AND FEDERAL COURTS THOUGH
A PATTERN OF PREDICATE ACT OF BRIBERY TO DEPRIVE PLAINTIFFS
OF DUE PROCESS AND ACCESS TO STATE AND FEDERAL COURT CIVIL REMEDIES
IN VIOLATION OF THE ANTI-CORRUPTION ACT OF 1988, 18 U.S.C. §§ 1341,
as defined § 1346, and 1962 et seq.**

94.    Paragraphs 1 through 93 are hereby incorporated herein pursuant to Rule 10.

95.    Plaintiffs FOURTH CLAIM against ALL DEFENDANTS as alleged in First Amended

Complaint, for conspiracy to conduct the affairs of the state and federal courts through a pattern of

predicate acts of bribery to deprive plaintiffs of due process and access to state and federal court civil

remedies in violation of the Anti-Corruption Act of 1988, 18 U.S.C. §§ 1341, as defined, 1346, and 1962

et seq. which presents a cognizable claim for which the JURY can award injunctive relief, threefold,

damages, and costs under the civil remedies statutorily provided under 18 U.S.C. §§ 1964(a) and (c).

**PLAINTIFS FIFTH CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY
TO VIOLATE THE SHERMAN ACT AND THE CLAYTON ACT BY ILLEGAL
RESTRAINT OF TRADE AND DENIAL OF CITIZENS RIGHT TO OWN AND
POSSESS PERSONAL PROPERTY LAWFULLY PURCHASED IN COMMERCE FOR
USE IN COMMERCE AND ANIMAL ENTERPRISE TERRORISM COMMITTED BY
CORPORATION SVHS AND MUNICIPAL CORPORATION CITY**

96.    Paragraphs 1 through 95 are hereby incorporated herein pursuant to Rule 10.

97.    Plaintiffs FIFTH CLAIM against ALL DEFENDANTS, as alleged in First Amended Complaint,

for conspiracy to violate The Sherman Act and The Clayton Act by illegal restraint of trade and denial of

citizens' right to own, possess personal property lawfully purchased in commerce for use in commerce

and Animal Enterprise Terrorism committed by corporation SVHS and municipal corporation City,

which present a cognizable claim for which the JURY can award injunctive relief, threefold damages,

costs pursuant to the civil remedies of 15 U.S.C. §§ 1 and 15b, also the civil remedies provided 18

U.S.C. §§ 1964(a) and (c).

**PLAINTIFFS SIXTH CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY TO MAKE AND ENFORCE UNCONSTITUTIONAL LAW, ORDINANCES, REGULATIONS TO FRAUDULENTLY CONVEY TO ALL DEFENDANTS THINGS SUBJECT TO OWNERSHIP OF PLAINTIFFS WITHOUT DUE PROCESS OR JUST COMPENSATION UNDER COLOR OF OFFICIAL RIGHT IN VIOLATION OF THE FIFTH AMENDMENT**

98.    Paragraphs 1 through 97 are hereby incorporated herein pursuant to Rule 10.

99.    Plaintiffs SIXTH CLAIM against ALL DEFENDANTS, as alleged in First Amended Complaint,

for conspiracy to make and enforce unconstitutional laws, ordinances, and regulations to fraudulently

convey to ALL DEFENDANTS things subject to ownership of Plaintiffs without due process or just

compensation under color of official right in violation of the Fifth Amendment which presents a

cognizable claim for which the JURY can award injunctive relief, return of property, and just

compensation under the Due Process Clause of the Constitution of the United States.

**PLAINTIFFS SEVENTH CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY TO COMMIT LARCENY BY ENITITIES RECEIVING FEDERAL FUNDS IN VIOLATION OF 18 U.S.C. §§ 666 and 1341, also California Penal Code §§ 182, 422, 422.6, 484, and 518**

100.    Paragraphs 1 through 99 are hereby incorporated herein pursuant to Rule 10.

101.    Plaintiffs SEVENTH CLAIM against ALL DEFENDANTS, as alleged in First Amended

Complaint, for conspiracy to commit larceny by entities receiving federal funds in violation of 18 U.S.C.

§§ 666 and 1341, also California Penal Code §§ 182, 422, 422.6, 484, and 518, which present a

cognizable claim for which the JURY can award injunctive relief, and compensatory damages under the

civil remedies provided under 18 U.S.C §§ 1964(a) and (c).

