

FILED

OCT - 7 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**NOT FOR CITATION**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>WILLIAM R. SELIGMANN, et al.,<br><br>　　　　　　Defendants. | Case Number C 04-05230 JF<br><br>ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND AND DISMISSING ACTION WITH PREJUDICE<br><br>[Doc. Nos. 34, 44, 47] |

Defendants move to dismiss Plaintiffs' first amended complaint on a number of grounds. Plaintiffs, who are proceeding *pro se*, did not file a written opposition to the motions but did appear at the hearing on October 3, 2005. For the reasons discussed below, Defendants' motions will be granted without leave to amend and the action will be dismissed with prejudice.

## I. BACKGROUND

The factual background giving rise to this action is set forth at length in this Court's order of April 26, 2005 and need not be repeated in full here. In brief, Plaintiffs John and Kay Gabor allege that they are the victims of a widespread conspiracy to persecute them for selling puppies out of their home. Plaintiffs allege that the members of the conspiracy include the City of Campbell, the Campbell police department and several of its officers, the city attorney for the

Case No. C 04-05230 JF
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND ETC.

57

**EXHIBIT 25**

City of Campbell, the Silicon Valley Humane Society and its president, Santa Clara Superior Court judges, defense counsel in this action, the Clerk of the Court for the Northern District of California and the undersigned.

On April 26, 2005, the Court dismissed all of the federal claims set forth in Plaintiffs' original complaint and granted leave to amend only as to Plaintiffs' civil RICO claim under 18 U.S.C. § 1962 and as to their civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. The Court did not address the majority of Plaintiffs' state law claims, having concluded that exercise of supplemental jurisdiction over those claims would be inappropriate absent a viable federal claim. On May 26, 2005, Plaintiffs filed a seventy-eight page first amended complaint ("FAC") re-alleging federal claims that were dismissed with leave to amend *and* federal claims that were dismissed without leave to amend; re-alleging state law claims that were not addressed in the April 26 Order; adding new defendants; and adding new claims.

## II. CLAIMS PREVIOUSLY DISMISSED WITH LEAVE TO AMEND

Plaintiffs have failed to cure the defects in their civil RICO claim under 18 U.S.C. § 1962 and their civil rights claims under 42 U.S.C. §§ 1981, 1983, 1985 and 1986. These defects were discussed at length in the April 26 Order. With respect to the RICO claim, it is unclear precisely what conduct is alleged to form the basis for this claim, but to the extent the claim is based upon the arrests for violation of Campbell municipal code provisions, those arrests occurred in 1988 and 1989, more than four years before the instant action was filed on December 10, 2004. *See Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 152 (1987) (setting forth four-year statute of limitations for civil RICO claims). To the extent that any portion of the RICO claim is not time-barred, Plaintiffs have failed to allege sufficient facts to demonstrate the existence of a "racketeering enterprise." In order to allege the existence of an enterprise, the plaintiff must allege the existence of an organization, either formal or informal, which has some sort of structure for making decisions and directing the organization's ongoing affairs. *Chang v. Chen*, 80 F.3d 1293, 1299 (9th Cir. 1996). The organization must have some existence "beyond that which is merely necessary to commit the predicate acts of racketeering." *Id.* Plaintiffs have failed to allege the existence of such an organization.

2

Case No. C 04-05230 JF
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND ETC.

Plaintiffs' civil rights claims likewise appear to be time-barred under either the old one-year statute of limitations or the current two-year statute of limitations. *See* Cal. Civ. P. Code § 335.1 (formerly § 340(3)). Moreover, Plaintiffs fail to allege race discrimination as required under § 1981 or class-based discrimination as required under §§ 1985 and 1986. Finally, to extent that Plaintiffs are attempting to use § 1983 as a means for challenging their arrests and convictions, such attempt is precluded by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a civil rights action for damages may not be asserted if a judgment in the plaintiff's favor would "necessarily imply the invalidity" of a conviction or sentence which remains outstanding against the plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). This holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clark v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998). Accordingly, in order to obtain relief for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 487; *Edwards*, 520 U.S. at 648; *Clark*, 154 F.3d at 190-91. Plaintiffs have not made the requisite showing in this case.

