SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, CA 95113
Telephone: (408) 535-5044
FAX: (408) 535-5081
james.scharf@usdoj.gov

Attorneys for Defendant Scott N. Schools

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GABOR AND KAY GABOR,<br><br>　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF SANTA CLARA<br>BOARD OF SUPERVISORS, et al.,<br><br>　　Defendants. | No. C 07 04266 RMW<br><br>DEFENDANT SCOTT N.<br>SCHOOLS' MOTION TO DISMISS<br><br>Date: December 7, 2007<br>Time: 9:00 a.m.<br>Courtroom: 6<br>Judge: Hon. Ronald M. Whyte |

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Please take notice that on December 7, 2007, at 9:00 a.m., or as soon thereafter as this matter may be heard by this Court, located 280 South First Street, San Jose, California 95113, defendant Scott N. Schools, United States Attorney for the Northern District of California, will and hereby does move this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing plaintiffs' claims against defendant Schools with prejudice.

DEFENDANT SCOTT N. SCHOOLS' MOTION TO DISMISS
No. C 07 04266 RMW

This Motion is based on this Notice and Brief, the Court files and pleadings in this action, including the pending motions to dismiss filed by co-defendants set for hearing on October 26, 2007, and any other matters that the Court may consider at the hearing.

## I. INTRODUCTION

The history of plaintiffs' dispute with various governmental officials and entities relating to their puppy mill is well chronicled in co-defendants' motions to dismiss. For purposes of this defendant's motion to dismiss the subject complaint filed August 20, 2007, suffice it to say that the only allegations specifically relating to defendant Scott N. Schools, United States Attorney for the Northern District of California, appear in paragraph 60 of plaintiffs' complaint, which reads as follows:

> Defendant U.S. Attorney Schools has a statutory duty pursuant to 28 U.S.C. Section 1343, to prevent any conduct constituting a conspiracy under Title 42 U.S.C. Section 1985 reported, or alleged, by a citizen such as the Gabors, should he fail to prevent defendants from committing "perjury" in their ANSWERS or MOTIONS filed under FRCP Rule 7(a) he will become an accessory under 18 U.S.C. Sections 3, 1621(perjury), 1622 (subornation of perjury), and 1623 (materially false representations of fact or law in a court).

Plaintiff's Civil Rights Complaint at paragraph 60.

Plaintiffs' claims against Mr. Schools seem to be premised on two related erroneous assumptions: (1) The United States Attorney has an affirmative duty to prevent co-defendants from conspiring to deprive plaintiffs of their civil rights, including a duty to prevent co-defendants from filing false pleadings in this case. (2) The breach of that alleged duty gives rise to a private cause of action. The short answer to plaintiffs' grievance with Mr. Schools is that these assumptions are legally unsupportable. The longer answer is that the United States has not waived sovereign immunity with respect to these claims, and plaintiffs have not exhausted their administrative remedies. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's claims against defendant Schools.

## II. ARGUMENT

### A. PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR THE REASONS SET FORTH IN CO-DEFENDANTS' MOTIONS TO DISMISS.

Many of the arguments set forth in County of Santa Clara's Motion for Dismissal dated September 13, 2007, and in City of Campbell's Motion for Dismissal dated September 14, 2007, justify the dismissal of plaintiffs' complaint in its entirety. These arguments include co-defendants' motions to dismiss under FRCP 12(b)(6) (failure to state a claim); FRCP 12(e) (vague and ambiguous pleading); and FRCP 9(b) (pleading with particularity regarding allegations of fraud). To the extent these arguments also apply to plaintiffs' claims against defendant Schools, defendant Schools joins in those motions and incorporates those arguments by reference. The arguments uniquely justifying the dismissal of Mr. Schools are set forth below.

### B. DEFENDANT SCHOOLS IS NOT A PROPER DEFENDANT TO THE CURRENT ACTION.

#### 1. Defendant Schools' Alleged Actions Giving Rise to Plaintiffs' Claims Were Within the Scope of his Employment.

Under the Federal Tort Claims Act ("FTCA"), individual government employees are not personally liable for tort claims alleging a negligent or wrongful act on the part of a government employee in the course and scope of his employment. 28 U.S.C. § 2679(b)(1). Such tort suits can be brought only against the United States of America. See 28 U.S.C. § 2679(d). Plaintiffs admit in paragraph 21 of their complaint that defendant Schools is "sued in his official capacity."

