#65824-3-104
TIMOTHY J. SCHMAL, ESQ. #104874
BURLEIGH E. SABIN, ESQ. #250185
BURTON, VOLKMANN & SCHMAL, LLP
133 Mission Street, Suite 102
Santa Cruz, CA  95060
Phone: (831) 425-5023
Facsimile: (831) 427-3159
Attorneys for Defendants, CITY OF CAMPBELL,
DANIEL RICH, Campbell City Manager, CITY OF
CAMPBELL COMMUNITY DEVELOPMENT
DEPARTMENT (a legally indistinguishable sub-
entity of the CITY OF CAMPBELL), SUSAN
MORGADO-GRAY

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF SANTA CLARA BOARD OF SUPERVISORS in their official capacity; KEN YEAGER in his municipal and individual capacity; ANN RAVEL, county counsel, in her municipal and individual capacity; DELORES CARR, district attorney, in her official and individual capacity; LAURIE SMITH, sheriff, in her municipal and individual capacity; CITY OF CAMPBELL, in its municipal capacity; CITY OF CAMPBELL CITY MANAGER DANIEL RICH, in his municipal and individual capacity; CITY OF CAMPBELL COMMUNITY DEVELOPMENT DEPARTMENT in its municipal capacity; SUSAN MORGADO-GRAY in her municipal and individual capacity; EDMUND G. BROWN, JR., attorney general, in his official capacity; UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA SCOTT N. SCHOOLS in his official capacity and DOES 1-100,<br><br>　　　　　Defendants. | Case No. C07 04266 RMW (HRL)<br><br>**OPPOSITION OF DEFENDANTS CITY OF CAMPBELL, DANIEL RICH, CITY OF CAMPBELL COMMUNITY DEVELOPMENT DEPARTMENT, AND SUSAN MORGADO-GRAY TO PLAINTIFFS' MOTION TO STRIKE "IMPROPER PLEADINGS" FILED BY THIRD-PARTIES AS DOCKET NOS. 21, 23, 26, 27, 55, 56, 57 AND 58** |

1

OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION TO STRIKE …　　　　C07 04266 RMW (HRL)

**I. INTRODUCTION**

In their "Motion to Strike", now before this Court, Plaintiffs John and Kay Gabor assert, among other things, that: 1) the payment of a filing fee automatically entitles them to a jury trial; 2) neither the Clerks nor Judges of the District Court may overturn United States Supreme Court opinions (they finally got one right); 3) Chief Justice Roberts and Congress are "delusional"; 4) United States Attorney Scott N. Schools is "ignorant of clearly established law", as well as a co-conspirator with Congress and this District Court regarding the ongoing persecution of the Gabors; and, predictably, 5) Federal Rules of Civil Procedure (FRCP), Rule 12, somehow prevents Defendants from filing a Motion to Dismiss in lieu of an Answer.

The tortured ramblings, threats, and errant "legal" assertions contained in Plaintiffs' "Motion to Strike Improper Pleadings by Third Parties" are so patently absurd that no legitimate reply — in the form of written Opposition — is necessary.  Nonetheless, Defendants City of Campbell and related City parties seek to utilize this opportunity to advise this Court of the Gabors' continuous pattern of submitting perjured service proof documents to this Court.  Further, the Gabors' argument that FRCP 12 requires an answer, rather than a responsive pleading, is an argument the Gabors asserted, argued, and lost in the last meritless lawsuit they filed against Defendants.  Not only is this argument wildly absurd, the fact that the Gabors have reasserted an <u>identical</u> procedural argument, which they know or reasonably should know to be a false assertion of law, merely <u>fortifies</u> Defendants' argument that the Gabors must, in the public interest, be declared "vexatious litigants".

**II. ARGUMENT**

<u>A.  The Gabors Routinely File Perjured Proofs of Service With This Court, Despite the Fact That the Gabors Have Never Once Served Defendants' Counsel With a Single Document in this Matter, and Refuse to Perfect Service, Even After Multiple Direct Requests are Made</u>

As was noted above, the Gabors have routinely filed false proofs of service with this Court which, in effect, attest under the penalty of perjury that all parties have been served, generally by U.S. Mail.  However, it should be noted that the Gabors have ***never served*** counsel for Defendants, City of Campbell and related City parties, ***with any pleading or filing*** submitted by the Gabors against the City of Campbell and related City parties over the past 15 years.  Also, Defendants are informed and believe that the Gabors have ***never served any party with a single document in any of***

*the multiple lawsuits* filed by them against public entities involved in the "conspiracy" against them to close their puppy mill.

