#65824-3-104
TIMOTHY J. SCHMAL, ESQ. #104874
BURLEIGH E. SABIN, ESQ. #250185
BURTON, VOLKMANN & SCHMAL, LLP
133 Mission Street, Suite 102
Santa Cruz, CA 95060
Phone: (831) 425-5023
Facsimile: (831) 427-3159

Attorneys for Defendants, CITY OF CAMPBELL,
DANIEL RICH, Campbell City Manager, CITY OF
CAMPBELL COMMUNITY DEVELOPMENT
DEPARTMENT (a legally indistinguishable sub-entity of
the CITY OF CAMPBELL), SUSAN MORGADO-GRAY

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR and KAY GABOR, | Case No. C07 04266 RMW (HRL) |
| Plaintiffs, | |
| vs. | **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| COUNTY OF SANTA CLARA BOARD OF SUPERVISORS in their official capacity; KEN YEAGER in his municipal and individual capacity; ANN RAVEL, county counsel, in her municipal and individual capacity; DELORES CARR, district attorney, in her official and individual capacity; LAURIE SMITH, sheriff, in her municipal and individual capacity; CITY OF CAMPBELL, in its municipal capacity; CITY OF CAMPBELL CITY MANAGER DANIEL RICH, in his municipal and individual capacity; CITY OF CAMPBELL COMMUNITY | |

```
DEVELOPMENT DEPARTMENT in its        )
municipal capacity; SUSAN MORGADO-   )
GRAY in her municipal and individual )
capacity; EDMUND G. BROWN, JR.,      )
attorney general, in his official capacity; )
UNITED STATES ATTORNEY FOR           )
THE NORTHERN DISTRICT OF             )
CALIFORNIA SCOTT N. SCHOOLS in       )
his official capacity and DOES 1-100, )
                                     )
            Defendants.              )
                                     )
_____ )
```

The Defendants to the above entitled action jointly submit this Case Management Conference Statement and request that the Court adopt it as its Case Management Order, if any is required, after the hearing on Defendants' Motions to Dismiss. Despite an invitation to do so, Plaintiffs have failed to participate in the formation of this Case Management Conference Statement.[1]

## 1.    JURISDICTION AND SERVICE

No Defendants were properly served. Some defendants voluntarily submitted responsive pleadings in an attempt to resolve this matter. Ken Yeager, Ann Ravel, Delores Carr, and Laurie Smith have not been properly served and have not appeared in this action.

---

1. Attorney Burleigh E. Sabin contacted John Gabor directly via telephone on January 7, 2008, to advise Mr. Gabor of his right and obligation to participate in the formation and submission of this Statement. Mr. Gabor responded that he "would have to get back to [you] on that one", despite being advised that the Statement, pursuant to an Order of this Court, would have to be filed no later than January 11, 2008.

2.   **FACTS**

On August 17, 2007, Susan Morgando-Gray, a Code Enforcement Officer for the City of Campbell, went to the Gabors' residence to investigate the validity of a citizen's complaint that had been filed with the City of Campbell regarding the operation of a "puppy mill" out of the Gabors' home. The Gabors' lawsuit alleges that Ms. Morgando-Gray falsely represented herself as a "Police Officer" and "demanded" entry to the Gabor home. The Gabors also allege that Ms. Morgando-Gray's code enforcement activities are somehow tantamount to an "attack" by the City of Campbell in furtherance of its "conspiracy" with "animal enterprise terrorists". Defendants dispute this, and every other factual allegation in the Gabors' complaint, in its entirety.

Importantly, Plaintiffs John and Kay Gabor have never denied breeding, and commercially selling, puppies without a permit or license to do so for over two decades, and in fact admit to said activities in their pleadings. The Gabors have a long and unsuccessful record of filing frivolous "civil rights" claims and appeals against myriad municipal and state agencies and officials in regards to an alleged "widespread conspiracy" to persecute the Gabors for running the puppy mill. These previous claims and suits include such "conspiratorial defendants" as Governor Pete Wilson, Attorney General Dan Lungren, and the State of California. Previous Gabor claims include assertions of not only conspiracy and civil rights violations, but also trial-fixing, bribery, impersonation, and corruption at all levels in the Santa Clara County Court system. These lawsuits date back to 1994, assert nearly identical claims, are always filed *in propria persona*, and typically terminate via an order of dismissal as well as an order for the Gabors to pay opposing parties' attorney fees and costs, which go unilaterally ignored. The pending at-issue complaint is no different than those mentioned above.

3. **LEGAL ISSUES**

Defendants dispute the legal allegation set forth by Plaintiffs which asserts that Defendants are required to submit an answer to the at-issue complaint filed by Plaintiff. Rather, all Defendants have filed responsive pleadings requesting that the Court dismiss the entire action, with prejudice, and declare John and Kay Gabor "vexatious litigants".

4. **MOTIONS**

All defendants have filed a Motion for Dismissal, with prejudice, as to all causes of action, as well as an attenuate Motion to declare Plaintiffs John and Kay Gabor "vexatious litigants".

5. **AMENDMENT OF PLEADINGS**

None as to Defendants.

6. **EVIDENCE PRESERVATION**

A copy of the original "Citizen Complaint Form", accompanied by a follow-up e-mail from said citizen, has been preserved in the event this matter should proceed.

7. **DISCLOSURES**

Plaintiffs have failed to provide any evidentiary disclosures in this matter, nor have they done so in any previous matters filed with this Court. Accordingly, Defendants respectfully request that Defendants be required to submit evidentiary disclosures only in the event that their Motions to Dismiss are denied.

