*E-filed on*  3/31/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN GABOR and KAY GABOR,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA BOARD OF SUPERVISORS et al.,<br><br>Defendants. | No. C-07-04266 RMW<br><br>DENYING MOTION TO DISQUALIFY |

On October 18, 2007, plaintiffs filed a motion to recuse the undersigned. The court denies plaintiffs' motion.

28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief. *See* 28 U.S.C. § 144. A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980); Local Rule 3-15. If the judge finds the affidavits are not legally sufficient, recusal is simply denied. *See* 28 U.S.C. § 144; *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory

1 allegations). A judge is not required to refer a motion to recuse to another judge if the motion is
2 neither timely nor legally sufficient. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).

3     Plaintiffs' motion to disqualify the judge is legally insufficient to support recusal. Recusal is
4 appropriate where a "reasonable person with knowledge of all the facts would conclude that the
5 judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626
6 (9th Cir. 1993) (citation omitted). However, the papers accompanying plaintiffs' motion set forth a
7 number of adverse rulings made by this court as a basis for recusal that the undersigned is engaged
8 in a conspiracy with all judges in the San Jose division of the Northern District of California to
9 deprive all pro se plaintiffs of due process. The basis of plaintiffs' motion appears to be that the
10 undersigned (and other judges of this division) have ruled adversely to plaintiffs in plaintiffs' prior
11 actions. A court's adverse rulings are not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198
12 F.3d 1152, 1160 (9th Cir. 1999). Therefore, plaintiffs' motion to disqualify the judge in this case is
13 DENIED.

16 DATED:    3/31/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

DENYING MOTION TO DISQUALIFY—No. C-07-04266 RMW   2

**A copy of this document was sent on** _____4/1/08_____ **to:**

**Counsel for Plaintiffs:**
John and Kay Gabor
590 Smokey Court
Campbell, CA 95008-3717
PRO SE

**Counsel for Defendants:**

| | |
|---|---|
| Marcy Berkman | marcy.berkman@cco.sccgov.org |
| Timothy James Schmal | tschmal@bvsllp.com |
| James A. Scharf | james.scharf@usdoj.gov |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.