United States District Court
For the Northern District of California

*E-filed on* 3/31/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN GABOR and KAY GABOR,

Plaintiffs,

v.

COUNTY OF SANTA CLARA BOARD OF SUPERVISORS in their official capacity; ANN RAVEL, county counsel, in her municipal and individual capacity; DELORES CARR, district attorney, in her official and individual capacity; LAURIE SMITH, sheriff, in her municipal and individual capacity; CITY OF CAMPBELL, in its municipal capacity; CITY OF CAMPBELL CITY MANAGER DANIEL RICH, in his municipal and individual capacity; CITY OF CAMPBELL COMMUNITY DEVELOPMENT DEPARTMENT in its municipal capacity; SUSAN MORGADO-GRAY in her municipal and individual capacity; EDMUND G. BROWN, JR. Attorney General in his official capacity; UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA SCOTT N. SCHOOLS in his official capacity and DOES 1-100,

Defendants.

No. C-07-04266 RMW (HRL)

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' MOTION TO STRIKE; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS

**[Docket No. 21, 23, 60]**

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI

United States District Court
For the Northern District of California

Defendants City of Campbell, County of Santa Clara and U.S. Attorney Scott Schools ("Defendants") each move separately to (1) dismiss plaintiffs' complaint as to all defendants for failure to state a claim upon which relief can be granted; or (2) require plaintiffs to present a more definite statement, and to strike plaintiffs' pleading should such more definite statement fail to be provided within ten days of such notice; (3) dismiss all causes of action which allege fraud for failure to state circumstances constituting such fraud with particularity; and (4) require plaintiffs to obtain leave of court to file subsequent redundant claims against defendants. Defendant U.S. Attorney Scott Schools moves additionally to dismiss plaintiffs' complaint on grounds of being an improper defendant, and requests that leave to amend be denied because deficiencies in the complaint cannot be cured by amendment. Defendants also ask the court to deny plaintiffs' petition for a temporary restraining order and a preliminary injunction. Plaintiffs have not filed written opposition to any of the motions but did appear to orally oppose them. The court has read the moving papers and taken judicial notice of documents. For the reasons set forth below, the court grants defendants' motion to dismiss plaintiffs' claims against all defendants with prejudice, denies plaintiffs' petition for temporary restraining order and preliminary injunction, and grants defendants' motion to require plaintiffs to obtain leave of court to file further claims stemming from municipal attempts to regulate plaintiffs' operation of a"puppy mill" out of their house.

## I. BACKGROUND

*Pro se* plaintiffs John Gabor and Kay Gabor are the owners of the real property at 590 Smokey Court, Campbell, California. They operate a "puppy mill" out of their home, breeding and selling dogs. On August 13, 2007 at 1:45 p.m., defendant Susan Morgado-Gray ("Morgado") came to plaintiffs' property and knocked on the door. When Kay Gabor, who was home alone, opened the door, Morgado identified herself as a code enforcement officer and presented her business card. Morgado further explained that Kay Gabor was on criminal probation to the City of Campbell, and Morgado requested to enter the house to search for illegal dogs. Kay Gabor refused her request and asked Morgado to leave. Morgado said she could obtain a warrant to search plaintiffs' house and bring back more officers.

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 2

Kay Gabor told Morgado to get a warrant, and closed the door. Compl. ¶ 51. Plaintiffs confirmed in court at the January 18, 2008 hearing on these matters that these are the facts upon which plaintiffs' complaint is based.

As a preliminary matter, the court takes judicial notice that on February 2000, plaintiffs were convicted and sentenced with respect to their sale of dogs in *People v. Kay Gabor*, Santa Clara Superior Court Case No. C-99-27216. Later, on December 12, 2003, Kay Gabor was convicted for violating her probation arising from the February 2000 conviction. Supplemental Request for Judicial Notice, Ex. 16-17. After a series of petitions and appeals filed by Kay Gabor, on February 1, 2005, the Appellate Division of the Santa Clara County Superior Court affirmed the judgment convicting Kay Gabor of violating her probation. Supplemental Request for Judicial Notice, Ex. 18-22.

