John Gabor and Kay Gabor
590 Smokey Court
Campbell, CA. 95008

FILED
~~RECEIVED~~

2008 MAY 19  AM 10: 33

RICHARD W. WIEKING
U.S. CLERK
DISTRICT COURT
DIST. OF CA. S.J.

        Plaintiffs

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

JOHN GABOR and KAY GABOR,
            Plaintiffs,

    v.

COUNTY OF SANTA CLARA BOARD OF
SUPERVISORS, et al.,

            Defendants.

Case No. **5:07-cv-04266-RMW**

**NOTICE OF APPEAL TO THE COURT
OF APPEALS FOR THE NINTH
CIRCUIT, 28 U.S.C. § 1291 OF
FINAL JUDGMENT OF DISTRICT
COURT**

*TO THE CLERK OF THE COURT:*

We, John Gabor and Kay Gabor, plaintiffs in the above entitled action, do hereby filed this

Notice of Appeal to the Court of Appeals for the Ninth Circuit, 28 U.S.C § 1291, of the Final

Judgment(s) [Docket Nos.86-87] of the District Court judge March 31, 2008. The appeal is timely

filed within the sixty (60) days prescribed for an action having United States as a party-

defendant, and herewith pay the filing fee of $455.00.

We, John Gabor and Kay Gabor, plaintiffs in the above entitled action, declare under penalty of

perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 19, 2008

JOHN GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

Executed on May 19, 2008

KAY GABOR, plaintiff
590 Smokey Court
Campbell, CA 95008

07-04266 **NOTICE OF APPEAL**

**page 1**

## CERTIFICATE OF SERVICE

I hereby certify that the plaintiffs' NOTICE OF APPEAL TO THE COURT OF APPEALS FOR

THE NINTH CIRCUIT, 28 U.S.C. § 1291, OF ORDER OF FINAL JUDGMENT was served upon all

parties listed below pursuant to F.R.C.P. Rule 5(a) by U.S. Mail, postage prepaid, on this 19 day of

May, 2008

John Gabor, NOTARY NOT REQUIRED

### PARTIES SERVED

Marcy Berkman
70 West Hedding Street, 9th Floor
San Jose, CA. 95110

Timothy J. Schmal
133 Mission Street, Suite 102
Santa Cruz, CA. 95060

James A. Scharf
Office of the United States Attorney
150 Almaden Blvd, Suite 900
San Jose, CA. 95113

1   *E-filed on  3/31/08*

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12   JOHN GABOR and KAY GABOR,          No. C-07-04266 RMW

13            Plaintiffs,

14         v.                           DENYING MOTION TO DISQUALIFY

15   COUNTY OF SANTA CLARA BOARD OF
     SUPERVISORS et al.,
16
              Defendants.
17

18

19         On October 18, 2007, plaintiffs filed a motion to recuse the undersigned. The court denies

20   plaintiffs' motion.

21         28 U.S.C. § 144 provides for recusal where a party files a timely and sufficient affidavit that

22   the judge before whom the matter is pending has a personal bias or prejudice either against the party

23   or in favor of an adverse party. The affidavit must state the facts and reasons for such belief. *See* 28

24   U.S.C. § 144. A judge finding the motion timely and the affidavits legally sufficient must proceed

25   no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624

26   F.2d 864, 867 (9th Cir. 1980); Local Rule 3-15. If the judge finds the affidavits are not legally

27   sufficient, recusal is simply denied. *See* 28 U.S.C. § 144; *United States v. $292,888.04 in U.S.*

28   *Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory

DENYING MOTION TO DISQUALIFY—No. C-07-04266 RMW

*United States District Court*
*For the Northern District of California*

1   allegations).  A judge is not required to refer a motion to recuse to another judge if the motion is

2   neither timely nor legally sufficient. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).

3        Plaintiffs' motion to disqualify the judge is legally insufficient to support recusal.  Recusal is

4   appropriate where a "reasonable person with knowledge of all the facts would conclude that the

5   judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626

6   (9th Cir. 1993) (citation omitted).  However, the papers accompanying plaintiffs' motion set forth a

7   number of adverse rulings made by this court as a basis for recusal that the undersigned is engaged

8   in a conspiracy with all judges in the San Jose division of the Northern District of California to

9   deprive all pro se plaintiffs of due process.  The basis of plaintiffs' motion appears to be that the

10  undersigned (and other judges of this division) have ruled adversely to plaintiffs in plaintiffs' prior

11  actions.  A court's adverse rulings are not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198

12  F.3d 1152, 1160 (9th Cir. 1999).  Therefore, plaintiffs' motion to disqualify the judge in this case is

13  DENIED.

16  DATED:        3/31/08

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California

1   A copy of this document was sent on _____4/1/08_____ to:

2

3   **Counsel for Plaintiffs:**
    John and Kay Gabor
    590 Smokey Court
4   Campbell, CA 95008-3717
    PRO SE
5

6   **Counsel for Defendants:**                    marcy.berkman@cco.sccgov.org
    Marcy Berkman
7   Timothy James Schmal                           tschmal@bvsllp.com
    James A. Scharf                                james.scharf@usdoj.gov
8

9   Counsel are responsible for distributing copies of this document to co-counsel that have not
    registered for e-filing under the court's CM/ECF program.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENYING MOTION TO DISQUALIFY—No. C-07-04266 RMW    8

1  *E-filed on* _____3/31/08_____

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11  JOHN GABOR and KAY GABOR,              No. C-07-04266 RMW (HRL)

12           Plaintiffs,                   ORDER GRANTING DEFENDANTS'
                                           MOTION FOR DISMISSAL; DENYING
13                                         PLAINTIFFS' MOTION TO STRIKE;
         v.                                DENYING PLAINTIFFS' PETITION FOR
14                                         TEMPORARY RESTRAINING ORDER AND
                                           PRELIMINARY INJUNCTION; GRANTING
15  COUNTY OF SANTA CLARA BOARD OF         DEFENDANTS' MOTION TO REQUIRE
    SUPERVISORS in their official capacity; ANN   PLAINTIFFS TO OBTAIN LEAVE OF
16  RAVEL, county counsel, in her municipal and   COURT TO FILE SUBSEQUENT CLAIMS
    individual capacity; DELORES CARR, district   AGAINST DEFENDANTS
17  attorney, in her official and individual capacity;
    LAURIE SMITH, sheriff, in her municipal and   **[Docket No. 21, 23, 60]**
18  individual capacity; CITY OF CAMPBELL, in
    its municipal capacity; CITY OF CAMPBELL
19  CITY MANAGER DANIEL RICH, in his
    municipal and individual capacity; CITY OF
20  CAMPBELL COMMUNITY
    DEVELOPMENT DEPARTMENT *in its*
21  municipal capacity; SUSAN MORGADO-
    GRAY in her municipal and individual
22  capacity; EDMUND G. BROWN, JR. Attorney
    General in his official capacity; UNITED
23  STATES ATTORNEY FOR THE
    NORTHERN DISTRICT OF CALIFORNIA
24  SCOTT N. SCHOOLS in his official capacity
    and DOES 1-100,
25
             Defendants.
26

27

28  ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
    RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
    PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
    RMW
    CYY/EI

**United States District Court**
For the Northern District of California

1

2    Defendants City of Campbell, County of Santa Clara and U.S. Attorney Scott Schools

3   ("Defendants") each move separately to (1) dismiss plaintiffs' complaint as to all defendants for

4   failure to state a claim upon which relief can be granted; or (2) require plaintiffs to present a more

5   definite statement, and to strike plaintiffs' pleading should such more definite statement fail to be

6   provided within ten days of such notice; (3) dismiss all causes of action which allege fraud for

7   failure to state circumstances constituting such fraud with particularity; and (4) require plaintiffs to

8   obtain leave of court to file subsequent redundant claims against defendants.  Defendant U.S.

9   Attorney Scott Schools moves additionally to dismiss plaintiffs' complaint on grounds of being an

10  *improper defendant, and requests that leave to amend be denied because deficiencies in the*

11  complaint cannot be cured by amendment.  Defendants also ask the court to deny plaintiffs' petition

12  for a temporary restraining order and a preliminary injunction.  Plaintiffs have not filed written

13  opposition to any of the motions but did appear to orally oppose them.  The court has read the

14  moving papers and taken judicial notice of documents.  For the reasons set forth below, the court

15  grants defendants' motion to dismiss plaintiffs' claims against all defendants with prejudice, denies

16  plaintiffs' petition for temporary restraining order and preliminary injunction, and grants defendants'

17  motion to require plaintiffs to obtain leave of court to file further claims stemming from municipal

18  attempts to regulate plaintiffs' operation of a "puppy mill" out of their house.

19                              **I.  BACKGROUND**

20    *Pro se* plaintiffs John Gabor and Kay Gabor are the owners of the real property at 590 Smokey

21  Court, Campbell, California.  They operate a "puppy mill" out of their home, breeding and selling dogs.

22  On August 13, 2007 at 1:45 p.m., defendant Susan Morgado-Gray ("Morgado") came to plaintiffs'

23  property and knocked on the door.  When Kay Gabor, who was home alone, opened the door, Morgado

24  identified herself as a code enforcement officer and presented her business card.  Morgado further

25  explained that Kay Gabor was on criminal probation to the City of Campbell, and Morgado requested

26  to enter the house to search for illegal dogs.  Kay Gabor refused her request and asked Morgado to

27  leave.  Morgado said she could obtain a warrant to search plaintiffs' house and bring back more officers.

28  ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
    RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
    PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
    RMW
    CYY/EI                                                      2

1    Kay Gabor told Morgado to get a warrant, and closed the door. Compl. ¶ 51. Plaintiffs confirmed in

2    court at the January 18, 2008 hearing on these matters that these are the facts upon which plaintiffs'

3    complaint is based.

4         As a preliminary matter, the court takes judicial notice that on February 2000, plaintiffs were

5    convicted and sentenced with respect to their sale of dogs in *People v. Kay Gabor*, Santa Clara Superior

6    Court Case No. C-99-27216. Later, on December 12, 2003, Kay Gabor was convicted for violating her

7    probation arising from the February 2000 conviction. Supplemental Request for Judicial Notice, Ex.

8    16-17. After a series of petitions and appeals filed by Kay Gabor, on February 1, 2005, the Appellate

9    Division of the Santa Clara County Superior Court affirmed the judgment convicting Kay Gabor of

10   violating her probation. *Supplemental Request for Judicial Notice*, Ex. 18-22.

11        Defendants point out that plaintiffs have a long record of unsuccessful "civil rights" claims and

12   appeals against municipal and state agencies and officials at all levels. According to defendants, all

13   claims stem from an alleged "widespread conspiracy" with respect to plaintiffs' "puppy mill" business.