**PLAINTIFFS EIGHTH CLAIM AGAINST ALL DEFENDANTS FOR CONSPIRACY TO IMPERSONATE FEDERAL ACTORS AND CONSPIRACY BY FEDERAL ACTORS TO COVER-UP THEFT UNDER COLOR OF OFFICIAL RIGHT BY FRAUD AND SWINDLES, 28 U.S. § 2679**

102.    Paragraphs 1 through 101 are hereby incorporated herein pursuant to Rule 10.

103.    Plaintiffs EIGHTH CLAIM against ALL DEFENDANTS, as alleged in First Amended

Complaint, for conspiracy to impersonate federal actors, 18 U.S.C. §§ 912, 913, and conspiracy by

federal actors to cover up theft under color of official right by fraud and swindles, which presents a

cognizable claim for which the JURY can award injunctive relief, compensatory damages and cost

under the civil remedies provided by 28 U.S.C § 2679.

## DAMAGES AND PRAYER FOR RELIEF

104.    As a proximate and natural result of ALL DEFENDANTS' conspiracy to injure the John

Gabor and Kay Gabor, All Defendants did commit actions, and omissions, including those of their

agents, officers, employees, who were acting in conspiracy and joint participation under color of official

right, or under color of state law as governmental actors and private actors, plaintiffs John Gabor and

Kay Gabor have been subjected to injuries and have suffered, and more likely than not, will suffer the

following damages,and DEMAND relief from EACH AND EVERY DEFENDANT as follows:

     a.     Damages demand in First Amended Complaint;

     b.     Injunctive relief ;

     c.     Consequential damages;

     d.     Threefold damages, reasonable attorney's fees, and costs;

     e.     Exemplary and/or punitive damages;

     f.     Prejudgment and post judgment interest, and

     g.     Any other monetary relief awarded by the JURY as they believe

reasonable and just compensation for Defendants' conduct which was egregious and the direct or

indirect, and proximate causation of plaintiff's injuries under the totality of the circumstances and by the

preponderance of the evidence, Federal Rules of Civil Procedure, Rule 301. Presumptions

in civil actions and proceeding.

105.    WHEREFORE, plaintiff JOHN GABOR and plaintiff KAY GABOR respectfully pray

for Trial by Jury, F..R.C.P. Rule 38, in this civil RICO action, and Judgment be rendered against ALL

DEFENDANTS for their conduct and behavior which deprived Plaintiff of rights secured

by Acts of Congress and the Constitution of the United States and caused injuries to their persons,

property and business in violation of CIVIL RICO AND CIVIL RIGHTS.

### CERTIFICATION, F.R.E., RULE 801

106.    We, JOHN GABOR and KAY GABOR, plaintiffs in the above entitled action, do swear

under penalty of perjury under the laws of the United States, that the foregoing is of our

personal knowledge, being true and correct, pursuant to F.R.C.P. Rule 301, and admissible into evidence

against all defendants under the 1997 Amendment to Federal Rules of Evidence, Rule 801 et seq.

Respectfully submitted,

DATED: May 26, 2005

JOHN GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

DATED: May 26, 2005

KAY GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

### CERTIFICATE OF SERVICE

I hereby certify that the plaintiffs' FIRST AMENDED CIVIL RICO AND CIVIL RIGHTS

COMPLAINT, DEMAND FOR JURY TRIAL; EXHIBITS IN SUPPORT [2] were served upon all

parties listed below pursuant to F.R.C.P. Rule 5(a) by Certified U.S. Mail, postage prepaid, RETURN

RECEIPT on this 27th day pf May, 2005.

John Gabor, NOTARY NOT REQUIRED

### PARTIES SERVED

WILLIAM SELIGMANN Certified U.S. Mail Return Receipt # 7004 2510 0000 1034 8780
70 North First Street
Campbell, CA. 95008.

CITY OF CAMPBELL Certified U.S. Mail Return Receipt # 7004 2510 0000 1034 8773
c/o City Attorney WILLIAM SELIGMANN
70 North First Street
Campbell, CA. 95008.

04-05230 FIRST AMENDED CIVIL RICO & CIVIL RIGHTS COMPLAINT; DEMAND FOR JURY TRIAL    page 78

**THOMAS V. ORVIS**  Certified U.S. Mail.Return Receipt # 7004 2510 0000 1034 8681
 49 Showers Drive, D463
Mountain View, CA. 94040.

**THANG NGUYEN BARRETT** Certified U.S. Mail Return Receipt # 7004 2510 0000 1034 8690
Superior Court Clerk
161 N First Street
San Jose, CA. 95135-1090

ARTHUR BOCANEGO Certified U.S. Mail Return Receipt # 7004 2510 0000 1034 8704
Superior Court
200 W. Hedding Street
San Jose, CA. 95110.