Plaintiffs have been given an opportunity to plead around the defects noted above and have failed to do so. It does not appear from the record that Plaintiffs ever could cure these defects. Plaintiffs have made no effort to demonstrate that they could cure the defects if given another opportunity; they did not file an opposition to Defendants' motions and did not offer useful oral argument at the hearing. Accordingly, these claims will be dismissed without leave to amend.

### III. CLAIMS PREVIOUSLY DISMISSED WITHOUT LEAVE TO AMEND

Plaintiffs' FAC realleges a number of claims that the Court previously dismissed without leave to amend. Plaintiffs did not seek reconsideration of the Court's ruling on these claims. Accordingly, these claims will be dismissed without leave to amend as violating the Court's

3

April 26 order.

## IV. NEW DEFENDANTS

Plaintiffs have added new defendants that were not authorized by the Court's April 26 Order. Claims against these defendants will be dismissed on the ground that they were added without leave of court.

Even if the claims against the new defendants are considered on the merits, those claims are subject to dismissal without leave to amend. The Court dealt with the addition of the undersigned as a defendant at the Case Management Conference on July 22, 2005. The Court construed Plaintiffs' naming of the undersigned as a defendant to be a motion for recusal and denied that motion. A litigant may not force a recusal that otherwise would not be available simply by suing the presiding judge. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986); *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984). With respect to the addition of the Clerk of the Court as a defendant, he is immune from suit. *See Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). Finally, to the extent that Plaintiffs are asserting torts against any federal defendant, Plaintiffs have failed to allege compliance with the Federal Tort Claims Act.

Plaintiffs also have added as defendants counsel of record in this action, Mark Collins, his firm Collins & Schlothauer, and the Campbell Police Department. As noted above, the addition of these defendants was without leave of the Court and thus will be stricken. Even if the Court considers the claims against these defendants on their merits, they would be subject to dismissal without leave to amend. The claims against defense counsel are based upon Plaintiffs' mistaken belief that a Rule 12(b)(6) motion is not a permissible response to a complaint, that the filing of a reply brief is improper, that Defendants are not allowed to have an attorney represent them and that defense counsel failed to file an "appearance form." Plaintiffs have failed to allege facts giving rise to any viable cause of action against defense counsel. Plaintiffs' claims against the Campbell Police Department will be considered in conjunction with the claims against the City of Campbell and other City defendants; accordingly, the claims against the Campbell Police

4

1  Department will be dismissed without leave to amend to the extent those claims are dismissed
2  against other City defendants.

### V. NEW CLAIMS AND UNADJUDICATED STATE LAW CLAIMS

Plaintiffs also have added a number of new claims. These claims were filed without leave of court in violation of the April 26 Order and will be stricken on that basis. The Court has reviewed the new claims, however, and concludes that Plaintiffs have failed to allege *any* viable federal claim against any defendant and that in the absence of any viable federal claim it would be inappropriate for this Court to exercise supplemental jurisdiction over Plaintiffs' state law claims.

### VI. ORDER

Defendants' motions to dismiss are GRANTED WITHOUT LEAVE TO AMEND on the basis that Plaintiffs have failed to allege any viable federal claim and that in the absence of a viable federal claim the Court declines to exercise it supplemental jurisdiction over Plaintiffs' state law claims. The action is DISMISSED WITH PREJUDICE. The Clerk of the Court shall close the file.

DATED: 10-5-05

JEREMY FOGEL
United States District Judge

1  This Order has been mailed to the following persons:

3  <u>Plaintiffs *pro se*</u>

4  John Gabor
   Kay Gabor
5  590 Smokey Court
   Campbell, CA 95008

7  <u>Counsel for Defendants</u>

8  Mark Scott Collins
   Collins & Schlothauer
9  1818 The Alameda
   San Jose, CA 95126-1731

11 Mark St. Angelo
   Office of the United States Attorney
   150 Almaden Blvd., Suite 900
12 San Jose, CA 95113-2009

Case No. C 04-05230 JF
ORDER GRANTING MOTIONS TO DISMISS WITHOUT LEAVE TO AMEND ETC.