Setting aside the question of whether the assumptions underlying plaintiffs' claims against Mr. Schools are legally supportable, the conduct about which

plaintiffs' complain is clearly within the scope of Mr. Schools' government employment. Consequently, Mr. Schools cannot be a proper defendant in this tort action, absent an allegation that he has violated plaintiffs' constitutional rights, which he has not.

### 2. Plaintiffs have Not Alleged a Violation of Their Constitutional Rights by Mr. Schools.

Although the FTCA authorizes claims against the United States, not private individuals, a limited exception permits suit against an employee of the federal government who violates a right guaranteed by the Constitution of the United States. 28 U.S.C. § 2679(b)(2); Siegert v. Gilley, 500 U.S. 226 (1991). Plaintiffs cannot take advantage of this exception, however, because they have not alleged any violation of their constitutional rights by Mr. Schools. Plaintiffs' Complaint alleges facts which at most show negligence, which cannot support a claim against an individual United States employee. Id.; see Daniels v. Williams, 474 U.S. 327, 328 (1986); 28 U.S.C. § 2680(h); Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981).

### C. LEAVE TO AMEND WOULD BE FUTILE BECAUSE THE DEFICIENCIES OF THE COMPLAINT CANNOT BE CURED BY AMENDMENT.

Leave to amend is not warranted in the present case because plaintiffs have no ability to allege new facts that would overcome the fatal defects of their complaint. See Lucas v. Department of Corrs., 66 F.3d 245, 248 (9th Cir. 1995) (providing that a pro se litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the pleading cannot be cured by amendment).

### 1. The United States has not Waived Sovereign Immunity.

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued ." U. S. v. Mitchell, 445 U.S. 535, 538 (1980) (internal

DEFENDANT SCOTT N. SCHOOLS' MOTION TO DISMISS
No. C 07 04266 RMW

4

quotations omitted). The question of whether or not the United States has waived sovereign immunity is a question of subject matter jurisdiction. Id.; McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Mitchell, 445 U.S. at 538 (internal quotations omitted); Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983), *cert. denied sub nom* Holloman v. Clark, 466 U.S. 958 (1984). The burden is on the Plaintiffs to prove the existence of the government's waiver of sovereign immunity. Holloman, 708 F.2d at 1401.

Although the FTCA contains a general waiver of the United States' sovereign immunity for state common law or statutory torts arising out of the negligence of an officer or employee of the United States acting within the course and scope of his or her duties, the FTCA specifically excludes actions arising out of "libel, slander, misrepresentation [or] deceit." 28 U.S.C. § 2680(h). This exclusion clearly prevents any court from exercising jurisdiction over plaintiffs' potential claims against the federal government. See id.; Mount Homes, Inc. v. United States, 912 F.2d 352, 354 (9th Cir. 1990); Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981) ("[C]laims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. § 2680(h)."). The allegations involving Mr. Schools constitute, at most, a claim for libel, slander, misrepresentation or deceit. Therefore, even if plaintiffs amended their complaint to include the United States as a defendant, no federal court could exercise subject matter jurisdiction over plaintiffs' claims against the federal government.

### 2. Plaintiffs Have Failed to Exhaust Their Mandatory Administrative Remedies

Furthermore, to the extent that plaintiffs' allegations against the federal government are construed as arising under tort, their complaint should be

DEFENDANT SCOTT N. SCHOOLS' MOTION TO DISMISS
No. C 07 04266 RMW

dismissed for failure to exhaust administrative remedies. The FTCA imposes as a prerequisite to its waiver of sovereign immunity the condition that a party must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). The administrative claim requirement of the FTCA is jurisdictional, and may not be waived. See McNeil v. United States, 508 U.S. 106 (1993) (affirming dismissal for lack of subject matter jurisdiction of action brought under FTCA where administrative claim requirement was not satisfied before suit was filed); Jerves v. United States, 966 F.2d 517, 521 (9th Cir. 1992) (same). The plaintiff in an action seeking relief under the FTCA has the burden of pleading and proving that he complied with the FTCA's administrative claim presentment requirement. See Bruce v. United States, 621 F.2d 914, 918 (8th Cir. 1980) (district court lacked jurisdiction under the FTCA "because [plaintiff] failed to allege compliance with the administrative claim procedure set forth in 28 U.S.C. § 2675); Altman v. Connally, 456 F.2d 1114, 1116 (2d Cir. 1972) (affirming dismissal of complaint in part because plaintiff failed to allege compliance with administrative claim procedure under the FTCA); Mooney v. Clerk of Courts, District of New Hampshire, 831 F.Supp. 7, 10 (D.N.H. 1993) (claims which could be interpreted as sounding in tort against the federal government "would be required to be dismissed" where plaintiff failed to allege in the complaint that he had complied with the administrative claim requirement of the the FTCA).