In an effort to cloak their illegal behavior, the Gabors routinely, and conveniently, offer an undecipherable signature on their perjured proofs of service submitted to this Court. Those proofs bear no typed nor printed name. Further, on November 8 and 9, 2007, Sue Brennan, secretary to Timothy J. Schmal, called the Gabor residence and spoke <u>directly</u> with John Gabor, at which time Ms. Brennan requested that Mr. Gabor serve Defendants' counsel with a copy of his "Motion to Strike". Both times that this request was made, after making a comment to the effect that he thought our office could get the documents on-line (even though they are not e-filed), Mr. Gabor's response was that "[he'd] look into it". However, no action has apparently ever been taken by Mr. Gabor to actually serve <u>any</u> party with <u>any</u> document in this case, despite the fact that he always represents to the Court that service has been perfected. Defendants are willing to concede that because the Gabors file in *pro per* (because no attorney would ever risk their bar license by bringing the claims the Gabors assert), Plaintiffs perhaps were, at some point, unaware that failing to actually serve named defendants, despite representing to the Court otherwise, is illegal. However, after over ten (10) years of filing the exact same claims and suits against nearly identical parties, the only reasonable conclusion that can be made by Defendants is that the Gabors' failure to serve opposing parties is <u>intentional</u>. This inference is bolstered by the fact that John Gabor refuses to serve opposing parties even after multiple direct requests are made to him over the telephone.

<u>B. The Gabors Have Previously Asserted, Argued, and Lost the Claim That FRCP 12 Prevents the Filing of a Motion to Dismiss in Lieu of an Answer, Thus Providing Additional Support for Defendants' Motion to Declare the Gabors Vexatious Litigants</u>

In December, 2004, the Gabors filed a Complaint against the City of Campbell, alleging a multitude of statutory and constitutional violations and other related claims arising out of the Gabors' operation of a puppy mill from their residence located in Campbell. In response, City of Campbell filed a Motion to Dismiss on January 31, 2005. The Gabors responded, as they have in the instant matter, by filing an Opposition in the form of a Motion to Strike on February 22, 2005, predicated on the Gabors' errant belief that Defendants were required to file an Answer, rather than merely a responsive pleading, such as a Motion to Dismiss.

1  The City of Campbell filed a Reply brief on March 9, 2005.  The Motion to Dismiss was
2 heard on March 25, 2005, which the Gabors attended.  On April 26, 2005 — over <u>two (2) years</u> ago,
3 now — an Order was issued in that matter, which granted City of Campbell's Motion to Dismiss, in
4 part with leave to amend, in part without.  Importantly, the Court <u>denied</u> the Gabors' Motion to
5 Strike, holding that their argument that FRCP 12 prevents the filing of a Motion to Dismiss, prior to
6 the filing of an Answer, was <u>patently defective</u>.

7  In the instant matter, the Gabors have filed an <u>identical</u> Motion to Strike to that filed in the
8 2005 matter, predicated on the exact same errant FRCP 12 argument, discussed above.  The Gabors
9 know, or at the very least should now certainly know, that such argument is defective.  The Gabors
10 continuously file, argue, and always lose, via involuntary dismissal, the <u>same</u> baseless claims and
11 motions year after year against the City of Campbell and others.  The at-issue "Motion to Strike" is
12 just another example of this pathetic, frivolous, harassing behavior which ultimately fortifies
13 Defendants' argument to declare the Gabors vexatious litigants, to protect the interests of the tax-
14 paying public.

15 **III.  CONCLUSION**

16  For the foregoing reasons, Defendants hereby respectfully request that Plaintiffs' "Motion to
17 Strike" the Defendants' "Motion to Dismiss" be denied.  Further, Defendant also requests that all
18 claims against Defendants be dismissed with prejudice, and that the Gabors be required to obtain
19 leave of Court prior to filing any additional meritless lawsuits against the City of Campbell and
20 related City defendants, to protect the interest of the tax-paying public, to promote judicial economy,
21 and to prevent future harassment of the aforementioned public entities.

22 Dated:  November 21, 2007          BURTON, VOLKMANN & SCHMAL, LLP

24                    BY: _____
25                       TIMOTHY J. SCHMAL
                          BURLEIGH E. SABIN
                       Attorneys for Defendants, CITY OF CAMPBELL,
26                     DANIEL RICH, Campbell City Manager, CITY OF
                       CAMPBELL COMMUNITY DEVELOPMENT
27                     DEPARTMENT (a legally indistinguishable sub-entity of
                       the CITY OF CAMPBELL), SUSAN MORGADO-GRAY.
28