8. **DISCOVERY**

Plaintiffs, as usual, have failed to participate in the exchange of any discovery processes in this matter. Accordingly, Defendants respectfully request that a further Case Management Conference be set thirty (30) days from the date of this Court's ruling on Defendants' at-issue Motions for Dismissal to

determine the time-line and scope of discovery, if required.

9.  **CLASS ACTIONS**

N/A.

10. **RELATED CASES**

A.  Beginning in 1994, the Gabors have brought no less than six (6) separate, yet nearly identical, complaints in this Court stemming from the operation of a "puppy mill" out of their residence. Predictably, with the complaint now before this Court still pending, on ***December 3, 2007***, the Gabors filed yet another lawsuit stemming from the operation of a "puppy mill" out of their Campbell home. In addition to naming the United States of America as defendant, John and Kay Gabor also named each and every defense attorney associated with the at-issue matter, stemming *solely* from their representation activities in the at-issue complaint. Every single "issue" presented in the December 3, 2007 complaint filed by Plaintiffs is related to the current matter.

B.  The tortured ramblings of this new December 3rd complaint assert that the Gabors are victims of "domestic terrorism", opine on such topics as "King Bush" and the war in Iraq, and re-allege the same "widespread conspiracy" allegations that apparently now include such players as the United States of America, Clerks of the United States District of the Northern District of California, and various members of the California Bar, including defense counsel for the United States, City of Campbell and the County of Santa Clara.

C.  Defendants also note that, *in the text* of this "new" complaint, Plaintiffs incorrectly represent to this Court that they have served all Defendants via "Certified Mail". In fact, Plaintiffs have neither properly served Defendants with that "new" complaint nor even mailed a copy to them.

**D.** Defendants hereby respectfully note that had the pending Motions to Dismiss submitted by Defendants, with the attenuate motion to declare John and Kay Gabor vexatious litigants, been heard as initially noticed and calendared, Plaintiffs would have been unable to file this "new" complaint and action without first obtaining leave of this Court, and the posting of a corresponding bond.

**E.** Assuming, *arguendo*, that this Court grants Defendants' now-pending Motions to Dismiss, Defendants also hereby request that this Court also, ***sua sponte*, dismiss (with prejudice) the "new" December 3, 2007** complaint and action filed by John and Kay Gabor.

**F.** The list of associated cases, limited only to Federal Court filings by the Gabors, is as follows:

1. 5:94-CV-20617-RMW, filed in September, 1994.
2. 5:96-CV-20324-RMW, filed in April, 1996.
3. 5:96-CV-20470-RMW, filed in June, 1996.
4. 5:04-CV-05230-RMW, filed in December, 2004.
5. 5:07-CV-04266-RMW, (the at-issue complaint), filed in August, 2007.
6. 5:07-CV-06091-PVT, filed on December 3, 2007.

## 11. RELIEF

Defendants hereby request the following relief: Dismissal, with prejudice, as to all causes of action, as well as the granting of Defendants' Motion to Declare Plaintiffs "vexatious litigants" in the interest of preserving Municipal, State, and Federal resources.

## 12. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR)

Defendants, as required, have submitted ADR certifications pursuant to Civil L.R. 16-8(b) and

ADR L.R. 3-5(b). Stated simply, the prospects for settlement in this matter, and any matter brought by the Gabors, is nonexistent, short of voluntary dismissal and payment of Defendants' defense costs. Accordingly, and as noted in Defendants ADR statement submitted to this court, Defendants hereby respectfully request that any ADR requirements, including an ADR teleconference, be delayed until after the ruling on Defendants pending Motions for Dismissal.

### 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Defendants do not consent to the assignment of this matter to a Magistrate Judge for trial.

### 14. OTHER REFERENCES

Defendants submit that this case is presently not suitable for reference to binding arbitration, a Special Master, Judicial Panel, or Multidistrict Litigation.

### 15. NARROWING OF ISSUES

None.

### 16. EXPEDITED SCHEDULE

None.

### 17. SCHEDULING

Defendants respectfully request that a further Case Management Conference be set thirty (30) days from the date of this Court's ruling on Defendants' at-issue Motions for Dismissal to determine the timeline and scope of discovery, if required.

///

18. **TRIAL**

Defendants respectfully request that the parties be required to re-evaluate the setting of a trial in this matter at the further Case Management Conference requested above, if required.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

None as to Defendants.

20. **MISCELLANEOUS MATTERS**

None as to Defendants.

DATED: January 10, 2008       By: _____
                              TIMOTHY J. SCHMAL
                              BURLEIGH E. SABIN
                              Attorneys for Defendants.

DATED: January 10, 2008       By: _____/S/_____
                              JAMES A. SCHARF
                              Attorney for Defendants.

DATED: January 10, 2008       ANN MILLER RAVEL
                              County Counsel

                              By: _____/S/_____

                              MARCY L. BERKMAN
                              Deputy County Counsel

                              Attorney for Defendant
                              COUNTY OF SANTA CLARA (erroneously sued as
                              SANTA CLARA COUNTY BOARD OF SUPERVISORS)

## CASE MANAGEMENT ORDER

The Case Management Statement is hereby adopted by this Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED: _____        By: _____
                                                          HONORABLE RONALD M. WHYTE
                                                          United States District Judge

JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER        C07 04266 RMW
(HRL)