Defendants point out that plaintiffs have a long record of unsuccessful "civil rights" claims and appeals against municipal and state agencies and officials at all levels. According to defendants, all claims stem from an alleged "widespread conspiracy" with respect to plaintiffs' "puppy mill" business. These lawsuits date back to 1994 and all allege similar civil rights violations. Accordingly, the court takes judicial notice of the following complaints and appeals:

**A. *Gabor v. Frazer, et al.*, (N.D. Cal.) Case No. C-94-20617 JW**

On September 8, 1994, plaintiffs filed their first action against at least 20 individual and entity defendants. Their claims included, among others, civil rights violations, bribery, and conspiracy. Request for Judicial Notice, Ex. 1. On November 18, 1994, Judge Ware dismissed plaintiffs' complaint with prejudice. Request for Judicial Notice, Ex. 2. Plaintiffs then appealed. The Ninth Circuit affirmed the trial court's dismissal in its Case No. 94-17133, dated February 13, 1996. Request for Judicial Notice, Ex. 3. Judge Ware recused himself from the case and the case was assigned to Judge Whyte. Subsequently, Judge Whyte issued an order awarding sanctions against plaintiffs on March 24, 1997, and a notice of entry of judgment in the amount of $4,026 in favor of defendants. Request for Judicial Notice, Ex. 5. On October 15, 1996 and December 9, 1996, the United States Supreme Court, by two opinions, denied plaintiffs' petition for writ of certiorari. Request for Judicial Notice, Ex. 6.

**B. *Gabor v. Board of Equalization, et al.*, (N.D. Cal.) Case No. C-96-20324 RMW**

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 3

United States District Court
For the Northern District of California

On April 25, 1996, plaintiffs filed a second action against at least 32 individual and entity defendants, many of them overlapping with defendants in the *Frazer* action. The causes of action asserted in the second action were substantially the same as the first action, including a civil rights violation under 42 U.S.C. § 1983, conspiracy, bribery and obstruction of justice arising from the action of City of Campbell and Santa Clara County preventing plaintiffs' operation of a for-profit "puppy mill." Request for Judicial Notice, Ex. 7. Judge Ware and Judge Williams recused themselves and the case was assigned to Judge Whyte. On September 20, 1996, Judge Whyte dismissed the complaint without prejudice as to all non-federal defendants. By order dated October 10, 1996, Judge Whyte dismissed the complaint as to federal defendants. Request for Judicial Notice, Ex. 9. Subsequently, on July 14, 1997, the Ninth Circuit affirmed the trial court's dismissal in Case No. 96-17088. Request for Judicial Notice, Ex. 10.

**C. *Gabor v. Seligmann, et al.*, (N.D. Cal.) Case No. C-04-05320 JF**

On December 10, 2004, plaintiffs filed a third lawsuit. They amended their complaint on May 26, 2005, submitting a 80-page complaint against at least 16 defendants, including the United States of America, District Judge Fogel, and clerk of the court Richard W. Wieking. Among others, this complaint alleged various claims under 18 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as corruption at all levels of Santa Clara County. Supplemental Request for Judicial Notice, Ex. 24. Judge Fogel dismissed the entire action with prejudice. Supplemental Request for Judicial Notice, Ex. 25. On February 26, 2007, the Ninth Circuit affirmed the trial court's dismissal in its opinion in Case No. C-05-017295. Supplemental Request for Judicial Notice, Ex. 26.

**D. The Instant Case**

On August 20, 2007, plaintiffs filed the instant case. Plaintiffs allege ten claims against 13 individual and entity defendants, from the County of Santa Clara to the attorneys general for the State of California and Northern District of California, all related to the plaintiffs' puppy mill business. Plaintiffs seek monetary damages in the amount of $1,000,000 against each defendant and injunctive relief.

**E. *Gabor v. United States, et al.*, (N.D. Cal.) Case No. C-07-06091 RMW.**

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI
4

On November 3, 2007 plaintiffs filed yet another complaint suing individual attorneys and district court staff members apparently for bribery and conspiracy, in connection with the docketing and filing of orders entered by the court regarding the instant case, specifically with regard to the entry of orders in this case denying plaintiffs' request for a temporary restraining order. This case was initially assigned to Judge Fogel. After Judge Fogel recused himself, the case was reassigned by the executive committee to the undersigned.