14   These lawsuits date back to 1994 and all allege similar civil rights violations. Accordingly, the court

15   takes judicial notice of the following complaints and appeals:

16        **A.    *Gabor v. Frazer, et al.,* (N.D. Cal.) Case No. C-94-20617 JW**

17        On September 8, 1994, plaintiffs filed their first action against at least 20 individual and entity

18   defendants. Their claims included, among others, civil rights violations, bribery, and conspiracy.

19   Request for Judicial Notice, Ex. 1. On November 18, 1994, Judge Ware dismissed plaintiffs' complaint

20   with prejudice. Request for Judicial Notice, Ex. 2. Plaintiffs then appealed. The Ninth Circuit affirmed

21   the trial court's dismissal in its Case No. 94-17133, dated February 13, 1996. Request for Judicial

22   Notice, Ex. 3. Judge Ware recused himself from the case and the case was assigned to Judge Whyte.

23   Subsequently, Judge Whyte issued an order awarding sanctions against plaintiffs on March 24, 1997,

24   and a notice of entry of judgment in the amount of $4,026 in favor of defendants. Request for Judicial

25   Notice, Ex. 5. On October 15, 1996 and December 9, 1996, the United States Supreme Court, by two

26   opinions, denied plaintiffs' petition for writ of certiorari. Request for Judicial Notice, Ex. 6.

27        **B.    *Gabor v. Board of Equalization, et al.,* (N.D. Cal.) Case No. C-96-20324 RMW**

28   ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
     RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
     PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
     RMW
     CYY/EI                                                    3

United States District Court
For the Northern District of California

1    On April 25, 1996, plaintiffs filed a second action against at least 32 individual and entity

2  defendants, many of them overlapping with defendants in the *Frazer* action. The causes of action

3  asserted in the second action were substantially the same as the first action, including a civil rights

4  violation under 42 U.S.C. § 1983, conspiracy, bribery and obstruction of justice arising from the action

5  of City of Campbell and Santa Clara County preventing plaintiffs' operation of a for-profit "puppy

6  mill." Request for Judicial Notice, Ex. 7. Judge Ware and Judge Williams recused themselves and the

7  case was assigned to Judge Whyte. On September 20, 1996, Judge Whyte dismissed the complaint

8  without prejudice as to all non-federal defendants. By order dated October 10, 1996, Judge Whyte

9  dismissed the complaint as to federal defendants. Request for Judicial Notice, Ex. 9. Subsequently, on

10  July 14, 1997, the Ninth Circuit affirmed the trial court's dismissal in Case No. 96-17088. *Request for*

11  *Judicial Notice, Ex. 10.*

12    **C.    *Gabor v. Seligmann, et al.*, (N.D. Cal.) Case No. C-04-05320 JF**

13    On December 10, 2004, plaintiffs filed a third lawsuit. They amended their complaint on May

14  26, 2005, submitting a 80-page complaint against at least 16 defendants, including the United States of

15  America, District Judge Fogel, and clerk of the court Richard W. Wieking. Among others, this

16  complaint alleged various claims under 18 U.S.C. §§ 1981, 1983, 1985, and 1986, as well as corruption

17  at all levels of Santa Clara County. Supplemental Request for Judicial Notice, Ex. 24. Judge Fogel

18  dismissed the entire action with prejudice. Supplemental Request for Judicial Notice, Ex. 25. On

19  February 26, 2007, the Ninth Circuit affirmed the trial court's dismissal in its opinion in Case No. C-05-

20  017295. Supplemental Request for Judicial Notice, Ex. 26.

21    **D.    The Instant Case**

22    On August 20, 2007, plaintiffs filed the instant case. Plaintiffs allege ten claims against 13

23  individual and entity defendants, from the County of Santa Clara to the attorneys general for the State

24  of California and Northern District of California, all related to the plaintiffs' puppy mill business.

25  Plaintiffs seek monetary damages in the amount of $1,000,000 against each defendant and injunctive

26  relief.

27    **E.    *Gabor v. United States, et al.*, (N.D. Cal.) Case No. C-07-06091 RMW.**

28  ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
RMW
CYY/EI                                                                        4

1    On November 3, 2007 plaintiffs filed yet another complaint suing individual attorneys and

2  district court staff members apparently for bribery and conspiracy, in connection with the docketing and

3  filing of orders entered by the court regarding the instant case, specifically with regard to the entry of

4  orders in this case denying plaintiffs' request for a temporary restraining order.  This case was initially

5  assigned to Judge Fogel.  After Judge Fogel recused himself, the case was reassigned by the executive

6  committee to the undersigned.

7                                    **II. ANALYSIS**

8    **A.    Legal Standard**

9    A Rule 12(b)(6) motion tests legal sufficiency of the claims asserted in the complaint.

10  *Dismissal can be based on the* "lack of a cognizable legal theory" or "the absence of sufficient facts

11  alleged under a cognizable legal theory." *Balistreri v. Pacific Police Dept.*, 90 F.2d 696, 699 (9th Cir.

12  1988).  The issue is not whether the non-moving party will ultimately prevail but whether it is entitled

13  to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

14  Cir. 1997).  The court's review is limited to the face of the complaint, documents referenced in the

15  complaint, and matters of which the court may take judicial notice. *Levine v. Diamanthuset, Inc.*, 950

16  F.2d 1478, 1483 (9th Cir. 1991).  When evaluating a Rule 12(b)(6) motion, the court must accept all

17  material allegations in the complaint as true and construe them in the light most favorable to the non-

18  moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).  However, the court is not required

19  to accept conclusory legal allegations "cast in the form of factual allegations if those conclusions cannot

20  reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55

21  (9th Cir. 1994).

22  **B.    Plaintiffs Assert No Cognizable Claim**

23    Plaintiffs' claims include: (1) 42 U.S.C. § 1983 civil rights violations against all defendants; (2)

24  42 U.S.C. § 1985(3) conspiracy to cause injury against all defendants; (3) state law trespass and larceny

25  against all defendants; (4) deprivation of the rights secured by Article I, Section I of the California

26  Constitution against all defendants; (5) deprivation of due process right and privacy right under the

27  Fourth Amendment to the U.S. Constitution against all defendants; (6) deprivation of due process right

28  ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
RMW
CYY/EI

**United States District Court**
For the Northern District of California

1   under the Fifth and Fourteenth Amendments to the U.S. Constitution by illegal taking without just

2   compensation against all defendants; (7) deprivation of rights secured by Article I, Section 19 of the

3   California Constitution against all defendants; (8) violation of 18 U.S.C. §§ 1951 and 1962(d),

4   interference with commerce by threats, violence, conspiracy, attempted robbery, and extortion under

5   color of official right against all defendants; (9) violation of 18 U.S.C. §§ 666, 1341, 1962(d), fraud and

6   conspiracy to collect unlawful debt against all defendants; (10) bribery, false representation of immunity

7   under color of official right in violation of Article III, Fifth, Seventh and Fourteenth Amendments to

8   the U.S. Constitution against all defendants.

9       Plaintiffs' claims under the U.S. Constitution and its amendments are not cognizable. 42 U.S.C.

10   § 1983 provides a remedy for deprivation of "all rights, privileges, or immunities secured by the

11   Constitution and the laws . . . ." The Ninth Circuit has upheld the exclusive nature of § 1983. Where

12   a plaintiff alleges a cause of action under § 1983, such statute is the exclusive remedy for the alleged

13   constitutional violations, and plaintiffs cannot assert independent causes of action under various

14   constitutional provisions. *Azul-Pacifico, Inc. v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir. 1992)

15   (plaintiff has no cause of action directly under the U.S. Constitution, a litigant complaining of a

16   violation of a constitutional right must utilize 42 U.S.C. § 1983).

17       Plaintiffs attempt to assert conspiracy claims under various federal statutes. Civil conspiracy

18   is defined as combination of two or more persons, who, by some concerted action, intend to accomplish

19   some unlawful objective for purpose of harming another which result in damage. *Doleman v. Meiji Mut.*

20   *Life Ins. Co.,* 727 F.2d 1480, 1482, n.3 (9th Cir. 1984). In the instant complaint as in previous

21   complaints, plaintiffs fail to assert any specific fact demonstrating either concerted action among the

22   defendants or unlawful objective. Morever, several courts have upheld that in civil actions, an entity

23   or corporation cannot conspire with its agents or employees when they act in their official capacity. *See*

24   *Janken v. GM Hughes Electronics,* 46 Cal. App. 4th 55, 78 (1996) (when corporate employee acts in

25   his or her authorized capacity on behalf of his or her corporate employer, there can be no claim of

26   conspiracy between corporate employer and corporate employee); *see also Thompson v. City of*

27   *Galveston,* 979 F. Supp. 504, 511 (S.D. Tex. 1997) (single legal entity, such as police department and

28   ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
     RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
     PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
     RMW
     CYY/EI                                        6

1   its officers, is incapable of conspiring with itself for purposes of civil rights conspiracy claim under 42

2   U.S.C. § 1983). Therefore, plaintiffs' conspiracy claims are dismissed.

3   Plaintiffs fail to meet the pleading standard under Fed. R. Civ. P. 9(b) as to all fraud allegations

4   against all defendants. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances

5   constituting fraud or mistake shall be stated with particularity." *Desaigoudar v. Meyercord*, 223 F.3d

6   1020, 1022-23 (9th Cir. 2000). Thus, allegations that are vague or conclusory are insufficient to satisfy

7   the "particularity" required by Rule 9(b). *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540

8   (9th Cir. 1989). Plaintiffs' complaint is full of accusations of "fraud" and "false representation," but yet

9   fails to provide any specific facts to support these allegations. In addition, with respect to the RICO

10  claim under 18 U.S.C. § 1962, *it is still unclear even after numerous actions by plaintiffs alleging* RICO

11  violations what conduct is alleged to form the basis for plaintiffs' claim. Accordingly, even under the

12  liberal pleading standard, the court is not required to draw unreasonable or unwarranted factual

13  inference in interpreting plaintiffs' pleadings. *McKinney v. De Board*, 507 F.2d 501, 504 (9th Cir.

14  1974). Thus, all claims based on allegations of fraud or mistake are dismissed.

15  Plaintiffs' civil rights claims are also not cognizable. Based on the complaint and the plaintiffs'

16  arguments at the hearing on the instant matter, it would appear that plaintiffs base their civil rights claim

17  on the request by Morgado-Gray to enter the Gabor's residence for a search that Morgado-Gray asserted

18  was authorized under the terms of Kay Gabor's probation. Ms. Gabor denied Morgado-Gray access to

19  the premises and no further actions were taken. This request by Morgado-Gray does not constitute or

20  give rise to any violation of plaintiffs' constitutional rights sufficient to state a claim under 28 U.S.C.