Source: Legal > States Legal - U.S. > California > Find Cases > CA Federal & State Cases, Combined
Terms: **"John Gabor" or "Kay Gabor"** (Edit Search | Suggest Terms for My Search)

✔Select for FOCUS™ or Delivery

*222 Fed. Appx. 577, \*; 2007 U.S. App. LEXIS 4489, \*\**

**JOHN GABOR;** et al., Plaintiffs - Appellants, v. SELIGMANN, in his official and individual capacity; et al., Defendants - Appellees.

No. 05-17295

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

222 Fed. Appx. 577; 2007 U.S. App. LEXIS 4489

February 20, 2007 **, Submitted

** The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).
February 26, 2007, Filed

**NOTICE:** [**1] PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** Appeal from the United States District Court for the Northern District of California. D.C. No. CV-04-05230-JF. Jeremy Fogel, District Judge, Presiding.

**DISPOSITION:** AFFIRMED.

**COUNSEL:** **JOHN GABOR,** Plaintiff - Appellant, Pro se, Campbell, CA.

**KAY GABOR,** Plaintiff - Appellant, Pro se, Campbell, CA.

For SELIGMANN, in his official and individual capacity, CITY OF CAMPBELL, a municipal corporation, DAVID GULLO, GRACE MORO, DAVID MENDEZ, in their officials and individual capacities, CAMPBELL POLICE DEPARTMENT, in its municipal capacity, Defendant - Appellee: Timothy J. Schmal, Esq., Santa Cruz, CA; Michael A. Miller, Esq., BURTON VOLKMANN & SCHMAL, Santa Cruz, CA.

For SILICONE VALLEY HUMANE SOCIETY, a private corporation, CHRISTINE BENNINGER, Human Society President, in her official and individual capacity, TRACY ACRES, in her individual capacity; WILLIAM R. SELIGMANN; THANG NGUYEN BARRETT; ARTHUR BOCANEGO, in their officials and individual capacities; COLLINS & SCHLOTHAUER, in its corporation capacity, MARK SCOTT COLLINS, [**2] THOMAS V. ORVIS, in his official and individual capacity; USA, in its official capacity, Defendant - Appellee, No appearance.

For JEREMY FOGEL, US District Judge, in his official and individual capacity, RICHARD W. WIEKING, in his official and individual capacity, Defendant - Appellee: Joann M. Swanson, Esq., Claire T. Cormier, Kevin V. Ryan, USSJ - OFFICE OF THE U.S. ATTORNEY, San Jose, CA.

**JUDGES:** Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

**EXHIBIT 26**

## OPINION

[*578] MEMORANDUM *

**FOOTNOTES**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

John and **Kay Gabor** appeal pro se from the district court's order dismissing their action alleging various state and federal claims in connection with their arrest and prosecution for violating city ordinances regulating the breeding of animals and related activities without permits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

[**3] We review de novo the district court's dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987). We review the denial of a recusal motion for an abuse of discretion. U.S. v. Studley, 783 F.2d 934, 939, (9th Cir. 1986).

The Gabors contend that the judge abused his discretion by failing to recuse himself after the Gabors named him as a defendant in their amended complaint. We disagree. See Ronwin v. State Bar of Arizona, 686 F.2d 692, 701 (9th Cir. 1981), rev'd on other grounds sub nom. Hoover v. Ronwin, 466 U.S. 558, 104 S. Ct. 1989, 80 L. Ed. 2d 590 (1984) ("[A] judge is not disqualified merely because a litigant sues or threatens to sue him.... Such an easy method for obtaining disqualification should not be encouraged or allowed.") (internal quotation marks and citations omitted); see also U.S. v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (the alleged prejudice warranting recusal "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for [**4] recusal.") (citation omitted).

The Gabors also contend that the district court allowed the defendants in the underlying action to "ghost-write" the district [*579] court's opinions. This contention is not supported by the record.