   The complaint in this case does not allege that plaintiffs have presented an administrative claim under the FTCA to any federal agency. This defect alone requires dismissal of federal tort claim advanced by plaintiffs for lack of subject matter jurisdiction.

   Therefore, amendment to include the United States as a defendant would be futile, both because the FTCA does not waive sovereign immunity with respect to the types of claims raised by plaintiffs, and because plaintiffs have failed to

DEFENDANT SCOTT N. SCHOOLS' MOTION TO DISMISS
No. C 07 04266 RMW

exhaust their mandatory administrative remedies, which are a jurisdictional prerequisite to any waiver of sovereign immunity that the FTCA does contain.

### D. PLAINTIFFS' FANCIFUL, DELUSIONAL AND FANTASTIC FACTUAL ALLEGATIONS DO NOT STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED.

Dismissal is proper under Rule 12(b)(6) when it appears beyond a doubt from the face of the complaint that the plaintiff can prove no set of facts to support his claim for relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In this regard, a complaint may be dismissed as frivolous "where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim may be dismissed on the ground that it is factually frivolous if it is clearly baseless, fanciful, delusional, or fantastic. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Where a plaintiff appears pro se, the District Court must construe pleadings liberally. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Even under this liberal standard, however, a court is not required to draw unreasonable or unwarranted factual inferences in interpreting the plaintiff's pleadings. See McKinney v. De Board, 507 F.2d 501, 504 (9th Cir. 1974).

In the present case, plaintiffs allege a "widespread conspiracy" to persecute them for selling puppies out of their home. Plaintiffs' factual allegations include extortion, theft, invasion of property, embezzlement of federal funds, bribery, trespass, intimidation, robbery, interference with commerce, collection of an unlawful debt, impersonation of a federal employee, making false accusations of fact and law in court, bribery, bribery of judges, kidnaping, racketeering, fraud, "swindle," violence, false arrest [to collect bail bonds], laundering stolen property [to effectuate a police state], larceny, and "repeated attacks by local predators and members of the culture of corruption in power within Santa Clara County and the

DEFENDANT SCOTT N. SCHOOLS' MOTION TO DISMISS
No. C 07 04266 RMW

7

State of California" to further [defendants'] alliance with "animal enterprise terrorists" to disenfranchise people to make the "subject to the will of terrorists." These fanciful, delusional and fantastic allegations fail to state a claim.

**III. CONCLUSION**

For all of the foregoing reasons, the Court should dismiss plaintiffs' claims against defendant Scott N. Schools, without leave to amend.

DATED: October 16, 2007             Respectfully submitted,

                                    SCOTT N. SCHOOLS
                                    United States Attorney

                                    /s/
                                    _____
                                    JAMES A. SCHARF
                                    Assistant United States Attorney

DEFENDANT SCOTT N. SCHOOLS' MOTION TO DISMISS
No. C 07 04266 RMW

8

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**DEFENDANT SCOTT N. SCHOOLS' MOTION TO DISMISS**

**John Gabor and Kay Gabor v. County of Santa Clara Board of Supervisors, et al.**
Case No. C 07-04266 RMW

to be served this date upon the party(ies) as follows:

√    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___   **CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___   **PERSONAL SERVICE (BY MESSENGER)**

___   **FACSIMILE (FAX)**  Telephone No.: _____

___   **FEDERAL EXPRESS**

___   **HAND-DELIVERED**

to the parties addressed as follows:

**John and Kay Gabor**
590 Smokey Court
Campbell, CA 95008-3717

**Marcy Berkman**
Attorney At Law
70 West Hedding Street, 9th FL, East Wing
San Jose, CA 95110

**Timothy James Schmal, Esq.**
Burton, Volkmann & Schmal, LLP
133 Mission Street
Suite 102
Santa Cruz, CA 95060

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of October, 2007, at San Jose, California.

____/s/_____
Mimi Lam
Legal Assistant