## II. ANALYSIS

### A. Legal Standard

A Rule 12(b)(6) motion tests legal sufficiency of the claims asserted in the complaint. Dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacific Police Dept.*, 90 F.2d 696, 699 (9th Cir. 1988). The issue is not whether the non-moving party will ultimately prevail but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The court's review is limited to the face of the complaint, documents referenced in the complaint, and matters of which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the court is not required to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

### B. Plaintiffs Assert No Cognizable Claim

Plaintiffs' claims include: (1) 42 U.S.C. § 1983 civil rights violations against all defendants; (2) 42 U.S.C. § 1985(3) conspiracy to cause injury against all defendants; (3) state law trespass and larceny against all defendants; (4) deprivation of the rights secured by Article I, Section I of the California Constitution against all defendants; (5) deprivation of due process right and privacy right under the Fourth Amendment to the U.S. Constitution against all defendants; (6) deprivation of due process right

United States District Court
For the Northern District of California

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 5

under the Fifth and Fourteenth Amendments to the U.S. Constitution by illegal taking without just compensation against all defendants; (7) deprivation of rights secured by Article I, Section 19 of the California Constitution against all defendants; (8) violation of 18 U.S.C. §§ 1951 and 1962(d), interference with commerce by threats, violence, conspiracy, attempted robbery, and extortion under color of official right against all defendants; (9) violation of 18 U.S.C. §§ 666, 1341, 1962(d), fraud and conspiracy to collect unlawful debt against all defendants; (10) bribery, false representation of immunity under color of official right in violation of Article III, Fifth, Seventh and Fourteenth Amendments to the U.S. Constitution against all defendants.

Plaintiffs' claims under the U.S. Constitution and its amendments are not cognizable. 42 U.S.C. § 1983 provides a remedy for deprivation of "all rights, privileges, or immunities secured by the Constitution and the laws . . . ." The Ninth Circuit has upheld the exclusive nature of § 1983. Where a plaintiff alleges a cause of action under § 1983, such statute is the exclusive remedy for the alleged constitutional violations, and plaintiffs cannot assert independent causes of action under various constitutional provisions. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (plaintiff has no cause of action directly under the U.S. Constitution, a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983).

Plaintiffs attempt to assert conspiracy claims under various federal statutes. Civil conspiracy is defined as combination of two or more persons, who, by some concerted action, intend to accomplish some unlawful objective for purpose of harming another which result in damage. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482, n.3 (9th Cir. 1984). In the instant complaint as in previous complaints, plaintiffs fail to assert any specific fact demonstrating either concerted action among the defendants or unlawful objective. Morever, several courts have upheld that in civil actions, an entity or corporation cannot conspire with its agents or employees when they act in their official capacity. *See Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 78 (1996) (when corporate employee acts in his or her authorized capacity on behalf of his or her corporate employer, there can be no claim of conspiracy between corporate employer and corporate employee); *see also Thompson v. City of Galveston*, 979 F. Supp. 504, 511 (S.D. Tex. 1997) (single legal entity, such as police department and

**United States District Court**
For the Northern District of California

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 6

its officers, is incapable of conspiring with itself for purposes of civil rights conspiracy claim under 42 U.S.C. § 1983). Therefore, plaintiffs' conspiracy claims are dismissed.

Plaintiffs fail to meet the pleading standard under Fed. R. Civ. P. 9(b) as to all fraud allegations against all defendants. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-23 (9th Cir. 2000). Thus, allegations that are vague or conclusory are insufficient to satisfy the "particularity" required by Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Plaintiffs' complaint is full of accusations of "fraud" and "false representation," but yet fails to provide any specific facts to support these allegations. In addition, with respect to the RICO claim under 18 U.S.C. § 1962, it is still unclear even after numerous actions by plaintiffs alleging RICO violations what conduct is alleged to form the basis for plaintiffs' claim. Accordingly, even under the liberal pleading standard, the court is not required to draw unreasonable or unwarranted factual inference in interpreting plaintiffs' pleadings. *McKinney v. De Board*, 507 F.2d 501, 504 (9th Cir. 1974). Thus, all claims based on allegations of fraud or mistake are dismissed.