21  § 1983.

22  The remaining claims appear to be claims under the California constitution. Since all federal

23  law claims are dismissed, the court declines to exercise supplemental jurisdiction over these state law

24  claims under 28 U.S.C. § 1367.[1]

25

26  ───────────────
    [1]   Additionally, to the extent that plaintiffs attempt to assert state claims against Scott

27  Schools, the court notes that he is not a proper defendant in this action. The Federal Tort Claims Act
    holds that individual government employees are not personally liable for tort claims against a

28  ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
    RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
    PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
    RMW
    CYY/EI                                                          7

Plaintiffs have failed to state a claim upon which relief can be granted and the claims are dismissed. Given the plaintiffs' history of unsuccessful litigation the fact that there is no indication that the defects set forth above can be cured by amending the complaint, the plaintiffs' claims against all defendants are dismissed without leave to amend.

**C.    The Court Denies Plaintiffs' Motion to Strike Defendants' Motion to Dismiss**

Plaintiffs have filed a motion asking the court to strike defendants' motions to dismiss because defendants have not yet answered the complaint.   Under the Federal Rules of Civil Procedure, defendants are entitled to submit a motion to dismiss in lieu of an answer. Fed. R. Civ. P. 12. Plaintiffs' motion to strike defendant's motion to dismiss is denied.

**D.    *The Court Denies Plaintiffs' Request for Injunctive Relief***

The Ninth Circuit has formulated two tests for evaluating requests for preliminary injunctive relief. *Paisa v. N & G Auto, Inc.*, 980 F. Supp. 1009, 1012 (C.D. Cal. 1996).  Under the traditional test, "a court may issue a preliminary injunction if it finds that (1) the moving party will suffer irreparable injury if injunctive relief is not granted; (2) the moving party will probably prevail on the merits; (3) in balancing the equities the non-moving party will not be harmed more than the moving party is helped by the injunction; and (4) granting the injunction is in the public interest." *Stanley v. University of Southern California*, 13 F.3d 1313, 1319 (9th Cir. 1994).  Under the alternative test, "a court may issue a preliminary injunction if the moving party demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in its favor." *Martin v. International Olympic Committee*, 740 F.2d 670, 674-75 (9th Cir. 1984).

---

government employee while acting in the course and scope of his employment.  28 U.S.C. § 2679(d). Such suits can only be brought against the United States of America.  Defendant Schools requests the complaint be dismissed without leave to amend. Before a party may sue the United States of America, they must first file an administrative claim with the appropriate federal agency. 28 U.S.C. § 2675(a).  The plaintiff in an action under the FTCA must allege that they complied with the FTCA's administrative claim presentment requirement. *Bruce v. United States*, 621 F.2d 914, 918 (8th Cir. 1980).  Even if the claim were amended to name the proper defendant it would still fail to comply with the administrative claim presentment requirement.  Since the defendant is not a proper defendant and the plaintiff has not alleged that they complied with the administrative claim presentment requirement, the claim as to Defendant Schools is dismissed without leave to amend.

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS-C-07-04266 RMW
CYY/EI

8

1    Plaintiffs' request for injunctive relief fails under either test. As set forth above, the court finds

2  that plaintiffs' complaint fails to state a claim against any defendant. Even assuming it did and there

3  were any possibility of success, injunctive relief is nevertheless inappropriate. Plaintiffs do not allege

4  any fact demonstrating that there is a substantial threat that they will suffer irreparable injury if the

5  injunctive relief is denied, thus, the threatened injury to plaintiffs is unclear. The harm to defendants

6  like the County of Santa Clara and City of Campbell would, on the other hand, be significant as they

7  would be unable to exercise their governmental authority with respect to the activities of their residents.

8  The consequence of issuing the injunctive relief would be contrary to the public interest, because the

9  County and City defendants have the legal duties to provide for public health and public safety.

10  Therefore, the court denies plaintiffs' request for a temporary restraining order and preliminary

11  injunction.

12    **E.    The Court Grants Defendants' Motion to Declare Plaintiffs Vexatious Litigants**

13    Defendants request that the court require the plaintiffs to obtain leave of the court prior to filing

14  any further suits against the City of Campbell, its officers or the City of Santa Clara. Under 28 U.S.C.

15  § 1651(a), a district court can enjoin litigants with abusive and lengthy histories from filing further

16  actions or papers, requiring the litigant to meet certain requirements, such as obtaining leave of the

17  court or filing declarations that support the merits of the case. *Weissman v. Quail Lodge, Inc.*, 179 F.3d

18  1194, 1197 (9th Cir. 1999); *see also, O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (requiring

19  *pro se* inmate deemed vexatious litigant to show good cause before being permitted to file future

20  actions); *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (forbidding *pro se* plaintiff from filing

21  further complaints without prior approval of district court). However, such pre-filing orders are an

22  extreme remedy and should rarely be filed. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

23

24    The Ninth Circuit has held that before a plaintiff can be enjoined as a vexatious litigant, the court

25  must find that (1) the plaintiff had notice of the motion and an opportunity to be heard; (2) there was

26  an adequate record for review showing that the litigant's activities were numerous or abusive; (3) the

27  court has made substantive findings as to the frivolous or harassing nature of the litigant's actions; and

28  ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
RMW
CYY/EI

(4) the order has an appropriate breadth and is narrowly tailored to fit the specific vice encountered. *Id.* at 1147-48. The court held in *Molski v Mandarin Touch Restaurant*, 500 F.3d 1047 (9th Cir. 2007), that the five factors set forth in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d. Cir. 1986), provide a helpful framework for determining the two substantive factors (factors three and four) of the Ninth Circuit test. The five *Safir* factors are (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant is represented by counsel; (4) whether litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; (5) whether other sanctions would be adequate to protect the courts and other parties.

### 1.    The Plaintiffs Have Had Notice and an Opportunity to be Heard

The plaintiffs have had adequate notice and opportunity to be heard. They have been served with the motion to have them declared vexatious litigants but have thus far failed to file written opposition to the motion. They had an opportunity to be heard to oppose the motion at the January 18, 2008 hearing on defendants' motion to dismiss.

### 2.    There Is An Adequate Record For Review Detailing the Harassing Nature of Plaintiffs' Litigations

The record for review consists of this order and the orders dismissing the previous actions filed by the plaintiffs: Cases No. C-94-20617 JW, No. C-96-20324 RMW and No. C-04-05320 JF. The record shows that, beginning in 1994, plaintiffs have filed three previous actions all generally containing similar "civil rights" claims against substantially similar defendants. All previous actions have been meritless and were dismissed. Each action named between 13 to 32 defendants.

### 3.    Applying the *Safir* Factors Shows the Frivolous and Harassing Nature of the Litigants' Actions

As set forth above, the Ninth Circuit held in *Molski* that the five *Safir* factors are helpful in determining assessing the third and fourth prongs of the Ninth Circuit vexatious litigant test, i.e. whether the court had made substantial findings of frivolousness and whether the vexatious litigant order was narrowly tailored to the specific vice encountered. *Molski*, 500 F.3d at 1047.

#### a.    The Plaintiffs' History of Litigation

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI

**United States District Court**
For the Northern District of California

10

1    Plaintiffs have filed the three prior actions described above and have two pending actions,

2    including the instant case.  Each action filed by the plaintiffs has named numerous and often

3    inappropriate defendants having no connection with the conduct about which plaintiffs complain.  Each

4    action alleges similar "civil rights" and conspiracy claims arising out of the efforts of municipal agencies

5    to enforce regulations in relation to plaintiffs' operation of a "puppy mill" out of their home.  The current

6    complaint, like the prior complaints, is nearly devoid of comprehensible facts upon which plaintiffs'

7    allegations are based.  Given the large number of defendants to each action, the inappropriateness of

8    many of the defendants to the actions and the duplicative nature of the claims asserted, the court finds

9    that the lawsuits are both vexatious and harassing.

10                    **b.    The Litigants' Motive in Pursuing the Litigation**

11    The plaintiffs continue to assert baseless claims out of a belief that it is unlawful for the City of

12    Campbell or County of Santa Clara to regulate plaintiff's operation of a "puppy mill" out of their home.

13    It is unclear whether plaintiffs' are bringing this action for purposes of harassing the named defendants,

14    although based on the number of defendants and the vitriol expressed in the instant complaint, it would

15    appear that there may be some intent to harass.

16                    **c.    Whether Litigant is Represented by Counsel**

17    The plaintiffs' suits are always brought in *propia persona*.  Courts are generally protective of *pro*

18    *se* litigants.  *Molski, 347* F. Supp 2d at 866.  However, flagrant abuse of the judicial process cannot be

19    tolerated because it enables one person to preempt the use of judicial time that properly could be used

20    to consider the meritorious claims of other litigants.  *See De Long v. Hennessey*, 912 F.2d 1144, 1148

21    (9th Cir.), *cert. denied*, 489 U.S. 1001 (1990).

22                    **d.    Whether Litigant has Caused Unnecessary Expense to The Parties**
                              **or Placed a Needless Burden on the Courts**

23    Plaintiffs have filed multiple largely duplicative suits against similar or identical defendants.

24    They have appealed many of the district court dismissals of their claims to the Ninth Circuit, which has,

25    to date, confirmed the dismissal of their claims.  These actions have forced the defendants to undertake

26    unnecessary expense to defend themselves from baseless claims.  This court and the appellate court have

27

28    ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
      RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
      PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
      RMW
      CYY/EI                                         11

1  expended considerable time and effort reviewing and ruling on these baseless claims. Plaintiffs'

2  allegations of conspiracy among district court judges and magistrate judges have prompted several

3  judges to recuse themselves from their actions. It is the court's view that plaintiffs' have caused

4  unnecessary expense to the parties and have placed a needless burden on the courts.

5          **e.      Whether Other Sanctions Would be Adequate to Protect the Courts
                    and Other Parties**

6          As the court has noted, plaintiffs have been sanctioned for their actions in the previous suits that

7  have been filed. However, plaintiffs continue to file actions stemming from their differences of opinion

8  regarding the legality of their operation of a puppy mill against the same or similar defendants, each

9  time making baseless allegations. It is the court's view that other sanctions would not be appropriate

10  to protect the courts and other parties from further frivolous lawsuits being brought by defendants.

11          **4.      The Order is Narrowly Tailored to the Specific Vice Encountered**

12          As shown above, plaintiffs have a history of filing "civil rights" type claims and conspiracy

13  claims against public agencies and individuals arising out of municipal efforts to regulate plaintiffs'

14  operation of a "puppy mill" out of their home. Any potential order needs to be narrowly tailored to fit

15  the specific vice encountered. *DeLong*, 912 F.2d at 1148.