Contrary to the Gabors' contentions, defendants were entitled to file a motion to dismiss in lieu of an answer. See Fed. R. Civ. P. 12(b).

Because the district court properly dismissed the Gabors' action for failure to state a claim, the Gabors had no right to a jury trial.

Finally, the Gabors waived any arguments challenging the district court's dismissal of their claims by failing to raise them in their appellate brief. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Appellees' request for fees and costs is denied without prejudice to filing a proper motion pursuant to Fed. R. App. P. 38.

**AFFIRMED.**

Search - 11 Results - "John Gabor" or "Kay Gabor" Page 3 of 3
Case 5:07-cv-04266-RMW Document 59-4 Filed 10/11/2007 Page 9 of 20

Terms: **"John Gabor" or "Kay Gabor"** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, September 14, 2007 - 4:51 PM EDT

 About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

[Search for Case] [Print Page]    [Help]

# General Docket
## US Court of Appeals for the Ninth Circuit

Court of Appeals Docket #: 05-17295                                     Filed: 12/7/05
Nsuit: 2440 Other civil rights (USdf)
Gabor, et al v. Seligmann, et al
Appeal from: Northern District of California (San Jose)

Case type information:
  1) civil
  2) US
  3)

Lower court information:
  District: 0971-5 : CV-04-05230-JF
  presiding Judge: Jeremy Fogel, District Judge
  court reporter: Peter Torreano, Court Reporter
  court reporter: Lee-Ann Shortridge, Court Reporter
  Date Filed: 12/10/04
  Date order/judgment: 10/14/05
  Date NOA filed: 11/29/05

Fee status: paid

Prior cases:
  96-17306   DFO   EL   AJK
  Date filed: 12/20/96   Date disposed: 1/29/97   Disposition: d/jdg

**EXHIBIT 27**

Current cases:
None

Docket as of August 22, 2007 11:16 pm                                Page 1

05-17295 Gabor, et al v. Seligmann, et al

JOHN GABOR
    Plaintiff - Appellant

                                        John Gabor
                                        408/378-4326
                                        [NTC prs]
                                        590 Smokey Court
                                        Campbell, CA 95008

KAY GABOR
    Plaintiff - Appellant

                                        Kay Gabor
                                        [NTC prs]
                                        590 Smokey Court
                                        Campbell, CA 95008

     v.

SELIGMANN, in his official and
individual capacity
    Defendant - Appellee

                                        Timothy J. Schmal, Esq.
                                        408/425-5023
                                        Ste. 102
                                        [COR LD NTC ret]
                                        133 Mission St.
                                        Santa Cruz, CA 95060

                                        Michael A. Miller, Esq.
                                        FAX 831/427-3159
                                        831/425-5023
                                        Suite 102
                                        [COR LD NTC ret]
                                        BURTON VOLKMANN & SCHMAL
                                        133 Mission Street

```
                                                   Santa Cruz, CA 95060

CITY OF CAMPBELL, a municipal          Timothy J. Schmal, Esq.
  corporation                            (See above)
    Defendant - Appellee                 [COR LD NTC ret]

                                       Michael A. Miller, Esq.
                                         (See above)
                                         [COR LD NTC ret]

DAVID GULLO                            Timothy J. Schmal, Esq.
    Defendant - Appellee                 (See above)
                                         [COR LD NTC ret]

                                       Michael A. Miller, Esq.
                                         (See above)
                                         [COR LD NTC ret]

GRACE MORO                             Timothy J. Schmal, Esq.
    Defendant - Appellee                 (See above)
                                         [COR LD NTC ret]

                                       Michael A. Miller, Esq.
                                         (See above)
                                         [COR LD NTC ret]

Docket as of August 22, 2007 11:16 pm                              Page 2


05-17295 Gabor, et al v. Seligmann, et al

DAVID MENDEZ, in their                 Timothy J. Schmal, Esq.
  officials and individual               (See above)
  capacities                             [COR LD NTC ret]
    Defendant - Appellee
```