Plaintiffs' civil rights claims are also not cognizable. Based on the complaint and the plaintiffs' arguments at the hearing on the instant matter, it would appear that plaintiffs base their civil rights claim on the request by Morgado-Gray to enter the Gabor's residence for a search that Morgado-Gray asserted was authorized under the terms of Kay Gabor's probation. Ms. Gabor denied Morgado-Gray access to the premises and no further actions were taken. This request by Morgado-Gray does not constitute or give rise to any violation of plaintiffs' constitutional rights sufficient to state a claim under 28 U.S.C. § 1983.

The remaining claims appear to be claims under the California constitution. Since all federal law claims are dismissed, the court declines to exercise supplemental jurisdiction over these state law claims under 28 U.S.C. § 1367.[1]

---

[1] Additionally, to the extent that plaintiffs attempt to assert state claims against Scott Schools, the court notes that he is not a proper defendant in this action. The Federal Tort Claims Act holds that individual government employees are not personally liable for tort claims against a

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 7

Plaintiffs have failed to state a claim upon which relief can be granted and the claims are dismissed. Given the plaintiffs' history of unsuccessful litigation the fact that there is no indication that the defects set forth above can be cured by amending the complaint, the plaintiffs' claims against all defendants are dismissed without leave to amend.

**C. The Court Denies Plaintiffs' Motion to Strike Defendants' Motion to Dismiss**

Plaintiffs have filed a motion asking the court to strike defendants' motions to dismiss because defendants have not yet answered the complaint. Under the Federal Rules of Civil Procedure, defendants are entitled to submit a motion to dismiss in lieu of an answer. Fed. R. Civ. P. 12. Plaintiffs' motion to strike defendant's motion to dismiss is denied.

**D. The Court Denies Plaintiffs' Request for Injunctive Relief**

The Ninth Circuit has formulated two tests for evaluating requests for preliminary injunctive relief. *Paisa v. N & G Auto, Inc.*, 980 F. Supp. 1009, 1012 (C.D. Cal. 1996). Under the traditional test, "a court may issue a preliminary injunction if it finds that (1) the moving party will suffer irreperable injury if injunctive relief is not granted; (2) the moving party will probably prevail on the merits; (3) in balancing the equities the non-moving party will not be harmed more than the moving party is helped by the injunction; and (4) granting the injunction is in the public interest." *Stanley v. University of Southern California*, 13 F.3d 1313, 1319 (9th Cir. 1994). Under the alternative test, "a court may issue a preliminary injunction if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." *Martin v. International Olympic Committee*, 740 F.2d 670, 674-75 (9th Cir. 1984).

---

government employee while acting in the course and scope of his employment. 28 U.S.C. § 2679(d). Such suits can only be brought against the United States of America. Defendant Schools requests the complaint be dismissed without leave to amend. Before a party may sue the United States of America, they must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a). The plaintiff in an action under the FTCA must allege that they complied with the FTCA's administrative claim presentment requirement. *Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980). Even if the claim were amended to name the proper defendant it would still fail to comply with the administrative claim presentment requirement. Since the defendant is not a proper defendant and the plaintiff has not alleged that they complied with the administrative claim presentment requirement, the claim as to Defendant Schools is dismissed without leave to amend.

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 8

Plaintiffs' request for injunctive relief fails under either test. As set forth above, the court finds that plaintiffs' complaint fails to state a claim against any defendant. Even assuming it did and there were any possibility of success, injunctive relief is nevertheless inappropriate. Plaintiffs do not allege any fact demonstrating that there is a substantial threat that they will suffer irreparable injury if the injunctive relief is denied, thus, the threatened injury to plaintiffs is unclear. The harm to defendants like the County of Santa Clara and City of Campbell would, on the other hand, be significant as they would be unable to exercise their governmental authority with respect to the activities of their residents. The consequence of issuing the injunctive relief would be contrary to the public interest, because the County and City defendants have the legal duties to provide for public health and public safety. Therefore, the court denies plaintiffs' request for a temporary restraining order and preliminary injunction.