16          The court holds that the proper order is to require plaintiffs to obtain leave of court to file any

17  "civil rights" claims or conspiracy claims arising out of municipal attempts to regulate plaintiffs'

18  operation of a "puppy mill" out of their home.

19                              **III. ORDER**

20          As set forth above, the court finds as follows:

21          1.      Plaintiffs have filed multiple lawsuits alleging substantially similar claims against

22                  substantially similar defendants all stemming from their dispute with the City of

23                  Campbell and the County of Santa Clara regarding the legality of their running a puppy

24                  mill out of their homes. Plaintiffs' complaints are nearly devoid of facts and do not state

25                  legal claims upon which relief can be granted. Each of plaintiffs' complaints has been

26                  frivolous.

27

28  ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
    RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
    PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266
    RMW
    CYY/EI                                              12

2. Plaintiffs' duplicative and baseless filings have consumed significant judicial resources of this court and resources of the parties.

3. This order and the previous written orders of dismissal in the prior three cases, and a transcript of the January 2008 proceedings constitute a record of plaintiffs' conduct.

Accordingly, the court:

1. Grants defendants' motion to dismiss plaintiffs' complaint in its entirety with prejudice;

2. Denies plaintiffs' petition for temporary restraining order and preliminary injunction;

3. Denies plaintiffs' separately filed motion to strike;

4. Grants defendant's motion for a pre-filing review order. The court will require John Gabor and Kay Gabor to obtain leave of court before filing any further suits against any defendants alleging claims arising out of municipal attempts to regulate the operation of a "puppy mill" out of their home. IT IS HEREBY ORDERED that the Clerk of this Court shall not accept for filing any further complaints filed by John Gabor and/or Kay Gabor until that complaint has first been reviewed by the court. A two-stage pre-filing review will be conducted before leave is granted to file the action. First, if the complaint is related to the Gabor's operation of a "puppy mill" out of their home it will not be filed unless it presents cognizable claims that are not based on merely conclusory allegations. Second, other complaints filed by John Gabor and Kay Gabor will be filed if they contain intelligible factual allegations and claims for relief. All cases filed by John Gabor and/or Kay Gabor shall be forwarded to the general duty judge, for pre-filing review.

DATED: _____3/31/08_____

_Ronald M Whyte_
RONALD M. WHYTE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS–C-07-04266 RMW
CYY/EI

13

1    A copy of this document was sent on _____4/1/08_____ to:

2

3    **Counsel for Plaintiffs:**
     John and Kay Gabor
     590 Smokey Court
4    Campbell, CA 95008-3717
     PRO SE

5

6    **Counsel for Defendants:**
     Marcy Berkman                    marcy.berkman@cco.sccgov.org
7    Timothy James Schmal             tschmal@bvsllp.com
     James A. Scharf                  james.scharf@usdoj.gov

8

9    Counsel are responsible for distributing copies of this document to co-counsel that have not registered
     for e-filing under the court's CM/ECF program.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING DEFENDANTS' MOTION FOR DISMISSAL; DENYING PLAINTIFFS' PETITION FOR TEMPORARY
     RESTRAINING ORDER AND PRELIMINARY INJUNCTION; GRANTING DEFENDANTS' MOTION TO REQUIRE
     PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT CLAIMS AGAINST DEFENDANTS--C-07-04266
     RMW
     CYY/EI                                              14

**United States District Court**
For the Northern District of California



# Burton
# Volkmann
# &Schmal
### LLP • ATTORNEYS AT LAW

133 Mission Street
Suite 102
Santa Cruz, CA 95060
(831) 425-5023
Fax: (831) 427-3159
www.bvsllp.com

John S. Burton

Timothy R. Volkmann

Timothy J. Schmal

Anna DiBenedetto

Burleigh E. Sabin


May 6, 2008


VIA E-MAIL RMWpdf@cand.uscourts.gov AND U.S. MAIL
The Honorable Ronald M. Whyte
U.S. District Court
280 South First Street, Room 2112
San José, CA  95113

 Re:  *John Gabor, Kay Gabor v. United States of America,*
   *Timothy J. Schmal, et al.*
   Action No.:  C07-06091 RMW
   Our "Clients":  Burton, Volkmann & Schmal, LLP; Timothy
    James Schmal; & Burleigh E. Sabin
   Our File No:  65824-3-104

Dear Judge Whyte:

 I am writing to you in connection with the above-captioned
matter, the latest in a series of lawsuits filed by John and Kay
Gabor, which was reassigned to you by Order issued on March 17,
as was noted by you in your March 31 Order in case number C07-
04266RMW, at page 5, lines 5-6.

 I am writing to you, instead of e-filing a pleading, since
I, my firm, and associate, Mr. Sabin, have never properly been
"served with process" in this particular matter by the Gabors,
and I thus want to avoid making a "general appearance" in this
case.  As you will recall, I discussed this latest filing, by the
Gabors - C07-06091 RMW - with you, when I appeared at the January
18 hearing of the various cross-motions in connection with the
case previously-referenced in this paragraph - C07-04266RMW -
which culminated in your March 31 Order.

 At the time of the January 18 hearing, I advised Your Honor
that I was aware of this latest suit by the Gabors, and, despite

F:\DOC\TJS\65824\WHYTE.001.wpd

The Honorable Ronald M. Whyte
May 6, 2008
Page 2

the fact that the Gabors had sworn and attested, under penalty of
perjury (in the text of their original complaint), that they had
sent copies of the Summons and Complaint to me, my firm, and my
associate, by certified mail, that had never occurred.
Eventually, when the Gabors filed an Amended Complaint in this
latest matter, they did mail copies to my office, but that
mailing does not satisfy the requirements for "service".

In the defendants' Joint Case Management Statement, filed in
connection with the August 27, 2007 action (C07-04266RMW), the
defendants requested that Your Honor *sua sponte* dismiss this
latest case. At the January 18 hearing, as is reflected in the
transcript prepared by your reporter, Ms. Shortridge, I made
reference to this lawsuit, and the Joint Case Management
Statement's dismissal request. (Transcript, page 7, lns. 17-23.)
I noted that, after my firm filed our vexatious litigant motion
on September 10, 2007, the Court set a hearing for same on
October 26, 2007. (*Id.* at page 10, lns. 13-16.)  I noted that
had the motion been heard and granted, seasonably, following an
October 26 hearing, the Gabors would never have been allowed to
file the now-pending latest lawsuit. (*Id.*) (Although Your Honor
indicated, in your March 31 Order, at page 5, ln. 1, that the
latest suit was filed on "November 3", which is the date that the
original complaint in the pending lawsuit was "stamped" by a
Deputy Court Clerk, it was actually "certified" on the last page
by the Gabors on December 3, and e-filed on December 3.
Therefore, it is clear that the Court Clerk simply forgot to
"turn over" the month on the stamper, on the first business day
of December, upon receiving the original Complaint from the
Gabors.)

When I reiterated, at the January 18 hearing, my request for
a *sua sponte* dismissal of this remaining pending action, you
asked me how you would have the power to dismiss a case that was
then-pending before another judge, and not before you. (*Id.*, p.
11, lns. 8-14 and 17-18.)  That is no longer a problem, since
this case now is pending before you, and calendared for a May 23
Case Management Conference.

As you know, two motions have been filed by co-defendants in
this case, as e-filed documents 9 and 10, filed on April 16 and
May 2.  One is a noticed Motion to Dismiss and fee motion set for

The Honorable Ronald M. Whyte
May 6, 2008
Page 3

the date of the Case Management Conference, May 23, and the other
is a noticed dismissal motion, set for June 20.

   The purpose of my letter is to reiterate my request, to you,
that you *sua sponte* dismiss this action, based upon the case
cited by the United States of America defendants, *Omar v. Sea-
Land Service, Inc.* (1987) 813 Fed.2d 986, 991, cited by the
United States at page 5 of their motion, lns. 20-22.  The *Omar*
case clearly states that Your Honor has the inherent authority to
dismiss a claim or case, *sua sponte*, <u>without notice</u> to the
plaintiffs, under Rule 12(b)(6).  (*Id.*)

   As you also know, this latest lawsuit by the Gabors is
predicated upon the Gabors' assertion that the actions taken by
the defense attorneys, in response to the August 27, 2007
lawsuit, on behalf of their clients, were illegal, and that the
Court Clerks and other new defendants on the Amended Complaint
"conspired" with the defense lawyers to allow those illegal
actions to be undertaken.

   Obviously, given various "litigation privileges", all of the
defendants in this latest case are immune and exempt from suit.
Notably, immunities aside, the actions undertaken by the defense
attorneys were not only not illegal, they were legally <u>correct</u>,
since Your Honor granted all of the relief requested by the
defense attorneys, in connection with the August 27, 2007 lawsuit
(C07-04266RMW), in the form of your March 31 Order.

   Adding "insult to injury", I now must resort to sending a
copy of this letter/request, directed to you, to my law firm's
bank, since an issue was raised, in connection with the renewal
of my firm's business line of credit, regarding this pending
lawsuit (identified through a Google search) against me, my firm,
and my associate.  This is not an indignity lightly suffered by a
zealous advocate, whose efforts ultimately vindicated the
interests of a client.

   In light of the foregoing, Your Honor's knowledge of the
history of these vexatious litigants, and the pending motions by
the co-defendants, I would respectfully request that Your Honor
*sua sponte* dismiss this latest action forthwith, thereby vacating
the May 23 Case Management Conference and motion hearing date as

F:\DOC\TJS\65824\WHYTE.001.wpd

The Honorable Ronald M. Whyte
May 6, 2008
Page 4

moot.  As noted in the *Omar* decision, the plaintiffs herein have absolutely no prospects of prevailing in this matter, and this is, arguably, the most absurd and insulting suit that they have brought to date.

Thank you for your kind consideration of this letter.


Sincerely yours,

/S/

TIMOTHY J. SCHMAL

TJS:scb
cc: John & Kay Gabor (via U.S. Mail)
    Marcy L. Berkman (via FAX 408-292-7240 and U.S. Mail)
    James A. Scharf (via FAX 408-535-5081 and U.S. Mail)
    Claire T. Cormier (via FAX 408-535-5081 and U.S. Mail)
    Kay K. Yu (via FAX 415-703-1107 and U.S. Mail)
    Wells Fargo Bank, Attn.: Gavin Tripp, Senior Vice-
        President, Central Coast Division Manager (via U.S. Mail)
    Wells Fargo Bank, Attn.: Tess Piazza, Vice-President,
        Business Relationship Manager (via U.S. Mail)

p.s.  After initially drafting this, I received your order of yesterday, continuing the hearing on both co-defendants' dismissal motions to June 27th.  I presume that the case management conference will still be going forward on May 23rd, as noticed.