| Party | Counsel |
|---|---|
| SILICONE VALLEY HUMANE SOCIETY, a private corporation<br>Defendant – Appellee | Michael A. Miller, Esq.<br>(See above)<br>No appearance<br>No appearance<br>[COR LD NTC ret] |
| CHRISTINE BENNINGER, Human Society President, in her official and individual capacity; TRACY ACRES, in her individual capacity; WILLIAM R. SELIGMANN; THANG NGUYEN BARRETT; ARTHUR BOCANEGO, in their officials and individual capacities;<br>Defendant – Appellee | No appearance<br>(See above) |
| CAMPBELL POLICE DEPARTMENT, in its municipal capacity<br>Defendant – Appellee | Timothy J. Schmal, Esq.<br>(See above)<br>[COR LD NTC ret] |
| COLLINS & SCHLOTHAUER, in its corporation capacity<br>Defendant – Appellee | Michael A. Miller, Esq.<br>(See above)<br>[COR LD NTC ret] |
| MARK SCOTT COLLINS<br>Defendant – Appellee | No appearance<br>(See above) |
| JEREMY FOGEL, US District Judge, in his official and individual capacity | No appearance<br>(See above)<br>Joann M. Swanson, Esq.<br>408/535-5061<br>Suite 900 |

USCA9 Docket Sheet for 05-17295                                                    Page 5 of 11

Docket as of August 22, 2007 11:16 pm                                              Page 3

05-17295 Gabor, et al v. Seligmann, et al

```
                                                   San Jose, CA 95113

                     Defendant - Appellee          [COR LD NTC usa]
                                                   Claire T. Cormier, Esq.
                                                   FAX 408/535-5081
                                                   408/535-5082
                                                   Suite 900
                                                   [COR LD NTC usa]
                                                   Kevin V. Ryan
                                                   408/535-5061
                                                   Suite 900
                                                   [usa]
                                                   USSJ - OFFICE OF THE U.S.
                                                   ATTORNEY
                                                   150 Almaden Blvd.


THOMAS V. ORVIS, in his                            No appearance
official and individual                            (See above)
capacity; USA, in its official
capacity
                     Defendant - Appellee


RICHARD W. WIEKING, in his                         Joann M. Swanson, Esq.
official and individual                            (See above)
capacity                                           Claire T. Cormier, Esq.
                     Defendant - Appellee          [COR LD NTC usa]
                                                   (See above)
                                                   Kevin V. Ryan
                                                   [COR LD NTC usa]
                                                   (See above)
```

Docket as of August 22, 2007 11:16 pm                         Page 4

[usa]

05-17295 Gabor, et al v. Seligmann, et al

JOHN GABOR; KAY GABOR

          Plaintiffs - Appellants

  v.

SELIGMANN, in his official and individual capacity; CITY OF CAMPBELL, a municipal corporation; DAVID GULLO; GRACE MORO; DAVID MENDEZ, in their officials and individual capacities; SILICONE VALLEY HUMANE SOCIETY, a private corporation; CHRISTINE BENNINGER, Human Society President, in her official and individual capacity, TRACY ACRES, in her individual capacity; WILLIAM R. SELIGMANN; THANG NGUYEN BARRETT; ARTHUR BOCANEGO, in their officials and individual capacities;; CAMPBELL POLICE DEPARTMENT, in its municipal capacity; COLLINS & SCHLOTHAUER, in its corporation capacity; MARK SCOTT COLLINS; JEREMY FOGEL, US District Judge, in his official and individual capacity; THOMAS V. ORVIS, in his official and individual capacity; USA, in its official capacity; RICHARD W. WIEKING, in his official and individual capacity

          Defendants - Appellees

Docket as of August 22, 2007 11:16 pm                         Page 5

05-17295 Gabor, et al v. Seligmann, et al.