**E. The Court Grants Defendants' Motion to Declare Plaintiffs Vexatious Litigants**

Defendants request that the court require the plaintiffs to obtain leave of the court prior to filing any further suits against the City of Campbell, its officers or the City of Santa Clara. Under 28 U.S.C. § 1651(a), a district court can enjoin litigants with abusive and lengthy histories from filing further actions or papers, requiring the litigant to meet certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *see also, O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (requiring *pro se* inmate deemed vexatious litigant to show good cause before being permitted to file future actions); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (forbidding *pro se* plaintiff from filing further complaints without prior approval of district court). However, such pre-filing orders are an extreme remedy and should rarely be filed. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

The Ninth Circuit has held that before a plaintiff can be enjoined as a vexatious litigant, the court must find that (1) the plaintiff had notice of the motion and an opportunity to be heard; (2) there was an adequate record for review showing that the litigant's activities were numerous or abusive; (3) the court has made substantive findings as to the frivolous or harassing nature of the litigant's actions; and

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 9

(4) the order has an appropriate breadth and is narrowly tailored to fit the specific vice encountered. *Id*. at 1147-48. The court held in *Molski v Mandarin Touch Restaurant*, 500 F.3d 1047 (9th Cir. 2007), that the five factors set forth in *Safir v. United States Lines, Inc*., 792 F.2d 19, 24 (2d. Cir. 1986), provide a helpful framework for determining the two substantive factors (factors three and four) of the Ninth Circuit test. The five *Safir* factors are (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; (5) whether other sanctions would be adequate to protect the courts and other parties.

**1. The Plaintiffs Have Had Notice and an Opportunity to be Heard**

The plaintiffs have had adequate notice and opportunity to be heard. They have been served with the motion to have them declared vexatious litigants but have thus far failed to file written opposition to the motion. They had an opportunity to be heard to oppose the motion at the January 18, 2008 hearing on defendants' motion to dismiss.

**2. There Is An Adequate Record For Review Detailing the Harassing Nature of Plaintiffs' Litigations**

The record for review consists of this order and the orders dismissing the previous actions filed by the plaintiffs: Cases No. C-94-20617 JW, No. C-96-20324 RMW and No. C-04-05320 JF. The record shows that, beginning in 1994, plaintiffs have filed three previous actions all generally containing similar "civil rights" claims against substantially similar defendants. All previous actions have been meritless and were dismissed. Each action named between 13 to 32 defendants.

**3. Applying the *Safir* Factors Shows the Frivolous and Harassing Nature of the Litigants' Actions**

As set forth above, the Ninth Circuit held in *Molski* that the five *Safir* factors are helpful in determining assessing the third and fourth prongs of the Ninth Circuit vexatious litigant test, i.e. whether the court had made substantial findings of frivolousness and whether the vexatious litigant order was narrowly tailored to the specific vice encountered. *Molski*, 500 F.3d at 1047.

**a. The Plaintiffs' History of Litigation**

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 10

United States District Court
For the Northern District of California

Plaintiffs have filed the three prior actions described above and have two pending actions, including the instant case. Each action filed by the plaintiffs has named numerous and often inappropriate defendants having no connection with the conduct about which plaintiffs complain. Each action alleges similar "civil rights" and conspiracy claims arising out of the efforts of municipal agencies to enforce regulations in relation to plaintiffs' operation of a "puppy mill" out of their home. The current complaint, like the prior complaints, is nearly devoid of comprehensible facts upon which plaintiffs' allegations are based. Given the large number of defendants to each action, the inappropriateness of many of the defendants to the actions and the duplicative nature of the claims asserted, the court finds that the lawsuits are both vexatious and harassing.

**b. The Litigants' Motive in Pursuing the Litigation**

The plaintiffs continue to assert baseless claims out of a belief that it is unlawful for the City of Campbell or County of Santa Clara to regulate plaintiff's operation of a "puppy mill" out of their home. It is unclear whether plaintiffs' are bringing this action for purposes of harassing the named defendants, although based on the number of defendants and the vitriol expressed in the instant complaint, it would appear that there may be some intent to harass.

**c. Whether Litigant is Represented by Counsel**

The plaintiffs' suits are always brought in *propia persona*. Courts are generally protective of *pro se* litigants. *Molski, 347* F. Supp 2d at 866. However, flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir.), *cert. denied*, 489 U.S. 1001 (1990).