----------Tim Schmal


F:\DOC\TJS\65824\WHYTE.001.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

COPY

| | | |
|---|---|---|
| JOHN GABOR AND KAY GABOR, | ) | C-07-04266 RMW |
| | ) | |
| PLAINTIFFS, | ) | SAN JOSE, CALIFORNIA |
| | ) | |
| VS. | ) | JANUARY 18, 2008 |
| | ) | |
| COUNTY OF SANTA CLARA | ) | PAGES 1-13 |
| BOARD OF SUPERVISORS, | ) | |
| ET AL., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

_____

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S :

FOR THE PLAINTIFFS: JOHN GABOR AND KAY GABOR
                    IN PROPRIA PERSONA
                    590 SMOKEY COURT
                    CAMPBELL, CALIFORNIA  95008

FOR DEFENDANT       OFFICE OF THE COUNTY COUNSEL
COUNTY:             BY:  MARCY L. BERKMAN
                    70 W. HEDDING STREET,
                    9TH FLOOR, EAST WING
                    SAN JOSE, CALIFORNIA  95110


APPEARANCES CONTINUED ON NEXT PAGE


OFFICIAL COURT REPORTER: LEE-ANNE SHORTRIDGE, CSR, CRR
                         CERTIFICATE NUMBER 9595

1

1

2    APPEARANCES (CONTINUED)

3

4    FOR DEFENDANTS        BURTON, VOLKMANN & SCHMAL, LLP
     CITY OF CAMPBELL,     BY:  TIMOTHY JAMES SCHMAL

5    RICH AND            133 MISSION STREET, SUITE 102
     MORGADO-GRAY:        SANTA CRUZ, CALIFORNIA  95060

6

7    SCOTT N. SCHOOLS:     UNITED STATES ATTORNEY'S OFFICE
                         BY:  JAMES A. SCHARF

8                      150 ALMADEN BOULEVARD, SUITE 900
                      SAN JOSE, CALIFORNIA  95113

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

SAN JOSE, CALIFORNIA                    JANUARY 18, 2008

P R O C E E D I N G S

(WHEREUPON, COURT CONVENED AND THE

FOLLOWING PROCEEDINGS WERE HELD:)

THE CLERK:  NEXT MATTER, C-07-04266, JOHN

GABOR, ET AL, VERSUS THE COUNTY OF SANTA CLARA

BOARD OF SUPERVISORS, ET AL, ON FOR DEFENDANT'S

MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE

STATEMENT AND MOTION TO STRIKE.

MS. BERKMAN:  GOOD MORNING, YOUR HONOR.

DEPUTY COUNTY COUNSEL MARCY BERKMAN FOR THE COUNTY.

MR. SCHARF:  JAMES A. SCHARF FOR THE

FEDERAL DEFENDANT FORMER INTERIM UNITED STATES

ATTORNEY SCOTT N. SCHOOLS.

MR. SCHMAL:  GOOD MORNING, YOUR HONOR.

TIMOTHY SCHMAL FOR DEFENDANT CITY OF CAMPBELL,

DEFENDANT RICH, AND DEFENDANT MORGADO-GRAY.

THE COURT:  ARE YOU MR. AND MRS. GABOR?

MR. GABOR:  YES, SIR.

THE COURT:  OKAY.  I DON'T KNOW WHICH ONE

OF YOU WANTS TO SPEAK, BUT WHAT -- WHAT IS THE

FACTUAL BASIS OF YOUR CURRENT CLAIM?

IT SOUNDED AS IF, FROM WHAT I READ, THAT

THE PERSON CAME TO THE DOOR, WANTED TO SEARCH, YOU

SAID NO, THEY THREATENED TO GET A SEARCH WARRANT,

3

1    YOU SAID NO, AND THEY WENT AWAY.

2           MR. GABOR:  BASICALLY, YES.

3           THEY CAME TO THE DOOR TO THREATEN MY WIFE

4    IF THEY DON'T -- IF SHE DOESN'T OPEN THE DOOR AND

5    ALLOW THEM TO ENTER THE HOUSE AND SEARCH FOR

6    ANYTHING THAT THEY WANTED TO FIND THAT SHE WAS

7    MAKING ANY VIOLATION.  THEY WOULD DECIDE AND THEN

8    CHARGE HER.  AND THEY WANTED ENTRY WITHOUT A

9    WARRANT.

10           NOW, WE'VE BEEN IN COURT BEFORE WITH THE

11    CITY.  WE'VE BEEN THROUGH THE COURTS BEFORE.

12           THIS ACTUALLY -- THIS -- WE SHOULDN'T

13    EVEN HAVE TO BE HERE.

14           BUT THEY WON'T LEAVE US ALONE.  THEY

15    TRAMPLE ON OUR PROPERTY RIGHTS, AND AS LONG AS THEY

16    DO, WE'RE GOING TO GO TO THE COURTS AND REDRESS AND

17    SEEK SOME KIND OF RELIEF.

18           THE COURT:  BUT THEY DIDN'T GO IN, DID

19    THEY?  YOU REFUSED AND THEY WENT AWAY.

20           MR. GABOR:  THAT'S RIGHT.  BUT THEY WENT

21    AWAY WITH A THREAT.

22           THE ONLY THING WE CAN DO IS TO, IS TO

23    MAKE SURE WE PROTECT OUR PROPERTY RIGHTS.

24           THE COURT:  OKAY.

25           MR. GABOR:  SO WE'VE BEEN GIVEN THE RIGHT

                                                        4

1    TO ADDRESS THE COURT AND THAT'S, THAT'S WHY WE'RE

2    HERE.

3              THE COURT:  OKAY.

4              MR. GABOR:  WE'RE -- WE'RE JUST TIRED OF

5    BEING HARASSED BY THE CITY.

6              WE FILED OUR CASE.  WE NEVER RECEIVED AN

7    ANSWER.  BEEN IN THE COURTS BEFORE, AND ALL THE

8    YEARS WE'VE BEEN IN THE COURTS SINCE 1984, WE HAVE

9    NEVER RECEIVED AN ANSWER.  COMPLAINT, NO ANSWER.

10             THE COURT:  THE --

11             MR. GABOR:  JUSTICE ROBERTS HAS MADE IT

12   VERY CLEAR.  HE SAYS THERE IS A COMPLAINT, THERE

13   HAS TO BE AN ANSWER.  NO OTHER MOTIONS.

14             THE COURT:  OKAY.

15             MR. GABOR:  SO THESE DEFENDANTS ARE IN

16   DEFAULT.

17             AND WE'VE BEEN DEPRIVED OF AN ANSWER AND

18   A DEFAULT AGAINST ALL THE DEFENDANTS.  THAT'S WHY

19   WE'RE IN COURT.

20             THE COURT:  OKAY.  WHAT DOES -- WHAT DOES

21   ANYBODY OTHER THAN THE PERSON THAT CAME TO THE

22   DOOR, WHAT WRONG DID THEY DO?

23             MR. GABOR:  WHAT WRONG?  WELL, THIS HAS

24   BEEN GOING ON FOR YEARS, HARASSMENT.

25             I MEAN, THIS IS THE FIRST CASE WE

                                                      5

1    FILED --

2              THE COURT:  BUT, FOR EXAMPLE --

3              MR. GABOR:  THIS IS THE FIRST CASE WE

4    FILED AGAINST THE CITY.  IT'S JUST AN ONGOING

5    ASSAULT BY THE CITY.

6              THE COURT:  BUT WHY DOES THE COUNTY GET

7    INVOLVED?

8              MR. GABOR:  WELL, BASICALLY THE COUNTY

9    IS -- THE COUNTY IS INVOLVED WHEN YOU, WHEN YOU --

10   IT'S THEIR RIGHT TO PROTECT US.  THEY HAVE THE

11   RIGHT.

12             AND IT'S PLAINLY PRINTED -- IF YOU EXCUSE

13   ME A MOMENT.

14             (PAUSE IN PROCEEDINGS.)