| Date | Entry |
|---|---|
| 12/7/05 | DOCKETED CAUSE AND ENTERED APPEARANCES OF APLT IN PRO PER AND CSL FOR APLES. CADS SENT (Y/N): no. setting schedule as follows: appellant's designation of RT is due 12/9/05, ; appellee's designation of RT is due 12/19/05,, ; appellant shall order transcript by 12/29/05, ; court reporter shall file transcript in DC 1/30/06, ; certificate of record shall be filed by 2/6/06 ; appellant's opening brief is due 3/17/06, ; appellees' is due 4/17/06,, ; appellants' reply brief is due 5/1/06, ; [05-17295] (ji) |
| 12/7/05 | Filed certificate of record on appeal. Date tr filed: 10/20/05 [05-17295] (gar) |
| 12/12/05 | Filed certificate of record on appeal RT filed in DC date tr filed: 10/13/05 [05-17295] (gar) |
| 2/8/06 | rec'd notice of appearance of Claire T. Cormier (Withdrew as counsel: attorney Mark St. Angelo for Richard W. Wieking, attorney Mark St. Angelo for Jeremy Fogel) CASEFILE [05-17295] (gar) |
| 3/14/06 | Filed original and 15 copies Appellant John Gabor, Appellant Kay Gabor's opening brief ( Informal: n ) 44 pages; 5 excerpts of record ( 2 Exc.vol );served on 3/14/06 ( minor defcy: lack Statement Rel Cases) Notified proses. [05-17295] (gar) |
| 3/23/06 | Received Appellant John Gabor satisfaction of (minor) brief deficiency. (stmt of rel cases) [05-17295] (crw) |
| 4/3/06 | Filed Seligmann, et al's motion to extend time to file appellee's brief until 4/13/06 [05-17295] served on [5775872] PROMO (gar) |
| 4/5/06 | Filed Jeremy Fogel, Richard W. Wieking (USA) motion to |

| Date | Entry |
|---|---|
| 4/17/06 | extend time to file appellee's brief until 5/17/06 [05-17295] served on 4/5/06 [5780604] PROMO (gar) |
| 4/17/06 | rec'd notice of appearance of Timothy J. Schmal as counsel for aples, substituting for Collins & Schlothauer. CASEFILE [05-17295] (gar) |
| 4/19/06 | Filed order (Deputy Clerk: amt PROMO) Aples Seligmann, City of Campbell, Gullo, Moro, Mendez, and Campbell PD's mtn for ext of time to file the ans br is granted. The above-noted aples' ans br is due 5/13/06. Court records shall be amended to reflect that the above aples are represented by Timothy J. Schmal and Michael A. Miller, whose contact information is as follows: Burton, Volkmann & Schmal LLP, 133 Mission St., Ste. 102, Santa Cruz, CA 95060...Aple Hon. Jeremy Fogel's mtn for an ext of time to file the ans br is granted. Aple Fogel's ans br is due 5/17/05. The opt reply br is due 14 days from the last served ans br. [5775872-1]   [5780604-1]   [05-17295] (gar) |

Docket as of August 22, 2007 11:16 pm                                  Page 6

05-17295 Gabor, et al v. Seligmann, et al

| Date | Entry |
|---|---|
| 5/12/06 | Filed original and 15 copies appellee Seligmann, City of Campbell, David Gullo, Grace Moro, David Mendez, Campbell Police, Collins & Schloth, Mark Scott Collins's 68 pages brief, 5 suppl Exc. in 1 vol: ; served on 5/11/05 [05-17295] (gar) |
| 5/17/06 | Filed original and 15 copies appellee Jeremy Fogel, Richard W. Wieking's 21 pages brief, 5 suppl Exc. in 1 vol: ; served on 5/16/06 [05-17295] (gar) |