**d. Whether Litigant has Caused Unnecessary Expense to The Parties or Placed a Needless Burden on the Courts**

Plaintiffs have filed multiple largely duplicative suits against similar or identical defendants. They have appealed many of the district court dismissals of their claims to the Ninth Circuit, which has, to date, confirmed the dismissal of their claims. These actions have forced the defendants to undertake unnecessary expense to defend themselves from baseless claims. This court and the appellate court have

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 11

expended considerable time and effort reviewing and ruling on these baseless claims. Plaintiffs' allegations of conspiracy among district court judges and magistrate judges have prompted several judges to recuse themselves from their actions. It is the court's view that plaintiffs' have caused unnecessary expense to the parties and have placed a needless burden on the courts.

**e. Whether Other Sanctions Would be Adequate to Protect the Courts and Other Parties**

As the court has noted, plaintiffs have been sanctioned for their actions in the previous suits that have been filed. However, plaintiffs continue to file actions stemming from their differences of opinion regarding the legality of their operation of a puppy mill against the same or similar defendants, each time making baseless allegations. It is the court's view that other sanctions would not be appropriate to protect the courts and other parties from further frivolous lawsuits being brought by defendants.

**4. The Order is Narrowly Tailored to the Specific Vice Encountered**

As shown above, plaintiffs have a history of filing "civil rights" type claims and conspiracy claims against public agencies and individuals arising out of municipal efforts to regulate plaintiffs' operation of a "puppy mill" out of their home. Any potential order needs to be narrowly tailored to fit the specific vice encountered. *DeLong*, 912 F.2d at 1148.

The court holds that the proper order is to require plaintiffs to obtain leave of court to file any "civil rights" claims or conspiracy claims arising out of municipal attempts to regulate plaintiffs' operation of a "puppy mill" out of their home.

**III. ORDER**

As set forth above, the court finds as follows:

1. Plaintiffs have filed multiple lawsuits alleging substantially similar claims against substantially similar defendants all stemming from their dispute with the City of Campbell and the County of Santa Clara regarding the legality of their running a puppy mill out of their homes. Plaintiffs' complaints are nearly devoid of facts and do not state legal claims upon which relief can be granted. Each of plaintiffs' complaints has been frivolous.

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 12

2. Plaintiffs' duplicative and baseless filings have consumed significant judicial resources of this court and resources of the parties.

3. This order and the previous written orders of dismissal in the prior three cases, and a transcript of the January 2008 proceedings constitute a record of plaintiffs' conduct.

Accordingly, the court:

1. Grants defendants' motion to dismiss plaintiffs' complaint in its entirety with prejudice;

2. Denies plaintiffs' petition for temporary restraining order and preliminary injunction;

3. Denies plaintiffs' separately filed motion to strike;

4. Grants defendant's motion for a pre-filing review order. The court will require John Gabor and Kay Gabor to obtain leave of court before filing any further suits against any defendants alleging claims arising out of municipal attempts to regulate the operation of a "puppy mill" out of their home. IT IS HEREBY ORDERED that the Clerk of this Court shall not accept for filing any further complaints filed by John Gabor and/or Kay Gabor until that complaint has first been reviewed by the court. A two-stage pre-filing review will be conducted before leave is granted to file the action. First, if the complaint is related to the Gabor's operation of a "puppy mill" out of their home it will not be filed unless it presents cognizable claims that are not based on merely conclusory allegations. Second, other complaints filed by John Gabor and Kay Gabor will be filed if they contain intelligible factual allegations and claims for relief. All cases filed by John Gabor and/or Kay Gabor shall be forwarded to the general duty judge, for pre-filing review.

DATED: 3/31/08

Ronald M Whyte
RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

**A copy of this document was sent on ____4/1/08______ to:**

**Counsel for Plaintiffs:**
John and Kay Gabor
590 Smokey Court
Campbell, CA 95008-3717
PRO SE

**Counsel for Defendants:**

| | |
|---|---|
| Marcy Berkman | marcy.berkman@cco.sccgov.org |
| Timothy James Schmal | tschmal@bvsllp.com |
| James A. Scharf | james.scharf@usdoj.gov |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI 14