15             MR. GABOR:  ALL THIS -- ALL THIS

16   PAPERWORK, I DON'T KNOW.

17             WE'RE GOING BACK TO CALIFORNIA CIVIL CODE

18   52.1 WHICH SAYS IT'S THE COUNTY'S RIGHT -- IT'S THE

19   DISTRICT ATTORNEY'S RIGHT TO PROTECT US FROM

20   ILLEGAL TRESPASS.  THEY HAVE TO FILE A CLAIM

21   AGAINST THE PERSONS THAT DID THIS.

22             WHEN THEY WALKED ON OUR PROPERTY, THEY

23   TRESPASSED.

24             THE COURT:  BUT THE COUNTY DIDN'T WALK ON

25   YOUR PROPERTY.

                                              6

1          MR. GABOR:  NO, BUT THE CITY DID.  AND

2     IT'S UP TO THE COUNTY TO PROTECT OUR RIGHTS.

3     PLAINLY WRITTEN IN THE CALIFORNIA CIVIL CODE 52.1.

4          THE COURT:  OKAY.  THANK YOU.

5          MR. GABOR:  ALL RIGHT.

6          MR. SCHMAL:  YOUR HONOR, IF I COULD BE

7     HEARD ON THE TENTATIVES?

8          TIMOTHY SCHMAL FOR THE CITY DEFENDANTS.

9          THE TENTATIVE INDICATES THAT THE

10    DEFENDANT'S MOTIONS ARE GRANTED.  OBVIOUSLY WE WANT

11    ASSURANCE THAT THE DISMISSAL IS WITH PREJUDICE AND

12    THAT PLAINTIFFS ARE NOT GIVEN LEAVE TO AMEND.

13         WITH REGARD TO THE VEXATIOUS LITIGANT

14    ISSUE AND THE NO TENTATIVE ON THAT, I THINK

15    MR. GABOR JUST DEMONSTRATED YET AGAIN WHY THEY NEED

16    TO BE DEEMED VEXATIOUS LITIGANTS.

17         AS YOUR HONOR KNOWS FROM THE JOINT CASE

18    MANAGEMENT STATEMENT SUBMITTED BY THE THREE

19    DEFENDANTS, WE STAND BEFORE YOU, THESE THREE

20    LAWYERS TODAY, NOT ONLY AS LAWYERS REPRESENTING THE

21    PARTIES IN THE PENDING MATTER, BUT WE'RE NOW

22    STANDING BEFORE YOU AS DEFENDANTS IN THE SIXTH

23    FILED ACTION OF A MONTH AND A HALF AGO.

24         THE GABORS HAVE CLEARLY DEMONSTRATED THAT

25    THEY WILL NOT HONOR ANY LEGAL AUTHORITY THAT

7

1    GOVERNS THEM.

2              THEY HAVE SUED EVERY LEVEL OF THE

3    GOVERNMENT REPEATEDLY, THE CITY OF CAMPBELL WHERE

4    THEY RESIDE, THE COUNTY, THE STATE, THE UNITED

5    STATES OF AMERICA, TWO FORMER GOVERNORS, YOUR

6    COLLEAGUE JUDGE FOGEL.

7              IF THEY LOSE ON A RULING, THEY SUE THE

8    JUDICIAL OFFICER.

9              IF THEY DON'T LIKE SOMETHING THAT A

10   LAWYER SAYS, THEY SUE THE LAWYER.

11             THEY ARE THE QUINTESSENTIAL VEXATIOUS

12   LITIGANT.  THEY RELITIGATE ISSUES THAT THEY HAVE

13   LOST TIME AND TIME AGAIN.

14             I WAS THE CITY'S ATTORNEY IN THE 2004

15   CASE THAT WENT UP ON APPEAL IN 2006 ON THE VERY

16   ISSUE THAT THEY ARE NOW ATTEMPTING TO RELITIGATE,

17   WHICH IS WHAT MR. GABOR STOOD BEFORE YOU AND SAID

18   THIS MORNING, WHICH IS "I DON'T GET AN ANSWER."

19             THE NINTH CIRCUIT COURT OF APPEAL HAS

20   TOLD THEM THEY DON'T GET AN ANSWER BECAUSE IF THEY

21   FILE A MERITLESS LAWSUIT AND A MOTION TO DISMISS IS

22   GRANTED, THE CASE IS OVER.

23             THEY APPEAL EVERY SINGLE TIME THAT THEY

24   LOSE.

25             IT WOULD BE ONE THING IF THIS WERE THE

8

1  FIRST SUIT THAT THEY FILED.  IF IT'S THE FIRST SUIT

2  THAT THEY FILED, THEY COULD PLEAD IGNORANCE OF THE

3  LAW, WE MISINTERPRET THINGS, WE DON'T UNDERSTAND

4  THINGS.

5          BUT WHAT'S HAPPENED IS EVERY TIME THEY

6  LOSE AN ISSUE, OH, THERE'S A CONSPIRACY.  OH, YOUR

7  HONOR'S CLERKS ARE CONSPIRING TO ALLOW THE DEFENSE

8  COUNSEL TO FILE THESE ILLEGAL PLEADINGS.  OH, NOW

9  WE KNOW THE CONSPIRACY.

10          THERE'S THIS PENDING MOTION FOR YOU TO

11 RECUSE YOURSELF, YOUR HONOR, BECAUSE, QUOTE

12 UNQUOTE, TO QUOTE THE GABORS, THE FIX IS IN.

13          WE'RE ALL IN ON IT.  THESE THREE DEFENSE

14 LAWYERS ARE ALL IN ON IT.  YOUR HONOR, YOU'RE IN ON

15 IT.

16          AND IF THE NINTH CIRCUIT COURT OF APPEALS

17 IS GOING TO UPHOLD THE LAW WITH REGARD TO THE CITY

18 OF CAMPBELL'S RIGHT TO BRING A MOTION TO DISMISS IN

19 THE 2004 ACTION, THEN OBVIOUSLY THEY'RE IN ON IT.

20          EVERYBODY, THE ENTIRE WORLD IS AGAINST

21 THE GABORS.

22          AND THAT, I WOULD SUBMIT, YOUR HONOR, IS

23 THE DEFINITION OF A VEXATIOUS LITIGANT.

24          YOU LOOK AT THE FACTORS FOR DETERMINING A

25 VEXATIOUS LITIGANT UNDER THE SAFIR CASE THAT WE SET

                                                    9

1   FORTH IN OUR MOTION.

2           THE COST TO -- THE CITY OF CAMPBELL, THE

3   STATE AND THE COUNTY, FORTUNATELY, HAVE HIGHLY

4   COMPETENT IN-HOUSE ATTORNEYS THAT ASSIST IN

5   EXTRICATING THE INDIVIDUAL EMPLOYEES AND THOSE

6   ENTITIES FROM THESE CASES.

7           THE SMALL CITY OF CAMPBELL DOESN'T HAVE

8   THAT LUXURY.  THEY HAVE TO GO OUT AND HIRE FOR FEE

9   ATTORNEYS LIKE ME AND HAVE PAID TENS OF THOUSANDS

10  OF DOLLARS BECAUSE OF THE SERIES OF UP UNTIL NOW

11  FIVE, AND NOW SIX, UTTERLY BASELESS, SPECIOUS

12  LAWSUITS.

13          IF THE MOTION HAD BEEN HEARD AND GRANTED

14  ON THE VEXATIOUS LITIGANT AS INITIALLY NOTICED TO

15  BE HEARD IN OCTOBER, THEY WOULDN'T HAVE BEEN ABLE

16  TO FILE THIS ACTION DECEMBER 3.

17          AS VEXATIOUS LITIGANTS, TIME AND TIME

18  AGAIN, THEY LIE AND PERJURE THEMSELVES CLAIMING TO

19  HAVE SERVED PAPERS ON OPPOSING COUNSEL WHICH THEY

20  DON'T DO; AND IN THIS LATEST ACTION PENDING IN

21  FRONT OF MAGISTRATE JUDGE TRUMBULL, THEY REPRESENT

22  THAT THEY SERVED ME BY REGISTERED AND CERTIFIED

23  MAIL.

24          I HAVE NEVER RECEIVED THE SUIT PAPERS

25  FROM THEM EVEN THOUGH IT WAS FILED A MONTH AND A

1   HALF AGO.

2              THESE PEOPLE ARE VEXATIOUS LITIGANTS.

3   YOUR HONOR HAS THE LEGAL AUTHORITY TO GRANT THE

4   VEXATIOUS LITIGANT ASPECT OF THE MOTION.

5              YOUR HONOR KNOWS THAT YOU HAVE BOTH THE

6   FACTUAL AND LEGAL BASES FOR MAKING THAT

7   DETERMINATION.

8              DEFENSE COUNSEL IN THE JOINT CASE

9   MANAGEMENT STATEMENT -- AND I GUESS IF THE MOTIONS

10  ARE GRANTED, CASE MANAGEMENT BECOMES A MOOT

11  POINT -- BUT WE'VE REQUESTED THAT YOUR HONOR SUA

12  SPONTE DISMISS THIS OTHER PENDING ACTION BEFORE

13  MAGISTRATE JUDGE TRUMBULL SUA SPONTE FOR ALL THE

14  REASONS SET FORTH IN THESE PENDING MOTIONS.

15             AND UNLESS YOUR HONOR HAS SOME QUESTIONS,

16  I'LL SUBMIT.

17             THE COURT:  WHAT POWER DO I HAVE OVER A

18  CASE THAT'S BEFORE JUDGE TRUMBULL?

19             MR. SCHARF:  YOU CAN RELATE THE CASES,

20  YOUR HONOR, AND, BASED ON RELATING THEM, DISMISS.

21             THE COURT:  ALL RIGHT.  THANK YOU.

22             MR. GABOR:  ANOTHER WORD.

23             THE COURT:  JUST A SECOND.  LET ME SEE IF

24  THE OTHERS --

25             MR. GABOR:  THE MAN JUST STOOD UP THERE

                                                    11

1   AND CALLED ME A LIAR AND EVERYTHING ELSE.  NAME

2   CALLING IS THE BEST THING THEY CAN DO.

3              I WOULD LIKE TO HAVE AN OPPORTUNITY TO

4   TALK IN THIS COURT.

5              THE COURT:  YOU ALREADY HAVE.

6              MR. GABOR:  NO, I'M NOT THROUGH YET.  HE

7   JUST CALLED ME A VEXATIOUS LITIGANT.

8              THE COURT:  OKAY.

9              MR. GABOR:  WE ARE NOT VEXATIOUS

10  LITIGANTS.

11             THE COURT:  ALL RIGHT.

12             MR. GABOR:  THEY ARE THE VEXATIOUS

13  LITIGANTS BECAUSE THEY KEEP THROWING PAPER INTO

14  THIS COURT.

15             THE COURT:  MR. GABOR, I'VE HEARD ENOUGH.

16  I'VE HEARD ENOUGH FROM EVERYBODY.

17             THE MATTER WILL BE SUBMITTED.  THANK YOU.

18             MR. SCHARF:  YOUR HONOR, DO WE NEED TO

19  REMAIN FOR THE 10:30?

20             THE COURT:  NO.  I WILL --

21             MS. BERKMAN:  THANK YOU, YOUR HONOR.

22             MR. GABOR:  BASTARD.

23             MR. SCHARF:  WE'RE ALL DONE?

24             THE COURT:  YES.

25             MR. SCHARF:  THANK YOU.

12

1          THE COURT:   OKAY.   THANK YOU.

2          (WHEREUPON, THE PROCEEDINGS IN THIS

3    MATTER WERE CONCLUDED.)

13

## CERTIFICATE OF REPORTER

I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY CERTIFY:

THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED TRANSCRIPTION TO THE BEST OF MY ABILITY.


LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

<u>CERTIFICATE OF REPORTER</u>

I, THE UNDERSIGNED OFFICIAL COURT
REPORTER OF THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH
FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY
CERTIFY:

THAT THE FOREGOING TRANSCRIPT,
CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND
CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS
SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS
HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED
TRANSCRIPTION TO THE BEST OF MY ABILITY.




LEE-ANNE SHORTRIDGE, CSR, CRR
CERTIFICATE NUMBER 9595

ADRMOP, E-Filing, ProSe

# U.S. District Court
## California Northern District (San Jose)
## CIVIL DOCKET FOR CASE #: 5:07-cv-04266-RMW

Gabor et al v. County of Santa Clara Board of Supervisors et al

Assigned to: Hon. Ronald M. Whyte
Referred to: Magistrate Judge Howard R. Lloyd
Demand: $1,000,000
Cause: 42:1983 Civil Rights Act

Date Filed: 08/20/2007
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**John Gabor**                       represented by   **John Gabor**
                                                      590 Smokey Court
                                                      Campbell, CA 95008-3717
                                                      408-378-4326
                                                      PRO SE

**Plaintiff**

**Kay Gabor**                        represented by   **Kay Gabor**
                                                      590 Smokey Court
                                                      Campbell, CA 95000-3717
                                                      408-378-4326
                                                      PRO SE

V.