| Date | Entry |
|---|---|
| 5/26/06 | Filed original and 15 copies John Gabor, Kay Gabor reply brief, ( Informal: no ) 27 pages; served on 5/26/06 [05-17295] (crw) |
| 5/31/06 | Calendar check performed [05-17295] (th) |
| 6/5/06 | FILED CERTIFIED RECORD ON APPEAL IN 2 CLERKS RECORD, 4 VOLUMES OF REPORTER'S TRANSCRIPTS, AND 1 BULKY DOCUMENT- #17 IN EXPANDO FILE. [05-17295] (jay) |
| 2/20/07 | SUBMITTED TO SCREENING PANEL 443. ( Oral )  [05-17295] [05-17295] (th) |
| 2/26/07 | FILED MEMORANDUM: AFFIRMED ( Terminated on the Merits after Submission Without Oral Hearing; Affirmed; Written, Unsigned, Unpublished. Robert R. BEEZER, Ferdinand F. FERNANDEZ, M. M. McKEOWN ) Aples' request for fees and costs is denied w/o prejudice to filing a proper mtn pursuant to FRAP 38.  FILED AND ENTERED JUDGMENT. [05-17295] (gar) |
| 3/9/07 | Filed Appellee Seligmann bill of costs, served on 3/8/07 TOTAL: $398.55 with supporting statement re why addl item,s should be taxed. [05-17295] (gar) |
| 3/23/07 | Filed Seligmann motion to for attorney(s)' fees in the amount of $19,460.00 and double costs in the amount of $797.10 [05-17295] served on 3/23/07 [6127246] TO APPELLATE COMMISSIONER 4/23/07 (gar) |
| 4/20/07 | MANDATE ISSUED. Costs are taxed against aplts in the amt of $211.60. [05-17295] (hh) |

USCA9 Docket Sheet for 05-17295                                                                  Page 10 of 11

05-17295 Gabor, et al v. Seligmann, et al

| | |
|---|---|
| 5/3/07 | Filed order (Staff Attorney/Deputy Clerk: MI) The unopposed motion of appellees William R. Seligmann, David Gullo, Grace Moro, David Mendez, Mark S. Collins, Collins & Schlothauer, City of Campbell, and Campbell Police Department, for attorney's fees and double costs pursuant to Federal Rule of Appellate Procedure 38, is granted. Attorney's fees in the amount of $19,460 and additional costs of $211.60, for a total award of $19,671.60 are awarded in favor of appellees William R. Seligmann, David Gullo, Grace Moro, David Mendez, Mark S. Collins, Collins & Schlothauer, City of Campbell, and Campbell Police Department and against appellants John Gabor and Kay Gabor. See 9th Cir. R. 39-1.6; 9th Cir. Gen. Order 6.3(a) & App. A, 50. A copy of this order sent to the district court shall serve to amend this court's mandate. [05-17295] (dl) |
| 6/11/07 | Received Appellant John Gabor, Appellant Kay Gabor's late motion to reconsider 5/3/07 order of the court's May 3, 2007 order 2/26/07 memorandum [05-17295] ; served on 6/11/07 [6202152]STAFF [05-17295] (gar) |
| 8/8/07 | Filed order (Appellate Commissioner) Appellants' late motion for reconsideration of the court's May 3, 2007 order is denied without prejudice to renewal within 14 days accompanied by a response to the motion for attorneys' fees filed March 23, 2007. [6202152-1] (Ap.Com.) [05-17295] (dl) |
| 8/21/07 | Filed Appellant John Gabor, Appellant Kay Gabor's motion/ brief oppose lawyers fees, construed to be renewed mtn to reconsider and opposition to atty's fees. [05-17295] served on 8/21/07 [6267483] APPELLATE COMMISSIONER [05-17295] (gar) |

Docket as of August 22, 2007 11:16 pm                                     Page 8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**PROOF OF SERVICE BY UNITED PARCEL SERVICE**

*John Gabor and Kay Gabor v. County of Santa Clara Board of Supervisors, et al.*

Case No.: C 07-04266 RMW (HRL)

I, Cassaundra M. Foster, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United Parcel Service. I served a copy of the **SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS IN SUPPORT OF COUNTY'S PENDING MOTIONS [Federal Rule of Evidence 201]** by placing said copy in a UPS envelope addressed to:

John and Kay Gabor
590 Smokey Court
Campbell, CA 95008-3717

which envelope was then sealed, with postage fully prepaid thereon, on **October 11. 2007**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United Parcel Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery service by United Parcel Service mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **October 11, 2007**, at San Jose, California.

_____
Cassaundra M. Foster