**Defendant**

**County of Santa Clara Board of**   represented by   **Marcy Berkman**
**Supervisors**                                       Attorney at Law
*in their official capacity*                          70 West Hedding Street, 9th Floor, East
                                                      Wing
                                                      San Jose, CA 95110
                                                      408-299-5900
                                                      Email: marcy.berkman@cco.sccgov.org

                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Ken Yeager**
*in his municipal and individual capacity*

**Defendant**

**Ann Ravel**
*county counsel, in her municipal and individual capacity*

<u>Defendant</u>

**Delores Carr**
*District Attorney, in her official and individual capacity*

<u>Defendant</u>

**Laurie Smith**
*Sheriff, in her municipal and individual capacity*

<u>Defendant</u>

**City of Campbell**
*in its municipal capacity*

represented by **Timothy James Schmal, Esq.**
Burton, Volkmann & Schmal, LLP
133 Mission Street
Suite 102
Santa Cruz, CA 95060
831-425-5023
Fax: 831-427-3159
Email: TSchmal@bvsllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
Burton Volkmann and Schmal
133 Mission Street
Suite 102
Santa Cruz, CA 95060
831-425-5023
Fax: 831-427-3159
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**Daniel Rich**
*City of Campbell, City Manager in his official and individual capacity*

represented by **Timothy James Schmal, Esq.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Defendant</u>

**City of Campbell Community Development Department**
*in its municipal capacity*

represented by **Timothy James Schmal, Esq.**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Susan Morgado-Gray**
*in her municipal and individual*
*capacity*

represented by **Timothy James Schmal, Esq.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Burleigh E Sabin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Edmund Brown, Jr**
*Attorney General, in his official*
*capacity*
*TERMINATED: 09/12/2007*

represented by **Bradley Alan Solomon**
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102
415-703-5627
Email: bradley.solomon@doj.ca.gov
*TERMINATED: 09/12/2007*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Scott N. Schools**
*United States Attorney for the Northern*
*District of California in his official*
*capacity*

represented by **James A. Scharf**
Office of the United States Attorney
150 Almaden Blvd., Suite 900
San Jose, CA 95113
(408) 535-5044
Fax: (408) 535-5081
Email: james.scharf@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/20/2007 | 1 | CIVIL RIGHTS COMPLAINT: FRCP Rule 65 Temporary Restraining Order, Order to Show Cause; Temporary Injunction, (Summons Issued); jury demand against all defendants ( Filing fee $ 350, receipt number 54611001543) Filed by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | 2 | Received Temporary Restraining Order and Order to Show Cause re Preliminary Injunction by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |

| 08/20/2007 | 3 | ADR SCHEDULING ORDER: Case Management Statement due by 11/30/2007. Case Management Conference set for 12/7/2007 10:30 PM. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| --- | --- | --- |
| 08/20/2007 | | Summons Issued as to Daniel Rich, Susan Morgado-Gray, Edmund Brown, Jr, Scott N. Schools, County of Santa Clara Board of Supervisors, Ken Yeager, Ann Ravel, Delores Carr, Laurie Smith, City of Campbell. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/20/2007 | | Summons Issued as to City of Campbell Community Development Department. (bw, COURT STAFF) (Filed on 8/20/2007) (Entered: 08/21/2007) |
| 08/21/2007 | 4 | ORDER Denying Temporary Restraining Order; Denying Application for Order to Show Cause. Signed by Judge Whyte on 8/21/07. (rmwlc2, COURT STAFF) (Filed on 8/21/2007) (Entered: 08/21/2007) |
| 08/27/2007 | 5 | ORDER Denying Temporary Restraining Order; Denying Application for Order to Show Cause without Prejudice. Signed by Judge Ronald M. Whyte on 8/27/07. (rmwlc1, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/27/2007) |
| 08/27/2007 | 6 | MOTION for Preliminary Injunction; Memorandum of Points and Authorities in Support; Proof of Service, Rule 5(a) filed by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/27/2007 | 7 | AMENDED Temporary Restraining Order and Order to Show Cause re Preliminary Injunction; Proof of Service, Rule 5(a) by John Gabor, Kay Gabor. (bw, COURT STAFF) (Filed on 8/27/2007) (Entered: 08/28/2007) |
| 08/27/2007 | 8 | PROOF OF SERVICE re 7, 6 by John Gabor, Kay Gabor (bw, COURT STAFF) (Filed on 8/27/2007) ). (Entered: 08/28/2007) |
| 08/28/2007 | 9 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Susan Morgado-Gray served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 10 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Laurie Smith served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 11 | SUMMONS Returned Executed by John Gabor, Kay Gabor. City of Campbell Community Development Department served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 12 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Scott N. Schools served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 13 | SUMMONS Returned Executed by John Gabor, Kay Gabor. City of Campbell served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |
| 08/28/2007 | 14 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Daniel Rich served on 8/21/2007, answer due 9/10/2007. (srm, COURT STAFF) (Filed on 8/28/2007) (Entered: 08/29/2007) |

| 09/05/2007 | 16 | SUMMONS Returned Executed by John Gabor, Kay Gabor. County of Santa Clara Board of Supervisors served on 8/23/2007, answer due 9/12/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| --- | --- | --- |
| 09/05/2007 | 17 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Delores Carr served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 18 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Ann Ravel served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 19 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Ken Yeager served on 8/23/2007, answer due 9/12/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 20 | SUMMONS Returned Executed by John Gabor, Kay Gabor. Edmund Brown, Jr served on 8/22/2007, answer due 9/11/2007. (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/10/2007) |
| 09/05/2007 | 24 | Proof of Compliance with District Court's Order 5 by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/13/2007) |
| 09/05/2007 | 25 | JUDICIAL NOTICE RULE 201; CHANGE OF LAW by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 9/5/2007) (Entered: 09/13/2007) |
| 09/06/2007 | 15 | STIPULATION Re: Dismissal of Edmund G. Brown, Jr., California Attorney General by Edmund Brown, Jr. (Attachments: # 1 Proposed Order # 2 Declaration of Service)(Solomon, Bradley) (Filed on 9/6/2007) (Entered: 09/06/2007) |
| 09/10/2007 | 21 | MOTION to Dismiss filed by Defendants, CITY OF CAMPBELL, DANIEL RICH, Campbell City Manager, CITY OF CAMPBELL COMMUNITY DEVELOPMENT DEPARTMENT (a legally indistinguishable sub-entity of the CITY OF CAMPBELL, SUSAN MORGADO-GRAY filed by City of Campbell. (Schmal, Timothy) (Filed on 9/10/2007) (Entered: 09/10/2007) |
| 09/12/2007 | 22 | ORDER 15 for Dismissal of Defendant Edmund G. Brown, Jr., California Attorney General. Edmund Brown, Jr terminated. Signed by Judge Ronald M. Whyte on 9/12/07. (jg, COURT STAFF) (Filed on 9/12/2007) (Entered: 09/12/2007) |
| 09/13/2007 | 23 | MOTION to Dismiss MOTION FOR DISMISSAL [FRCP 12(b)(6)]; MOTION FOR MORE DEFINITE STATEMENT and MOTION TO STRIKE PLAINTIFFS PLEADING [FRCP 12(e)]; OPPOSITION TO TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [FRCP 65]; MOTION TO REQUIRE PLAINTIFFS TO OBTAIN LEAVE OF COURT TO FILE SUBSEQUENT REDUNDANT CLAIMS AGAINST DEFENDANTS (Vexatious Litigant) filed by County of Santa Clara Board of Supervisors. Motion Hearing set for 10/26/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (Berkman, Marcy) (Filed on 9/13/2007) (Entered: 09/13/2007) |
| 09/13/2007 | 28 | APPLICATION for Entry of Default as to Community Development |

| | | Department, in its municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
|---|---|---|
| 09/13/2007 | 29 | Declaration of John Gabor and Kay Gabor in Support of 28 APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 28 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 28 APPLICATION for Entry of Default as to Community Development Department, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 30 | APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 31 | Declaration of John Gabor and Kay Gabor in Support of 30 APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 30 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 30 APPLICATION for Entry of Default as to Ann Ravel, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 32 | APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 33 | Declaration of John Gabor and Kay Gabor in Support of 32 APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 32 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 32 APPLICATION for Entry of Default as to Susan Morgado-Gray, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 34 | APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 35 | Declaration of John Gabor and Kay Gabor in Support of 34 APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 34 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 34 APPLICATION for Entry of Default as to County of Santa Clara Board of Supervisors, in their municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 36 | APPLICATION for Entry of Default as to City of Campbell, in its municipal |

| 09/13/2007 | | capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
|---|---|---|
| 09/13/2007 | 37 | Declaration of John Gabor and Kay Gabor in Support of 36 APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity filed by John Gabor, Kay Gabor. (Related document(s) 36 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 36 APPLICATION for Entry of Default as to City of Campbell, in its municipal capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 38 | APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 39 | Declaration of John Gabor and Kay Gabor in Support of 38 APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 38 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 38 APPLICATION for Entry of Default as to Daniel Rich, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 40 | APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 41 | Declaration of John Gabor and Kay Gabor in Support of 40 APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 40 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | | Received Document re 40 APPLICATION for Entry of Default as to Laurie Smith, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/17/2007) |
| 09/13/2007 | 42 | APPLICATION for Entry of Default as to Delores Carr, in her individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 43 | Declaration of John Gabor and Kay Gabor in Support of 42 APPLICATION for Entry of Default as to Delores Carr, in her individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 42 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | | Received Document re 42 APPLICATION for Entry of Default as to Delores Carr, in her individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | 44 | APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |

| | | |
|---|---|---|
| 09/13/2007 | 45 | Declaration of John Gabor and Kay Gabor in Support of 44 APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity filed by John Gabor, Kay Gabor. (Related document(s) 44 ) (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/13/2007 | | Received Document re 44 APPLICATION for Entry of Default as to Ken Yeager, in his individual capacity by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 9/13/2007) (Entered: 09/18/2007) |
| 09/14/2007 | 26 | MOTION to Dismiss *[NOTICE OF]* filed by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell. Motion Hearing set for 10/26/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (Schmal, Timothy) (Filed on 9/14/2007) (Entered: 09/14/2007) |
| 09/14/2007 | 27 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON DEFENDANTS' NOTICE OF HEARING OF MOTION FOR DISMISSAL...* (Schmal, Timothy) (Filed on 9/14/2007) (Entered: 09/14/2007) |
| 09/18/2007 | 46 | Clerk's DECLINATION OF DEFAULT as to Delores Carr. (Related documents(s) 42 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 47 | Clerk's DECLINATION OF DEFAULT as to City of Campbell. (Related documents(s) 36 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (dhm, COURT STAFF). (Entered: 09/18/2007) |
| 09/18/2007 | 48 | Clerk's DECLINATION OF DEFAULT as to Community Development Dept. (Related documents(s) 28 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 49 | Clerk's DECLINATION OF DEFAULT as to County of Santa Clara Board of Supervisors (Related documents(s) 34 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 50 | Clerk's DECLINATION OF DEFAULT as to Susan Morgado-Gray (Related documents(s) 32 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 51 | Clerk's DECLINATION OF DEFAULT as to Ann Ravel (Related documents (s) 30 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 52 | Clerk's DECLINATION OF DEFAULT as to Daniel Rich (Related documents (s) 38 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 53 | Clerk's DECLINATION OF DEFAULT as to Laurie Smith (Related documents (s) 40 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 09/18/2007 | 54 | Clerk's DECLINATION OF DEFAULT as to Ken Yeager (Related documents (s) 44 ) (dhm, COURT STAFF) (Filed on 9/18/2007) (Entered: 09/18/2007) |
| 10/03/2007 | 55 | NOTICE by County of Santa Clara Board of Supervisors *of Unavailability* (Berkman, Marcy) (Filed on 10/3/2007) (Entered: 10/03/2007) |

| | | |
|---|---|---|
| 10/10/2007 | 56 | Request for Judicial Notice *of Adjudicative Facts in Support of County's Pending Motions* filed byCounty of Santa Clara Board of Supervisors. (Attachments: # 1 Exhibit RJN Exhibits 7-9# 2 Exhibit RJN Exhibits 10-11# 3 Exhibit RJN Exhibits 12-15 and Proof of Service)(Berkman, Marcy) (Filed on 10/10/2007) (Entered: 10/10/2007) |
| 10/10/2007 | 57 | NOTICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *OF NON-OPPOSITION* (Schmal, Timothy) (Filed on 10/10/2007) (Entered: 10/10/2007) |
| 10/10/2007 | 58 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON ( 57 ) NOTICE OF NON-OPPOSITION TO DEFENDANTS' MOTIONS FOR DISMISSAL, ETC.* (Schmal, Timothy) (Filed on 10/10/2007) Modified text to add document relationship on 10/12/2007 (srm, COURT STAFF). (Entered: 10/10/2007) |
| 10/11/2007 | 59 | Request for Judicial Notice re 56 Request for Judicial Notice, *SUPPLEMENTAL* filed byCounty of Santa Clara Board of Supervisors. (Attachments: # 1 Exhibit Exhibit 24 pp 1-41 to Supp RJN# 2 Exhibit Exhibit 24 pp 41-80 to Supp RJN# 3 Exhibit Exhibits 25-27 to Supp RJN)(Related document(s) 56 ) (Berkman, Marcy) (Filed on 10/11/2007) (Entered: 10/11/2007) |
| 10/16/2007 | 60 | MOTION to Dismiss *Defendant Scott N. Schools' Motion to Dismiss* filed by Scott N. Schools. Motion Hearing set for 12/7/2007 09:00 AM. (Scharf, James) (Filed on 10/16/2007) (Entered: 10/16/2007) |
| 10/17/2007 | 61 | MOTION to Strike "Improper Pleadings" filed by Third-Parties as Docket Nos. 21, 23, 26, 27, 55, 56, 57 and 58 filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 10/17/2007) (Entered: 10/18/2007) |
| 10/18/2007 | 62 | MOTION to Recuse District Court Judge Ronald M. Whyte filed by John Gabor, Kay Gabor. (dhm, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/18/2007) |
| 10/18/2007 | 63 | CLERK'S NOTICE Continuing Motion Hearing on Defendants City of Campbell, County of Santa Clara's Motion for Dismissal. Motion Hearing set for 12/7/2007 09:00 AM in Courtroom 6, 4th Floor, San Jose. (jg, COURT STAFF) (Filed on 10/18/2007) (Entered: 10/18/2007) |
| 10/23/2007 | 64 | Letter from Marcy Berkman to Judge Whyte. (Berkman, Marcy) (Filed on 10/23/2007) (Entered: 10/23/2007) |
| 10/23/2007 | 65 | NOTICE by County of Santa Clara Board of Supervisors *of Entry of Order filed 10/18/07* (Berkman, Marcy) (Filed on 10/23/2007) (Entered: 10/23/2007) |
| 11/21/2007 | 66 | Memorandum in Opposition TO 61 PLAINTIFFS' MOTION TO STRIKE "IMPROPER PLEADINGS" FILED BY THIRD-PARTIES filed by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell. (Schmal, Timothy) (Filed on 11/21/2007) Modified on 12/12/2007 (dhm, COURT STAFF) to link entry to document #61. (Entered: 11/21/2007) |

| 11/21/2007 | 67 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, City of Campbell *ON OPPOSITION OF DEFENDANTS TO PLAINTIFFS' MOTION TO STRIKE "IMPROPER PLEADINGS" FILED BY THIRD-PARTIES...* (Schmal, Timothy) (Filed on 11/21/2007) (Entered: 11/21/2007) |
|---|---|---|
| 12/03/2007 | 68 | CLERK'S NOTICE Continuing Motion Hearing on Defendant's Motion to Dismiss, Motion for Definite Statement and Motion to Strike. Motion Hearing set for 1/18/2008 09:00 AM in Courtroom 6, 4th Floor, San Jose. (jg, COURT STAFF) (Filed on 12/3/2007) (jg, COURT STAFF). Modified on 12/3/2007 (jg, COURT STAFF). (Entered: 12/03/2007) |
| 12/03/2007 | 69 | CLERK'S NOTICE OF CONTINUANCE OF CASE MANAGEMENT CONFERENCE: Case Management Conference set for 1/18/2008 10:30 AM. Joint Case Management Statement due by 1/11/2008. (jg, COURT STAFF) (Filed on 12/3/2007) (Entered: 12/03/2007) |
| 01/08/2008 | 70 | ADR Clerks Notice re: Non-Compliance with Court Order. (tjs, COURT STAFF) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/08/2008 | 71 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *Defendant Scott N. Schools' ADR Ceritification and ADR Statement* (Scharf, James) (Filed on 1/8/2008) (Entered: 01/08/2008) |
| 01/09/2008 | 72 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *and Statement of Defendant County of Santa Clara* (Berkman, Marcy) (Filed on 1/9/2008) (Entered: 01/09/2008) |
| 01/10/2008 | 73 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *ON BEHALF OF SUSAN MORGADO-GRAY* (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/10/2008 | 74 | CERTIFICATE OF SERVICE by Susan Morgado-Gray re 73 ON ADR CERTIFICATION BY PARTIES & COUNSEL (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #73 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 75 | ADR Certification (ADR L.R. 3-5b) of discussion of ADR options *ON BEHALF OF DANIEL RICH, CITY OF CAMBBELL, CAMPBELL COMMUNITY DEV. DEPT.* (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/10/2008 | 76 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, City of Campbell re 75 ADR CERTIFICATION BY PARTIES & COUNSEL (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #75 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 77 | JOINT CASE MANAGEMENT STATEMENT filed by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, Scott N. Schools, County of Santa Clara Board of Supervisors, Ken Yeager, Ann Ravel, Delores Carr, Laurie Smith, City of Campbell. (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |

| | | |
|---|---|---|
| 01/10/2008 | 78 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, Susan Morgado-Gray, Scott N. Schools, County of Santa Clara Board of Supervisors, Ken Yeager, Ann Ravel, Delores Carr, Laurie Smith, City of Campbell re 77 JOINT CASE MANAGEMENT STATEMENT (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #77 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 79 | ADR CERTIFICATION STATEMENT by Susan Morgado-Gray (Schmal, Timothy) (Filed on 1/10/2008) Modified text on 1/26/2008 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 80 | CERTIFICATE OF SERVICE by Susan Morgado-Gray re 79 ADR CERTIFICATION STATEMENT (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/10/2008 | 81 | NOTICE by Daniel Rich, City of Campbell Community Development Department, City of Campbell *OF ADR CERTIFICATION STATEMENT* (Schmal, Timothy) (Filed on 1/10/2008) (Entered: 01/10/2008) |
| 01/10/2008 | 82 | CERTIFICATE OF SERVICE by Daniel Rich, City of Campbell Community Development Department, City of Campbell re 81 ADR CERTIFICATION STATEMENT (Schmal, Timothy) (Filed on 1/10/2008) Modified on 1/26/2008 linking entry to document #81 (dhm, COURT STAFF). (Entered: 01/10/2008) |
| 01/14/2008 | 83 | NOTICE Illegality of ADR by Clerk by John Gabor, Kay Gabor (dhm, COURT STAFF) (Filed on 1/14/2008) (Entered: 01/17/2008) |
| 01/18/2008 | 84 | Minute Entry: Motion Hearing on Defendant's Motion to Dismiss; Motion for More Definite Statement and Motion to Strike held on 1/18/2008 before Ronald M. Whyte (Date Filed: 1/18/2008). (Court Reporter Lee-Anne Shortridge.) (jg, COURT STAFF) (Date Filed: 1/18/2008) (Entered: 01/22/2008) |
| 01/23/2008 | 85 | TRANSCRIPT of Proceedings held on 1/18/2008 before Judge Ronald M. Whyte. Court Reporter: Lee-Anne Shortridge. (dhm, COURT STAFF) (Filed on 1/23/2008) (Entered: 01/25/2008) |
| 03/31/2008 | 86 | ORDER by Judge Whyte denying 62 Motion to Disqualify. (rmwlc2, COURT STAFF) (Filed on 3/31/2008) (Entered: 03/31/2008) |
| 03/31/2008 | 87 | ORDER by Judge Whyte granting 21 23 26 60 Defendants' Motion for Dismissal; denying 61 Plaintiffs' Motion to Strike; denying 6 Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction; granting 23 Defendants' Motion to Require Plaintiffs to Obtain Leave of Court to File Subsequent Claims Against Defendants. (rmwlc2, COURT STAFF) (Filed on 3/31/2008) (Entered: 03/31/2008) |
| 04/02/2008 | 88 | NOTICE by County of Santa Clara Board of Supervisors *of Entry of Order* (Berkman, Marcy) (Filed on 4/2/2008) (Entered: 04/02/2008) |
| 04/02/2008 | 89 | NOTICE by County of Santa Clara Board of Supervisors *of Entry of Order* (Berkman, Marcy) (Filed on 4/2/2008) (Entered: 04/02/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/18/2008 10:50:28 | | | |
| **PACER Login:** | in0140 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:07-cv-04266-RMW |
| **Billable Pages:** | 7 | **Cost:** | 0.56 |